# EXHIBIT

# 2

146

ORIGINAL

COMP
**COGBURN LAW OFFICES**
JAMIE S. COGBURN, ESQ.
Nevada State Bar No. 008409
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616
Attorneys for Plaintiff

FILED
JUL 18 11 51 AM '07
CLERK OF THE COURT

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

XYIENCE INCORPORATED, a Nevada Corporation,

Plaintiff,

v.

RICHARD BERGERON, an Individual,

Defendant.

Case No: A544781
Dept. No.: XVI

**COMPLAINT**

Plaintiff, Xyience Incorporated, a Nevada Corporation, (hereinafter referred to as "Plaintiff"), by and through their attorneys, Cogburn Law Offices, hereby alleges as follows:

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1. That at all relevant times, Plaintiff was a Nevada Corporation authorized to do business in the State of Nevada.

2. That at all relevant times, Defendant, Richard Bergeron (hereinafter referred to as "Bergeron"), was an individual residing in Massachusetts.

3. The true names and capacities whether individual, corporate, associate or otherwise of Defendants named herein as DOES I through X, inclusive, and ROE CORPORATIONS I through X, inclusive are unknown to Plaintiff. Said DOE and ROE Defendants are responsible for damages suffered by Plaintiff. Therefore, Plaintiff sues said Defendants by such fictitious names. Plaintiff will ask leave to amend this Complaint to show

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

RECEIVED
JUL 18 2007
CLERK OF THE COURT

the true names and capacities of each DOE and ROE Defendants at such time as the same has been ascertained.

4. In December of 2006, Bergeron began writing false and misleading articles about Plaintiff.

5. On December 10, 2006, Bergeron posted an article on his Myspace.com webpage, wherein he alleged that Xyience is being investigated by the Securities and Exchange Commission and that a Class Action law suit against Xyience was underway. Both of these statements were false.

6. This article also alleged that Xyience had created "shell corporations" to divert investor funds for the benefits of certain directors and board members. This allegation was false.

7. Soon after this article was posted on Myspace.com, Bergeron's Myspace account was deleted because of the defamatory and slanderous statements. Thereafter, Bergeron started his own website, UnlimitedFightNews.com, wherein Bergeron continued to post defamatory articles and comments.

8. On or about March 17, 2007, Bergeron posted a new article laced with false statements entitled "Xyience Investigative Report: Creator Russell Pike's Criminal Tendencies Revealed."

9. Bergeron alleges that Xyience was created to steal money from investors for the benefit of certain employees or directors, which is false.

10. Bergeron also alleges that a major shareholder, Russell Pike, is using Xyience to defraud investors. Bergeron goes on to make up quotes from Russell Pike's former attorney, David Winterton, that Xyience is just another company to defraud investors.

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

11. Bergeron also alleges that the President of the Ultimate Fighting Championship (hereinafter referred to as "UFC"), Dana White is involved in defrauding investors by splitting sponsorship fees that Xyience paid the UFC. This allegation was also false.

12. Bergeron goes on to claim that Xyience is skimming money from investors and splitting it with the UFC, which is utterly false.

13. Bergeron continues to post defamatory articles containing false allegations about Xyience.

14. Bergeron's articles allow people to post comments about the articles, however, if a positive statement about Xyience is posted, then Bergeron immediately takes it down.

**FIRST CAUSE OF ACTION**
**(Defamation)**

15. Plaintiff realleges and reimcorporates by reference each and every prior allegation contained above.

16. On or about December 10, 2006, Bergeron posted an article on his Myspace.com webpage, wherein he made the following false and defamatory statements concerning Plaintiff.

a. Xyience is being investigated by the Securities and Exchange Commission (hereinafter referred to as the "SEC").

b. A Class Action law suit against Xyience was underway.

17. These allegations were false and defamatory per se as there is no factual basis for these assertions and it communicates to the public that Xyience is being investigated by the SEC for securities violations and there is litigation underway concerning these violations.

18. On or about March 17, 2007, Bergeron posted another article with the following false and defamatory statements concerning Plaintiff.

a. Xyience was created to steal money from investors for the benefit of certain employees or directors.

COGBURN L[illegible]W OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

b. Shareholder, Russell Pike, is using Xyience to defraud investors.

c. Bergeron makes up quotes from Russell Pike's former attorney, David Winterton, that Xyience is just another company to defraud investors.

d. President of the UFC, Dana White is involved in defrauding investors by splitting sponsorship fees that Xyience paid the UFC.

e. Xyience is skimming money from investors and splitting it with the UFC.

19. These allegations were false and defamatory per se as there is no factual basis for these assertions and it communicates to the public that Xyience is defrauding investors and is conspiring with the UFC to defraud investors.

20. Xyience has sent several emails and letters to Bergeron requesting retraction of the aforementioned articles.

21. Bergeron continues to post articles and blogs on a weekly basis containing defamatory statements with the intent to destroy the reputation of Xyience.

22. Plaintiff is informed and believes, and thereupon alleges that each of the defamatory statements complained to herein remains on defendant's website, is accessible by the general public on a daily basis and continues to cause reputational injury to plaintiff.

23. The foregoing statements subject Plaintiff to ridicule and obloquy, and cause them to be shunned in their community and in the larger business community in which they operate. Said statements further damage Plaintiff by causing the current value of Xyience shares to depreciate in value and deters people from investing in Xyience.

