# EXHIBIT

# 5

Electronically Filed
07/25/2007 04:58:27 PM

CLERK OF THE COURT

**Form Number 1**
RSPN
Rich Bergeron
43 Longhill Drive
East Sandwich, MA 02537
Telephone: (617) 209-4325
Defendant as Pro Se Attorney

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

XYIENCE, INC., A Nevada Corporation,

Plaintiff,

v.

Rich Bergeron, An Individual,

Defendant.

CASE NO.: A544781

DEPT. No.: XVI

# DEFENDANT'S MOTION TO QUASH SERVICE OF SUMMONS FOR LACK OF JURISDICTION

## I. INTRODUCTION

Defendant RICH BERGERON, serving as Attorney Pro Se, submits this memorandum in support of his pending motion to quash service of process. Defendant's motion, and all attendant papers and actions, are intended to serve as a special appearance. Furthermore, Defendant neither consents nor submits to the jurisdiction of this Court, instead, contesting jurisdiction by way of this motion.



STAD 7/25/07

## A. Nature Of Action

This is a First Amendment case where the plaintiff, Xyience, Inc. seeks a preliminary injunction to remove from the Internet Defendant Rich Bergeron's true and accurate investigative reporting of the founder of the company's corrupt behavior and the suspicious nature of the company's investor recruiting and fund raising.

Plaintiff claims that it is entitled to restrain the defendant's right to publish these reports by alleging the articles written by Bergeron are "false and misleading." In actuality, it is Plaintiff's entire case that is false and misleading and clearly motivated by the admitted possibility of great financial gain in the amount of $15 million for Xyience, Inc. if they can manage to have Bergeron's true accounts removed from the record. If there were not serious jurisdictional issues, Bergeron could adequately and effectively defend this case and provide due evidence to show his stories are indeed true and accurate. The plaintiff's suit has failed on its face and did not provide proper, direct evidence to support Xyience's losses coming from Bergeron's stories alone or that these stories were in any way false. However, these issues are secondary to the question of jurisdiction.

### B. Identification of Parties

Plaintiff Xyience, Inc. is a Nevada corporation with offices located in Las Vegas, Nevada, claiming harm based on the publication of stories on Rich Bergeron's www.unlimitedfightnews.com Web-site based in Massachusetts. Defendant Bergeron is an out-of-state resident served by documents sent through email.

**Form Number 1**
**C. Summary Of Facts Regarding Jurisdiction**

Defendant's involvement in this case is limited to his role as an alleged publisher of false information while living in Cape Cod, Massachusetts. Plaintiff alleges that Defendant Bergeron is responsible for damages approaching $25 million as well as ongoing reputational damage.

Defendant Bergeron has no connection with Nevada. Bergeron does not reside in Nevada and does not have any regular clients or work in Nevada. Furthermore, Bergeron has <u>never</u>: solicited business in Nevada; designated a registered agent for service of process in Nevada; maintained a place of business in Nevada; maintained a telephone listing in Nevada; maintained a bank account in Nevada; or even visited Nevada for any business or recreational purpose. The web site plaintiff attributes to Bergeron in their complaint was a "passive" web-site that did not involve the interactive exchange of information with users, did not solicit or engage in business activities and did not solicit contact with Nevada residents.

**D. Summary Of Argument**

By way of this pending motion, Defendant asks this Court to quash service of process on the grounds that this Court lacks power to exercise personal jurisdiction over Defendant. Defendant is not a Nevada resident and is not domiciled in Nevada, has no contacts, no ties, no relationship with Nevada, was not served within Nevada, and has not consented to or appeared in this Nevada action. Accordingly, this Court must quash service of process and set aside any existing default or default judgment as void.

## II.

## BECAUSE THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT BERGERON, THE COURT SHOULD SET ASIDE ANY DEFAULT OR DEFAULT JUDGMENT AND QUASH SERVICE OF PROCESS

Under Nevada law, a party may enter a special appearance for the purpose of contesting personal jurisdiction, and it is not converted to a general appearance unless the party seeks additional relief. *See Simpson v. O'Donnell*, 654 P.2d 1020 (Nev. 1982). *Also see Estin v. Estin*, 334 U.S. 541 (1948).

Courts are empowered to exercise personal jurisdiction on any basis consistent with the State or Federal Constitution. In this regard, a court may exercise personal jurisdiction over a non-resident defendant only when the defendant has such minimum contacts with the forum state that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice" (*Felix v. Bomoro Kommanditgesellschaft* (1987) 196 Cal.App.3d 106, 111 [citing *International Shoe Co. v. Washington* 326 U.S. 310, 316 (1945)]; *Helicopteros Nacionales de Columbia v. Hall* 466 U.S. 408, 414 (1984). General jurisdiction is required in matters where a defendant is held to answer in a forum for causes of action unrelated to his forum activities. See Trump, 109 Nev. at 699, 857 P.2d at 748. General jurisdiction over a nonresident will lie where the nonresident's activities in the forum are "substantial" and "continuous and systematic." Id. (citations omitted). Therefore, there is no constitutionally sufficient basis for this Court to assert personal jurisdiction over Defendant. Additionally, any default or default judgment entered without jurisdiction over the defendant is necessarily void.

