# EXHIBIT 10

ORIGINAL

OPPS
**COGBURN LAW OFFICES**
JAMIE S. COGBURN, ESQ.
Nevada State Bar No. 008409
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616
Attorneys for Plaintiff

FILED
Aug 7 3 53 PM '07
CLERK OF THE COURT

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

XYIENCE INCORPORATED, a Nevada Corporation,

Plaintiff,

v.

RICHARD BERGERON, an Individual,

Defendant.

Case No: A 544781
Dept. No.: XVI

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW, the Plaintiff, Xyience Incorporated, by and through its attorney of record, Cogburn Law Offices, and opposes Defendant, Richard Bergeron's Motion to Dismiss pursuant to NRCP 12 (b)(2).

This Opposition is based upon the pleadings and papers on file herein, the attached Points and Authorities, and any oral argument to be made by counsel at any hearing of this matter.

DATED this 7 day of August, 2007.

COGBURN LAW OFFICES

By ______________________
Jamie S. Cogburn, Esq.
Nevada State Bar No. 008409
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
Attorneys for Plaintiff

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

RECEIVED
AUG 07 2007
CLERK OF THE COURT

## POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff, Xyience Corporation ("Xyience") filed its Complaint and Motion for Preliminary Injunction against Defendant, Richard Bergeron, requesting that this Court enjoin Defendant from posting defamatory statements about Xyience on his website and the internet. Consequently, Defendant filed his Motion to Dismiss arguing Nevada does not have personal jurisdiction over him, as he is a resident of the State of Massachusetts. Plain and simple, Defendant's Motion lacks merit. This Court possesses specific jurisdiction over Defendant as he has purposefully availed himself to this Court through his tortious activities directed at a resident corporation in the State of Nevada and recognizing the damaging effects of such tortious conduct which have, and will continue to occur, in the forum, Nevada. Consequently, this Court should deny Defendant's Motion to Dismiss.

### II. FACTUAL SUMMARY

Xyience is a nutritional supplement company that creates and distributes supplements. One of Xyience's biggest sellers is their energy drink called Xenergy. In fact, Xenergy is one of the largest selling energy drinks in the nation. Xyience is also known throughout the nation for the relationship it has with the Ultimate Fighting Championship (hereinafter "UFC") and sponsorship of the UFC. Xyience pays sponsorship fees to the UFC, wherein their logo is placed in the middle of the ring during fights.

Xyience continues to grow as a company and as such, Xyience is appealing to investors. However, in December of 2006, a barrage of articles appeared on the internet alleging that Xyience was being investigated by the Securities and Exchange Commission (hereinafter "SEC"), which is completely false. Based upon these false and defamatory statements some investors have had reservations about investing with Plaintiff. Currently, Xyience has an

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

investor who is interested in investing over fifteen million dollars ($15,000,000.00) in Xyience, but such investor is worried about these false and defamatory allegations on the internet as it could negatively affect the price of Xyience's shares. Accordingly, this investor has decided to wait until these false and defamatory articles are removed.

**A. The False and Defamatory Articles In Question.**

On December 10, 2006, Bergeron posted an article on his Myspace.com webpage, wherein he alleged that Xyience is being investigated by the Securities and Exchange Commission and that a Class Action law suit against Xyience was underway. Both of these statements were false. This article also alleged that Xyience had created "shell corporations" to divert investor funds for the benefits of certain directors and board members. This allegation was also false.

Soon after this article was posted on Myspace.com, Bergeron's Myspace account was deleted because of the defamatory and slanderous statements. Thereafter, Bergeron started his own website, UnlimitedFightNews.com, wherein Bergeron continued to post defamatory articles and comments.

On or about March 17, 2007, Bergeron posted a new article laced with false statements entitled "Xyience Investigative Report: Creator Russell Pike's Criminal Tendencies Revealed." Bergeron falsely alleged that Xyience was created to steal money from investors for the benefit of certain employees or directors. Bergeron also falsely stated that a major shareholder, Russell Pike, is using Xyience to defraud investors. Bergeron goes on to make up quotes from Russell Pike's former attorney, David Winterton, that Xyience is just another company to defraud investors. Bergeron also falsely stated that the President of the Ultimate Fighting Championship (hereinafter referred to as "UFC"), Dana White is involved in defrauding investors by splitting

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

sponsorship fees that Xyience paid the UFC. Bergeron goes on to falsely claim that Xyience is skimming money from investors and splitting it with the UFC.

Bergeron continues to post false and defamatory articles on his website, wherein he intends to destroy the reputation of Xyience. Employees of Xyience have tried multiple times to speak with Bergeron about these false and defamatory statements, but these attempts have been rebuffed. These articles have the ability to affect the value of shares in Xyience and these articles continue to destroy the good name of Xyience. Moreover, these articles are affecting Xyience's relationship with potential investors and current shareholders.

In an effort to continue with his tortious conduct, Defendant has filed a Motion to Dismiss based upon jurisdiction. Defendant's Motion is utterly baseless as he has directed his tortious activities to Xyience, in an effort to sabotage and destroy the success of Xyience. Such conduct was, and continues, to be expressly aimed at Xyience, a Nevada corporation, and has damaging effects in the forum State. As such, Defendant's Motion must be denied.

