# EXHIBIT
# 12

ORIGINAL

5

SUPP
**COGBURN LAW OFFICES**
JAMIE S. COGBURN, ESQ.
Nevada State Bar No. 008409
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616
Attorneys for Plaintiff

CLERK OF THE COURT
AUG 17 4 00 PM '07
FILED

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| XYIENCE INCORPORATED, a Nevada Corporation,<br>Plaintiff,<br>v.<br>RICHARD BERGERON, an Individual,<br>Defendant. | Case No: A 544781<br>Dept. No.: XVI |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT IF ITS MOTION FOR PRELIMINARY INJUNCTION**

COMES NOW, the Plaintiff, Xyience Incorporated, by and through its attorney of record, Cogburn Law Offices, and submits its Supplemental Brief in Support of its Motion for Preliminary Injunction.

....

....

....

....

....

....

....

....

....

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

RECEIVED
AUG 17 2007
CLERK OF THE COURT

This Supplemental Brief is based upon the pleadings and papers on file herein, the attached Points and Authorities, and any oral argument to be made by counsel at any hearing of this matter.

DATED this 17 day of August, 2007.

COGBURN LAW OFFICES

By ______________________

Jamie S. Cogburn, Esq.
Nevada State Bar No. 008409
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
Attorneys for Plaintiff

**POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff, Xyience Corporation ("Xyience") filed its Complaint and Motion for Preliminary Injunction against Defendant, Richard Bergeron, requesting that this Court enjoin Defendant from posting defamatory statements about Xyience on his website and the internet. Consequently, Defendant filed his Motion to Dismiss arguing Nevada does not have personal jurisdiction over him, as he is a resident of the State of Massachusetts. During the hearing on this matter, this Honorable Court requested that Plaintiff provide a supplemental brief regarding the constitutionality and permissibility of enjoining Defendant from posting such defamatory speech as it relates to the First Amendment. Consequently, this Court may enjoin the Defendant from posting defamatory statements as defamation is not protected speech under the First Amendment and the Defendant is intentionally aiming his defamation at the business operations of Plaintiff. Finally, as the Plaintiff has presented the elements necessary for obtaining a preliminary injunction, an injunction should issue.

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

## II. ARGUMENT

### A. Defamation Is Not Protected Under The First Amendment And The Defamation At Issue Is Affecting Plaintiff's Business.

As this Court is well aware, Plaintiff has requested a preliminary injunction prohibiting the Defendant from defaming Xyience, including disparaging Xyience on the internet and through various websites, and tortuously interfering with Xyience's business. An injunction is proper in this case as defamation is not protected under the First Amendment and the defamation is designed to substantially interfere with Plaintiff's business. As the Court is well aware, Defendant has not only defamed Xyience to the general public, but has now begin to intentionally seek out Xyience's vendors and shareholders to defame Xyience, including attacking Xyience's credibility and falsely alleging that the Securities and Exchange Commission is investigating Xyience for wrongdoing.[1] Consequently, such disparagement constitutes actionable defamation per se, and an immediate preliminary injunction is necessary in order to protect Xyience from Defendant's tortuous interference with its existing contracts and business.

As Defendant is defaming Xyience and tortuously interfering with Xyience's business, Defendant has absolutely no protection pursuant to the First Amendment and a preliminary injunction should be granted. Defamatory speech is not protected by the First Amendment, *Beauharnais v. Illinois,* 343 U.S. 250, 266, 72 S. Ct. 725, 735, 96 L. Ed. 919 (1952). Moreover, Defendant's statements are entirely false and defamatory and are not protected speech. Only false statements of fact are subject to defamation or trade libel liability; statements of opinion are protected by the *First Amendment* unless they "imply a false assertion of fact." *Milkovich v.*

---

[1] See Exhibit 1, which is an email from Defendant to Xyience Shareholder, Michael Clark, requesting him to view the defamatory articles in question on his website about Xyience. Also, there is an email attached as Exhibit 2 from Defendant to one of Xyience's vendors, Brian Jaus.



COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

*Lorain Journal Co.*, 497 U.S. 1, 19, 110 S. Ct. 2695, 2706 (1990); *Gertz v. Robert Welch, Inc*, 418 U.S. 323, 340, 94 S. Ct. 2997, 3007 (1974); *Baker v. Los Angeles Herald Examiner*, 721 P.2d 87 (1986). In addition, the First Amendment protects statements of rhetorical hyperbole, subjective views and conjecture, but not statements based on objectively verifiable facts. *Standing Committee on Discipline v. Yagman*, 55 F.3d1430 (9th Cir. 1995). Unquestionably, Defendant's statements do not constitute opinion or hyperbole, but rather are blatant falsehoods which do not fall underneath the protection of the First Amendment.

In an analogous case, *Valdron v. McLinn*, 1995 U.S. Dist. LEXIS 21974, the court determined that an injunction barring defamatory statements was proper because the defamatory speech was not protected under the First Amendment and the plaintiff demonstrated that the standard elements in obtaining a preliminary injunction were present and satisfied. Specifically, the court stated the following:

> McLinn's statements concerning whether the articles accurately reflect the Gebauer report are assertions of fact and are capable of being proved true or false. They are not expressions of opinion. Thus, the statements are not protected by the *First Amendment*.

*Id.* at 15.

*Vondron* is parallel to the case at bar. First, Defendant is disparaging Xyience to the general public and also to Xyience's vendors and shareholders.[2] In this regard, Defendant has falsely represented that Xyience is being investigated by the Securities Exchange Commission ("SEC") for egregious conduct and that the Ultimate Fighting Championship ("UFC") is merely using Xyience as a vehicle for corruption to defraud its investors. These statements are outright ludicrous. First, Xyience is not being investigated by the SEC and is a thriving company in its infancy. Second, the UFC, which is widely recognized as the largest Mixed Martial Arts fighting

---

[2] See Exhibits 1 and 2. Also see previously provided defamatory web posting by Defendant about Xyience.



COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

organization in the world, did not establish Xyience in order to defraud investors of money. Moreover, the UFC's main owners are Frank and Lorenzo Fertita, which are widely known, especially in Las Vegas because they own and operate all of the Station Casinos. It is ridiculous and ludicrous to write that the UFC created Xyience to defraud investors considering who owns and operates the UFC. Just as the court indicated in *Vondron*, a review of the statements in question demonstrates that the statements are not a matter of opinion, but rather can be proven untrue, and therefore, have no protection under the First Amendment.

Additionally, just as the defendant in *Vondron* was causing irreparable harm by disparaging plaintiff and interfering with plaintiff's ability to market its product, in this case, Xyience will suffer irreparable harm if an injunction is not issued. Defendant is engaged in an active campaign to destroy Xyience's business reputation. Defendant has not only disparaged Xyience to the public through the internet, but Defendant is now actively sending out correspondence to Xyience's vendors and shareholders in order to destroy Xyience's reputation and cast doubt on the legitimacy of its business. See Exhibits 1 and 2. Such outrageous and tortuous conduct must be prevented by injunction or Xyience will suffer immeasurable irreparable harm.

Similarly, there are a multitude of cases which demonstrate that defamatory speech can be enjoined, particularly where it injures business-related interests. *Lothschuetz v. Carpenter*, 898 F.2d 1200, 1208-09 (6th Cir. 1990) (approving narrow injunction prohibiting defendant from making libelous statements about attorney who represented another party in litigation involving defendant); *System Operations v. Scientific Games Dev. Corp.*, 555 F.2d 1131, 1141-1144 (3d Cir. 1977) (suggesting that statements by defendant's chairman disparaging plaintiff's products may be enjoined if plaintiff satisfies other requirements for injunctive relief); *Martin v. Reynolds*

*Metals Co.*, 224 F. Supp. 978, 984 (D.Ore. 1963) (defendant required to remove billboard defaming plaintiff's factory).

