# EXHIBIT 14

ORIGINAL

16

REPLY
**COGBURN LAW OFFICES**
JAMIE S. COGBURN, ESQ.
Nevada State Bar No. 008409
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616
Attorneys for Plaintiff

FILED
Aug 27 4 00 PM '07
CLERK OF THE COURT

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| XYIENCE INCORPORATED, a Nevada Corporation,<br>Plaintiff,<br>v.<br>RICHARD BERGERON, an Individual,<br>Defendant. | Case No: A 544781<br>Dept. No.: XVI |

**PLAINTIFF'S REPLY IN SUPPORT IF ITS MOTION FOR PRELIMINARY INJUNCTION**

COMES NOW, the Plaintiff, Xyience Incorporated, by and through its attorney of record, Cogburn Law Offices, and submits its Reply in Support of its Motion for Preliminary Injunction.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

RECEIVED
AUG 27 2007
CLERK OF THE COURT

This Reply is based upon the pleadings and papers on file herein, the attached Points and Authorities, and any oral argument to be made by counsel at any hearing of this matter.

DATED this 21 day of August, 2007.

COGBURN LAW OFFICES

By ____________________

Jamie S. Cogburn, Esq.
Nevada State Bar No. 008409
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
Attorneys for Plaintiff

## POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff, Xyience Corporation ("Xyience") filed its Complaint and Motion for Preliminary Injunction against Defendant, Richard Bergeron, requesting that this Court enjoin Defendant from posting defamatory statements about Xyience on his website and the internet. Consequently, Defendant filed his Opposition to Motion for Preliminary Injunction on August 19, 2007, wherein the Defendant has misstated the law in an attempt to mislead this Court.

### II. ARGUMENT

#### A. Defamation Is Not Protected Under The First Amendment And The Defamation At Issue Is Affecting Plaintiff's Business.

As this Court is well aware, Plaintiff has requested a preliminary injunction prohibiting the Defendant from defaming Xyience, including disparaging Xyience on the internet and through various websites, and tortuously interfering with Xyience's business. An injunction is proper in this case as defamation is not protected under the First Amendment and the defamation in this case is designed to substantially interfere with Plaintiff's business. As the Court is well



COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

aware, Defendant has not only defamed Xyience to the general public, but has now begin to intentionally seek out Xyience's vendors and shareholders to defame Xyience, including attacking Xyience's credibility and falsely alleging that the Securities and Exchange Commission is investigating Xyience for wrongdoing. Consequently, such disparagement constitutes actionable defamation per se, and an immediate preliminary injunction is necessary in order to protect Xyience from Defendant's tortuous interference with its existing contracts and business.

As Defendant is defaming Xyience and tortuously interfering with Xyience's business, Defendant has absolutely no protection pursuant to the First Amendment and a preliminary injunction should be granted. Defamatory speech is not protected by the First Amendment, *Beauharnais v. Illinois,* 343 U.S. 250, 266, 72 S. Ct. 725, 735, 96 L. Ed. 919 (1952). Moreover, Defendant's statements are entirely false and defamatory and are not protected speech. Only false statements of fact are subject to defamation or trade libel liability; statements of opinion are protected by the *First Amendment* unless they "imply a false assertion of fact." *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 19, 110 S. Ct. 2695, 2706 (1990); *Gertz v. Robert Welch, Inc,* 418 U.S. 323, 340, 94 S. Ct. 2997, 3007 (1974); *Baker v. Los Angeles Herald Examiner,* 721 P.2d 87 (1986). In addition, the First Amendment protects statements of rhetorical hyperbole, subjective views and conjecture, but not statements based on objectively verifiable facts. *Standing Committee on Discipline v. Yagman,* 55 F.3d1430 (9th Cir. 1995). Unquestionably, Defendant's statements do not constitute opinion or hyperbole, but rather are blatant falsehoods which do not fall underneath the protection of the First Amendment.

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

**B. The Defendant Has Misstated The Law In An Attempt To Mislead This Court**

Defendant cites numerous cases for the proposition that a Court can not enjoin defamatory speech; however, the Defendant has failed to inform the Court that the cases cited deal with protected speech. Here, the defamatory speech in question is not protected and is not afforded the same protections as truthful and accurate speech. For example, the Defendant cites *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F. 3d 219 (6th Cir. 1996) for the proposition that publication of trade secrets can not be enjoined. However, *Procter* deals with the press and the reporting of factually accurate speech whereas the case in hand deals with unsubstantiated defamatory speech. There is no doubt that if the speech was not defamatory that it would be protected speech. In fact, the Defendant can write about any litigation Xyience is involved in, but he can not create misleading and false material about Xyience. There is a grave difference between a reporter publishing an accurate news report about an ongoing case and a rogue internet site posting defamatory speech.

