# EXHIBIT 30

ORIGINAL

FILED

2007 NOV 30 A 10:53

CLERK OF THE COURT

OST
**COGBURN LAW OFFICES**
JAMIE S. COGBURN, ESQ.
Nevada State Bar No. 008409
KRISTIN H. COGBURN, ESQ.
Nevada State Bar No. 008271
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616
Attorneys for Plaintiff

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| XYIENCE INCORPORATED, a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON, an Individual,<br><br>Defendant. | Case No: A 544781<br>Dept. No.: XVI |

**(1) MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF'S XYIENCE, INC.'S FAILURE TO PAY ATTORNEYS' FEES AND COSTS; (2) TO PERFECT ATTORNEYS' LIEN; AND (3) FORECLOSE ATTORNEYS' LIEN**

COGBURN LAW OFFICES, counsel of record for Plaintiff Xyience, Inc. ("Plaintiff's") hereby files its Motion to Withdraw as Counsel, Perfect Attorneys' Lien, and Foreclose Attorneys' Lien on an Order Shortening Time. The Motion is made and based upon the attached Memorandum of Points and Authorities, affidavit, and any papers and pleadings on file herein.

PLEASE TAKE FURTHER NOTICE that the undersigned attorneys do hereby claim and perfect their attorneys' lien for unpaid fees and costs in the above-referenced cause of action of Plaintiff's in the above-entitled matter, and by claiming an interest in any sums due from any party to them, jointly and severally.

///

///

///



11-29-07 23:24 RCVD

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

MC

RECEIVED
NOV 30 2007
CLERK OF THE COURT

**NOTICE OF MOTION ON ORDER SHORTENING TIME**

UPON THE AFFIDAVIT OF JAMIE S. COGBURN, ESQ., and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the time for hearing of the above-entitled matter will be heard on the 6th day of December, 2007, at the hour of 9:00 A.M./P.M. in Department XVI of the above-entitled Court.

DATED this 29th day of November, 2007.

DISTRICT COURT JUDGE

**DECLARATION OF JAMIE S. COGBURN, ESQ.**
**IN SUPPORT OF ORDER SHORTENING TIME AND MOTION TO WITHDRAW**

1. I am duly licensed to practice law in the State of Nevada and am an attorney of the Cogburn Law Offices, counsel for Plaintiff's Xyience, Inc., in the above-entitled matter. I have personal knowledge of the facts stated herein, except for those stated upon information and belief and, as to those, I believe them to be true.

2. I make this Affidavit in Support of Cogburn Law Offices Motion to (1) Withdraw as Counsel for Plaintiff's Xyience, Inc.'s failure to pay Fees & Costs; (2) To Perfect Attorneys' Lien; and (3) Foreclose Attorneys' Lien.

3. Cogburn Law Offices representation of Plaintiff's in the above-entitled matter has been ongoing since the inception of this case.

4. As of November 19, 2007, Plaintiff's in the above-referenced entitled matter owe a total of $14,658.54 in unpaid attorneys fees and costs. Cogburn Law Offices is entitled to receive full payment from the Plaintiff in the above-entitled matter for the unpaid attorneys' fees, costs and service charges incurred during Cogburn Law Offices representation.

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

5. Despite my repeated attempts to remedy the matter they have gone without collection.

6. Based upon the factors listed in Brunzell v. Golden Gate Nat'l Bank, 85 Nev.345,349,455 P.2d 31 (1969), these attorneys' fees are reasonable, and the Court should award the same. The Brunzell factors are as follows:

*Qualities of the Advocate:* I have practiced law in this community since 2004 and have a commendable reputation for competency in litigation. In this case, Plaintiff's were billed for legal services at the rates agreed to with this firm. This sum is reasonable in light of my legal experience and fees generally charged in this community.

*Character of Work:* On information and belief, the Court is aware of my work product and that of my firm, Cogburn Law Offices.

*The Work Actually Performed:* Considerable time and attention was given to the above matter. An itemization of the time spent and the costs incurred will be submitted to the Court in camera if the Court requests. In short, counsel has spent over six months litigating this case.

