# EXHIBIT 45

ORIGINAL

CLERK OF THE COURT
JAN 30 4 20 PM '08
FILED

SUPP
PAMELA R. LAWSON, ESQ.
Nevada Bar No. 5044
HUNTERTON & ASSOCIATES
333 South Sixth Street
Las Vegas, NV 89101
(702) 388-0098
Attorneys for Plaintiff

DISTRICT COURT

CLARK COUNTY, NEVADA

XYIENCE INCORPORATED, a Nevada, Corporation,

Plaintiff,

RICHARD BERGERON, an Individual,

Defendant .

**CASE NO.: A544781**
**DEPT NO.: XVI**

**Date of Hearing: 2-7-08**
**Time of Hearing: 9:00 a.m.**

**SUPPLEMENT TO PLAINTIFF'S MOTION TO QUASH OR IN THE ALTERNATIVE, MOTION TO STRIKE; MOTION TO VACATE HEARING AND MOTION FOR ATTORNEY FEES**

Plaintiff, Xyience, Inc., by and through its attorney, Pamela R. Lawson of the law firm of Hunterton & Associates, submits this supplement to it's above referenced Motions. The subjects of this Supplement and the Exhibits were received January 28, 2008, after the filing and service of the original Motion.

As the Court is well aware, there is a Default entered against the Defendant in this case. The Defendant did not answer the complaint; therefore the pre-discovery 16.1 (4)(b)Meet and Confer Conference has not taken place. Defendant, in attempting to serve "Request for Production" and "Interrogatories" (see Exhibit 1) has once again ignored the Nevada Rules of Civil Procedure and cost the Plaintiff and the Court valuable time and expense.

RECEIVED
JAN 30 2008
CLERK OF THE COURT

HUNTERTON & ASSOCIATES
ATTORNEYS AT LAW
333 South Sixth Street
Las Vegas, NV 89101
(702) 388-0098

The discovery that Defendant has attempted to serve should also be stricken.

DATED this 30th day of January 2008.

HUNTERTON & ASSOCIATES

By ____________________
PAMELA R. LAWSON, ESQ.
Hunterton & Associates
Nevada Bar No. 5044
333 S. Sixth Street
Las Vegas, Nevada 89101
Attorneys for Plaintiff

HUNTERTON & ASSOCIATES
ATTORNEYS AT LAW
333 South Sixth Street
Las Vegas, NV 89101
(702) 388-0098

# EXHIBIT 1

**Form Number 1**

OPPS
Rich Bergeron
43 Longhill Drive
East Sandwich, MA 02537
Telephone: (617) 209-4325
Defendant as Pro Se Attorney

## DISTRICT COURT

## CLARK COUNTY, NEVADA

XYIENCE, INC., A Nevada Corporation,

Plaintiff,

v.

Rich Bergeron, An Individual,

Defendant.

CASE NO.: A544781

DEPT. No.: XVI

# REQUEST FOR PRODUCTION

Defendant requests that plaintiff produce each of the following documents or things:

1. All records and filings of past and present legal actions brought against Xyience, Inc. to date.

2. All written and electronic communications from Xyience employees, officers, and/or consultants regarding Bergeron's stories that were sent before this litigation began.

3. Complete financial records and all UCC filings regarding Xyience, Inc. and each and every business entity bearing the Xyience name in any part of the title.

4. All records of sponsorship fees and contracts with Zuffa, LLC, the UFC, and all UFC fighters.

5. All records and statements regarding any payment for the very first Xyience commercials on Spike TV during the initial airing of The Ultimate Fighter series.

6. Copies of all written and electronic communication between Bergeron and any Xyience employee, official, and/or consultant of Xyience.

7. Copies of all Zuffa, LLC loan documents describing the nature of the UFC's sponsorship relationship with Xyience.

8. Copies of the records for all investments and/or loans provided to Xyience since the court's injunction against Defendant Bergeron was issued on September 7, 2007.

9. Copies of all subpoenas or summonses issued to Xyience officials, representatives, or consultants, past or present, by any federal or state agencies.

10. All documentation regarding Zyen, LLC.

11. Electronic and printed copies of all Xyience, Inc. filings in this case.

12. Copies of all written communication between any Fertitta Enterprises representative, official, consultant, or employee and any Xyience, Inc. representative, official, consultant, or employee.

13. Copies of all communications from any member of Xyience's board of directors sent to any past or present shareholder in Xyience.

14. All sales records regarding Xyience for each quarter of operation.

15. Copies of all communications between any Xyience representative, official, consultant, or employee of Xyience and Attorney David Winterton.

## CERTIFICATE OF MAILING

I hereby certify that on the 25th day of January, 2008 I served a copy of the foregoing Request For Production upon each of the parties by depositing a copy of the same in a sealed envelope in the United States Mail, East Sandwich, MA, First-Class Fully Prepaid, and addressed to:

XYIENCE, INC.
8912 SPANISH RIDGE, SUITE 120
LAS VEGAS, NV 89148

Pamela R. Lawson, Esq.
Hunterton & Associates
333 South Sixth Street
Las Vegas, Nevada 89101

Jamie Cogburn
170 S. Green Valley PKWY., SUITE 280
Henderson, Nevada, 89012

And that there is regular communication by mail between the place of mailing and the place so addressed.

