# EXHIBIT 57

ORIGINAL

FILED

2008 FEB 27 P 4:43

CLERK OF THE COURT

0026
FENNEMORE CRAIG, P.C.
Laurel E. Davis, Esq. (NV Bar No. 3005)
Jon T. Pearson, Esq. (NV Bar No. 10182)
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 692-8000
E-Mail: ldavis@fclaw.com
E-Mail: jpearson@fclaw.com

Attorneys for Plaintiff
**Xyience Incorporated**

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| XYIENCE INCORPORATED, a Nevada corporation,<br>Plaintiff,<br>v.<br>RICHARD BERGERON, an Individual<br>Defendant. | **CASE NO.:** **A544781**<br>**DEPT. NO.:** ~~XVI~~ XXIII<br>**PLAINTIFF'S (1) *EX PARTE* MOTION FOR AN EXTENSION; AND (2) MOTION TO CONTINUE HEARINGS ON DEFENDANT'S MOTION FOR RULE 11 SANCTIONS AND MOTION TO DISMISS ON ORDER SHORTENING TIME**<br>Time of Hearing: 3/3/08<br>Date of Hearing: 8:30 a.m. |

Plaintiff, Xyience Incorporated ("Xyience"), submits this (1) *Ex Parte* Motion for an extension of time to submit its opposition to Defendant Richard Bergeron's ("Mr. Bergeron") Dispositive Motion for Rule 11 Sanctions and Motion to Dismiss ("Mr. Bergeron's Motions"); and (2) Motion to continue hearings on Mr. Bergeron's Motions on order shortened time.

These Motions are made and based upon the papers and pleadings on file, the following Memorandum of Points and Authorities, the accompanying exhibits, including Affidavit of

//

//

//

HEARING REQUIRED
DATE: 3/3/08
TIME: 8:30

RECEIVED
FEB 27 2008
CLERK OF THE COURT

Jon T. Pearson attached as **Exhibit "1,"**and the Affidavit of Pamela Lawson attached as **Exhibit "2"**, and any oral argument heard by this Court..

DATED this 26th day of February, 2008.

FENNEMORE CRAIG, P.C.

By: [signature]
Laurel E. Davis, Esq. (No. 3005)
Jon T. Pearson, Esq. (No. 10182)
300 S. Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 692-8000

Attorneys for Plaintiff
**Xyience Incorporated**

**ORDER SHORTENING TIME**

Upon the attached Affidavit of Jon T. Pearson, and good cause appearing,

IT IS ORDERED that the time for hearing **MOTION TO CONTINUE HEARINGS ON DEFENDANT'S MOTION FOR RULE 11 SANCTIONS AND MOTION TO DISMISS ON ORDER SHORTENED TIME** will be heard on the 3rd day of ~~February~~ March, 2008, at the hour of 8:30 A.M. before the above-captioned Court, or as soon thereafter as counsel can be heard.

DATED this 27 day of February, 2008.

[signature]
DISTRICT COURT JUDGE

Submitted By:

FENNEMORE CRAIG, P.C.

By: [signature]
Jon T. Pearson (No. 10182)
300 S. Fourth Street, Suite 1400
Las Vegas, Nevada 89101

Attorneys for Plaintiff
**Xyience Incorporated**

16486.2/23805.002

## MEMORANDUM OF POINTS AND AUTHORITIES

I.

STATEMENT OF FACTS

On January 18, 2008, Xyience filed a voluntary Chapter 11 petition in the United States Bankruptcy Court, District of Nevada, No. BK-S-08-10474-MKN ("Bankruptcy Case"). (See Notice of Bankruptcy Case Filing, attached as **Exhibit "3."**) Fennemore Craig, P.C. ("Fennemore") is Xyience's reorganization counsel in the Bankruptcy Case. (See **Exh. 1** at ¶5.)

