# EXHIBIT 62

ORIGINAL

**OPP**
FENNEMORE CRAIG, P.C.
Laurel E. Davis, Esq. (NV Bar No. 3005)
Jon T. Pearson, Esq. (NV Bar No. 10182)
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 692-8000
E-Mail: ldavis@fclaw.com
E-Mail: jpearson@fclaw.com

Attorneys for Plaintiff
**Xyience Incorporated**

FILED AFTER HOURS

FEB 26 2008

2008 FEB 26 P 10: 40

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

XYIENCE INCORPORATED, a Nevada corporation,

Plaintiff,

v.

RICHARD BERGERON, an Individual

Defendant.

**CASE NO.: A544781**

**DEPT. NO.: XVI**

**PLAINTIFF'S INITIAL OPPOSITION TO DEFENDANT'S DISPOSITIVE MOTION FOR RULE 11 SANCTIONS**

Date of Hearing: March 18, 2008

Time of Hearing: 9:00 a.m.

**I.**

**PRELIMINARY STATEMENT**

On February 26, 2008, Plaintiff, Xyience Incorporated ("Xyience"), submitted to the Court its (1) *Ex Parte* Motion for an extension of time to submit its oppositions to Defendant Richard Bergeron's Dispositive Motion for Rule 11 Sanctions and Motion to Dismiss ("Mr. Bergeron's Motions"), and (2) Motion to continue hearings on Mr. Bergeron's Motions on an order shortening time for at least sixty (60) days, and order that Mr. Bergeron must personally attend any further hearing held in this case ("Xyience's Motions").[1] The Court, however, has not

[1] Xyience is seeking an order requiring Mr. Bergeron to personally attend any further hearings held in this case because, as detailed in Ms. Pamela Lawson's Affidavit attached as **Exhibit "2,"** Mr. Bergeron was permitted to participate in the February 7, 2008 hearing *via* telephone. Without this Court's permission or the consent of counsel for Xyience, and in violation of Nevada law, Mr. Bergeron improperly recorded the February 7, 2008 hearing and

yet had an opportunity to review Xyience's Motions. Although Xyience is hopeful that the Court will grant its Motions and provide it an extension to file its oppositions to Mr. Bergeron's Motions, as well as continue the hearings, Xyience is submitting its initial objections to Mr. Bergeron's Motion for Rule 11 Sanctions.

Notwithstanding its initial objections, Xyience respectfully requests that this Court permit it to reserve all of its objections to Mr. Bergeron's Motion for Rule 11 Sanctions in order to permit its newly substitute counsel an opportunity to review all of the documents that have been filed in this case before fully briefing the Court on the respective issues. Such reservation is necessary and appropriate here because: (i) it was necessary for Xyience to substitute its reorganization counsel, Fennemore, Craig, P.C. ("Fennemore), in place of Hunterton & Associates ("Hunterton"); (ii) Fennemore has not yet had an opportunity to review the voluminous documents that have been filed in this case; and (iii) the Court has not yet had an opportunity to make its determination on Xyience's Motions.

## II.

## STATEMENT OF FACTS

The following facts are derived from Xyience's Motions and are meant to provide an explanation as to why it was necessary for Xyience to substitute Fennemore, in place of Hunterton.

On January 18, 2008, Xyience filed a voluntary Chapter 11 petition in the United States Bankruptcy Court, District of Nevada, No. BK-S-08-10474-MKN ("Bankruptcy Case"). (See Notice of Bankruptcy Case Filing, attached as **Exhibit "3."**) Fennemore is Xyience's reorganization counsel in the Bankruptcy Case. (See Affidavit of Jon T. Pearson, which was made in support of Xyience's Motions, attached as **Exhibit "1,"** at ¶5.)

This lawsuit (*i.e.*, Xyience's claims against Mr. Bergeron) is considered property of the estate as defined by 11 U.S.C. Section 541.[2] (Id. at ¶6.) Therefore, because its claims against Mr.

*. . . continued*
posted that recording on the Internet. Mr. Bergeron has therefore abused the privilege of participating in hearings *via* telephone, and this Court should Order Mr. Bergeron to attend any further hearings in person.

