# EXHIBIT 64

Electronically Filed
03/03/2008 12:55:10 PM

CLERK OF THE COURT

**Form Number 1**

MOTN
Rich Bergeron
147 OLD COUNTY ROAD
East Sandwich, MA 02537
Telephone: (617) 209-4325
Defendant as Pro Se Attorney

# DISTRICT COURT

# CLARK COUNTY, NEVADA

XYIENCE, INC., A Nevada Corporation, CASE NO.: A544781

Plaintiff, DEPT. No.: XVI

v.

Rich Bergeron, An Individual,

Defendant.

## MOTION TO STRIKE ADAM FRANK'S AFFIDAVIT AS PERJURED TESTIMONY AND STRIKE ALL ORDERS BASED ON THAT TESTIMONY OR DEFENDANT'S FAILURE TO APPEAR; AND MOTION TO SHORTEN TIME:

Comes Now, The Defendant Rich Bergeron, acting as pro-se attorney, and moves to strike Adam Frank's Affidavit as perjured testimony and to strike all prior orders based on that testimony or defendant's failure to appear on an order shortening time.

This motion is based on the pleadings and papers on file herein, the defendant's attached declaration, the attached points and authorities, and any oral argument to be made at any hearing on this matter.

Dated March 3, 2008

Respectfully Submitted By:



STAD 3/3/08

Rich Bergeron
147 Old County Road
East Sandwich, MA 02537

Serving as Attorney Pro Se

# DECLARATION IN SUPPORT OF MOTION TO STRIKE ADAM FRANK'S AFFIDAVIT AS PERJURED TESTIMONY AND STRIKE ALL ORDERS BASED ON THAT TESTIMONY OR DEFENDANT'S FAILURE TO APPEAR

1. I am attorney pro-se in this case, and I have personal knowledge of the facts stated in this declaration except for those upon information and belief, and to those matters I believe them to be true. This declaration is made in support of defendant's motion to strike Adam Frank's Affidavit as perjured testimony and strike all orders based on that testimony or defendant's failure to appear on an order shortening time.
2. Upon information and belief, the Declaration of Adam Frank filed with this court as part of the July 18, 2007 initial complaint is rife with perjured testimony.
3. When I inquired as to my ability to appear telephonically at the beginning of these proceedings, Judge Timothy Williams' Department Secretary instructed me that the courtroom was not equipped for that and I would be unable to do so.
4. I appeared telephonically in this case on February 7th, 2008 after filing a notice of motion that stipulated I could appear by telephone.
5. In early November, 2007, I recorded a telephone conversation with Adam Frank and Kirk Sanford. They called me from Sanford's Utah cabin to discuss settling this case and moving forward.
6. Both men were told at one point of the conversation that they had been recorded and expressed a wish to continue without being recorded, but neither man objected to the already recorded material. Neither man asked for that recording to be kept private.
7. The plaintiff's case continues to rely on the affidavit of Adam Frank, which is repeatedly contradicted in the recorded conversation.
8. I have had to spend over 1,000 hours working on the case now before this court. Between research, filing motions, and learning how to be my own attorney, this case has physically, financially, and emotionally crippled me.
9. Consequently, I am filing this motion on an order shortening time due to the plaintiff's egregious conduct and continual reliance on false testimony to press their case.

**Form Number 1**

**10.** These proceedings and the orders secured due to the false testimony given by Adam Frank are causing immediate and irreparable harm to me. Without relief I will continue to suffer harm based on perjured testimony and the inability to participate in the court's proceedings.

**11.** I have been granted an order to proceed informa pauperis in this matter and by no means can afford to travel to Nevada for any hearings.

**12.** I declare under penalty of perjury under the laws of the State of Nevada (NRS 53.045), that the foregoing is true and correct.



