# EXHIBIT 65

Electronically Filed
03/03/2008 03:47:45 PM

CLERK OF THE COURT

**Form Number 1**

MOTN
Rich Bergeron
147 OLD COUNTY ROAD
East Sandwich, MA 02537
Telephone: (617) 209-4325
Defendant as Pro Se Attorney

## DISTRICT COURT

## CLARK COUNTY, NEVADA

XYIENCE, INC., A Nevada Corporation, CASE NO.: A544781

Plaintiff, DEPT. No.: XXIII

v.

Rich Bergeron, An Individual,

Defendant.

### MOTION TO STRIKE ORDER ON PLAINTIFF'S EX PARTE MOTION FOR AN EXTENSION

Comes Now, The Defendant Rich Bergeron, acting as pro-se attorney, and moves for the order on the plaintiff's ex parte motion for an extension to be stricken due to the defendant's inability to participate in a fair hearing on the matter.

This motion is based on the pleadings and papers on file herein, the defendant's attached declaration, the attached points and authorities, and any oral argument to be made at any hearing on this matter.

Dated March 3, 2008

Respectfully Submitted By:

Rich Bergeron
147 Old County Road
East Sandwich, MA 02537
Serving as Attorney Pro Se



STAD 3/3/08

# DECLARATION OF RICH BERGERON IN SUPPORT OF MOTION TO STRIKE ORDER ON PLAINTIFF'S EX PARTE MOTION FOR AN EXTENSION

1. I am attorney pro-se in this case, and I have personal knowledge of the facts stated in this declaration except for those upon information and belief, and to those matters I believe them to be true. This declaration is made in support of defendant's motion to strike the March 3, 2008 order on plaintiff's ex parte motion for an extension on an order shortening time.
2. Upon information and belief, on March 3, 2008, an order was filed without a proper and fair hearing being held to allow me to actively participate as I was told I would be allowed to.
3. On February 29th, 2008 The Department XXIII secretary left a message on my answering machine offering strict instructions to call the court at 9:30 AM on the following Monday to participate in a telephonic hearing regarding the plaintiff's motion for an extension.
4. I called the court and department XXIII at the appropriate time only to find out an order had already been secured by the plaintiff and I had been barred from appearing telephonically at any future hearing.
5. The plaintiff's attorneys have asked for a 60-day extension in this matter when they are in full knowledge of the fact that they will no longer be in the service of Xyience after the company's sale at public auction on April 1, 2008.
6. I have been granted an order to proceed informa pauperis in this matter and will not be able to afford to travel to Las Vegas to be present at any future hearings. Barring me from appearing telephonically is a direct violation of my right to due process.
7. In recording the last public hearing (February 7, 2008) on this matter I was under the impression that the proceedings were not under seal and there was no reason they could not be recorded. I provided a fair and accurate recording of the hearing and did not alter the conversation or discourse in any way.
8. Judge Timothy Williams actually told me at that hearing that I have a right to publish the pleadings in this case on my Web-site. This litigation could be a precedent-setting, landmark case. Every aspect of it should be available to the public.
9. Should I be told I cannot record future hearings I will gladly abide by that stipulation.
10. Without the opportunity to appear telephonically, I will only be able to participate in this case with strictly on-paper motions and will not have a fair opportunity to affect the outcome of any future hearings.

**Form Number 1**

11. The plaintiff's attorney has lied to this court by claiming on one hand they are eager to resolve this issue while on the other hand asking for a 60-day extension.
12. Xyience is set for public auction on April 1, 2008 and will no longer be retaining Fennemore and Craig once that sale is completed, as the company will no longer need their bankruptcy attorneys once that sale has been completed. They are asking for an extension they are well aware will essentially allow their client to completely escape responsibility and accountability.
13. By avoiding answering my motions in the appropriate time frame, the plaintiff will be passing their fraud onto the next owner of Xyience.
14. The plaintiff is trying to maintain that this case is an asset when the motion to dismiss and motion for sanctions will make it a liability if approved. They wish to delay these hearings and abuse this court to commit fraud by passing this case to the future owners without resolving it appropriately.
15. I am fighting on behalf of myself and countless victims who have been defrauded by Xyience, and I have a right to a speedy trial.
16. Without the order in question being stricken I will suffer immediate harm and will be unable to proceed adequately. Should I be forced to travel to Las Vegas for a hearing, I could be killed. Death threats have been issued to some of my sources already.
17. I declare under penalty of perjury under the laws of the State of Nevada (NRS 53.045), that the foregoing is true and correct.

