FENNEMORE CRAIG, P.C.
Laurel E. Davis (NV Bar No. 3005)
Jon T. Pearson (NV Bar No. 10182)
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 692-8000
E-Mail: ldavis@fclaw.com
E-Mail: jpearson@fclaw.com

Attorneys for Plaintiff/Counter-Defendant
**Xyience Incorporated**

**E-filed April 14, 2008**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>XYIENCE INCORPORATED,<br>a Nevada corporation,<br><br>Debtor. | Chapter 11<br><br>No. BK-S-08-10474-MKN |
| XYIENCE INCORPORATED, a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON, an individual<br><br>Defendant. | Adv. No. 08-01082<br><br>Date: (Not set for hearing)<br>Time: (Not set for hearing)<br>Location: 300 Las Vegas Blvd. South<br>Courtroom #2<br>Las Vegas, NV 89101 |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | **XYIENCE'S OPPOSITION TO DEFENDANT AND COUNTERCLAIMANT'S (I) EMERGENCY MOTION TO SUSPEND BANKRUPTCY PROCEEDINGS PENDING INVESTIGATION OF FRAUDULENT BANKRUPTCY FILING AND (II) MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S RULE 11 MOTION, MOTION TO DISMISS, AND COUNTERCLAIMS** |

Plaintiff/Counter-Defendant Xyience Incorporated ("Xyience" or the "Debtor") submits this Opposition to *Defendant and Counterclaimant's (i) Emergency Motion to Suspend Bankruptcy Proceedings Pending Investigation of Fraudulent Bankruptcy Filing and (ii) Motion for Summary Judgment on Defendant's Rule 11 Motion, Motion to Dismiss, and Counterclaims [Dkt. #11]* ("Motions"). This Opposition is based upon the following points and authorities, the pleadings, papers and other records on file herein, and such argument and further evidence presented to the Court at the time of any hearing.

**POINTS AND AUTHORITIES**

**I.**

**STATEMENT OF FACTS**

1. On July 18, 2007, Xyience filed a Complaint against Mr. Bergeron in the Eighth Judicial District Court, Clark County, Nevada, as Case No. A544781, seeking damages for defamation, tortuous interference with prospective economic advantage, and intentional interference with contract. (See Complaint at Dkt. #3, Exh. 2.) In addition, Xyience sought injunctive relief against Mr. Bergeron with respect to Mr. Bergeron's posting of defamatory material regarding Xyience on his Myspace.com and UnlimitedFightNews.com websites (the "Litigation"). (Id.)

2. On September 6, 2007, the State Court issued a preliminary injunction enjoining Mr. Bergeron, *inter alia*, from posting defamatory remarks on the internet concerning Xyience and requiring him to remove certain defamatory articles that he had posted on the internet. (See Preliminary Injunction Order at Dkt. #3, Exh. 18.)

3. On or about October 5, 2007, because Mr. Bergeron had failed to answer the Complaint, a Three Day Notice was sent and a default was entered against Mr. Bergeron ("Default"). (See Default at Dkt. #3, Exh. 23 and Three Day Notice at Dkt. #3, Exh. 24.) Although a Default had been entered against Mr. Bergeron, Mr. Bergeron continued to improperly file subsequent motions in the Litigation.

4. On November 6, 2007, the Preliminary Injunction Order was modified to include Google and Earthlink Inc. so that each may take appropriate action to remove certain defamatory articles that Mr. Bergeron had posted on the internet. (See Modified Preliminary Injunction Order at Dkt. #3, Exh. 28.)

