GORDON & SILVER, LTD.
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gordonsilver.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mcz@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for Fertitta Enterprises, Inc.

E-Filed On 4/15/08

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>XYIENCE, INCORPORATED,<br>a Nevada corporation,<br><br>Debtor. | Case No.: BK-S-08-10474-MKN<br>Chapter 11 |
| XYIENCE INCORPORATED,<br>a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON, an individual,<br><br>Defendant. | Adversary No. 08-1082-MKN |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | **COUNTERDEFENDANT, FERTITTA ENTERPRISES, INC.'S, OPPOSITION TO DEFENDANT/COUNTERCLAIMANT'S: (1) EMERGENCY MOTION TO SUSPEND BANKRUPTCY PROCEEDINGS, AND (2) MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S RULE 11 MOTION, MOTION TO DISMISS, AND COUNTERCLAIMS**<br><br>Date:<br>Time: |

# TABLE OF CONTENTS


I. STATEMENT OF FACTS .......... 3

A. The Litigation Pre-Petition. .......... 3

B. Events Occurring Post-Petition. .......... 4

II. LEGAL ARGUMENT .......... 8

A. The Motion Has Not Been Set For Hearing Or Properly Noticed. .......... 8

B. The Request To Suspend The Bankruptcy Case And/Or The Litigation Must Be Denied. 8

1. General Standard. .......... 8

2. Application. .......... 9

C. The Request To Dismiss The Bankruptcy Case As A Bad Faith Filing Must Be Denied. 11

1. Improper Notice. .......... 11

2. General Standard. .......... 12

3. Application. .......... 13

D. The Request For Leave To File An Amended Counterclaim In The Litigation Must Be Denied. .......... 13

E. The Request To Dismiss The Litigation Does Not Involve Fertitta Enterprises. .......... 15

F. The Request For Summary Judgment Must Be Denied. .......... 15

1. General Standard. .......... 15

2. No Admissible Evidence In Support Of Summary Judgment. .......... 16

3. No Entitlement To Summary Judgment As A Matter Of Law. .......... 17

G. The Request For Sanctions Must Be Denied. .......... 23

III. CONCLUSION .......... 25


GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

Counterdefendant, Fertitta Enterprises, Inc., a Nevada corporation ("Fertitta Enterprises"), by and through its counsel, the law firm of Gordon & Silver, Ltd., hereby submits its Opposition (the "Opposition") to Defendant/Counterclaimant, Richard Bergeron's ("Bergeron"), pleading entitled "(1) Emergency Motion to Suspend Bankruptcy Proceedings Pending Investigation of Fraudulent Bankruptcy Filing and (2) Motion for Summary Judgment on Defendant's Rule 11 Motion, Motion to Dismiss, and Counterclaims" (the "Motion"), see Docket No. 11, filed in the above-captioned adversary proceeding.[1] This Opposition is made and based the points and authorities which follow, any papers or pleadings contained in this Court's file, judicial notice of which is hereby respectfully requested,[2] and any arguments entertained at the time of the hearing on this matter.

## I.
## STATEMENT OF FACTS

### A. The Litigation Pre-Petition.

1. On July 18, 2007, Xyience Incorporated, a Nevada corporation ("Xyience" or "Debtor"), now currently a debtor and debtor-in-possession in the above-captioned bankruptcy case, filed its Complaint (the "Complaint") against Bergeron in the Eighth Judicial District Court, Clark County, Nevada (the "State Court"), being Case No. A544781 (the "Litigation"). See Adversary Docket No. 3, Ex. 2. Fertitta Enterprises was not a party to the Complaint, only Xyience.

2. Also on July 18, 2007, Xyience first filed its Motion for Preliminary Injunction (the "Preliminary Injunction Motion") against Bergeron in the Litigation, which sought to

[1] Fertitta Enterprises requests leave of court to file this Opposition in excess of the 20 page limit in LR 9014(e). Good cause exists to grant such leave because Bergeron's Motion, which was filed without leave of Court, was 34 pages long, and thus Fertitta Enterprises requires such additional pages to appropriately respond to Bergeron's arguments. Moreover, Bergeron's Motion failed to provide any significant background underlying either Debtor's bankruptcy case or this Litigation in particular, and thus Fertitta Enterprises has also had to use numerous pages in this Opposition just to set forth an accurate historical record before even addressing the relief sought in Bergeron's Motion.

[2] All pleadings filed in Debtor's main bankruptcy case are subject to judicial notice pursuant to Rule 201 of the Federal Rules of Evidence (the "Evidence Rules").

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555



101630-001/558365_2.doc

restrain and enjoin him from posting allegedly defamatory remarks on the internet concerning Xyience and to remove certain allegedly false and defamatory articles on Bergeron's website. See id. at Ex. 3. Xyience refiled its Preliminary Injunction Motion on August 3, 2007, and later supplemented it on August 17, 2007. See id. at Exs. 8 and 12.

3. On August 19, 2007, Bergeron, who has represented himself *pro se* throughout the Litigation, filed his Opposition to Motion for Preliminary Injunction. See id. at Ex. 13.

4. On August 22, 2007, Xyience filed its Reply in Support of its Motion for Preliminary Injunction in the Litigation. See id. at Ex. 14.

5. On September 6, 2007, the State Court issued its Preliminary Injunction Order (the "Preliminary Injunction Order"), which granted Xyience a preliminary injunction against Bergeron. See id. at Ex. 18.

6. On September 26, 2007, Xyience filed its Motion to Modify Preliminary Injunction Order in the Litigation. See id. at Ex. 22.

7. On October 9, 2007, Bergeron filed his Motion to Dismiss in the Litigation, which was never heard or decided by the State Court because he apparently never set it for hearing with the State Court, or at least did not do so on a timely basis. See id. at Ex. 25.

8. On November 6, 2007, the State Court entered a Modified Preliminary Injunction Order in the Litigation. See id. at Ex. 28.

9. On December 15, 2007, Bergeron filed what he called a "Dispositive Motion for Rule 11 Sanctions" in the Litigation, which also was never heard or decided by the State Court because, again, Bergeron apparently never set it for hearing, or at least did not do so on a timely basis. See id. at Ex. 34.

**B. Events Occurring Post-Petition.**

10. On January 22, 2008 (the "Petition Date"), Xyience filed its Voluntary Petition under Chapter 11, Title 11 of the U.S. Code (the "Bankruptcy Code"), being Case No. BK-S-08-10474-MKN, thereby commencing the above-captioned bankruptcy case.

