FENNEMORE CRAIG, P.C.
Laurel E. Davis (NV Bar No. 3005)
Jon T. Pearson (NV Bar No. 10182)
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 692-8000
E-Mail: ldavis@fclaw.com
E-Mail: jpearson@fclaw.com

Attorneys for Plaintiff/Counter-Defendant
**Xyience Incorporated**

**E-filed April 21, 2008**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>XYIENCE INCORPORATED,<br>a Nevada corporation,<br><br>Debtor. | Chapter 11<br><br>No. BK-S-08-10474-MKN |
| XYIENCE INCORPORATED, a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON, an individual<br><br>Defendant. | Adv. No. 08-01082<br><br>Date: (Not set for hearing)<br>Time: (Not set for hearing)<br>Location: 300 Las Vegas Blvd. South<br>Courtroom #2<br>Las Vegas, NV 89101 |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | **XYIENCE'S OPPOSITION TO DEFENDANT/COUNTERCLAIMANT RICHARD BERGERON'S DISPOSITIVE MOTION FOR RULE 11 SANCTIONS** |

Plaintiff/Counter-Defendant Xyience Incorporated ("Xyience" or the "Debtor") submits this Opposition to Defendant/Counterclaimant Richard Bergeron's ("Mr. Bergeron") *Dispositive Motion for Rule 11 Sanctions [Dkt. #3, Exh. 34]* ("Motion"). This Opposition is based upon the following points and authorities, the pleadings, papers and other records on file herein, and such argument and further evidence presented to the Court at the time of any hearing.

## POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

1. On July 18, 2007, Xyience filed a Complaint against Mr. Bergeron in the Eighth Judicial District Court, Clark County, Nevada ("State Court"), as Case No. A544781, seeking damages for defamation, tortuous interference with prospective economic advantage, and intentional interference with contract. (See Complaint at Dkt. #3, Exh. 2.) In addition, Xyience sought injunctive relief against Mr. Bergeron with respect to Mr. Bergeron's posting of defamatory material regarding Xyience on his Myspace.com and UnlimitedFightNews.com websites (the "Litigation"). (Id.)

2. On September 6, 2007, the State Court issued a preliminary injunction enjoining Mr. Bergeron, *inter alia*, from posting defamatory remarks on the internet concerning Xyience and requiring him to remove certain defamatory articles that he had posted on the internet. (See Preliminary Injunction Order at Dkt. #3, Exh. 18.)

3. On or about October 5, 2007, because Mr. Bergeron had failed to answer the Complaint, a Three Day Notice was sent and a default was entered against Mr. Bergeron ("Default"). (See Default at Dkt. #3, Exh. 23 and Three Day Notice at Dkt. #3, Exh. 24.) Although a Default had been entered against Mr. Bergeron, Mr. Bergeron continued to improperly file subsequent motions in the Litigation.

4. On November 6, 2007, the Preliminary Injunction Order was modified to include Google and Earthlink Inc. so that each may take appropriate action to remove certain defamatory

articles that Mr. Bergeron had posted on the internet. (See Modified Preliminary Injunction Order at Dkt. #3, Exh. 28.)

5. On December 6, 2007, Mr. Bergeron filed a Notice of Dispositive Motion for Rule 11 Sanctions without an accompanied Motion for Rule 11 Sanctions. [Dkt. #3, Ech. 32.]

6. On December 15, 2007, Mr. Bergeron filed his Dispositive Motion for Rule 11 Sanctions. [Dkt. #3, Exh. 34.]

7. Mr. Bergeron filed another Notice of Dispositive Motion for Rule 11 Sanctions on December 15, 2007. [Dkt. #3, Exh. 35.]

