E-Filed On 4/22/08

GORDON & SILVER, LTD.
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gordonsilver.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for Fertitta Enterprises, Inc.

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>XYIENCE, INCORPORATED,<br>a Nevada corporation,<br><br>Debtor. | Case No.: BK-S-08-10474-MKN<br>Chapter 11 |
| XYIENCE INCORPORATED,<br>a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON, an individual,<br><br>Defendant. | Adversary No. 08-1082-MKN |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | **COUNTERDEFENDANT, FERTITTA ENTERPRISES, INC.'S, REPLY TO OPPOSITION TO MOTION TO DISMISS ADVERSARY PROCEEDING**<br><br>Date: April 30, 2008<br>Time: 9:30 a.m. |

Counterdefendant, Fertitta Enterprises, Inc., a Nevada corporation ("Fertitta Enterprises"), by and through its counsel, the law firm of Gordon & Silver, Ltd., hereby submits its Reply (the "Reply") to Defendant/Counterclaimant, Richard Bergeron's ("Bergeron") Opposition (the "Opposition") to the Motion to Dismiss Adversary Proceeding (the "Motion").[1]

## I.
## LEGAL ARGUMENT

### A. The Proper Bounds Of The Counterclaim.

The allegations comprising Bergeron's actual, pled counterclaim appear only on pages 3-13 of the pleading he entitles his Counterclaim.[2] For some unknown reason, pages 14-28 of Begeron's Counterclaim contain "points and authorities" with legal arguments and case citations. It is unclear why Bergeron attached these legal points and authorities to his Counterclaim, as they were both unnecessary and improper. See Fed. R. Civ. P. 8(a)(2) ("A pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief") (emphasis added); Fed. R. Civ. P. 10(b) ("A party must state its claims and defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.") (emphasis added); Fed. R. Bankr. P. 7008 and 7010. In fact, to clarify the record, the Court should strike Bergeron's legal points and authorities section from his Counterclaim pursuant to Rule 12(f)(1), made applicable to this adversary proceeding pursuant to Bankruptcy Rule 7012(b), as immaterial and impertinent. See Fed. R. Civ. P. 12(f)(1) (allowing the Court to strike matters *sua sponte* at any time); Fed. R. Bankr. P. 7012(b).

### B. The Opposition Cannot Add New Allegations Not In The Counterclaim.

In ruling on a motion to dismiss, a court must only consider the face of the party's complaint. See Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). "In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a

---

[1] Since the filing of Fertitta Enterprises' Motion, Debtor has filed its own Rule 12(b)(6) motion to dismiss Bergeron's counterclaims against it, which is set for hearing on May 14, 2008. See Docket No. 13.

[2] All capitalized terms herein have the same meaning as set forth in Fertitta Enterprises' Motion.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (quoting Schneider v. California Dep't of Corrs., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)); see also Grosso v. Miramax Film Corp., 400 F.3d 658, 659 (9th Cir. 2005) (holding that the inquiry into whether a motion to dismiss should be granted "begins and ends with" the complaint).

Bergeron's Opposition, however, adds at least one significant new allegation that was not in his Counterclaim. Specifically, in support of his first counterclaim for defamation, Bergeron's Opposition alleges that "Xyience and Fertitta Enterprises were equally culpable when they provided a statement to New Radio 840 KXNT Talk Show Host Casey Hendrickson in which they defamed Bergeron repeatedly." Opposition, p. 3, ll. 24-26. As noted in Fertitta Enterprises' original Motion, however, Bergeron's Counterclaim only alleged defamation in the pleadings filed in the Litigation and in internet blog postings by Xyience. See Counterclaim, ¶¶ 30-32. Nowhere in Bergeron's Counterclaim was there ever any allegation concerning allegedly defamatory statements made to a radio talk show host. As such, the Court must disregard this new allegation first raised in the Opposition in ruling on the Motion.

