ORIGINAL

RECEIVED AND FILED

APR 22 3 20 PM '08

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

Rich Bergeron
147 OLD COUNTY ROAD
East Sandwich, MA 02537
Telephone: (617) 209-4325
Defendant as Pro Se Attorney

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In Re:<br><br>XYIENCE, INC., A Nevada Corporation<br><br>Debtor. | No. BK-S-08-10474-MKN<br>Chapter 11<br><br>Eighth Judicial District Court<br>Las Vegas, Clark County, Nevada<br>Case No. A544781, Dept. XXIII |
| XYIENCE INCORPORATED, a Nevada Corporation,<br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON, an individual<br>Defendant. | CASE NO. BK-2-08-AP-01082-MKN<br><br>**DEFENDANT AND COUNTERCLAIMANT'S BRIEF IN ADVANCE OF SCHEDULING CONFERENCE**<br><br>Hearing Date: April 23, 2008<br><br>Time: 9:30 AM |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | Location: 300 Las Vegas Blvd. South<br>Courtroom #2<br>Las Vegas, NV 89101 |

Counter-Defendant Fertitta Enterprises recently filed a request to continue the scheduling conference in this case by way of a woefully inadequate pleading citing absolutely no basis for such a continuance.

There are three outstanding motions before this court still awaiting sufficient hearings in this matter. Bergeron has filed a motion for Rule 11 sanctions, a motion to dismiss, and a motion to strike Adam Frank's Affidavit which have all been continued time and time again for various reasons. Plaintiff Xyience, Incorporated has contributed no sufficient new evidence since the withdrawal of Attorney Jamie Cogburn. Bergeron has provided volumes of evidence which the plaintiff and counter-defendants have both objected to without pleading any specific reasons for their exclusion or providing any evidence to the contrary of what they call "conspiracy theories."

Bergeron has not merely assembled theories at all. He has conducted a full and heavily involved investigation of the plaintiff's activities in committing multiple acts of fraud in association with Counter-defendant Fertitta Enterprises. At all times in these proceedings thus far the plaintiff has been able to gain every possible procedural advantage while Bergeron has been continuously denied due process, given no fair hearings on motions that have been outstanding since as far back as October of last year, and has represented himself with no legal background whatsoever due to his financial situation.

It is not only ironic but telling that the lawyers on behalf of both opposing parties are respectfully requesting any assistance from the Court. It is also extremely obvious by looking at each and every motion and pleading filed by both opposing parties that both law firms representing those parties would much rather focus on the legal process rather than entertain the subject of merits. By attempting to handcuff Bergeron with the various nuances of procedure that have nothing to do with

the validity of the case at hand and the evidence presented, both opposing parties hope to win by technicality.

Despite the attempts to adjudicate this matter through examination of only the rules of procedure (without what they clearly see as the intrusion of evidence, applicable statutes, and prior Supreme Court and Appeals level decisions), the attorneys handling this case have not even made their case as far as outlining any superceding procedural deficiencies that outweigh Bergeron's evidence and rights to relief. The plaintiff filed a purely frivolous case against Bergeron and is clinging to an obscure "Safe Harbor" provision to avoid sanctions.

Bergeron first served and filed his Motion For Rule 11 Sanctions in December of 2007 and provided Attorney Jamie Cogburn with a copy of said motion through e-service at the same time the motion was filed. Cogburn never raised the "Safe Harbor" provision, and an initial hearing was not set on the Rule 11 Motion until Bergeron re-noticed the motion this past February. After a hearing on a separate matter, Attorney Pamela Lawson requested the document be re-served on her and her firm. Judge Timothy Williams ordered Bergeron to provide a copy of the motion, which he did promptly. Williams also ordered Bergeron to file "an answer" or a "responsive pleading" upon his decision to remove the default order in the case.

Clearly, at that time, Williams saw no procedural reason to prevent the motion for Rule 11 sanctions from being entered and heard. Additionally, the "Safe Harbor" protections have already been afforded the plaintiff inadvertently due to Bergeron's initial misunderstanding of the process. As such, a motion that was first filed in December of last year and should have been available to the plaintiffs and their attorneys since that date was not actually scheduled for any hearing until February of 2008. The plaintiff has had more than enough time to dispute that motion, and thus far all their

latest attorneys have been able to come up with is a statute that stipulates a 21-day grace period they already received in spades.

