FENNEMORE CRAIG, P.C.
Laurel E. Davis (NV Bar No. 3005)
Jon T. Pearson (NV Bar No. 10182)
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 692-8000
E-Mail: ldavis@fclaw.com
E-Mail: jpearson@fclaw.com

Attorneys for Plaintiff/Counter-Defendant
**Xyience Incorporated**

**E-filed April 25, 2008**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>XYIENCE INCORPORATED,<br>a Nevada corporation,<br><br>Debtor. | Chapter 11<br><br>No. BK-S-08-10474-MKN |
| XYIENCE INCORPORATED, a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON, an individual<br><br>Defendant. | Adv. No. 08-01082<br><br>Date: May 14, 2008<br>Time: 9:30 a.m.<br>Location: 300 Las Vegas Blvd. South<br>Courtroom #2<br>Las Vegas, NV 89101 |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | **XYIENCE'S OPPOSITION TO DEFENDANT/COUNTERCLAIMANT RICHARD BERGERON'S MOTION TO STRIKE ADAM FRANK'S AFFIDAVIT AS PERJURED TESTIMONY AND STRIKE ALL ORDERS BASED ON THAT TESTIMONY OR DEFENDANT'S FAILURE TO APPEAR; AND MOTION TO SHORTEN TIME** |

Plaintiff/Counter-Defendant Xyience Incorporated ("Xyience" or the "Debtor") submits this Opposition to Defendant/Counterclaimant Richard Bergeron's ("Mr. Bergeron") *Motion to Strike Adam Frank's Affidavit as Perjured Testimony and Strike all Orders based on that Testimony or Defendant's Failure to Appear; and Motion to Shorten Time [Dkt. #3, Exh. 64]* ("Motion"). This Opposition is based upon the following points and authorities, the pleadings, papers and other records on file herein, and such argument and further evidence presented to the Court at the time of any hearing.

**POINTS AND AUTHORITIES**

**I.**

**STATEMENT OF FACTS**

1. On July 18, 2007, Xyience filed a Complaint against Mr. Bergeron in the Eighth Judicial District Court, Clark County, Nevada ("State Court"), as Case No. A544781, seeking damages for defamation, tortuous interference with prospective economic advantage, and intentional interference with contract. (See Complaint at Dkt. #3, Exh. 2.) In addition, Xyience sought injunctive relief against Mr. Bergeron with respect to Mr. Bergeron's posting of defamatory material regarding Xyience on his Myspace.com and UnlimitedFightNews.com websites (the "Litigation"). (Id.)

2. On that same day, Xyience filed a Motion for Preliminary Injunction on an order shortening time, and attached to its Motion for Preliminary Injunction was a Declaration of Adam Frank. [Dkt. #3, Exh. 3.] Xyience's Motion for Preliminary Injunction was set for a hearing on July 26, 2007.

3. On July 26, 2007, the State Court heard Xyience's Motion for Preliminary Injunction. Xyience had not yet been able to serve Mr. Bergeron, and the Court ordered that Xyience will be given additional time to effectuate service of process and/or service by publication. (See State Court's Minutes, attached as **Exhibit "1."**)

4. On August 3, 2007, Xyience filed another Motion for Preliminary Injunction on an

order shortening time, and attached to its Motion for Preliminary Injunction was a Declaration of Adam Frank. [Dkt. #3, Exh. 8.] Xyience's Motion for Preliminary Injunction was set for a hearing on August 9, 2007.

5. On August 9, 2007, the State Court heard Xyience's Motion for Preliminary Injunction. Mr. Bergeron did not appear at this hearing. After hearing arguments by Xyience's counsel, Mr. Jamie Cogburn, the State Court expressed its concern regarding the First Amendment Issue. The State Court then stated that it would like to proceed with caution so that any decision it makes would stand. The State Court instructed Mr. Cogburn to submit a proposed order, along with a Supplemental Brief on the First Amendment Issue, and the matter would be continued and set for decision on the State Court's Chamber calendar. (See State Court's Minutes, attached as **Exhibit "2."**)

6. On August 17, 2007, Xyience filed a Supplemental Brief in support of its Motion for Preliminary Injunction. [Dkt. #3, Exh. 12.]

7. On August 19, 2007, Mr. Bergeron filed an Opposition to Xyience's Motion for Preliminary Injunction. [Dkt. #3, Exh. 13.]

