FENNEMORE CRAIG, P.C.
Laurel E. Davis (NV Bar No. 3005)
Jon T. Pearson (NV Bar No. 10182)
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 692-8000
E-Mail: ldavis@fclaw.com
E-Mail: jpearson@fclaw.com

Attorneys for Plaintiff/Counter-Defendant
**Xyience Incorporated**

**E-filed May 8, 2008**

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>XYIENCE INCORPORATED, a Nevada corporation,<br><br>Debtor. | Chapter 11<br><br>No. BK-S-08-10474-MKN |
| XYIENCE INCORPORATED, a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON, an individual<br><br>Defendant. | Adv. No. 08-01082<br><br>**XYIENCE INCORPORATED'S REPLY TO THE UNTIMELY OPPOSTION TO XYIENCE'S MOTION TO DISMISS AND TO STRIKE RICHARD BERGERON'S COUNTERCLAIMS** |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | Date: May 14, 2008<br>Time: 9:30 a.m.<br>Location: 300 Las Vegas Blvd. South<br>Courtroom #2<br>Las Vegas, NV 89101 |

Plaintiff/Counter-Defendant Xyience Incorporated ("Xyience" or the "Debtor") submits this Reply to Defendant/Counter-Plaintiff Richard Bergeron's ("Mr. Bergeron") untimely Opposition to Xyience's Motion to Dismiss and to Strike Mr. Bergeron's Counterclaims [Dkt. #44]. This Reply is based upon the following points and authorities, the pleadings, papers and other records on file herein, and such argument and further evidence presented to the Court at the time of the hearing.

**POINTS AND AUTHORITIES**

**I.**

**ARGUMENT**

**A. Mr. Bergeron's Opposition is Untimely.**

On April 9, 2008, Xyience filed a Motion to Dismiss and to Strike Mr. Bergeron's Counterclaims. (See Motion to Dismiss, at Dkt. #13.) Pursuant to Local Rules of Bankruptcy Practice of the United States District Court for the District of Nevada ("LR") 9014, Mr. Bergeron's Opposition to Xyience's Motion to Dismiss was due no later than April 28, 2008.[1] Mr. Bergeron failed to timely file an Opposition to Xyience's Motion to Dismiss. In fact, Mr. Bergeron did not file his Opposition to Xyience's Motion to Dismiss until May 7, 2008. (See Dkt. #44.) LR 9014(d)(3) provides that "[i]f no response or ***opposition is filed within the time required by these rules, the matter will be deemed unopposed, the court may enter an order granting the relief requested in the motion without further notice and without a hearing, and no appearance need be made.***" See LR 9014(d)(3) (emphasis added).

On April 25, 2008, this Court entered an Order stating, in part, that "any replies with respect to all of the foregoing matters [which included Xyience's Motion to Dismiss] shall be filed and served **no later than May 7, 2008.**" (See Order, at Dkt. # 35) (emphasis in original). Mr. Bergeron may take the position that pursuant to this Court's Order, his Opposition was not

[1] Xyience's Notice of Hearing for its Motion to Dismiss stated that an Opposition would be due no later than fifteen (15) days (plus three days for mailing) after service of the Notice. (See Notice of Hearing, Dkt. #14.)

due until May 7, 2008. This position, however, is not correct because the Order stated that all replies, not oppositions, would be due no later than May 7, 2008. Thus, pursuant to LR 9014, Mr. Bergeron's Opposition was due no later than April 28, 2008. For these reasons, Xyience respectfully requests that this Court enter an Order granting Xyience's Motion to Dismiss.

Notwithstanding Mr. Bergeron's continued failure to follow the rules, Xyience will provide a brief response to Mr. Bergeron's Opposition.[2] It is clear from his Opposition that Mr. Bergeron does not recognize the purpose of a Motion to Dismiss.[3] Instead, Mr. Bergeron has chosen to "try" his case, and continue to assert unsubstantiated allegations and theories, all of which should not be given any weight by this Court.[4] In fact, most of the ridiculous allegations that Mr. Bergeron continues to assert require no response.[5]

Furthermore, Mr. Bergeron does admit to the deficiencies with his causes of action for tortuous interference with prospective economic advantage, and his "claim" for pain and suffering, and states that "he is . . . willing to withdraw" these two claims. (See Opposition, Dkt. #44, at 2:24 through 3:5.) Mr. Bergeron then states that he will proceed on the defamation claim only against Xyience, and not the Fertitta Enterprises, Inc., and his claim for violation of First Amendment rights against Xyience and Fertitta Enterprises. (See Opposition, Dkt. #44, at 3:14-26.) Although Mr. Bergeron is willing to only proceed with his defamation and Violation of his

---

[2] Mr. Bergeron's untimely Opposition has caused Xyience not to be able to file its reply by the May 7, 2008 deadline. Although Mr. Bergeron's Opposition was noted as being filed on May 7, 2008, his Opposition was not entered on the docket until May 8, 2008.

