GORDON & SILVER, LTD.
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gordonsilver.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for Fertitta Enterprises, Inc.

E-Filed On 6-5-08

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>XYIENCE, INCORPORATED,<br>a Nevada corporation,<br><br>Debtor. | Case No.: BK-S-08-10474-MKN<br>Chapter 11 |
| XYIENCE INCORPORATED,<br>a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON, an individual,<br><br>Defendant. | Adversary No. 08-1082-MKN |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | **COUNTERDEFENDANT, FERTITTA ENTERPRISES, INC.'S, EX PARTE APPLICATION FOR ORDER TO SHOW CAUSE RE: UNAUTHORIZED RECORDING OF COURT PROCEEDINGS**<br><br>Date: N/A<br>Time: N/A |

Counterdefendant, Fertitta Enterprises, Inc., a Nevada corporation ("Fertitta Enterprises"), by and through its counsel, the law firm of Gordon & Silver, Ltd., hereby submits its Application for Order to Show Cause Re: Unauthorized Recording Of Court Proceedings (the "OSC Application") in the above-captioned matter.

The Application is made and based on the attached points and authorities, the Declaration of Gregory E. Garman, Esq. in Support of Counterdefendant, Fertitta Enterprises, Inc.'s, EX Parte Application For Order To Show Cause Re: Unauthorized Recording Of Court Proceedings (the "Garman Declaration"), and the papers and pleadings previously on file herein, judicial notice of which is respectfully requested.

Fertitta Enterprises respectfully represents as follows:

1. On May 14, 2008, the Court held a hearing on various matters, including principally the motions to dismiss filed by Counterdefendants, Fertitta Enterprises and Xyience Incorporated, a Nevada corporation ("Debtor"), against the counterclaims filed by the Defendant-Counterclaimant, Richard Bergeron ("Bergeron"). See Docket Nos. 7 and 13.

2. The Court had authorized Bergeron to appear at the foregoing hearing via telephone. There was some difficulty throughout this hearing understanding what Bergeron was saying because there was tremendous static on the telephone line. Such static is not normally encountered when a party appears via telephone from a regular land telephone line. When questioned by the Court regarding the static, Bergeron represented to this Court that he was appearing via a computer telephone, and that there was no land line telephone readily available to him (and apparently in spite of the telephone number appearing at the top of all of his pleadings: 617-209-4325).

3. At one point in the hearing, after Debtor's counsel noted Bergeron's known tendency to make unauthorized recordings of previous court hearings and post them on his website (i.e., http://www.unlimitedfightnews.com), counsel for the Debtor raised this issue to the Court. At that juncture, the Court specifically asked Bergeron whether he was currently or had ever recorded any portion of the May 14, 2008 hearing. Bergeron repeatedly confirmed to this Court that he had not recorded and was not recording any portion of the hearing. These

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

statements by Bergeron now appear to be false.

4. Shortly after the hearing, counsel for Fertitta Enterprises discovered that Bergeron apparently had in fact recorded the entire court hearing from May 14, 2008 and had posted it on the internet at the following link: "http://www.freewebs.com/mmalinks/mmainterviews.htm". Attached to the Garman Declaration as Exhibit "1" is a true and correct copy of a printout of this webpage. See Garman Declaration, ¶ 3.

5. The webpage purports to be an interview of Bergeron by Donal McGuinness. Among other matters, Bergeron admits in this interview that he wants to try and put together a documentary about Xyience for his own commercial benefit. See Ex. 1, p. 3. Bergeron has also stated that he wants to write a book and even a screenplay about Xyience for his own commercial benefit. See id. at p. 4. In short, Bergeron's motivation in advancing his counterclaims, including dragging Fertitta Enterprises into this litigation, appears solely motivated to benefit himself commercially.

6. Toward the bottom of this webpage there appear links to three (3) MP3 files,[1] which contain recordings of the May 14, 2008 hearing.[2] Listening to the quality of the recordings, they do not appear to be generated by the Court's Electronic Court Recording Department and do not use the court-authorized FTR Gold Digital Recording System; rather, they were apparently generated by some outside source. Since all other counsel were actually present in court at this hearing, and given his past history of unauthorized recordings of court hearings which he has also posted on his own website and in his blog, it is quite clear that Bergeron made the unauthorized recordings of the May 14, 2008 hearing. Again, this was directly contrary to Bergeron's repeated representations made in open court that he was not recording and had not recorded any portion of the hearing.

---

[1] MP3 is shorthand for "MPEG-1 Audio Layer 3," which is a digital audio encoding format that is a common audio format for consumer audio storage.

[2] Counsel for Fertitta Enterprises has made copies of these MP3 files, and will make them available to the Court, Bergeron, and all other parties in interest. See Garman Declaration, ¶ 4.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

7. LR IA 9-1(c) of the Local Rules of Practice for the U.S. District Court for the District of Nevada, which is made applicable to the Bankruptcy Court pursuant to LR 1001(b)(2) of the Local Rules of Bankruptcy Practice for the U.S. District Court for the District of Nevada, provides as follows:

> Cameras, recording, reproducing and transmitting equipment which are not part of a wireless communication device as defined in (b) above, are prohibited in all United States courthouses in this district unless otherwise authorized. Cameras, recording, reproducing and transmitting equipment, which are part of a wireless communication device, shall not be used in any courtroom or hearing room without the express approval of the presiding judge or officer. Failure to abide by this rule may result in the forfeiture of any such device.

(emphases added). In short, Bergeron's recording of the May 14, 2008 hearing was not only directly contrary to his representations to this Court, but also was a violation of this Court's rules, which can result in the forfeiture of any such device.

WHEREFORE, Fertitta Enterprises respectfully requests that the Court enter an Order to Show Cause requiring that Bergeron be required to appear in person to explain to this Court how the unauthorized recording of the May 14, 2008 hearing came to be posted on the internet and whether he had any involvement in such unauthorized recording. Fertitta Enterprises also requests such other and further relief as is just and proper.

DATED this 5th day of June, 2008.

GORDON & SILVER, LTD.

By: ______________________
GREGORY E. GARMAN, ESQ.
MATTHEW C. ZIRZOW, ESQ.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Attorneys for Fertitta Enterprises, Inc.