ORIGINAL RECEIVED AND FILED

AUG 29 3 29 PM '08

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

Rich Bergeron
147 OLD COUNTY ROAD
East Sandwich, MA 02537
Telephone: (617) 209-4325
Defendant as Pro Se Attorney

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br>XYIENCE, INC., A Nevada Corporation<br>Debtor. | No. BK-S-08-10474-MKN<br>Chapter 11<br><br>Eighth Judicial District Court<br>Las Vegas, Clark County, Nevada<br>Case No. A544781, Dept. XXIII |
| XYIENCE INCORPORATED, a Nevada Corporation,<br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON, an individual<br>Defendant. | CASE NO. BK-2-08-AP-01082-MKN<br><br>**DEFENDANT AND COUNTERCLAIMANT'S RESPONSE TO SHOW CAUSE ORDER AND MOTION TO RECUSE JUDGE NAKAGAWA**<br><br>Hearing Date: September 10, 2008<br><br>Time: 9:30 AM<br><br>Location: 300 Las Vegas Blvd. South<br>Courtroom #2<br>Las Vegas, NV 89101 |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | |

**INTRODUCTION:**

Defendant Rich Bergeron hereby submits this response to Judge Nakagawa's recent order for a show cause hearing to be held on the issue of recorded hearings.

Without the help of Nakagawa, the plaintiff already managed to continually delay the hearing on Rule 11 sanctions by recusing Clark County Judge Timothy Williams. On top of that Fennemore Craig received a 60-day extension and then transferred the matter to bankruptcy court, allowing their attorneys more than sufficient time to get up to speed on the case. Yet, they've introduced no substantive evidence to date.

Nakagawa's quick and unsubstantiated move to approve a show cause order for a matter completely immaterial to the true issues involved in this case is the last straw in a series of gaffes. Nakagawa continued the scheduling conference on multiple occasions without adequate reason and made false representations more than once regarding crucial court decisions. Untimely and needless delays caused by Nakagawa's negligence have kept the case in limbo for over 5 months and counting.

Judge Nakagawa is clearly biased and prejudiced against the petitioner and has shown extreme negligence in case management which has allowed the debtor in the bankruptcy case to carry on a charade of a complaint with no merit while Bergeron is prevented from conducting due and timely discovery. Nakagawa has so far delayed the scheduling conference in the matter five separate times: 4/23/08 (continued to 5/14/08); 5/14/08 (continued to 6/25/08); 6/25/08 (continued to 8/13/08); 8/13/08 (continued to 8/26/08); 8/26/08 (continued to 10/08/08).

The judge has also needlessly delayed six decisions regarding issues extremely crucial to the case. Nakagawa at least twice promised to deliver decisions on these six outstanding motions, and

Nakagawa at least twice confirmed on the record that these decisions would be made on two respective dates: August 13 and August 26th. A decision has not yet hit the docket for any of those outstanding motions dating back to October of 2007. Nakagawa also published an order (see exhibit A) stipulating six hearings would take place on May 14th for the outstanding motions while only three were actually conducted.

Despite one motion filed in March labeled "Emergency" and outlining severe issues of fraud, Nakagawa has yet to rule on that matter. Bergeron requested the proceedings be suspended in that motion and an investigation be launched. Nakagawa did neither. What he has done is approve the company's reorganization plan, making absolutely no mention of Bergeron's noted objections from the suspension motion.

Nakagawa hastily decided to process an order for a show cause hearing requested by counter-defendant Fertitta Enterprises, and this was based on an issue of an improper recording made of some hearings. During one of those recorded hearings Nakagawa made one of his public promises to have an answer by a drop-dead date on all of Bergeron's outstanding motions. Bergeron told the judge at a subsequent hearing that the recording had been made by a documentary film-maker from Seattle without his knowledge only to have the judge order a further hearing on the matter before registering any decisions on much more important, substantive matters.

Xyience Attorney Laurel Davis even admitted in court that she was simply obligated to carry the case on and did not think the board of directors would vote to pursue the matter any further. Judge Nakagawa's false representations in court and repeated delays have cost Bergeron over $100 in Court Call fees. Nakagawa's behavior betrays his bias and prejudice against both adversary proceedings he is currently assigned to, as the shareholders case against Xyience he oversees has also

been delayed while Nakagawa caters almost exclusively to the company's bankruptcy lawyers and the core case itself.

