GORDON SILVER
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gordonsilver.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for Counterdefendant,
Fertitta Enterprises, Inc.

E-Filed On 9-5-08

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

In re:

XYIENCE INCORPORATED,
a Nevada corporation,

Debtor.

Case No.: BK-S-08-10474-MKN
Chapter 11

XYIENCE INCORPORATED,
a Nevada corporation,

Plaintiff,

v.

RICHARD BERGERON, an individual,

Defendant.

Adversary No. 08-1082-MKN

RICHARD BERGERON, an individual,

Counterclaimant,

v.

XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,

Counterdefendants.

**REPLY OF COUNTERDEFENDANT, FERTITTA ENTERPRISES, INC., TO RESPONSE OF DEFENDANT AND COUNTERCLAIMAINT, RICHARD BERGERON, TO SHOW CAUSE ORDER AND MOTION TO RECUSE JUDGE NAKAGAWA**

Date: September 10, 2008
Time: 9:30 a.m.

Counterdefendant, Fertitta Enterprises, Inc., a Nevada corporation ("Fertitta Enterprises"), by and through its counsel, the law firm of Gordon Silver, hereby submits its Reply (the "Reply") to the Response to Show Cause Order and Motion to Recuse Judge Nakagawa (the "OSC Response"), see Docket No. 59, and Counterclaimant's (1) Reply to Fertitta Enterprises Ex Parte Motion and (2) Motion to Compel Court to Rule on All Outstanding Motions (the "OSC Application Response"), see Docket No. 54, both filed by Defendant/Counterclaimant, Richard Bergeron ("Bergeron"). This Reply is made and based on the following points and authorities, the papers and pleadings on file in the above-referenced adversary proceeding and main bankruptcy case, judicial notice of which is respectfully requested, and any arguments entertained at the time of the hearing of this matter.[1]

## I.
## STATEMENT OF FACTS

1. On July 18, 2007, Xyience Incorporated, a Nevada corporation ("Xyience" or "Debtor"), filed its Complaint (the "Complaint") against Bergeron in the Eighth Judicial District Court, Clark County, Nevada (the "State Court"), being Case No. A544781 (the "Litigation"). See Adversary Docket No. 3, Ex. 2. Fertitta Enterprises was not a plaintiff to the Complaint.

2. Also on July 18, 2007, Xyience first filed its Motion for Preliminary Injunction (the "Preliminary Injunction Motion") against Bergeron in the Litigation, which sought to restrain and enjoin him from posting allegedly defamatory remarks on the internet concerning Xyience and to remove certain allegedly false and defamatory articles on Bergeron's website. See id. at Ex. 3. Xyience refiled its Preliminary Injunction Motion on August 3, 2007, and later supplemented it on August 17, 2007. See id. at Exs. 8 and 12.

3. On August 19, 2007, Bergeron, who has represented himself *pro se* throughout the Litigation, filed his Opposition to Motion for Preliminary Injunction. See id. at Ex. 13.

4. On August 22, 2007, Xyience filed its Reply in Support of its Motion for

[1] A motion for recusal or disqualification should be heard and decided by the judge whose recusal or disqualification is sought. See Bernard v. Coyne (In re Bernard), 31 F.3d 842, 843 (9th Cir. 1994); United States v. Sibla, 624 F.2d 864, 868 (9th Cir. 1980).





Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

Preliminary Injunction in the Litigation. See id. at Ex. 14.

5. On September 6, 2007, the State Court issued its Preliminary Injunction Order (the "Preliminary Injunction Order"), which granted Xyience a preliminary injunction against Bergeron. See id. at Ex. 18.

6. On September 26, 2007, Xyience filed its Motion to Modify Preliminary Injunction Order in the Litigation. See id. at Ex. 22.

7. On October 9, 2007, Bergeron filed his Motion to Dismiss in the Litigation, which was never heard or decided by the State Court because he apparently never set it for hearing with the State Court, or at least did not do so on a timely basis. See id. at Ex. 25.

