ORIGINAL

RECEIVED & FILED

'08 SEP 18 A9 :07

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

Rich Bergeron
147 OLD COUNTY ROAD
East Sandwich, MA 02537
Telephone: (617) 209-4325
Defendant as Pro Se Attorney

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br>XYIENCE, INC., A Nevada Corporation<br>Debtor. | No. BK-S-08-10474-MKN<br>Chapter 11<br><br>Eighth Judicial District Court<br>Las Vegas, Clark County, Nevada<br>Case No. A544781, Dept. XXIII |
| XYIENCE INCORPORATED, a Nevada Corporation,<br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON, an individual<br>Defendant. | CASE NO. BK-2-08-AP-01082-MKN<br><br>**DEFENDANT AND COUNTERCLAIMANT RICH BERGERON'S MOTION TO REVOKE THE BANKRUPTCY DEBTOR'S REORGANIZATION PLAN APPROVAL ORDER AND MOTION TO TRANSFER ADVERSARY PROCEEDING TO PROPER VENUE** |
| RICHARD BERGERON, an Individual,<br><br>Counterclaimant,<br><br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada Corporation,<br><br>Counterdefendants. | Hearing Date: October 8, 2008<br><br>Time: 9:30 AM<br><br>Location: 300 Las Vegas Blvd. South<br>Courtroom #2<br>Las Vegas, NV 89101 |

# DEFENDANT AND COUNTERCLAIMANT RICH BERGERON'S MOTION TO REVOKE THE BANKRUPTCY DEBTOR'S REORGANIZATION PLAN APPROVAL ORDER AND MOTION TO TRANSFER ADVERSARY PROCEEDING TO PROPER VENUE

INTRODUCTION:

Comes now, Defendant and Counter-plaintiff Rich Bergeron and requests that this case be transferred to U.S. District Court, Massachusetts, Boston Division. This motion also requests that the debtor's reorganization plan approval granted by Judge Mike Nakagawa be revoked based on serious accusations of fraud and Nakagawa's mismanagement of crucial motions calling for a full and fair investigation into the bankruptcy and those who instigated the proceedings on behalf of Fertitta Enterprises.

Judge Mike Nakagawa is clearly biased toward the debtor and their bankruptcy attorneys, as evidenced by Bergeron's recently filed affidavit. There are serious concerns regarding abuse of process, criminal activity, fraudulent bankruptcy filing, and breach of contract issues that should compel the court to take a deeper look at this situation and initiate action against the counter-defendants and all parties connected to the entire bankruptcy scheme.

Nakagawa should recuse himself from these proceedings entirely. Any implication of bias toward the debtor leaves serious doubt as to the value of any subsequent ruling on his part. A new judge should be allowed time to review this matter fairly and adequately. A formal investigation by the trustee should also take place.

These proceedings have effectively rewarded a sophisticated but fraudulent corporate takeover in which investors were railroaded into signing an agreement meant to save the company that only served to destroy it. This is exactly how Fertitta Enterprises envisioned things would go since they wield so much financial, political, and underworld influence in Las Vegas. If no questions are asked and their activity is not part of the spotlight, Xyience can go into reorganization absolved of all responsibility, and everything will be set up to reward the perpetrators of mass fraud and violations of the Federal RICO ACT. None of the legitimate initial shareholders will be allowed to collect any assets as it is, and that is simply unacceptable considering the mounting evidence against the players involved in this maniacal scheme to defraud hundreds of innocent victims. A few

billionaires have become unjustly enriched off the back of this bankruptcy proceeding while the real, genuine, official shareholders are left hungry for justice.

There is no reason the case now before this court should be confined to bankruptcy court anywhere considering the serious and far-reaching First Amendment implications. As such, an immediate transfer to U.S. District Court in Massachusetts is the only way to absolve this matter adequately and prevent extreme bias and case mismanagement that favors the counter defendants as long as this case lingers in the Nevada courts.

POINTS OF PROCEDURE AND APPLICABLE LAW:

U.S. Bankruptcy Code TITLE 11, CHAPTER 11, SUBCHAPTER III, § 1144 regards Revocation of an order of confirmation:

**On request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if and only if such order was procured by fraud. An order under this section revoking an order of confirmation shall—**

**(1) contain such provisions as are necessary to protect any entity acquiring rights in good faith reliance on the order of confirmation; and**

**(2) revoke the discharge of the debtor.**

U.S. BANKRUPTCY CODE TITLE 11, CHAPTER 3, SUBCHAPTER III, § 343 deals with Examination of the debtor:

**The debtor shall appear and submit to examination under oath at the meeting of creditors under section 341 (a) of this title. Creditors, any indenture trustee, any trustee or examiner in the case, or the United States trustee may examine the debtor. The United States trustee may administer the oath required under this section.**

The debtor in this case has not been examined properly by Bergeron nor the parties engaged in the Shareholders' Derivative Adversary Proceeding. Discovery in these matters was needlessly and excessively delayed by Judge Nakagawa. Thus far no formal announcement of a trustee inquiry into the possibility of bankruptcy fraud has been issued. Such an inquiry should take place, and witnesses should be allowed to testify who can attest to the illegal behavior of the counter defendants and corroborate the allegations that have been leveled at the debtor regarding this fraudulent

bankruptcy filing. Federal authorities are engaged in ongoing investigations regarding Xyience, Bergeron has been told. The U.S. Trustee attached to this matter should show due diligence and carry out his own investigation as well.

