GORDON SILVER
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gordonsilver.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for Counterdefendant,
Fertitta Enterprises, Inc.

E-Filed On 10-6-08

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>XYIENCE INCORPORATED,<br>a Nevada corporation,<br><br>Debtor. | Case No.: BK-S-08-10474-MKN<br>Chapter 11 |
| XYIENCE INCORPORATED,<br>a Nevada corporation,<br><br>Plaintiff,<br>v.<br><br>RICHARD BERGERON, an individual,<br><br>Defendant. | Adversary No. 08-1082-MKN<br><br>**OPPOSITION TO DEFENDANT AND COUNTERCLAIMANT, RICHARD BERGERON'S, MOTION TO REVOKE THE BANKRUPTCY DEBTOR'S PLAN APPROVAL ORDER AND MOTION TO TRANSFER ADVERSARY PROCEEDING TO PROPER VENUE** |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | Date: October 8, 2008<br>Time: 9:30 a.m. |

Counterdefendant, Fertitta Enterprises, Inc., a Nevada corporation ("Fertitta Enterprises"), by and through its counsel, the law firm of Gordon Silver, hereby submits its Opposition (the "Opposition") to the Motion To Revoke The Bankruptcy Debtor's Plan Approval Order And Motion To Transfer Adversary Proceeding To Proper Venue (the "Motion") [Docket No. 66], filed by Defendant and Counterclaimant, Richard Bergeron ("Bergeron"). Apparently in conjunction with his Motion, Bergeron also filed what he called his Affidavit in Support of: (1) Response to Show Cause Order and Motion to Recuse Judge Nakagawa; (2) All Prior Motions/Representations Made in Clark County District Court and This Bankruptcy Court (the "Bergeron Affidavit") [Docket No. 67]. This Opposition is made and based on the following points and authorities, the papers and pleadings on file in the above-referenced adversary proceeding and main bankruptcy case, judicial notice of which is respectfully requested, and any arguments entertained at the time of the hearing of this matter.

## I. STATEMENT OF FACTS

1. On July 18, 2007, Xyience Incorporated, a Nevada corporation ("Xyience" or "Debtor"), filed its Complaint (the "Complaint") against Bergeron in the Eighth Judicial District Court, Clark County, Nevada (the "State Court"), being Case No. A544781 (the "Litigation"). See Adversary Docket No. 3, Ex. 2. Fertitta Enterprises was not a plaintiff to the Complaint.

2. Also on July 18, 2007, Xyience first filed its Motion for Preliminary Injunction (the "Preliminary Injunction Motion") against Bergeron in the Litigation, which sought to restrain and enjoin him from posting allegedly defamatory remarks on the internet concerning Xyience and to remove certain allegedly false and defamatory articles on Bergeron's website. See id. at Ex. 3. Xyience refiled its Preliminary Injunction Motion on August 3, 2007, and later supplemented it on August 17, 2007. See id. at Exs. 8 and 12.

3. On August 19, 2007, Bergeron, who has represented himself *pro se* throughout the Litigation, filed his Opposition to Motion for Preliminary Injunction. See id. at Ex. 13.

4. On August 22, 2007, Xyience filed its Reply in Support of its Motion for Preliminary Injunction in the Litigation. See id. at Ex. 14.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

5. On September 6, 2007, the State Court issued its Preliminary Injunction Order (the "Preliminary Injunction Order"), which granted Xyience a preliminary injunction against Bergeron. See id. at Ex. 18.

6. On September 26, 2007, Xyience filed its Motion to Modify Preliminary Injunction Order in the Litigation. See id. at Ex. 22.

7. On October 9, 2007, Bergeron filed his Motion to Dismiss in the Litigation, which was never heard or decided by the State Court because he apparently never set it for hearing with the State Court, or at least did not do so on a timely basis. See id. at Ex. 25.

8. On November 6, 2007, the State Court entered a Modified Preliminary Injunction Order in the Litigation. See id. at Ex. 28.

9. On December 15, 2007, Bergeron filed what he called a Dispositive Motion for Rule 11 Sanctions in the Litigation, which also was never heard or decided by the State Court because, again, Bergeron apparently never set it for hearing, or at least did not do so on a timely basis. See id. at Ex. 34.

