FENNEMORE CRAIG, P.C.
Laurel E. Davis (NV Bar No. 3005)
Jon T. Pearson (NV Bar No. 10182)
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 692-8000
E-mail: ldavis@fclaw.com
E-mail: jpearson@fclaw.com

Attorneys for Plaintiff/Counter-Defendant
**Xyience Incorporated**

**E-filed October 7, 2008**

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>XYIENCE INCORPORATED,<br>a Nevada corporation,<br><br>Debtor. | Chapter 11<br><br>No. BK-S-08-10474-MKN |
| XYIENCE INCORPORATED, a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON, an individual<br><br>Defendant. | Adv. No. 08-01082 |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | Date: October 8, 2008<br>Time: 9:30 a.m.<br>Location: 300 Las Vegas Blvd. South<br>Courtroom #2<br>Las Vegas, NV 89101 |

**XYIENCE INCORPORATED'S JOINDER IN FERTITTA ENTERPRISES, INC.'S OPPOSITION TO DEFENDANT AND COUNTERCLAIMANT, RICHARD BERGERON'S, MOTION TO REVOKE THE BANKRUPTCY DEBTOR'S PLAN APPROVAL ORDER AND MOTION TO TRANSFER ADVERSARY PROCEEDING TO PROPER VENUE**

Plaintiff/Counter-Defendant Xyience Incorporated ("Xyience" or the "Debtor"), joins Counter-Defendant Fertitta Enterprises, Inc.'s ("Fertitta Enterprises") Opposition to Defendant and Counterclaimant, Richard Bergeron's, Motion to Revoke the Bankruptcy Debtor's Plan Approval Order and Motion to Transfer Adversary Proceeding to Proper Venue ("Opposition"), Docket No. 69, to the extent of the legal arguments presented by the Fertitta Enterprises' in their Opposition.[1] The Debtor also adds two additional grounds for denial of Richard Bergeron's ("Mr. Bergeron's") request to revoke the confirmation of the Debtor's plan of reorganization, which has not yet been entered, and to transfer venue of this adversary case to a United States District Court, District of Massachusetts.

**A. Mr. Bergeron Has No Standing to Seek Revocation of a Confirmation Order Under Section 1144 of the Bankruptcy Code.**

Fertitta Enterprises correctly contends that this Court should deny Mr. Bergeron's request to revoke the yet entered confirmation order confirming the Debtor's plan of reorganization. Indeed, procedurally this Court is not able to make any determination on Mr. Bergeron's request because the confirmation order has not yet been entered. See 11 U.S.C. § 1144 (2008). Additionally, Mr. Bergeron has failed to file a separate adversary complaint as required under Rule 7001(5) of the Federal Rules of Bankruptcy Procedure ("Rule"). See Fed.R.Bankr.P. 7001(5). The debtor, however, respectfully disagrees with Fertitta Enterprises' assertion that Mr. Bergeron is a party-in-interest in the Debtor's chapter 11 bankruptcy. (See Opposition at 6, n.2.)

Section 1144 of the Bankruptcy Code provides:

[1] Albeit inadvertent, Fertitta represented that the Debtor filed its voluntary chapter 11 petition on January 22, 2008; however, the Debtor filed its voluntary chapter 11 petition on January 18, 2008. [Dkt. No. 1 in the Chapter 11 Case.]

> On request of a **party in interest** at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court **may** revoke such order if and only if such order was procured by fraud. An order under this section revoking an order of confirmation **shall** –
>
> (1) contain such provisions as are necessary to protect any entity acquiring rights in good faith reliance on the order of confirmation; and
>
> (2) revoke the discharge of the debtor.

See 11 U.S.C. § 1144 (emphasis added). It is well-settled that Section 1144 of the Bankruptcy Code is the only avenue for revoking confirmation of a plan of reorganization. In re Longardner & Assocs., Inc., 855 F.2d 455, 460 (7th Cir. 1988). Because Section 1144 of the Bankruptcy Code is the only avenue for revoking confirmation of a plan of reorganization, it is worth highlighting a few significant features of this statute.

First, the statute says "the court **may** revoke such order . . . ." See 11 U.S.C. § 1144. The importance of the auxiliary verb "may" is that the decision of whether to revoke a confirmation order rests in the sound discretion of the court. Varde Inv. Partners, L.P. v. Comair, Inc. (In re Delta Air Lines, Inc.) 386 B.R. 518, 532 (Bankr. S.D.N.Y. 2008). Indeed, a court may decline to revoke the order of confirmation even if it finds that the order was procured by fraud. Id. By contrast with this discretionary language, Section 1144 of the Bankruptcy Code then provides that any order revoking a confirmation order "**shall** – (1) contain such provisions as are necessary to protect any entity acquiring rights in good faith reliance on the order of confirmation; and (2) revoke the discharge of the debtor." See 11 U.S.C. § 1144. The use of the imperative "shall" leaves no room for discretion. Id. All orders revoking orders of confirmation must protect innocent parties. Id. That is, under this statutory scheme, if this Court cannot fashion a revocation order that protects innocent parties who acquired rights in reliance on the confirmation order, the court is barred from revoking the confirmation order – even if the order was procured by fraud. Id.

Additionally, the statute allows the court to revoke a confirmation order "[o]n request of a **party in interest** . . . **if and only if** such order was procured by fraud." See 11 U.S.C. § 1144.

Here, Mr. Bergeron is neither a party-in-interest, nor has he provided any admissible evidence to show how such order that has not yet been entered was procured by fraud.

