**Entered on Docket**
**October 14, 2008**

**Hon. Mike K. Nakagawa**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

| | |
|---|---|
| In re:<br><br>XYIENCE INCORPORATED, a Nevada corporation,<br>Debtor. | BK-S-08-10474-MKN<br><br>Chapter 11 |
| XYIENCE INCORPORATED, a Nevada corporation,<br>Plaintiff,<br>v.<br>RICHARD BERGERON, an individual,<br>Defendant. | Adversary No. 08-1082<br><br>Date: October 8, 2008<br>Time: 9:30 a.m. |
| RICHARD BERGERON, an individual,<br>Counterclaimant,<br>v.<br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br>Counterdefendants. | |

**MEMORANDUM DECISION ON DEFENDANT AND COUNTERCLAIMANT'S MOTION TO TRANSFER ADVERSARY PROCEEDING TO PROPER VENUE**

Defendant and Counterclaimant Richard Bergeron's motion to transfer the above-

captioned adversary proceeding was heard on October 8, 2008. The appearances of counsel and the parties were noted on the record. The matter was taken under submission after presentation of oral arguments.

## BACKGROUND[1]

On July 18, 2007, Xyience Incorporated ("Xyience"), a Nevada corporation, commenced an action against Richard Bergeron in the district court for Clark County, Nevada, denominated Case No. A544781 ("State Court Action"). The complaint is framed as three separate causes of action, alleging defamation, tortuous (sic) interference with prospective economic advantage, and intentional interference with contract. No other parties were named in the complaint.

In connection with the complaint, Xyience sought from the Eighth Judicial District Court for Clark County, Nevada ("state court"), a preliminary injunction against defendant Bergeron seeking to restrain and enjoin him from placing and retaining on his internet website certain allegedly defamatory remarks concerning Xyience. Mr. Bergeron filed written opposition to the requested preliminary injunction.

The state court issued a preliminary injunction order directing Mr. Bergeron to remove false information about Xyience from his website and enjoined him from posting any representations intended to create an impression that Xyience is the subject of an investigation by the Securities and Exchange Commission. The preliminary injunction entered by the state court further ordered Mr. Bergeron to remove all articles from his website claiming that Xyience is defrauding investors or is engaged in a conspiracy to defraud investors.

After the preliminary injunction was entered, an involuntary Chapter 11 proceeding was commenced against Xyience on January 3, 2008. Thereafter, Xyience commenced a voluntary Chapter 11 proceeding on January 22, 2008. On January 31, 2008, the involuntary proceeding, denominated Case No. BK-S-08-10049, was dismissed by stipulation, and the voluntary Chapter

[1] In the text and footnotes of this Memorandum Decision, all references to "Section" shall be to the provisions of the Bankruptcy Code appearing in Title 11 of the United States Code, unless otherwise indicated. All references to "FRCP" shall be to the Federal Rules of Civil Procedure. All references to "Rule" shall be to the Federal Rules of Bankruptcy Procedure, unless otherwise indicated.

11 proceeding went forward with Xyience as the debtor-in-possession.

While Xyience was in bankruptcy, Mr. Bergeron, appearing *in propria persona,* filed an answer in the State Court Action on February 19, 2008, that included a "Counterclaim for Declamatory (sic) Relief." ("Counterclaim") The Counterclaim includes claims against Xyience, as well as Fertitta Enterprises, Inc. ("Fertitta"), a Nevada corporation. That pleading is styled as four separate "counterclaims" alleging that Mr. Bergeron was defamed in pleadings filed by Xyience, that his rights under the First Amendment to the United States Constitution have been violated, that tortious interference with prospective economic advantage has occurred, and that he has been subjected to "pain and suffering".

After the Counterclaim was filed, Xyience removed the State Court Action to the Bankruptcy Court pursuant to a notice of removal filed under 28 U.S.C. section 1452(a). The State Court Action was assigned Adversary Proceeding No. 08-1082.

Various dispositive motions filed in the adversary proceeding were heard on May 14, 2008 ("May 14 Hearing"). Those matters were taken under submission. During the hearing, Mr. Bergeron was asked by the Court if he was recording any portion of the proceeding and Mr. Bergeron stated that he was not doing so.

