**Entered on Docket**
**October 14, 2008**

**Hon. Mike K. Nakagawa**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

| | |
|---|---|
| In re:<br><br>XYIENCE INCORPORATED, a Nevada corporation,<br><br>Debtor. | BK-S-08-10474-MKN<br><br>Chapter 11 |
| XYIENCE INCORPORATED, a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON, an individual,<br><br>Defendant. | Adversary No. 08-1082<br><br>Date: October 8, 2008<br>Time: 9:30 a.m. |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | |

**MEMORANDUM DECISION ON DEFENDANT AND COUNTERCLAIMANT'S MOTION TO REVOKE THE BANKRUPTCY DEBTOR'S REORGANIZATION PLAN APPROVAL ORDER**

Defendant and Counterclaimant Richard Bergeron's "Motion to Revoke the Bankruptcy

Debtor's Reorganization Plan Approval Order" was heard on October 8, 2008. The appearances of counsel and the parties were noted on the record. The matter was taken under submission after presentation of oral arguments.

**BACKGROUND**

On January 3, 2008, an involuntary Chapter 11 proceeding was commenced against Xyience Incorporated, a Nevada corporation ("Xyience"). Thereafter, Xyience commenced a voluntary Chapter 11 proceeding on January 22, 2008. On January 31, 2008, the involuntary proceeding, denominated Case No. BK-S-08-10049, was dismissed by stipulation, and the voluntary Chapter 11 proceeding went forward with Xyience as the debtor-in-possession.

Prior to the commencement of the bankruptcy proceedings, Xyience initiated an action against Richard Bergeron in the district court for Clark County, Nevada, denominated Case No. A544781 ("State Court Action"). In connection with the complaint, Xyience sought and obtained from the state court, a preliminary injunction order directing Mr. Bergeron to remove false information about Xyience from his website and enjoined him from posting any representations intended to create an impression that Xyience is the subject of an investigation by the Securities and Exchange Commission. The preliminary injunction entered by the state court further ordered Mr. Bergeron to remove all articles from his website claiming that Xyience is defrauding investors or is engaged in a conspiracy to defraud investors.

While Xyience was in bankruptcy, Mr. Bergeron, appearing *in propria persona,* filed an answer in the State Court Action on February 19, 2008, that included a "Counterclaim for Declamatory (sic) Relief." ("Counterclaim") The Counterclaim includes claims against Xyience, as well as Fertitta Enterprises, Inc. ("Fertitta"), a Nevada corporation. That pleading is styled as four separate "counterclaims" alleging that Mr. Bergeron was defamed in pleadings filed by Xyience, that his rights under the First Amendment to the United States Constitution have been violated, that tortious interference with prospective economic advantage has occurred, and that he has been subjected to "pain and suffering".

After the Counterclaim was filed, Xyience removed the State Court Action to the Bankruptcy Court pursuant to a notice of removal filed under 28 U.S.C. section 1452(a). The

State Court Action was assigned Adversary Proceeding No. 08-1082.

In the Chapter 11 proceeding, Xyience filed a proposed Chapter 11 Plan of Reorganization. A hearing on confirmation of the plan was held of August 26, 2008. Based on findings of fact and conclusions of law entered orally on the record, the plan was confirmed. Counsel for Xyience was directed to prepare the proposed order confirming the plan.

Prior to an order confirming the Plan being entered, Mr. Bergeron filed on September 18, 2008, a combined Motion to Revoke the Bankruptcy Debtor's Reorganization Plan Approval Order and Motion to Transfer Adversary Proceeding to Proper Venue (separately "Revocation Motion" and "Transfer Motion"). The Revocation Motion seeks to revoke an order confirming the plan of reorganization proposed by Xyience, although the order had not been entered as of the date the combined motion was filed. The Transfer Motion seeks to transfer venue of the adversary proceeding to the District of Massachusetts.[1] Written opposition to the combined motion was filed by Xyience ("Xyience Opposition") and by Fertitta ("Fertitta Opposition").

**DISCUSSION**

An order confirming a plan may be revoked, after notice and a hearing, if the order was procured by fraud. See 28 U.S.C. § 1144. A request to revoke a Chapter 11 confirmation order must be made within 180 days of entry of the confirmation order and can only be made by a party in interest.

Rule 7001 of the Federal Rules of Bankruptcy Procedure ("Rule") provides in pertinent part that "An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:....(5) a proceeding to revoke an order of confirmation of a chapter 11...plan..." Rule 7003 incorporates by reference Rule 3 of the Federal Rules of Civil Procedure which provides that "A civil action is commenced by filing a complaint..."

In the instant case, no confirmation order had been filed as of the date that Mr. Bergeron filed his Revocation Motion. A confirmation order has not been entered at this juncture and the motion is therefore premature. The relief prescribed by 28 U.S.C. section 1144 is therefore

---

[1] The Transfer Motion is the subject of a separate memorandum decision and separate order.

unavailable.

Moreover, even if the relief requested was not premature, it can only be obtained through Mr. Bergeron prevailing in an adversary proceeding commenced as required by Bankruptcy Rule 7001(5). Here, no adversary proceeding has been commenced and the requested relief could not be granted even if the motion was filed at the proper time.[2]

**CONCLUSION**

For the reasons set forth above, the Motion to Revoke the Bankruptcy Debtor's Plan Approval Order will be denied. A separate order has been entered concurrently herewith.

Copies noticed through ECF to:

LAUREL E. DAVIS ldavis@fclaw.com, mhurtado@fclaw.com;lgolonka@fclaw.com

JON PEARSON jpearson@fclaw.com, mhurtado@fclaw.com

MATTHEW C. ZIRZOW bankruptcynotices@gordonsilver.com, bknotices@gordonsilver.com

MATTHEW E. MCCLINTOCK mmcclintock@bellboyd.com, sthoma@bellboyd.com

GREGORY E GARMAN bankruptcynotices@gordonsilver.com, bknotices@gordonsilver.com

and sent to BNC to:

RICH BERGERON
147 OLD COUNTY ROAD
EAST SANDWICH, MA 02537

# # #

[2] Because the Revocation Motion is premature and the relief requested is unavailable by motion, the merits of Mr. Bergeron's allegations are not before the Court. Likewise, the apparent disagreement between Xyience and Fertitta as to whether Mr. Bergeron is a party in interest in the bankruptcy case, compare Xyience Opposition at 2:20-21 with Fertitta Opposition at 6 n.2, should not be addressed in this procedural posture.