Entered on Docket
October 14, 2008

Hon. Mike K. Nakagawa
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

| | |
|---|---|
| In re:<br><br>XYIENCE INCORPORATED, a Nevada corporation,<br>Debtor. | BK-S-08-10474-MKN<br><br>Chapter 11 |
| XYIENCE INCORPORATED, a Nevada corporation,<br>Plaintiff,<br>v.<br>RICHARD BERGERON, an individual,<br>Defendant. | Adversary No. 08-1082<br><br>Date: May 14, 2008<br>Time: 9:30 a.m. |
| RICHARD BERGERON, an individual,<br>Counterclaimant,<br>v.<br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br>Counterdefendants. | |

**MEMORANDUM DECISION ON DEFENDANT AND COUNTERCLAIMANT'S (I) EMERGENCY MOTION TO SUSPEND BANKRUPTCY PROCEEDINGS PENDING INVESTIGATION OF FRAUDULENT BANKRUPTCY FILING AND (II) MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S RULE 11 MOTION, MOTION TO DISMISS AND COUNTERCLAIMS**

Defendant and Counterclaimant Richard Bergeron's emergency motion to suspend bankruptcy proceedings and motion for summary judgment was heard on May 14, 2008. The appearances of counsel and the parties were noted on the record. The matter was taken under submission after presentation of oral arguments.

## BACKGROUND[1]

On July 18, 2007, Xyience Incorporated ("Xyience"), a Nevada corporation, commenced an action against Richard Bergeron in the district court for Clark County, Nevada, denominated Case No. A544781 ("State Court Action"). The complaint is framed as three separate causes of action, alleging defamation, tortuous (sic) interference with prospective economic advantage, and intentional interference with contract. No other parties were named in the complaint.

In connection with the complaint, Xyience sought from the Eighth Judicial District Court for Clark County, Nevada ("state court"), a preliminary injunction against defendant Bergeron seeking to restrain and enjoin him from placing and retaining on his internet website certain allegedly defamatory remarks concerning Xyience. Mr. Bergeron filed written opposition to the requested preliminary injunction.

The state court issued a preliminary injunction order directing Mr. Bergeron to remove false information about Xyience from his website and enjoined him from posting any representations intended to create an impression that Xyience is the subject of an investigation by the Securities and Exchange Commission. The preliminary injunction entered by the state court further ordered Mr. Bergeron to remove all articles from his website claiming that Xyience is defrauding investors or is engaged in a conspiracy to defraud investors.

After the preliminary injunction was entered, an involuntary Chapter 11 proceeding was commenced against Xyience on January 3, 2008. Thereafter, Xyience commenced an voluntary Chapter 11 proceeding on January 22, 2008. On January 31, 2008, the involuntary proceeding,

---

[1] In the text and footnotes of this Memorandum Decision, all references to "Section" shall be to the provisions of the Bankruptcy Code appearing in Title 11 of the United States Code, unless otherwise indicated. All references to "FRCP" shall be to the Federal Rules of Civil Procedure. All references to "Rule" shall be to the Federal Rules of Bankruptcy Procedure, unless otherwise indicated.

denominated Case No. BK-S-08-10049, was dismissed by stipulation, and the voluntary Chapter 11 proceeding went forward with Xyience as the debtor-in-possession.

While Xyience was in bankruptcy, Mr. Bergeron, appearing *in propria persona,* filed an answer in the State Court Action on February 19, 2008, that included a "Counterclaim for Declamatory (sic) Relief." ("Counterclaim") The Counterclaim includes claims against Xyience, as well as against Fertitta Enterprises, Inc. ("Fertitta"), a Nevada corporation. That pleading is styled as four separate "counterclaims" alleging that Mr. Bergeron was defamed in pleadings filed by Xyience, that his rights under the First Amendment to the United States Constitution have been violated, that tortious interference with prospective economic advantage has occurred, and that he has been subjected to "pain and suffering".

After the Counterclaim was filed, Xyience removed the State Court Action to the Bankruptcy Court pursuant to a notice of removal filed under 28 U.S.C. section 1452(a). The State Court Action was assigned Adversary Proceeding No. 08-1082.

Thereafter, Mr. Bergeron filed the instant (I) Emergency Motion to Suspend Bankruptcy Proceedings Pending Investigation of Fraudulent Bankruptcy Filing and (II) Motion for Summary Judgment on Defendant's Rule 11 Motion, Motion to Dismiss and Counterclaims (separately "Suspension Motion" and "Summary Judgment Motion") on March 28, 2008. The combined motions were not noticed for a hearing, however, and the combined motion subsequently was calendared to be heard on May 14, 2008. Written opposition to the both motions was filed by Xyience ("Xyience Opposition") and by Fertitta ("Fertitta Opposition"). A written reply was filed by Mr. Bergeron. ("Reply").[2]

**APPLICABLE LEGAL STANDARDS**

As a general rule, the party seeking affirmative relief bears the burden of proving the factual allegations on which the requested relief is based. See, e.g., Schaffer ex rel. Schaffer v. Weast, 546 U.S. 49, 56, 126 S.Ct. 528, 534 (2005). When relief is sought by motion, Local

---

[2] Citations to the written arguments submitted by parties will refer to the page number and then line number, separated by a colon, e.g., 4:10-15 would refer to page 4, line 10 through line 15 of the document.

