**Entered on Docket**
**October 14, 2008**

**Hon. Mike K. Nakagawa**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

| | |
|---|---|
| In re:<br><br>XYIENCE INCORPORATED, a Nevada corporation,<br><br>Debtor. | BK-S-08-10474-MKN<br><br>Chapter 11 |
| XYIENCE INCORPORATED, a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON, an individual,<br><br>Defendant. | Adversary No. 08-1082<br><br>Date: September 10, 2008<br>Time: 9:30 a.m. |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | |

**MEMORANDUM DECISION ON ORDER TO SHOW CAUSE RE SANCTIONS FOR UNAUTHORIZED RECORDING OF COURT PROCEEDING**

A hearing on the Order to Show re Sanctions for Unauthorized Recording of Court

Proceeding was heard on September 10, 2008. The appearances of counsel and the parties were noted on the record. The matter was taken under submission after presentation of oral arguments.

**BACKGROUND**[1]

On July 18, 2007, Xyience Incorporated ("Xyience"), a Nevada corporation, commenced an action against Richard Bergeron in the district court for Clark County, Nevada, denominated Case No. A544781 ("State Court Action"). The complaint is framed as three separate causes of action, alleging defamation, tortuous (sic) interference with prospective economic advantage, and intentional interference with contract. No other parties were named in the complaint.

In connection with the complaint, Xyience sought from the Eighth Judicial District Court for Clark County, Nevada ("state court"), a preliminary injunction against defendant Bergeron seeking to restrain and enjoin him from placing and retaining on his internet website certain allegedly defamatory remarks concerning Xyience. Mr. Bergeron filed written opposition to the requested preliminary injunction.

The state court issued a preliminary injunction order directing Mr. Bergeron to remove false information about Xyience from his website and enjoined him from posting any representations intended to create an impression that Xyience is the subject of an investigation by the Securities and Exchange Commission. The preliminary injunction entered by the state court further ordered Mr. Bergeron to remove all articles from his website claiming that Xyience is defrauding investors or is engaged in a conspiracy to defraud investors.

After the preliminary injunction was entered, an involuntary Chapter 11 proceeding was commenced against Xyience on January 3, 2008. Thereafter, Xyience commenced a voluntary Chapter 11 proceeding on January 22, 2008. On January 31, 2008, the involuntary proceeding, denominated Case No. BK-S-08-10049, was dismissed by stipulation, and the voluntary Chapter

---

[1] In the text and footnotes of this Memorandum Decision, all references to "Section" shall be to the provisions of the Bankruptcy Code appearing in Title 11 of the United States Code, unless otherwise indicated. All references to "FRCP" shall be to the Federal Rules of Civil Procedure. All references to "Rule" shall be to the Federal Rules of Bankruptcy Procedure, unless otherwise indicated.

11 proceeding went forward with Xyience as the debtor-in-possession.

While Xyience was in bankruptcy, Mr. Bergeron, appearing *in propria persona,* filed an answer in the State Court Action on February 19, 2008, that included a "Counterclaim for Declamatory (sic) Relief." ("Counterclaim") The Counterclaim includes claims against Xyience, as well as against Fertitta Enterprises, Inc. ("Fertitta"), a Nevada corporation. That pleading is styled as four separate "counterclaims" alleging that Mr. Bergeron was defamed in pleadings filed by Xyience, that his rights under the First Amendment to the United States Constitution have been violated, that tortious interference with prospective economic advantage has occurred, and that he has been subjected to "pain and suffering".

After the Counterclaim was filed, Xyience removed the State Court Action to the Bankruptcy Court pursuant to a notice of removal filed under 28 U.S.C. section 1452(a). The State Court Action was assigned Adversary Proceeding No. 08-1082.

Various motions filed in the adversary proceeding were heard on May 14, 2008 ("May 14 Hearing"). During the hearing, Mr. Bergeron was asked by the Court if he was recording any portion of the proceeding and Mr. Bergeron stated that he was not doing so.

