RECEIVED
AND FILED

Nov 3 3 07 PM '08

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

Rich Bergeron
147 OLD COUNTY ROAD
East Sandwich, MA 02537
Telephone: (617) 209-4325
Defendant as Pro Se Attorney

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>XYIENCE, INC., A Nevada Corporation<br><br>Debtor. | No. BK-S-08-10474-MKN<br>Chapter 11<br><br>Eighth Judicial District Court<br>Las Vegas, Clark County, Nevada<br>Case No. A544781, Dept. XXIII |
| XYIENCE INCORPORATED, a Nevada Corporation,<br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON, an individual<br>Defendant. | CASE NO. BK-2-08-AP-01082-MKN<br><br>**DEFENDANT'S AMENDED ANSWER AND COUNTERCLAIM**<br><br>Hearing Date: ___________, 2008<br><br>Time: 9:30 AM<br><br>Location: 300 Las Vegas Blvd. South<br>Courtroom #2<br>Las Vegas, NV 89101 |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | |

# DEFENDANT'S AMENDED ANSWER AND COUNTERCLAIM FOR DECLAMATORY RELIEF

Defendant and Counter-Claimant Rich Bergeron hereby answers the complaint of Plaintiff Xyience, Inc. and requests the attachment of Fertitta Enterprises as counter-defendants, on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

## RESPONSE TO SPECIFIC ALLEGATIONS

1. The defendant concurs with the plaintiff's contention as to the parties in that the plaintiff is a corporation and the defendant is an individual.

2. Defendant denies the allegations within paragraphs 4 through 36 of the initial complaint and has already provided evidence regarding why these claims are both false and deserving of sanctions being levied on Attorney Jamie Cogburn, Former Xyience Board Member Adam Frank, Fertitta Enterprises and the plaintiff corporation.

3. Defendant agrees with the identical paragraphs 37 and 45 of the initial complaint.

4. Defendant denies the allegations contained within paragraphs 38 through 44 and paragraphs 46 through 48 and has already provided evidence regarding why these claims are both false and deserving of sanctions being levied on Attorney Jamie Cogburn, Former Xyience Board Member and Co-CEO Adam Frank, Fertitta Enterprises, all attorneys and law firms handling the case after Cogburn, and the plaintiff corporation.

5. Defendant denies allegations of any wrongdoing on his part for any claim against him in any subsequent pleadings filed by the plaintiff. Under the First Amendment to the U.S. Constitution he is protected as a member of the press and has the right to publish the truth about the plaintiff's and counter-defendants' fraudulent activities.

## JURISDICTION AND VENUE

6. By appearing at the first bankruptcy hearing via telephone, Defendant submits to the

jurisdiction of this court by default, but there is also sufficient evidence to show that this litigation may be subject to future removal to federal court under 28 U.S.C. § 1441, § 1343.

## AFFIRMATIVE DEFENSES

1. Each and every separate claim for relief alleged by plaintiff and counter-defendant Xyience, Inc. fails to state sufficient facts to constitute a cause of action against Defendant and fails to state a claim upon which relief may be granted.

2. Plaintiff is estopped from asserting its claims against Defendant.

3. Plaintiff's claims are barred by the doctrine of waiver.

3. Plaintiff's claims are barred by the statute of frauds.

4. Plaintiff's claims are barred by Plaintiff's failure to mitigate its damages, if any.

5. Plaintiff's claims are barred by the lack of consideration.

6. All injuries and damages, if any, allegedly suffered by Plaintiff are a result of Plaintiff's own acts or omissions.

7. WHEREFORE, Defendant, Rich Bergeron, demands judgment dismissing all counts of Plaintiff's Complaint, together with attorneys' fees as special damages, Rule 11 sanctions, costs of suit and such other and further relief that the Court deems just and equitable.

## COUNTERCLAIMS

As and for its Counterclaims against Xyience, Inc. and Fertitta Enterprises Rich Bergeron hereby alleges as follows:

1. Counter-claimant Bergeron is an individual and the operator of a sole-proprietor owned Web-site called Fight News Unlimited with a URL of www.unlimitedfightnews.com. The principal place of cross-plaintiff Bergeron's business is at his home at 147 Old County Road in East Sandwich, MA, 02537.

