FENNEMORE CRAIG, P.C.
Laurel E. Davis (NV Bar No. 3005)
Jon T. Pearson (NV Bar No. 10182)
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 692-8000
E-mail: ldavis@fclaw.com
E-mail: jpearson@fclaw.com

Attorneys for Plaintiff/Counter-Defendant
Xyience Incorporated

**E-filed November 24, 2008**

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>XYIENCE INCORPORATED, a Nevada corporation,<br><br>Debtor. | Chapter 11<br><br>No. BK-S-08-10474-MKN |
| XYIENCE INCORPORATED, a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON, an individual<br><br>Defendant. | Adv. No. 08-01082<br><br>**XYIENCE INCORPORATED'S REPLY TO DEFENDANT/COUNTERCLAIMANT RICHARD BERGERON'S AMENDED COUNTERCLAIM FOR DECLAMATORY [SIC] RELIEF** |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | |

Plaintiff/Counter-Defendant Xyience Incorporated ("Xyience" or the "Reorganized Debtor") Replies to Defendant/Counter-Plaintiff Richard Bergeron's ("Mr. Bergeron") Amended Counterclaim for Declamatory [sic] Relief, Docket No. 106, as follows:

**COUNTERCLAIMS**

1. Xyience is without knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 and on that basis, denies them.

2. Answering Paragraph 2, Xyience admits that it is a corporation duly organized and existing under the laws of the State of Nevada, with its principal place of business located in Clark County, Nevada. Xyience is without knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 2 and on that basis, denies them.

**JURISDICTION AND VENUE**

3. Answering Paragraphs 3 and 4, Xyience responds that these paragraphs state legal conclusions to which no response is required.

**FACTS**

4. Xyience is without knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 and on that basis, denies them.

5. Xyience denies the allegations contained in Paragraphs 6, 7 and 8.

6. Xyience is without knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraphs 9 and 10 and on that basis, denies them.

7. Answering Paragraph 11, Xyience states that it is a private Nevada corporation. Xyience denies all remaining allegations contained in Paragraph 11.

8. Xyience is without knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 and on that basis, denies them.

9. Answering Paragraph 13, Xyience states that it filed the above-captioned voluntary chapter 11 Bankruptcy on January 22, 2008. Xyience denies all remaining allegations contained

in Paragraph 13.

10. Xyience denies the allegations contained in Paragraphs 14, 15 and 16.

11. Answering Paragraph 17, Xyience states that it did allege through various pleadings that there was one investor who planned to invest $15 Million; however, such investor decided to wait until certain articles that were posted by Mr. Bergeron had been removed from the internet because such investor feared that the value of Xyience would decrease based on Mr. Bergeron's false statements. Xyience denies all remaining allegations contained in Paragraph 17.

12. Xyience denies the allegations contained in Paragraphs 18, 19, 20 and 21.

13. Answering Paragraph 22, Xyience states that Mr. Bergeron is enjoined from certain activities as more fully described in the Modified Preliminary Injunction Order, which was filed in the Eighth Judicial District Court, Clark County, Nevada, on November 6, 2007. Xyience further states it is without knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 22 and on that basis, denies them.

14. Answering Paragraph 23, Xyience states it is without knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 and on that basis, denies them. Xyience further states that Mr. Bergeron's allegation that "he can now be considered to be an expert on the subject of Xyience" is a legal conclusion to which no response is required. To the extent an answer is required, Xyience denies those allegations.

15. Answering Paragraph 24, Xyience states that any alleged settlement offer is inadmissible pursuant to Rule 408 of the Federal Rules of Evidence and on that basis, denies the allegations contained in Paragraph 24.

16. Xyience is without knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 and on that basis, denies them.

## FIRST COUNTERCLAIM

(DEFAMATION)

17. Answering Paragraph 26, Xyience repeats and re-alleges its responses to

Paragraphs 1 through 25.

18. Xyience admits the allegations contained in Paragraph 27.

19. Xyience is without knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraphs 28 and 29 and on that basis, denies them.

20. Xyience admits the allegations contained in Paragraph 30.

21. Xyience is without knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 31 and on that basis, denies them.

22. Answering Paragraph 32, Xyience states that Mr. Bergeron has not paid any of Xyience's legal fees. Xyience further states that it is without knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 32 and on that basis, denies them.

23. Xyience is without knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraphs 33 and 34 and on that basis, denies them.

24. Xyience denies the allegations contained in Paragraphs 35 and 36.

25. Xyience is without knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraphs 37, 38, 39 and 40 and on that basis, denies them.

26. Xyience denies the allegations contained in Paragraphs 41 through 47.

## CONCLUSION

**Defendant and Cross-Claimant Plaintiff Bergeron Should Receive Punitive Damages as a direct result of Cross-Defendants' Defamation of his character and abuse of process in filing a frivolous case punishable by Rule 11 Sanctions**

27. Xyience denies all allegations contained in Mr. Bergeron's "Conclusion." Xyience also states that Mr. Bergeron's "Conclusion" states legal conclusion to which no response is required. To the extent an answer is required, Xyience denies the allegations contained in Mr. Bergeron's "Conclusion."

/ / /

**AFFIRMATIVE DEFENSES**

1. Mr. Bergeron fails to state any claim upon which relief can be granted.

2. Mr. Bergeron's claim for damages is barred, in whole or in part, by his failure to mitigate his damages, if any.

3. Mr. Bergeron's claim is barred and/or diminished by the doctrines of waiver, laches, estoppel and/or unclean hands.

4. Mr. Bergeron's claim is barred by res judicata and/or collateral estoppel.

5. Mr. Bergeron's claim fails, in whole or in part, because he has failed to join indispensable party(ies), as required by Rule 7019 of the Federal Rules of Bankruptcy Procedure, incorporating Rule 19 of the Federal Rules of Civil Procedure.

6. Mr. Bergeron's Counterclaim, and each cause of action alleged therein, fails to set forth facts sufficient to entitle Mr. Bergeron to an award of exemplary damages.

7. Mr. Bergeron lacks standing to assert any claim on behalf of Xyience's investors.

8. Mr. Bergeron has failed to plead special damages with the appropriate specificity as required by Rule 7009 of the Federal Rules of Bankruptcy Procedure, incorporating Rule 9(g) of the Federal Rules of Civil Procedure.

9. Mr. Bergeron's damages, if any, were caused by the conduct of persons and/or entities over which Xyience had no control.

10. Xyience reserves the right to add further or additional affirmative defenses.

WHEREFORE, Xyience requests that this Court enter judgment in favor of Xyience and against Mr. Bergeron, and that:

A. Mr. Bergeron take nothing by way of his Counterclaim;

/ / /

B. Xyience be awarded its attorneys' fees and costs; and

C. The Court award such other and further relief to Xyience that it deems just and equitable.

DATED this 24th day of November, 2008.

FENNEMORE CRAIG, P.C.

By: /s/ Jon T. Pearson
Laurel E. Davis
Jon T. Pearson

Counsel for Plaintiff/Counter-Defendant
Xyience Incorporated