GORDON SILVER
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gordonsilver.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for Fertitta Enterprises, Inc.

E-Filed On 12-15-08

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>XYIENCE, INCORPORATED,<br>a Nevada corporation,<br><br>Debtor. | Case No.: BK-S-08-10474-MKN<br>Chapter 11 |
| XYIENCE INCORPORATED,<br>a Nevada corporation,<br><br>Plaintiff,<br>v.<br><br>RICHARD BERGERON, an individual,<br><br>Defendant. | Adversary No. 08-1082-MKN |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | **LIMITED OPPOSITION OF COUNTERDEFENDANT, FERTITTA ENTERPRISES, INC., TO MOTION OF DEFENDANT/COUNTERCLAIMANT, RICHARD BERGERON, FOR SHOW CAUSE HEARING TO STRIKE DECLARATIONS, AND TO VACATE PRELIMINARY INJUNCTION ORDER**<br><br>Date: January 7, 2009<br>Time: 9:30 a.m. |

Counterdefendant, Fertitta Enterprises, Inc., a Nevada corporation ("Fertitta Enterprises"), by and through its counsel, the law firm of Gordon Silver, hereby submits its Limited Opposition (the "Opposition") to the Motion for an Immediate Show Cause Hearing to Strike the Perjured Declarations of Adam Frank and Jamie Cogburn; and Motion to Vacate the Clark County District Court's Modified Preliminary Injunction Order (the "Motion"), see Adv. Docket No. 117, filed by Defendant/Counterclaimant, Richard Bergeron ("Bergeron"). Also submitted with Bergeron's Motion were the Affidavit of Rich Bergeron (the "Bergeron Affidavit"), and the Affidavit of Richard Klingenberg (the "Klingenburg Affidavit"). See Adv. Docket Nos. 118 and 119. This Opposition is made and based on the points and authorities which follow, any papers or pleadings contained in the Court's file in both this adversary proceeding, the other adversary proceedings in this case, and the main bankruptcy case, judicial notice of which is hereby requested, and any arguments entertained at the time of the hearing on this matter.

## POINTS AND AUTHORITIES

## I.
## STATEMENT OF FACTS

1. On July 18, 2007, Xyience Incorporated, a Nevada corporation ("Xyience" or "Debtor"), now currently a debtor and debtor-in-possession in the above-captioned bankruptcy case, filed its Complaint (the "Complaint") against Rich Bergeron ("Bergeron") in the Eighth Judicial District Court, Clark County, Nevada (the "State Court"), being Case No. A544781 (the "Litigation"). See Adv. Docket No. 3, Ex. 2. Fertitta Enterprises was not a party to the Complaint.[1]

2. Also on July 18, 2007, Xyience first filed its Motion for Preliminary Injunction (the "Preliminary Injunction Motion") against Bergeron in the Litigation seeking to restrain and enjoin him from posting allegedly defamatory remarks on the internet concerning Xyience and to

[1] All references to the docket in this adversary proceeding are hereinafter referred to as "Adv. Docket," and all references to the docket in Debtor's underlying bankruptcy case are hereinafter referred to as "Docket."

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

remove certain allegedly false and defamatory articles on Bergeron's website. See id. at Exs. 3, 8 and 12. The Preliminary Injunction Motion was fully briefed by those parties. See id. at Exs. 13 (Bergeron Opposition), and 14 (Xyience Reply).

3. On September 6, 2007, the State Court issued its Preliminary Injunction Order (the "Preliminary Injunction Order"), which granted Xyience a preliminary injunction against Bergeron and held, among other matters, as follows:

> **IT IS FURTHER ORDERED**, that the Defendant, Richard Bergeron, shall remove any and all articles or postings regarding false claims about Xyience from the internet and [Bergeron] shall be enjoined from communicating any statements or making any representations which in any manner state, advise, represent, assert, allege, suggest, or imply, in any manner which is intended to, or does evoke an inference or create impression that Xyience is being investigated by the SEC.
>
> **IT IS FURTHER ORDERED**, that the Defendant, Richard Bergeron, shall remove any and all articles claiming that Xyience is defrauding investors and/or is conspiring with Dana White or the Ultimate Fighting Challenge to defraud investors. Richard Bergeron shall be enjoined from communicating any statements or making any representations which in any manner state, advise, represent, asset, allege, suggest or imply in any manner which is intended to, or does evoke an inference or create impression that Xyience is defrauding investors and/or conspiring with Dana White or the Ultimate Fighting Challenge to defraud investors.

