DEC 15 3 30 PM '08

Rich Bergeron
147 OLD COUNTY ROAD
East Sandwich, MA 02537
Telephone: (617) 209-4325
Defendant as Pro Se Attorney

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>XYIENCE, INC., A Nevada Corporation<br><br>Debtor. | No. BK-S-08-10474-MKN<br>Chapter 11<br><br>Eighth Judicial District Court<br>Las Vegas, Clark County, Nevada<br>Case No. A544781, Dept. XXIII |
| XYIENCE INCORPORATED, a Nevada Corporation,<br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON, an individual<br>Defendant. | CASE NO. BK-2-08-AP-01082-MKN<br><br>**DEFENDANT AND COUNTERCLAIMANT'S OPPOSITION TO FERTITTA ENTERPRISES MOTION TO DISMISS**<br><br>Hearing Date: January 7, 2009<br><br>Time: 9:30 AM<br><br>Location: 300 Las Vegas Blvd. South<br>Courtroom #2<br>Las Vegas, NV 89101 |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | |

# DEFENDANT AND COUNTERCLAIMANT'S OPPOSITION TO FERTITTA ENTERPRISES MOTION TO DISMISS

**Malice is not shown by a "failure to investigate" alone (Harte-Hanks Communications, Inc. v. Connaughton (1989) 491 U.S. 657,692). Rather, as shown by St. Amant v. Thompson (1968) 390 U.S. 727, 732-733, there must be some indicia of "an awareness" by the defendant of the "probable falsity" of the statement, or evidence of a "doubtful mind."**

The Counter-defendant Fertitta Enterprises, Inc.'s Motion to Dismiss the Amended Counterclaim in this case should be summarily denied. Fertitta Enterprises Attorney Gregory Garman's comment to the reporter from The Deal magazine was uncalled for, clearly included a false statement of fact, and at the very least vicarious liability applies for his defamatory conduct. The statement made by Garman was given while Garman was a direct legal employee of Fertitta Enterprises and was in a position to know that his statement was not true.

Rather than admit fault on behalf of Garman for purporting to know what Bergeron believed in despite never having had a conversation with him, the motion to dismiss is primarily designed to shed doubt on whether or not the Garman statement was defamation in the first place. The strategy, it seems, is to use Bergeron's own pleadings against him to prove he did actually believe the best way to do investigative reporting was through litigation. The following footnote appears on page 4 of the motion to dismiss:

> [3] In this pleading, Bergeron argues that he "is in possession of numerous documents and a vast array of inside knowledge gleaned from hours of conversations with some of the most integral players, and has been forced by this very litigation to dig as deep as possible into the activities of all involved in these bankruptcy proceedings." Docket No. 16, p. 8. Moreover, later in this same pleading, Bergeron continues on about how he claims to be an investigative reporter trying to "root out" the truth in this case. See id. at pp. 9-10.

So, by the logic of these lawyers, because Bergeron has made progress in his investigations due to the legal situation and because he refers to himself as an investigative reporter that must mean he believes the best way to do investigative reporting is through litigation.

This asinine assumption belies the general tenor these proceedings have taken on thus far with the opposition continually trying to deny accountability for their actions. Also, the opposition continues to try to fabricate the truth and make up motivations for Bergeron that don't match what's actually on the record.

Garman and Zirzow go to great lengths to use the law to try to frame the argument as a case of a statement of opinion being made, not one presented as a fact:

> "Defamation is a publication of a false statement of fact." Pegasus v. Reno Newspapers, Inc., 57 P.3d 82, 87 (Nev. 2002) (citing Posadas v. City of Reno, 851 P.2d 438, 442 (Nev. 1993)) (emphasis added). "Statements of opinion cannot be defamatory because 'there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas.'" Id. at 87 (Gertz v. Robert Welch, Inc., 418 U.S. 323, 339-40 (1974)) (emphasis added). "Statements of opinion as opposed to statements of fact are not actionable." Id. (quoting Nevada Indep. Broad. Corp. v. Allen, 664 P.2d 337, 341 (Nev. 1983). "[W]hether a statement is conditionally privileged is a question of law for the court." Id. at 88.