24. Plaintiff is informed and believes and thereupon alleges that Bergeron made the above-referenced statements knowing they were false and knew he had no reasonable basis and fact to make such statements.

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

25. Plaintiff is informed and believes and thereupon alleges that, at the time Bergeron wrote the above referenced defamatory statements, he know that he had no reliable or unbiased evidence or information that supports said statements.

26. Plaintiff is further informed and believes and thereupon alleges that, prior to publication, Bergeron failed to use reasonable care to determine the truth or falsity of said statements.

27. Plaintiff is further informed and believes and thereupon alleges, that at the time of publication, Defendant, acted with ill will toward Plaintiff herein in that he knew that his false statements would injure Plaintiff's business and/or reputation.

28. The statements that are subject of this action were published in the County of Clark, and throughout the country. The foregoing defamatory statements were seen and read by persons who reside in the county of Clark, State of Nevada. Defendant knew and/or had reason to know that the defamatory statements described herein would be seen and read by people who reside in Clark County, State of Nevada.

29. As a direct and proximate result of Defendant's publication of the defamatory statements alleged above, Plaintiff has suffered damage to its business reputation, all to its general damage in the amount of $25,000,000.00.

30. As a direct and proximate result of Defendant's publication of said defamatory statements, Plaintiff has suffered special damages in an amount to be determined at trial.

31. Plaintiff is informed and believes, and on that basis alleges, that the conduct of Defendant was intentional, and done willfully and maliciously toward Plaintiff, and with conscious disregard for the rights of Plaintiff. Plaintiff's injuries were intensified by the malicious conduct of Defendant and thereby justifies an award of exemplary and punitive damages.

COGBURN L__W OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

32. As an additional direct, foreseeable and proximate result of Defendant's conduct, Plaintiff has found it necessary to retain the legal services of Cogburn Law Offices, to prosecute this action and is entitled to reasonable attorneys fees therefore.

**SECOND CAUSE OF ACTION**
**(Tortuous Interference With Prospective Economic Advantage)**

33. Plaintiff realleges and reimcorporates by reference each and every prior allegation contained above.

34. Plaintiff is informed and believes and thereupon alleges that, Defendant knew these defamatory statements would deter potential investors from investing in Xyience.

35. Plaintiff is informed and believes and thereupon alleges that, Defendant was aware of Xyience's prospective economic relationship with outside investors. Despite that knowledge, Defendant intentionally, willfully, wantonly, knowingly and with reckless disregard of the resulting harm to Xyience posted defamatory articles about SEC violations and fraudulent activity at Xyience.

36. As a direct, foreseeable and proximate result of defendants' conduct, the outside investor decided not to invest any funds in Xyience.

37. Defendant does not have, and never had, a justification for interfering or privilege to interfere with Xyience's contractual or prospective economic relationship with outside investors.

38. Moreover, Defendant intended or was substantially certain that his conduct would cause the outside investor not to invest in Xyience.

39. As a direct and proximate result of Defendant's tortuous interference, Xyience was damaged in an amount in excess of Ten Thousand Dollars ($10,000.00).

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

40. As an additional direct, foreseeable and proximate result of Defendant's conduct, Plaintiff has found it necessary to retain the legal services of Cogburn Law Offices, to prosecute this action and is entitled to reasonable attorneys fees therefore.

**THIRD CAUSE OF ACTION**
**(Intentional Interference with Contract)**

41. Plaintiff realleges and reimcorporates by reference each and every prior allegation contained above.

42. Plaintiff is informed and believes and thereupon alleges that, Defendant knew these defamatory statements would deter potential investors from investing in Xyience.

43. Plaintiff is informed and believes and thereupon alleges that, Defendant was aware of Xyience's pending deals with outside investors. Despite that knowledge, Defendant intentionally, willfully, wantonly, knowingly and with reckless disregard of the resulting harm to Xyience posted defamatory articles about SEC violations and fraudulent activity at Xyience.

44. As a direct, foreseeable and proximate result of defendants' conduct, the outside investors decided not to invest any funds in Xyience.

45. Defendant does not have, and never had, a justification for interfering or privilege to interfere with Xyience's contractual relationships with outside investors.

46. Moreover, Defendant intended or was substantially certain that his conduct would cause the outside investor not to invest in Xyience.

47. As a direct and proximate result of Defendant's tortuous interference, Xyience was damaged in an amount in excess of Ten Thousand Dollars ($10,000.00).

48. As an additional direct, foreseeable and proximate result of Defendant's conduct, Plaintiff has found it necessary to retain the legal services of Cogburn Law Offices, to prosecute this action and is entitled to reasonable attorneys fees therefore.

**WHEREFORE**, the Plaintiff respectfully requests Judgment as follows:

1. For damages in favor of Plaintiff and against the Defendant in a sum in excess of $10,000, plus interest therein in an amount to be determined at the time of trial;

2. For punitive damages in a sum to be determined at trial;

3. For interest at the legal rate;

4. For attorney's fees as special damages in a sum to be determined at trial; and

5. For such and further relief as the Court may deem just and proper in the premises.

COGBURN LAW OFFICES

By ______________________

Jamie S. Cogburn, Esq.
Nevada State Bar No. 008409
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
Attorneys for Plaintiff

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936