### A. The court lacks personal jurisdiction over defendant Bergeron

**Form Number 1**

The personal jurisdiction analysis is broken down into two questions: [1] does "general" jurisdiction exist; and [2] absent "general" jurisdiction, does "specific" jurisdiction exist (see *Brown v. Watson* (1989) 207 Cal.App.3d 1306, 1312). In other words:

If a defendant has sufficient extensive 'contacts' with the forum state, it may be subject to suit there on all claims wherever they arise [i.e., general jurisdiction].... [In] other cases, the jurisdictional sufficiency of the defendant's contacts depends on an assessment of the 'relationship among the defendants, the forum, and the litigation [i.e., specific jurisdiction]'. Sammons Enterprises, Inc. v. Superior Court (1988) 205 Cal.App.3d 1427, 1432.

As explained below, neither "general" nor "specific" jurisdiction are present in this case.

**1. General Jurisdiction Is Absent In This Case**

General jurisdiction depends upon substantial, continuous, and systematic contacts between the defendant and the forum state. *Perkins v. Benguet Mining Consolidated Mining Co.*, (1952) 342 U.S. 437, 447-448; *KLM v. Superior Court*, (1951) 107 Cal.App.2d 495, 500; *Sammons Enterprises, Inc. v. Superior Court, supra*, 1434; *Secrest Machine Corp. v. Superior Court* (1983) 33 Cal.3d 664, 669. In this case, Defendant Bergeron's contact with Nevada is anything but substantial, continuous, or systematic.

First, Defendant is a Massachusetts resident, formerly a resident of New Hampshire. Second, Defendant does not have any regular business, clients or employees in Nevada. Third, Defendant has never solicited business in Nevada. Fourth, Defendant has never designated a registered agent for service of process in Nevada. Fifth, Defendant has never maintained a place of business in Nevada or even a telephone listing in Nevada. Sixth, Defendant has never owned property or maintained a bank

account in Nevada. Seventh, Defendant has never even been to Nevada for business or recreational purposes.

In short, Defendant has not engaged in any business activities in Nevada, much less any activities that may be described as substantial, continuous, or systematic. Hence, there is no basis for Nevada to exercise general jurisdiction over Defendant Bergeron. Since Nevada has no real relationship with this Defendant, it is not reasonable to require Bergeron to defend pending litigation in Nevada.

**2. Specific Jurisdiction Is Absent In This Case**

Specific jurisdiction depends upon a showing that the non-resident defendant purposefully established contacts with the forum state, that the plaintiff's cause of action arises out of the defendant's forum-related contacts, and the forum's exercise of personal jurisdiction comports with fair play and substantial justice. *Burger King v. Rudzewicz*, 471 U.S. 462, 472, 476-78 (1985); *Cornelison v. Chaney*, (1976) 16 Cal.3d 143, 148.

In other words:

1. Where a non-resident defendant's activities in the forum are not so pervasive as to justify the exercise of general jurisdiction over him, then jurisdiction depends upon the quality and nature of his activity in the forum in relation to the particular cause of action.... Thus, as the relationship of the defendant with the state seeking to exercise jurisdiction over him grows more tenuous, the scope of jurisdiction also retracts and fairness is assured by limiting the circumstances under which the plaintiff can compel him to appear and defend. Brown v. Watson (1989) 207 Cal.App.3d 1306, 1312-1313, emphasis added.

Thus, specific jurisdiction is determined under a three-part test: '(1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby

invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable.

(*Jewish Defense Organization Inc. v. Superior Court* (1999) 72 Cal.App.4th 1045, 1054, citing *Panavision Intern., L.P. v. Toeppen* 141 F.3d 1316, 1320 (9th Cir. 1998)).

The aforesaid requirements are absent in this case.

**a. Bergeron has had no purposeful contact with California and has not purposefully availed himself of the benefits of the forum state**

First, this case does not involve purposeful contact between Defendant and Nevada. A "purposeful" contact is one in which a particular defendant has deliberately directed his/her activities at the residents of the forum state or has deliberately availed himself/herself of the benefits and protections of the laws of the forum state (*Hanson v. Denckla*, (1958) 357 U.S. 235, 253-254; See Also *Sibley v. Superior Court*, (1976) 16 Cal.3d 442, 447-448). Stated in the converse, personal jurisdiction does not extend to a non-resident defendant by virtue of "random, fortuitous or attendant..." contacts over which the defendant had no control (*Burger King v. Rudzewicz*, 471 U.S. 462, 475-76, 485 (1985). Furthermore, unilateral activity on the part of the plaintiff or others over whom the non-resident defendant has no control does not translate into a purposeful contact on the part of the defendant (*Helicopteros Nacionales v. Hall,* 466 U.S. 408, 416-417 (1984).