## III. <u>ARGUMENT</u>

### A. Legal Standard For Personal Jurisdiction.

Defendant moves for dismissal pursuant to *NRCP* 12(b)(2) for lack of personal jurisdiction. Plaintiff must only demonstrate a prima facie showing of jurisdiction through its pleadings and affidavits to withstand the motion to dismiss. *Glencore Grain Rotterdam B.V., v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114 (9th Cir. 2002).

An analysis of personal jurisdiction has two components. First, there must be a statute that gives the court authority to exercise jurisdiction. *Data Disk Inc. v. Systems Tech. Assoc. Inc.*, 557 F.2d 1280 (9th Cir. 1977). Second, the exercise of jurisdiction must meet Constitutional standards. *Id.* The Nevada Supreme Court has interpreted *NRS 14.065.1* to allow exercise of personal jurisdiction to the extent permitted by the United States Constitution. *Id.* A court may



COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

have personal jurisdiction over a defendant in one of two ways: general or specific. *Reebok Int'l Ltd. v. McLaughlin,* 49 F.3d 1387, 1391 (9th Cir. 1995). If the defendant's activities and contacts with the forum state are substantial, continuous, or systematic, a court will have general jurisdiction over the defendant. *Id.*

Specific jurisdiction may be established if the defendant has such "minimum contacts" with the forum state such that he can reasonably anticipate being haled into court there. *Shaffer v. Heitner,* 433 U.S. 186, 53 L. Ed. 2d 683, 97 S. Ct. 2569 (1977). A forum state's exercise of jurisdiction must not offend traditional notions of fair play and substantial justice. *Reebok,* 49 F.3d at 1391(citations and internal quotation marks omitted). Specific jurisdiction is established by an analysis of the "quality and nature of the defendant's contacts with the forum state in relation to the cause of action." *Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir. 1987)(citing *Data Disk,* 557 F.2d at 1287). For jurisdiction to be reasonable, it must comport with fair play and substantial justice. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985). *Burger King* explicitly places upon the defendant the burden of demonstrating unreasonableness and requires the defendant to put on a "compelling case." *Id.* at 476-77. The reasonableness determination requires the consideration of several specific factors: (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. *Id*

In the instant matter, it is easily demonstrated that Nevada has jurisdiction over Defendant. Defendant has tortiously defamed Xyience, a Nevada corporation, with the knowledge that it will have a substantial affect in the forum state. Importantly, Nevada has a

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

significant interest in protecting its corporations and residents. As such, Defendant's Motion must be denied.

**B. Specific Jurisdiction Exists As Defendant Has Targetted A Nevada Corporation And Intended To Cause Harm In Nevada.**

The case at bar involves the Defendant's tortious actions against Xyience by using the Internet as his vehicle to disseminate defamatory and disparaging statements against Xyience. Thus far, the Ninth Circuit has endorsed two tests for determining whether an out-of-state web site operator's activities amount to purposeful availment of the forum state rendering the exercise of personal jurisdiction over the out-of-state web site operator constitutionally permissible: 1) the sliding scale approach, as articulated in *Cybersell,* 130 F.3d at 417 - 19; and 2) the effects test, endorsed by the Supreme Court in *Calder v. Jones,* 465 U.S. 783, 788, 79 L.E. 2d 804, 104 S. Ct. 1482--88 (1984), and adopted by the Ninth Circuit in *Panavision,* 141 F.3d at 1321 - 22. ***The effects test is employed when the harm allegedly suffered by plaintiff sounds in tort.*** *Panavision, 141 F.3d at 1321* ("in tort cases, jurisdiction may attach if the defendant's conduct is aimed at or has an effect in the forum state"). See also *Calder,* 456 U.S. at 788-89 (establishing an "effects test" for intentional action aimed at the forum state). Under this approach, the exercise of personal jurisdiction over an out-of-state defendant is proper if the defendant: 1) engaged in intentional actions; 2) expressly aimed at the forum state; 3) causing harm, the brunt of which is suffered -- and which the defendant knows is likely to be suffered -- in the forum state. *Panavision,* 141 F.3d at 1321, *quoting Core-Vent Corp. v. Nobel Industries AB,* 11 F.3d 1482, 1486 (9th Cir. 1993).

The Supreme Court has found personal jurisdiction when the Defendant engaged in "express aiming" at the forum state. *See Calder,* 465 U.S. at 789. The requirement is satisfied

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state. *Id.*

In *Calder*, the defendants were a reporter and an editor of a nationally-circulated tabloid newspaper whom plaintiff, a well-known California resident, accused of libel. The defendants argued that the alleged wrong had no intended nexus with California and that they should be treated like "a welder employed in Florida who works on a boiler which subsequently explodes in California." *Id.* The Supreme Court rejected this proposed analogy, pointing out that "petitioners are not charged with mere untargeted negligence. Rather, their intentional, and allegedly tortious, actions were expressly aimed at California." *Id.*

Moreover, the Ninth Circuit has similarly held personal jurisdiction when the conduct committed by the defendant was expressly aimed at a resident of the forum state. *Bancroft & Masters, Inc. v. Augusta National Inc.*, 223 F.3d 1082 (9th Cir. 2000). Specifically, in *Bancroft*, the court determined that the district court can exercise specific jurisdiction over a non resident defendant in a trademark lawsuit because the complaint alleges the defendant engaged in wrongful conduct that individually targeted the plaintiff in California.