In an analogous case, the Texas Appeals Court upheld an injunction barring plaintiff from sending letters urging others to discontinue doing business with defendant. *Karamchandani v. Grand Tech, Inc.*, 678 S.W.2d 580, 582 (Tex.Ct.App. 1984). Specifically, the defendant dispersed letters to clients of the plaintiff disparaging the plaintiff in attempt to interfere with the plaintiff's business and contractual relationships. On appeal, the court determined that the district court was correct in enjoining the defendant from further disparaging the plaintiff. Specifically, the court stated:

> Here the injunction was granted to prevent harm from private communication, and to preserve the status quo. The communication was to specific individuals with the intention of coercing them to discontinue business with appellee. Information concerning those to whom the letters were written was obtained through the special relationship of the parties. The trial court acted within its discretion in granting the injunction based upon the facts of this case. . . Appellant's third and fourth points of error contend that there was insufficient evidence that appellant attempted to interfere with appellee and its clients or that such interference was causing irreparable harm. The trial court possesses broad discretion in issuing a temporary injunction. Its ruling should not be overturned absent a clear abuse of that discretion.

*Id.* at 582 (citations omitted).

The Defendant in this case has now begun contacting Vendors and making more false and defamatory allegations, not to mention telling vendors to look at the previously posted defamatory web postings. Specifically, on August 13, 2007, Defendant sent Brian Jaus, a Xyience vendor, an email telling him he should check out the defamatory articles in question. **See** Exhibit 2. The Defendant followed that up by making more false allegations about how Xyience failed to pay Chuck Liddell (a famous UFC Fighter) and how he does not want to see anyone else get "duped." These types of emails are why the law allows injunctions. The

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

Defendant has gone a campaign to defame and destroy Xyience. This type of tortuous activity can not be tolerated by the Court and this Court must take a stand and issue an injunction, otherwise Xyience will continue to suffer irreparable harm to their reputation and business.

Finally, an injunction enjoining speech can issue when (1) the nonmoving party is given an opportunity to respond, *Carroll v. President and Comm'rs of Princess Anne,* 393 U.S. 175, 183, 89 S. Ct. 347, 353, 21 L. Ed. 2d 325 (1968); and (2) the trier of fact has made a finding that the statements sought to be enjoined are libelous or the statements were found to be libelous in a prior proceeding. *Lothscheutz,* 898 F.2d at 1208-09.

In the instant matter, an injunction enjoining the Defendant from posting defamatory statements against Plaintiff is warranted. First and foremost, the statements at issue are defamatory and not protected pursuant to the First Amendment. Second, the statements are designed to interfere with Plaintiff's business and to discourage individuals from investing with Xyience and supporting Plaintiff's business. As has been demonstrated, Plaintiff has satisfied the requirements for a preliminary injunction and without such injunction prohibiting the defamation, irreparable harm to Xyience's business will result. Finally, Defendant has received notice of Plaintiff's request for a preliminary injunction and this Court can make a clear determination based upon the law and common sense that such statements are defamatory per se and that an injunction should issue.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

## III. CONCLUSION

For the foregoing reasons, Defendant's Plaintiff's Motion for Preliminary Injunction must be granted.

Dated this 17 day of August, 2007.

COGBURN LAW OFFICES

By ______________________

Jamie S. Cogburn, Esq.
Nevada State Bar No. 008409
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
Attorneys for Plaintiff

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

**CERTIFICATE OF MAILING**

I hereby certify that on the 17 th day of August, 2007, I served a copy of the foregoing **Plaintiff's Supplemental Brief in Support of a Preliminary Injunction** upon each of the parties by depositing a copy of the same in a sealed envelope in the United States Mail, Las Vegas, Nevada, First-Class Postage fully prepaid, and addressed to:

Richard Bergeron
43 Longhill Drive
East Sandwich, MA 02537

and that there is a regular communication by mail between the place of mailing and the place(s) so addressed.