The Defendant has missed the point of this action -- ***the speech in question is defamatory per se and not protected by the First Amendment.*** Moreover, the Defendant misrepresents the law in this area again and again. Specifically, the Defendant cites *Metorpolitan Opera Association v. Local 100*, 239 F.3d 172 (2nd Cir. 2001), but this case dealt with whether the injunction that was issued was vague. In fact, the Court specifically stated "While we agree that the injunction presents serious questions under the *First Amendment* and libel law, we hold that the injunction is impermissibly vague because it fails to provide the Union with adequate notice of what conduct is being enjoined. We do not reach the merits of the Union's other arguments." It is clear the Court did not even address the issue of whether an injunction was proper, rather it only dealt with the wording of the order.

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

### C. The Defendant Has Mistated The Facts And Failed To Provide An Affidavit To Substantiate These Facts

The Defendant claims that Xyience was involved in an SEC investigation, which is absolutely false. In fact, the Defendant fails to attach any documents to back up this allegation as indicated in his pleadings. The Defendant makes the leap that Xyience was part of a SEC investigation because one Shareholder, AA Capital, went into receivership and was subject to SEC regulations and filings. Just because one Shareholder may be investigated by the SEC does not mean that Xyience is being investigated by the SEC. More importantly, the Defendant tries to mislead readers and this Court by claiming Xyience is being investigated by the SEC based upon the actions of one shareholder. It appears that the Defendant takes a fact and then contorts it into a lie, which is defamation per se.

The Court should take notice that the Defendant does not claim that the postings are entirely true, rather he states "Bergeron subsequently verified several portions of the email which were indeed fact." **See** Defendant's Opposition to Preliminary Injunction, Page 10, line 269. What does this mean? Does this mean the persons name was correct? The Defendant is basically admitting that some of the posting is true, but some of it can't be verified and/or is false. However, the Defendant has failed to ever post a retraction or clarify any false statement he has made.

The Defendant appears to hide behind these defamatory statements by claiming he is quoting a "source." However, the Defendant is not allowed to hide behind a made up source and claim he is not responsible for publishing the defamatory material. If the Defendant claims to be a reporter (which Xyience refutes), then he should be aware that a source's statement must be verified, which the Defendant admits did not happen in this case. As previously stated,

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

defamatory speech is not protected under the First Amendment and an Injunction should issue immediately.

**D. The Defendant Misstates The Involvement Of Russell Pike**

The Defendant goes on in length to claim that shareholder, Russell Pike is running Xyience. However, Russell Pike is merely a shareholder and has no other involvement with Xyience. Russell Pike is not on the Board, he is not an officer, and he is not employed by Xyience. Rather, Russell Pike is a shareholder, so the Defendants baseless claims about Russell Pike and his history is irrelevant and just another attempt to defame and disparage the Xyience name.

An injunction enjoining the Defendant from posting defamatory statements against Plaintiff is warranted. First and foremost, the statements at issue are defamatory and not protected pursuant to the First Amendment. Second, the statements are designed to interfere with Plaintiff's business and to discourage individuals from investing with Xyience and supporting Plaintiff's business. As has been demonstrated, Plaintiff has satisfied the requirements for a preliminary injunction and without such injunction prohibiting the defamation, irreparable harm to Xyience's business will result. Finally, Defendant has received notice of Plaintiff's request for a preliminary injunction and this Court can make a clear determination based upon the law and common sense that such statements are defamatory per se and that an injunction should issue.

. . . .

. . . .

. . . .

. . . .

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Preliminary Injunction must be granted.

Dated this 27 day of August, 2007.

COGBURN LAW OFFICES

By ______________________

Jamie S. Cogburn, Esq.
Nevada State Bar No. 008409
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
Attorneys for Plaintiff

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

## CERTIFICATE OF MAILING

I hereby certify that on the 27th day of August, 2007, I served a copy of the foregoing **Plaintiff's Reply in Support of a Preliminary Injunction** upon each of the parties by depositing a copy of the same in a sealed envelope in the United States Mail, Las Vegas, Nevada, First-Class Postage fully prepaid, and addressed to:

Richard Bergeron
43 Longhill Drive
East Sandwich, MA 02537

and that there is a regular communication by mail between the place of mailing and the place(s) so addressed.

an employee of Cogburn Law Offices

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936