7. In view of the foregoing, the Court should award, as of November 19, 2007, the unpaid attorneys fees and costs in the sum of $14,658.54.

8. Plaintiff's current mailing address is: Xyience, 8912 Spanish Ridge, Suite 120, Las Vegas, Nevada 89148.

9. Counsel seeks withdrawal as soon as possible to avoid further expenditure of fees that will not be paid.

10. Trial in this matter has not been set and Xyience has in house counsel. As such, Plaintiff will not be prejudiced by allowing Cogburn Law Offices to withdraw as counsel at this time.

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

11. I declare under penalty of perjury under the laws of the State of Nevada (NRS 53.045), that the foregoing is true and correct.

DATED this 27 day of November, 2007.

JAMIE S. COGBURN, ESQ.

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

## POINTS AND AUTHORITIES

### I. THIS COURT HAS AUTHORITY TO ENTER AN ORDER ALLOWING AN ATTORNEY TO WITHDRAW AS ATTORNEY OF RECORD FOR A CLIENT, WHEN THE CLIENT FAILS TO PAY FEES AND COSTS.

Pursuant to EDCR 7.40(b)(2), the Court can enter an Order allowing the withdrawal of an attorney. EDCR 7.4(b)(2) requires the withdrawing attorney to provide an Affidavit of the Client's last known address, at which the client may be served with notice of further proceedings in case the application for withdrawal is granted, that the withdrawal shall not delay the trial or hearing of other matters in the case.

Additionally, Nevada Supreme Court Rule 150 specifically adopts the American Bar Association Model Rules of Professional Conduct and labels them (with minor changes) the Nevada Rules of Professional Conduct (NRPC). Rule 166(2) of the NRPC states that an attorney may be allowed to withdraw from employment:

> …if withdrawal can be accomplished without material adverse effect on the interest of a client or if:…(d) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled. (e) The representation will result in an unreasonable financial burden on the lawyer….[Emphasis added]

As shown by the Declaration of Jamie S. Cogburn, Esq. in support of the foregoing Motion to Withdraw as Attorney of Record, withdrawal is appropriate in this case.

### II. THIS COURT HAS AUTHORITY TO FORECLOSE COUNSEL'S ATTORNEYS LIEN

NRS 18.015 provides:

> 1. Any attorney at law shall have a lien upon any claim, demand or cause of action, including any claim for unliquidated damages, which has been placed in his hands by a client for suit or other action has been instituted. The lien is for the amount of any fee which has been agreed upon by the attorney and client. In the absent of an agreement, the lien is for a reasonable fee for the services which the attorney has rendered for the client on account of the suit, claim, demand or action.



COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

> 2. An attorney perfects his lien by serving notice in writing, in person or by certified mail, return receipt requested, upon his client and upon the party against whom his client has a cause of action, claiming the lien and stating the interest which he has in any cause of action.
>
> 3. The lien attaches to any verdict, judgment or decree entered and to any money or property which is recovered on account of the suit or other action, from the time of services of the notices required by this section.
>
> 4. On motion filed by an attorney having a lien under this section, his client, or any party who has been served with notice of the lien, the court shall, after 5 days' notice to all interested parties, adjudicate the rights of the attorney, client or other parties and enforce the lien.
>
> 5. Collection of attorneys fees by a lien under this section may be utilized with, after the independently of any other method of collection.

As provided by NRS, the attorneys' lien is for the amount of the fee which has been agreed upon by the attorney and client. The lien has also been perfected by the service of this notice or perfection of lien upon the client.

The Cogburn Law Offices requests this Court adjudicate and enforce the attorney lien by entering judgment against Plaintiffs, and in favor of Cogburn Law Offices, in the sum of $14,658.54. Gordon v. Stewart, 74 Nev.115, 324 P.2d 234 (1958) (stating that the Court has incidental jurisdiction to determine the amount of attorneys fees due without separate action being filed).

DATED this 27 day of November, 2007.

COGBURN LAW OFFICES

By: ______________________
JAMIE S. COGBURN, ESQ.
Nevada State Bar No. 008409
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936