Rich Bergeron

RICH BERGERON
SERVING AS PRO SE ATTORNEY

**Form Number 1**

OPPS
Rich Bergeron
43 Longhill Drive
East Sandwich, MA 02537
Telephone: (617) 209-4325
Defendant as Pro Se Attorney

## DISTRICT COURT

## CLARK COUNTY, NEVADA

XYIENCE, INC., A Nevada Corporation, CASE NO.: A544781

Plaintiff, DEPT. No.: XVI

v.

Rich Bergeron, An Individual,

Defendant.

## INTERROGATORIES

1. "Representative" shall be liberally construed and shall include attorneys whether of record or not, insurers, adjusters, investigators, consultants, sureties, investigators, agents, employees, officials, officers, subagents, branches and departments. Each Interrogatory hereinafter set forth not only calls for your knowledge, but also for all knowledge that is available to you and each of your representatives by reasonable diligence.

2. The word "person" as used herein shall be deemed to mean any natural person, partnership, corporation, municipal corporation, state or governmental agency, or any other form of legal entity of whatever nature.

3. Whenever in the following interrogatories any writing must be described or identified, all writings in the possession or control of yourself and your representatives are included, and all such writings shall be identified by date, author, addresses, title, subject, title of document (contract, invoice, work order, letter or other identifying designation), number and physical description. As to each such writing, the address of the present custodian hereof, are also requested.

4. The term "writing" is used herein in its broadest sense, and includes any original reproduction or copy of any kind of writing or any documentary material, including, without limitations, correspondence, memoranda, inter-office communications, notes, diaries, contract documents, drawings, plans, specifications, estimates, vouchers, permits, written ordinances, minutes of meetings,

invoices, billings, checks, reports, studies, telegrams, notes of telephone conversations, and notes of any oral communications.

5. With respect to each Interrogatory herein relating to oral communications, it is intended and requested that the answers to each said Interrogatory set forth whether or not the oral communication was by telephone, or face to face, and also that each answer set forth the names, addresses, business positions and occupations of each individual involved in the said communications, and the names and addresses of any other persons present during said communications.

6. Whenever, in the course of answering these interrogatories, information is called for which is other than within the personal knowledge of the person executing the answers hereto, you are requested, in addition to providing such information, to provide the name, address, telephone number, official capacity and job title of each person providing such information to you, or if the information is obtained from a writing, to identify each such writing as described above.

7. Pursuant to the Rules of Civil Procedure you are required to answer these interrogatories and furnish the requested documents within thirty (30) days of receipt hereof.

8. Supplementation of responses to these Interrogatories is required.

INTERROGATORIES

1. State how many corporations or business entities have had the name "Xyience" in their titles since 2004 within the State of Nevada.

2. State the names of these entities listed in your response to Interrogatory #1.

3. State the reasons why each of the now dissolved or defaulted entities listed in your response to Interrogatory #1 ceased operating.

4. State how it is known to Plaintiff that Bergeron's MySpace profile (mentioned in paragraph 7 on page 2 of the initial complaint) was "deleted because of defamatory and slanderous statements."

5. State what personal knowledge or documentation exists, held by any of the plaintiff's present or former employees, representatives, or officers that can verify the exact reason or reasons Bergeron's MySpace profile was deleted.

6. State whether or not Attorney David Winterton has ever provided the plaintiff or any legal representative of the plaintiff with any written communication that refutes any of the quotes attributed to him by Defendant Bergeron.

7. State if there is any record whatsoever of Attorney David Winterton being personally interviewed by any legal representative of the plaintiff to ascertain whether or not any of Winterton's quotes were "made up" by the Defendant.

8. State the exact amount paid by Xyience to Zuffa, LLC or Spike Television for Xyience's first commercial appearances on the Spike Television Network during the Ultimate Fighter series.

9. State whether or not UFC President Dana White was ever personally questioned by any plaintiff's attorney regarding White's business dealings with Russell Pike or Jennifer Pike.

**Form Number 1**

10. State whether or not SEC investigators ever questioned Xyience employees and/or officers regarding AA Capital Subsidiary Brush Monroe's investments in Xyience, Inc.

11. State whether or not Russell Pike or Jennifer Pike ever had access to withdraw company assets from any Xyience account for purely personal use.

12. State whether or not any of Xyience's initial investors were told about the criminal backgrounds of Russell and Jennifer Pike while they were both employed by the company or acting as consultants during the time Russell Pike was soliciting Pre-IPO stock purchases in Xyience.

13. List any email or written communication in plaintiff's possession sent to Defendant Bergeron requesting he remove or retract any of his articles from unlimitedfightnews.com that was delivered to the defendant before this litigation began.

14. State what, if any, documented evidence exists that shows Defendant Bergeron ever intended to harm Xyience.

15. List any documentation or testimony in the plaintiff's possession that clearly denotes financial damage inflicted upon Xyience as a direct result of Bergeron's articles.