This lawsuit (*i.e.*, Xyience's claims against Mr. Bergeron) is considered property of the estate as defined by 11 U.S.C. Section 541. (Id. at ¶6.) Therefore, because its claims against Mr. Bergeron are property of the estate, it is necessary to substitute reorganization counsel, Fennemore, in place of Hunterton & Associates ("Hunterton"). (Id.) On February 25, 2008, Xyience filed a Substitution of Counsel substituting Fennemore in place of Hunterton. (See Substitution of Counsel, attached as **Exhibit "4."**) Moreover, due to budgetary constraints arising from the limited funds available to pay legal counsel, Xyience is not in a position to engage more than one law firm to represent it in the various litigation and reorganization matters. (See **Exh. 1** at ¶6.)

Mr. Bergeron has filed a Motion for Rule 11 Sanctions and Motion to Dismiss. Xyience's Opposition to Mr. Bergeron's Motion for Rule 11 Sanctions is due on February 26, 2008, and its Opposition to his Motion to Dismiss is due on February 27, 2008. (Id. at ¶8.) However, due to the voluminous documents that have been filed in this case, it is necessary for Xyience to be provided an extension of time to file its oppositions to Mr. Bergeron's Motions in order to permit its newly substituted counsel, Fennemore, the opportunity to review all of the documents that have been filed before opposing Mr. Bergeron's Motions and brief the Court on the respective issues. (Id. at ¶9.)

Moreover, on February 7, 2008, the Court ordered that Mr. Bergeron's Motion to Dismiss will be heard on March 5, 2008. (See Minutes, attached as **Exhibit "5."**) Mr. Bergeron's Motion for Rule 11 Sanctions is set for a hearing on March 18, 2008. In light of the recent substitution of Xyience's reorganization counsel, Fennemore, in place of Hunterton, as well as pressing

reorganization issues that may potentially affect this case, Xyience is also seeking to continue the hearings for Mr. Bergeron's Motions for at least sixty (60) days. (See **Exh. 1** at ¶14.)

Additionally, as detailed in Ms. Lawson's Affidavit attached as **Exhibit "2,"** Mr. Bergeron was permitted to participate in the February 7, 2008 hearing *via* telephone. Without this Court's permission or the consent of counsel for Xyience, and in violation of Nevada law, Mr. Bergeron improperly recorded the February 7, 2008 hearing and posted that recording on the Internet. Mr. Bergeron has therefore abused the privilege of participating in hearings *via* telephone, and this Court should Order Mr. Bergeron to attend any further hearings in person. Because Mr. Bergeron resides in Massachusetts, in addition to the requested sixty (60) day continuance, Xyience asks that the Court set one hearing for both motions to be held in Las Vegas, Nevada at a date and time when Mr. Bergeron is able to be in Las Vegas to personally attend those hearings.

## II.

## ARGUMENT

### A. Xyience Should Be Provided an Extension of Time to File Its Oppositions

EDCR 2.26(b) governs *Ex Parte* motions for extensions of time. EDCR 2.26(b) provides that a court may grant *Ex Parte* motions for extensions of time when accompanied by a certificate of counsel showing good cause for such extension and a satisfactory explanation as to why the extension could not be obtained by stipulation or notice. Such extensions, however, will be granted for a limited period as may be necessary to enable "the moving party to apply for a further extension by stipulation or upon notice, with the time for hearing shortened by the court." See EDCR 2.26(b).

There is good cause as to why the Court should grant Xyience's *Ex Parte* Motion for an extension of time to submit its oppositions to Mr. Bergeron's Motions. Xyience's reorganization counsel, Fennemore, was substituted in on February 25, 2008. After an initial review of this case, it is quite clear that due to the voluminous documents that have been filed in this case, Fennemore will need additional time to review such documents in order to oppose Mr. Bergeron's Motions and brief the Court on the respective issues. Additionally, Fennemore may need to have

discussions with Xyience's previous counsel at Hunterton and Coburn Law Offices in order to appropriately respond to the allegations asserted in Mr. Bergeron's Motions. Unfortunately, because Xyience's oppositions are due on February 26 and 27, 2008, there is not enough time for Xyience to seek an extension by securing a stipulation with Mr. Bergeron, or upon notice. (See **Exh. 1** at ¶11.) On February 26, 2008, Xyience's counsel sent an e-mail to Mr. Bergeron seeking his consent to stipulate to an extension of time for Xyience to submit its oppositions to Mr. Bergeron's Motions, and to stipulate to continue the hearings for at least sixty (60) days. (Id. at ¶17.) Mr. Bergeron, however, declined to grant Xyience's request. (Id.)