[2] The commencement of a voluntary chapter 11 case creates an "estate" which includes "all legal or equitable

Bergeron are property of the estate, it was necessary for Xyience to substitute reorganization counsel, Fennemore, in place of Hunterton. (Id.) On February 25, 2008, Xyience filed a Substitution of Counsel substituting Fennemore in place of Hunterton. (See Substitution of Counsel, attached as **Exhibit "4."**) Moreover, due to budgetary constraints arising from the limited funds available to pay legal counsel, Xyience is not in a position to engage more than one law firm to represent it in the various litigation and reorganization matters. (See **Exh. 1** at ¶6.)

Mr. Bergeron has filed a Motion for Rule 11 Sanctions and Motion to Dismiss. Fennemore is informed that Xyience's Opposition to Mr. Bergeron's Motion for Rule 11 Sanctions is due on February 26, 2008, and its Opposition to his Motion to Dismiss is due on February 27, 2008. (Id. at ¶8.) However, due to the voluminous documents that have been filed in this case, it was necessary for Xyience to seek an extension of time to file its oppositions to Mr. Bergeron's Motions in order to permit its newly substituted counsel, Fennemore, the opportunity to review all of the documents that have been filed before opposing Mr. Bergeron's Motions and brief the Court on the respective issues. (Id. at ¶9.)

Moreover, on February 7, 2008, the Court ordered that Mr. Bergeron's Motion to Dismiss will be heard on March 5, 2008. (See Minutes, attached as **Exhibit "5."**) Mr. Bergeron's Motion for Rule 11 Sanctions is set for a hearing on March 18, 2008. In light of the recent substitution of Xyience's reorganization counsel, Fennemore, in place of Hunterton, as well as pressing reorganization issues that may potentially affect this case, it was also necessary for Xyience to seek to continue the hearings for Mr. Bergeron's Motions for at least sixty (60) days. (See **Exh. 1** at ¶14.) Mr. Bergeron, however, declined Xyience's request for an extension and continuance. (See **Exh. 1** at ¶17.) As previously noted, Xyience has already submitted its Motions to the Court for its consideration.

//

---

*. . . continued*
interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). This includes causes of action. H.R. Rep. 95-595, 95th Cong., 1st Sess. 367-68 (1977); S. Rep. 95-989, 9th Cong., 2d Sess. 82-82 (1978), U.S. code Cong. & Admin. News 1978, pp. 5963, 6323, 5787, 5868. "The debtor's estate therefore includes any causes of action of the debtor at the commencement of bankruptcy proceedings," Schnelling v. Thomas (In re AgriBioTech, Inc.), 319 B.R. 216, 219 (Bankr. D. Nev. 2004).

## III.

## ARUGMENT

### A. Mr. Bergeron's Motion for Rule 11 Sanctions Is Procedurally Flawed

Rule 11 of the Nevada Rules of Civil Procedure (which is substantially identical to Rule 11 of the Federal Rules of Civil Procedure) provides, in pertinent part, as follows:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.

NRCP 11(c)(1)(A). Courts consistently require that parties seeking Rule 11 Sanctions follow the strict procedural requirements prescribed in the rule. Failure to fully comply with Rule 11's prescribed procedures results in that party's motion being denied. In Radcliffe v. Rainbow Constr. Co., 254 F.3d 772, 788-89 (9th Cir.2001). the Court held:

> Rule 11(c)(1)(A) provides strict procedural requirements for parties to follow when they move for sanctions under Rule 11. To comply with the Rule, [the defendant is] required to serve its Rule 11 motion on the plaintiffs with a demand for retraction of the allegedly offending allegations, and then to allow the plaintiffs at least twenty-one days to retract the pleading before filing the motion with the court. [However, the defendant] did not follow this procedure. [Rather, the defendant] filed its Rule 11 motion along with a motion for summary judgment with the court. . . . [The defendant] did not serve the plaintiffs with the motion in advance of filing and thus did not comply with the twenty-one day advance service provision. Having not followed this procedure, [the defendant] was not entitled to obtain an award from the plaintiffs.

Id. (internal citations omitted).[3]

It is impossible to determine whether Mr. Bergeron fully complied with the procedural requirements set forth in NRCP 11. On its face, it seems that Mr. Bergeron's Motion for Rule 11 Sanctions is not properly before this Court. That is, Mr. Bergeron has not made any allegations regarding whether he served his Motion for Rule 11 Sanctions on Xyience prior to him directly (if

---

[3] The Nevada Supreme Court has held that "[f]ederal cases interpreting the Federal Rules of Civil Procedure 'are strong persuasive authority, because the Nevada Rules of Civil Procedure are based in large part upon their federal counterparts.'" Exec. Mgmt. Ltd. v. Ticar Title Ins., 118 Nev. 46, 38 P.3d 872, 876 (2002) (quoting Las Vegas Novelty v. Fernandez, 106 Nev. 113, 119, 787 P.2d 772, 776 (1990)).