Rich Bergeron

**POINTS AND AUTHORITIES**

**INTRODUCTION:**

Article I, Section 9 of the Nevada Constitution provides the following:

*"Every citizen may freely speak, write and publish his sentiments on all subjects being responsible for the abuse of that right; and no law shall be passed to restrain or abridge the liberty of speech or of the press. In all criminal prosecutions and civil actions for libels, the truth may be given in evidence to the Jury; and if it shall appear to the Jury that the matter charged as libelous is true and was published with good motives and for justifiable ends, the party shall be acquitted or exonerated."*

**I. DEFENDANT IS IN POSSESSION OF AUDIO EVIDENCE THAT DIRECTLY CONTRADICTS FRANK'S SIGNED STATEMENT OF TESTIMONY.**

Defendant Rich Bergeron was party to a conversation that took place between he, Adam Frank, and Kirk Sanford prior to his mid-November Xyience-sponsored trip to UFC 78 in Newark, New Jersey. He specifically remembers Sanford mentioning both men were spending some time in

Sanford's Utah cabin going over the case against them filed by Russell Pike. Frank and Sanford both lay out in intimate detail during that conversation that they believe the information on Bergeron's site is a great way to learn about the history of the company. They were the CO-CEOs of Xyience at the time of the recording. They spoke for a few minutes before attempting to find out if the call was recorded. Anything recorded after their request to not be recorded is inadmissible, but whatever transpired on tape before then is free game.

Frank's affidavit should be read out loud to the court by the affiant and then compared to the audio evidence Bergeron submits here on CD. Bergeron will serve the same recording on Xyience's attorney immediately upon delivery of this motion. Frank should appear at the hearing to offer an explanation for his post-affidavit remarks and answer questions as to what he meant by them. Rule 2.21 of The Nevada Rules of Procedure for the 8th District Court stipulate:

**Rule 2.21. Affidavits on motions.**
**(a) Factual contentions involved in any pretrial or post-trial motion must be initially presented and heard upon affidavits, unsworn declarations under penalty of perjury, depositions, answers to interrogatories, and admissions on file. *Oral testimony will not be received at the hearing, except upon the stipulation of parties and with the approval of the court, but the court may set the matter for a hearing at a time in the future and require or allow oral examination of the affiants/declarants to resolve factual issues shown by the affidavits/declarations to be in dispute.* This provision does not apply to an application for a preliminary injunction pursuant to N.R.C.P. 65(a).**

Should Mr. Frank be found to be responsible for signing a statement he believed to be perjury, an investigation should ensue and charges should be brought.

**ARGUMENT:**

## II. ADMISSIBILITY OF EVIDENCE

It is not going to be a surprise to Defendant Bergeron to hear that the plaintiff might want to suppress the evidence he has to prove perjury. However, in case there is any doubt as to the legality of the tape, he presents the following points of law:

### Federal Wiretap Law

A. The federal wiretapping law is part of the Omnibus Crime Control and Safe Streets Act, 18 USC §2510-2521 (the "Act"). B. The Act prohibits the interception and disclosure of oral communications. The Act contains an exception when the interceptor is a party to the communication. § 2512(a)(ii)(d).

1. This section states: "It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral or electronic communication where such person is a party to the

**Form Number 1**

communication...**unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State.**"

b. See also *State v. Underwood*, 293 Or 389, 648 P2d 847 (1982), holding that an "interception" does not occur when one tapes one's own telephone conversation. Accord, *Newcomb v. Ingle*, 944 F2d 1534 (10th Cir 1991).

Beyond the federal statutes and Supreme Court rulings that may have conflicting conclusions based on this issue, the key and crucial measure is what do the states have to say about it. Nevada is in uncharted territory as far as the topic of recorded calls. Courts at the state level have decided a two party knowledge system is acceptable, so at least two parties to a conversation have to know it's being recorded. The Supreme Court of Nevada has yet to truly test this tough subject. Yet, if one looks to where the recording took place, in Utah, only one party has to know there that the recording is being made according to Utah statutes:

Pursuant to the statute, as long as the interception or recording is under color of law one of the parties to the conversation consents, it would not be unlawful to intercept and record the conversation. See 18 U.S.C. 2511(2)(c) for the similar Opinion 77-62, June 2, 1978. In this context "under the color of law" means the person is acting in the course of or as part of that person's government employment. Monroe v. Pape, 367 U.S. 167 (1961).