Rich Bergeron

## POINTS AND AUTHORITIES

**INTRODUCTION:**

Defendant Rich Bergeron was instructed by the Department XXIII secretary on February 29, 2008 to dial the number 702-671-0588 at 9:30 AM on March 3, 2008 in order to appear in his defense for a hearing on the plaintiff's ex parte motion for an extension. Bergeron dialed in a few minutes early only to receive no answer. He immediately called Department XXIII where the same secretary

informed him the order had already been filed and the judge had already ruled on the matter.

Bergeron was also told he would not be permitted to appear telephonically at any future hearing. This is Bergeron's only way to appear, as evidenced by his order to proceed informa pauperis. There is no way he can afford to travel to Nevada for any hearing.

60 Days is an incredibly excessive amount of time to ask for considering the motion to dismiss has been on the docket in this case for almost five months now. The plaintiff also blatantly lied in their pleadings to support the extension. They said it isn't about delay. It's about the voluminous documents they have to review. That is laughable. They are a GIANT LAW FIRM! They can easily call in a few lawyers, order out, and pull an all-nighter to answer Bergeron's pleadings and prepare for hearings. Bergeron is one man and he's willing to proceed. The burden is on him, not them.

The plaintiff's attorneys are specifically trying to delay having to declare this case a liability rather than an asset. Fenemore Craig, P.C. will never be back before this court if granted an extension. Xyience will be sold to the highest bidder and they will be gone. There is an auction set for April 1, 2008. That's their April Fools joke on this court.

This case is the only chance for the countless victims of the plaintiff's fraudulent activity to secure justice. The plaintiff seems to be forgetting that they sued Bergeron. Now that he's proven the entire case to be a fraud they want the court to believe they should be immune from accountability. On one hand they're telling the court Bergeron can't exact any relief from them due to the ongoing bankruptcy. On the other hand they are purposely trying to keep this case as an asset until the sale of the company goes through.

Since the plaintiff stopped paying Attorney Jamie Cogburn they have completely abandoned the so-called merits they based the initial case on. Now this new firm is trying to run away from all the perpetrators who put this thing together while at the same time moving forward with the case those same people created.

Bergeron has presented over 40 exhibits that all point to a grand fraud being perpetrated on this court. The plaintiff has done nothing but sustain and support the ongoing fraud, and this is the third law

firm they've used to press this frivolous case.

Although Bergeron may not be a procedural expert, he's gone out of his way to bring truth to these proceedings while the plaintiff continues to lie and cloud the truth. Fennemore Craig, P.C. is pulling every possible technicality out of their big bag of bogus legal tricks, and they're doing it to distract this court from the real issues here and the merits Bergeron presented to show the entire case against him is a fraud. All the bells and whistles they throw at the court still can't conceal the truth Bergeron's been laying out meticulously since the beginning of these proceedings.

Bergeron is an individual. They have an entire law firm at their disposal. Look at the sheer amount of paperwork they've added to this case since they came on board. Clearly they've shown a genuine ability to act fast when they have to and assemble pleadings with relative ease. They don't need 60 days. They don't even need 6 days. If this court instructs them to file a responsive pleading, they could do it overnight if they had to.

Aside from the delay they're asking for how can they even answer the truth spread out over more than 40 exhibits now? How can they invent a way around something everyone knows is happening the way Bergeron reported it all along? Bergeron predicted the company would go bankrupt a month before the proceedings started. That's how highly entrenched his sources are.