5. On January 18, 2008, Xyience filed its voluntary petition for chapter 11 relief ("Chapter 11 Case").

6. On February 7, 2008, Xyience's Motion to Quash or Motion to Strike, Motion to Vacate and Motion for Attorneys' Fees was heard by the State Court. The State Court ordered, *inter alia*, that: (i) the Default against Mr. Bergeron be set aside; (ii) Mr. Bergeron may file an answer and or whatever pleading he deems appropriate in the Litigation; and (iii) Mr. Bergeron's Motion to Dismiss was set to be heard on March 5, 2008. (See Order at Dkt. #3, Exh. 54.) Mr. Bergeron's Motion for Rule 11 Sanctions was set to be heard on March 18, 2008. (See Re-Notice at Dkt. #3, Exh. 49.)

7. On February 19, 2008, and despite knowledge that Xyience had sought bankruptcy relief, Mr. Bergeron filed an Answer to Complaint and Counterclaim for Declamatory [sic] Relief against Xyience asserting claims for relief for: (i) defamation; (ii) violation of first amendment rights; (iii) tortuous interference with prospective economic advantage; and (iv) pain and suffering. (See Counterclaims at Dkt. #3, Exh. 50 ("Counterclaim").) In addition to asserting counterclaims against Xyience,[1] Mr. Bergeron also asserted the same counterclaims against Fertitta Enterprises, Inc. (Id.)

8. Xyience's reorganization counsel, Fennemore Craig, P.C., did not make its first appearance in the Litigation until February 25, 2008. (See Substitution of Counsel at Dkt. #3, Exh. 58.)

---

[1] Mr. Bergeron's filing of counterclaims against Xyience during the pendency of its bankruptcy case was a clear and knowing violation of the automatic stay imposed by Section 362 of the Bankruptcy Code.

9. On February 27, 2008, because Xyience's current counsel, Fennemore Craig, P.C., had only recently made its first appearance as counsel for Xyience in the Litigation, Xyience filed an *Ex Parte* Motion for an extension, and a Motion to continue hearings on Mr. Bergeron's Motion for Rule 11 Sanctions and Motion to Dismiss on order shortening time ("*Ex Parte* Motion"). (See *Ex Parte* Motion at Dkt. #3, Exh. 57.)

10. On March 3, 2008, the State Court entered an order, *inter alia*, continuing the hearing on Mr. Bergeron's Motion for Rule 11 Sanctions and Motion to Dismiss, and that Xyience's Oppositions to such motions were not due until April 21, 2008. (See Order at Dkt. #3, Exh. 68.)

11. On March 20, 2008, Xyience removed the Litigation to Bankruptcy Court where it now remains pending as the above-captioned adversary proceeding. (See Removal at Dkt. #1.)

## II.

## ARGUMENT

### A. Mr. Bergeron Has Failed To Properly Notice and Calendar His Motions

Local Rules of Bankruptcy Practice of the United States District Court for the District of Nevada ("LR") 9014 requires a movant to obtain a hearing date for any motion filed in an adversary proceeding. Local Rule 9014(a)(1) provides, in pertinent part:

> Unless the court directs otherwise, all hearings (including motions in adversary proceedings, objections and other matters for which a hearing is necessary) ***must be set by counsel or person acting pro se on the calendar of the judge to whom the case is assigned*** . . . .

LR 9014(a)(1) (emphasis added). Moreover, a movant must provide proper notice of such hearing date: "The movant must obtain a hearing date, and the notice of hearing must be filed with the motion . . . ." LR 9014(b)(1).

Here, Mr. Bergeron has failed to comply with LR 9014. Mr. Bergeron has not prepared, served or filed the proper Notice of Hearing for his Motions. In addition, it appears that Mr. Bergeron has failed to obtain a hearing date for his Motions.

**B. Mr. Bergeron's Motion to Suspend Bankruptcy Must Be Denied.**

Mr. Bergeron is seeking to "suspend" Xyience's Chapter 11 Case. Although it is difficult to determine exactly on what grounds Mr. Bergeron seeks to "suspend" the Chapter 11 Case, it appears that Mr. Bergeron is attempting to "suspend" the case based on his unsubstantiated allegations of fraud between Xyience and Fertitta Enterprises, Inc.