11. On February 19, 2008, the Office of the U.S. Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in Debtor's bankruptcy case. See Docket

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

No. 106.

12. On February 19, 2008, Bergeron filed his Answer to Complaint and Counterclaim for Declaratory Relief [sic] (the "Counterclaim") in the Litigation. See id. at Ex. 50. In addition to asserting counterclaims against Xyience,[3] Bergeron also joined in Fertitta Enterprises as an additional counterdefendant to the same counterclaims, thereby joining Fertitta Enterprises for the first time as a party to the Litigation. Prior to being joined in by Bergeron's Counterclaim, Fertitta Enterprises never made any appearance and never filed any papers or pleadings in the Litigation. See id. at Ex. 1 (docket), and Exs. 2-49. Moreover, since being joined in by Bergeron as a counterdefendant in the Litigation, the only pleadings Fertitta Enterprises has filed are a motion to dismiss (as set forth below) and this Opposition. See id. at Ex. 1 (docket), and Exs. 51-71.

13. On March 3, 2008, this Court entered the Order Granting Final Approval of Emergency Motion for Entry of an Order Approving Stipulation with Zyen, LLC for: (A) Use of Cash Collateral be Debtor Pursuant to 11 U.S.C. 363(c)(2); (B) Granting Adequate Protection Pursuant to 11 U.S.C. § 361 and 363(e); (C) Authorizing Post-Petition Financing on a Secured Basis Pursuant to 11 U.S.C. § 364(d)(1); and (D) Setting Final Hearing (the "Final DIP Financing Order"). See Docket No. 124. The Final DIP Financing Order approved on a final basis the Stipulation for: (A) Use of Cash Collateral by Debtor Pursuant to 11 U.S.C. 363(c)(2); (B) Granting Adequate Protection Pursuant to 11 U.S.C. 361 and 363(e); and (C) Authorizing Post-Petition Financing on a Secured Basis Pursuant to 11 U.S.C. § 364(d)(1) (the "Cash Collateral Stipulation"). See id. at Ex. A (Docket No. 74-2).

14. Also on March 3, 2008, the Court entered the Order Granting Final Approval of Emergency Motion To Approve Nonexclusive License Agreement With Zuffa Marketing, LLC

[3] Bergeron's filing of counterclaims against Xyience during the pendency of its bankruptcy case was a clear and knowing violation of the automatic stay pursuant to Section 362 of the Bankruptcy Code. Actions taken in violation of the automatic stay are void *ab initio* and without effect. See Dunbar v. Dunbar (In re Dunbar), 245 F.3d 1058, 1063 (9th Cir. 2001). A violation of the stay is punishable as civil contempt of court pursuant to Section 105(a) of the Bankruptcy Code, and an award of monetary sanctions is allowed. See Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, 1189-90 (9th Cir. 2003).

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

To Condition Use, Sale Or Lease Of Property; Granting Adequate Protection Pursuant To 11 U.S.C. §§ 361 & 363(e); And Authorizing Post-Petition Financing On A Secured Basis Pursuant To 11 U.S.C. §§ 364(c)(2) & 364(c)(3) (the "Final Zuffa Licensing Order"). See Docket No. 77.

15. On March 6, 2008, the Court entered the Order Re: Debtor's Motion For Order (1) Approving Sales Protections To Manchester Consolidated Corp.; (2) Approving Procedures For Soliciting Higher And Better Offers, And Determining Highest And Best Offer; (3) Setting Hearing To Select Highest And Best Offer, And To Approve Sale Of Assets; And (4) Granting Other Relief (the "Sales Procedure Order"). See Docket No. 147. The Sales Procedure Order set an auction sale of Debtor's assets for April 1, 2008.

16. On March 20, 2008, Xyience removed the Litigation to Bankruptcy Court where the case now remains pending as the above-captioned adversary proceeding. See Adversary Docket Nos. 1 and 3.

17. On March 24, 2008, Fertitta Enterprises filed its Motion to Dismiss Adversary Proceeding in the Litigation, which is set for hearing before this Court on April 30, 2008. See Adversary Docket No. 7.

18. On March 28, 2008, Bergeron filed his Motion in this Litigation. See Adversary Docket No. 11. Bergeron's Motion and Certificate of Service accompanying it had no hearing date and time in their captions, and no notice of hearing has ever been filed with respect to the Motion either. See Adversary Docket No. 12. Similar to his many filings in State Court, it also does not appear that Bergeron has ever set his Motion for hearing with this Court.

19. On March 31, 2008, Debtor's Official Committee of Unsecured Creditors (the "Committee") filed its Adversary Complaint Against Zyen, LLC To Determine Validity, Extent, and Priority Of Liens (the "Committee Complaint") against Zyen, being Adversary No. 08-1094. The Committee's Complaint alleged the following three (3) claims for relief against Zyen: (a) equitable subordination pursuant to Section 510(c) of the Bankruptcy Code and/or recharacterization of debt as equity, (b) lender liability, and (c) breach of fiduciary duty. See

Docket No. 167.[4]

20. On April 4, 2008, Fertitta Enterprises and Zyen, LLC, a Nevada limited liability company ("Zyen") removed certain other litigation brought by various alleged shareholders in Xyience to this Court where the matter now remains pending as Adversary No. 08-1107 (the "Shareholder Litigation"). See Docket No. 176. The Shareholder Litigation included claims against Fertitta Enterprises and Zyen for aiding and abetting breach of fiduciary duty, and a claim against Zyen for civil conspiracy.[5] Upon information and belief, Bergeron is not a shareholder in Debtor.

21. On April 7, 2008, this Court entered its Order Granting Motion For Order Approving The Sale Of Property Free And Clear Of Liens, Claims And Interests Pursuant To Bankruptcy Code Sections 105, 363 And 549 And Assumption And Assignment Of Certain Agreements Pursuant To Bankruptcy Code Section 365 (the "Sale Order"), which approved the sale of substantially all of Debtor's assets. See Docket No. 178.

22. On April 9, 2008, Debtor filed its own Motion to Dismiss and to Strike Bergeron's Counterclaims in the Litigation, which is set for hearing before this Court on May 14, 2008. See Adversary Docket No. 13.

23. No appeals have been taken, and no stays exist with respect to any of the orders entered by this Court in Debtor's bankruptcy case, including but not limited to the Final DIP Financing Order, the Final Zuffa Licensing Order, and/or the Sale Order.