8. On January 18, 2008, Xyience filed its voluntary petition for chapter 11 relief ("Chapter 11 Case").

9. On February 7, 2008, Xyience's Motion to Quash or Motion to Strike, Motion to Vacate and Motion for Attorneys' Fees was heard by the State Court. The State Court ordered, *inter alia*, that: (i) the Default against Mr. Bergeron be set aside; (ii) Mr. Bergeron may file an answer and/or whatever pleading he deems appropriate in the Litigation; and (iii) Mr. Bergeron's Motion to Dismiss was set to be heard on March 5, 2008. (See Order at Dkt. #3, Exh. 54.) Mr. Bergeron's Motion for Rule 11 Sanctions was set to be heard on March 18, 2008. (See Re-Notice at Dkt. #3, Exh. 49.)

10. On February 14, 2008, Mr. Bergeron Re-Noticed his Dispositive Motion for Rule 11 Sanctions. [Dkt. #49.]

11. On February 19, 2008, and despite knowledge that Xyience had sought bankruptcy relief, Mr. Bergeron filed an Answer to Complaint and Counterclaim for Declamatory [sic] Relief against Xyience asserting claims for relief for: (i) defamation; (ii) violation of first amendment rights; (iii) tortuous interference with prospective economic advantage; and (iv) pain and suffering. (See Counterclaims at Dkt. #3, Exh. 50 ("Counterclaim").) In addition to asserting

counterclaims against Xyience,[1] Mr. Bergeron also asserted the same counterclaims against Fertitta Enterprises, Inc. (Id.)

12. Xyience's reorganization counsel, Fennemore Craig, P.C., did not make its first appearance in the Litigation until February 25, 2008. (See Substitution of Counsel at Dkt. #3, Exh. 58.)

13. On February 26, 2008, Xyience filed an Initial Opposition to Defendant's Dispositive Motion for Rule 11 Sanctions. [Dkt. #62.]

14. On February 27, 2008, because Xyience's current counsel, Fennemore Craig, P.C., had only recently made its first appearance as counsel for Xyience in the Litigation, Xyience filed an *Ex Parte* Motion for an extension, and a Motion to continue hearings on Mr. Bergeron's Motion for Rule 11 Sanctions and Motion to Dismiss on order shortening time ("*Ex Parte* Motion"). (See *Ex Parte* Motion at Dkt. #3, Exh. 57.)

15. On March 3, 2008, the State Court entered an order, *inter alia*, continuing the hearing on Mr. Bergeron's Motion for Rule 11 Sanctions and Motion to Dismiss, and that Xyience's Oppositions to such motions were not due until April 21, 2008. (See Order at Dkt. #3, Exh. 68.)

16. On March 20, 2008, Xyience removed the Litigation to Bankruptcy Court where it now remains pending as the above-captioned adversary proceeding. (See Removal at Dkt. #1.)

17. Mr. Bergeron's Dispositive Motion for Rule 11 Sanctions has not been set for a hearing in this Court.

///

[1] Mr. Bergeron's filing of counterclaims against Xyience during the pendency of its bankruptcy case was a clear and knowing violation of the automatic stay imposed by Section 362 of the Bankruptcy Code.

## II.

## ARGUMENT

### A. Mr. Bergeron's Motion for Rule 11 Sanctions Is Procedurally Flawed.

Fed.R.Bankr.P. 9011(c)(1)(A) provides, in pertinent part, as follows:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected . . . .

Fed.R.Bankr.P. 9011(c)(1)(A).[2]

Courts have consistently required that parties seeking Sanctions under Fed.R.Bankr.P. 9011 follow the strict procedural requirements prescribed in the rule. The 21-day "safe harbor" is an absolute prerequisite, and thus, Rule 11 sanctions cannot be imposed pursuant to a motion filed within 21-days after the motion was served. See Radcliffe v. Rainbow Constr. Co., 254 F.3d 772, 788-89 (9th Cir.2001); Barber v. Miller, 146 F.3d 707, 710 (9th Cir. 1988) (recognizing that previous warnings "were not motions, however, and the Rule requires service of a motion"). Specifically the Court held in Radcliffe, that:

> Rule 11(c)(1)(A) provides strict procedural requirements for parties to follow when they move for sanctions under Rule 11. To comply with the Rule, [the defendant is] required to serve its Rule 11 motion on the plaintiffs with a demand for retraction of the allegedly offending allegations, and then to allow the plaintiffs at least twenty-one days to retract the pleading before filing the motion with the court. [However, the defendant] did not follow this procedure. [Rather, the defendant] filed its Rule 11 motion along with a motion for summary judgment with the court. . . . [The defendant] did not serve the plaintiffs with the motion in advance of filing and thus did not comply with the twenty-one day advance service provision. Having not followed this procedure, [the defendant] was not entitled to obtain an award from the plaintiffs.