**C. First Counterclaim: Defamation.**

Bergeron's Opposition concedes that "[e]ven though Fertitta Enterprises may be justified in denying culpability as far as their direct involvement in defaming Bergeron, they provide . . . [an] argument . . . that actually debunks their fellow counter-plaintiff [sic] Xyience's case against Bergeron . . ." Opposition, p. 3. The Court should accept this admission by Bergeron that he has no evidence of any direct involvement by Fertitta Enterprises in any alleged defamation against him. Bergeron's admission is simply an acknowledgment of the obvious, however, as he never pled any allegations in his defamation counterclaim as against Fertitta Enterprises anyway. Whatever claims Bergeron may have against Xyience are a separate matter from his entirely specious defamation claim against Fertitta Enterprises.

As previously noted, the specific allegations in Bergeron's defamation counterclaim were limited to only defamation allegedly occurring in the pleadings filed in the Litigation and in internet blog postings by Xyience. See Counterclaim, ¶¶ 30-32. This fact is important to keep in

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

mind because Bergeron's Opposition blends all of his allegations (including new matters) together into one long diatribe. For example, Bergeron's allegations regarding what he calls the "quid-pro-quo agreement" and collusion only appear with respect to his second counterclaim, not in his defamation counterclaim. See Counterclaim, ¶¶ 34 and 43. As such, these latter allegations that Bergeron blends together in his Opposition cannot be considered in the context of deciding whether the defamation counterclaim should be dismissed.

If anything, Bergeron's Opposition, including his allegations, is now apparently attempting to argue that Fertitta Enterprises conspired to commit defamation against him, not that it committed defamation itself. Even a conspiracy to commit defamation claim would fail, however, because conspiracy first requires that the underlying tort of defamation was committed, see Flowers v. Carville, 266 F. Supp. 2d 1245, 1249 (D. Nev. 2003), and Bergeron could never make such a showing. As explained in the Motion, no defamation claim exists because statements made in pleadings are protected by the litigation privilege, and postings on internet blogs are merely expressions of opinion and therefore not actionable. Bergeron simply ignores these two legal points in his Opposition. In sum, Bergeron has failed to allege a cognizable defamation claim against Fertitta Enterprises as a matter of law, and thus his first counterclaim must be dismissed.

**D. Second Counterclaim: First Amendment Violation.**

**1. Section 1983 Action Is Not Claimed.**

In its Motion, Fertitta Enterprises assumed that Bergeron's second counterclaim for "violation of First Amendment rights" was brought pursuant to 42 U.S.C. § 1983, as it was not aware of any other claim for relief Bergeron could have pled for such alleged violations. In his Opposition, however, Bergeron states that he "is not specifically asking for relief under that statute." Opposition, p. 4. If Bergeron, by his own admission, is not bringing a 1983 action, then his claim must be dismissed because there is no other available theory of recovery. In his Opposition, however, Bergeron appears to argue that "Rule 11" and 18 U.S.C. § 241 provide him with a theory for recovery. As set forth below, Bergeron's premising his sanctions request on these two other theories also fail as a matter of law.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

**2. "Rule 11" Sanctions Are Not Available.**

Bergeron refers generally to "Rule 11" sanctions without explanation, but he is presumably referring to either or both Rule 11 of the Nevada Rules of Civil Procedure to the extent matters occurred in the Litigation in State Court, and/or Bankruptcy Rule 9011 to the extent matters occurred in the Litigation in Bankruptcy Court.[3] Bergeron's "Rule 11" sanctions request, however, must be dismissed as against Fertitta Enterprises for numerous reasons.

First, Bankruptcy Rule 9011, by its express terms, applies only to a "pleading, written motion and other paper," which must also be "present[ed] to the court (whether by signing, filing, submitting or later advocating)." Fed. R. Bankr. P. 9011(a) and (b). As such, the rule does not apply to any other litigation conduct. See Christian v. Mattel, Inc., 286 F.3d 1118, 1131 (9th Cir. 2002) (citing Business Guides, Inc. v. Chromatic Communications Enter., 892 F.2d 802, 813 (9th Cir. 1989) (holding that misstatements made during oral argument cannot constitute sanctionable offenses under Rule 11)). In the case at hand, Fertitta Enterprises was never a party to or signed the Complaint, the Preliminary Injunction Motion, and/or any other paper or pleading filed in the Litigation prior to Bergeron filing his Counterclaim. Bergeron simply cannot point to a single pleading, motion or other paper Fertitta Enterprises presented to any court prior to his filing the Counterclaim, which is fatal to his sanctions request against Fertitta Enterprises.