Hearings were set by the Nevada 8th Judicial District Court for May 5th, 2008 on all outstanding motions filed by Defendant Bergeron after multiple delays secured due to Bergeron being mis-informed by the judge's clerk and deemed unable to participate in his own defense at a hearing to decide whether a 60-day continuance would be appropriate. He subsequently filed to have the order based on the one-sided hearing stricken or vacated. The case wound up in this court after Bergeron succeeded in part through his motions and the second judge in the case decided to handle all subsequent judgments in chambers without a hearing for either party.

In addition to harping on technicalities at every turn, the opposing attorneys have continuously and purposely avoided filing any motions and/or evidence which would add any merit to the plaintiff's entirely frivolous initial litigation against Bergeron. In fact, while responding to Bergeron's motions the attorneys for both Xyience and Fertitta Enterprises have actually on multiple occasions highlighted statutes that simply help to make Bergeron's case for him. Fertitta Enterprises has now filed a last-minute appeal to delay the proceedings even longer with the sole purpose of trying to prevent discovery which would incriminate them and open them up to a more significant Civil RICO Act claim Bergeron is working with several former shareholders to file in the near future.

The Fertitta Enterprises attorneys have not only failed to prove they have no direct connection to this litigation against Bergeron, but they have also demonstrated that they are completely and helplessly uninformed and uneducated regarding prior pleadings in this case. Both law firms handling the opposition in this matter have not done their homework or just refuse to acknowledge anything in their pleadings beyond what has transpired through one-sided hearings. They have both failed to

respond at all to Bergeron's motion to strike Adam Frank's affidavit and all subsequent orders based on that affidavit or Bergeron's failure to appear in the matter due to being told there was no way to participate telephonically. Bergeron emerged victorious from the only hearing held so far in which he has been able to speak on his own behalf.

Bergeron can corroborate every shred of evidence he's provided to this point and will do so through discovery. He has in fact already provided a preliminary list of interrogatories and requests for production that Pamela Lawson actually admitted as evidence already.

Most offensive is that Xyience refuses to support any of Cogburn's pleadings with any subsequent evidence disputing what Bergeron's presented, yet at the same time they try to make the outrageous claim that Bergeron's request for sanctions is attempting to punish Cogburn for being more knowledgeable about the law. Well, that is true only if knowing the law entails lying and fabricating a fraudulent case based on a document rife with perjury Cogburn willingly approved of and helped draft. Xyience attorneys offer this explanation from page 8 of their opposition to Bergeron's Rule 11 Motion:

> Lastly, Mr. Bergeron alleges that Xyience has brought this lawsuit simply to harass Mr. Bergeron. Mr. Bergeron states that "[Mr.] Cogburn has flooded this case with motion after motion knowing [that he] had no representation throughout. [Mr. Cogburn] has taken advantage of every technicality to gain an edge." (See Dkt. #3, Exh. 34 at p.15.) Whether Mr. Cogburn has a better understanding of the law and the rules of civil procedure, it has no basis for a Motion for Rule 11 Sanctions. Accordingly, for these reasons, Xyience respectfully requests that this Court deny Mr. Bergeron Motion for Rule 11 Sanctions.

The above quotes from Bergeron's complaints are not the basis for which he is asking to be granted relief. The description of events provided above are simply that, a description of how Cogburn operated in this case. Bergeron even fielded an offer from Cogburn to settle the case for $1,000 which would not be paid by Bergeron but by Xyience.

It is inherently odd for Xyience to make such an offer at that early stage of the litigation if there were any merits to their case. It was even more ridiculous later on for them to increase their offer to $5,000 under the control of Fertitta Enterprises and through their associates at Xyience: Adam Frank and Kirk Sanford. Bergeron was not only offered the $5,000 to walk away at that point but also was treated to a full-fledged junket to New York City and New Jersey for UFC 78, the last Ultimate Fighting Championship event in which Xyience's advertising took up the center of the mat on the floor of the cage.

Bergeron has overwhelming evidence that the case against him was filed in bad faith, based on substantial misrepresentations of fact, and designed specifically to secure an injunction in order for Xyience to be granted millions in funding from Fertitta Enterprises that would be used to enrich all the parties involved in Xyience's bankruptcy. Since filing the three outstanding motions yet to be heard, he has made further contacts and plans to depose a long list of individuals with direct knowledge of the conspiracy involved that has no theoretical basis whatsoever since it is entirely based on fact and documentation, some of which was filed in this very Court already through the bankruptcy.