8. On August 27, 2007, Xyience filed a Reply in support of its Motion for Preliminary Injunction. [Dkt. #3, Exh. 14.]

9. On September 6, 2007, the State Court issued a preliminary injunction enjoining Mr. Bergeron, *inter alia*, from posting defamatory remarks on the internet concerning Xyience and requiring him to remove certain defamatory articles that he had posted on the internet. (See Preliminary Injunction Order at Dkt. #3, Exh. 18.)

10. On September 26, 2007, Xyience filed a Motion to Modify the Preliminary Injunction Order on an order shortening time. [Dkt. #3, Exh. 22.] Xyience's Motion to Modify the Preliminary Injunction Order was set for a hearing on October 11, 2007. Mr. Bergeron failed to submit an Opposition to this Motion.

11. On or about October 5, 2007, because Mr. Bergeron had failed to answer the

Complaint, a Three Day Notice was sent and a default was entered against Mr. Bergeron ("Default"). (See Default at Dkt. #3, Exh. 23 and Three Day Notice at Dkt. #3, Exh. 24.) Although a Default had been entered against Mr. Bergeron, Mr. Bergeron continued to improperly file subsequent motions, such as his Motion to Dismiss that he filed on October 9, 2007, in the Litigation.

12. On November 6, 2007, the Preliminary Injunction Order was modified to include Google and Earthlink Inc. so that each may take appropriate action to remove certain defamatory articles that Mr. Bergeron had posted on the internet. (See Modified Preliminary Injunction Order at Dkt. #3, Exh. 28.)

13. On January 18, 2008, Xyience filed its voluntary petition for chapter 11 relief ("Chapter 11 Case").

14. On February 19, 2008, and despite knowledge that Xyience had sought bankruptcy relief, Mr. Bergeron filed an Answer to Complaint and Counterclaim for Declamatory [sic] Relief against Xyience asserting claims for relief for: (i) defamation; (ii) violation of first amendment rights; (iii) tortuous interference with prospective economic advantage; and (iv) pain and suffering. (See Counterclaims at Dkt. #3, Exh. 50 ("Counterclaim").) In addition to asserting counterclaims against Xyience,[1] Mr. Bergeron also asserted the same counterclaims against Fertitta Enterprises, Inc. (Id.)

15. Xyience's reorganization counsel, Fennemore Craig, P.C., did not make its first appearance in the Litigation until February 25, 2008. (See Substitution of Counsel at Dkt. #3, Exh. 58.)

16. On March 3, 2008, Mr. Bergeron filed a Motion to Strike Adam Frank's Affidavit as Perjured Testimony and Strike all Orders based on that Testimony or Defendant's Failure to

---

[1] Mr. Bergeron's filing of counterclaims against Xyience during the pendency of its bankruptcy case was a clear and knowing violation of the automatic stay imposed by Section 362 of the Bankruptcy Code.

Appear; and Motion to Shorten Time. [Dkt. #3, Exh. 64.]

17. On March 20, 2008, Xyience removed the Litigation to Bankruptcy Court where it now remains pending as the above-captioned adversary proceeding. (See Removal at Dkt. #1.)

## II.

## ARGUMENT

### A. Mr. Bergeron's Unauthorized Recording is Inadmissible.

Mr. Bergeron contends that his unauthorized recording of a conversation that took place in November of 2007 between Xyience's ex-CEO, Mr. Adam Frank, Mr. Kirk Sanford and Mr. Bergeron allegedly shows that Mr. Frank perjured himself in the Declarations he signed in support of Xyience's Motions for Preliminary Injunction. Mr. Bergeron seeks to have Mr. Frank's Declaration "read out loud to the court by the affiant and then compared to the audio evidence Bergeron [submitted] . . . on CD." (See Motion, Dkt. #3, Exh. 64, at 4:109-11.) Mr. Bergeron's request, however, must be denied because his unauthorized recording is inadmissible, nor is there any basis for this Court to entertain such a request.