[3] While Courts may liberally construe *pro se* parties' pleadings, *pro se* parties must still be able to plead a cognizable claim. See, e.g., Estelle v. Gamble, 429 U.S. 97, 107-08, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976). Thus, Mr. Bergeron's failures to comply with the rules and to properly plead cognizable claims are not excused by the fact that he is a *pro se* party.

[4] For example, Mr. Bergeron continues to assert that he "has acted with due diligence to look beyond his own wants and needs in order to inspire justice for all aggrieved parties." (See Opposition, Dkt. #44, at 5:1-2.) Mr. Bergeron, however, has no standing to assert alleged claims on behalf of third-parties.

[5] For example, Mr. Bergeron's comments concerning Judge Williams are improper and without any basis. (See Opposition, Dkt. #44 at 10:9-14.)

First Amendment Rights claims, such claims must also be dismissed.

**B. Mr. Bergeron's Argument Concerning the Automatic Stay is Now Moot.**

Mr. Bergeron fails to recognize the applicability of the automatic stay of Section 362 of the Bankruptcy Code. Mr. Bergeron is under the impression that the stay only applies if you are a creditor. (See Opposition, Dkt. #44, at pp. 4-5.) However, Mr. Bergeron's filing of his counterclaims against Xyience during the pendency of its bankruptcy was a clear and knowing violation of the automatic stay of Section 362 of the Bankruptcy Code. This issue, however, is now moot because Xyience removed this case to the Bankruptcy Court.

It is true that on February 28, 2008, Xyience's counsel sent a demand letter to Mr. Bergeron seeking to have him dismiss his counterclaim as against Xyience because he was in violation of the automatic stay of Section 362 of the Bankruptcy Code. Xyience, however, had not yet made a decision whether it would seek to remove this case to the Bankruptcy Court. In fact, it was later on that Xyience determined it would be best to have this case removed to the Bankruptcy Court. Unfortunately, Mr. Bergeron fails to recognize that fact. Nonetheless, Mr. Bergeron's assertion that somehow this Court should "censure" Xyience for sending a demand letter seeking dismissal of his counterclaims should not be given any thought. (See Opposition, Dkt. #44, at 5:24-25.) Mr. Bergeron has failed to cite any existing authority that would provide this Court with any basis to sanction Xyience for sending a proper demand letter demanding that Mr. Bergeron dismiss his counterclaims against Xyience.

**C. Mr. Bergeron's Claim for Defamation Must Be Dismissed.**

Instead of addressing Xyience's Motion to Dismiss, Mr. Bergeron merely adds new allegations that are not found in his Counterclaims. It is well-settled that "a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003); see Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996); see also Grosso v. Miramax Film Corp., 400 F.3d 658, 659 (9th Cir. 2005) (holding that the inquiry into whether a motion to

dismiss should be granted "begins and ends with" the complaint).

As previously noted in Xyience's Motion to Dismiss, Mr. Bergeron's defamation claim is based on: (i) alleged statements that have been made in connection with this case; and (ii) alleged opinions that were posted on ***anonymous blogs.*** (See Opposition, Dkt. #44, at 5:10-14; see also Counterclaims, Dkt. #3, Exh. 50 at ¶¶ 30-32.) Mr. Bergeron states that "defamation resulting from the willfully irresponsible acts of attorneys and law firms handling this case" should not be afforded the "same protections as normal, earnest litigation filed in good faith." (See Opposition, Dkt. #44 at 9:13-19.) Despite Mr. Bergeron's own personal feelings towards Xyience's counsel, he fails to cite any existing authority which would support his position. Indeed, the Supreme Court of Nevada recognizes "the long-standing common law rule that communications uttered or published in the course of judicial proceedings are absolutely privileged." Fink v. Oshins, 118 Nev. 428, 432-33, 49 P.3d 640, 643 (2002); Circus Circus Hotels v. Witherspoon, 99 Nev. 56, 60, 657 P.2d 101, 104 (1983); see Lisowski v. Davis (In re Davis), 312 B.R. 681, 689-90 (Bankr. D. Nev. 2004). This privilege, as its name indicates, is absolute: it ***"precludes liability even where the defamatory statements are published with knowledge of their falsity and personal ill will toward the plaintiff."*** Fink, 118 Nev. at 433, 49 P.3d at 643 (emphasis added).[6] Thus, with respect to any statements that may have been made in connection with this case, such statements are privileged and, therefore, do not subject Xyience to a claim for defamation.