The show cause hearing requiring Bergeron's appearance and scheduled for September 10, 2008 is meaningless to the case and sanctions are by no means applicable for Bergeron's conduct. Furthermore, the judge returned a response in a very timely manner for that motion while dragging out the process of registering a decision on all of Bergeron's motions thus far. There is no excuse for a motion dating back to October of 2007 to still be outstanding, especially considering the bankruptcy court has had access to the case files since March 20, 2008.

For these reasons, it has become apparent that Judge Nakagawa cannot possibly be acting impartially in this matter. Nakagawa is overlooking several serious First Amendment issues in this case and delaying justice to appease the core proceedings. Furthermore, he is ignoring serious concerns which warrant an immediate and through investigation into the motivations and self-serving actions behind the initial filing of the core proceedings. The chain of events that led to the bankruptcy and that Bergeron has been reporting on since December of 2006 contain several red flags and indicators of sophisticated fraud. No evidence of any serious inquiry into this fraudulent behavior exists on the core docket or on any of the adversary proceedings' dockets. Discovery has been needlessly prevented by the court's unwillingness to rule on crucial motions and the continued delay of scheduling conferences in both adversary proceedings. As a result, while both adversary proceedings have lodged serious allegations of massive fraud neither proceeding has been allowed to enter discovery before a final reorganization plan has been set in motion for Xyience.

**ARGUMENT:**

***"Implicit in the right to [self-representation] is the obligation on the part of the Court to make reasonable allowances to protect Pro Se litigants from inadvertent forfeiture of important rights because of their lack of legal training." And the "Court's duty is even broader in the case of a [Pro Se] defendant who finds [himself] in court against [his] will with little time to learn the intricacies of civil procedure and law." See 28 U.S.C.A. 1654.***

As a pro se litigant Bergeron has been denied his right to due process and his right to a speedy trial. The proceedings against him have already eclipsed a year, and Judge Nakagawa continues to act in a manner which lets the bankruptcy attorneys dictate the pace of the proceedings. These attorneys were already granted incessant delays by the district court before improperly removing the matter to the bankruptcy court. Nakagawa seems incapable of separating himself from the core bankruptcy case and adjudicating any matters of the adversary proceedings fairly and adequately.

Bergeron should not even be considered a creditor in the first place, and his case (particularly his counterclaim) is more of a First Amendment case than a bankruptcy issue.

Bergeron was recently able to take part in some final disclosure and reorganization related hearings in the actual core bankruptcy case (August 26th hearings) while awaiting yet another no-decision announcement on his own case by Nakagawa. This was the first time Bergeron had a chance to interact with the official bankruptcy court hearings, yet it was in a last-minute scenario in which it seemed everything had been predisposed. Bergeron still contends the bankruptcy court should have no jurisdiction in this matter and the best venue is U.S. District Court.

Several First Amendment issues attach themselves by default to this type of defamation case. These issues have been overlooked and under-appreciated in these proceedings. While these should be over-riding, clear cut principles all courts know and understand, Judge Nakagawa has treated these issues as matters secondary to fast-tracking the bankruptcy.

**FRAUDULENT BANKRUPTCY:**

This bankruptcy is simply suspect, and the corporations and core partnerships behind the scenes consist of a group of money launderers, organized criminals, corporate raiders, and swindlers of mass proportion. Evidence has already been laid out to that effect, but more information has recently come to light regarding the players involved in Xyience who were also connected to Global Cash Access Holdings. International money laundering has been alleged in the case of GCA's stock dive last November just before several GCA employees crossed over to Xyience.

Bergeron also did some recent research into a couple of Nevada entities formed on April 30, 2008. Manzen, LLC and Manzen Holdings, LLC (See Exhibit A) are both based in a building at 365 BAY STREET TORONTO, ONTARIO, suite 800. There is also a doing business as (DBA) certificate for Manzen, LLC to do business as Xyience. (see Exhibit B). Yet, there is absolutely no mention in the reorganization plan or the disclosure statements about any of the Manzen entities. Is this where Zyen and Manchester Consolidated Corporation plan to hide the company's assets?