8. On November 6, 2007, the State Court entered a Modified Preliminary Injunction Order in the Litigation. See id. at Ex. 28.

9. On December 15, 2007, Bergeron filed what he called a Dispositive Motion for Rule 11 Sanctions in the Litigation, which also was never heard or decided by the State Court because, again, Bergeron apparently never set it for hearing, or at least did not do so on a timely basis. See id. at Ex. 34.

10. On January 22, 2008 (the "Petition Date"), Xyience filed its Voluntary Petition under Chapter 11, Title 11 of the U.S. Code (the "Bankruptcy Code"), thereby commencing the above-captioned bankruptcy case.

11. On February 19, 2008, Bergeron filed his Answer to Complaint and Counterclaim for Declamatory Relief [sic] (the "Counterclaim") in the Litigation, and in violation of the automatic stay pursuant to 11 U.S.C. § 362. See id. at Ex. 50. In addition to asserting counterclaims against Xyience, Bergeron also joined in Fertitta Enterprises as an additional counterdefendant to the same counterclaims, thereby including Fertitta Enterprises for the first time as a party to the Litigation. Prior to being joined in by Bergeron's Counterclaim, Fertitta Enterprises never made any appearance and never filed any papers or pleadings in the Litigation. See id. at Ex. 1 (docket), and Exs. 2-49.

12. On March 6, 2008, the Court entered the Order Re: Debtor's Motion For Order (1) Approving Sales Protections To Manchester Consolidated Corp.; (2) Approving Procedures

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

For Soliciting Higher And Better Offers, And Determining Highest And Best Offer; (3) Setting Hearing To Select Highest And Best Offer, And To Approve Sale Of Assets; And (4) Granting Other Relief (the "Sales Procedure Order"). See Docket No. 147. The Sales Procedure Order set an auction sale of Debtor's assets for April 1, 2008.

13. On March 20, 2008, Xyience removed the Litigation to Bankruptcy Court where the case now remains pending as the above-captioned adversary proceeding. See Adversary Docket Nos. 1 and 3.

14. On March 24, 2008, Fertitta Enterprises filed its Motion to Dismiss Adversary Proceeding (the "Motion to Dismiss") in the Litigation. See Adversary Docket No. 7. The Motion to Dismiss has been fully briefed. See Docket Nos. 16 (Opposition), and 28 (Reply).[2]

15. On March 28, 2008, Bergeron filed what he called Defendant/Counterclaimant's (I) Emergency Motion to Suspend Bankruptcy Proceedings Pending Investigation of Fraudulent Bankruptcy Filing, and (II) Motion for Summary Judgment on Defendant's Rule 11 Motion, Motion to Dismiss and Counterclaims (the "Emergency Motion") in this Litigation. See Adversary Docket No. 11. Bergeron's Emergency Motion has been fully briefed. See Adversary Docket Nos. 17 (Debtor Opposition), 19 (Fertitta Enterprises Opposition), and 42 (Reply).

16. On April 7, 2008, this Court entered its Order Granting Motion For Order Approving The Sale Of Property Free And Clear Of Liens, Claims And Interests Pursuant To Bankruptcy Code Sections 105, 363 And 549 And Assumption And Assignment Of Certain Agreements Pursuant To Bankruptcy Code Section 365 (the "Sale Order"), which approved the sale of substantially all of Debtor's assets. See Docket No. 178.

17. On April 28, 2008, this Court entered an Order Rescheduling Hearings And Setting Deadlines, see Docket No. 35, which noted, among other matters, that various pleadings filed by Bergeron had never been set for hearing by him, and thus rescheduled the hearings on

[2] Debtor has also filed its own parallel motion to dismiss Bergeron's counterclaims, which motion has also been fully briefed and submitted to the Court for decision. See Adversary Docket Nos. 13 (Motion), 44 (Opposition), and 46 (Reply).