According to the Federal Rules of Bankruptcy Procedure:

**Rule 2018. Intervention; Right to Be Heard**

**(a) Permissive intervention.**

**In a case under the Code, after hearing on such notice as the court directs and for cause shown, the court may permit any interested entity to intervene generally or with respect to any specified matter.**

United States Code, Chapter 28, Sec. 1412., Change of venue reads:

**A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.**

There is a federal question issue here regarding the First Amendment. The Federal Rules of Bankruptcy Procedure also contain another stipulation permitting such a transfer:

Rule 7019:

**(1) if an entity joined as a party raises the defense that the court lacks jurisdiction over the subject matter and the defense is sustained, the court shall dismiss such entity from the adversary proceeding and**

**(2) if an entity joined as a party properly and timely raises the defense of improper venue, the court shall determine, as provided in 28 U.S.C. § 1412, whether that part of the proceeding involving the joined party shall be transferred to another district, or whether the entire adversary proceeding shall be transferred to another district.**

Bergeron added himself in a new classification of party by bringing the counterclaims against both counter defendants. Since each day is a legal learning process for Bergeron this request and motion now before this court can certainly be considered to be timely for all intents and purposes.

THE FEDERAL RULES OF BANKRUPTCY PROCEDURE STIPULATE IN RULE 7087:

**Transfer of Adversary Proceeding**

**On motion and after a hearing, the court may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. § 1412, except as provided in Rule 7019(2).**

**THE UNITED STATES BANKRUPTCY COURT DISTRICT OF NEVADA ADVERSARY PROCEEDING PROCEDURES** (For Judge Zive, Judge Riegle, Judge Markell, and Judge Nakagawa) clearly outline the general guidelines for such a case, and the timeline for Bergeron's case does not fit several stipulated outlines for time management of a typical case:

**A. *Meet and Confer Immediately After Answering.* Within thirty (30) days after the first defendant has answered or otherwise appeared, the parties must meet and confer as required by Fed. R. Bankr. P. 7026 and Local Rule 7026. No later than 14 days after the initial meeting, the parties must complete and submit a discovery plan or, if applicable, file a request for a waiver.**

**B. *Attendance at Scheduling Conference.* Unless otherwise excused by order of the court, all attorneys and all unrepresented parties *must* attend all scheduling and status conferences, including the first scheduling conference. After the first scheduling conference, the court will approve, disapprove, or modify the discovery plan and enter other orders as appropriate. At any time, on request of a party or on its own, the court may order and schedule a conference of all of the parties to discuss the provisions of the discovery plan or scheduling order.**

**D. *Discovery.* Unless the parties otherwise agree, and the court approves that agreement, all discovery must be completed no later than 120 days after the answer is filed or after the first appearance by the first defendant. All discovery must be conducted in accordance with the Federal Rules of Bankruptcy Procedure and applicable Local Rules of Bankruptcy Practice.**

Examining the case before this court and considering Bergeron's first appearance in the matter dates back to May 14th, 2008, it is clear there have been serious mis-steps in the process. This case is already far beyond 120 days from Bergeron's first appearance and discovery has not yet even begun. None of the above paragraphs have been observed in the management of this adversary proceeding. The scheduling conference in this matter has been continued 5 times thus far without adequate reasoning for such a delay, which is the kind of delay that only favors the counter defendants.

CONCLUSION:

This court should recognize the federal question involved at the heart of this matter and transfer the instant case forthwith to U.S. District Court in Boston, Massachusetts. Also, this court, under the direction of a newly appointed judge, should institute a full and adequate investigation into accusations of bankruptcy fraud and allegations of serious criminal behavior that have been substantiated by multiple witnesses, some of whom will be made available by Bergeron for depositions. Judge Nakagawa should recuse himself entirely from the matter, and his approval of the

debtor's reorganization plan should be revoked pending the completion of a full investigation into the actions of Xyience, Fertitta Enterprises and their fraudulently created subsidiary Zyen, LLC.. All other parties attached to the process should also be investigated, as most involved parties are connected to previous instances of egregious behavior in past employment and company leadership capacities.

The economy is collapsing and major, once-stable firms are falling apart these days because of this type of behavior and our government's unwillingness to intervene to protect innocent parties affected by these types of scams. The parties who instigate the fraudulent processes keep getting away and just go on to bigger and better schemes that net them more unjust income while creating more innocent victims. This vicious cycle must be stopped here and now. This is just the case to accomplish that mission and send a message that bankruptcy fraud will not be tolerated and earnest investigative reporting of such serious fraud should not be exempt from the protections of the First Amendment.

Due to the extensive delays that have already plagued this case, discovery should not be delayed any further if this case is not transferred. Also, in the interest of justice the hearing on this motion should take place on the same day and time as the hearing set up already for the scheduling conference: October 8, 2008 at 9:30 AM.

DATED this 17th of September, 2008

IN PROPER PERSON

[signature]

Rich Bergeron
147 Old County Road
East Sandwich, MA 02537
617-209-4325
Attorney Pro-Se
Rich.Bergeron@gmail.com