10. On January 22, 2008 (the "Petition Date"), Xyience filed its Voluntary Petition under Chapter 11, Title 11 of the U.S. Code (the "Bankruptcy Code"), thereby commencing the above-captioned bankruptcy case.

11. On February 19, 2008, Bergeron filed his Answer to Complaint and Counterclaim for Declamatory Relief [sic] (the "Counterclaim") in the Litigation, and in violation of the automatic stay pursuant to 11 U.S.C. § 362. See id. at Ex. 50. In addition to asserting counterclaims against Xyience, Bergeron also joined in Fertitta Enterprises as an additional counterdefendant to the same counterclaims, thereby including Fertitta Enterprises for the first time as a party to the Litigation. Prior to being joined in by Bergeron's Counterclaim, Fertitta Enterprises never made any appearance and never filed any papers or pleadings in the Litigation. See id. at Ex. 1 (docket), and Exs. 2-49.

12. On March 6, 2008, the Court entered the Order Re: Debtor's Motion For Order (1) Approving Sales Protections To Manchester Consolidated Corp.; (2) Approving Procedures For Soliciting Higher And Better Offers, And Determining Highest And Best Offer; (3) Setting

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

Hearing To Select Highest And Best Offer, And To Approve Sale Of Assets; And (4) Granting Other Relief (the "Sales Procedure Order"). See Docket No. 147. The Sales Procedure Order set an auction sale of Debtor's assets for April 1, 2008.

13. On March 20, 2008, Xyience removed the Litigation to Bankruptcy Court where the case now remains pending as the above-captioned adversary proceeding. See Adversary Docket Nos. 1 and 3.

14. On March 24, 2008, Fertitta Enterprises filed its Motion to Dismiss Adversary Proceeding (the "Motion to Dismiss") in the Litigation. See Adversary Docket No. 7. The Motion to Dismiss has been fully briefed. See Docket Nos. 16 (Opposition), and 28 (Reply).[1]

15. On March 28, 2008, Bergeron filed what he called Defendant/Counterclaimant's (I) Emergency Motion to Suspend Bankruptcy Proceedings Pending Investigation of Fraudulent Bankruptcy Filing, and (II) Motion for Summary Judgment on Defendant's Rule 11 Motion, Motion to Dismiss and Counterclaims (the "Emergency Motion") in this Litigation. See Adversary Docket No. 11. Bergeron's Emergency Motion has been fully briefed. See Adversary Docket Nos. 17 (Debtor Opposition), 19 (Fertitta Enterprises Opposition), and 42 (Reply).

16. On April 7, 2008, this Court entered its Order Granting Motion For Order Approving The Sale Of Property Free And Clear Of Liens, Claims And Interests Pursuant To Bankruptcy Code Sections 105, 363 And 549 And Assumption And Assignment Of Certain Agreements Pursuant To Bankruptcy Code Section 365 (the "Sale Order"), which approved the sale of substantially all of Debtor's assets. See Docket No. 178. The Sale Order specifically found that Manchester Consolidated Corporation was a "good faith purchaser" pursuant to Section 363(m) of the Bankruptcy Code and thus had all of the benefits, entitlements and protections afforded in and through the "safe harbor" provisions. See id. at p. 7, ¶ 19.

17. Bergeron never filed any opposition to the motions seeking the Sale Procedures

---

[1] Debtor has also filed its own parallel motion to dismiss Bergeron's counterclaims, which motion has also been fully briefed and submitted to the Court for decision. See Adversary Docket Nos. 13 (Motion), 44 (Opposition), and 46 (Reply).

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

Order or the Sale Order.

18. On April 28, 2008, this Court entered an Order Rescheduling Hearings And Setting Deadlines, see Docket No. 35, which noted, among other matters, that various pleadings filed by Bergeron had never been set for hearing by him, and thus rescheduled the hearings on various pending matters for May 14, 2008.

19. On May 14, 2008, the Court held oral arguments on the Motion to Dismiss and the Emergency Motion, and those matters were thereafter submitted for decision. No decision has been rendered on these pending matters.