Mr. Bergeron has never filed a proof of claim in the Debtor's chapter 11 bankruptcy case, and the bar date has now passed (May 27, 2008). [Dkt. No. 2.] In In re Delta Air Lines, Inc., the Court noted that generally speaking, the "parties in interest" with standing to asset a fraud claim, such as a claim under Section 1144 of the Bankruptcy Code, are the parties that were themselves defrauded. 386 B.R. at 529. In the context of Section 1144 of the Bankruptcy Code, "those parties are the **holders of claims** that were allegedly defrauded into voting in favor of the plan." Id. (emphasis added). Additionally, the Court held that "in cases like this one, where none of the plaintiffs seeking to revoke the plan appear to have had the right to vote on confirmation, and none of the voting creditors who were allegedly defrauded into voting for confirmation have joined in or supported the suit to revoke the plan, the court should be cautious in exercising its discretion to revoke the confirmation order." Id. at 534. It is undeniable that Mr. Bergeron had no right to vote on the plan. As such, Mr. Bergeron does not have "party in interest" standing and, therefore, his request to revoke confirmation of the plan must be denied.

Furthermore, Mr. Bergeron has failed to present any admissible evidence to this Court that the confirmation of the Debtor's plan of reorganization was procured by fraud. That is, a fraud on the creditors entitled to vote on confirmation. As noted in In re Delta Air Lines, Inc., because this Court is bound by the votes of creditors when issuing its confirmation order, in order to demonstrate that the confirmation order was procured by fraud it should be shown that at least some of the creditors would have voted differently absent the alleged fraud. 386 B.R. at 533-34. Mr. Bergeron has presented no such evidence. For these reasons and the reasons set forth in the Opposition, this Court must deny Mr. Bergeron's request to revoke the confirmation of the plan of reorganization under Section 1144 of the Bankruptcy Code.

**B. Mr. Bergeron Has Failed to Timely Seek Transfer of Venue.**

Fertitta Enterprises also correctly contends that this Court should deny Mr. Bergeron's

request to transfer venue to a United States District Court, District of Massachusetts. The Debtor would also argue that Mr. Bergeron's request is untimely. Rule 1014 governs the dismissal and transfer of cases on the basis of venue:

> (a) Dismissal and Transfer of cases
>
> (1) Cases filed in proper district. If a petition is filed in a proper district, **on timely motion of a party in interest**, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the case may be transferred to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

See Fed.R.Bankr.P. 1014(a)(1). It is well-established that an objection to venue is waived if not timely raised. Block v. Moss (In re Moss), 249 B.R. 200, 203 (Bankr. W.D. Mo. 2000). What constitutes a timely filing is not governed by a statute or a rule, but depends on the facts and circumstances of the particular case. Id.

In this situation, the Debtor filed a lawsuit against Mr. Bergeron in Eighth Judicial District Court, Clark County, Nevada, on July 18, 2007. (See Opposition at 2:15.) Mr. Bergeron never sought to remove, nor did he seek to transfer venue of the lawsuit to the District of Massachusetts. On March 20, 2008, the Debtor removed the lawsuit to this Court. At no time did Mr. Bergeron object to the removal of the lawsuit. Indeed, Mr. Bergeron did not seek to have this Court transfer venue until September 18, 2008 – 428 days after the initial filing of the lawsuit and 182 days after removing the lawsuit to this Court – and, therefore, Mr. Bergeron has failed to timely request for this Court to transfer venue. See In re Deabel, Inc., 193 B.R. 739, 743 (Bankr. E.D. Pa. 1996) (stating that it has "repeatedly held that motions seeking changes of venue under

///

///

///

///

///

///

[Section 1412 of the Bankruptcy Code] must be brought within 60 days after the case filing, or will be deemed too late"). For these reasons and the reasons set forth in the Opposition, this Court must deny Mr. Bergeron's request to transfer venue.

DATED this 7th day of October, 2008.

FENNEMORE CRAIG, P.C.

By: /s/ Jon T. Pearson
Jon T. Pearson

Attorneys for Plaintiff/Counter-Defendant
**Xyience Incorporated**

**CERTIFICATE OF SERVICE**

1. On October 7, 2008, I served the following document(s):

**XYIENCE INCORPORATED'S JOINDER IN FERTITTA ENTERPRISES, INC.'S OPPOSITION TO DEFENDANT AND COUNTERCLAIMANT, RICHARD BERGERON'S, MOTION TO REVOKE THE BANKRUPTCY DEBTOR'S PLAN APPROVAL ORDER AND MOTION TO TRANSFER ADVERSARY PROCEEDING TO PROPER VENUE**

2. I served the above-named document(s) by the following means to the persons as listed below:

[x] a. **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

MATTHEW C. ZIRZOW: bankruptcynotices@gordonsilver.com, bknotices@gordonsilver.com

[x] b. **United States mail, postage fully prepaid** (list persons and addresses):

Mr. Richard Bergeron
147 Old Country Road
East Sandwich, MA 02537

Mr. Richard Bergeron
147 Old County Road
East Sandwich, MA 02537

Mr. Richard Bergeron
43 Longhill Drive
East Sandwich, MA 02537

[ ] c. **Personal Service** (List persons and addresses):

[ ] For a party represented by an attorney, delivery was made by handling the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

[ ] For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

[ ] d. **By direct email (as opposed to through the ECF system)** (list persons and email addresses):

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ] e. **By fax transmission** (list persons and fax numbers):

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

[ ] f. **By messenger**:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service. (A declaration by the messenger must be attached to this Certificate of Service).

**I declare under penalty of perjury that the foregoing is true and correct.**

DATED this 7th day of October, 2008.

/s/ Mia Hurtado
An Employee of Fennemore Craig, P.C.