On June 5, 2008, Fertitta filed an Ex Parte Application for Order to Show Cause re Unauthorized Recording of Court Proceedings alleging that Mr. Bergeron had in fact posted a recording of the May 14 Hearing on an internet website. On July 11, 2008, Mr. Bergeron filed a written reply to the ex parte application ("Ex Parte Reply") representing that a recording of the May 14 Hearing was made by a third party, without his knowledge, who then provided a copy to him. He also represented that gave the copy of the unauthorized recording to another party who posted it on a website. Mr. Bergeron's Ex Parte Reply was not accompanied by an affidavit or declaration under penalty of perjury. On August 13, 2008, during a scheduling conference in the adversary proceeding, Mr. Bergeron reiterated the substance of his written response.

On August 18, 2008, the Court issued an Order to Show Cause re Unauthorized Recording of Court Proceedings ("Recording OSC") to formally address allegations that Mr. Bergeron had, without court approval, made an audio recording of a proceeding that had been

conducted on May 14, 2008. On August 29, 2008, Mr. Bergeron filed a written response to the OSC that included a Motion to Recuse ("Recusal Motion") the bankruptcy judge assigned to the case. Mr. Bergeron's written response to the Recording OSC did not include a declaration or affidavit under penalty of perjury regarding the circumstances of the unauthorized recording. On September 5, 2008, Fertitta filed a written response ("Fertitta Reply") opposing the Recusal Motion and replying to Mr. Bergeron's response to the Recording OSC.

A hearing on the Recording OSC and the Recusal Motion was held of September 10, 2008. Mr. Bergeron reiterated his written explanation for the unauthorized recording and was directed to verify his representations by submission of an affidavit under penalty of perjury. He was given a deadline of September 19, 2008, and Mr. Bergeron timely filed an "Affidavit in Support of: (1) Response to Show Cause Order and Motion to Recuse Judge Nakagawa; (2) All Prior Motions/Representations Made in Clark County District Court and This Bankruptcy Court" on September 18, 2008. ("September 18 Affidavit")

At the same time he filed his September 18 Affidavit, Mr. Bergeron filed a combined Motion to Revoke the Bankruptcy Debtor's Reorganization Plan Approval Order and Motion to Transfer Adversary Proceeding to Proper Venue (separately "Revocation Motion" and "Transfer Motion"). The Revocation Motion seeks to revoke an order confirming the plan of reorganization proposed by Xyience, although the order had not been entered as of the date the combined motion was filed. The Transfer Motion seeks to transfer venue of the adversary proceeding to the District of Massachusetts.[2] Written opposition to the combined motion was filed by Xyience ("Xyience Opposition") and by Fertitta ("Fertitta Opposition").[3]

---

[2] At the hearing, Mr. Bergeron clarified that his Transfer Motion seeks a change of venue solely with respect to the above-captioned adversary proceeding and not the Xyience Chapter 11 proceeding.

[3] Citations to the written arguments submitted by parties will refer to the page number and then line number, separated by a colon, e.g., 4:10-15 would refer to page 4, line 10 through line 15 of the document.

**DISCUSSION**[4]

Under 28 U.S.C. section 1409(a), venue of an adversary proceeding arising under the Bankruptcy Code or arising in or related to a case under the Bankruptcy Code, may be commenced in the district in which the bankruptcy case is pending. Under 28 U.S.C. section 1412, a case may be transferred to "...another district, in the interests of justice or for the convenience of the parties." A request to transfer an adversary proceeding to another district must be made by motion and may be granted only after a hearing. Fed.R.Bankr.P. 7087.

The burden is on the moving party to establish by a preponderance of the evidence that transfer of venue is appropriate. See In re Mobile Tool International, 320 B.R. 552, 561 (Bkrtcy.D.Del. 2005). A transfer of venue should be granted cautiously and must be based on the circumstances of the particular case. See Enron Corp. v. Arora (In re Enron Corp.), 317 B.R. 629, 638 (Bkrtcy.S.D.N.Y. 2004). A plaintiff's choice of forum should be disturbed only if the balance weighs heavily in favor of the defendant's motion. See In re Onco Investment Co., 320 B.R. 577 (Bkrtcy.D.Del. 2005).