Rule 9014(c)(1) provides that "if factual issues are contested, the court will not grant the contested relief unless admissible evidence is offered in support of the relief requested." Local Rule 9014(d) provides that "uncontroverted facts may be taken as true" and if no response or opposition is filed, the matter will be deemed unopposed and the court may grant the relief requested in the motion.

FRCP 56 is applicable in adversary proceedings pursuant to Rule 7056. See In re Silva, 190 B.R. 889, 891 (B.A.P. 9th Cir. 1995). Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" for summary judgment purposes if it might affect the outcome of suit under the governing substantive law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1985).

**DISCUSSION**

The Suspension Motion apparently seeks to suspend further proceeding in the Xyience Chapter 11 case, or the State Court Action that has been removed and which is now pending as the instant adversary proceeding. The Summary Judgment Motion apparently seeks entry of summary judgment in Mr. Bergeron's favor with respect to a separate "Dispositive Motion for Rule 11 Sanctions" ("Sanctions Motion") that Mr. Bergeron filed on December 15, 2007, prior to removal of the State Court Action as well as a "Motion to Dismiss" ("Dismissal Motion") that Mr. Bergeron filed on October 9, 2007 in the State Court Action, in addition to the causes of action set forth in the Counterclaim.

**1. The Request for Suspension of Proceedings.**

Mr. Bergeron's request to suspend proceedings appears to be based on Sections 105(a) and 305(a)(1). See Suspension Motion at 13:3-20, citing In re Duratech Industries, Inc., 241 B.R. 283 (E.D.N.Y. 1999) and Western Cities Broadcasting, Inc. v. Schueller (In re Schueller), 126 B.R. 354 (D.Colo. 1991).[3] In its response, Fertitta distinguishes both the

---

[3] The motion also cites two additional cases involving a dismissal of a Chapter 11 proceeding rather than a suspension. See Suspension Motion at 13:12-20, citing Pleasant Pointe

Duratech and Schueller cases on grounds that they both involved essentially two-party disputes pending in state court that would significantly affect the outcome of the Chapter 11 proceeding. See Fertitta Opposition at 10:12 to 11:6. Mr. Bergeron's reply does not address this distinction, but apparently argues that suspension of proceedings under Section 305(a) is still warranted. See Reply at 2:3 to 3:6.

Section 305(a) provides that the court may suspend all proceedings in a bankruptcy case at any time if "the interests of creditors and the debtor would be better served by such...suspension." 11 U.S.C. § 305(a)(1). The bankruptcy appellate panel for this circuit recently observed that

> "Before a court may refrain [under Section 305(a)(1)] from exercising jurisdiction over an otherwise proper case, it must make specific and substantiated findings that the interests of the creditors and the debtor will be better served by...suspension."

In re Macke International Trade, Inc., 370 B.R. 236, 247 (B.A.P. 9th Cir. 2007). A totality of the circumstances must be considered. Id.

To the extent that the Suspension Motion seeks to dismiss the Chapter 11 case as a bad faith filing, Fertitta argues that Mr. Bergeron has failed to give notice of his request to all creditors as required by Rule 2002(a)(4), see Fertitta Opposition at 11:16-28[4], and that "cause" for dismissal under Section 1112(b)(1) has not been established. Id. at 12:1 to 13:14. Mr. Bergeron's reply does not address the applicable notice requirements for a suspension motion, but argues that suspension or dismissal is still appropriate. See Reply at 2:3 to 3:6.

Whether the Suspension Motion is seeking to suspend the Chapter case or to dismiss it, the relief requested is based on a variety of factual allegations ranging from "erratic, corrupt, and fraudulent behavior at Xyience", see Suspension Motion at 3:14-15, to "Xyience and Fertitta Enterprises both collud[ing] in violating Bergeron's First Amendment rights in securing a prior

---

Apartments, Ltd. v. Kentucky Housing Corp., 139 B.R. 828 (W.D.Ky. 1992) and Argus Group 1700, Inc. v. Steinman (In re Argus Group 1700, Inc.), 206 B.R. 757 (E.D.Pa. 1997).

[4] Rule 1017(d) provides that a case will not be suspended under Section 305(a) before a hearing on notice provided under Rule 2002(a). Rule 2002(a) requires, inter alia, that all creditors be given at least 20 days notice by mail.

restraint against him in order to facilitate their initial formal partnership through the Zyen loan instrument." Id. at 11:25 to 12:1.

Except for copies of pleadings filed in the State Court Action, Fertitta has objected to the admissibility of any of the materials attached to the combined motions on both hearsay grounds and lack of foundation. See Fertitta Opposition at 9:23-25 & n. 6, citing Rule 901 and Rule 802 of the Federal Rules of Evidence ("FRE"). Fertitta also objects to the Suspension Motion on the grounds of lack of admissible evidence as required by Local Rule 9014(c). Id.