On June 5, 2008, Fertitta filed an Ex Parte Application for Order to Show Cause re Unauthorized Recording of Court Proceedings alleging that Mr. Bergeron had in fact posted a recording of the May 14 Hearing on an internet website. On July 11, 2008, Mr. Bergeron filed a written reply to the ex parte application ("Ex Parte Reply") representing that a recording of the May 14 Hearing was made by a third party, without his knowledge, who then provided a copy to him. He also represented that gave the copy of the unauthorized recording to another party who posted it on a website. Mr. Bergeron's Ex Parte Reply was not accompanied by an affidavit or declaration under penalty of perjury. On August 13, 2008, during a scheduling conference in the adversary proceeding, Mr. Bergeron reiterated the substance of his written response.

On August 18, 2008, the Court issued an Order to Show Cause re Unauthorized Recording of Court Proceedings ("Recording OSC") to formally address allegations that Mr. Bergeron had, without court approval, made an audio recording of a proceeding that had been conducted on May 14, 2008. On August 29, 2008, Mr. Bergeron filed a written response to the

OSC that included a Motion to Recuse ("Recusal Motion") the bankruptcy judge assigned to the case. Mr. Bergeron's written response to the Recording OSC did not include a declaration or affidavit under penalty of perjury regarding the circumstances of the unauthorized recording. On September 5, 2008, Fertitta filed a written response ("Fertitta Reply") opposing the Recusal Motion and replying to Mr. Bergeron's response to the Recording OSC.

A hearing on the Recording OSC and the Recusal Motion was held of September 10, 2008. Mr. Bergeron reiterated his written explanation for the unauthorized recording and was directed to verify his representations by submission of an affidavit under penalty of perjury. He was given a deadline of September 19, 2008, and Mr. Bergeron timely filed an "Affidavit in Support of: (1) Response to Show Cause Order and Motion to Recuse Judge Nakagawa; (2) All Prior Motions/Representations Made in Clark County District Court and This Bankruptcy Court" on September 18, 2008. ("September 18 Affidavit")[2]

**DISCUSSION**

The Local Rules of Practice for the United States District Court for the District of Nevada are applicable in the Bankruptcy Court pursuant to Bankruptcy Local Rule 1001(b)(2). The pertinent local rule of the District Court provides as follows:

> Cameras, <u>recording</u>, reproducing and transmitting <u>equipment which are not part of a wireless communication device as defined in (b) above, are prohibited in all United States courthouses in this district unless otherwise authorized.</u> Cameras, recording, reproducing and transmitting equipment, which are part of a wireless communications device, shall not be used in any courtroom or hearing room without the express approval of the presiding judge or officer. Failure to abide by this rule may result in forfeiture of any such device.

Rule IA 9-1(c) of the United States District Court for the District of Nevada.[3]

In his response to Fertitta's ex parte application for the Recording OSC, Mr. Bergeron

---

[2] The Recusal Motion is the subject of a separate memorandum decision entered concurrently herewith.

[3] The type of "wireless communication device" referenced in District Court Local Rule IA 9-1(b) are "electronic devices that are capable of either sending or receiving data such as sounds, text messages or images. Such devices shall include, but are not limited to, mobile phones, laptop computers and personal digital assistants (PDAs)."

represented that he

> "has only conducted one recent interview with an obscure, Ireland-based Web-site. The matter of the hearings' recording placed on that site is related to the documentary discussed in the interview. The Seattle-based filmmaker (who listened to the hearings on another line) could not get cameras approved for the courtroom and wanted to understand what Bergeron was dealing with in this case. Bergeron was not aware that the recording was being made, but the filmmaker did send him a copy of the recording later on, which Bergeron gave to the Ireland-based author of his interview. Considering the difficulty the court had in hearing Bergeron at the proceedings, the recordings can help all parties involved review Bergeron's commentary clearly."

Ex Parte Reply at 3:4-13.