2. Counter-defendants Xyience, Inc. and Fertitta Enterprises are both Nevada corporations and are authorized to do business in the State of Nevada. Fertitta Enterprises' principal place of business is at 2960 W SAHARA AVE., Las Vegas, NV 89102 with a mailing address of P. O. Box 27555, Las Vegas, NV, 89126-1555. Xyience's principal place of business is at 4572 W Hacienda Ave., Las Vegas, NV, 89118.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1367(a) as these Counterclaims are so related to the claims contained in Plaintiff Xyience's Complaint that they form part of the same case or controversy under Article III of the United States Constitution and are compulsory Counterclaims under Fed. R. Civ. P. 13(a).
4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (c) as both Counter-defendants reside in this district and are subject to personal jurisdiction in this district.

## FACTS

5. Lorenzo and Frank Fertitta III, are members of the family that founded Station Casinos and own Fertitta Enterprises. They also are 90 percent owners of Zuffa, LLC, which is the parent company of the Ultimate Fighting Championship (hereinafter UFC).
6. Fertitta Enterprises is a creditor of Xyience through Zyen, LLC with at least $12.5 million in unsecured claims and $5.3 million in secured claims along with sustained additional capital for bankruptcy purposes.
7. Xyience paid $15 million in sponsorship to the UFC for 2007 according to published reports.
8. Xyience signed a contract to pay $9 million in sponsorship to the UFC for 2008.
9. The Fertitta Family has made regular and substantial contributions to local, state and national candidates for public office, which is a matter of public record. For example, a grand total of $65,000 went out to Las Vegas Sherriff Candidate Doug Gillespie in August of 2006 that all traced back to Fertitta Family members or Fertitta Family business interests.
10. Lorenzo and Frank Fertitta oversee a vast financial empire, which often puts them in extremely influential and public positions of authority and advisory roles within multiple illustrious

financial institutions in Las Vegas. The same family is also entrenched in various massive real estate developments, which are often featured in Las Vegas news publications. In fact, some of their real estate developments, such as Aliante Station, are in partnership with the Greenspun Corporation, which owns the Las Vegas Sun and has a cooperative agreement with the Las Vegas Review Journal.

11. Frank and Lorenzo Fertitta are public figures, and Xyience, Inc. is a private business entity attaching itself with a significant topic of public interest: the sport of Mixed Martial Arts (hereinafter MMA). Xyience has done this through sponsorship of the UFC and various MMA fighters.

12. S&P began covering Zuffa in the fall of 2007 in anticipation of the company securing a $350 million senior secured credit facility. That number represents a term loan for $325 million due in 2015 and a $25 million revolving credit facility (a so-called "revolver") due in 2012. As of June 30, 2007, Zuffa's total debt outstanding was $325 million. The loans are secured by bank-issued securities as opposed to the company's assets. In fact, Zuffa has very little in the way of tangible assets. S&P expects meaningful recovery (50-70%) of the principal in the event of default, placing the estimated resale value of Zuffa's assets, namely its brands, contracts, and cash, assuming a forced liquidation, at roughly $150-240 million just last year.

13. Xyience filed for voluntary bankruptcy under Fertitta Enterprises ownership through Zyen, LLC, a company they specifically and surreptitiously used for the purposes of foreclosure.

14. Fertitta Enterprises, through Zyen, since signed an agreement to sell Xyience to Manchester Consolidated, profiting off the sale of a company they stole from Xyience shareholders.

15. Both Xyience and Fertitta Enterprises sought to remove Bergeron's stories from the internet so they could improperly enrich themselves through that sale and the above mentioned $350 million credit facility.

16. The plaintiff filed their case with the primary evidence on the docket being: one email and disclaimer Defendant and Counter-Plaintiff Bergeron published on a now non-existent on-line social profile page; one perjured affidavit signed by Co-CEO Adam Frank, who was at the time the General Manager of Xyience; and one of Bergeron's own on-line publications in what he dubbed as "The Xyience Series."