See id. at Ex. 18.

4. On September 26, 2007, Xyience filed its Motion to Modify Preliminary Injunction Order in the Litigation, which the State Court thereafter granted. See id. at Exs. 22 and 28.

5. On January 3, 2008, an Involuntary Petition (the "Involuntary Petition") under Chapter 11 of the Bankruptcy Code was filed against Xyience, being Case No. BK-S-08-10049-MKN.

6. On January 22, 2008, Xyience filed its Voluntary Petition (the "Voluntary Petition") under Chapter 11 of the Bankruptcy Code, being Case No. BK-S-08-10474-MKN, thereby commencing the above-captioned bankruptcy case. See Docket No. 1.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

7. On January 31, 2008, the Involuntary Petition against Xyience was dismissed pursuant stipulation, and its voluntary bankruptcy case proceeded. See Docket No. 55.

8. On February 19, 2008, Bergeron filed his Answer to Complaint and Counterclaim for Declamatory Relief [sic] (the "Old Counterclaim") in the Litigation. See Adv. Docket No. 3, Ex. 50. Bergeron filed his Old Counterclaim against not only Xyience, but also joined in Fertitta Enterprises for the first time as a party to the Litigation. Prior to being joined in by Bergeron as a counterdefendant in the Litigation, Fertitta Enterprises never made any appearance or filed any papers or pleadings in the Litigation. Bergeron's Old Counterclaim alleged the following four counterclaims for relief against both Debtor and Fertitta Enterprises: (a) defamation, (b) violation of First Amendment rights, (c) tortious interference with prospective economic advantage, and (d) pain and suffering.

9. On March 20, 2008, Debtor removed the Litigation to Bankruptcy Court. See Adv. Docket No. 1.

10. On March 24, 2008, Fertitta Enterprises filed its Motion to Dismiss Adversary Proceeding, which was fully briefed. See Adv. Docket Nos. 7 (Motion); No. 16 (Opposition), and 28 (Reply). In his opposition to Fertitta Enterprises' motion to dismiss, Bergeron admitted that "Fertitta Enterprises may be justified in denying culpability as far as their direct involvement in defaming Bergeron . . . ." Adv. Docket No. 16, p. 3.

11. On March 28, 2008, Bergeron filed what he called an (I) Emergency Motion to Suspend Bankruptcy Proceedings Pending Investigation of Fraudulent Bankruptcy Filing, and (II) Motion for Summary Judgment on Defendant's Rule 11 Motion, Motion to Dismiss and Counterclaims (the "Motion to Suspend"), which was fully briefed. See Adv. Docket Nos. 11 (Motion to Suspend); 17 (Debtor Opposition), 19 (Fertitta Enterprises Opposition), and 42 (Reply).

12. On April 9, 2008, Debtor also filed its own Motion to Dismiss and to Strike Bergeron's Old Counterclaim, which was fully briefed. See Adv. Docket Nos. 13 (Motion), 44 (Opposition), and 46 (Reply).

13. On April 22, 2008, Bergeron filed his Brief in Advance of Scheduling

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

Conference. See Adv. Docket No. 31.

14. On May 6, 2008, Bergeron filed what he called his First Amendment Brief. See Adv. Docket No. 40.

15. On June 5, 2008, Fertitta Enterprises filed an Application for Order to Show Cause Re: Unauthorized Recording of Court Proceedings (the "OSC Application") and declaration in support thereof. See Adv. Docket Nos. 51 and 52.

16. On July 11, 2008, Bergeron filed what he called his (1) Reply to Fertitta Enterprises Ex Parte Motion and (2) Motion to Compel Court to Rule on All Outstanding Motions (the "OSC Reply"). See Adv. Docket No. 54. In his OSC Reply, Bergeron's explanation for how the unauthorized recording of court proceedings came to be in existence was that an unidentified Seattle-based filmmaker, which filmmaker was purportedly doing a documentary on Bergeron and/or Debtor, was listening in on the hearing on another line. Bergeron further alleged that he was not aware that the recording was being made, and that the filmmaker sent him a copy of the recording after the hearing, which Bergeron then provided to an interviewer to be posted on-line. See Docket No. 54, p. 3 , ll. 4-12.