The only way the statement made by Garman could be considered an opinion would be if he inserted qualifying words like: "I think.." or "In my analysis of the case…" Instead, Garman made the statement about Bergeron's opinion as if Garman knew Bergeron's opinion and it was a matter of fact that Bergeron "believes the best way to do investigative journalism is to sue the company you are trying to investigate."

There was no figurative or hyperbolic nature involved with the statement made. It was definitively false on its face since Garman has never conversed with Bergeron and is clearly in no position to know what Bergeron believes. Also, Bergeron did not engage in this litigation himself. He was haled to this court by the Counter-Defendant Xyience. During much of this case Xyience has been owned and operated by Fertitta Enterprises. Also, Fertitta Enterprises played a significant role in inspiring the initial case to begin with as they promised to donate a significant sum of money in exchange for the success of the case.

The Fertitta Enterprises motion to dismiss goes as far as trying to say that Bergeron believes what Garman said he does. Still, without conversing with Bergeron or being any position to know what he believes, Garman and Zirzow go far beyond their initial lapse of judgment in deciding to peg the statement as one of opinion. The refusal to admit that Garman's statement was ill-advised, malicious, and made without due evidence to support such a statement is reflective of the very nature of his client's defense tactics thus far: obscure, deny, and delay.

The following passage from the Garman and Zirzow motion is despicable and can easily be determined to be a furtherance of the delusional thinking that led Garman to make the statement to

The Deal reporter in the first place:

> In the case at hand, the underlying facts in the statement that Bergeron complains of in the Article are true. First, Bergeron has called himself an investigative journalist and holds himself out as such in numerous pleadings filed with this Court and on his website.[10] Second, Bergeron has himself indicated that he is investigating Debtor and Fertitta Enterprises' dealings with Debtor in pleadings filed with this Court and on his website. Third, Bergeron did previously sue Fertitta Enterprises, which Old Counterclaim was dismissed by the Court. In fact, and further confirming the lack of merit in his prior allegations, instead of amending his previous allegations from his Old Counterclaim, Bergeron abandoned these allegations in favor of a completely new defamation claim against Fertitta Enterprises in his Amended Counterclaim, which is based on a statement made while the Litigation was pending. In granting Fertitta

The argument by Garman and Zirzow later in the motion seeks to declare Bergeron cannot ask to hold Fertitta Enterprises liable for the actions of their agent. If this is determined to be true and the claim must be levied against Garman himself, then it would not be appropriate to dismiss the claim against Fertitta Enterprises without heavily sanctioning Garman for making the defamatory statement or at least allowing the substitution of Garman himself in the claim for every instance where Fertitta Enterprises is now the counter-claimant.

CONCLUSION:

Fertitta Enterprises should not escape accountability for the actions of their direct employee in this litigation. If for some reason they are granted relief from the counter-claim, Attorney Gregory Garman should take their place and both Garman and Zirzow should be sanctioned for crafting such a blatantly false and unfounded pleading purporting it to be the truth that Bergeron does in fact believe the best way to do investigative reporting is to sue the company you're trying to investigate. Bergeron does not believe that, has never expressly stated that he believes that, and Garman would never know what Bergeron believed unless he spoke with him personally. As such Garman and Fertitta Enterprises should both be held accountable, but at the very least Garman should be deemed completely culpable for his clearly defamatory remarks.

By the very nature of the statement made by Garman, Bergeron has been defamed. While the

Garman statement may appear to be the only instance of Fertitta Enterprises playing a role in the defamation claims, the company was also in a direct ownership role of Xyience when the defamatory statement about Bergeron was read on the KXNT broadcast.

Regardless of the final disposition of the amended counterclaim as it relates to Fertitta Enterprises, both Attorney Matthew Zirzow and Attorney Gregory Garman should be heavily sanctioned for the pleading in support of the motion to dismiss. They make several statements and points of law that don't apply and pretend to know what Bergeron believes based on some of the things he's written that don't ever spell out what Bergeron is reported by Garman to believe. This constitutes much more than a naturally zealous defense and is in fact a direct attempt to fabricate the evidence to meet their needs. Each should be sanctioned accordingly.

*DATED this 15th day of DECEMBER, 2008.*

IN PROPER PERSON

[signature]

Rich Bergeron
147 Old County Road
East Sandwich, MA 02537
617-209-4325
Attorney Pro-Se
Rich.Bergeron@gmail.com