In this case, Defendant was a self-employed Massachusetts resident during the time period outlined in the complaint, and never transacted business within anyone in Nevada. Furthermore, Bergeron did not exercise any control over anyone in Nevada and never solicited contacts with Nevada residents through

the web site identified in the complaint. Assuming, arguendo, that any Nevada resident contacted the subject web site, such contact would have been simply fortuitous. The web site merely contained information available to any Internet user and did not target or in anyway solicit Nevada residents. Accordingly, to the extent that Defendant Bergeron is involved in the transaction which is the subject of this lawsuit, his involvement cannot be described as a <u>purposeful</u> contact with Nevada.

Courts have established guidelines in cyberspace cases where the plaintiff attempts to utilize the "effects test" (*Calder v. Jones* 465 U.S. 783 (1984)) to satisfy the "purposeful availment" requirement of specific jurisdiction:

[T]he likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet. This sliding scale is consistent with well-developed personal jurisdiction principles. At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. [Citation.] At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction. [Citation]

(*Jewish Defense Organization v. Superior Court, supra*, at 1060)

Here, Bergeron has at most offered information on a passive web site. Assuming, arguendo, that the information reached Nevada residents such contacts would be insufficient to establish specific jurisdiction (*Id;* and see also *Cybersell, Inc. v. Cybersell, Inc,* 130 F.3d 414 (9th Cir. 1997).

**Form Number 1**

In *Jewish Defense Organization Inc. v. Superior Court, supra*, the Court of Appeals reversed the trial court's denial of a defendant's motion to vacate default judgment and quash service of process where the Defendant had made allegedly defamatory statements (the subject of the lawsuit) on his Web site, used the U.S. mail to contact a California resident, previously resided in California, and contracted with a California Internet service provider (ISP) to host his Web site in question. In the instant case, the forum contacts are even less substantial than those in *Jewish Defense Organization.* ***Bergeron*** has had no contacts with Nevada and is only alleged to have offered information on a passive web site. Thus, this Court should follow the Appellate Court's holding in *Jewish Defense Organization,* set aside any default, and quash service of process based on a lack of purposeful availment.

**b. The Claim does not arise from Bergeron's forum-related activities**

Second, Plaintiff's cause of action does not relate to any local activities on the part of Defendant Bergeron. Personal jurisdiction is restricted to situations wherein a particular cause of action relates to or "arises out of" the defendant's forum-related activities (*Jewish Defense Organization, supra*, at 1054 and *Perkins v. Benguet Consolidated Mining Co.,* 342 U.S. 437, 444-445 (1952). In this case, plaintiff has alleged that defendant Bergeron spread false information world-wide. There is no allegation that it was a specific publication to a Nevada resident that caused Xyience's alleged harm. Indeed, whether Bergeron's alleged publishing of this information happened to reach this particular forum is irrelevant to Xyience's claim. Thus, it cannot be said that the plaintiff's claim arises from or relates to Bergeron's contact with this forum.

**c. Exercise of jurisdiction would not be reasonable in this case**

Third, it is unreasonable, and thus constitutionally offensive, to impose personal jurisdiction in this case. In ascertaining reasonableness in applying personal jurisdiction, Courts balance the following factors:

The interest of the state in providing a forum for its residents or in regulating the business involved...; the relative availability of the evidence and the burden of defense and prosecution in one place rather than another...; the ease of access to an alternative forum...; the avoidance of multiplicity of suits and conflicting adjudications...; and the extent to which the cause of action arose out of defendant's local activities....

Fisher Governor Co. v. Superior Court, (1959) 53 Cal.2d 222, 225-26.

To date, the defense is aware of only one Nevada witness essential to the case, and that is Attorney David Winterton for the defendant. By contrast, an array of witnesses that could provide information in this case are available from Arizona, to California, to Puerto Rico. This case could be tried in any number of other available forums.

Additionally, there are no overriding policy considerations that compel Nevada to assert jurisdiction over Bergeron, an individual Massachusetts resident and former New Hampshire resident. This case has nothing to do with any activities that Defendant performed in Nevada. In point of fact, Bergeron has performed no activities in Nevada, did not solicit or engage in transactions within Nevada, and certainly engaged in no activities within Nevada that gave rise to the pending litigation. In fact, Bergeron was invited to fly to Nevada in a trip plaintiff offered before this suit that would have been paid for by the plaintiff, but he declined rather than subject himself to any conflict of interest or potential bribery on the part of the plaintiff.

**Form Number 1**

Additionally, because Bergeron is domiciled in Massachusetts, is self-employed in Massachusetts through his Web-site run on his home computer, and has no contact with, or reason to come to, Nevada, it would necessarily be a substantial burden on Bergeron to defend this action in Nevada.

With the above factors in mind, it is evident that the balance weighs heavily against jurisdiction in Nevada. Therefore, and in the interests of fair play and substantial justice, this Court should not impose jurisdiction in this case.

**III.**

**CONCLUSION**

For all of the above reasons, Nevada does not have personal jurisdiction over Defendant Bergeron; therefore, Defendant's motion to vacate default and/or default judgment and quash service should be granted.

**Dated this 25th Day of July**

By:

Rich Bergeron

43 Longhill Drive

East Sandwich, MA 02537

Serving as Attorney Pro Se