In addition there are a plethora of subsequent cases from the Ninth Circuit which demonstrate that "express aiming" encompasses wrongful conduct individually targeting a known forum resident. In *Metropolitan Life Insurance Co. v. Neaves,* 912 F.2d 1062 (9th Cir. 1990), an Alabama resident could be haled into a California court on the basis of a letter she sent to an insurance company representing that she was entitled to an insurance payment that actually belonged to a California resident. The Court found that under *Calder*, it was irrelevant where the letter was sent. The critical factor was that in sending the letter, the defendant "was purposefully defrauding [plaintiff] in California." *Id.* at 1065.

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

Similarly, in *Brainerd v. Governors of the University of Alberta,* 873 F.2d 1257 (9th Cir. 1989), the Ninth Circuit held that an Arizona court could exercise specific jurisdiction over Canadian residents who, in response to telephone calls directed to them in Canada, made statements that allegedly defamed a person they knew resided in Arizona. *Id.* at 1259-60. Even though the Canadian defendants had not initiated the telephone calls, the statements they made about the plaintiff during the conversations were not "untargeted negligence" but rather were "performed for the very purpose of having their consequences felt in the forum state." *Id., see also Gordy v. Daily News, L.P.,* 95 F.3d 829, 833 (9th Cir. 1996) (holding that specific jurisdiction existed in light of evidence of "targeting" of the plaintiff, who was a forum resident); *Lake v. Lake,* 817 F.2d 1416, 1422-23 (9th Cir. 1987) (holding that specific jurisdiction existed where defendant performed foreign acts for the purpose of having their consequences felt in the forum state); *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.,* 784 F.2d 1392, 1398 (9th Cir. 1986) (finding purposeful availment where forum effect of a foreign act "was not only foreseeable, it was contemplated and bargained for").

Consequently, this Court should find personal jurisdiction over Defendant as Xyience can demonstrate that Nevada has specific jurisdiction over Defendant. It is of no consequence that the defamation occurred via internet as the Defendant has purposefully availed himself to this forum. Defendant has defamed, and continues to defame, Xyience, a Nevada corporation, Defendant's tortuous conduct has been, and continues to cripple Xyience's business, which primarily occurs in Nevada. Accordingly, this Court should find personal jurisdiction over Defendant.

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

**C. This Court Has Jurisdiction Over The Defendant.**

In the instant matter, Nevada has personal jurisdiction over Defendant. As demonstrated, personal jurisdiction can be established as a result of specific jurisdiction. First and foremost, Defendant has demonstrated purposeful availment pursuant to *Bancroft* and the test enunciated in *Calder*. Defendant acted intentionally when he posted defamatory and tortious statements regarding Xyience. The defamatory posts and statements were expressly aimed at Nevada because it individually targeted Xyience, a Nevada corporation doing business in Nevada. Finally, the effects of the website and defamatory statements have been, and will continue to be, felt in Nevada.

The second requirement for specific jurisdiction -- that the contacts constituting purposeful availment must be the ones that give rise to the current suit, which have been met in this case.[1] But for Defendant's defamation of Plaintiff, Xyience would have no need to file its Complaint and request for preliminary injunction against Defendant to prohibit Defendant from his continued disparagement and defamation of Xyience.

The final requirement for reasonableness has been met in this case. Without question, there are no questions of fair play and substantial justice being met with the finding of jurisdiction over Defendant. Defendant has maliciously defamed Xyience, and continues to defame Xyience on the internet and through Defendant's web page.

As such, it is not unexpected or unreasonable that Xyience would file suit against Defendant in Nevada, where it is incorporated and where it primarily conducts business. Moreover, Nevada has a substantial interest in protecting its corporations and citizens from tortious conduct which will also negatively impact its business which is conducted in Nevada.

[1] This standard is measured in terms of "but for" causation. *Ziegler v. Indian River County,*

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss must be denied in its entirety as specific jurisdiction over the Defendant exists.

Dated this 7th day of August, 2007.

COGBURN LAW OFFICES

By ______________________________
James S. Cogburn, Esq.
Nevada State Bar No. 008409
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
Attorneys for Plaintiff

64 F.3d 470, 474 (9th Cir. 1995).

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

**CERTIFICATE OF MAILING**

I hereby certify that on the ~~6th~~ 7th day of August, 2007, I served a copy of the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS upon each of the parties by depositing a copy of the same in a sealed envelope in the United States Mail, Las Vegas, Nevada, First-Class Postage fully prepaid, and addressed to:

Richard Bergeron
43 Longhill Drive
East Sandwich, MA 02537

and that there is a regular communication by mail between the place of mailing and the place(s) so addressed.

an employee of Cogburn Law Offices