Vanessa Ashjian

an employee of Cogburn Law Offices

# EXHIBIT 1

**Jamie S. Cogburn**

**From:** Russell Pike [rpike@xyience.com]
**Sent:** Monday, August 13, 2007 10:22 AM
**To:** Devin Keays; jsc@cogburnlaw.com; Josh Dannan; Ronald Solomon
**Subject:** FW: XYIENCE LAUNCHES FRIVOLOUS SUIT

-----Original Message-----
From: "Rich Bergeron" <rich.bergeron@gmail.com>

Date: Thu, 9 Aug 2007 09:34:56
To:acalero@corp.ca.gov
Subject: XYIENCE LAUNCHES FRIVOLOUS SUIT

This is the latest on Xyience. Please feel free to leave as many comments as you'd like. I'll print each and every one as long as they are not offensive or insulting.

http://unlimitedfightnews.com/wordpress/?p=331 <http://unlimitedfightnews.com/wordpress/?p=331>

Thanks,

--
Rich Bergeron
Editor/Writer/Webmaster
www.unlimitedfightnews.com <http://www.unlimitedfightnews.com>
www.fightnewsunlimited.com <http://www.fightnewsunlimited.com>
THE BEST FIGHT NEWS ON THE NET!!!
SPONSORED BY:
www.extremecontactfighting.com <http://www.extremecontactfighting.com>
www.feelthepainfightgear.com <http://www.feelthepainfightgear.com>

www.badboyzfightwear.com <http://www.badboyzfightwear.com>
www.heavyhittersfightgear.com <http://www.heavyhittersfightgear.com>
www.bulletfightgear.com <http://www.bulletfightgear.com>

www.carnagefightgear.com <http://www.carnagefightgear.com>
www.drinkeq.com <http://www.drinkeq.com>

# EXHIBIT 2

**Jamie S. Cogburn**

**From:** Russell Pike [rpike@xyience.com]
**Sent:** Monday, August 13, 2007 10:42 AM
**To:** jsc@cogburnlaw.com; Devin Keays; Josh Dannan
**Subject:** FW: Thought you should check this out

---

**From:** Rich Bergeron [mailto:rich.bergeron@gmail.com]
**Sent:** Monday, August 13, 2007 7:28 AM
**To:** Brian Jaus
**Subject:** Re: Thought you should check this out

Brian,

No, but they are burning clients left and right, though. They have extended their credit to the max, refused to even pay the interest on some loans, failed to pay settlements from lawsuits, and even shortchanged some fighters up to and including Chuck Liddell, who they never paid their final contract installment to from what I hear. I actually had a chance to submit a proposal once for them to sponsor me, but simply mentioning the possibility to someone resulted in me getting the tip that started my investigation. They are now suing me for $25 million in the weakest attempt at a case I have ever seen. I will have it completely thrown out in a month's time. I have compiled the most rock-solid evidence someone could have against them, and I have never been out to encourage anything less than public awareness. I actually would like to see the company succeed if they can somehow manage to truly distance themselves from their founder, but it seems that he can't let go and keeps sticking to the whole mess like Krazy glue. Just about every business he's ever touched he's bankrupted. He's about to bankrupt this one, and now they think they can blame it on me. I just saw the ad you have in your magazine and wanted you to know in case you start having your own difficulties with them. I don't want to see anyone else get duped.

Rich

On 8/13/07, **Brian Jaus** <jaus@trace3.com> wrote:
wow. thats good info.

did they burn you ?

**From:** Rich Bergeron [mailto:rich.bergeron@gmail.com]
**Sent:** Monday, August 13, 2007 12:18 AM
**To:** info@bleedingedgemma.com
**Subject:** Thought you should check this out

Hello,

I just thought I would give you a heads up and let you know that you might want to look into Xyience:

http://www.unlimitedfightnews.com/id16.html

--
Rich Bergeron
Editor/Writer/Webmaster
www.unlimitedfightnews.com
www.fightnewsunlimited.com
THE BEST FIGHT NEWS ON THE NET!!!
SPONSORED BY:
www.extremecontactfighting.com
www.feelthepainfightgear.com
www.badboyzfightwear.com
www.heavyhittersfightgear.com
www.bulletfightgear.com
www.carnagefightgear.com
www.drinkeq.com

--
Rich Bergeron
Editor/Writer/Webmaster
www.unlimitedfightnews.com
www.fightnewsunlimited.com
THE BEST FIGHT NEWS ON THE NET!!!
SPONSORED BY:
www.extremecontactfighting.com
www.feelthepainfightgear.com
www.badboyzfightwear.com
www.heavyhittersfightgear.com
www.bulletfightgear.com
www.carnagefightgear.com
www.drinkeq.com