16. State who informed Xyience and/or any Xyience attorney that Bergeron knowingly made false statements in his reporting and what documented evidence exists showing Bergeron knew any of his reporting was false.

17. List all pertinent documentation, testimony, and/or other evidence help by plaintiff that justifies any of the plaintiff's claims for damages against defendant listed in paragraph 29 on page 5 of the initial complaint.

18. State how the plaintiff's prayer for $25 million in damages can be justified as a "direct and proximate result of the defamatory statements" allegedly made by Defendant Bergeron.

19. List any evidence or sworn testimony held by plaintiff that indicates any of Bergeron's reporting was malicious in nature.

20. State how it would be possible for Bergeron to be "aware of Xyience's prospective economic relationship with outside investors," as plaintiff claims he did in paragraph 35 on page 6 of the initial complaint.

21. List any evidence or sworn statements held by plaintiff that prove Bergeron "was aware of Xyience's pending deals with outside investors," as alleged in paragraph 43 on page 7 of the initial complaint.

22. List all of the investors who plaintiff was unable to secure investments from as a direct result of Bergeron's reporting, and list the amount of these promised investments that could only be secured if Bergeron's stories were removed from the Internet.

23. List all the investors who provided funds to Xyience after the preliminary injunction was secured against Defendant Bergeron along with the exact amounts of each investment and/or loan capital each party gave to Xyience since the injunction order against Bergeron became official.

24. List the exact amount of investments and/or loans secured by Xyience after the injunction order that were used to pay sponsorship fees to the UFC.

25. State why a three-year extension of Xyience's sponsorship with the UFC was signed rather than using those funds for expansion of the brand as investors and the general public were promised.

26. State why shareholder meetings were circumvented numerous times under the leadership of Co-CEOs Adam Frank and Kirk Sanford.

27. State whether or not any of the capital provided to Xyience after the injunction order was secured was represented to Xyience investors as a way to avoid bankruptcy.

28. State whether or not Xyience's current leadership will lock out more than 340 Xyience investors during planned bankruptcy proceedings.

29. List all the reasons why Attorney Jamie Cogburn was not paid in full for services he rendered to Xyience in this case.

30. State whether or not any other attorney retained by Xyience in any of Xyience's pending or past cases has gone unpaid for any reason.

31. List all of the bank accounts currently held by Xyience, Inc. and/or any subsidiary along with the exact amount of Xyience's current assets, including property.

32. State the reasons why Bergeron was paid to travel to New York City to attend UFC 78 and whether or not he was told by Co-CEOs Adam Frank and Kirk Sanford that the company would not pursue this case any further.

33. State the exact amount of outstanding shares held by investors in Xyience and list all the names of those who hold shares along with the exact amount of shares they hold.

34. List the exact or approximate amount of income Xyience has secured since the company's inception as a direct result of pre-IPO stock sales.

35. List the names of all the investors who now hold pre-IPO shares in Xyience that will be rendered invalid in the event of bankruptcy and provide the exact amount of shares that will be wiped out by voluntary bankruptcy.

36. State whether or not any former or current employee, official, or consultant acting on behalf of Xyience has ever been investigated or is now under investigation by the IRS, FBI, or SEC.

37. List all current and past litigation filed against Xyience and the total amount of legal fees incurred to date as a result of defending claims against Xyience.

38. State whether or not Xyience has posted any profit in any fiscal quarter of its operation.

**Form Number 1**

39. State whether or not Adam Frank and Kirk Sanford told Defendant Bergeron that they utilize his Web-site to research the history of the company.

40. State the names of the current board of directors of Xyience and list the exact amount of each member's personal investment in Xyience to date.

# CERTIFICATE OF MAILING

I hereby certify that on the 25th day of January, 2008 I served a copy of the foregoing Interrogatories upon each of the parties by depositing a copy of the same in a sealed envelope in the United States Mail, East Sandwich, MA, First-Class Fully Prepaid, and addressed to:

XYIENCE, INC.
8912 SPANISH RIDGE, SUITE 120
LAS VEGAS, NV 89148

Pamela R. Lawson, Esq.
Hunterton & Associates
333 South Sixth Street
Las Vegas, Nevada 89101

Jamie Cogburn
170 S. Green Valley PKWY., SUITE 280
Henderson, Nevada, 89012

And that there is regular communication by mail between the place of mailing and the place so addressed.

Rich Bergeron

RICH BERGERON
SERVING AS PRO SE ATTORNEY

**CERTIFICATE OF SERVICE**

On the 30 day of January 2008, the undersigned served by U.S. Mail and Certified US Mail the foregoing SUPPLEMENT TO PLAINTIFF'S MOTION TO QUASH OR IN THE ALTERNATIVE, MOTION TO STRIKE; MOTION TO VACATE HEARING AND MOTION FOR ATTORNEY FEES in an envelope, postage prepaid on:

Richard Bergeron
43 Longhill Drive
East Sandwich, MA 02537
Certified Mail Number 7006 2760 0003 1880 5566

An Employee of Hunterton & Associates

HUNTERTON
&
ASSOCIATES
ATTORNEYS AT LAW
333 South Sixth Street
Las Vegas, NV 89101
(702) 388-0098