Furthermore, Xyience is only seeking an extension to file its oppositions to Mr. Bergeron's Motions until the Court has had an opportunity to hear Xyience's Motion to continue the hearings on Mr. Bergeron's Motions on order shortened time, at which time either the parties or the Court will set a revised briefing schedule for Mr. Bergeron's Motions. (Id. at ¶12.) Accordingly, for these reasons and for good cause, Xyience respectfully requests that the Court grant its *Ex Parte* Motion for an extension of time to file its oppositions to Mr. Bergeron's Motions. (See Proposed Order, attached as **Exhibit "6."**)

**B. The Hearings for Mr. Bergeron's Motion Should Be Continued**

EDCR 2.23(d) provides that a court may grant a continuance "upon a showing by motion supported by affidavit or oral testimony that such continuance is in good faith, reasonably necessary and is not sought merely for delay or by reason or neglect." Here, Xyience is not seeking to continue the hearings on Mr. Bergeron's Motions merely for delay or by reason or neglect. (See **Exh. 1** at ¶15.) Rather, a continuance is necessary because Xyience's substituted reorganization counsel, Fennemore, needs additional time to review the voluminous documents filed in the case in order to oppose Mr. Bergeron's Motions and effectively participate in this matter. (Id.) Moreover, there are very pressing reorganization issues that require immediate attention in the Bankruptcy Case, and the resolution of those issues may affect the outcome of this case. (Id. at ¶16.)

Additionally, as set forth in the Affidavit of Ms. Lawson, because Mr. Bergeron improperly recorded this Court's February 7, 2008 hearing and posted that recording on the

Internet, Mr. Bergeron should not be permitted to participate in any further hearings *via* telephone. This Court should instead order that Mr. Bergeron personally attend all hearings held in this case. In light of the fact that Mr. Bergeron resides in Massachusetts, it makes sense to combine the hearings on Mr. Bergeron's Motion to Dismiss and Motion for Sanctions and set the continued hearing date for some time after mid-May, 2008.

**III.**

**CONCLUSION**

For the reasons stated above, Xyience respectfully requests that this Court grant its (1) *Ex Parte* Motion for an extension of time to submit its opposition to Mr. Bergeron's Motions; and (2) Motion to continue hearings on Mr. Bergeron's Motions on an order shortening time for at least sixty (60) days, and order that Mr. Bergeron must personally attend any further hearing held in this case.

DATED this 26th day of February, 2008.

FENNEMORE CRAIG, P.C.

By: ______________________

Laurel E. Davis, Esq. (No. 3005)
Jon T. Pearson, Esq. (No. 10182)
300 S. Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 692-8000

Attorneys for Plaintiff
**Xyience Incorporated**

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY, pursuant to NRCP 5(b), that I mailed a copy of the foregoing **PLAINTIFF'S EX PARTE (1) MOTION FOR AN EXTENSION; AND (2) MOTION TO CONTINUE HEARINGS ON DEFENDANT'S MOTION FOR RULE 11 SANCTIONS AND MOTION TO DISMISS ON ORDER SHORTENED TIME,** via first class mail, postage prepaid, to the following parties, this 26th day of February, 2008:

Richard Bergeron
43 Longhill Drive
East Sandwich, MA 02537

Richard Bergeron
147 Old Country Road
East Sandwich, MA 02537

*In proper person*

and that there is a regular communication by mail between the place of mailing and the place(s) so addressed.

[signature]
An Employee of FENNEMORE CRAIG

16486.2/23805.002

# EXHIBIT "1"

EXHIBIT "1"

**AFFIDAVIT OF JON T. PEARSON, ESQ. IN SUPPORT OF PLAINTIFF'S (1) *EX PARTE* MOTION FOR AN EXTENSION; AND (2) MOTION TO CONTINUE HEARINGS ON DEFENDANT'S MOTION FOR RULE 11 SANCTIONS AND MOTION TO DISMISS ON ORDER SHORTENED TIME**

STATE OF NEVADA )
) ss:
COUNTY OF CLARK )

Jon T. Pearson, Esq., being first duly sworn, states as follows:

1. I am an associate with Fennemore Craig, P.C., counsel for Plaintiff, Xyience Incorporated ("Xyience"), in *Xyience Incorporated v. Richard Bergeron*, Case No. A544781, Department XVI, currently pending in the Eighth Judicial District Court, Clark County, Nevada.