16567.1/23805.002

at all)[4] filing it with the Court. In fact, it seems that Mr. Bergeron simply filed various Notices, without an accompanied Motion, with the Court dating back to December 3, 2007. However, such notices do not comply with Rule 11's twenty-one (21) day safe-harbor requirement. Rather, NRCP 11 clearly requires a party to serve, without filing with the Court, its Motion for Rule 11 Sanctions and demand that the allege deficiencies be withdrawn or corrected. If such party does not withdraw or correct the allege deficiencies, only then may the Motion for Rule 11 Sanctions be filed with the Court. Because it appears that Mr. Bergeron failed to comply with the procedural requirements set forth in NRCP 11, his Motion is not properly before this Court and the Court must deny his Motion for Rule 11 Sanctions.

**B. Mr. Bergeron's Motion for Rule 11 Sanctions Is Substantively Flawed**

As previously noted, Xyience will provide further objections as to the merits of Mr. Bergeron's Motion for Rule 11 Sanctions once its newly substituted counsel, Fennemore, is afforded an opportunity to review all of the documents that have been filed, and the Court has had an opportunity to make its determination on Xyience's Motions.

Notwithstanding Xyience's preservation of its objections, it is well-settled that the instant a voluntary Chapter 11 petition is filed, the automatic stay of Section 362(a) of the Bankruptcy Code comes in play. See 11 U.S.C. § 362. As a result, continued litigation of any direct and/or affirmative claims is prohibited by the automatic stay of Section 362(a) of the Bankruptcy Code, regardless of whether the debtor would suffer irreparable harm. See In re Minoco Group of Co., Inc., 799 F.2d 517 (9th Cir. 1986). Two purposes underlie the automatic stay: (i) to protect the relative positions of creditors; and (ii) to shield the debtor from financial pressure during the bankruptcy proceedings. In re Stringer, 847 F.2d 549, 551 (9th Cir. 1988). Moreover, if such litigation proceeds with respect to the direct actions in violation of the automatic stay, all determinations of the court made in violation of the automatic stay are *void*, not voidable, In re Schwartz, 954 F.2d 569 (9th Cir. 1992); In re Shamblin, 890 F.2d 123 (9th Cir. 1989) (post-petition tax sale was void).

---

[4] Mr. Bergeron's Motion for Rule 11 Sanctions does not appear on the WizNet site. Rather, only various notices concerning such motion dating back to December 3, 2007. However, such notices clearly do not comply with the procedural requirements set forth in NRCP 11.

It is arguable that Mr. Bergeron's Motion for Rule 11 Sanctions is a "direct" action or affirmative claim against Xyience. Thus, absent entry of an order granting relief from the automatic stay, Mr. Bergeron should not be permitted to move forward with his Motion for Rule 11 Sanctions against Xyience.

Moreover, assuming, *arguendo*, that Mr. Bergeron is permitted to move forward with his Motion for Rule 11 Sanctions, his Motion is substantively flawed. While Xyience preserves its objections, it is worth noting that Mr. Bergeron's Motion for Rule 11 Sanctions is substantively flawed, *inter alia*, for the following reasons:

1. Mr. Bergeron is fixated on provided, *ad nauseum*, unsubstantiated allegations and unauthenticated exhibits concerning the alleged fraud committed by parties that are not part of this lawsuit. These allegations should be stricken as they are not supported by any admissible evidence, nor do not have any merit or relevancy to the present issues before the Court.

2. Mr. Bergeron essentially contends that the Order for Preliminary Injunction should be vacated as it violates his First Amendment rights. Mr. Bergeron, however, fails to realize that such argument has no place for a Motion for Rule 11 Sanctions. Rather, there are other procedures available to Mr. Bergeron to make such an argument.

3. Mr. Bergeron contends that Xyience has failed to respond to his Motion to Dismiss that was filed in or about October of 2007. However, it is Xyience's newly substituted counsel's understanding that no response was provided to Mr. Bergeron's Motion to Dismiss because he failed to follow the proper procedures of this Court (*e.g.*, provide a Notice of Motion and/or have it properly calendared). Thus, these contentions fail to support his Motion for Rule 11 Sanctions.