Even if the person intercepting the communication is not acting under color of law, there is a similar, although somewhat more restrictive, exception to the prohibition against recording. Utah Code Ann. 77-23a-4(7)(d) provides:

**A person not acting under color of law may intercept a wire, electronic, or oral communication if that person is a party to the communication or one of the parties to the communication has given prior consent to the interception, unless the communication is intercepted for the purpose of committing any criminal or tortious act in violation of state or federal laws.**

Beyond the sheer fact of how legally acceptable the recording is, the fact of the matter is that the Affiant Adam Frank confirmed knowledge that Bergeron might be recording him. This was not a complete surprise, and he did actually speak up during the recording and ask about the call being recorded. He and Sanford publicly expressed wanting to move forward without a recording, and Bergeron obliged. However, Frank never objected to the material recorded already. Neither man asked for that recording to be kept private.

Even if it should be somehow determined or alleged that Bergeron obtained the recording

through illegal means, the recording can still be published legally:

In *CBS v. Davis*, 510 U.S. 1315 (1994), Justice Blackmun, acting as Circuit Justice, stayed a preliminary injunction issued by a lower court to prevent a television network from airing footage that was allegedly unlawfully obtained at a meat packing plant. Despite the lower court's findings that the broadcast "could result in a significant portion of the national chains refusing to purchase beef processed at [the plaintiff's plant] and thereafter in the [plaintiff's] plant's closure" and that "[p]ublic dissemination of [the plaintiff]'s confidential and proprietary practices and processes would likely cause irreparable injury to [the plaintiff]," Justice Blackmun found that the injunction was an unlawful prior restraint. Indeed, the injunction was so constitutionally objectionable that Justice Blackmun considered it an "extraordinary circumstance" justifying the immediate stay of a lower court order by a single Justice. 510 U.S. at 1317.

If such evidence can be published legally, and if it is of the nature that could completely exonerate Bergeron, it should be admitted and examined by the judge in this case. If the plaintiff has any chance of pushing this case against Bergeron any further, they will have to categorically stand by the initial affidavit of Adam Frank. If this document is tainted, everything achieved through the flaunting of it is also illegitimate.

**III. DUE PROCESS STANDARD NOT MET BY THIS CASE, ALL ORDERS SHOULD BE STRICKEN.**

Bergeron has not been afforded the opportunity to appear telephonically at previous hearings. The secretary to judge Williams instructed him that would not be possible when he first asked. Only recently did he decide to see if she might have been wrong about that conclusion. She was, and Bergeron is now officially appearing to answer this matter and has been since February 7th.

Nothing that has been decided before Bergeron had been afforded ample opportunity to appear and defend the charges against him should be allowed to stand. All prior orders secured by the plaintiff should be immediately stricken due to the fact that they were:

1.) Achieved through the fraudulent presentation of statements of perjury before this court and the granting of relief based directly on perjury.

2.) Designed to deny Bergeron any sense of due process. His ability to respond to the charges were on paper only, and thus any decision made without Bergeron having an opportunity to appeal to the court publicly should also be stricken.

3.) Unconstitutional. These orders were in support of an attempt to secure a prior restraint against

**Form Number 1**

Bergeron and are constitutionally offensive.

## IV. ASSIGNMENT OF ATTORNEY FEES FOR BERGERON

Rule 2.21. Affidavits on motions (local rules of procedure)
(c) Affidavits/declarations must contain only factual, evidentiary matter, conform with the requirements of N.R.C.P. 56(e), and avoid mere general conclusions or argument. Affidavits/declarations substantially defective in these respects may be stricken, wholly or in part. [Amended; effective July 2, 2007.]