If Bergeron had to travel to Las Vegas, he would never make it home. He is convinced of that. Going to New York City to meet with the plaintiffs was risky enough. There have been death threats issued to several sources he's contacted, and he has publicly exposed the plaintiff's financiers' connections to organized crime. Due to the voluminous amount of money at stake for the plaintiff and their financiers and the criminal implications brought to light by Bergeron's stories, a trip to Vegas could result in him being executed before he can provide further information to the federal Government agencies he has been actively cooperating with.

This case has crippled Bergeron financially, physically, and emotionally and changed his entire life. If his chance to obtain relief is delayed for 2 months he will not have an opportunity to recover justice for himself or all the other victims in this case. The plaintiff will be under new ownership, and those responsible for these egregious offenses will be long gone. The plaintiff is hoping to keep using this court to commit and sustain fraud. They hope to pass that fraud on to the highest bidder upon the auction of the company April 1, 2008.

This is a First Amendment, precedent setting case. Bergeron has a right to a speedy trial and due process. He is representing himself. This is a public issue. He has a right to include the case material on the public record. The public has a right to know what's going on.

The plaintiff's attorneys are handling a matter that is a public issue and deals with a public figure. By association their involvement and behavior regarding this case is a public issue. Bergeron has a right to publish a complete record of the proceedings as a result.

**POINTS OF LAW:**

The law is clear and unequivocal—Prior restraints are not permitted except in the most exceptional of circumstances, involving "such a grave threat to a critical government interest or to a constitutional right." *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 225 (6th Cir. 1996).

It is a violation of due process and Bergeron's First Amendment rights to enjoin him from participating telephonically in the proceedings of this court. Bergeron is being unduly punished in this matter while the plaintiff has made multiple egregious misrepresentations and has never been so much as reprimanded. Bergeron has presented evidence showing the plaintiff went as far as committing perjury to support what is ultimately a frivolous case.

**Federal Wiretap Law**

A. The federal wiretapping law is part of the Omnibus Crime Control and Safe Streets Act, 18 USC §2510-2521 (the "Act"). B. The Act prohibits the interception and disclosure of oral communications. The Act contains an exception when the interceptor is a party to the communication. § 2512(a)(ii)(d).

**Form Number 1**

1. This section states: "It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral or electronic communication where such person is a party to the communication...**unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State.**"

b. See also *State v. Underwood*, 293 Or 389, 648 P2d 847 (1982), holding that an "interception" does not occur when one tapes one's own telephone conversation. Accord, *Newcomb v. Ingle*, 944 F2d 1534 (10th Cir 1991).

Beyond the federal statutes and Supreme Court rulings that may have conflicting conclusions based on this issue, the key and crucial measure is what the states have to say about it. Nevada is in uncharted territory as far as the topic of recorded calls. The Supreme Court of Nevada has yet to truly test this tough subject. The case the plaintiff points to—Lane V. Allstate Ins. Co., 114 Nev. 1176, 969 P.2d 938 (1998)—has nothing to do with public hearings and the right of a party to a public hearing to record the event. That case also regards a videotape (not an audio recording) of a non-public event.

**NRS 200.650 Unauthorized, surreptitious intrusion of privacy by listening device prohibited:** Except as otherwise provided in NRS 179.410 to 179.515, inclusive, and 704.195, a person shall not intrude upon the privacy of other persons by surreptitiously listening to, monitoring or recording, or attempting to listen to, monitor or record, by means of any mechanical, electronic or other listening device, any **private conversation** engaged in by the other persons, or disclose the existence, content, substance, purport, effect or meaning of any conversation so listened to, monitored or recorded, unless authorized to do so by **one of the persons** engaging in the conversation. (Added to NRS by 1957, 335; A 1973, 1749; 1989, 660)

The conversation recorded by Bergeron was a public conversation held in a public court of law. Even if it had been private, he was party to the conversation and recorded it legally according to the above Nevada statute.

If this court's ruling contends that Bergeron cannot participate in future hearings due to a violation of Nevada law pertaining to the recording of the hearing, he should be formally charged and extradited to Nevada. Absent a formal charge and extradition, there are no grounds and no definitive evidence to suggest Bergeron is guilty of any breach of Nevada law. Until such a determination on the legality of the recording is made, Bergeron should be able to appear telephonically.