In addition, Mr. Bergeron is seeking to delay Xyience's Section 363 of the Bankruptcy Code Motion for sale of property free and clear of liens, claims and interests which was heard and granted on April 1, 2008 ("Sale Motion"). (See Dkt. #11, at 7:13 through 8:5.) Mr. Bergeron, however, has failed to file this Motion in the appropriate case. He filed this Motion in the adversary proceeding rather than in the Chapter 11 Case. More importantly, on April 7, 2008, the Court entered a final order approving Xyience's Sale Motion; thus, Mr. Bergeron's Motion is now moot. (See Dkt. #178 in the Chapter 11 case.) Accordingly, because Xyience's Sale Motion has already been granted by entry of a final, non-appealable order and Mr. Bergeron has failed to file his Motion in the Chapter 11 Case itself, the Motion to suspend bankruptcy must be denied.

**C. Mr. Bergeron's Motion for Summary Judgment Must Likewise Be Denied.**

LR 9014(c)(1) provides that "[t]he motion must state the facts on which it is based and ***must contain a legal memorandum***." LR 9014(c)(1) (emphasis added). Moreover, LR 7056(a) provides "[m]otions for summary judgment must include a concise statement setting forth each fact material to the disposition of the motion that the party claims is, or is not, genuinely in issue, citing the particular portions of any pleading, affidavit, deposition, interrogatory, answer, admission or other matter on which the party relies."

Mr. Bergeron is seeking summary judgment on his: (i) Motion for Rule 11 Sanctions; (ii) Motion to Dismiss; and (iii) Counterclaims. As a preliminary matter, summary judgment under Fed.R.Civ.P. 56 is not available with respect to a Motion. Furthermore, Mr. Bergeron has failed to provide any legal memorandum to support summary judgment on any of his motions. Rather, he simply refers to his motions and arbitrarily provides an amount of damages he is seeking.

Accordingly, for these reasons, Mr. Bergeron's Motion for Summary Judgment must be denied.

**D. The Exhibits Attached to Mr. Bergeron's Motions Should Be Stricken.**

A trial court can only consider admissible evidence in ruling on a motion for summary judgment. Orr v. Bank of Am., 285 F.3d 764, 773 (9th Cir. 2002). Authentication is a "condition precedent to admissibility," and this condition is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims." Id. (citations omitted); see Fed.R.Evid. 901(a). The Ninth Circuit has repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment. Orr, 285 F.3d at 773; Cristobal v. Siegal, 26 F.3d 1488, 1494 (9th Cir. 1994); Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550-51 (9th Cir. 1989).

In a motion for summary judgment, documents authenticated through personal knowledge must be "attached to an affidavit that meets the requirements of [Fed.R.Civ.P.] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." Orr. 285 F.3d at 773-74. However, a property foundation need not be established through personal knowledge but can rest on any manner permitted by Fed.R.Evid. 901(b) or 902. Id. at 774; see, e.g., Fed.R.Evid. 902(4) (certified copies of public records).

Here, Mr. Bergeron has attached exhibits to his Motions; however, such exhibits are not adequately and easily identifiable (*i.e,* some of his exhibits are bunched together and he refers to his exhibits numerically and alphabetically). Nonetheless, except for what appears to be printed materials from newspapers (*e.g.,* Las Vegas Review Journal) rather than internet blogs, none of his exhibits is properly authenticated and all are inadmissible hearsay. See Orr, 285 F.3d at 778; see Fed.R.Evid. 801(c). Accordingly, all of the exhibits attached to Mr. Bergeron's Motions are inadmissible and must be stricken.

///

## III.

## CONCLUSION

For the reasons set forth above, Mr. Bergeron's Motions must be denied in their entirety.

DATED this 14th day of April, 2008.

FENNEMORE CRAIG, P.C.

By: /s/ Jon T. Pearson
Jon T. Pearson

Counsel for Plaintiff/Counter-Defendant
**Xyience Incorporated**