. . .

. . .

---

[4] The Committee lacks standing to file and prosecute the Committee Complaint. See Estate of Spirtos v. One San Bernardino County Super. Ct. Case Numbered SPR 02211 (In re Spirtos), 443 F.3d 1172 (9th Cir. 2006). Zyen will address this issue in the context of a motion to dismiss the Committee Complaint in that adversary proceeding.

[5] Various defendants in the shareholder litigation, including but not limited to Fertitta Enterprises and Zyen, have filed motions to dismiss the Shareholder Litigation because, among other grounds, the shareholders lack standing to assert their claims. See, e.g., Adversary No. 08-1107, Docket Nos. 7 and 9. Defendants' motions to dismiss the Shareholder Litigation are set for hearing before this Court on May 14, 2008.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

## II.
## LEGAL ARGUMENT

### A. The Motion Has Not Been Set For Hearing Or Properly Noticed.

Rule 9014(a) of the Local Rules of Practice for the U.S. Bankruptcy Court for the District of Nevada (the "Local Rules") provides, in pertinent part, as follows:

> Unless the court directs otherwise, all hearings (including motions in adversary proceedings, objections and other matters for which a hearing is necessary) must be set by counsel or persons acting in *pro se* on the calendar of the judge to whom the case is assigned.

LR 9014(a)(1).

Likewise, Local Rule 9014(b) provides, in pertinent part, as follows:

> (1) The movant must obtain a hearing date, and the notice of hearing must be filed with the motion and must, in addition to the requirements of Fed. R. Bankr. P. 2002(c), include the following:
>
> (A) The date, time, and place of the hearing; . . .

LR 9014(b)(1)(A).

In the case at hand, and similar to his various filings in State Court in this Litigation, Bergeron does not appear to have ever obtained a hearing date and time for his Motion on the Court's calendar, or given Fertitta Enterprises notice of such a hearing. As such, Bergeron's Motion is simply a rogue filing and should be denied by the Court.

### B. The Request To Suspend The Bankruptcy Case And/Or The Litigation Must Be Denied.

#### 1. General Standard.

Although Bergeron's Motion was filed only in this adversary proceeding, he seeks to suspend Debtor's entire bankruptcy case. Section 305 of the Bankruptcy Code provides, in pertinent part, as follows:

> (a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—
>
> (1) the interests of creditors and the debtor would be better served by such dismissal or suspension; . . .



GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

11 U.S.C. § 305(a)(1).

"The courts that have construed § 305(a)(1) are in general agreement that abstention in a properly filed bankruptcy case is an extraordinary remedy, and that dismissal is appropriate under § 305(a)(1) only in the situation where the court finds that both 'creditors and the debtor' would be 'better served' by a dismissal." Eastman v. Eastman (In re Eastman), 188 B.R. 621, 624 (B.A.P. 9th Cir. 1995) (emphases added); In re Macke Intern. Trade, Inc., 370 B.R. 236, 247 (B.A.P. 9th Cir. 2007) (same).

"The test under § 305(a) is not whether dismissal would give rise to a substantial prejudice to the debtor. Nor is the test whether a balancing process favors dismissal. Rather, the test is whether both the debtor and the creditors would be 'better served' by a dismissal." Eastman, 188 B.R. at 625. This analysis is based on the totality of the circumstances. See Macke Intern. Trade, Inc., 370 B.R. at 247 (citing Eastman, 188 B.R. at 624).

"Typical circumstances for dismissing under § 305(a)(1) include the pendency of proceedings such as assignments for the benefit of creditors, state court receiverships, or bulk sale agreements." Id. (citations omitted). Other circumstances determined by some courts to justify a suspension of the proceedings include when the bankruptcy case centers on an unsettled issue of non-bankruptcy law, when another forum is available to determine the parties' interests and, in fact, such an action has been commenced, and/or when economy and efficiency of administration favors abstention or dismissal. See In re Corino, 191 B.R. 283, 287-88 (Bankr. N.D.N.Y. 1995) (citing In re Business Info. Co., Inc., 81 B.R. 382, 387 (Bankr. W.D. Pa. 1988)).

**2. Application.**

In the case at hand, Bergeron fails to provide any compelling reason for a suspension of Debtor's entire bankruptcy case, especially at this juncture. Bergeron's Motion provides nothing more than ludicruous, unproven conspiracy theories, without any admissible evidence in support.[6] Even assuming Bergeron's allegations were true, however, which Fertitta Enterprises

[6] Bergeron fails to authenticate any of the documents attached to his Motion per Evidence Rule 901, and fails to provide any evidentiary support for the factual assertions in his Motion as required by LR 9014(c)(1). Fertitta Enterprises objects to the admissibility of all of the

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

vehemently denies, Bergeron's Motion is, in large part, moot.

First, Debtor obtained debtor-in-possession financing from Zyen and post-petition licensing from Zuffa, both of which are the subject of final orders of this Court. Second, Debtor has now sold substantially all of its assets, which the Court has approved in the Sale Order, which will be final at the time of any hearing on this Motion. Third, to the extent any remedies exist or remain against Debtor, Fertitta Enterprises, Zyen, and/or any other party in interest, such matters are either already being prosecuted in the Shareholder Litigation and/or the Committee Complaint, and/or can be prosecuted through other adversary proceedings in this case without any suspension of Debtor's bankruptcy case. As such, Bergeron has failed to present, let alone provide admissible evidence in support for, any compelling reason why a suspension of Debtor's bankruptcy case is in the best interests of Debtor and its creditors.

In his Motion, Bergeron cites to several cases involving abstention rulings, yet, upon closer examination, these cases involved clearly different situations than that presented in the case at hand. First, in In re Duratech Industries, Inc., 241 B.R. 283 (E.D.N.Y. 1999), which is cited in Bergeron's Motion, the district court affirmed the bankruptcy court's decision, 241 B.R. 291 (Bankr. E.D.N.Y. 1999), to abstain from administering the debtor's bankruptcy case in large part due to the fact that the debtor and another party were involved in a lengthy civil litigation, the outcome of which could substantially bear upon the debtor's ability to confirm a plan of reorganization. See 241 B.R. at 287. Duratech held that such a decision could be premised on either of Sections 305(a) or 105(a) of the Bankruptcy Code. See id.