Radcliffe, 254 F.3d at 788-89 (internal citations omitted).

---

2 Although Mr. Bergeron filed this Motion in State Court, because this case has been removed to Bankruptcy Court, the Federal Rules of Bankruptcy Procedure apply. However, Nevada Rules of Civil Procedure 11(c)(1)(A) does have a similar 21-day safe harbor and separate filing requirements as Fed.R.Bankr.P. 9011(c)(1)(A).

On its face, it appears that Mr. Bergeron's Motion for Rule 11 Sanctions is not properly before this Court because Mr. Bergeron has failed to make any allegations regarding whether he served his Motion for Rule 11 Sanctions on Xyience prior to him filing this Motion with the State Court. In fact, Mr. Bergeron has merely filed various Notices, without an accompanied Motion, with the State Court dating back to December 6, 2007. Such notices, however, do not comply with Fed.R.Bankr.P. 9011's 21-day safe-harbor requirement. Fed.R.Bankr.P. 9011 requires a party to serve, without filing with the court, his or her Motion for Rule 11 Sanctions and demand that the alleged deficiencies be withdrawn or corrected. If such party does not withdraw or correct the alleged deficiencies, only then may the moving party file his or her Motion for Rule 11 Sanctions with the court. Because it appears that Mr. Bergeron failed to comply with the procedural requirements set forth in Fed.R.Bankr.P. 9011, his Motion for Rule 11 Sanctions is not properly before this Court and, therefore, must be denied.

**B. Mr. Bergeron's Motion for Rule 11 Sanctions is Substantively Flawed.**

In the event this Court permits Mr. Bergeron to move forward with his Motion for Rule 11 Sanctions, Mr. Bergeron has failed to provide any basis in which this Court could enter sanctions against Xyience. Mr. Bergeron's Motion for Rule 11 Sanctions lacks, *inter alia*, (i) any evidentiary support (*e.g.*, he failed to attach an affidavit or declaration) and (ii) existing law in which to support his Motion for Rule 11 Sanctions. It appears that Mr. Bergeron is merely using his Motion for Rule 11 Sanctions to continue his argument that the Preliminary Injunction Order should be vacated. Mr. Bergeron, however, fails to recognize that such argument has no place in a Motion for Rule 11 Sanctions. Rather, there are other procedural mechanisms that were available to Mr. Bergeron that would have permitted him to challenge the validity of the Preliminary Injunction Order (*e.g.*, a Motion for Reconsideration). Mr. Bergeron chose not to challenge the validity of the Preliminary Injunction Order through any proper procedural mechanism. Additionally, the fact that Xyience successfully obtained a Preliminary Injunction Order from the State Court should not subject Xyience to sanctions under Fed.R.Bankr.P. 9011.

That is, a party should not be sanctioned merely because it was the successful party during the litigation.

Mr. Bergeron is also fixated on providing, *ad nauseum*, unsubstantiated allegations and unauthenticated exhibits, which lack any foundation and are inadmissible hearsay, concerning alleged fraud committed by parties that either are not named in this lawsuit, or were not named in this lawsuit at the time Mr. Bergeron first filed his Motion for Rule 11 Sanctions. Specifically, Mr. Bergeron's Motion for Rule 11 Sanctions centers on alleged actions by Xyience's ex-CEO, Mr. Adam Frank, and Xyience's original counsel, Mr. Jamie Cogburn, who is no longer representing Xyience. In addition, Mr. Bergeron continues to assert unsubstantiated allegations concerning the Fertitta Enterprises, Inc. ("Fertitta Enterprises"). The Fertitta Enterprises, however, were not named as a party in this lawsuit until February 19, 2008, when Mr. Bergeron filed his Answer and Counterclaim. Notwithstanding Mr. Bergeron's failure to support his allegations with any admissible evidence, such allegations have no merit or relevancy to the present issues before this Court.