Second, a sanctions motion may not be filed until 21 days after it is served on the opposing party. See Fed. R. Bankr. P. 9011(c)(1)(A). This 21 day "safe harbor" is an absolute prerequisite, and thus sanctions cannot be imposed pursuant to Bankruptcy Rule 9011 based upon a motion filed within 21 days of when the motion was served. See Radcliffe v. Rainbow Const. Co., 254 F.3d 772, 789 (9th Cir. 2001); Barber v. Miller, 146 F.3d 707, 710 (9th Cir. 1988); Woods v. Truckee Meadows Water Auth., 2007 WL 2264509 (D. Nev. 2007). In the case at hand, Bergeron never served any request for sanctions on Fertitta Enterprises, let alone waited 21 days after serving it before filing it, which is also fatal to his sanctions request.

[3] The applicable portions of NRCP 11 contains the same text as Bankruptcy Rule 9011.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

In fact, Bergeron's sanctions request against Fertitta Enterprises is utterly frivolous, lacking in any evidentiary support, and completely unwarranted by existing law. Bankruptcy Rule 9011 provides, in pertinent part, that "[i]f warranted, the court may award the party prevailing on the motion the reasonable expenses and attorneys' fees incurred in presenting or opposing the motion." Fed. R. Bankr. P. 9011(c)(1)(A) (emphases added). In light of the obvious and critical failures in Bergeron's sanctions request, this Court can and should award Fertitta Enterprises its reasonable attorneys' fees and costs incurred in having to oppose Bergeron's ridiculous request. See Buster v. Greisen, 104 F.3d 1186, 1190 n.5 (9th Cir. 1997).

**3. Criminal Conspiracy To Commit Civil Rights Violations Is Not Available.**

Bergeron's Opposition also references 18 U.S.C. § 241, which makes it a federal crime to conspire to commit federal civil rights violations. Obviously, only the United States may prosecute such an action, and thus any attempt by Bergeron to make such a claim in this proceeding is entirely without merit.

**E. Third Counterclaim: Tortious Interference With Prospective Economic Advantage.**

Bergeron's Opposition does not even address Fertitta Enterprises' request to dismiss his third counterclaim for tortious interference with prospective economic advantage. As more specifically set forth below, this counterclaim must be dismissed because the Counterclaim fails to allege several key elements required for this claim.[4]

First, Bergeron's fail s to allege in his Counterclaim any specific facts showing any intentional acts taken by Fertitta Enterprises--as opposed to the Debtor--to disrupt his prospective contractual relations. See Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 867 F. Supp. 920, 925 (D. Nev. 1994) (quoting National Right to Life P.A. Comm. v. Friends of Bryan, 741 F. Supp. 807, 814 (D. Nev. 1990)) (providing that such a showing is "[a]t the heart of" an intentional interference action). The Court can take judicial notice of the docket and filings in this Litigation to see that Fertitta Enterprises simply took no part in the Litigation until after the case was removed to Bankruptcy Court, and after the Counterclaim was filed.

[4] The five (5) required elements for this claim are set forth in the Motion on pages 10-11 therein.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

Second, Bergeron's interference counterclaim also must be dismissed because he fails to allege that Fertitta Enterprises ever actually knew about any of his alleged prospective contractual relationships. In fact, the only specific prospective contractual relationship Bergeron alleges in his Counterclaim is that he was apparently writing a book documenting the story of Lucille Iacovelli, a plastic surgery patient, which he hopes to try and have published someday. See Counterclaim, ¶ 46. Bergeron never alleges that he has had, for example, any specific offers or even discussions with a publisher to publish this as of yet uncompleted work; rather, he is only writing it in the hopes that he could, at some undefined point in the future, seek to have it published. This allegation is not a legally definite prospective contractual relationship and Bergeron further fails to allege that Fertitta Enterprises ever had knowledge of this prospective relationship or ever intended to prevent such a relationship.