Both Xyience and Fertitta Enterprises have taken no action to expose any of Bergeron's most recent articles as defamation or attach them in any way as evidence in this case. They both would

rather discovery never be conducted. While his initial report included in the original claim against him was clearly controversial, it was just as factual as all his subsequent reports. Bergeron's reports have not only resulted in other media organizations picking up the story (including the Las Vegas Review Journal) and using his reports as background, but he has also been contacted by multiple lawyers representing current and potential plaintiffs against Xyience and creditors in this bankruptcy case. Bergeron has furthermore alerted the federal authorities on multiple occasions and maintains communication with them regarding issues as they arise. He has already provided actionable information against several individuals which resulted in an IRS summons.

Both opposing attorneys would love to see the evidence Bergeron provided already stricken from the record, but they have provided none of their own definitive evidence, admissible or otherwise, since they each took up the case. It is a fact that Bergeron is the only party in this case actively trying to present merits to his argument and back them up with documentation. It is ironic that the plaintiff attorney uses the phrase "ad nauseum" to describe Bergeron's pleadings and evidence. While it is true that he may not have an education in law or an ability to practice law efficiently, Bergeron has a right to defend himself and utilize every piece of exonerating material he can come up with. At the very least it can be said he is making an effort to prove beyond the shadow of a doubt that he is in the right.

Plaintiffs attorneys also try to make the argument that Bergeron's evidence is not supported by affidavits. Bergeron is understandably baffled by this, as he is representing himself and has provided numerous declarations in the case. He has assembled every pleading on his own laying out the facts of the case, the applicable rulings and statutes from past cases and each respective court's rules of procedure that apply. More so than his opposition, Bergeron has actually taken the time to

fully explain his perspective and provide documented evidence of the plaintiff and counter-defendants' fraudulent behavior. Essentially, the mere fact that he is representing himself and writing his own pleadings makes any affidavit signed by him redundant. He knows already he is expected to assemble pleadings based on the truth of the case, the legal aspects connected to it, and the appropriate rules of procedure.

Xyience has abandoned all merits and refused to even push for any trial, dispositive motion, or discovery. Bergeron can personally attest to everything he has written and presented as the complete truth, and that extends from his writing on the Internet as well as his writing of all pleadings in this case. At the same time he can point out numerous inconsistencies in the plaintiff and counter-defendants' pleadings betraying that both litigating attorneys/law firms are not actively communicating with their clients.

It is interesting that the plaintiff attempts to distance itself from Ex-CEO Adam Frank and other individuals while at the same time continuing to repeatedly embrace Frank's perjured testimony in the initial affidavit in the case. Furthermore, what other affidavits have they presented? It is easy for them to champion for more affidavits from Bergeron, but where are their own that can't be directly disputed? It is the plaintiff who is expected to adequately prove the merits of the case in order to continue the litigation and move closer to trial. Yet, so far Bergeron has been much more active in the case to this point as far as the merits go.

Both opposing attorneys also point to the bankruptcy stay Bergeron allegedly violated willingly. First of all, Bergeron is no attorney period. That makes him all the more hard-pressed to try to get a sufficient grip on all the nuances of what is clearly the much more complicated process of bankruptcy law. Just when he was making headway in district court despite being thousands of miles

away from the venue, he is now engaged in a battle that he has had to do a tremendous amount of research just to figure out how to take part in.

Despite being sent demands by Xyience's bankruptcy attorneys that he withdraw his counterclaims, Bergeron decided after doing voluminous research that he was probably not a party that could be considered as the type that any stay would apply to. Bergeron is not a creditor of Xyience by any stretch. He has had no past business with Xyience whatsoever. His counterclaims are a direct result of a bogus $25 million defamation case Xyience has tried to present as an asset when it is really more of a liability. Fertitta Enterprises dangled a $15 million carrot in front of their faces to get the injunction in the case. That was really all they ever wanted, which is evident from the way they've handled the case in a purely defensive posture since securing that injunction.

It is essentially and inherently unfair in every sense of logic to allow such a bogus, fabricated, fraudulent case to continue against Bergeron without affording him any opportunity to adequately respond and be granted appropriate relief for the bad faith filing. It is a completely one-sided affair that can never be balanced properly if Bergeron has no outlet for relief while Xyience enjoys all the advantages of pursuing their frivolous claim. Furthermore, the judge in the case ordered Bergeron to file a response, and that is what he did.