Mr. Bergeron admits that Mr. Frank and Mr. Sanford contacted Mr. Bergeron for the purpose of discussing settlement. (Id. at p. 2, ¶5.) In addition, Mr. Bergeron admits that he recorded the conversation without first obtaining their consent, and once they discovered Mr. Bergeron was recording the conversation, they expressed their desire to move forward without Mr. Bergeron recording their conversation. (Id. at 4:106-09 and 5:174-78.) Although Mr. Bergeron notes that under Federal and Utah law, only one party needs to consent to recording a conversation, Mr. Bergeron conveniently failed to note that Massachusetts (Mr. Bergeron's state of residence) requires that ***all parties*** consent to the recording of a telephone conversation. See Commonwealth v. Gonzalez, 426 Mass. 313, 315, 688 N.E.2d 455 (1997); Commonwealth v. Blood, 400 Mass. 61, 66, 507 N.E.2d 1029 (1987) ("secret transmission or recording of oral communications ***without the consent of all parties*** is generally proscribed by § 99") (emphasis added). Nonetheless, it is immaterial whether Federal law preempts state law, or which state's

law applies, because Mr. Bergeron's unauthorized recording is inadmissible. Mr. Bergeron failed to properly authenticate the recording and the unauthorized recording is inadmissible hearsay. See FRE 801, 802, 803, and 901. In addition, as Mr. Bergeron noted, the telephone conversation was for settlement purposes and, therefore, pursuant to Fed.R.Evid. 408, such conversation is not admissible. Accordingly, because Mr. Bergeron's unauthorized recording is inadmissible, his Motion must be denied.

### B. Mr. Bergeron Has Failed to Provide Any Existing Law to Support His Assertion That All Prior Orders Should Be Stricken.

Mr. Bergeron is seeking to have "[a]ll prior orders secured by the plaintiff . . . stricken" because: (i) Allegedly they were achieved through the fraudulent presentation of statements of perjury; (ii) Allegedly they were designed to deny Mr. Bergeron any sense of due process because he was unable to appear; and (iii) Allegedly they are unconstitutional. (See Motion, Dkt. #3, Exh. 64, at 6:206 through 7:215.)

Although Mr. Bergeron fails to specify which order(s) he seeks this Court to strike, it appears that he is seeking for this Court to strike the Preliminary Injunction Order. Mr. Bergeron, however, fails to provide any existing law which would provide any basis for this Court to strike such order. Mr. Bergeron fails to recognize that the State Court made a final determination concerning Xyience's Motion for Preliminary Injunction. Mr. Bergeron filed an Opposition to Xyience's Motion for Preliminary Injunction, and the State Court ruled in favor of Xyience. In addition, Mr. Bergeron chose not to file an Opposition to Xyience's Motion to Modify the Preliminary Injunction Order, which the State Court granted. Mr. Bergeron could have sought a Motion for Reconsideration, or possibly filed a Motion pursuant to Nev.R.Civ.P. 60, but instead chose not to seek such relief. This Motion does not provide any basis for which this Court can now set aside the Preliminary Injunction Order.

Moreover, Mr. Bergeron continues to argue that his due process rights were violated because he was not permitted, at first, to appear telephonically. Mr. Bergeron fails to recognize

that appearing telephonically is a privilege, not a right. EDCR 2.22(a) provides that "[u]nless the date for the hearing of a motion is vacated or continued . . . counsel for all parties to the motion must appear on the date and at the time set for hearing." The fact Mr. Bergeron was unable to personally appear at certain hearings in State Court is no fault of Xyience. More importantly, the fact he was unable to personally appear does not provide this Court with any basis to now set aside the Preliminary Injunction Order.

Furthermore, Mr. Bergeron fails to support his assertion that the Preliminary Injunction Order is unconstitutional. The State Court required Xyience to provide supplemental briefing on the First Amendment issues. After reviewing Xyience's Supplemental Brief, the State Court was clearly satisfied because it granted Xyience's Motion for Preliminary Injunction. Pursuant to EDCR 2.17(a), Mr. Bergeron could have sought review of a claim of prior restraint under the First Amendment by filing a First Amendment Writ. Mr. Bergeron, however, failed to seek such writ. Accordingly, for these reasons, this Court should deny Mr. Bergeron's Motion.