As for alleged opinions that were allegedly posted on anonymous blogs, Mr. Bergeron now alleges that Mr. William Pike and Mr. John Chadwell made defamatory remarks regarding Mr. Bergeron. These allegations, however, were not in Mr. Bergeron's counterclaim for defamation and, therefore, should not be considered. In addition, these alleged postings were anonymous; thus, should not give rise to a defamation claim. However, even assuming,

---

6 Mr. Bergeron contends that Xyience's citations to Nevada's law concerning defamation "do not rise to the standard of this federal court as being absolute." (See Opposition, Dkt. #44, at 9:25 through 10:1.) Although this case has been removed to Bankruptcy Court, with respect to Mr. Bergeron's counterclaim for defamation (a state law claim), this Court will apply Nevada law.

*arguendo*, that Mr. Bergeron did make these allegations in his counterclaim for defamation, it is still legally impossible for him to state a claim for defamation because (i) the alleged blogs were posted anonymously; and (ii) Mr. Bergeron has no basis to make any allegations concerning whether Xyience's officers and/or directors authorized or directed such alleged employees or associates to post these anonymous blogs. Accordingly, because Mr. Bergeron failed to properly plead a cognizable claim for defamation against Xyience, such claim must be dismissed.

**D. Mr. Bergeron's Claim for Relief for Violation of His First Amendment Rights Must Be Dismissed.**

Mr. Bergeron alleges that Xyience and Fertitta Enterprises "acted in collusion with the state and Judge Williams to steamroll justice at the expense of Bergeron." (See Opposition, Dkt. #44, at 10:9-10.) In addition, Mr. Bergeron alleges that Xyience is not a private party and it acted under color of the law because its "behavior is wholly public and a topic of public interest." (Id. at 11:10-14.) Mr. Bergeron obviously does not understand basic concepts of constitutional law. Rather than rehash Xyience's previous arguments, Xyience stands by its arguments in its Motion to Dismiss. In sum, it is undeniable that the First Amendment applies only to state actors.[7] Cooper v. U.S. Postal Service, 482 F. Supp. 2d 278, 286-87 (D. Conn. 2007). Not only did Mr. Bergeron fail to even attempt to plead a cause of action under 42 U.S.C. § 1983,[8] but Xyience cannot be held personally liable for any alleged constitutional violation because it is a private

---

[7] The Due Process Clause of the Fourteenth Amendment made most provisions of the Bill of Rights, including the First Amendment, applicable to state and local governments, but not to private actors. See, e.g., Cantwell v. Ct., 310 U.S. 296, 303, 60 S. Ct. 900, 903, 84 L. Ed. 1213 ("The fundamental concept of liberty embodied in [the Fourteenth] Amendment embraces the liberties guaranteed by the First Amendment").

[8] An action pursuant to Section 1983 provides a means of redress to individuals who have been deprived of federal constitutional or federal statutory rights by persons acting under color of state law. See West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55, 101 L. Ed. 2d 40 (1988). Section 1983 does not create any substantive rights, but is instead a vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials. See Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 978 (9th Cir. 2004). Violation of state law does not give rise to a claim under Section 1983. Instead, only violations of rights or privileges created by the United States Constitution or federal law. See Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 373-74 (9th Cir. 1998).

party and it was not acting under color of state law. Accordingly, Mr. Bergeron's claim for Violation of his First Amendment Rights must be dismissed.

**E. Mr. Bergeron's "Points and Authorities" Should Be Stricken**

Mr. Bergeron's "Points and Authorities" that were provided in his Answer and Counterclaim should be stricken. (See Counterclaim, Dtk. #3, Exh. 50 at pp. 14-28.) Fed.R.Civ.P. 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, ***immaterial, impertinent***, or scandalous matter." See Fed.R.Civ.P. 12(f) (emphasis added). The Points and Authorities are unnecessary and improper and, therefore, should be stricken from Mr. Bergeron's Answer and Counterclaim. See Fed.R.Civ.P. 12(f); see also Fed.R.Civ.P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . short and plain statement of the claim showing that the pleader is entitled to relief"); see also Fed.R.Civ.P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances"). Accordingly, pursuant to Fed.R.Civ.P. 12(f), Xyience respectfully requests that Mr. Bergeron's Points and Authorities, and the supporting exhibits, be stricken.

**II.**

**CONCLUSION**

For the reasons set forth above, Xyience respectfully requests that this Court grant its Motion to Dismiss and dismiss Mr. Bergeron's Counterclaims.

DATED this 8th day of May, 2008.

FENNEMORE CRAIG, P.C.

By: /s/ Jon T. Pearson
Jon T. Pearson

Attorneys for Plaintiff/Counter-Defendant
**Xyience Incorporated**