Bergeron also submitted countless pieces of evidence to verify that the people behind this bankruptcy have pulled similar schemes before. They have shown a penchant for doing whatever it takes to squeeze an extra buck out of a bad situation. This court is only empowering them to continue this activity without taking due notice of the corruption involved and the valid outstanding

claims that should trump the core bankruptcy proceedings rather than play second fiddle to the process.

**RECORDING ISSUES**

Bergeron's dissemination of the recorded hearing was limited to a hosting site and an obscure Ireland-based Web-site as part of an interview he conducted. Bergeron has written volumes of information on Xyience that has never been challenged. All the evidence shows that subsequent attorneys who tried to take on the frivolous case from the original lawyer could not add any substance to the record. There was never any wrongdoing on Bergeron's part, and therefore there was no way to back the initial case up.

Bergeron previously filed a motion to strike the initial declaration of Adam Frank and all orders based on that perjured testimony, and a response to that motion has been entered in the bankruptcy court by Fennemore Craig. Adam Frank and Kirk Sanford both confirmed in a recorded phone call that they use Bergeron's Web-site as a resource even while he was being sued by the company they were running. Rather than make a definitive ruling on Bergeron's motion leveling serious charges of perjury, Nakagawa has thus far ignored it.

The perjury involved is confirmed by a legally recorded conversation, as stipulated within the various statutes attached to Bergeron's motion to strike the affidavit and subsequent orders. Nakagawa made a quick timely decision to call a show-cause hearing on a Fertitta Enterprises (a counter defendant in the proceedings) request with no evidence whatsoever of impropriety on Bergeron's part, yet Nakagawa has done nothing in response to a documented and recorded instance of perjury.

That motion also explained that disseminating recordings, regardless of whether they were

obtained legally, is protected by the First Amendment:

> In *CBS v. Davis*, 510 U.S. 1315 (1994), Justice Blackmun, acting as Circuit Justice, stayed a preliminary injunction issued by a lower court to prevent a television network from airing footage that was allegedly unlawfully obtained at a meat packing plant. Despite the lower court's findings that the broadcast "could result in a significant portion of the national chains refusing to purchase beef processed at [the plaintiff's plant] and thereafter in the [plaintiff's] plant's closure" and that "[p]ublic dissemination of [the plaintiff]'s confidential and proprietary practices and processes would likely cause irreparable injury to [the plaintiff]," Justice Blackmun found that the injunction was an unlawful prior restraint. Indeed, the injunction was so constitutionally objectionable that Justice Blackmun considered it an "extraordinary circumstance" justifying the immediate stay of a lower court order by a single Justice. 510 U.S. at 1317.

**MOTION TO RECUSE JUDGE NAKAGAWA**

WHEREFORE, petitioner respectfully moves and prays that the Honorable Mike Nakagawa recuse, remove and disqualify himself as judge, or that the instant motion and all other outstanding motions be heard by a judge other than Judge Nakagawa. Another judge should be assigned to hear and try all matters in the instant case so impartiality and due process can be preserved in this matter.

Dated 29 August, 2008

IN PROPER PERSON

[signature] RB

Rich Bergeron
147 Old County Road
East Sandwich, MA 02537
617-209-4325
Attorney Pro-Se
Rich.Bergeron@gmail.com

*EXHIBIT A*

HOME ABOUT ROSS NEWS FAQ CONTACT US SEARCH




Information Center | Election Center | Business Center | Licensing Center | Securities Center | Online Services

My Data Reports | Business Entity Search | Fee Schedule (Data Reports) | Login (Data Reports)

# MANZEN HOLDINGS, LLC

New Search | Printer Friendly | Calculate List Fees

**Business Entity Information**

| | | | |
|---|---|---|---|
| **Status:** | Active | **File Date:** | 3/28/2008 2:21:42 PM |
| **Type:** | Domestic Limited-Liability Company | Corp Number: | E0204832008-9 |
| Qualifying State: | NV | List of Officers Due: | 3/31/2009 |
| Managed By: | Managers | **Expiration Date:** | |