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

various pending matters for May 14, 2008.

18. On May 14, 2008, the Court held oral arguments on the Motion to Dismiss and the Emergency Motion, and those matters were thereafter submitted for decision. As of the filing of the instant Reply, no decision has been rendered on these pending matters.

19. On May 19, 2008, Debtor filed its Chapter 11 Plan of Reorganization (the "Plan"). See Docket No. 191.

20. On June 5, 2008, Fertitta Enterprises filed its Ex Parte Application for Order to Show Cause Re: Unauthorized Recording of Court Proceedings (the "OSC Application"), which was supported by the Declaration of Gregory E. Garman, Esq. See Adversary Docket Nos. 51 and 52.

21. On July 11, 2008, Bergeron filed his OSC Application Opposition.

22. On July 16, 2008, the Court entered an Order Granting Ex Parte Motion For Order: (1) Conditionally Approving Disclosure Statement: and (2) Setting A Hearing To Determine Adequacy of Disclosure Statement and Confirmation Of Chapter 11 Plan. See Docket No. 233.

23. On August 18, 2008, the Court entered its Order to Show Cause Re: Unauthorized Recording of Court Proceedings (the "OSC"). See Adversary Docket No. 56. The OSC was entered 74 calendar days after Fertitta Enterprises' OSC Application was filed, and 38 calendar days after Bergeron's OSC Application Opposition was filed. In addition to being mailed to Bergeron, see Adversary Docket No. 57, the OSC was also personally served on him. See Adversary Docket No. 62.

24. On August 26, 2008, the Court held a hearing on and orally confirmed the Plan. As of the filing of this Reply, however, a written order confirming the Plan has not yet been entered, but is forthcoming.

25. On August 29, 2008, Bergeron filed his OSC Response.

. . .

. . .

. . .

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

## II.
## LEGAL ARGUMENT

### A. Unauthorized Recording.

Bergeron's OSC Application Response regurgitates the same frivolous and nonsensical arguments he raised in his opposition to Fertitta Enterprises' Motion to Dismiss, and in his own Emergency Motion. Such arguments are irrelevant to the OSC, and are nothing more than an attempt to distract attention away from his misrepresentation on the record in open court that he was not recording the court proceedings on April 14, 2008. In fact, Bergeron's explanation of how the recording came to be made is as follows:

> Bergeron has only conducted one recent interview with an obscure, Ireland-based Web-site. The matter of the hearings' recording placed on that site is related to a documentary discussed in the interview. The Seattle-based filmmaker (who listened to the hearings on another line) could not get cameras approved for the courtroom and wanted to understand what Bergeron was dealing with in this case. Bergeron was not aware that the recording was being made, but the filmmaker did send him a copy of the recording later on, which Bergeron gave to the Ireland-based author of his interview.

Docket No. 54, p. 3, ll. 4-12.

The foregoing explanation is simply incredible, and is wholly unsupported by any admissible evidence. Bergeron sets forth no evidence that such a documentary filmmaker even exists, that such a party made a request to bring cameras into the courtroom, or that anyone else was ever even authorized to listen in on the court hearing in the first place. The simple fact is that Bergeron has been caught making an unauthorized recording of a court proceeding and is now making up a story to excuse his misrepresentation on the record in open court to the contrary.

Likewise, Bergeron's OSC Response also repeats *ad nauseum* the same meritless and frivolous rantings he has made throughout this case, while adding nothing further to excuse his unlawful recording of the court proceedings. In fact, his OSC Response does not even address the unlawful recording of the court hearing, and instead avoids the issue entirely by instead focusing on his subsequent dissemination of the unlawful recording. Obviously, Bergeron could





Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

have obtained an authorized recording of a court proceeding from the Electronic Court Recording Department as clearly explained on the Court's website, however, he did not do this and instead chose to mislead the Court. There is simply no excuse for Bergeron's action and this Court should not tolerate such improprieties and subsequent attempts to mislead the Court.