20. On May 19, 2008, Debtor filed its proposed Chapter 11 Plan of Reorganization (the "Plan"). See Docket No. 191.

21. Bergeron never filed any objection to confirmation of Debtor's Plan.

22. On June 5, 2008, Fertitta Enterprises filed its Ex Parte Application for Order to Show Cause Re: Unauthorized Recording of Court Proceedings (the "OSC Application"), which was supported by the Declaration of Gregory E. Garman, Esq. See Adversary Docket Nos. 51 and 52.

23. On July 16, 2008, the Court entered an Order Granting Ex Parte Motion For Order: (1) Conditionally Approving Disclosure Statement: and (2) Setting A Hearing To Determine Adequacy of Disclosure Statement and Confirmation Of Chapter 11 Plan. See Docket No. 233.

24. On August 18, 2008, the Court entered its Order to Show Cause Re: Unauthorized Recording of Court Proceedings (the "OSC"). See Adversary Docket No. 56.

25. On August 26, 2008, the Court held a hearing on and orally confirmed Debtor's Plan. As of the filing of this Opposition, however, a written order confirming the Plan has not yet been entered, but is forthcoming. As a prerequisite to confirmation, the Court has made a finding that the plan was been proposed in good faith and not by any means forbidden by law pursuant to Section 1129(a)(3) of the Bankruptcy Code.

26. On August 29, 2008, Bergeron filed his Response to the OSC, which also requested a recusal of the Honorable Mike K. Nakagawa from Debtor's case and the instant

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

adversary proceeding. See Docket Nos. 59 and 60.

27. On September 5, 2008, Fertitta Enterprises filed its Opposition to Bergeron's OSC Response, which addressed both Bergeron's response to the OSC, as well as his untimely and meritless recusal request. See Docket No. 63.

28. On September 16, 2008, Debtor filed its Supplemental Declaration Of Laurel E. Davis Regarding Tabulation Of Ballots Submitted With Respect To Debtor's Plan Of Reorganization [Docket No. 296], which contained a revised ballot tabulation indicating that sufficient votes existed in favor of confirmation of the Plan.

29. On September 18, 2008, Bergeron filed his instant Motion, which seeks to revoke confirmation of Debtor's yet to be entered confirmation order, and to transfer venue of this adversary proceeding to the U.S. District Court for the District of Massachusetts.

## II.
## LEGAL ARGUMENT

### A. Revocation Of Confirmation.

Bergeron first seeks revocation of Debtor's yet to be entered plan confirmation order.[2] Section 1144 of the Bankruptcy Code provides, in pertinent part, as follows:

> On request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if and only if such order was procured by fraud.

11 U.S.C. § 1144 (emphasis added). In the case at hand, Bergeron's revocation request must be denied for numerous reasons.

First, the party seeking to revoke confirmation of a Chapter 11 plan must do so by way of an adversary proceeding pursuant to Bankruptcy Rule 7001(5). In the case at hand, Bergeron has failed to file his revocation request by way of a separate adversary proceeding, and instead attempts to raise such a request in a motion filed in the instant, unrelated adversary proceeding.

---

[2] Bergeron's reference to permissive intervention pursuant to Fed. R. Bankr. P. 2018 is inapposite as he is a party in interest in Debtor's bankruptcy case because he has asserted counterclaims against Debtor. As such, there is no need for him to seek such intervention.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

Nowhere in Bergeron's original Counterclaim does he raise any revocation request, nor could he have, as his Counterclaim was filed more than six (6) months prior to the Court even holding a hearing on confirmation and only a few weeks after the bankruptcy case was even filed. See Adversary Docket No. 3, Ex. 50. As such, Bergeron's request for revocation of the yet to be entered confirmation order is procedurally improper.

Second, Bergeron fails to submit any admissible evidence in support of his revocation request, and instead regurgitates the same vague, conclusory, conspiracy theories he has made throughout this case. LR 9014(c)(1) requires that contested factual matters must be supported by admissible evidence. Likewise, LR 9014(c)(2) requires that all affidavits must contain only nonhearsay factual evidentiary matter, confirm as far as possible to the requirements of Fed. R. Civ. P. 56(e), and avoid mere general conclusions or arguments.