A transfer "in the interests of justice" should include a consideration of the following: (1) the economic and efficient administration of the bankruptcy estate, (2) the related interests of judicial economy, (3) the availability of a fair trial in each venue, (4) the interests of the forum in having the controversy decided, (5) the enforceability of any judgment, and (6) the plaintiff's original choice of forum. See In re Dunmore Homes, Inc., 380 B.R. 663, 672 (Bkrtcy.S.D.N.Y. 2008); TIG Insurance Co. v. Smolker, 264 B.R. 661, 668 (Bkrtcy.C.D.Cal. 2001).

A transfer based on the "convenience of the parties" similarly should include a consideration of the following: (1) the location of the parties, (2) ease of access to necessary proof, (3) convenience of the witnesses and parties and their relative physical and financial condition, (4) the availability of subpoena power to secure the attendance of unwilling witnesses, and (5) the expense of obtaining unwilling witness. See In re B.L. of Miami, Inc., 294 B.R. 325,

[4] The Revocation Motion is the subject of a separate memorandum decision and separate order.

329 (Bkrtcy.D.Nev. 2003). Merely shifting the inconvenience from one party to the other does not warrant a change of venue. See Irwin v. Beloit Corp. (In re Harnischfeger), 246 B.R. 421, 437 (Bkrtcy.N.D.Ala. 2000).

**1. Transfer in the Interests of Justice.**

Other than asserting his views regarding the substance of his claims and the manner in which the case has proceeded, Mr. Bergeron's written argument addresses none of the applicable considerations for transfer of venue in the interests of justice. No argument or showing is made that the economic and efficient administration of the bankruptcy estate will be improved by transferring the adversary proceeding to Massachusetts. Nor is there any suggestion that judicial economy will be promoted. Intuitively, the opposite would be true inasmuch as an additional judicial forum would become involved if venue is transferred. All sides in this adversary proceeding have presented dispositive motions that have been submitted for decision. While Mr. Bergeron has repeatedly suggested that he cannot get a fair trial in the present forum, no evidence has been presented in support of his assertions.

It appears that neither possible forum has a unique interest in having the adversary proceeding decided within its borders; while both Xyience and Fertitta may be Nevada entities, Mr. Bergeron apparently is a Massachusetts resident. Both Xyience and Mr. Bergeron, however, have sought affirmative relief against each other in Nevada. Mr. Bergeron also has sought affirmative relief against Fertitta in Nevada. Within the range of possible judgments for affirmative relief, the enforceability of any judgment favors venue in Nevada. None of these factors weigh in favor of disturbing the original choice of forum.

**2. Transfer for the Convenience of the Parties.**

Although Mr. Bergeron's proximity to the particular federal court in the District of Massachusetts is not stated, the State of Massachusetts obviously is more convenient to Mr. Bergeron geographically. Merely shifting conveniences, however, is not the inquiry. No showing has been made that the proof necessary to the claims of any party is available in Massachusetts or that the attendance of unwilling witnesses can be secured through the subpoena power of the proposed venue. Regardless of venue, it appears that litigation of the claims raised

by both Xyience and Mr. Bergeron will entail significant legal costs. While one can question the wisdom of both parties choosing this path and at the same time lamenting the expense, no admissible evidence of the relative financial conditions of the parties has been presented.

Fertitta's additional argument that venue in Massachusetts would be subject to challenge for lack of personal jurisdiction, see Fertitta Opposition at 10:3-6, is significant since Fertitta has sought dismissal of Mr. Bergeron's various counterclaims and has not admitted to any contacts with the State of Massachusetts. In his motion, Mr. Bergeron has not alleged any contacts that Fertitta has with Massachusetts nor has he submitted any admissible evidence to establish the existence of such contacts.

**CONCLUSION**

For the reasons set forth above, the Motion to Transfer Adversary Proceeding to Proper Venue will be denied. A separate order has been entered concurrently herewith.

Copies noticed through ECF to:

LAUREL E. DAVIS ldavis@fclaw.com, mhurtado@fclaw.com;lgolonka@fclaw.com

JON PEARSON jpearson@fclaw.com, mhurtado@fclaw.com

MATTHEW C. ZIRZOW bankruptcynotices@gordonsilver.com, bknotices@gordonsilver.com

MATTHEW E. MCCLINTOCK mmcclintock@bellboyd.com, sthoma@bellboyd.com

GREGORY E GARMAN bankruptcynotices@gordonsilver.com, bknotices@gordonsilver.com

and sent to BNC to:

RICH BERGERON
147 OLD COUNTY ROAD
EAST SANDWICH, MA 02537

# # #