To be admissible, documents must be authenticated under FRE 901(a), or must be "self-authenticating" under FRE 901(b). See Orr v. Bank of America, NT&SA, 285 F.3d 764, 773-74 (9th Cir. 2002). See also Prime Insurance Syndicate, Inv. v. Damaso, 471 F.Supp.2d 1087, 1092-93 (D.Nev. 2007).

Mr. Bergeron's combined motion is not accompanied by any declarations or affidavits under penalty of perjury attesting to any of its factual allegations. Attached to the combined motion are both numbered and lettered exhibits and documents, the original source for which is unclear. The materials range from e-mail messages and documents filed in legal proceedings, to articles or comments posted on the internet and appearing in financial statements. Various other documents also are attached to the combined motion. None of the documents are certified copies of public records meeting the self-authentication requirements of FRE 901(b).

Because none of the factual allegations made by Mr. Bergeron are supported by admissible evidence, there is no basis on which to grant the Suspension Motion either by way of suspending further proceedings in the Chapter 11 case or by dismissing the bankruptcy case in its entirety. Moreover, because notice of the Suspension Motion was not given to all creditors in the bankruptcy case as required by Rule 1017(d), the requested relief cannot be granted.

**2. The Request for Summary Judgment on the Sanction Motion, the Dismissal Motion and the Counterclaim.**

The Sanctions Motion seeks monetary sanctions under "federal and state provisions of Rule 11" against Xyience and its former legal counsel for the commencement and prosecution of the State Court Action. See Sanctions Motion at 1:28-30 and 18:446-450. The

Dismissal Motion seeks to dismiss on the merits the claims in the complaint filed in the State Court Action, see Dismissal Motion at 12:284 to 13:327, to dismiss the action for lack of personal jurisdiction, see id. at 15:375 to 16:400, and apparently to vacate the preliminary injunction that was issued by the state court. Id. at 16:402 to 21:516.

Fertitta argues that summary judgment with respect to the Sanctions Motion, the Dismissal Motion, and the Counterclaim must be denied because no admissible evidence has been offered by Mr. Bergeron to establish the absence of genuine issues of material fact as required by FRCP 56(c). See Fertitta Opposition at 16:10-23. Xyience makes the same argument. See Xyience Opposition at 6:3-23. Fertitta makes additional substantive arguments with respect to the Sanction Motion, see Fertitta Opposition at 23:11 to 25:17, as well as to the Counterclaims. Id. at 17:6 to 23:10.[5]

As previously discussed, the combined motion is not accompanied by any declarations or affidavits under penalty of perjury attesting to any of its factual allegations. Additionally, the materials attached to the combined motion are not admissible because they lack foundation as required by FRE 901(a) and FRE 901(b).

It is well-established that only admissible evidence may be considered in ruling on a summary judgment motion. See Orr v. Bank of America, NT&SA, supra, 285 F.3d at 773. Unauthenticated documents cannot be considered on summary judgment. See Cristobal v. Siegal, 26 F.3d 1488, 1494 (9th Cir. 1994). See also Aguilar v. Kuloloia, 2007 WL 2891503 at *11 (D.Nev. September 28, 2007).

Like the Suspension Motion, there is no evidentiary basis to conclude that there are no genuine issues of material fact regarding the Sanctions Motion, the Dismissal Motion, or the Counterclaim. Thus, the Summary Judgment Motion fails to demonstrate that Mr. Bergeron is entitled to relief as a matter of law with respect to any of these matters.

**CONCLUSION**

For the reasons set forth above, the Emergency Motion to Suspend Bankruptcy

---

[5] Fertitta takes no position with respect to the Dismissal Motion as it pertains to the State Court Action that was commenced by Xyience. Id. at 15:14-18.

Proceedings Pending Investigation of Fraudulent Bankruptcy Filing and the Motion for Summary Judgment on Defendant's Rule 11 Motion, Motion to Dismiss and Counterclaims, must be denied. A separate order has been entered concurrently herewith.

Copies noticed through ECF to:

LAUREL E. DAVIS ldavis@fclaw.com, mhurtado@fclaw.com;lgolonka@fclaw.com

JON PEARSON jpearson@fclaw.com, mhurtado@fclaw.com

MATTHEW C. ZIRZOW bankruptcynotices@gordonsilver.com, bknotices@gordonsilver.com

MATTHEW E. MCCLINTOCK mmcclintock@bellboyd.com, sthoma@bellboyd.com

GREGORY E GARMAN bankruptcynotices@gordonsilver.com, bknotices@gordonsilver.com

and sent to BNC to:

RICH BERGERON
147 OLD COUNTY ROAD
EAST SANDWICH, MA 02537

# # #

# CERTIFICATE OF NOTICE

```
District/off: 0978-2          User: lyonsmk             Page 1 of 1              Date Rcvd: Oct 14, 2008
Case: 08-01082                Form ID: pdf954           Total Served: 1

The following entities were served by first class mail on Oct 16, 2008.
cc            +RICH BERGERON,   147 OLD COUNTRY ROAD,   EAST SANDWICH, MA 02537-1465

The following entities were served by electronic transmission.
NONE.                                                                                    TOTAL: 0

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Oct 16, 2008** **Signature:** Joseph Speetjens