In the September 18 Affidavit that was required by the Court, Mr. Bergeron states under penalty of perjury that:

> "I did not record any hearings in this matter other than those pertaining to Clark County District Court and before Judge Timothy Williams. The May 14th hearing held in this court were not recorded by me personally. At the time of the hearings I was not aware they were being recorded by a Seattle film-maker who is working on a documentary about my reporting and this case. I allowed the documentary maker to listen into the hearings via my Skype computer phone system that allows conference calls between multiple parties. He subsequently sent the recordings to me, and I distributed them."

September 18 Affidavit at ¶ 25.

Mr. Bergeron's affidavit demonstrates that he has the means to record hearings in which he appears by telephone: he did so in the State Court Action. It also is apparent from Mr. Bergeron's affidavit that the film-maker was listening to the May 14 Hearing through Mr. Bergeron's phone system but the film-maker's participation was never disclosed.[4] It also is evident that while Mr. Bergeron might not have recorded the May 14 Hearing personally, when he received the unauthorized recordings he disseminated them.

Surreptitious recording of this court's proceedings is a bizarre act at best since an

---

[4] Under Rule IA 9-1(c), the film-maker would have had to make a request to the Court for permission to use of a camera. The Court has no record of any such request being made.

authorized recording easily can be obtained.[5] Absent an order sealing a written transcript or audio recording, there are no generally applicable restrictions on the dissemination of either of them. Because an internet posting of an authorized recording of the May 14th Hearing would not have been prohibited, the only question is whether Mr. Bergeron can be sanctioned based on a finding that he intentionally misled the Court.

A bankruptcy court has "inherent authority" to sanction bad faith or willful misconduct. See In re Martinez, 393 B.R. 27, 36 (Bkrtcy.D.Nev. 2008), citing Knupfer v.Lindblade (In re Dyer), 322 F.3d 1178,1196 (9th Cir. 2003). The evidence presently before the Court, however, will not permit a finding of bad faith or willful misconduct to be made. The suggestion in this matter is that Mr. Bergeron's explanation for the recording of the May 14 Hearing "is simply incredible." See Fertitta Reply at 9:17. While the Court already has noted its concerns about the representations made in Mr.Bergeron's affidavit, a conclusive assessment of credibility based on affidavits or documents alone is rarely appropriate since the trier of fact does not have opportunity to observe witness demeanor.

Absent other evidence, no sanctions are appropriate at this time.

**CONCLUSION**

For the reasons set forth above, the Order to Show Cause has been satisfied and sanctions will not be entered. A separate order has been entered concurrently herewith.

Copies noticed through ECF to:

LAUREL E. DAVIS ldavis@fclaw.com, mhurtado@fclaw.com;lgolonka@fclaw.com

JON PEARSON jpearson@fclaw.com, mhurtado@fclaw.com

MATTHEW C. ZIRZOW bankruptcynotices@gordonsilver.com, bknotices@gordonsilver.com

MATTHEW E. MCCLINTOCK mmcclintock@bellboyd.com, sthoma@bellboyd.com

---

[5] An order form for recordings of court hearings is available on the bankruptcy court's public website, http://www.nvb.uscourts.gov, as well as a telephone number to obtain an audio or written transcript of a court hearing.

GREGORY E GARMAN bankruptcynotices@gordonsilver.com, bknotices@gordonsilver.com

and sent to BNC to:

RICH BERGERON
147 OLD COUNTY ROAD
EAST SANDWICH, MA 02537

# # #

# CERTIFICATE OF NOTICE

District/off: 0978-2 User: lyonsmk Page 1 of 1 Date Rcvd: Oct 14, 2008
Case: 08-01082 Form ID: pdf954 Total Served: 1

The following entities were served by first class mail on Oct 16, 2008.
aty +RICH BERGERON, 147 OLD COUNTY ROAD, EAST SANDWICH, MA 02537-1465

The following entities were served by electronic transmission.
NONE. TOTAL: 0

***** BYPASSED RECIPIENTS *****
NONE. TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Oct 16, 2008** **Signature:** Joseph Speetjens