17. The initial claim filed against Bergeron by Xyience, Incorporated featured a contention and

supporting declaration that affirmed the existence of an investor who was said to be willing to invest $15 million in Xyience if Bergeron's stories were removed from the Internet. The initial Xyience financing provided by Fertitta Enterprises exceeded that estimate and only came to pass very shortly after the injunction in this case against Bergeron was signed by Judge Williams.

18. There was no significant push to find further funding for Xyience after the company signed their sponsorship extension with the UFC, though public reports of Xyience's voluntary bankruptcy filing featured Omer Sattar claiming $7.5 million in additional funding was needed to keep the company alive and running smoothly.

19. Xyience lost $56 million in 2006 according to financial reports acquired by Bergeron. Most of it was wrapped up in marketing costs.

20. Late 2007 saw Xyience spend virtually an entire financing package—purported to numerous shareholders, employees, and officials to be a preventive measure to avoid bankruptcy—strictly on marketing expenses.

21. Xyience, under Fertitta Enterprises control, purposely flooded the company with marketing funds without bothering to account for distribution or production of goods.

22. Bergeron is actually enjoined from writing future stories claiming Xyience is under investigation by the SEC despite having actually filed his own formal complaint to the SEC about what his own investigation has revealed. The SEC informed Bergeron officially they would be looking into Bergeron's evidence and needed to keep information regarding their possible activity quiet to facilitate their investigation. Bergeron still maintains regular contact and provides direct information to the IRS, FBI, and SEC regarding Xyience, Zuffa, and Fertitta Enterprises. Bergeron already provided actionable information which led to an IRS summons issued for Xyience investors and/or associates Russell Pike, William Pike, Jennifer Pike, and Michael Clark.

23. Bergeron has thus far engaged in exhaustive research and intense investigation to the point where he can now be considered to be an expert on the subject of Xyience.

24. Bergeron has already been presented with two settlement offers from Xyience in a case in which he is the one being sued.

25. Bergeron's investigations have relied upon the testimony of multiple insiders who provided direct evidence of fraud, some of which he cannot name due to death threats and their fear of reprisals.

**FIRST COUNTERCLAIM**
(DEFAMATION)

26. Counter-plaintiff Bergeron repeats the allegations set forth in Paragraphs 1 through 25 as though fully set forth herein.
27. On or about July 18th, 2007 Xyience, Inc. filed suit against Rich Bergeron for Defamation, Tortuous Interference With Prospective Economic Advantage, and Intentional Interference With Contract.
28. As a journalist Bergeron is bound by the principles and tenets of the profession as well as standards of accuracy he has learned through working for various print publications since graduating from Norwich University with a Bachelor's Degree in English in 1999.
29. Bergeron is also not, and never has been, in business with any competitor of Xyience. There was never any motive on his part or pattern of behavior that would lead to him abusing the expectations of his duties as an impartial, unbiased investigative journalist.
30. Bergeron is not now and never has been an employee of Xyience.
31. Bergeron is not now and never has been a homosexual.
32. Bergeron was never fined $1,000 or forced to pay any of Xyience's legal fees.
33. Bergeron has never been sentenced to suspended jail time for anything relating to these proceedings.
34. Bergeron has never been removed from a teaching position for any reason whatsoever.
35. At all times Bergeron reported quotes accurately, only published verifiable information, and never published facts he could not corroborate through at least two credible inside sources.
36. Bergeron has been slandered and defamed in bogus blogs produced about him (http://neibertheconvict.blogspot.com/2007/04/mark-neibers-troubles.html), some of which have since been erased but can still be found in abstract form. These blogs were connected directly to Xyience employees and/or associates through IP addresses. These blogs have included the false suggestions that Bergeron is a homosexual, Bergeron was removed from a teaching position due to a situation with a minor, and Bergeron had a personal vendetta against Xyience.
37. A Xyience representative named Gary Nelson (see affidavit) used the District Court's preliminary injunction to misrepresent to at least one Xyience shareholder (see Bart Donovan

Affidavit) that the Court sentenced Bergeron to a 30-day suspended jail term and fined him $1,000. The same representative also told the same shareholder that Bergeron was a former Xyience employee, which is also false. This representative also admitted he was seeking loans for Xyience Consultant and Founder Russell Pike at 10 percent interest and that Frank and Lorenzo Fertitta and Dana White would be providing Xyience capital now that Bergeron's stories were off the Internet.