17. On August 18, 2008, the Court entered an Order to Show Cause (the "OSC") based upon Fertitta Enterprises' OSC Application. See Adv. Docket No. 56.

18. On August 29, 2008, Bergeron filed what he called his Response to Order to Show Cause And Motion to Recuse Judge Nakagawa (the "Motion to Recuse"), which was fully briefed. See Adv. Docket Nos. 60 (Motion to Recuse),[2] and 63 (Fertitta Enterprises Opposition).

19. On September 18, 2008, Bergeron filed a Motion to Revoke the Bankruptcy Debtor's Reorganization Plan Approval Order, and Motion to Transfer Adversary Proceeding to Proper Venue (the "Motion to Revoke/Transfer Venue"), which was fully briefed. See Adv. Docket Nos. 66 (Motion to Revoke/Transfer Venue); 69 (Fertitta Enterprises Opposition), and 71 (Debtor Joinder in Opposition).

[2] In this pleading, Bergeron further addressed the issue of his unauthorized recording of court proceedings, thereby adding to what he had previously stated in his OSC Reply.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

20. On October 14, 2008, the Court entered the following decisions and orders:

a. Denying Bergeron's Motion to Suspend, see Adv. Docket Nos. 72 and 104;

b. Denying Bergeron's Motion to Recuse, see Adv. Docket Nos. 81 and 82;

c. Denying Bergeron's Motion to Revoke/Transfer Venue, see Adv. Docket Nos. 73, 83, 84, 86, and 87;[3]

d. Declining to award any sanctions for Bergeron's unauthorized recording of court proceedings, see Adv. Docket Nos. 79 and 80;

e. Granting Fertitta Enterprises' Motion to Dismiss the Old Counterclaim, but granting Bergeron leave to amend his defamation counterclaim, see Adv. Docket Nos. 74 and 75; and

f. Granting Debtor's Motion to Dismiss the Old Counterclaim, but granting Bergeron leave to amend his defamation counterclaim, see Adv. Docket Nos. 76-78.

21. On November 3, 2008, Bergeron filed his Amended Counterclaim in this case, wherein he abandons his prior defamation allegations as against Fertitta Enterprises, and now asserts that he was defamed by a comment made by Fertitta Enterprises' attorney, which comment was republished in an on-line newsweekly called TheDeal.com on September 12, 2008 (the "Article"). See Adv. Docket No. 106.

22. On November 24, 2008, Debtor answered the Amended Counterclaim, see Adv. Docket No. 110, and Fertitta Enterprises filed its Motion to Dismiss Amended Counterclaim (the "New Motion to Dismiss"), which is set for hearing on January 7, 2009 at 9:30 a.m. See Adv. Docket No. 111.

23. On November 26, 2008, Bergeron filed his instant Motion, and the Bergeron Affidavit and Klingenberg Affidavit in support thereof. See Adv. Docket Nos. 117-19.

. . .

. . .

---

[3] Adv. Docket Nos. 73 and 84 are duplicative.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

## II.
## LEGAL ARGUMENT

### A. <u>Bergeron's Request To Revisit The Preliminary Injunction And Sanctions.</u>

Fertitta Enterprises takes no position with respect to Bergeron's request that Xyience's preliminary injunction against him be vacated or dissolved. Fertitta Enterprises was not a party to this Litigation when the preliminary injunction was entered, and, since being dragged into this Litigation by Bergeron as an additional counterdefendant some five (5) months after the injunction was issued, Fertitta Enterprises has never supported the injunction or any evidence submitted in support thereof.

With respect to Bergeron's request for sanctions, which request is also apparently made against Ferritta Enterprises, and/or its attorneys, this Court has already denied this request as part of its previous decision on Bergeron's Motion to Suspend. <u>See</u> Docket No. 72, pp. 6-7. As such, Bergeron's sanctions request is now barred by claim and/or issue preclusion. In any event, as with his prior pleadings, Bergeron's Motion also still fails to offer any admissible evidence that Fertitta Enterprises, or any of its attorneys, was in any way involved in obtaining the injunction, or was otherwise a party to any sanctionable conduct. Bergeron's Motion forgets that Fertitta Enterprises has never filed any claims against him; rather, it is Bergeron who has asserted a defamation claim against Fertitta Enterprises.