2. I make this Affidavit in Support of Xyience's (1) *Ex Parte* Motion for an extension of time to submit its oppositions to Defendant Richard Bergeron's ("Mr. Bergeron") Dispositive Motion for Rule 11 Sanctions and Motion to Dismiss ("Mr. Bergeron's Motions"); and (2) Motion to continue hearings on Mr. Bergeron's Motions on order shortened time.

3. I have personal knowledge of, and I am competent to testify to the facts contained in this Affidavit, except those matters based upon information and belief and, as to such matters, I believe them to be true.

4. On January 18, 2008, Xyience filed a voluntary Chapter 11 petition in the United States Bankruptcy Court, District of Nevada, No. BK-S-08-10474-MKN ("Bankruptcy Case").

5. Fennemore Craig, P.C. ("Fennemore") is Xyience's reorganization counsel in the Bankruptcy Case.

6. This lawsuit (*i.e.*, Xyience's claims against Mr. Bergeron) is considered property of the estate as defined by 11 U.S.C. Section 541. Therefore, because its claims against Mr. Bergeron are property of the estate, it is necessary to substitute reorganization counsel, Fennemore, in place of Hunterton & Associates ("Hunterton"). Moreover, due to budgetary constraints arising in the chapter 11 case of Xyience, it is not possible to engage a separate law

firm to continue with the prosecution of this matter.

7. On February 25, 2008, Xyience filed a Substitution of Counsel substituting Fennemore in place of Hunterton.

8. Mr. Bergeron has filed a Motion for Rule 11 Sanctions and a Motion to Dismiss. Xyience's Opposition to Mr. Bergeron's Motion for Rule 11 Sanctions is due on February 26, 2008, and its Opposition to his Motion to Dismiss is due on February 27, 2008.

9. Due to the voluminous documents that have been filed in this case, it is necessary for Xyience to be provided an extension to file its oppositions to Mr. Bergeron's Motions in order to permit its newly substituted counsel, Fennemore, the opportunity to review all of the documents before opposing Mr. Bergeron's Motions and brief the Court on the respective issues.

10. Additionally, I may need to have discussions with Xyience's previous counsel at Hunterton and Coburn Law Offices in order to respond to the allegations asserted in Mr. Bergeron's Motions.

11. Unfortunately, because Xyience's oppositions are due on February 26 and 27, 2008, there is not enough time to seek an extension by securing a stipulation with Mr. Bergeron, or upon notice.

12. Nonetheless, Xyience is only seeking an extension to file its oppositions to Mr. Bergeron's Motions until the Court has had an opportunity to hear Xyience's Motion to continue the hearings on Mr. Bergeron's Motions on order shortened time, at which time either the parties or the Court will set a revised briefing schedule for Mr. Bergeron's Motions.

13. Moreover, based on the Court's minutes from a hearing on February 7, 2008, the Court ordered that Mr. Bergeron's Motion to Dismiss will be heard on March 5, 2008. Mr. Bergeron's Motion for Rule 11 Sanctions is set for a hearing on March 18, 2008.

14. In light of Xyience's recent substitution, as well as pressing reorganization issues that

may potentially affect this case, Xyience is also seeking to continue the hearings for Mr. Bergeron's Motions for at least sixty (60) days.

15. Xyience is not seeking to continue the hearings on Mr. Bergeron's Motions merely for delay or by reason or neglect. Rather, a continuance is necessary because as previously noted, Xyience's substituted reorganization counsel, Fennemore, needs additional time to review the voluminous documents filed in the case in order to oppose Mr. Bergeron's Motions and effectively participate in this matter.

16. Furthermore, there are pressing reorganization issues in the Bankruptcy Case which may potentially affect issues in this case. Although Xyience is anxious to see this case move forward, it is in the best interest of the parties to continue the hearings on Mr. Bergeron's Motions for at least sixty (60) days to accommodate Fennemore's need to review the documents filed in this case and to provide Xyience an opportunity to address the more pressing reorganization issues in the Bankruptcy Case.