4. Mr. Bergeron's Motion for Rule 11 Sanctions also centers on alleged actions by Xyience's ex-CEO Mr. Adam Frank and Xyience's original counsel, Mr. Jamie Cogburn. It is worth noting that Mr. Adam Frank has since resigned as Xyience CEO, and Mr. Jamie Cogburn is no longer representing Xyience. Because Mr. Bergeron's Motion for Rule 11 Sanctions centers on Mr. Adam Frank and Mr. Jamie Cogburn, this provides further reason as to why Xyience's newly substituted reorganization counsel should be provided an opportunity to review the documents that have been filed in this case, and to have discussions with Xyience's previous counsel at

Hunterton and Coburn Law Offices in order to appropriately respond to these allegations.

Lastly, while Xyience preserves its objections to the merits of Mr. Bergeron's Motion for Rule 11 Sanctions, the above-noted deficiencies with Mr. Bergeron's Motion for Rule 11 Sanctions are sufficient to defeat his Motion. Accordingly, Xyience respectfully requests that the Court deny Mr. Bergeron's Motion for Rule 11 Sanctions.

## IV.

## CONCLUSION

For the reasons stated above, Mr. Bergeron's Motion for Rule 11 Sanctions must be denied, and pursuant to NRCP 11(c)(1)(A), Xyience respectfully request an award for its attorneys' fees and costs, and such other relief this Court deems just for having to defend against Mr. Bergeron's Motion for Rule 11 Sanctions.

In the event the Court would like further briefing on Mr. Bergeron's Motion for Rule 11 Sanctions, Xyience respectfully request that the Court first make a determination on Xyience's (1) *Ex Parte* Motion for an extension of time to submit its opposition to Mr. Bergeron's Motions; and (2) Motion to continue hearings on Mr. Bergeron's Motions on an order shortening time for at least sixty (60) days, and order that Mr. Bergeron must personally attend any further hearing held in this case, and then permit Xyience the opportunity to further brief the respective issues concerning Mr. Bergeron's Motion for Rule 11 Sanctions.

DATED this 26th day of February, 2008.

FENNEMORE CRAIG, P.C.

By: [signature]
Laurel E. Davis, Esq. (NV Bar No. 3005)
Jon T. Pearson (No. 10182)
300 S. Fourth Street, Suite 1400
Las Vegas, Nevada 89101

Attorneys for Plaintiff
**Xyience Incorporated**

16567.1/23805.002

## CERTIFICATE OF MAILING

I HEREBY CERTIFY, pursuant to NRCP 5(b), that I mailed a copy of the foregoing **PLAINTIFF'S INITIAL OPPOSITION TO DEFENDANT'S DISPOSITIVE MOTION FOR RULE 11 SANCTIONS,** via first class mail, postage prepaid, to the following parties, this 26th day of February, 2008:

Richard Bergeron
43 Longhill Drive
East Sandwich, MA 02537

Richard Bergeron
147 Old Country Road
East Sandwich, MA 02537

*In proper person*

and that there is a regular communication by mail between the place of mailing and the place(s) so addressed.

Jon Pearson
An Employee of FENNEMORE CRAIG

# EXHIBIT "1"

EXHIBIT "1"

**AFFIDAVIT OF JON T. PEARSON, ESQ. IN SUPPORT OF PLAINTIFF'S (1) *EX PARTE* MOTION FOR AN EXTENSION; AND (2) MOTION TO CONTINUE HEARINGS ON DEFENDANT'S MOTION FOR RULE 11 SANCTIONS AND MOTION TO DISMISS ON ORDER SHORTENED TIME**

STATE OF NEVADA )
) ss:
COUNTY OF CLARK )

Jon T. Pearson, Esq., being first duly sworn, states as follows:

1. I am an associate with Fennemore Craig, P.C., counsel for Plaintiff, Xyience Incorporated ("Xyience"), in *Xyience Incorporated v. Richard Bergeron*, Case No. A544781, Department XVI, currently pending in the Eighth Judicial District Court, Clark County, Nevada.

2. I make this Affidavit in Support of Xyience's (1) *Ex Parte* Motion for an extension of time to submit its oppositions to Defendant Richard Bergeron's ("Mr. Bergeron") Dispositive Motion for Rule 11 Sanctions and Motion to Dismiss ("Mr. Bergeron's Motions"); and (2) Motion to continue hearings on Mr. Bergeron's Motions on order shortened time.