RULE 56. SUMMARY JUDGMENT NRCP

**(g) Affidavits Made in Bad Faith.** Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and **any offending party or attorney may be adjudged guilty of contempt.**

Courts have previously sanctioned clients, even when their attorneys assured them it was acceptable to sign documents containing false or misleading evidence. The courts are not inclined to excuse a party due to extenuating circumstances, as evidenced in Navarro-Ayala v. Nunez , 968 F.2d 1421, 1426 (1st Cir. 1992) (citation omitted). Even if a client signs a document, regardless of an attorney's advice, he can be liable for Rule 11 sanctions, and the court is required to sanction the signer. Adam Frank's affidavit is rife with lies and misrepresentations of fact. Specifically paragraphs 5, 9, 10, 11, and 12 are entirely false and can be proven so based on the evidence already presented by Bergeron in this case. The rest of the affidavit's claims are also false, and Bergeron could also prove Frank lied about those claims if he were able to reveal his confidential sources.

## V. ORDER SHORTENING TIME FOR HEARING

Bergeron should be compensated duly for the work done to assemble this case while the plaintiffs and their attorney should be sanctioned heavily. Bergeron is asking for an order shortening time for a hearing on the foregoing motion to strike the affidavit and all orders in the case. This unsworn declaration should be adequate for that purpose. Despite the usual requirement of an affidavit, Bergeron points to the rules of procedure stipulating that a pro-se attorney does not need to utilize

affidavits. The clock is ticking on Xyience quite fast, and they are steamrolling toward selling the entity off. Bergeron's hearing on the case's dismissal is set for April 3, and this motion should take precedence since it will wholly affect the outcome of Bergeron's Motion to Dismiss. The hearing, which Bergeron should be able to appear telephonically for, should be set for a date before April 1, 2008, which is the date Xyience is set to be publicly auctioned.

**Rule 2.26. Shortening time.** Ex parte motions to shorten time may not be granted except upon an affidavit or certificate of counsel describing the circumstances claimed to constitute good cause and justify shortening of time. If a motion to shorten time is granted, it must be served upon all parties promptly. An order which shortens the notice of a hearing to less than 10 days may not be served by mail. In no event may the notice of the hearing of a motion be shortened to less than 1 full judicial day.

Bergeron submits this motion for the court's review and will also serving it on the defendant by certified mail. He will properly serve a notice of the hearing when a date is set, and he asks that the court place the hearing on the calendar prior to the April 3, 2008 Defendant's Motion to Dismiss hearing in this case.

## VI. CONCLUSION:

Based on the proceedings of the hearing and the presentation of testimony and evidence, if it shall be determined that Adam Frank committed an act of Perjury to support this case he shall be charged with contempt and liable for sanctions up to and beyond legal fees presented to Bergeron.

If the hearing should also reveal that Attorney Jamie Cogburn advised Frank to commit perjury to support this case, he should also be charged with contempt and asked to pay Bergeron's legal fees.

Should Xyience, Incorporated wish to continue with this case it can only do so by refuting Defendant's contention and supporting evidence. Xyience must show that the affidavit signed by Frank was legitimate, truthful, and not signed in bad faith or with intent to commit perjury. Without such determination, all prior orders secured based on the entry of that affidavit into evidence should be vacated and/or reversed.

The issued preliminary injunction order and the modified preliminary injunction order shall both be vacated in light of the evidence presented by defendant, pursuant to Nevada Rules of Civil Procedure 60(b). Defendant's submitted evidence proves that plaintiff and plaintiff's counsel falsified evidence, misled the court, and abused the judicial process in filing this frivolous claim and in securing the injunction.