Bergeron has only ever been able to appear telephonically at one hearing thus far. That

February 7, 2008 hearing resulted in the only decision made by any judge in this case that favored the defendant. Clearly, his ability to appear telephonically is essential to providing any positive outcome for himself in this matter. To bar him from any future telephonic appearance is a direct violation of his right to due process. That denial of due process also provides the plaintiff an unfair advantage.

If necessary, Bergeron can play the answering machine recording of the Department XXIII secretary for the court in which the secretary clearly denotes that Bergeron would be responsible for calling the court at 9:30 AM on March 3, 2008. He followed instructions only to have the whole process circumvented, resulting in him being shut out of the proceedings unfairly and without any opportunity for redress.

Procedural due process is essentially based on the concept of "fundamental fairness." As construed by the courts, it includes an individual's right to be adequately notified of charges or proceedings, and the opportunity to be heard at these proceedings. Bergeron was notified of a hearing time and was present at the time given to him by the judge's secretary. Yet, he was still barred from participation because the hearing was held before the time the judge's secretary told him to call.

Furthermore, Bergeron was never properly served with the plaintiff's motion. The rules of service for the 8th Judicial Court stipulate:

**Rule 2.26.** Shortening time. Ex parte motions to shorten time may not be granted except upon an unsworn declaration under penalty of perjury or affidavit of counsel describing the circumstances claimed to constitute good cause and justify shortening of time. If a motion to shorten time is granted, it must be served upon all parties promptly. **An order which shortens the notice of a hearing to less than 10 days may not be served by mail.** In no event may the notice of the hearing of a motion be shortened to less than 1 full judicial day.

The plaintiff's motion was docketed on February 27th, 2008. The hearing was set for March 3, 2008. That puts the proper notice period in the 10-day window. The plaintiff served the motions and the order shortening time by mail, which is not permitted according to this court's rules of procedure. Bergeron even warned the plaintiff's attorney of his failure to meet the standards of the rules of procedure on February 27th via e-mail (See Exhibit C). Bergeron has not agreed to e-service, so therefore the plaintiff should have been required to utilize a process server to comply with the rules of procedure on the order shortening time.

**CONCLUSION:**

The plaintiff in this case continues to abuse the trust of this court by circumventing Bergeron's right to due process and willfully violating his First Amendment rights. The plaintiff's latest attorneys have furthermore blatantly lied to this court by stating the need for an extension so they can answer the pleadings after 60 days. They are clearly in a position to know that the company is set for auction on

April 1, 2008, and the completion of that auction will result in Fennemore Craig, P.C. being relieved of their duties as Xyience's bankruptcy attorneys. They will not be in any position to answer Bergeron's pleadings or attend any hearings on behalf of Xyience after 60 days have expired.

The extension order should be stricken from the record, and a proper hearing date should be set on Bergeron's motion to dismiss and motion for Rule 11 sanctions. That date should be placed on the calendar in advance of the April 1, 2008 public auction of Xyience. To promote due process and provide the defendant ample opportunity to seek redress from the party that filed this frivolous suit, the court should demand Bergeron's pleadings be answered by the plaintiff before the same April 1, 2008 sale date.

Without a determination by the criminal courts of Nevada that Bergeron is guilty of a crime regarding the recording of the February 7, 2008 hearing before Judge Williams in Department XVI, Bergeron should be permitted to appear telephonically at all future hearings. To this point he has yet to be even charged with any crime and therefore deserves to be allowed to participate telephonically until such point where he is formally charged with a crime. Furthermore, Bergeron has presented ample evidence to prove he committed no crime in the recording of the public hearing.