Similarly, in Western Cities Broadcasting, Inc. v. Schueller (In re Schueller), 126 B.R. 354 (D. Colo. 1991), which is also cited in Bergeron's Motion, the district court affirmed the bankruptcy court's decision to defer a decision on a debtor's proposed plan of reorganization pending the resolution of a potentially dispositive state court appeal. See id. at 359. In

(continued)

documents attached to Bergeron's Motion, other than the filings in the State Court, which are subject to judicial notice per Evidence Rule 201, as all of these other documents attached to his Motion are hearsay pursuant to Evidence Rule 802 and/or lack foundation, and thus are inadmissible.

Gordon & Silver, Ltd.
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

Schueller, however, because only a deferral of consideration of the plan was ordered, as opposed to an abstention of the entire bankruptcy case, the district court held that the bankruptcy court's order was properly issued pursuant to only Section 105(a) of the Bankruptcy Code, as opposed to Section 305(a) of the Bankruptcy Code. Regardless, both the Duratech and Schueller decisions are clearly inapposite to the case at hand because Debtor's bankruptcy case does not involve a two-party dispute with potentially outcome determinative litigation pending in another forum.

To the extent Bergeron's Motion seeks to stay just this Litigation, such a request must also be denied. Both Fertitta Enterprises and Debtor have motions set for hearing seeking to dismiss this Litigation pursuant to Federal Rule 12(b). These motions must be heard and decided before Bergeron is ever allowed to conduct any discovery in this case. Bergeron's request to stay this Litigation while he looks for evidence to support his counterclaims is nothing more than an attempt to conduct an unlawful fishing expedition before discovery is even permitted in his case. As such, Bergeron's request to stay this Litigation on such ground must also be denied.

**C. The Request To Dismiss The Bankruptcy Case As A Bad Faith Filing Must Be Denied.**

**1. Improper Notice.**

To the extent Bergeron's Motion seeks dismissal of Debtor's bankruptcy case as a bad faith filing, such request must be denied for numerous reasons. First, notice of Bergeron's dismissal request is clearly deficient. Rule 2002(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") requires that "all creditors" in a Chapter 11 case be given notice by mail of the hearing on the dismissal of the case. In the case at hand, however, not only was Bergeron's Motion only filed in the adversary proceeding instead of Debtor's main bankruptcy case, but also his Certificate of Service reveals that it was only sent to about 5 creditors, certain shareholders, the Debtor and the Office of the U.S. Trustee. As such, notice of the dismissal request is clearly defective and thus the request must be denied as a matter of law. See In re Munteanu, No. 06-CV-6108(ADS), 2007 WL 1987783 (E.D.N.Y. June 28, 2007) (vacating bankruptcy court's dismissal of a Chapter 11 case because notice of the request for dismissal failed to comply with Bankruptcy Rule 2002(a)(4)).



GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

**2. General Standard.**

Even if the Court does ever entertain Bergeron's dismissal request, however, Bergeron has failed to meet his burden of demonstrating that sufficient cause exists for such an extraordinary remedy. Section 1112(b) of the Bankruptcy Code allows the court to dismiss a bankruptcy case for "cause" and defines cause with a nonexclusive list of examples warranting dismissal. See 11 U.S.C. § 1112(b). Section 1112(b)(1) of the Bankruptcy Code provides, in pertinent part, as follows:

> [O]n request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b)(1). Section 1112(b)(4) of the Bankruptcy Code then enumerates sixteen (16) grounds that may constitute cause for conversion of dismissal. See 11 U.S.C. § 1112(b)(4)(A)-(P). This list is not exclusive. See 11 U.S.C. § 102(3) (noting that rules of construction require that the term "including" are not limiting).

Although Section 1112(b) of the Bankruptcy Code does not expressly require that a bankruptcy petition be filed in good faith, the lack of good faith in filing a Chapter 11 petition can establish cause for dismissal or cause for relief from the automatic stay. See Marsch v. Marsch (In re Marsch), 36 F.3d 825, 828 (9th Cir. 1994); State of Idaho, Dep't of Lands v. Arnold (In re Arnold), 806 F.2d 937, 939 (9th Cir. 1986). Courts have implied some kind of equitable limitation on Chapter 11 filings "to deter filings that seek to achieve objectives outside the legitimate scope of the bankruptcy laws." Marsch, 36 F.3d at 828 (citing cases).

"The existence of good faith depends on an amalgam of factors and not upon a specific fact." Id. (quoting Arnold, 806 F.2d at 939). "The test is whether a debtor is attempting to unreasonably deter and harass creditors or is attempting to effect a speedy, efficient reorganization on a feasible basis." Id. (citing Arnold, 806 F.2d at 939). Critically, "[g]ood faith is lacking only when the debtor's actions are a clear abuse of the bankruptcy process." Arnold,

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

806 F.2d at 939 (emphasis added); see also In re Marshall, 298 B.R. 670, 680-81 (Bankr. C.D. Cal. 2003) (noting the "clear abuse" requirement for dismissal of a Chapter 11 case as a bad faith filing, and declining to dismiss).

**3. Application.**

In the case at hand, Bergeron's wild speculations and conspiracy theories, which are all advanced without any admissible evidence to support them, do not even come close to establishing the "clear abuse" needed to dismiss Debtor's bankruptcy case as a bad faith filing. In fact, Bergeron's Motion is, in large part, moot in light of the fact that the Final DIP Financing Order, the Final Zuffa Licensing Order and the Sale Order are now final orders. Moreover, to the extent any remedies exist or remain against Debtor, Fertitta Enterprises, Zyen, and/or any other party in interest, such matters are either already being prosecuted in the Shareholder Litigation and/or the Committee Complaint, and/or can be prosecuted through other adversary proceedings. As such, Bergeron's request to dismiss Debtor's bankruptcy case as a bad faith filing must be denied.

**D. The Request For Leave To File An Amended Counterclaim In The Litigation Must Be Denied.**

To the extent Bergeron's Motion can be construed as a request for leave to file an amended counterclaim, such request must be denied. Rule 15(a) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to this adversary proceeding pursuant to Bankruptcy Rule 7015, governs the amendment of pleadings. Pursuant to Federal Rule 15(a)(2), Bergeron may only amend his Counterclaim with leave of court, although, as a general matter, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Notwithstanding the general liberal policy of granting leave to amend a pleading, Bergeron must be denied such leave in the case at hand for several reasons.