Moreover, Mr. Bergeron also argues that Xyience has failed to respond to his Motion to Dismiss, which was improperly filed on October 9, 2007. Although Xyience's reorganization counsel, Fennemore Craig, had not yet substituted in as Xyience's counsel, it is Fennemore Craig's understanding that no response was provided to Mr. Bergeron's Motion to Dismiss because he failed to follow the proper procedures of the State Court (*e.g.,* provide a Notice of Motion and/or have it properly calendared). More importantly, no response was required because a Default had been entered against Mr. Bergeron on October 5, 2007; thus, Mr. Bergeron's Motion to Dismiss would not have been properly filed in the State Court, unless the Default had first been set aside.

Furthermore, Fed.R.Bankr.P. 9011 only applies to a "pleading, written motion and other paper," and it must be "present[ed] to the court (whether by signing, filing, submitting or later advocating)." <u>See</u> Fed.R.Bankr.P. 9011(a) and (b). Thus, the rule does not apply to any other

litigation conduct. See Christian v. Mattel, Inc., 286 F.3d 1118, 1131 (9th Cir. 2002). With respect to any allegations concerning documents or discussions that allegedly took place but were not been presented to the Court, such alleged acts are not sanctionable under Fed.R.Bankr.P. 9011. With respect to any allegations concerning documents that have been presented to the Court, it is impossible to determine exactly what specific document(s) that Mr. Bergeron is attacking because he failed to tie his unsubstantiated allegations to any particular document. While Mr. Bergeron does mention a Declaration that was signed by Xyience's ex-Ceo, Mr. Adam Frank, Mr. Bergeron's allegations do not support a Motion for Rule 11 Sanctions.[3] Rather, Mr. Bergeron's allegations merely attack the creditability and weight of the evidence presented in Mr. Frank's Declaration. In fact, Mr. Bergeron's arguments concerning the Declaration should have been addressed in an Opposition to the Motion for Preliminary Injunction.

Lastly, Mr. Bergeron alleges that Xyience has brought this lawsuit simply to harass Mr. Bergeron. Mr. Bergeron states that "[Mr.] Cogburn has flooded this case with motion after motion knowing [that he] had no representation throughout. [Mr. Cogburn] has taken advantage of every technicality to gain an edge." (See Dkt. #3, Exh. 34 at p.15.) Whether Mr. Cogburn has a better understanding of the law and the rules of civil procedure, it has no basis for a Motion for Rule 11 Sanctions. Accordingly, for these reasons, Xyience respectfully requests that this Court deny Mr. Bergeron Motion for Rule 11 Sanctions.

## III.

## CONCLUSION

For the reasons stated above, Mr. Bergeron's Dispositive Motion for Rule 11 Sanctions must be denied, and pursuant to Fed.R.Bankr.P. 9011(c)(1)(A), Xyience respectfully requests an award for its attorneys' fees and costs, and such other relief that this Court deems just for having to defend against Mr. Bergeron's Dispositive Motion for Rule 11 Sanctions.

---

[3] Although it is not clear from his motion, it is assumed that Mr. Bergeron is referring to Mr. Frank's Declaration which was attached to Xyience's Motion for Preliminary Injunction on an Order Shortened Time. [Dkt. #3, Exhs. 3 and 9.]

DATED this 21st day of April, 2008.

FENNEMORE CRAIG, P.C.

By: /s/ Jon T. Pearson
Jon T. Pearson

Counsel for Plaintiff/Counter-Defendant
**Xyience Incorporated**