Third, Bergeron's other allegations in his Counterclaim simply fail to articulate numerous required elements for his interference claim. For example, Bergeron alleges that as a result of the Litigation, he "has not had any sufficient time to solicit work from other magazines due to the intense strain this case has put on him." Counterclaim, ¶ 47. Similarly, Bergeron alleges that his only source of income is his website, and that the Litigation has prevented him working on his site and improve its financial performance. See Counterclaim, ¶ 48. Both of these allegations fail to allege a specific contractual relationship with a third party, fail to allege that Fertitta Enterprises ever had knowledge of these prospective relationships, and/or fail to allege that Fertitta Enterprises ever intended to prevent such relationships. As such, these allegation are legally insufficient as a matter of law to sustain an intentional interference claim.

As such, Bergeron's counterclaim for intentional interference with prospective economic advantage as against Fertitta Enterprises is simply not plausible, and thus must be dismissed.

**F. Fourth Counterclaim: "Pain and Suffering."**

Bergeron's fourth counterclaim for "pain and suffering" allegedly resulting from the Litigation is only a remedy, not a claim, and thus must be dismissed as a matter of law. See Hoover v. Crawford, No. 3:06-cv-00212, 2007 WL 138177, at *8 (D. Nev. May 10, 2007); Lund v. J.C. Penny Outlet, 977 F. Supp. 442, 445 (D. Nev. 1996) (dismissing cause of action for

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

punitive damages because it is a remedy, not a cause of action); see also Badillo v. American Brands, 16 P.3d 435, 440 (Nev. 2001) (holding that "[w]e cannot recognize a remedy absent an underlying cause of action").

**G. Leave To File An Amended Counterclaim Must Be Denied.**

To the extent Bergeron's Opposition could be construed as a request for leave to file an amended Counterclaim (apparently at some later, unspecified date), such a request must be denied. Rule 15(a), made applicable to this adversary proceeding pursuant to Bankruptcy Rule 7015, governs the amendment of pleadings. Pursuant to Rule 15(a)(2), Bergeron may only amend his Counterclaim with leave of court at this juncture, although, as a general matter, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Notwithstanding the general liberal policy of granting leave to amend pleadings, Bergeron must be denied such leave in this case for several reasons.

First, Local Rule 7015 requires, in pertinent part, that "[a]ny motion to amend the pleadings must have a copy of the proposed amended pleading included as an exhibit." LR 7015(a). Bergeron's Opposition fails to include as an exhibit a copy of his proposed amended counterclaim, and thus his request must be denied for failure to comply with LR 7015(a). Without the proposed amended pleading, the Court has no basis on which to make any determination on his apparent request for leave.

Second, based on the proposed amendments Bergeron appears to describe in his Opposition, the request for leave must be denied because such amendments would be futile, as Bergeron lacks standing to assert such claims for generalized injuries on behalf of shareholders. If a proposed amendment to a pleading is futile, then this may serve as a proper basis to deny a request for leave to amend a complaint. See Foman v. Davis, 371 U.S. 178, 182 (1962); Shermoen v. United States, 982 F.2d 1312, 1319 (9th Cir. 1992); Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

Trustees in bankruptcy are the party possessing the right to sue on behalf of the bankruptcy estate. See Estate of Spirtos v. One San Bernardino County Super. Ct. Case Numbered SPR 02211 (In re Spirtos), 443 F.3d 1172, 1175-76 (9th Cir. 2006) (citing cases);

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

Smith v. Arthur Anderson, LLP, 421 F.3d 989, 1002-06 (9th Cir. 2005); Schnelling v. Thomas (In re Agribiotech, Inc.), 319 B.R. 216, 219 (D. Nev. 2004); In re Folks, 211 B.R. 378, 386-87 (B.A.P. 9th Cir. 1997). As such, to the extent Bergeron's Opposition seeks leave to amend his Counterclaim to add either additional counterclaimants or additional counterclaims, such leave must be denied because any such amendment would be futile in light of his obvious lack of standing to assert such claims as a matter of law.