Even worse, Fennemore and Craig attorneys had no grounds to send such forceful demand letters that suggested there was no other legal alternative available to Bergeron other than withdrawing his counter-claims. Bergeron was preparing a Motion for Relief from the stay in order to file into the bankruptcy proceeding when Xyience saved him the trouble by having the case wholly transferred to this court. If it was such an open and shut case as far as Bergeron's counterclaims being in direct violation of the stay, why would Xyience voluntarily bring all the proceedings to this Court?

Bergeron noticed other cases in which the stay had an effect were all involving claims against the company related to financial business arrangements. Bergeron's claims in this case revolve around a violation of his First Amendment rights primarily and have nothing to do with any business transactions or personal holdings he had in the company. Despite wanting to be ready to file a Motion for Relief should it become necessary, Bergeron was convinced his case was an entirely different animal than Fennemore and Craig attorneys represented it as. Every example pleading he researched regarding stays, proof of claim filing, and motions for relief from stays always pointed to a CREDITOR as the applicant who was required to file such pleadings and paperwork.

Rich Bergeron has never been a creditor of Xyience and is not now a creditor. The stay should not apply to Bergeron in any fashion.

Defendant and Cross-Claimant Rich Bergeron is a seasoned journalist with impeccable credentials and an exceptional educational background including stints at three military colleges with honor codes. The Cross-Defendants identified in this pleading have been implicated in serious accusations of major fraud. Their track record reveals a pattern of continuous corruption tracing back to the inception of Xyience, Incorporated's sponsorship of the Ultimate Fighting Championship. Litigation has ensued against all the principals involved in the present bankruptcy scheme, alleging multiple previous acts of substantiated fraudulent business practices up to and including class action cases pending against individuals associated with Xyience and Fertitta Enterprises (see http://unlimitedfightnews.com/wordpress/?cat=15).

Bergeron has at all times printed the truth about the cross-defendants' business dealings and collusion to defraud investors. He deserves appropriate redress for being improperly and unconstitutionally enjoined from reporting that truth and dragged through a court process he has had

to tirelessly devote himself to for months now.

Defendant and Cross-Claimant Bergeron has endured a case against him filed in bad faith and with reckless disregard for the truth by the plaintiff Xyience, their initial attorney Jamie Cogburn, and both law firms to follow. There is a status check hearing for this case on the 23rd of April. However, due to the plaintiff's Bankruptcy fire sale, Fertitta Enterprises as a major creditor and defrauder of Xyience and this Court should also be held accountable for whatever penalties Xyience cannot currently afford or is held to be not responsible for under the current bankruptcy orders.

Bergeron would entertain settling this matter for the proper amount of relief, but there is an all-encompassing and much more important purpose behind his continuing to fight these bogus charges levied against him. First of all, his reputation as a writer is in question because of this frivolous case he's been forced to fight on his own. The plaintiff took action against Bergeron only to shield themselves from the public backlash that eventually hit them anyway long after Bergeron predicted their bankruptcy more than a month before it happened.

Secondly, Bergeron is now in a position to try to influence the bankruptcy proceedings in order to help gain adequate relief for the victimized shareholders and creditors in the case. He is also doing his best to properly direct the process and focus the court's attention on several tell-tale signs of bankruptcy fraud that have peppered the proceedings thus far.

This is a federal Court, but there are federal First Amendment question issues involved that run much deeper than bankruptcy concerns. Those issues could mandate the removal of the case to Bergeron's home state of Massachusetts to be eventually adjudicated in U.S. District Court there. Understanding that bankruptcy court may not be the best venue, Bergeron does realize it may be his best chance to help burned shareholders and creditors gain some kind of relief for what they've been

through. It is the shareholders he has always fought for, trying to show them the truth before all this was allowed to happen.

This is an extremely complex, highly irregular case involving free speech, bankruptcy, uncharted territory regarding Internet blogs and technology, and billionaire businessmen and conglomerated commercial interests targeting an individual for acting responsibly in order to expose fraud and corruption. In essence, this case proves the adage that "No Good Deed Goes Unpunished."