**C. Mr. Bergeron's Requests for Attorneys' Fees Must Be Denied**

Mr. Bergeron seeks assignment of attorneys' fees due to the alleged misrepresentations in Mr. Frank's Declaration. As previously discussed, Mr. Bergeron has failed to provide any admissible evidence which would provide this Court with any basis to strike Mr. Frank's Declaration. Moreover, it appears that Mr. Bergeron is relying on Nev.R.Civ.P. 56 and Nev.R.Civ.P. 11 to support his position that he is entitled to attorneys' fees. Clearly Mr. Bergeron's Motion is not for Rule 11 Sanctions, and Mr. Frank's Declaration was in support of Xyience's Motion for Preliminary Injunction, not a Motion for Summary Judgment. Thus, those rules provide no basis for this Court to award Mr. Bergeron his attorneys' fees. Furthermore, in general, *pro se* litigants may not recover attorneys' fees even if such litigant is a licensed attorney. See, e.g., Kay v. Ehrler, 499 U.S. 432, 111 S.Ct. 1435, 113 L. Ed. 2d 486 (1991) (pro se litigant attempted to obtain attorneys' fees under 42 U.S.C. § 1983). Accordingly, because Mr. Bergeron has failed to provide any rule or statutory authority that gives *pro se* litigants their

"attorneys' fees," this Court must deny Mr. Bergeron's request for his attorneys' fees.

## III.

## CONCLUSION

For the reasons stated above, Mr. Bergeron's Motion to Strike Adam Frank's Affidavit as Perjured Testimony and Strike all Orders based on that Testimony or Defendant's Failure to Appear should be denied in its entirety.

DATED this 25th day of April, 2008.

FENNEMORE CRAIG, P.C.

By: /s/ Jon T. Pearson
Jon T. Pearson

Counsel for Plaintiff/Counter-Defendant
**Xyience Incorporated**

# EXHIBIT "1"

EXHIBIT "1"

# District Case Inquiry - Minutes

Home

Summary
Case Activity
Calendar
Continuance
Minutes
Parties
Judgments

District Case
Party Search
Corp. Search
Atty. Search
Bar# Search
ID Search

Calendar Day
Holidays

Help
Comments & Feedback
Legal Notice

| | | | |
|---|---|---|---|
| **Case** | 07-A-544781-C | **Status** | ACTIVE |
| **Plaintiff** | Xyience Incorporated | **Attorney** | Davis, Laurel E. |
| **Defendant** | Bergeron, Richard | **Attorney** | Pro Se |
| **Judge** | Halverson, Elizabeth | **Dept.** | 23 |

| | | | |
|---|---|---|---|
| **Event** | 07/26/2007 at 01:30 PM | PLTF'S MTN FOR PRELIMINARY INJUNCTION/1 | |
| **Heard By** | Williams, Timothy C | | |
| **Officers** | Nancy Noble, Court Clerk | | |
| **Parties** | 0001 - P1 | Xyience Incorporated | No |
| | 008409 | Cogburn, Jamie S. | Yes |
| | 0002 - D1 | Bergeron, Richard | No |

Deft not present. Following arguments by counsel as to his attempts to serve defendant, COURT ORDERED Pltf will be given additional time to effectuate service of process and/or service by publication.

**Due to time restraints and individual case loads, the above case record may not reflect all information to date.**

Top Of Page

**Generated by BLACKSTONE ... the Judicial System**
**© 2008 All Rights Reserved, CMC Software**

# EXHIBIT "2"

EXHIBIT "2"

# District Case Inquiry - Minutes



**Case** 07-A-544781-C **Status** ACTIVE
**Plaintiff** Xyience Incorporated **Attorney** Davis, Laurel E.
**Defendant** Bergeron, Richard **Attorney** Pro Se
**Judge** Halverson, Elizabeth **Dept.** 23

**Event** 08/09/2007 at PLTF'S MTN FOR PRELIMINARY INJUNCTION/3
**Heard By** Williams, Timothy C
**Officers** Carole D'Aloia, Relief Clerk

| **Parties** | | | |
|---|---|---|---|
| | 0001 - P1 | Xyience Incorporated | No |
| | 008409 | Cogburn, Jamie S. | Yes |
| | 0002 - D1 | Bergeron, Richard | No |

Upon Court's inquiry, Mr. Cogburn stated he does not expect Defendant to appear. Matter TRAILED for Defendant's presence.

Matter RECALLED and Defendant still not present. Arguments by counsel in support of his motion for the preliminary injunction. Court expressed its' concern regarding the First Amendment issue. Court advised counsel it would like to proceed with caution so that any decision it makes will stand. Court instructed Mr. Cogburn to submit a proposed order, along with case law and Points and Authorities, on the First Amendment issue and, ORDERED, matter CONTINUED and set for DECISION on Court's Chamber Calendar.

8/23/07 DECISION

**Due to time restraints and individual case loads, the above case record may not reflect all information to date.**



**Generated by BLACKSTONE ... the Judicial System**
**© 2008 All Rights Reserved, CMC Software**