**Registered Agent Information**

| | | | |
|---|---|---|---|
| **Name:** | GORDON & SILVER, LTD | **Address 1:** | 3960 HOWARD HUGHES PARKWAY |
| **Address 2:** | 9TH FLOOR | **City:** | LAS VEGAS |
| **State:** | NV | **Zip Code:** | 89169 |
| **Phone:** | | **Fax:** | |
| **Mailing Address 1:** | | **Mailing Address 2:** | |
| **Mailing City:** | | **Mailing State:** | |
| **Mailing Zip Code:** | | | |
| **Agent Type:** | Noncommercial Registered Agent | | |

View all business entities under this registered agent

**Financial Information**

| | | | |
|---|---|---|---|
| No Par Share Count: | 0 | Capital Amount: | $ 0 |

No stock records found for this company

**Officers** ☑ **Include Inactive Officers**

Manager - 2164278 ONTARIO INC.

| | | | |
|---|---|---|---|
| **Address 1:** | 365 BAY STREET, SUITE 800 | **Address 2:** | |
| **City:** | TORONTO, ONTARIO | **State:** | |
| **Zip Code:** | M5H 2V1 | **Country:** | CAN |
| **Status:** | Active | **Email:** | |

**Actions\Amendments**

Click here to view 2 actions\amendments associated with this company

You are currently not logged in

Copyright 2008. All rights reserved.

HOME ABOUT ROSS NEWS FAQ CONTACT US SEARCH




Information Center Election Center Business Center Licensing Center Securities Center Online Services

My Data Reports | Business Entity Search | Fee Schedule (Data Reports) | Login (Data Reports)

# MANZEN , LLC

New Search Printer Friendly Calculate List Fees

**Business Entity Information**

| | | | |
|---|---|---|---|
| **Status:** | Active | **File Date:** | 3/28/2006 2:19:06 PM |
| **Type:** | Domestic Limited-Liability Company | Corp Number: | E0244412006-7 |
| Qualifying State: | NV | List of Officers Due: | 3/31/2009 |
| Managed By: | Managers | **Expiration Date:** | |

**Registered Agent Information**

| | | | |
|---|---|---|---|
| **Name:** | GORDON & SILVER, LTD | **Address 1:** | 3960 HOWARD HUGHES PARKWAY |
| **Address 2:** | 9TH FLOOR | **City:** | LAS VEGAS |
| **State:** | NV | **Zip Code:** | 89169 |
| **Phone:** | | **Fax:** | |
| **Mailing Address 1:** | | **Mailing Address 2:** | |
| **Mailing City:** | | **Mailing State:** | |
| **Mailing Zip Code:** | | | |
| **Agent Type:** | Noncommercial Registered Agent | | |

View all business entities under this registered agent

**Financial Information**

| | | | |
|---|---|---|---|
| No Par Share Count: | 0 | Capital Amount: | $ 0 |

No stock records found for this company

**Officers** Include Inactive Officers

Manager - 2164278 ONTARIO INC.

| | | | |
|---|---|---|---|
| **Address 1:** | 365 BAY STREET, SUITE 800 | **Address 2:** | |
| **City:** | TORONTO, ONTARIO | **State:** | |
| **Zip Code:** | M5H 2V1 | **Country:** | CAN |
| **Status:** | Active | **Email:** | |

**Actions\Amendments**

Click here to view 2 actions\amendments associated with this company

You are currently not logged in

Copyright 2008. All rights reserved

# *EXHIBIT B*

DocDesc

Page 1 of 1

| | | | |
|---|---|---|---|
| Instrument # | 20080430100082800 | | |
| Date Issued/Filed | 4/30/2008 | Time Issued/Filed | 12:56:47 PM |
| Document Type | FFN | Remarks | |
| Document Desc | FFN CERTIFICATE | | |
| Status | N | Pages | 1 |
| Business Mailing Address | 365 BAY STREET TOTONTO, ONTARIO CANADA M5H 2V1 | FileIDs | |

Business Name

| Seq | Firm | Name |
|---|---|---|
| 1 | Y | XYIENCE |

Owner Name

| Seq | Firm | Name |
|---|---|---|
| 1 | Y | MANZEN, LLC |

Referenced By

Referenced To