**B. Recusal Request.**

**1. Procedurally Improper.**

In addition to responding to the OSC, however, Bergeron also includes in his OSC Response a request to recuse the presiding judge over the adversary proceeding. As an initial matter, Bergeron's recusal request is procedurally improper.

Rule 9014(a)(1) of the Local Rules of Practice for the U.S. Bankruptcy Court for the District of Nevada (the "Local Rules") provides as follows: "Unless the court directs otherwise, all hearings (including motions in adversary proceedings, objections and other matters for which a hearing is necessary) must be set by counsel or persons acting pro se on the calendar of the judge to whom the case is assigned. The court may set any matter for hearing whether or not a hearing is required by statute or rules." LR 9014(a)(1) (emphasis added). Further, Local Rule 9014(b)(1) provides as follows: "[t]he movant must obtain a hearing date," and also requires a notice of hearing to be filed with the motion containing certain information. LR 9014(b)(1).[3]

In the case at hand, Bergeron's recusal request in his OSC Response is not procedurally proper because it was never set for hearing and no notice of hearing has ever been issued. Smuggling in a new request for relief in an opposition is also improper as it denies the opposing party the proper time to respond to such a request for relief. There is no Bankruptcy Rule or Local Rule allowing for such a "countermotion" in this context.[4]

---

[3] As set forth in the Statement of Facts herein, this is not the first time that Bergeron has filed pleadings with this Court and the State Court, and not had them set for hearing.

[4] But see LR 7056(c) and (e) (making provision for a countermotion within the context of cross motions for summary judgment). Notably, however, Local Rule 7056 also guarantees litigants significant additional time to respond to such filings, which is greater than the time generally provided in normal motion practice under Local Rule 9014.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

**2. Applicable Statute And Rule Governing Recusal.**

Although nowhere discussed in Bergeron's Response, the disqualification of bankruptcy judges is governed by 28 U.S.C. § 455, which provides as follows:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S.C. § 455.[5]

Rule 5004(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), provides, in pertinent part, as follows:

> (a) Disqualification of judge. A bankruptcy judge shall be governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstances arises or, if appropriate, shall be disqualified from presiding over the case.

Fed. R. Bankr. P. 5004(a).

**3. Untimely And Waived.**

Motions to disqualify must be timely filed and made at the earliest moment after a party gains knowledge of the facts that form the basis for disqualification. See In re Abijoe Realty Corp., 943 F.2d 121, 126-27 (1st Cir. 1991) (recusal motion not made until after judge made adverse ruling against movant); In re Spirtos, 298 B.R. 425, 434 (Bankr. C.D. Cal. 2003) (recusal motion untimely where eight-month delay); In re Medrano Diaz, 182 B.R. 654, 658 (Bankr. D.P.R. 1995) (waiver where no objection until adverse ruling).

In the case at hand, Bergeron's recusal request is anything but timely, as it was filed more than seven (7) months after he filed his Counterclaim, more than five (5) months after Fertitta Enterprises filed its Motion to Dismiss, and more than three (3) months after the Court heard oral arguments on all matters properly pending before it. Most critically, Bergeron did not make his recusal request until after the Court entered the OSC and after potential cause had been established that Bergeron had engaged in the unlawful recording of court proceedings in direct

[5] 28 U.S.C. § 144 is not applicable to bankruptcy judges. See In re Smith, 317 F.3d 918, 932 (9th Cir. 2002); Seidel v. Durkin (In re Goodwin), 194 B.R. 214, 221 (B.A.P. 9th Cir. 1996).

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

contravention to his representations on the record in open court. Instead, Bergeron's recusal request is really a last ditch effort to try and avoid an adverse ruling on the Motion to Dismiss and related matters by attacking the decision maker, as he sees the writing on the wall that an adverse decision is forthcoming.