In the case at hand, and as with his many other duplicative and vexatious filings in this case, Bergeron's Motion simply reargues matters previously submitted for decision in this adversary proceeding, and/or are untimely collateral attacks on previously entered orders in Debtor's main bankruptcy case. In large part, Bergeron's arguments are simply untimely motions for relief from prior orders (like the Sale Order), and concern matters in Debtor's main bankruptcy case that he never objected to in the first place (like confirmation of the Plan). As such, Bergeron's arguments must be dismissed as a matter of law. See In re Walker, 332 B.R. 820 (Bankr. D. Nev. 2005). Moreover, whatever prepetition malfeseance Bergeron believes took place, such claims are being litigating in various other associated adversary proceedings brought in Debtor's bankruptcy case, including the action brought by certain shareholders in Adv. No. 08-1107, and the Unsecured Creditor's Committee in Adv. No. 08-1094.[3] The only other apparent ground Be rgeron advances in support of his revocation request is the same "case mismanagement" allegation he made in his recusal request, which arguments were previously addressed in Fertitta Enterprises' opposition thereto. Specifically, Bergeron's recusal arguments

[3] Although, as this Court is aware, various motions to dismiss these separate adversary are currently pending based on standing and other grounds.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

are untimely and thus have been waived, and also are mertiless in any event. In sum, this Court must deny Bergeron's request to revoke confirmation of Debtor's Plan.

**B. Venue Of The Adversary Proceeding.**

**1. General Standard.**

Bergeron also requests venue of this adversary proceeding be transferred to the U.S. District Court for the District of Massachusetts, which is apparently a more convenient forum for him as he is a resident of East Sandwich, Massachusetts.[4] 28 U.S.C. § 1409 governs venue of adversary proceedings arising under, arising or related to Title 11 cases, and provides, in pertinent part, as follows:

> (a) Except as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in the which such case is pending.

28 U.S.C. § 1409(a).

Subject to certain limited exceptions not applicable here, venue of adversary proceedings is always proper, in the first instance, in the district court where the Title 11 case is pending. See Enron Corp. v. Arora (In re Enron Corp.), 317 B.R. 629, 636 (Bankr. S.D.N.Y. 2004). Despite the propriety of instituting an adversary proceeding within a home district under Section 1409(a), a case or proceeding under Title 11 may be transferred, on motion by a party and after a hearing, to another district pursuant 28 U.S.C. § 1412. See id.

28 U.S.C. § 1412, which governs requests for change of venue in cases or proceedings under Title 11, provides as follows:

> A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interests of justice or for the convenience of the parties.

28 U.S.C. § 1412.

Fed. R. Bankr. P. 7087 provides as follows: "On a motion and after a hearing, the court

---

[4] Bergeron's reference to joinder under Fed. R. Bankr. P. 7019 is also inapposite as he was not joined to this case pursuant to Fed. R. Civ. P. 19, rather, he was sued as an original defendant.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. § 1412, except as provided in Rule 7019(2)."

"The power to transfer a case [or proceeding] should be exercised cautiously." Enron Corp., 317 B.R. at 638 (citing cases). "Whether or not to grant a section 1412 motion to transfer venue of a case or proceeding under title 11 lies within the sound discretion of a bankruptcy court based on an 'individualized, case-by-case analysis of convenience and fairness' factors." Id. (footnote and quotation omitted). The moving party has the burden of establishing by a preponderance of evidence that transfer of venue is appropriate under 28 U.S.C. § 1412. See id. at 638 & n.8.

**2. Convenience Of The Parties.**

In exercising its discretion whether to grant a motion to transfer an adversary proceeding "for the convenience of the parties," courts have considered the following factors:

> 1) the location of the plaintiff and the defendant;
>
> 2) the ease of access to the necessary proof;
>
> 3) the convenience of the witnesses and the parties and their relative physical and financial condition;
>
> 4) the availability of the subpoena power for unwilling witnesses; and
>
> 5) the expense of obtaining unwilling witnesses.

Id. at 638-39 (quoting TIG Ins. Co. v. Smolker, 264 B.R. 661, 668 (Bankr. C.D. Cal. 2001).

Where the movant shows only that inconvenience will merely be shifted from one party to another, the court should deny a change of venue motion based on "convenience of the parties." See Irwin v. Beloit Corp (In re Harnischfeger Indus.), 246 B.R. 421, 437 (Bankr. N.D. Ala. 2000); A.B. Real Estate, Inc., v. Bruno's Inc. (In re Bruno's Inc.), 227 B.R. 311, 325 (Bankr. N.D. Ala. 1998). There is a presumption in favor of localizing litigation in the home court. See Harnischfeger Indus., 227 B.R. at 437 n.41 (collecting cases).