38. Xyience submitted a statement regarding Bergeron to Radio Talk Show Host Casey Hendrickson that he read on air during a KXNT broadcast. The statement generally denounced Bergeron after Bergeron appeared on a previous Hendrickson broadcast in February of 2008. Xyience shareholder Ron Sanders witnessed the reading of the statement and will submit to a deposition if necessary.

39. The September 15-21 issue of The Deal Magazine (http://www.thedeal.com/newsweekly/2008/09/rumble/print/) includes the following quote from Attorney Gregory Garman: "The suit is nonsense. Bergeron is neither a creditor or had any relationship with Xyience. HE BELIEVES THAT THE BEST WAY TO DO INVESTIGATIVE JOURNALISM IS TO SUE THE COMPANY YOU ARE TRYING TO INVESTIGATE."

40. Mr. Garman cannot state a fact he cannot possibly know since it is Bergeron's sole discretion as far as what he believes.

41. The foregoing statements, publications, and defamatory remarks made by the plaintiff's representatives subjected Bergeron to ridicule and obloquy and caused his business to suffer.

42. Bergeron is informed and believes and thereupon alleges that all plaintiff's representatives spouting these falsehoods about him knew they were false and knew they had no reasonable basis in fact to make such statements.

43. Bergeron is informed and believes and thereupon alleges that, at the time the plaintiff's representatives made the above referenced defamatory statements, they knew they had no reliable or unbiased evidence or information to support said statements.

44. Bergeron is informed and believes and thereupon alleges that, prior to publication, plaintiff's representatives who defamed him failed to use reasonable care to determine the truth or falsity of said statements.

45. Bergeron is informed and believes and thereupon alleges that, at the time of the publication and

verbal announcements of these statements, Plaintiff's representatives acted with ill will toward Bergeron knowing the false statements would injure Bergeron and the reputation of his business: unlimitedfightnews.com.

46. As a direct and proximate result of the plaintiff's representatives' publication and uttering of the defamatory statements alleged above, Bergeron has suffered damage to its business reputation, all to its general damage in the amount of $10,000,0000.00.

47. Bergeron is informed and believes, and on that basis alleges, that the conduct of the plaintiff and plaintiff's representatives was intentional and done willfully and maliciously toward Bergeron, and with conscious disregard for Bergeron's rights. Bergeron's injuries were intensified by the malicious conduct of Xyience and the company's various officials who either made defamatory remarks in public or published and disseminated defamatory blogs. Bergeron's injuries were intensified by the malicious conduct of the plaintiff and their associates and thereby an award of exemplary and punitive damages is justified.

**CONCLUSION**

**Defendant and Cross-Claimant Plaintiff Bergeron Should Receive Punitive Damages as a direct result of Cross-Defendants' Defamation of his character and abuse of process in filing a frivolous case punishable by Rule 11 Sanctions**

Defendant and Cross-Claimant Rich Bergeron is a seasoned journalist with impeccable credentials and an exceptional educational background including stints at three military colleges with honor codes. The Cross-Defendants identified in this pleading have been implicated in serious accusations of major fraud. Their track record reveals a pattern of continuous corruption tracing back to the inception of Xyience, Incorporated's sponsorship of the Ultimate Fighting Championship. Bergeron has at all times printed the truth about the cross-defendants' business dealings and collusion to defraud investors. He deserves appropriate redress for being improperly and unconstitutionally enjoined from reporting that truth.

Defendant and Cross-Claimant Bergeron has endured a case against him filed in bad faith and with reckless disregard for the truth by the plaintiff Xyience, their initial attorney Jamie Cogburn, and all subsequent attorneys picking up the slack in his absence.