To the extent Bergeron's Motion seeks to vindicate the rights of former Xyience shareholders, he clearly lacks standing to bring such actions as a matter of law. Moreover, the attempt by one of Bergeron's affiants, Klingenberg, to bring such an action has already been dismissed by this Court in another adversary proceeding. <u>See</u> Adv. No. 08-1107, Docket No. 67.

Even though Fertitta Enterprises may not be the main target of Bergeron's rantings, Fertitta Enterprises is still concerned that Bergeron's Motion is attempting to obtain binding evidentiary rulings in this case prematurely. The discovery process has not even started in this case, and, in fact, may never start as to Fertitta Enterprises in light of its pending New Motion to

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

Dismiss.[4] As such, Fertitta Enterprises opposes Bergeron's request to strike or exclude any evidence at this juncture as entirely premature.

In the alternative, and even if the Court decides to make evidentiary rulings at this juncture, Fertitta Enterprises requests that the Court confirm that any such rulings be limited to the preliminary injunction proceedings, and that they are not binding adjudications for any other purposes, including trial. See University of Texas v. Camenisch, 451 U.S. 390 (1981); Horphag Research Ltd. v. Garcia, 475 F.3d 1029, 1035 (9th Cir. 2007); Jack Guttman, Inc. v. Kopykake Enterprises, Inc., 302 F.3d 1352, 1361 (Fed. Cir. 2002).

**B. All Further Telephonic Appearances By Bergeron Should Be Via A Normal "Landline" Telephone.**

The Court has been very generous to date in allowing Bergeron to participate in all hearings telephonically, however, this has caused various problems because Bergeron apparently calls in via Skype,[5] or some other Voice over IP[6] internet telephone program. In a previous declaration, Bergeron stated as follows: "I allowed the documentary maker to listen into the hearings via my Skype computer phone system that allows conference calls between multiple parties." Adv. Docket No. 67, p. 9, ¶ 25. The Court also referenced this statement in its Order denying sanctions based on the OSC. See Adv. Docket No. 79, p. 5.

As the Court and parties have experienced in several prior hearings in this case, Bergeron's use of such internet telephone programs causes substantial interference, thereby making it very difficult for those in the courtroom to hear and understand him. This technology has also apparently allowed Bergeron to easily make unauthorized recordings of court proceedings, which recordings he then posts on his and/or other websites to promote his

---

[4] In fact, to date Bergeron has not filed any opposition to Fertitta Enterprises' New Motion to Dismiss, and any such opposition is now past due. Specifically, Fertitta Enterprises filed its New Motion to Dismiss on November 24, 2008, and thus Bergeron's opposition thereto was due on December 12, 2008.

[5] See http://en.wikipedia.org/wiki/Skype (last visited Nov. 26, 2008).

[6] See http://en.wikipedia.org/wiki/Voice_over_IP (last visited Nov. 26, 2008).

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

commercial interests.[7] In order to avoid these problems in the future, this Court should condition Bergeron's ability to participate telephonically on his calling in on a normal "landline" or cellular telephone line. There is no reason why Bergeron cannot use a normal telephone line or find one for all further hearings in this matter, as he lists a normal telephone number on all of his pleadings filed in this case, as well as on his website: (617) 209-4325.

## III.
## CONCLUSION

WHEREFORE, Fertitta Enterprises respectfully requests that the Court DENY Bergeron's Motion, and GRANT it such other and further relief as is just and proper.

DATED this 15th day of December, 2008.

GORDON SILVER

By: ______________________
GREGORY E. GARMAN, ESQ.
MATTHEW C. ZIRZOW, ESQ.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Attorneys for Fertitta Enterprises, Inc.

---

[7] As noted by the Court in its Order denying sanctions based on the OSC, "[s]urreptitious recording of this court's proceedings is a bizarre act at best since an authorized recording easily can be obtained." Adv. Docket No. 79, pp. 5-6. In fact, the Court even went so far as to list the specific web address where a form for ordering an audio recording or a written transcript of a hearing could be obtained. See id. at p. 6 n.5.



Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555