17. On February 26, 2008, I sent an e-mail to Mr. Bergeron seeking his consent to stipulate to an extension of time for Xyience to submit its oppositions to Mr. Bergeron's Motions, and to stipulate to continue the hearings for at least sixty (60) days. A true and correct copy of my e-mail to Mr. Bergeron is attached to this Affidavit as **Exhibit "1-A."** Mr. Bergeron, however, declined to grant our request.

18. For these reasons and for good cause, Xyience respectfully requests that this Court grant its *Ex Parte* Motion for an extension to file its oppositions to Mr. Bergeron's Motions. In addition, because Mr. Bergeron's Motions are set for hearing for March 5 and 18, 2008, Xyience

//

//

//

respectfully requests that its Motion to continue the hearings be heard on shortened time.

DATED this 26th day of February, 2008.

Jon Pearson

JON T. PEARSON, ESQ.

Subscribed and Sworn to before me
this 26th day of February, 2008.

Mia Hurtado

NOTARY PUBLIC

My commission expires: May 9, 2010

NOTARY PUBLIC
MIA HURTADO
STATE OF NEVADA - COUNTY OF CLARK
MY APPOINTMENT EXP. MAY 9, 2010
No: 98-2024-1

16489.2/23805.002

# EXHIBIT "1-A"

EXHIBIT "1-A"

**PEARSON, JON**

**From:** PEARSON, JON
**Sent:** Tuesday, February 26, 2008 11:32 AM
**To:** 'rich.bergeron@gmail.com'
**Subject:** Xyience Incorporated v. Richard Bergeron

Mr. Bergeron:

On January 18, 2008, Xyience filed a voluntary Chapter 11 petition in the United States Bankruptcy Court, District of Nevada, No. BK-S-08-10474-MKN ("Bankruptcy Case"). This firm, Fennemore Craig, P.C. ("Fennemore"), is Xyience's reorganization counsel in the Bankruptcy Case.

On February 25, 2008, Xyience filed a Substitution of Counsel substituting Fennemore in place of Hunterton & Associates in Xyience's state court case against you. We are aware that you have filed a Motion for Rule 11 Sanctions and a Motion to Dismiss ("Motions"). However, due to the voluminous documents that have been filed in this case, we are seeking an extension to file Xyience's oppositions to your Motions in order to permit this firm an opportunity to review all of the documents that have been filed in this case. We also request this additional time to allow our firm to address pressing matters arising in the Xyience Reorganization case.

Moreover, we are aware that the Court ordered that your Motion to Dismiss will be heard on March 5, 2008, and your Motion for Rule 11 Sanctions will be heard on March 18, 2008. Because we have just recently been substituted in this case, we are also seeking an extension to continue the hearings on your Motions for at least sixty (60) days. We will be requesting that the Court set one hearing for both of your motions to be held in Las Vegas, Nevada at a date and time when you are able to come to Las Vegas to personally attend those hearings.

Please let me know whether you are willing to stipulate to: (i) providing Xyience an extension to file its Oppositions to your Motions; and (ii) continue the hearings for your Motions for at least sixty (60) days and have the Court set one hearing for both of your motions to be held in Las Vegas, Nevada at a date and time when you are able to come to Las Vegas to personally attend those hearings.

If you have any questions, please contact me at the telephone number listed below, or you can reach me at jpearson@fclaw.com.

Regards,

Jon T. Pearson
FENNEMORE CRAIG, P.C.
300 South Fourth Street
Suite 1400
Las Vegas, Nevada 89101
Direct: (702) 692-8015
Direct Fax: (702) 692-8099
Business Cell: (702) 569-6401

**PEARSON, JON**

**From:** POSTMASTER
**Sent:** Tuesday, February 26, 2008 11:32 AM
**To:** PEARSON, JON
**Subject:** Delivery Status Notification (Relay)

**Attachments:** ATT4904519.txt; Xyience Incorporated v. Richard Bergeron

ATT4904519.txt (230 B)    Xyience corporated v. Richar

This is an automatically generated Delivery Status Notification.