3. I have personal knowledge of, and I am competent to testify to the facts contained in this Affidavit, except those matters based upon information and belief and, as to such matters, I believe them to be true.

4. On January 18, 2008, Xyience filed a voluntary Chapter 11 petition in the United States Bankruptcy Court, District of Nevada, No. BK-S-08-10474-MKN ("Bankruptcy Case").

5. Fennemore Craig, P.C. ("Fennemore") is Xyience's reorganization counsel in the Bankruptcy Case.

6. This lawsuit (*i.e.*, Xyience's claims against Mr. Bergeron) is considered property of the estate as defined by 11 U.S.C. Section 541. Therefore, because its claims against Mr. Bergeron are property of the estate, it is necessary to substitute reorganization counsel, Fennemore, in place of Hunterton & Associates ("Hunterton"). Moreover, due to budgetary constraints arising in the chapter 11 case of Xyience, it is not possible to engage a separate law

firm to continue with the prosecution of this matter.

7. On February 25, 2008, Xyience filed a Substitution of Counsel substituting Fennemore in place of Hunterton.

8. Mr. Bergeron has filed a Motion for Rule 11 Sanctions and a Motion to Dismiss. Xyience's Opposition to Mr. Bergeron's Motion for Rule 11 Sanctions is due on February 26, 2008, and its Opposition to his Motion to Dismiss is due on February 27, 2008.

9. Due to the voluminous documents that have been filed in this case, it is necessary for Xyience to be provided an extension to file its oppositions to Mr. Bergeron's Motions in order to permit its newly substituted counsel, Fennemore, the opportunity to review all of the documents before opposing Mr. Bergeron's Motions and brief the Court on the respective issues.

10. Additionally, I may need to have discussions with Xyience's previous counsel at Hunterton and Coburn Law Offices in order to respond to the allegations asserted in Mr. Bergeron's Motions.

11. Unfortunately, because Xyience's oppositions are due on February 26 and 27, 2008, there is not enough time to seek an extension by securing a stipulation with Mr. Bergeron, or upon notice.

12. Nonetheless, Xyience is only seeking an extension to file its oppositions to Mr. Bergeron's Motions until the Court has had an opportunity to hear Xyience's Motion to continue the hearings on Mr. Bergeron's Motions on order shortened time, at which time either the parties or the Court will set a revised briefing schedule for Mr. Bergeron's Motions.

13. Moreover, based on the Court's minutes from a hearing on February 7, 2008, the Court ordered that Mr. Bergeron's Motion to Dismiss will be heard on March 5, 2008. Mr. Bergeron's Motion for Rule 11 Sanctions is set for a hearing on March 18, 2008.

14. In light of Xyience's recent substitution, as well as pressing reorganization issues that

may potentially affect this case, Xyience is also seeking to continue the hearings for Mr. Bergeron's Motions for at least sixty (60) days.

15. Xyience is not seeking to continue the hearings on Mr. Bergeron's Motions merely for delay or by reason or neglect. Rather, a continuance is necessary because as previously noted, Xyience's substituted reorganization counsel, Fennemore, needs additional time to review the voluminous documents filed in the case in order to oppose Mr. Bergeron's Motions and effectively participate in this matter.

16. Furthermore, there are pressing reorganization issues in the Bankruptcy Case which may potentially affect issues in this case. Although Xyience is anxious to see this case move forward, it is in the best interest of the parties to continue the hearings on Mr. Bergeron's Motions for at least sixty (60) days to accommodate Fennemore's need to review the documents filed in this case and to provide Xyience an opportunity to address the more pressing reorganization issues in the Bankruptcy Case.

17. On February 26, 2008, I sent an e-mail to Mr. Bergeron seeking his consent to stipulate to an extension of time for Xyience to submit its oppositions to Mr. Bergeron's Motions, and to stipulate to continue the hearings for at least sixty (60) days. A true and correct copy of my e-mail to Mr. Bergeron is attached to this Affidavit as **Exhibit "1-A."** Mr. Bergeron, however, declined to grant our request.

18. For these reasons and for good cause, Xyience respectfully requests that this Court grant its *Ex Parte* Motion for an extension to file its oppositions to Mr. Bergeron's Motions. In addition, because Mr. Bergeron's Motions are set for hearing for March 5 and 18, 2008, Xyience

//

//

//

respectfully requests that its Motion to continue the hearings be heard on shortened time.