**Form Number 1**

Bergeron's lack of opportunity to appear at prior hearings should also be factored in to any decision on the challenge of this affidavit's legality and legitimacy. All orders which were granted due in at least some small part to the fact that Bergeron was not given an opportunity to publicly respond to the charges against him should not be part of any further proceedings. All those orders and the preliminary injunction were sought in bad faith, without adequate proof or evidence, and with an intent to harm Bergeron.

Due to the egregious and financially draining situation this lawsuit has put Bergeron in, $100,000 in attorney fees should be granted to him as soon as possible pending determination by the judge regarding the perjury charges.

**Dated February 19, 2008**

Respectfully Submitted By:

By:



Rich Bergeron
43 Longhill Drive
East Sandwich, MA 02537
Serving as Attorney Pro Se

# EXHIBIT A

**Form Number 1**

**DECLARATION OF ADAM FRANK IN SUPPORT OF AN EXPARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

1. I am a board member of Xyience Incorporated and act as General Manager for Xyience Incorporated. I have personal knowledge of the facts stated in this Declaration except for those upon information and belief and to those matters I believe them to be true. This Declaration is made in support of Plaintiff's ExParte Application for a Temporary Restraining Order.

2. Upon information and belief, on December 10, 2006, Bergeron posted an article on his Myspace.com webpage, wherein he alleged that the Securities and Exchange Commission is investigating Xyience and that a Class Action lawsuit against Xyience was underway. Both of these statements were false.

3. Xyience contacted Defendant and requested he remove these articles, but our attempts were rebuffed.

4. Upon information and belief, on or about March 17, 2007, Bergeron posted a new article laced with false statements entitled "Xyience Investigative Report: Creator Russell Pike's Criminal Tendencies R Bergeron alleges that Xyience was created to steal money from investors for the benefit of certain employees or directors.

5. Bergeron also alleges that a major shareholder, Russell Pike, is using Xyience to defraud investors. Bergeron goes on to make up quotes from Russell Pike's former attorney, David Winterton, that Xyience is just another company to defraud investors.

6. Bergeron also alleges that the President of the Ultimate Fighting Championship (hereinafter referred to as "UFC"), Dana White is involved in defrauding investors by splitting sponsorship fees that Xyience paid the UFC. This allegation was also false.

7. Bergeron goes on to claim that Xyience is skimming money from investors and splitting it with the UFC, which is utterly false.

8. Bergeron continues to post defamatory and articles containing false allegations about Xyience.

9. Bergeron's articles allow people to post comments about the articles, however, if a positive statement about Xyience is posted, then Bergeron immediately takes it down.

10. Bergeron continues to post false and defamatory statements on his website with the intent to harm the reputation of Xyience. Moreover, these false and defamatory statements have led to potential investors refusing to invest substantial amounts of money until these articles are taken down.

11. Potential investors refuse to invest money because they fear that this assault on the internet against Xyience will deterninately affect the value of their shares.

12. Specifically, one investor plans to invest $15,000,000.00, however, they have decided to wait until these articles are taken off the internet based upon the fear that the value of Xyience will be decreased because of these false statements.

13. Consequently, Plaintiff has filed the instant application due to the Defendant's egregious conduct and tortuous interference with Plaintiff's contracts. An Exparte Restraining order is necessary to maintain the status quo and stop the detrimental effect these false articles are causing current investors of Xyience and affecting potential investors of Xyience.

14. Moreover, these articles are causing immediate and irreparable harm to Xyience. Without a Restraining Order Plaintiff will continue to suffer harm based upon the false and defamatory articles posted by the Defendant.



357

358

**Form Number 1**



15. I declare under penalty of perjury under the laws of the State of Nevada (NRS 53.045), that the foregoing is true and correct.

Adam Frank

COGBURN LAW OFFICES
178 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

# EXHIBIT B

**Form Number 1**

# PHONE CONVERSATION RECORDED BETWEEN BERGERON, ADAM FRANK, AND KIRK SANFORD PRIOR TO UFC 78:

http://premium.fileden.com/premium/2007/9/16/1434673/frankandsanford.mp3