The plaintiff continues to try to avoid being held accountable for filing a frivolous suit against Bergeron. They have yet to champion any of the original merits of the case since Attorney Jamie Cogburn withdrew from the case due to the plaintiff's failure to pay his fees. Each new lawyer continues to press the plaintiff's case based purely on technicalities while the merits of Bergeron's argument continue to be ignored and overlooked by this court. Bergeron has a right to a speedy trial, and the circumstances regarding the company's upcoming public sale provide a situation in which an order shortening time on this motion is both necessary and crucial.

Dated March 3, 2008

Respectfully Submitted By:



Rich Bergeron
147 Old County Road
East Sandwich, MA 02537
Serving as Attorney Pro Se

# EXHIBIT C

**Form Number 1**

from PEARSON, JON <JPEARSON@fclaw.com>
to Rich Bergeron <rich.bergeron@gmail.com>,
date Wed, Feb 27, 2008 at 9:13 PM
subject Xyience v. Bergeron
mailed-by fclaw.com

hide details Feb 27 (5 days ago) [Ex Parte Motion and Motion to Continue Hearings.pdf,Exhs. 3 through 6.pdf,Exhs. 1 through 2 of Motions.pdf,Order on Ex Parte Motion.pdf,Notice of Entry of Order.pdf,Certificate of Service.pdf]

Mr. Bergeron:

On February 27, 2008, the Court in the above-referenced case recused itself. This case has now been reassigned to Department XXIII.

The newly reassigned Court granted Xyience's Ex Parte Motion for an extension of time to file its oppositions to your Motion to Dismiss and Motion for Rule 11 Sanctions. Additionally, the Court has set a hearing for Monday, March 3, 2008 at 8:30 a.m. (PST) on Xyience's Motion to continue hearings on your Motion to Dismiss and Motion for Rule 11 Sanctions on order shortened time. Please find attached to this e-mail a PDF version of all the documents that were filed relating to Xyience's Motions. These documents have also been **sent via overnight mail** to you.

Lastly, because this case has been reassigned to a different department, you may either personally attend the hearing on Monday, or you will probably need to seek permission from the Court (Dept. XXIII) to attend telephonically.

Regards,

Jon T. Pearson

STAD 3/3/08

FENNEMORE CRAIG, P.C.
300 South Fourth Street
Suite 1400
Las Vegas, Nevada 89101
Direct: (702) 692-8015
Direct Fax: (702) 692-8099
Business Cell: (702) 569-6401
www.fennemorecraig.com

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that, to the extent this communication (or any attachment) addresses any tax matter, it was not written to be (and may not be) relied upon to (i) avoid tax-related penalties under the Internal Revenue Code, or (ii) promote, market or recommend to another party any transaction or matter addressed herein (or in any such attachment). For additional information regarding this disclosure please visit our web site.

CONFIDENTIALITY NOTICE: The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it. Please immediately reply to the sender that you have received the message in error. Then delete it. Thank you.

6 attachments — Download all attachments

Ex Parte Motion and Motion to Continue Hearings.pdf
777K View as HTML Download
Exhs. 3 through 6.pdf
1030K View as HTML Download
Exhs. 1 through 2 of Motions.pdf
943K View as HTML Download
Order on Ex Parte Motion.pdf
180K View as HTML Download
Notice of Entry of Order.pdf
337K View as HTML Download
Certificate of Service.pdf
143K View as HTML Download

**Form Number 1**

Feb 27 (5 days ago)

Rich Bergeron to JON

show details Feb 27 (5 days ago)

from Rich Bergeron <rich.bergeron@gmail.com>

to "PEARSON, JON" <JPEARSON@fclaw.com>,

date Wed, Feb 27, 2008 at 11:59 PM

subject Re: Xyience v. Bergeron

mailed-by gmail.com

hide details Feb 27 (5 days ago)

First of all, email is not proper service. When you apply for an order shortening time and the hearing is set for less than 10 days, you cannot serve the documents by mail.

Secondly, the hearing I recorded was a public hearing. The case is not under seal. I have the right to publish the hearing, as it was a fair and accurate record of what occurred.

Third, be prepared to lose.

Rich Bergeron

Editor/Writer/Webmaster

www.unlimitedfightnews.com

www.fightnewsunlimited.com