First, Local Rule 7015 requires, in pertinent part, that "[a]ny motion to amend the pleadings must have a copy of the proposed amended pleading included as an exhibit." LR 7015(a). Bergeron's Motion fails to include as an exhibit a copy of his proposed amended counterclaim, and thus his request must be denied for failure to comply with LR 7015(a).



GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

Without the proposed amended pleading, the Court has no basis on which to make any determination on his request for leave.

Second, based on the proposed amendments Bergeron appears to describe in his Motion, the request for leave must be denied because they would be futile, as Bergeron lacks standing to assert such claims. See Foman v. Davis, 371 U.S. 178 (1962) (noting that "futility of amendment" can serve as a basis to deny a motion to leave to amend); Shermoen v. United States, 982 F.2d 1312, 1319 (9th Cir. 1992); Saul v. United States, 928 F2d 829, 843 (9th Cir. 1991).

Specifically, trustees are the party possessing the right to sue on behalf of the bankruptcy estate. See Estate of Spirtos v. One San Bernardino County Super. Ct. Case Numbered SPR 02211 (In re Spirtos), 443 F.3d 1172, 1175-76 (9th Cir. 2006) (citing cases); see also Schnelling v. Thomas (In re Agribiotech, Inc.), 319 B.R. 216, 219 (D. Nev. 2004); In re Folks, 211 B.R. 378, 386-87 (B.A.P. 9th Cir. 1997). In the case at hand, Bergeron's Motion makes a number of allegations, which appear to alleged claims for civil RICO, fraud, breach of fiduciary duty, aiding and abetting any of the foregoing, and/or conspiracy to commit any of the foregoing.

First, with respect to any potential civil RICO claim, such claims are property of the bankruptcy estate and thus that the trustee has exclusive standing to prosecute such actions. See Smith v. Arthur Anderson, LLP, 421 F.3d 989, 1002-06 (9th Cir. 2005). Second, with respect to any fraud or breach of fiduciary duty claims, such claims also clearly belong to the debtor-corporation, and thus are for the trustee to prosecute. See Agribiotech, Inc., 319 B.R. at 223 (quoting Pepper v. Litton, 308 U.S. 295, 306-07 (1939)). Third, any claims for aiding and abetting and for conspiracy must be dismissed because such claims cannot exist without first establishing that an underlying tort was committed, which underlying torts Bergeron also lacks standing to bring. See Sovereign Partners v. Lascu (In re Sovereign Partners), 179 B.R. 656, 662 (D. Nev. 1995) (holding with respect to aiding and abetting a breach of fiduciary duty); Flowers v. Carville, 266 F. Supp. 2d 1245, 1249 (D. Nev. 2003) (holding with respect to conspiracy to commit defamation); Agribiotech, 319 B.R. at 223 (dismissing claim for participation in breach of fiduciary duty against a debtor's accounting firm); CarrAmerica Realty Corp. v. nVidia Corp.,

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

Nos. C-05-00428, et al., 2006 WL 2868979, *7-8 (N.D. Cal. Sept. 29, 2006) (dismissing a creditor's conspiracy claim for lack of standing because the creditor lacked standing to pursue the underlying tort claim).

Finally, with respect to Bergeron's allegations of potential bankruptcy crimes pursuant to Title 18 of the U.S. Code, 28 U.S.C. §§ 152, et seq., Bergeron also obviously lacks standing to prosecute such actions, as only the U.S. Department of Justice through the Office of the U.S. Trustee has standing to raise such matters. Moreover, any suggestion that Fertitta Enterprises has ever committed a bankruptcy crime should be struck pursuant to Section 107 of the Bankruptcy Code and Bankruptcy Rule 9018 as a "scandalous or defamatory matter." 11 U.S.C. § 107(b)(2); Fed. R. Bankr. P. 9018.

In sum, Bergeron should be denied leave to amend his Counterclaim to add either additional counterclaimants or counterclaims, as any such amendment would be futile in light of his obvious lack of standing to assert such issues as a matter of law.

**E. <u>The Request To Dismiss The Litigation Does Not Involve Fertitta Enterprises.</u>**

Fertitta Enterprises was not a party to the Complaint herein, and has never asserted any claims against Bergeron in the Litigation. As such, Fertitta Enterprises takes no position with respect to Bergeron's request to dismiss Debtor's claims against him in the Litigation, and thus leaves that issue for the Debtor.

**F. <u>The Request For Summary Judgment Must Be Denied.</u>**

**1. <u>General Standard.</u>**

Summary judgment may be granted pursuant to Federal Rule 56, made applicable to this adversary proceeding pursuant to Bankruptcy Rule 7056, when, viewing the evidence in the light most favorable to the nonmoving party, "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986).

Because Bergeron seeks summary judgment on his own counterclaims against Fertitta





GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

Enterprises, Bergeron has both the initial burden of production and the ultimate burden of persuading the Court that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law.[7] See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323).

Bergeron's Counterclaim alleges the following four claims for relief ag ainst Fertitta Enterprises: (1) defamation, (2) violation of First Amendment rights, (3) tortious interference with prospective economic advantage, and (4) pain and suffering. Bergeron's Motion must be denied because he fails to set forth any admissible evidence in support of his claims, and he fails to establish that he is entitled to judgment as a matter of law.[8]

**2. No Admissible Evidence In Support Of Summary Judgment.**

Bergeron attaches to his Motion a jumble mess of unauthenticated documents, which are hearsay and lacking in any foundation. Likewise, Bergeron fails to offer any affidavits or declarations signed under penalty of perjury in support of his Motion.

"A trial court can only consider admissible evidence in ruling on a motion for summary judgment." Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002) (citing Fed. R. Civ. P. 56(e)). "Authentication is a 'condition precedent to admissibility,' and this condition is satisfied by 'evidence sufficient to support a finding that the matter in question is what its proponent claims.' Id. (citing Fed. R. Evid. 901(a)) (footnotes omitted). "We have repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment." Id. (citing cases). "In a summary judgment motion, documents authenticated through personal knowledge must be 'attached to an affidavit that meets the requirements of [Federal Rule] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." Id. at 773-74 (citations and footnotes omitted). In the case at hand, none of Bergeron's exhibits

[7] To the extent Bergeron's Motion seeks summary judgment dismissing Debtor's claims against him, Fertitta Enterprises takes no position with respect to that issue, as Fertitta Enterprises was never a party to the Complaint herein, and instead leaves that issue for the Debtor.