**H. Bergeron's Other Filings Have Not Been Set For Hearing.**

Finally, Bergeron argues that certain of his State Court filings in the Litigation have not been heard and decided, and that a decision on his motions is required prior to any decision on the Motion. The Court should reject Bergeron's attempts to delay a decision on the Motion for several reasons.

First, although it is true that Bergeron filed various motions with the State Court in this Litigation, these motions were never heard or decided because he never set them for hearing on the State Court's calendar, or at least did not do so on a timely basis. Specifically, on October 9, 2007, Bergeron filed his Motion to Dismiss, and on December 15, 2007, Bergeron filed what he called a "Dispositive Motion for Rule 11 Sanctions." See Docket No. 3, Exs. 25 and 34. Bergeron has also apparently failed to seek to have these matters set for hearing before the Bankruptcy Court as well.

In fact, Bergeron has also filed at least one motion and not set it for hearing since the Litigation has been removed to Bankruptcy Court. On March 28, 2008, which was a few days after Fertitta Enterprises filed its Motion, Bergeron filed what he called his "(1) Emergency Motion to Suspend Bankruptcy Proceedings Pending Investigation of Fraudulent Bankruptcy Filing and (2) Motion for Summary Judgment on Defendant's Rule 11 Motion, Motion to Dismiss, and Counterclaims" (the "Emergency Motion") with the Bankruptcy Court. See Docket No. 11. Bergeron's Emergency Motion and Certificate of Service accompanying it had no hearing date and time in their captions, and no notice of hearing has ever been filed with respect to the Emergency Motion either. See Docket No. 12. In short, similar to his filings in State Court, it does not appear that Bergeron has set his Emergency Motion for hearing with the





GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

Bankruptcy Court.

Rule 9014(a) of the Local Rules of Practice for the U.S. Bankruptcy Court for the District of Nevada (the "Local Rules") provides, in pertinent part, as follows:

> Unless the court directs otherwise, all hearings (including motions in adversary proceedings, objections and other matters for which a hearing is necessary) must be set by counsel or persons acting in *pro se* on the calendar of the judge to whom the case is assigned.

LR 9014(a)(1).

Likewise, Local Rule 9014(b) provides, in pertinent part, as follows:

> (1) The movant must obtain a hearing date, and the notice of hearing must be filed with the motion and must, in addition to the requirements of Fed. R. Bankr. P. 2002(c), include the following:
>
> (A) The date, time, and place of the hearing; . . .

LR 9014(b)(1)(A). In sum, the lack of a decision on Bergeron's motions filed in State Court and on his Emergency Motion filed with the Bankruptcy Court is Bergeron's own fault, and his own mistakes should not provide him with grounds to delay a decision on Fertitta Enterprises' own Motion.

Second, the interests of judicial economy would best be served by deciding Fertitta Enterprises' Motion first anyway and prior to any of Bergeron's various motions because if his counterclaims are dismissed, then the rest of Bergeron's filings are moot as to Fertitta Enterprises. In addition, Bergeron's previous motions filed in State Court have little to do with Fertitta Enterprises, as they were filed at a time when Fertitta Enterprises was not even a party to the Litigation. As such, the Court can and should hear and decide Fertitta Enterprises' Motion first and prior to any of Bergeron's motions.

. . .

. . .

. . .

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

## II.
## CONCLUSION

WHEREFORE, Fertitta Enterprises respectfully requests that the Court GRANT the Motion in its entirety, thereby DISMISSING all of the counterclaims against Fertitta Enterprises pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Fertitta Enterprises also requests such other and further relief as is just and proper.

DATED this 22nd day of April, 2008.

GORDON & SILVER, LTD.

By: ______________________
GREGORY E. GARMAN, ESQ.
MATTHEW C. ZIRZOW, ESQ.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Attorneys for Fertitta Enterprises, Inc.





GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555