Bergeron has only managed to get this far by being a champion of truth while the opposition has at all times tried to make this case all about procedure and taking advantage of the fact that Bergeron cannot afford an attorney. Yet, despite the disadvantage that Bergeron might be expected to have in this situation, he has survived through three plaintiff's attorneys, three judges, and now wages on in the second court of law to handle the matter. He is currently facing off against two fully capable law firms. Instead of trouncing him with every available point of law, pleading supported by evidence, and precedent case, these high-powered firms are acting as if they know their clients are completely guilty and can only hope to end the case on an obscure loophole in the law. They are attempting to distract the court and prevent discovery. They are running from adequately served, filed, and docketed motions set for hearing multiple times. Bergeron has thus far explained his innocence at every turn and provided the court with more than adequate evidence that the charges against him are baseless.

Fertitta Enterprises is attempting to put the cart before the team of horses Bergeron has assembled to pull this case along toward discovery and trial. They are asking to continue yet another scheduled hearing that could be favorable to Bergeron. A situation already exists in which Bergeron is disadvantaged by having to be his own attorney in some senses. To put their freshly minted motion

to dismiss in prime position to be heard before any of Bergeron's long-standing prior motions flies in the face of all principles of due process, legal fairness, and logic itself. It's as if these lawyers just got to work 5 minutes ago and are already asking for a break while the guy who's been there all day dealing with long lines out the door hasn't had 5 seconds to himself yet.

There is no basis for any last minute extension or continuance. There are two fully capable law firms now involved in this litigation who are piggybacking off each others' motions already and taking advantage of their similar circumstances to allow one hand to wash the other. Meanwhile Bergeron continues to fight for his innocence on his own no matter what the odds and asks only for a fair hearing on the merits of his case along with proper relief for himself and all the other victims who have been negatively affected by these proceedings. Bergeron's ability to report the full extent of the fraud that is ongoing between Xyience and Fertitta Enterprises has been hampered but not halted due to this egregious set of circumstances.

He's been forced to expend untold hours working for free in his own defense while waging a war for all the right reasons and getting none of the breaks or luck that the opposition has been granted thus far. Yet, even in the face of Bergeron's trying with all his might to make headway and pile up more evidence by the day, somehow the plaintiff and both counter-defendants will have this court believe that it is *they* who deserve attorney fees for their troubles. Bergeron could not even afford an hour of their time and would never risk the kind of behavior that would leave him liable for all the time they've devoted thus far. Furthermore, they are paid officers of the court working for a wage while Bergeron is expending hours upon hours of work he may never get compensated for at all. Even one of the most crooked boxing promoters of all time, Don King, would not be so callous as to walk up to a bum on the street and ask for a loan. Yet, essentially what these attorneys are

attempting to do is in the same league. They can afford to eat at fancy restaurants, order Caviar, and drink the finest wines. Bergeron is lucky most days if he can afford to eat period. He's been granted an order to proceed informa pauperis and has been virtually bankrupted to this point by even the minimal fees like postage that he must pay to continue fighting this frivolous case.

There is no more time to waste. In the interests of justice, the United States Constitution itself, all the victimized parties in this case, and Xyience and Fertitta Enterprises themselves this case should be ended as soon as humanly possible with Bergeron being granted the minimal relief he's requested and the rest going to the long list of multiple creditors and claimants.

No more of an unfair advantage should be afforded the opposition than what they already have in place. The fact that they even request the Court to grant them an edge when they are poised to already have all the advantages already is an offensive act in itself.

Bergeron has waited months for his day in Court and deserves to have it without further delay. If the plaintiff and counter-defendants are ill-prepared it is their own fault. If they are not ready to participate in properly noticed and scheduled hearings at this point against an individual acting on his own behalf, maybe they don't even deserve to be getting an hourly wage at all. They certainly have no grounds to ask this Court to force Bergeron to pay their wages considering these pathetic attempts to curry favor for the minimal effort they've put forth thus far. The time for excuses has passed and it is now time for accountability. The hearing must take place as scheduled.

In support of this brief, Defendant and Counter-Plaintiff Bergeron relies on all the records, papers, and pleadings on file within this case, particularly the February 19, 2008 Counter-Claim For Declamatory Relief.

Dated This 22nd Day of April, 2008

IN PROPER PERSON

Rich Bergeron
147 Old County Road
East Sandwich, MA 02537
617-209-4325
Attorney Pro-Se
Rich.Bergeron@gmail.com