**4. Meritless.**

The standard for recusal pursuant to 28 U.S.C. § 455(a) is objective: "whether a reasonable person with knowledge of all of the facts would conclude that the judge's impartiality might reasonably be questioned." In re Georgetown Park Apts., Ltd., 143 B.R. 557, 559 (B.A.P. 9th Cir. 1992) (quoting United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983); see also In re Spirtos, 298 B.R. 425, 430 (Bankr. C.D. Cal. 2003). Section 455(a) generally does not apply to conduct within the judicial proceeding, only to extrajudicial conduct. See Liteky v. United States, 510 U.S. 540 (1994); Ryan v. Corey (In re Corey), 892 F.2d 829, 839 (9th Cir. 1989). Conclusory allegations are not sufficient to satisfy this test, and courts are generally reluctant to grant these motions because a litigant can utilize it to judge shop. See In re Alpern, 246 B.R. 578, 581 (Bankr. N.D. Ill. 2000); In re Chandler's Cove Inn, Ltd., 74 B.R. 772, 776 (Bankr. E.D.N.Y. 1987); In re Johnson-Allen, 68 B.R. 812, 819 (Bankr. E.D. Pa. 1987).

In the case at hand, Bergeron's OSC Response largely regurgitates the same frivolous and nonsensical arguments he raised in opposition to Fertitta Enterprises' Motion to Dismiss, and in his own Emergency Motion. The only new argument Bergeron raises in his OSC Response is that the Court has taken too long to decide the pending matters. A delay in decisions is simply insufficient grounds as a matter of law to recuse a judge. Moreover, Bergeron himself has needlessly complicated and delayed the Litigation by making wide ranging, frivolous arguments with no basis in fact or law, and by failing to request hearings on his multitude of filings. Bergeron also argues that the Court's entry of the OSC was "quick and unsubstantiated" and "hastily decided," however, he ignores the fact that the Court entered the OSC 74 calendar days after Fertitta Enterprises filed its OSC Application, and 38 calendar days after Bergeron's OSC Application Opposition was filed. Simply put, the Court can and should give due consideration to pending matters and render decisions on a timetable that allows for well reasoned decisions,





Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

and the fact that such a process may take some time does not give rise to grounds for recusal of the judge.

Finally, in his OSC Response, Bergeron appears to quote to 28 U.S.C. § 1654,[6] see Docket No. 59, p. 5, ll. 1-7, however, he is in fact quoting (and quoting quite selectively from) the case of Traguth v. Zuck, 710 F.2d 90 (2d Cir. 1983). Specifically, in Traguth, the Second Circuit stated as follows:

> Implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training. While the right does not exempt a party from compliance with relevant rules of procedural and substantive law, it should not be impaired by harsh application of technical rules. Trial courts have been directed to read pro se papers liberally, and to allow amendment of pro se complaints fairly freely.

Id. at 95 (citations and quotations omitted, emphasis added).

In sum, although Bergeron, as a *pro se* litigant, may be protected from inadvertent forfeiture of important rights due to his lack of legal training, he must still comply with and is governed by the relevant rules of procedure and substantive law. In other words, simply because Bergeron is a *pro se* litigant does not suddenly elevate his arguments to something other than frivolous and meritless, nor do they excused his unauthorized recording of the court proceedings and subsequent misrepresentation to the court in open court and his pleadings.

. . .

. . .

. . .

[6] In fact, 28 U.S.C. § 1654 only provides as follows: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

## III.
## CONCLUSION

WHEREFORE, Fertitta Enterprises respectfully requests that the Court sanction Bergeron for his unlawful recording of court proceedings and grant such other and further relief as is just and proper.

DATED this 5th day of September, 2008.

GORDON SILVER

By: ______________________
GREGORY E. GARMAN, ESQ.
MATTHEW C. ZIRZOW, ESQ.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Attorneys for Counterdefendant,
Fertitta Enterprises, Inc.





Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555