In the case at hand, Bergeron's Motion seeks to transfer venue of this adversary proceeding to his home state because he believes he will have a better chance in front of a new

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

judge there. By contrast, both Debtor, as plaintiff, and Fertitta Enterprises, as counterdefendant, are Nevada corporations. Bergeron's Counterclaim also allegedly arises from actions taken in litigation pending in Nevada state court and actions occurring in Nevada. Finally, with respect to Fertitta Enterprises specifically, Bergeron fails to articulate any minimum contacts or purposeful availment by Fertitta Enterprises in the Commonwealth of Massachusetts, and thus there are significant issues regarding whether that court could even exercise jurisdiction. As such, Bergeron has failed to establish that the convenience of the parties will be served by his request to transfer venue to Massachusetts; rather, it appears calculated solely to advantage himself, and thus must be denied.

**3. <u>Interests Of Justice.</u>**

In exercising its discretion whether to grant a motion to transfer an adversary proceeding "in the interests of justice," courts have considered the following factors in addition to the location of the pending bankruptcy case:

> 1) whether transfer would promote the economic and efficient administration of the bankruptcy estate;
>
> 2) whether the interests of judicial economy would be served by the transfer;
>
> 3) whether the parties would be able to receive a fair trial in each of the possible venues;
>
> 4) whether either forum has an interest in having the controversy decided within its borders;
>
> 5) whether the enforceability of any judgment would be affected by the transfer; and
>
> 6) whether the plaintiff's original choice of forum should be disturbed.

<u>Id.</u> at 638-39 (quoting <u>TIG Ins. Co. v. Smolker</u>, 264 B.R. 661, 668 (Bankr. C.D. Cal. 2001).

First, transfer of venue of the adversary proceeding will not promote the economic and efficient administration of the bankruptcy estate, because the claims between Debtor and Bergeron are all core matters involving property of the estate, and thus should be adjudicated by the bankruptcy court presiding over the underlying bankruptcy case. In addition, Bergeron



Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

ignores the fact that this Court is intimately familiar with Debtor's bankruptcy case, as well as the other pending adversary proceedings alleging prepetition malfeseance, and thus is in the best position to adjudicate all matters related to Debtor.

Second, transfer of venue will not serve the interests of judicial economy because this Court already has various dispositive motions fully briefed, argued and submitted for decision in this adversary proceeding. It makes no sense to transfer venue at such an untimely juncture. In fact, Bergeron's Motion appears to be more calculated to "judge shop" for a new judge because he believes adverse decisions are forthcoming against him in this case, which is a wholly improper reason to transfer venue.

Third, Nevada has a significant interest in hearing and deciding this matter as it involve intentional torts, including defamation, allegedly committed by Bergeron against Debtor and Debtor's business in Nevada. Moreover, both Debtor and Fertitta Enterprises are Nevada entities and thus the courts in this state have a substantial interests in having those matters adjudicated by the courts of this state.

Fourth, Bergeron argues that he cannot receive a fair decision from this Bankruptcy Court because of alleged "mismanagement" in the form of a delay in decision on the pending motions to dismiss his Counterclaim, and his resulting inability to conduct discovery to date. Such an argument fails to understand basic civil procedure that discovery does not begin unless and until decisions are rendered on the pending motions to dismiss, as such discovery may ultimately prove unnecessary. In sum, Bergeron fails to articulate any good faith reason that the transfer of this adversary proceeding is in the interests of justice, and thus his request must also be denied on that basis as well.

. . .

. . .

. . .

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

## III.
## CONCLUSION

WHEREFORE, Fertitta Enterprises respectfully requests that the Court DENY the Motion, and GRANT Fertitta Enterprises such other and further relief as is just and proper.

DATED this 6th day of October, 2008.

GORDON SILVER

By: ______________________________
GREGORY E. GARMAN, ESQ.
MATTHEW C. ZIRZOW, ESQ.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Attorneys for Counterdefendant,
Fertitta Enterprises, Inc.