Fertitta Enterprises attorneys have artfully played the role of being disconnected from the whole Xyience bankruptcy and Xyience's case against Bergeron, but their own funds are sustaining

this case. Fertitta Enterprises as a major creditor of Xyience should be held accountable for sanctions. Vicarious liability entails for Fertitta Enterprises management through Zyen, LLC Principal and Fertitta Enterprises' GM Bill Bullard.

Bergeron seeks punitive damages via this counterclaim in the aggregate amount of $10,000,000.00 for the cross-defendants' defamation of his good name and the filing of a purely frivolous case that is a direct affront to the First Amendment and a clear prior restraint subject to an abuse of process claim. However, Bergeron has been instructed to amend the counterclaim to only include defamation. Also, an abuse of process claim in bankruptcy court can be classified under Rule 11 sanctions. In re Marker, 133 B.R. 340, 347 (Bankr. W.D. Pa. 1991) ("Rule 9011 is designed to discourage pleadings that are 'frivolous, legally unreasonable, or without factual foundation.'").

Bergeron will prove all allegations through discovery and/or trial in this matter that are not directly evident from the attached exhibits and affidavits. Amended motions--pursuant to Judge Nakagawa's expressed instructions that affidavits must be attached to such motions to authenticate exhibits--will be forthcoming. These amended pleadings will be produced within the next two weeks, well before the next scheduling conference.

Bergeron has provided as much first hand knowledge and documented evidence as he possibly can at this point. The rest will be determined through vigorous discovery to both substantiate the information provided to Bergeron by high level inside sources and also to adequately determine the true names and total number of victims injured by the Counter-Defendants' collusion to commit extensive fraud.

The supporting affidavits submitted with Bergeron's most recent motions and this counterclaim speak volumes.

WHEREFORE: The Counter-Plaintiff Bergeron respectfully requests judgment as follows:

1. For punitive damages in favor of the counter-plaintiff and against the counter-defendants in a sum of $10,000,000.00, plus interest therein.
2. For interest at the legal rate.
3. For an allowance to cover reasonable attorney fees as special damages.
4. For at least $5,000,000 in sanctions against Counter-Defendants for filing a frivolous suit with those financial sanctions accruing to Bergeron, this court, the district court, and to provide a legal

fund for former Xyience investors to seek future action against the perpetrators of this massive financial fraud.

5. For such and further relief as the court may deem just and proper in the premises.

Dated: November 3, 2008

IN PROPER PERSON

Rich Bergeron
147 Old County Road
East Sandwich, MA 02537
617-209-4325
Attorney Pro-Se
Rich.Bergeron@gmail.com

# EXHIBIT 11

From: Mike Hilson < mike_hilson@hotmail.com>
Date: Sep 7, 2007 3:05 AM
Subject: RE: A little Xyience Update
To: rich.bergeron@gmail.com

Rich :

For the past couple of months I have not kept current on Xyience. Until today I had assumed that the company was running out of money and was just trying to hang on for a few more months for a futile IPO attempt. (My "investor" friend got a letter addressed to current shareholders about a month ago begging for a further investment in shares to be priced in the $2.50 to $3.50 range. This alarmed him because he paid $4.00 each back in February).

Anyways, today my friend got an unexpected visit from the roper who convinced him to buy stock back in February. I was present, as I was meeting my friend on an unrelated matter.

This roper proclaimed he had some great news about Xyience, and gave my friend photocopies of a "PRELIMINARY INJUNCTION ORDER" filed by Xyience counsel on 9-06-2007 at 10:07 a.m. (I can fax it to you if you provide a number).

He claimed that Xyience had successfully sued you and that they were awarded legal costs and that furthermore, you had been fined $1,000.00 and sentenced to 30 days jail, suspended. Also, that you had been ordered to remove from the Internet all references to Xyience by midnight tonight or be found in contempt.He claimed that you were a former employee/investor who was on a vendetta. The "good" news was that with you out of the way, Xyience could now raise the necessary bridge financing (he mentioned Dana White and the Fertittia brothers by name as sources for $15 million each), and go public- at $20-$30 per share- in January. He claimed that 10 investment houses were competing for the offering and that Xyience was going with Bear Stearns. He also claimed that he had increased his shareholdings in Xyience and had lent Russell Pike a 6-figure amount which would earn interest at 10% per month !!!! until Xyience goes public. He mentioned to my friend that Mr. Pike would like to borrow more money on these terms and seemed to be trying to persuade my friend to put money in both of these dubious investments. After listening to this nut praise Mr. Pike and his creditworthiness for a few minutes, I made a photocopy of the court document and excused myself.