Your message has been successfully relayed to the following recipients, but the requested delivery status notifications may not be generated by the destination.

rich.bergeron@gmail.com

# EXHIBIT "2"

EXHIBIT "2"

ORIGINAL

FILED

FEB 15 9 30 AM '08

CLERK OF THE COURT

AFFT
PAMELA R. LAWSON, ESQ.
Nevada Bar No. 5044
HUNTERTON & ASSOCIATES
333 South Sixth Street
Las Vegas, NV 89101
(702) 388-0098
Attorneys for Plaintiff

DISTRICT COURT

CLARK COUNTY, NEVADA

XYIENCE INCORPORATED, a Nevada, Corporation,

Plaintiff,

RICHARD BERGERON, an Individual,

Defendant .

**CASE NO.: A544781**
**DEPT NO.: XVI**

**AFFIDAVIT OF PAMELA R. LAWSON, ESQ. REGARDING THE DEFENDANT'S UNAUTHORIZED RECORDING**
**OF THE FEBRUARY 7, 2008 HEARING**

STATE OF NEVADA )
) ss:
COUNTY OF CLARK )

Pamela R. Lawson, Esq. being first duly sworn, states as follows:

1. I am a partner with Hunterton & Associates, counsel of record for Plaintiff, Xyience Incorporated ("Xyience"), in *Xyience Incorporated v. Richard Bergeron*, Case No. A544781, Department XVI, currently pending in the Eighth Judicial District Court, Clark County, Nevada.

2. I have personal knowledge of, and I am competent to testify to the facts contained in this Affidavit, except those matters based upon information and belief and, as to such matters, I believe them to be true.

3. On February 7, 2008, a hearing came before this Court on Xyience's Motion to

HUNTERTON & ASSOCIATES ATTORNEYS AT LAW 333 South Sixth Street Las Vegas, NV 89101 (702) 388-0098

Quash or Motion to Strike Motion to Vacate and Attorneys' Fees ("Motion").

4. I was present at the hearing, Defendant, Richard Bergeron, was permitted to appear telephonically.

5. On February 8, 2008, I was notified by Kevin Brown, Esq. that Mr. Bergeron had recorded the hearing and posted the recording on the internet, which may be found at: (i) http://unlimitedfightnews.com/wordpress/?p=1093%22%3ECLICK;and(ii)http://www.fnu.mypodcast.com/.

6. At no time prior to or during the hearing did Mr. Bergeron disclose the fact that he was recording the hearing. He did not ask my permission to record the proceeding.

7. To my knowledge, Mr. Bergeron failed to seek permission from the Court to record the hearing.

8. Mr. Bergeron's unauthorized recording of the hearing is a clear violation of Nevada law, and he is potentially subject to both civil and criminal penalties. See Lane v. Allstate Ins. Co., 114 Nev. 1176, 969 P.2d 938 (1998); see NRS 200.690.

DATED this 14 day of February, 2008.

[signature]
PAMELA R. LAWSON, ESQ.

SUBSCRIBED AND SWORN to before me
this 14 day of February, 2008.
[signature]
Notary Public in and for said County and State

DONALANE CAMERON-LAWSON
Notary Public State of Nevada
No. 03-84649-1
My appt. exp. Oct.9, 2011

HUNTERTON & ASSOCIATES
ATTORNEYS AT LAW
333 South Sixth Street
Las Vegas, NV 89101
(702) 388-0098

## CERTIFICATE OF SERVICE

On the 15 day of February 2008, the undersigned served by U.S. Mail, the foregoing Affidavit of Pamela R. Lawson, Esq. Regarding the Defendant's Unauthorized Recording of the February 7, 2008 Hearing in an envelope, postage prepaid on:

Richard Bergeron
43 Longhill Drive
East Sandwich, MA 02537

Gordana Cannon-Lawson
An Employee of Hunterton & Associates

HUNTERTON
&
ASSOCIATES
ATTORNEYS AT LAW
333 South Sixth Street
Las Vegas, NV 89101
(702) 388-0098

# EXHIBIT "3"

EXHIBIT "3"

United States Bankruptcy Court
District of Nevada

UNITED STATES BANKRUPTCY COURT
FILED
Electronically
01/18/2008
5:33 PM
DISTRICT OF NEVADA

**Notice of Bankruptcy Case Filing**

A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 11 of the United States Bankruptcy Code, entered on 01/18/2008 at 5:33 PM and filed on 01/18/2008.