DATED this 26th day of February, 2008.

JON T. PEARSON, ESQ.

Subscribed and Sworn to before me this 26th day of February, 2008.

NOTARY PUBLIC

My commission expires: May 9, 2010

NOTARY PUBLIC
MIA HURTADO
STATE OF NEVADA - COUNTY OF CLARK
MY APPOINTMENT EXP. MAY 9, 2010
No: 98-2024-1

16489.2/23805.002

# EXHIBIT "1-A"

EXHIBIT "1-A"

**PEARSON, JON**

**From:** PEARSON, JON
**Sent:** Tuesday, February 26, 2008 11:32 AM
**To:** 'rich.bergeron@gmail.com'
**Subject:** Xyience Incorporated v. Richard Bergeron

Mr. Bergeron:

On January 18, 2008, Xyience filed a voluntary Chapter 11 petition in the United States Bankruptcy Court, District of Nevada, No. BK-S-08-10474-MKN ("Bankruptcy Case"). This firm, Fennemore Craig, P.C. ("Fennemore"), is Xyience's reorganization counsel in the Bankruptcy Case.

On February 25, 2008, Xyience filed a Substitution of Counsel substituting Fennemore in place of Hunterton & Associates in Xyience's state court case against you. We are aware that you have filed a Motion for Rule 11 Sanctions and a Motion to Dismiss ("Motions"). However, due to the voluminous documents that have been filed in this case, we are seeking an extension to file Xyience's oppositions to your Motions in order to permit this firm an opportunity to review all of the documents that have been filed in this case. We also request this additional time to allow our firm to address pressing matters arising in the Xyience Reorganization case.

Moreover, we are aware that the Court ordered that your Motion to Dismiss will be heard on March 5, 2008, and your Motion for Rule 11 Sanctions will be heard on March 18, 2008. Because we have just recently been substituted in this case, we are also seeking an extension to continue the hearings on your Motions for at least sixty (60) days. We will be requesting that the Court set one hearing for both of your motions to be held in Las Vegas, Nevada at a date and time when you are able to come to Las Vegas to personally attend those hearings.

Please let me know whether you are willing to stipulate to: (i) providing Xyience an extension to file its Oppositions to your Motions; and (ii) continue the hearings for your Motions for at least sixty (60) days and have the Court set one hearing for both of your motions to be held in Las Vegas, Nevada at a date and time when you are able to come to Las Vegas to personally attend those hearings.

If you have any questions, please contact me at the telephone number listed below, or you can reach me at jpearson@fclaw.com.

Regards,

Jon T. Pearson
FENNEMORE CRAIG, P.C.
300 South Fourth Street
Suite 1400
Las Vegas, Nevada 89101
Direct: (702) 692-8015
Direct Fax: (702) 692-8099
Business Cell: (702) 569-6401

**PEARSON, JON**

| | |
|---|---|
| **From:** | POSTMASTER |
| **Sent:** | Tuesday, February 26, 2008 11:32 AM |
| **To:** | PEARSON, JON |
| **Subject:** | Delivery Status Notification (Relay) |
| **Attachments:** | ATT4904519.txt; Xyience Incorporated v. Richard Bergeron |

ATT4904519.txt (230 B)    Xyience corporated v. Richar

This is an automatically generated Delivery Status Notification.

Your message has been successfully relayed to the following recipients, but the requested delivery status notifications may not be generated by the destination.

rich.bergeron@gmail.com

# EXHIBIT "2"

EXHIBIT "2"

ORIGINAL

FILED

FEB 15 9 30 AM '08

CLERK OF THE COURT

AFFT
PAMELA R. LAWSON, ESQ.
Nevada Bar No. 5044
HUNTERTON & ASSOCIATES
333 South Sixth Street
Las Vegas, NV 89101
(702) 388-0098
Attorneys for Plaintiff

DISTRICT COURT

CLARK COUNTY, NEVADA

XYIENCE INCORPORATED, a Nevada, Corporation,

Plaintiff,

RICHARD BERGERON, an Individual,

Defendant .

CASE NO.: A544781
DEPT NO.: XVI

**AFFIDAVIT OF PAMELA R. LAWSON, ESQ. REGARDING THE DEFENDANT'S UNAUTHORIZED RECORDING**
**<u>OF THE FEBRUARY 7, 2008 HEARING</u>**

STATE OF NEVADA )
) ss:
COUNTY OF CLARK )

Pamela R. Lawson, Esq. being first duly sworn, states as follows:

1. I am a partner with Hunterton & Associates, counsel of record for Plaintiff, Xyience Incorporated ("Xyience"), in *Xyience Incorporated v. Richard Bergeron*, Case No. A544781, Department XVI, currently pending in the Eighth Judicial District Court, Clark County, Nevada.