[8] Given the timing of Bergeron's filing of his Motion, the legal arguments set forth in this Opposition are substantially similar to those set forth in Fertitta Enterprises' previously filed motion to dismiss this Litigation. See Adversary Docket No. 7.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

are properly authenticated and thus they are inadmissible as a matter of law. As a party seeking summary judgment on his own counterclaims, Bergeron's failure to offer any admissible evidence in support of his summary judgment request also results in his failure to establish his burden that there are no genuine issues of material fact in dispute. As such, Bergeron's request for summary judgment must be denied.

**3. No Entitlement To Summary Judgment As A Matter Of Law.**

**a. First Counterclaim: Defamation.**

Bergeron's first counterclaim alleges that he has been defamed in pleadings filed by Xyience in the Litigation, see Counterclaim, ¶¶ 30 and 32, and that he has been defamed "in bogus blogs produced about him and connected directly to Xyience employees and/or associates through IP addresses." Id. at ¶ 31.

As an initial matter, the Counterclaim makes no allegation that Fertitta Enterprises took part in any of the alleged defamatory statements; rather, the Counterclaim only makes such allegations against Xyience and/or its employees. See Counterclaim, ¶ 30 ("There was never any factual basis for Xyience to claim . . ."); ¶ 31 (referencing blogs "connected to Xyience employees and/or associates"); ¶ 32 (referencing the actions of only a "Xyience representative") (emphases added). As such, any alleged defamation claim against Fertitta Enterprises must be dismissed because the Counterclaim lacks any facts pled to support such a claim against Fertitta Enterprises.[9] Even if the Counterclaim could ever be read to include a defamation claim against Fertitta Enterprises, such claims must be dismissed as a matter of law.

To the extent Bergeron's defamation counterclaim against Fertitta Enterprises arises out of any pleadings or papers filed in the Litigation, such claims must be dismissed for several reasons. First, as previously noted, Fertitta Enterprises was not even a party or in any way

[9] Moreover, because defamation is an intentional tort, it would be outside the scope of any employee's employment or agent's agency, and thus something for which the individual would be personally liable, not Fertitta Enterprises. See Rockwell v. Sun Harbor Budget Suites, 925 P.2d 1175, 1179 (Nev. 1996); Prell Hotel Corp. v. Antonacci, 469 P.2d 399, 400 (Nev. 1970). In this regard, the Counterclaim fails to plead any specific facts to establish *respondeat superior* liability of Fertitta Enterprises for any such alleged acts anyway.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

involved in the Litigation until Bergeron joined them as an additional counterdefendant in his Counterclaim filed on February 19, 2008. Prior to being dragged in by Bergeron in his Counterclaim, Fertitta Enterprises was not a party to the Litigation and did not submit any papers or pleadings in support of anything, including but not limited to Xyience's original Complaint or Preliminary Injunction Motion. In fact, this Motion is the first pleading Fertitta Enterprises has ever filed in this Litigation. As such, to the extent any liability could ever result from the filings in the Litigation, it is clear that Fertitta Enterprises took no part in those matters.

Second, even if Fertitta Enterprises did take any part in the Litigation prior to Bergeron's filing of his Counterclaim, which Bergeron has never alleged, the litigation privilege provides absolute immunity against defamation claims that are based on communications uttered or published in the course of judicial proceedings. See Fink v. Oshins, 49 P.3d 640, 643-44 (Nev. 2002); Circus Circus Hotels v. Witherspoon, 657 P.2d 101, 104 (Nev. 1983); Lisowski v. Davis (In re Davis), 312 B.R. 681, 689-90 (Bankr. D. Nev. 2004). As such, to the extent any of Bergeron's allegations are based on any statements made by Fertitta Enterprises in connection with the Litigation, such claims are privileged in any event.

To the extent Bergeron's defamation counterclaim against Fertitta Enterprises arises out of the alleged anonymous postings on unidentified blogs, such claims also must be dismissed. A blog (a portmanteau of web log) is an interactive website that provides a forum for users to provide commentary and discussion on a particular subject. Users can post comments on a blog under assumed names and/or anonymously.

Defamation requires "publication of a false statement of fact." Pegasus v. Reno Newspapers, Inc., 57 P.3d 82, 87 (Nev. 2002) (citing Posadas v. City of Reno, 851 P.2d 438, 442 (Nev. 1993)). "Statements of opinion cannot be defamatory because 'there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas.'" Pegasus, 57 P.3d at 87 (quoting Gertz v. Robert Welch, Inc., 418 U.S. 323, 339-40 (1974)).

In the specific context of blogs, courts recognize that internet sources by their nature are inherently unreliable, and are for the expression of opinions, not facts. See SPX Corp. v. Doe,

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

253 F. Supp. 2d 974, 981 (N.D. Ohio 2003) (granting motion to dismiss defamation claim and stating that "[s]uch message boards are accessible to anyone of the tens of millions of people in this country (and more abroad) with Internet access, and no one exerts control over the content. Pseudonym screen names are the norm. A reasonable reader would not view the blanket, unexplained statements at issue as 'facts' when placed on such an open and uncontrolled forum."); Global Telemedia Intern., Inc. v. Doe 1, 132 F. Supp. 2d 1261, 1267 (C.D. Cal. 2001); Penn Warranty Corp. v. DiGiovanni, 810 N.Y.S.2d 807, 815 (N.Y. Sup. Ct. 2005) (granting summary judgment dismissing defamation claims allegedly arising from internet postings as opinions); see also Doe v. Cahill, 884 A.2d 451, 465 (Del. 2005) ("Blogs and chat rooms tend to be vehicles for the expression of opinions; by their very nature, they are not a source of facts or data upon which a reasonable person would rely."); DiMeo v. Max, 433 F. Supp. 2d 523, 531 n.14 (E.D. Pa. 2006) (noting that people viewing internet message boards "could not mistake the site for the New York Times" and that the content is "palpably is not serious"). As such, and in addition to the fact that Bergeron never even alleges that any of the anonymous blog postings about him were attributable to Fertitta Enterprises, any such postings are merely expressions of opinion, not fact, and thus are not actionable defamation claims as a matter of law.