Rich, I want you to know that I am inclined to believe that you are an earnest journalist who wants to report the truth. From personal experience, I know that it is hard to fight a court injuction. I also know that lawyers for crooks are rarely held accountable for what they say or submit in writing to a court, and that fighting the good fight can be long and lonely. If there is anything I can do to help you (except cash.... I'm tapped!), do not hesitate to contact me.

Best of luck,
Mike.

SEP 07 2007 2:14PM HP LASERJET 3200 p.1

ORDR
COGBURN LAW OFFICES
JAMIE S. COGBURN, ESQ.
Nevada State Bar No. 008409
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616
Attorneys for Plaintiff

FILED
SEP 6 10 07 AM '07
CLERK OF THE COURT

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| XYIENCE INCORPORATED, a Nevada Corporation,<br>Plaintiff,<br>v.<br>RICHARD BERGERON, an Individual,<br>Defendant. | Case No: A 544781<br>Dept. No.: XVI |

**PRELIMINARY INJUNCTION ORDER**

Date of Hearing: August 9, 2007
Time of Hearing: 9:00 a.m.

THIS MATTER having come on before this court on the 9th day of August, 2007, on Plaintiff's Motion for Preliminary Injunction with Plaintiffs appearing by and through their counsel of record, Jamie S. Cogburn, Esq., and Defendant, Richard Bergeron not present, but having sufficient notice of the hearing. The Court having reviewed the papers and pleadings on file herein, and having heard the argument of counsel and good cause appearing therefore,

**IT IS HEREBY ORDERED**, that Plaintiffs Motion for Preliminary Injunction is Granted pursuant to NRCP 65 and Sobol v. Capital Mangmt. Consultants, 102 Nev. 444, 726 P.2d 335 (1986), as Xyience has showed that there is a strong likelihood of success on the merits, there is a threat of irreparable harm, there is little to no harm that will result to the Defendant, and this Court has an interest to protect the public from defamatory statements.



COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936

**IT IS FURTHER ORDERED**, that the Defendant, Richard Bergeron, shall remove any and all articles or postings regarding false claims about Xyience from the internet and Defendant shall be enjoined from communicating any statements or making any representations which in any manner state, advise, represent, assert, allege, suggest, or imply, in any manner which is intended to, or does evoke an inference or create an impression that Xyience is being investigated by the SEC.

**IT IS FURTHER ORDERED** that the Defendant, Richard Bergeron, shall remove any and all articles claiming that Xyience is defrauding investors and/or is conspiring with Dana White or the Ultimate Fighting Challenge to defraud investors. Richard Bergeron shall be enjoined from communicating any statements or making any representations which in any manner state, advise, represent, assert, allege, suggest, or imply, in any manner which is intended to, or does evoke an inference or create an impression that Xyience is defrauding investors and/or conspiring with Dana White or the Ultimate Fighting Championship to defraud investors.

**IT IS FURTHER ORDERED** that if Defendant, Richard Bergeron, fails to remove the defamatory articles regarding Xyience, then Xyience may take appropriate actions with internet service providers to have the defamatory articles removed.

SEP 07 2007 2:14PM HP LASERJET 3200 p.3

**IT IS FURTHER ORDERED** that the instant Preliminary Injunction Order is conditioned upon the posting of security by Plaintiffs in the sum of $ 1,000.00.

TIMOTHY G. WILLIAMS

DISTRICT COURT JUDGE 9/26/07

Respectfully submitted by:

COGBURN LAW OFFICES

By: ______________________

Jamie S. Cogburn, Esq.
Nevada State Bar No. 008409
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
Attorneys for Plaintiff

COGBURN LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 384-3616 FAX: (702) 943-1936