**XYIENCE, INCORPORATED**
4572 WEST HACIENDA
LAS VEGAS, NV 89118
Tax id: 20-1058349

The case was filed by the debtor's attorney:

**LAUREL E. DAVIS**
FENNEMORE CRAIG, P.C.
300 S. FOURTH STREET, #1400
LAS VEGAS, NV 89101
(702) 692-8000

The case was assigned case number 08-10474-mkn to Judge MIKE K. NAKAGAWA.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page http://www.nvb.uscourts.gov or at the Clerk's Office, 300 Las Vegas Blvd., South, Las Vegas, NV 89101.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Mary A. Schott**
**Clerk, U.S. Bankruptcy Court**

# EXHIBIT "4"

EXHIBIT "4"

SUBT
FENNEMORE CRAIG, P.C.
Laurel E. Davis, Esq. - #3005
Jon T. Pearson, Esq. - #10182
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 692-8000
E-Mail: ldavis@fclaw.com
E-Mail: jpearson@fclaw.com

Attorneys for Plaintiff
Xyience Incorporated

FILED

FEB 25 11 24 AM '08

CLERK OF THE COURT

## DISTRICT COURT
## CLARK COUNTY, NEVADA

XYIENCE INCORPORATED, a Nevada corporation,

Plaintiff,

v.

RICHARD BERGERON, an Individual

Defendant.

CASE NO.: A544781

DEPT. NO.: XVI

**SUBSTITUTION OF COUNSEL**

Pursuant to EDCR 7.40(b)(1), the undersigned attorneys and client consent to the substitution of FENNEMORE CRAIG, P.C. as attorneys for Plaintiff, XYIENCE INCORPORATED, in place of its present counsel of HUNTERTON & ASSOCIATES.

DATED this 14 day of February, 2008.

XYIENCE INCORPORATED

By: ______________________
OMER SATTAR, President of
Xyience Incorporated

//

//

I hereby consent to the above and foregoing substitution.

DATED this 14th day of February, 2008.

HUNTERTON & ASSOCIATES

By: [signature]
PAMELA R. LAWSON, ESQ.
333 South Sixth Street
Las Vegas, Nevada 89101
(702) 388-0098

I hereby accept the above and foregoing substitution as attorney for the Plaintiff, XYIENCE INCORPORATED.

DATED this 14th day of February, 2008.

FENNEMORE CRAIG, P.C.

By: [signature]
LAUREL E. DAVIS, ESQ.
JON T. PEARSON, ESQ.
300 S. Fourth Street, Suite 1400
Las Vegas, Nevada 89101
(702) 692-8000

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY, pursuant to NRCP 5(b), that I mailed a copy of the foregoing **SUBSTITUTION OF COUNSEL,** via first class mail, postage prepaid, to the following parties, this 25th day of February, 2008:

Richard Bergeron
43 Longhill Drive
East Sandwich, MA 02537

In *pro per*

and that there is a regular communication by mail between the place of mailing and the place(s) so addressed.

[signature]
An Employee of FENNEMORE CRAIG

15869.1/23805.002

# EXHIBIT "5"

EXHIBIT "5"

# District Case Inquiry - Minutes

Home

Summary
Case Activity
Calendar
Continuance
Minutes
Parties
Judgments

District Case
Party Search
Corp. Search
Atty. Search
Bar# Search
ID Search

Calendar Day
Holidays

Help
Comments & Feedback
Legal Notice

**Case** 07-A-544781-C **Status** ACTIVE

**Plaintiff** Xyience Incorporated **Attorney** Lawson, Pamela R.

**Defendant** Bergeron, Richard **Attorney** Pro Se

**Judge** Williams, Timothy C **Dept.** 16

**Event** 02/07/2008 at 09:00 AM PLTF'S MTN TO QUASH OR MTN TO STRIKE, MTN TO VACATE & MTN FOR ATTORNEY FEES/8

**Heard By** Williams, Timothy C

**Officers** Nancy Noble, Court Clerk

| **Parties** | | |
|---|---|---|
| 0001 - P1 | Xyience Incorporated | No |
| 005044 | Lawson, Pamela R. | Yes |
| 0002 - D1 | Bergeron, Richard | Yes |
| PRO SE | Pro Se | Yes |