2. I have personal knowledge of, and I am competent to testify to the facts contained in this Affidavit, except those matters based upon information and belief and, as to such matters, I believe them to be true.

3. On February 7, 2008, a hearing came before this Court on Xyience's Motion to

HUNTERTON & ASSOCIATES
ATTORNEYS AT LAW
333 South Sixth Street
Las Vegas, NV 89101
(702) 388-0098

Quash or Motion to Strike Motion to Vacate and Attorneys' Fees ("Motion").

4. I was present at the hearing, Defendant, Richard Bergeron, was permitted to appear telephonically.

5. On February 8, 2008, I was notified by Kevin Brown, Esq. that Mr. Bergeron had recorded the hearing and posted the recording on the internet, which may be found at: (i) http://unlimitedfightnews.com/wordpress/?p=1093%22%3ECLICK;and(ii)http://www.fnu.my podcast.com/.

6. At no time prior to or during the hearing did Mr. Bergeron disclose the fact that he was recording the hearing. He did not ask my permission to record the proceeding.

7. To my knowledge, Mr. Bergeron failed to seek permission from the Court to record the hearing.

8. Mr. Bergeron's unauthorized recording of the hearing is a clear violation of Nevada law, and he is potentially subject to both civil and criminal penalties. See Lane v. Allstate Ins. Co., 114 Nev. 1176, 969 P.2d 938 (1998); see NRS 200.690.

DATED this 14th day of February, 2008.

Pamela R. Lawson

PAMELA R. LAWSON, ESQ.

SUBSCRIBED AND SWORN to before me this 14 day of February, 2008.

Donalane Cameron-Lawson

Notary Public in and for said County and State

DONALANE CAMERON-LAWSON
Notary Public State of Nevada
No. 03-84649-1
My appt. exp. Oct.9, 2011

HUNTERTON & ASSOCIATES
ATTORNEYS AT LAW
333 South Sixth Street
Las Vegas, NV 89101
(702) 388-0098

**CERTIFICATE OF SERVICE**

On the 15 day of February 2008, the undersigned served by U.S. Mail, the foregoing Affidavit of Pamela R. Lawson, Esq. Regarding the Defendant's Unauthorized Recording of the February 7, 2008 Hearing in an envelope, postage prepaid on:

Richard Bergeron
43 Longhill Drive
East Sandwich, MA 02537

[signature]
An Employee of Hunterton & Associates

HUNTERTON
&
ASSOCIATES
ATTORNEYS AT LAW
333 South Sixth Street
Las Vegas, NV 89101
(702) 388-0098

# EXHIBIT "3"

EXHIBIT "3"

Case 08-01082-mkn Doc 3-72 Entered 03/20/08 12:13:27 Page 23 of 29



United States Bankruptcy Court
District of Nevada




## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 11 of the United States Bankruptcy Code, entered on 01/18/2008 at 5:33 PM and filed on 01/18/2008.

**XYIENCE, INCORPORATED**
4572 WEST HACIENDA
LAS VEGAS, NV 89118
Tax id: 20-1058349

The case was filed by the debtor's attorney:

**LAUREL E. DAVIS**
FENNEMORE CRAIG, P.C.
300 S. FOURTH STREET, #1400
LAS VEGAS, NV 89101
(702) 692-8000

The case was assigned case number 08-10474-mkn to Judge MIKE K. NAKAGAWA.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page http://www.nvb.uscourts.gov or at the Clerk's Office, 300 Las Vegas Blvd., South, Las Vegas, NV 89101.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Mary A. Schott**
**Clerk, U.S. Bankruptcy Court**

# EXHIBIT "4"

EXHIBIT "4"

SUBT
FENNEMORE CRAIG, P.C.
Laurel E. Davis, Esq. - #3005
Jon T. Pearson, Esq. - #10182
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 692-8000
E-Mail: ldavis@fclaw.com
E-Mail: jpearson@fclaw.com

Attorneys for Plaintiff
Xyience Incorporated

FILED

FEB 25 11 24 AM '08

CLERK OF THE COURT

# DISTRICT COURT
# CLARK COUNTY, NEVADA

| | |
|---|---|
| XYIENCE INCORPORATED, a Nevada corporation,<br>Plaintiff,<br>v.<br>RICHARD BERGERON, an Individual<br>Defendant. | CASE NO.: A544781<br>DEPT. NO.: XVI |

## SUBSTITUTION OF COUNSEL

Pursuant to EDCR 7.40(b)(1), the undersigned attorneys and client consent to the substitution of FENNEMORE CRAIG, P.C. as attorneys for Plaintiff, XYIENCE INCORPORATED, in place of its present counsel of HUNTERTON & ASSOCIATES.