**b. Second Counterclaim: "Violation Of First Amendment Rights."**

Bergeron's second counterclaim alleges a violation of his First Amendment rights, which, presumably, is a claim for a civil rights action under 42 U.S.C. § 1983. See Counterclaim, pp. 8-9. To sustain an action under Section 1983, a plaintiff must show: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional right. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990) (citing Rinker v. Napa County, 831 F.2d 829, 831 (9th Cir. 1987)); see also Butler v. Bayer, 168 P.3d 1055, 1061 (Nev. 2007) (discussing requirement of state action); Boulder City v. Cinnamon Hills Assocs., 871 P.2d 320, 324-25 (Nev. 1994).

In the case at hand, Fertitta Enterprises is a private party, and private parties generally do not act under color of state law. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). Under certain limited circumstances, however, private persons can be acting under color of law

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

for Section 1983 purposes if engaged jointly with state officials with respect to a challenged action. See Dennis v. Sparks, 449 U.S. 24, 28 (1980). In the case at hand, the only state action apparently claimed by Bergeron is the use of the courts to bring the Complaint and the Preliminary Injunction Motion.

"Of course, 'merely resorting to the courts and being on the winning side of a lawsuit does not make a private party a joint actor with the judge.'" Schucker v. Rockwood, 846 F.2d 1202, 1205 (9th Cir. 1988) (quoting Dennis, 449 U.S. at 28)). "Invoking state legal procedures does not constitute 'joint participation' or 'conspiracy' with state officials sufficient to satisfy section 1983's state action requirement." Id. (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 939 n.21 (1982)); see also Copple v. Astrella & Rice, P.C., 442 F. Supp. 2d 829, 837 (N.D. Cal. 2006); Thomason v. Norman E. Lehrer, P.C., 182 F.R.D. 121, 128-29 (D.N.J. 1998).

In the case at hand, as is clearly established by the docket on file in this case, Fertitta Enterprises was not a party to and had no involvement in the Litigation until Bergeron included it as an additional counterdefendant in his Counterclaim. As such, Fertitta Enterprises had no involvement in either instituting the Litigation or obtaining the Preliminary Injunction Order against Bergeron. Moreover, even if Fertitta Enterprises did have any involvement in the Litigation, which has never even been alleged, it is a private party merely invoking legal procedures, and thus any such claim lacks the necessary state action for a claim under Section 1983. As such, Bergeron's second counterclaim for violation of his First Amendment rights must be dismissed because it does not allege a cognizable legal theory.[10]

**c. Third Counterclaim: Tortious Interference With Prospective Economic Advantage.**

Bergeron's third counterclaim alleges tortious interference with prospective economic advantage. See Counterclaim, pp. 9-10. Liability for the tort of intentional interference with

---

[10] In fact, Bergeron's Section 1983 action against Fertitta Enterprises is so meritless and frivolous that Fertitta Enterprises should be awarded its attorneys' fees in having to defend this matter pursuant to 42 U.S.C. § 1988(b). See Cuzze v. University and Cmty. College Sys. of Nev., 172 P.3d 131, 135-36 and n.17 (Nev. 2007) (citing Hughes v. Rowe, 449 U.S. 5, 14 (1980)).

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

prospective economic advantage requires proof of the following elements:

> 1. A prospective contractual relationship between the plaintiff and a third party;
>
> 2. Knowledge by the defendant of the prospective relationship;
>
> 3. Intent to harm the plaintiff by preventing the relationship;
>
> 4. The absence of privilege or justification by the defendant; and
>
> 5. Actual harm to the plaintiff as a result of the defendant's conduct.

Wichinsky v. Mosa, 847 P.2d 727, 730 (Nev. 1993) (citing Leavitt v. Leisure Sports, Inc., 734 P.2d 1221, 1225 (1987)).

"At the heart of [an intentional interference] action is whether Plaintiff has proved intentional acts by Defendant intended or designed to disrupt Plaintiff's contractual relations. . . ." Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 867 F. Supp. 920, 925 (D. Nev. 1994) (quoting National Right to Life P.A. Com. v. Friends of Bryan, 741 F. Supp. 807, 814 (D. Nev. 1990)).

In the case at hand, Bergeron claims that the interference inflicted upon him is the filing of the Litigation and his having to defend himself in the Litigation. See Counterclaim, ¶ 45. As noted previously herein, Fertitta Enterprises was never a party to the Litigation until Bergeron himself joined it as an additional counterdefendant in his Counterclaim filed on February 19, 2008. Moreover, the only action Fertitta Enterprises has taken in this case to date is the filing of a motion to dismiss this Litigation against it pursuant to Federal Rule 12(b) and the filing of this Opposition.[11] As such, it is clear that Fertitta Enterprises could never have had any intent to do anything to Bergeron in the Litigation, or, in fact, caused any harm to him in the Litigation. As such, Bergeron's counterclaim for intentional interference with prospective economic advantage against Fertitta Enterprises is simply not plausible, and thus must be dismissed as a matter of

[11] One who acts in good faith and by appropriate means in defense of a legally protectable interest does not engage in improper interference. See Restatement (Second) Torts, § 773.

Gordon & Silver, Ltd.
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

law.

**d. Fourth Counterclaim: "Pain and Suffering."**

Bergeron's fourth counterclaim alleges "pain and suffering" allegedly resulting from the Litigation. See Counterclaim, pp. 10-12. This "claim" must be dismissed because it is not a cognizable legal theory.

First, "pain and suffering" is not a claim for relief; rather, it is a specific type of damages that can be sought if liability based on an underlying claim is established. See, e.g., Paul v. Imperial Palace, Inc., 908 P.2d 226, 228-29 (Nev. 1995) (discussing damages sought for future pain and suffering arising out of a "slip and fall" negligence action); Banks ex rel. Banks v. Sunrise Hosp., 102 P.3d 52, 61-62 (Nev. 2004).

Federal Rule 8(a), made applicable to this adversary proceeding pursuant to Bankruptcy Rule 7008(a), provides, in pertinent part, as follows:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> . . .
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may included relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a) (emphases added). Bergeron has set forth alleged damages in the form of "pain and suffering" per Rule 8(a)(3), but has never alleged a cognizable underlying claim to support the recovery of such damages per Rule 8(a)(2).