Deft Bergeron present via telephone conference. Argument by Ms. Lawson summarizing the history of the case and regarding having not been served with the Deft's Motion to Dismiss, noting Pltf has not agreed to e-filing and requesting the Court quash the hearing and until Deft cures the default he cannot participate in this case.

Statement by Mr. Bergeron. Court advised the Motion to proceed in forma pauperis was granted and under those circumstances, the Deft attempted to participate. COURT ORDERED Default SET ASIDE and Deft is permitted to file a response. Deft may file an answer and or plead whatever pleadings he wants to in this matter. FURTHER COURT ORDERED Deft Bergeron must follow the procedural requirements of the Court; he may file a 12B Motion and must have a 16.1 conference and file a 16.1 report after which time he can conduct discovery.

Mr. Bergeron inquired regarding his motion to dismiss. COURT ORDERED Deft to file an answer or responsive pleading pursuant to the rules and make sure it is filed and gets set with Master Calendar.

COURT FURTHER ORDERED the Motion to Dismiss will be heard on March 5th and
Defendant is to make sure Pltf's counsel gets a copy of his points and authorities within five business days (2/14); not be e-file.

Argument by Ms. Lawson regarding awarding sanctions at this time. COURT stated he will decide the issue on the merits and will not award sanctions at this time. Pltf's Motion DENIED.

**Due to time restraints and individual case loads, the above case record may not reflect all information to date.**

# EXHIBIT "6"

EXHIBIT "6"

**ODR**
FENNEMORE CRAIG, P.C.
Laurel E. Davis, Esq. (NV Bar No. 3005)
Jon T. Pearson, Esq. (NV Bar No. 10182)
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 692-8000
E-Mail: ldavis@fclaw.com
E-Mail: jpearson@fclaw.com

Attorneys for Plaintiff
**Xyience Incorporated**

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| XYIENCE INCORPORATED, a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON, an Individual<br><br>Defendant. | **CASE NO.: A544781**<br><br>**DEPT. NO.: XVI**<br><br>**ORDER ON PLAINTIFF'S *EX PARTE* MOTION FOR AN EXTENSION** |

Plaintiff, Xyience Incorporated ("Xyience"), submitted its (1) *Ex Parte* Motion for an extension of time to submit its oppositions to Defendant Richard Bergeron's Dispositive Motion for Rule 11 Sanctions and Motion to Dismiss ("Mr. Bergeron's Motions"), and (2) Motion to continue hearings on Mr. Bergeron's Motions on an order shortening time to the Court on February 26, 2008. The Court, having reviewed and considered the *Ex Parte* Motion, the papers and pleadings on file, and good cause appearing:

**IT IS HEREBY ORDERED:**

ORDERED, that Xyience's *Ex Parte* Motion for an extension of time to submit its oppositions to Mr. Bergeron's Motions is GRANTED.

IT IS FURTHER ORDERED, that Xyience's oppositions to Mr. Bergeron's Motions shall not be due until the Court has had an opportunity to hear Xyience's Motion to continue the

hearings on Mr. Bergeron's Motions, at which time either the parties or the Court will set a revised briefing schedule for Mr. Bergeron's Motions.

IT IS FURTHER ORDERED, that this Order together with Xyience's (1) *Ex Parte* Motion for an extension of time to submit its oppositions to Mr. Beregon's Motions"; and (2) Motion to continue hearings on Mr. Bergeron's Motions on an order shortening time shall be immediately served.

DATED this ____ day of February, 2008.

______________________________
DISTRICT COURT JUDGE

Submitted By:

FENNEMORE CRAIG, P.C.

By: Jon Pearson
Jon T. Pearson (No. 10182)
300 S. Fourth Street, Suite 1400
Las Vegas, Nevada 89101

Attorneys for Plaintiff
**Xyience Incorporated**