DATED this 14 day of February, 2008.

XYIENCE INCORPORATED

By: ______________________
OMER SATTAR, President of
Xyience Incorporated

//

//

I hereby consent to the above and foregoing substitution.

DATED this 14th day of February, 2008.

HUNTERTON & ASSOCIATES

By: [signature]
PAMELA R. LAWSON, ESQ.
333 South Sixth Street
Las Vegas, Nevada 89101
(702) 388-0098

I hereby accept the above and foregoing substitution as attorney for the Plaintiff, XYIENCE INCORPORATED.

DATED this 14th day of February, 2008.

FENNEMORE CRAIG, P.C.

By: [signature]
LAUREL E. DAVIS, ESQ.
JON T. PEARSON, ESQ.
300 S. Fourth Street, Suite 1400
Las Vegas, Nevada 89101
(702) 692-8000

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY, pursuant to NRCP 5(b), that I mailed a copy of the foregoing **SUBSTITUTION OF COUNSEL**, via first class mail, postage prepaid, to the following parties, this 25th day of February, 2008:

Richard Bergeron
43 Longhill Drive
East Sandwich, MA 02537

In *pro per*

and that there is a regular communication by mail between the place of mailing and the place(s) so addressed.

Mia Hurtado
An Employee of FENNEMORE CRAIG

15869.1/23805.002

FENNEMORE CRAIG, P.C.
LAS VEGAS

# EXHIBIT "5"

EXHIBIT "5"

# District Case Inquiry - Minutes



**Case** 07A544781-C **Status** ACTIVE
**Plaintiff** Xyience Incorporated **Attorney** Lawson, Pamela R.
**Defendant** Bergeron, Richard **Attorney** Pro Se
**Judge** Williams, Timothy C. **Dept.** 16

**Event** 02/07/2008 at 09:00 AM PLTF'S MTN TO QUASH OR MTN TO STRIKE; MTN TO VACATE & MTN FOR ATTORNEY FEES/8

**Heard By** Williams, Timothy C

**Officers** Nancy Noble, Court Clerk

**Parties**

| | | |
|---|---|---|
| 0001 P1 | Xyience Incorporated | No |
| 005044 | Lawson, Pamela R. | Yes |
| 0002 D1 | Bergeron, Richard | Yes |
| PRO SE | Pro Se | Yes |

Deft Bergeron present via telephone conference. Argument by Ms. Lawson summarizing the history of the case and regarding having not been served with the Deft's Motion to Dismiss, noting Pltf has not agreed to e-filing and requesting the Court quash the hearing and until Deft cures the default he cannot participate in this case.

Statement by Mr. Bergeron. Court advised the Motion to proceed in forma pauperis was granted and under those circumstances, the Deft attempted to participate. COURT ORDERED Default SET ASIDE and Deft is permitted to file a response. Deft may file an answer and or plead whatever pleadings he wants to in this matter. FURTHER COURT ORDERED Deft Bergeron must follow the procedural requirements of the Court; he may file a 12B Motion and must have a 16.1 conference and file a 16.1 report after which time he can conduct discovery.

Mr. Bergeron inquired regarding his motion to dismiss. COURT ORDERED Deft to file an answer or responsive pleading pursuant to the rules and make sure it is filed and gets set with Master Calendar.

COURT FURTHER ORDERED the Motion to Dismiss will be heard on March 5th and
Defendant is to make sure Pltf's counsel gets a copy of his points and authorities within five business days (2/14); not be e-file.

Argument by Ms. Lawson regarding awarding sanctions at this time. COURT stated he will decide the issue on the merits and will not award sanctions at this time. Pltfs Motion DENIED.

**Due to time restraints and individual case loads, the above case record may not reflect all information to date.**



Generated by BLACKSTONE ... the Judicial System