Remedies disguised as causes of action must be dismissed. See Hoover v. Crawford, No. 3:06-cv-00212, 2007 WL 138177, at *8 (D. Nev. May 10, 2007); Lund v. J.C. Penny Outlet, 977 F. Supp. 442, 445 (D. Nev. 1996) (dismissing cause of action for punitive damages because it is a remedy, not a cause of action); see also Badillo v. American Brands, 16 P.3d 435, 440 (Nev. 2001) (holding that "[w]e cannot recognize a remedy absent an underlying cause of action"). As such, Bergeron's fourth counterclaim for "pain and suffering" is really not a claim at all, and must be dismissed as a matter of law.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

Second, to the extent Bergeron's counterclaim for "pain and suffering" could ever be construed as a cognizable claim for relief, it must be dismissed as to Fertitta Enterprises. It is clear from the record before this Court that Xyience filed this Litigation against Bergeron, not Fertitta Enterprises. In response, Bergeron counterclaimed against Xyience and also dragged in Fertitta Enterprises as an additional counterdefendant in his Counterclaim filed on February 19, 2008. Fertitta Enterprises was not a party to or involved in any way in the Litigation prior to being named a counterdefendant, and thus could have never caused him any pain and suffering in the Litigation. As such, Bergeron's counterclaim against Fertitta Enterprises for pain and suffering arising out of this Litigation is simply not plausible, and thus must be dismissed as a matter of law.

## G. <u>The Request For Sanctions Must Be Denied.</u>

Bergeron's Motion refers generally to "Rule 11" sanctions (i.e., presumably referring to Bankruptcy Rule 9011) and argues that he is entitled to a multi-million dollar punitive award because of this Litigation. Bergeron's request for any sanctions clearly must be denied as to Fertitta Enterprises for numerous reasons.

First, it is difficult to even conceive how Fertitta Enterprises could ever be sanctioned in this Litigation, as it was not a party to the Debtor's Complaint, and did not file any pleadings or participate in any way in the Litigation until after Bergeron named them as an additional counterdefendant on February 19, 2008. Moreover, since being named as a counterdefendant and prior to Bergeron's Motion being filed on March 28, 2008, Fertitta Enterprises has only filed one document in this Litigation--a motion to dismiss Bergeron's counterclaims pursuant to Federal Rule 12(b) on March 24, 2008. As such, to the extent sanctions could ever be imposed against Fertitta Enterprises, it would have to be the result of Fertitta Enterprises' motion to dismiss.[12]

---

[12] Notably, Bankruptcy Rule 9011 applies only to a "pleading, written motion and other paper," and it must be "present[ed] to the court (whether by signing, filing, submitting or later advocating)." Fed. R. Bankr. P. 9011(a) and (b). As such, the rule does not apply to any other litigation conduct. <u>See</u> <u>Christian v. Mattel, Inc.</u>, 286 F.3d 1118, 1131 (9th Cir. 2002); <u>Antonious v. Spalding & Evenflo Cos., Inc.</u>, 281 F.3d 1258, 1261 (Fed. Cir. 2002).

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

Bergeron's Motion, however, fails to comply with the requirements in Bankruptcy Rule 9011, which provides that a sanctions motion cannot be filed until 21 days after it is served on the opposing party, and also that a sanctions motion must be separately filed from other requests. Specifically, Bankruptcy Rule 9011(c)(1)(A) provides, in pertinent part, as follows:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected . . . .

Fed. R. Bankr. P. 9011(c)(1)(A).[13]

The 21 day "safe harbor" is an absolute prerequisite, and thus Rule 11 sanctions cannot be imposed pursuant to a motion filed within 21 days after the motion was served. See Radcliffe v. Rainbow Const. Co., 254 F.3d 772, 789 (9th Cir. 2001) (holding that the 21–day "safe harbor" "mandatory" and not excused by earlier warning to opposing party); Barber v. Miller, 146 F.3d 707, 710 (9th Cir. 1988) (recognizing that previous warnings "were not motions, however, and the Rule requires service of a motion"); Woods v. Truckee Meadows Water Auth., 2007 WL 2264509 (D. Nev. 2007).

Similarly, a sanctions motion must be made separately from other requests to the court. See Johnson v. Waddell & Reed, Inc., 74 F.3d 147, 150–151 (7th Cir. 1996); see also Barber v. Miller, 146 F.3d 707, 711 (9th Cir. 1998) (noting that Rule 11 sanctions motion can, however, include requests for sanctions under other sanctions powers, such as the court's inherent authority under 28 U.S.C. § 1927).

In the case at hand, Fertitta Enterprises' motion to dismiss this Litigation was filed on March 24, 2008, and only four (4) days later, on March 28, 2008, Bergeron filed his Motion. In fact, Bergeron never served any request for sanctions on Fertitta Enterprises prior to filing it, let

[13] NRCP 11(c)(1)(A) has a similar 21 day safe harbor and separate filing requirements as Bankruptcy Rule 9011(c)(1)(A).

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

alone waited 21 days after serving it before filing it. Moreover, Bergeron filed his Motion with numerous other requests for relief as addressed elsewhere in this Opposition. As such, Bergeron's sanctions request has clearly failed to comply with several requirements in Bankruptcy Rule 9011, and thus must be denied as a matter of law.

Finally, Bergeron's sanctions request is completely frivolous, utterly lacking in evidentiary support, completely unwarranted by existing law, and filed for an improper purpose. Bergeron fails to pinpoint any allegedly sanctionable conduct in Fertitta Enterprises' motion to dismiss, and instead only offers conspiracy theories that he clearly lacks standing to assert in any event. As such, Bergeron's multi-million dollar punitive sanctions request is exceedingly inappropriate, and must be denied.

In fact, Bankruptcy Rule 9011 provides, in pertinent part, that "[i]f warranted, the court may award the party prevailing on the motion the reasonable expenses and attorneys' fees incurred in presenting or opposing the motion." Fed. R. Bankr. P. 9011(c)(1)(A) (emphases added). In light of the obvious and critical failures in Bergeron's sanctions request, this Court can and should award Fertitta Enterprises its reasonable attorneys' fees and costs incurred in having to oppose Bergeron's ridiculous request. See Buster v. Greisen, 104 F.3d 1186, 1190 n.5 (9th Cir. 1997).

## III.
## CONCLUSION

WHEREFORE, Fertitta Enterprises respectfully requests that the Court DENY the Motion in its entirety, and GRANT it such other and further relief as is just and proper.

DATED this 15th day of April, 2008.

GORDON & SILVER, LTD.

By: [signature]
GREGORY E. GARMAN, ESQ.
MATTHEW C. ZIRZOW, ESQ.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Attorneys for Fertitta Enterprises, Inc.