FENNEMORE CRAIG, P.C.
Laurel E. Davis (NV Bar No. 3005)
Jon T. Pearson (NV Bar No. 10182)
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 692-8000
E-Mail: ldavis@fclaw.com
E-Mail: jpearson@fclaw.com

Attorneys for Plaintiff/Counter-Defendant
Xyience Incorporated

**E-filed December 18, 2008**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>XYIENCE INCORPORATED,<br>a Nevada corporation,<br><br>Debtor. | Chapter 11<br><br>No. BK-S-08-10474-MKN |
| XYIENCE INCORPORATED, a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON, an individual<br><br>Defendant. | Adv. No. 08-01082<br><br>Date: January 7, 2009<br>Time: 9:30 a.m.<br>Location: 300 Las Vegas Blvd. South<br>Courtroom #2<br>Las Vegas, NV 89101 |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | **XYIENCE INCORPORATED'S OPPOSITION TO DEFENDANT AND COUNTER-CLAIMANT'S MOTION FOR AN IMMEDIATE SHOW CAUSE HEARING TO STRIKE THE PERJURED DECLARATIONS OF ADAM FRANK (DKT. #3, EXH. 3) AND JAMIE COGBURN (DKT. #3, EXH. 8); AND MOTION TO VACATE THE CLARK COUNTY DISTRICT COURT'S MODIFIED PRELIMINARY INJUNCTION ORDER (DKT. #3, EXH. 28)** |

Plaintiff/Counter-Defendant Xyience Incorporated ("Xyience" or the "Debtor") submits this Opposition to Defendant/Counterclaimant Richard Bergeron's ("Mr. Bergeron") Motion for an Immediate Show Cause Hearing to Strike the Perjured Declarations of Adam Frank (Dkt. #3, Exh. 3) and Jamie Cogburn (Dkt. #3, Exh. 8); and Motion to Vacate the Clark County District Court's Modified Preliminary Injunction Order (Dkt. #3, Exh. 28) ("Motion for a Show Cause Hearing"), Docket No. 117. This Opposition is based upon the following points and authorities, the pleadings, papers and other records on file herein, and such argument and further evidence presented to the Court at the time of any hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## PRELIMINARY STATEMENT

Once again, Mr. Bergeron files a motion rehashing previous arguments that he has made in order to have a Court vacate the modified preliminary injunction order that was entered by the Eighth Judicial District Court, District of Nevada. Once again, Mr. Bergeron has failed to provide this Court with any basis (either through existing legal authority or admissible evidence) in which this Court could vacate the modified preliminary injunction order. Once again, Mr. Bergeron seems to be under the impression that he is some sort of savior and must "fight" on behalf of all of Xyience's shareholders that were allegedly injured and allegedly entitled to relief.

Mr. Bergeron, however, does not seem to understand basic principles of law, such as, that he does **not** have standing to pursue any claims on behalf of Xyience's shareholders. There are only so many ways to express this point, and others, to Mr. Bergeron. Although Xyience felt an obligation to preserve the modified preliminary injunction, Xyience does recognize that this adversary case has and will generate unnecessary expenses and most likely to the detriment of the estate. As such, Xyience at some point, may seek a dismissal of its claims against Mr. Bergeron. Such dismissal would not be sought based on the merits of the case, but rather it would be based on a cost-benefits analysis and what is truly in the best interest of Xyience's estate. Counsel for

Xyience, however, believes that such decision should be made by the Liquidating Trustee.

Nonetheless, although most of the allegations in Mr. Bergeron's motions do not merit a response, Xyience does have an obligation to at least respond to Mr. Bergeron's ridiculous motions. As will be demonstrated below, Mr. Bergeron has failed to provide this Court with any basis to Order a Show Cause Hearing in order to determine whether to vacate the modified preliminary injunction order and/or strike the Declarations of Jaime S. Cogburn and Adam Frank. Consequently, Mr. Bergeron's Motion for a Show Cause Hearing must be denied.

## II.

## STATEMENT OF FACTS

### A. Xyience Commences a Lawsuit Against Mr. Bergeron in a Nevada State Court

1. On July 18, 2007, Xyience filed a Complaint ("Complaint") against Mr. Bergeron in the Eighth Judicial District Court, Clark County, Nevada ("State Court"), as Case No. A544781, seeking damages for defamation, tortuous interference with prospective economic advantage, and intentional interference with contract. (See Complaint at Docket No. 3, Exh. 2.) In addition, Xyience sought injunctive relief against Mr. Bergeron with respect to Mr. Bergeron's posting of defamatory material regarding Xyience on his Myspace.com and UnlimitedFightNews.com websites (the "Lawsuit"). (Id.)

2. On that same day, Xyience filed a Motion for Preliminary Injunction on Order Shortening Time, and attached to its motion Declarations of Jamie S. Cogburn and Adam Frank. [Docket No. 3, Exh. 3.] Xyience's motion was set for a hearing on July 26, 2007.

3. On July 26, 2007, the State Court heard Xyience's motion; however, because Xyience had not yet been able to serve Mr. Bergeron, the Court ordered that Xyience be provided with additional time to effectuate service of process and/or service by publication. (See Exhibit 1 to Docket No. 33.)

4. On August 3, 2007, Xyience filed another Motion for Preliminary Injunction on Order Shortening Time ("Preliminary Injunction Motion"), and attached to its Preliminary

Injunction Motion Declarations of Jamie S. Cogburn and Adam Frank. [Docket No. 3, Exh. 8.] Xyience's Preliminary Injunction Motion was set for a hearing on August 9, 2007.

5. On August 9, 2007, the State Court heard Xyience's Preliminary Injunction Motion. Mr. Bergeron did not appear at this hearing. After hearing arguments by Xyience's counsel, Mr. Jamie Cogburn, the State Court did express its concern regarding the First Amendment issue. The State Court then stated that it would like to proceed with caution so that any decision it makes would stand. The State Court instructed Mr. Cogburn to submit a proposed order, along with a Supplemental Brief on the First Amendment issue, and the matter would be continued and set for decision on the State Court's Chamber calendar. (See Exhibit 2 to Docket No. 33.)

6. On August 17, 2007, Xyience filed a Supplemental Brief in support of its Motion for Preliminary Injunction ("Supplemental Brief") [Docket No. 3, Exh. 12.]

7. On August 19, 2007, Mr. Bergeron filed an Opposition to Xyience's Motion for Preliminary Injunction ("Opposition to Preliminary Injunction Motion"), wherein Mr. Bergeron contended, among other things, that Xyience misrepresented its own evidence. (See Docket No. 3, Exh. 13, at 10:263 through 15:381.)

8. On August 27, 2007, Xyience filed a Reply in support of its Motion for Preliminary Injunction. [Docket No. 3, Exh. 14.]

9. On September 6, 2007, the State Court issued a preliminary injunction ("Preliminary Injunction Order") enjoining Mr. Bergeron, inter alia, from posting defamatory remarks on the internet concerning Xyience and requiring him to remove certain defamatory articles that he had posted on the internet. (See Preliminary Injunction Order at Docket No. 3, Exh. 18.)

10. On September 26, 2007, Xyience filed a Motion to Modify the Preliminary Injunction Order on Order Shortening Time ("Motion to Modify Order"), Docket No. 3, Exh. 22. Xyience's Motion to Modify Order was set for a hearing on October 11, 2007. Mr. Bergeron

failed to submit an Opposition to Xyience's Motion to Modify Order.

11. On or about October 5, 2007, because Mr. Bergeron had failed to answer the Complaint, a Three Day Notice of Intent to Enter Default was sent and a Default was entered against Mr. Bergeron ("Default"). (See Default at Docket No. 3, Exh. 23 and Three Day Notice at Docket No. 3, Exh. 24.) Although a Default had been entered against Mr. Bergeron, Mr. Bergeron continued to improperly file subsequent motions, such as his Motion to Dismiss that he filed on October 9, 2007, rather than first seeking to set aside the Default.

12. On November 6, 2007, the Preliminary Injunction Order ("Modified Preliminary Injunction Order") was modified to include Google and Earthlink Inc. so that each may take appropriate action to remove certain defamatory articles that Mr. Bergeron had posted on the internet. (See Modified Preliminary Injunction Order at Docket No. 3, Exh. 28.)

**B. Xyience Files a Voluntary Petition for Chapter 11 Bankruptcy Relief and Removes the Lawsuit to the Bankruptcy Court.**

13. On January 18, 2008, Xyience filed its voluntary petition for Chapter 11 relief (the "Chapter 11 Case").

14. On February 19, 2008, and despite knowledge that Xyience had sought bankruptcy relief, Mr. Bergeron filed an Answer to Complaint and Counterclaim for Declamatory [sic] Relief against Xyience asserting claims for relief for: (i) defamation; (ii) violation of first amendment rights; (iii) tortuous interference with prospective economic advantage; and (iv) pain and suffering. (See Counterclaims at Docket No. 3, Exh. 50 ("Counterclaim").) In addition to asserting counterclaims against Xyience, Mr. Bergeron also asserted the same counterclaims against the Fertitta Enterprises, Inc. ("Fertitta Enterprises"). (Id.)

15. Xyience's reorganization counsel, Fennemore Craig, P.C., did not make its first appearance in the Lawsuit until February 25, 2008. (See Substitution of Counsel at Docket No. 3, Exh. 58.)

16. On March 3, 2008, Mr. Bergeron filed a Motion to Strike Adam Frank's Affidavit

as Perjured Testimony and Strike all Orders based on that Testimony or Defendant's Failure to Appear; and Motion to Shorten Time. [Docket No. 3, Exh. 64.]

17. On March 20, 2008, Xyience removed the Lawsuit to Bankruptcy Court where it now remains pending as the above-captioned adversary proceeding. (See Removal at Docket No. 1.)

18. On April 22, 2008, Fertitta Enterprises filed its Statement on Removal Pursuant to Fed.R.Bankr.P. 9027(e)(3), Docket No. 26, admitting to all the allegations in the Notice of Removal ("Notice of Removal"), Docket No. 1, including that the claims asserted in this matter are core. Additionally, Fertitta Enterprises stated that to the extent any of the claims in this matter are determined to be non-core, Fertitta Enterprises consents to entry of final orders and judgments by the Bankruptcy Court. [Docket No. 26.]

19. Despite Mr. Bergeron's constant assertions that Xyience improperly removed the Lawsuit to Bankruptcy Court, Mr. Bergeron has neither filed a Statement as required under Rule 9027(e)(3) of the Federal Rules of Bankruptcy Procedure either admitting or denying any of the allegations contained in the Notice of Removal, which at this point would be untimely, nor has he ever properly challenged the removal. (See Motion for a Show Cause Hearing, at 2:20-22.)

**C. Procedural History Since Removal of the Lawsuit to the Bankruptcy Court**

20. On March 24, 2008, Fertitta Enterprises filed its Motion to Dismiss Adversary Proceeding ("Motion to Dismiss"), seeking to dismiss Mr. Bergeron's claims against Fertitta Enterprises. [Docket No. 7.]

21. On March 28, 2008, Mr. Bergeron filed an (I) Emergency Motion to Suspend Bankruptcy Proceedings Pending Investigation of Fraudulent Bankruptcy Filing, and (II) Motion for Summary Judgment on Defendant's Rule 11 Motion, Motion to Dismiss and Counterclaims (the "Motion to Suspend"). [Docket No. 11.]

22. On April 9, 2008, Xyience filed its Motion to Dismiss and to Strike Bergeron's Counterclaim ("Motion to Dismiss"). [Docket No. 13.]

23. On April 22, 2008, Mr. Bergeron filed his Brief in Advance of Scheduling Conference. [Docket No. 31.]

24. On May 6, 2008, Mr. Bergeron filed a First Amendment Brief. [Docket No. 40.]

25. On June 5, 2008, Fertitta Enterprises filed an Application for Order to Show Cause re: Unauthorized Recording of Court Proceedings (the "Order to Show Cause Application"), and declaration in support thereof. [Docket Nos. 51 and 52.]

26. On July 11, 2008, Mr. Bergeron filed a (1) Reply to Fertitta Enterprises *Ex Parte* Motion and (2) Motion to Compel Court to Rule on All Outstanding Motions (the "Order to Show Cause Reply"). [Docket No. 54.]

27. On August 18, 2008, the Court entered an Order to Show Cause (the "OSC") based upon Fertitta Enterprises' Order to Show Cause Application.

28. On August 29, 2008, Mr. Bergeron filed a Response to Order to Show Cause and Motion to Recuse Judge Nakagawa ("Motion to Recuse"). [Docket No. 60.]

29. On September 18, 2008, Mr. Bergeron filed a Motion to Revoke the Bankruptcy Debtor's Reorganization Plan Approval Order, and Motion to Transfer Adversary Proceeding to Proper Venue (the "Motion to Revoke/Transfer Venue"). [Docket No. 66.]

30. On October 14, 2008, this Court entered the following decisions and orders:

a. ***Denying*** Mr. Bergeron's Motion to Suspend, Docket Nos. 72 and 104;

b. ***Denying*** Mr. Bergeron's Motion to Recuse, Docket Nos. 81 and 82;

c. ***Denying*** Mr. Bergeron's Motion to Revoke/Transfer Venue; Docket Nos. 73, 83, 84, 86 and 87;[1]

d. Declining to award any sanctions for Mr. Bergeron's unauthorized recording of court proceedings, Dockets Nos. 79 and 80;

e. ***Granting*** Fertitta's Motion to Dismiss, but providing Mr. Bergeron leave to amend his defamation counterclaim, Docket Nos. 74 and 75;

---

[1] Docket Nos. 73 and 84 appear to be duplicative.

f. ***Granting*** Xyience's Motion to Dismiss, but providing Mr. Bergeron leave to amend his defamation counterclaim, Docket Nos. 76-78.

31. On November 3, 2008, Mr. Bergeron filed his Amended Answer and Counterclaim ("Amended Counterclaim"), wherein Mr. Bergeron attempts to amend his defamation claim against Xyience and Fertitta Enterprises. [Docket No. 106.]

32. On November 24, 2008, Xyience filed its answer to the Amended Counterclaim, Docket No. 110, and Fertitta Enterprises filed its Motion to Dismiss Amended Counterclaim (the "Second Motion to Dismiss"), which is currently set for hearing on January 7, 2009, at the hour of 9:30 a.m. [Docket No. 111.]

33. On November 26, 2008, Mr. Bergeron filed his Motion for a Show Cause Hearing, and the declarations in support thereof. [Docket Nos. 117, 118 and 119.] Mr. Bergeron, however, did not file his Notice of Hearing until December 3, 2008, Docket No. 125.

## III.

## ARGUMENT

### A. Mr. Bergeron Has Failed to Provide this Court With Any Basis to Order a Show Cause Hearing With Respect to Whether the Modified Preliminary Injunction Order Should Be Vacated.

Once again, Mr. Bergeron is attempting to rehash previous arguments that were unsuccessful, and were made to the State Court and to this Court regarding the validity of the Preliminary Injunction Order and the Modified Preliminary Injunction Order. (Compare Opposition, Docket No. 3, at Exh. 13, with Motion for a Show Cause Hearing.) Indeed, Mr. Bergeron's Motion for a Show Cause Hearing is nothing more than an attempt to reargue the Preliminary Injunction Motion and Motion to Modify Order. Mr. Bergeron, however, has once again failed to provide this Court with any basis to vacate the State Court's Modify Preliminary Injunction Order.

Mr. Bergeron continues to refuse to recognize that the State Court made a **final** determination concerning Xyience's Preliminary Injunction Motion and Motion to Modify the

Order. Although this Court is aware, it is very important to point out that the State Court did not immediately rule on Xyience's Preliminary Injunction Motion. Instead, before issuing any decision on Xyience's Preliminary Injunction Motion, the State Court ordered that Xyience be provided with additional time to effectuate service of process and/or service by publication on Mr. Bergeron. After service was effectuated, Mr. Bergeron filed an Opposition to Xyience's Preliminary Injunction Motion. (See Opposition, Docket No. 3, at Exh. 13.) At the August 9, 2007 hearing, after hearing arguments by Xyience's previous counsel, Mr. Jamie Cogburn, the State Court did express its concern regarding the First Amendment issue. Thus, the State Court instructed Mr. Cogburn to submit a proposed order, along with a Supplemental Brief on the First Amendment issue, and the matter would be continued and set for decision on the State Court's Chamber calendar. The State Court was obviously satisfied by the evidence and legal authority that had been presented because it ruled in favor of Xyience and granted its Preliminary Injunction Order. Xyience did file a Motion to Modify the Order, and Mr. Bergeron chose not to file an Opposition to Xyience's Motion to Modify the Order, in which the State Court also granted.

Despite Mr. Bergeron's ability to create excuses, the bottom line is that Mr. Bergeron, like any other litigant, had more than ample opportunity to seek relief from the Preliminary Injunction Order. Mr. Bergeron could have sought a Motion for Reconsideration, or possibly file a Motion pursuant to Rule 60 of the Nevada Rules of Civil Procedure, but instead chose not to seek such relief. Additionally, pursuant to Rule 2.17(a) of the Eighth Judicial District Court Rules, Mr. Bergeron may have been able to seek review of a claim of prior restraint under the First Amendment by filing a First Amendment Writ. Again, Mr. Bergeron chose not to seek such relief.

Moreover, Mr. Bergeron contends that he "was never afforded the opportunity to appear in any fashion to defend himself until long after the injunction had been secured and modified." (See Motion for a Show Cause Hearing at 7:17-19.) Mr. Bergeron then states that he "had been

told more than once by Clark County District Court clerks that he could not appear telephonically and the court room was not equipped for that." (Id. at 8:11-13.) Mr. Bergeron fails to recognize that appearing telephonically is a privilege, not a right. Rule 2.22(a) of the Eighth Judicial District Court Rules provides that "[u]nless the date for the hearing of a motion is vacated or continued . . . counsel for all parties to the motion must appear on the date and at the time set for hearing." The fact that Mr. Bergeron was unable to personally appear at certain hearings in State Court is of no fault of Xyience. More importantly, the fact that he was unable to personally appear does not provide this Court with any basis to now set aside the Modified Preliminary Injunction Order. Accordingly, for these reasons, this Court should deny Mr. Bergeron's Motion for a Show Cause Hearing.

**B. Mr. Bergeron Has Failed to Provide this Court With Any Basis to Order a Show Cause Hearing With Respect to Whether to Strike the Declarations of Jamie S. Cogburn and Adam Frank.**

1. Mr. Bergeron Has Provided this Court With No Basis to Strike the Declarations of Jamie S. Cogburn and Adam Frank.

Once again, Mr. Bergeron attempts to rehash previous arguments that he has made and in a tardy effort to refute the allegations that are contained in the Declarations of Jamie S. Cogburn and Adam Frank, both of which were filed in support of Xyience's Preliminary Injunction Motion. Mr. Bergeron had an opportunity to provide admissible evidence to the State Court, and in fact, he did raise similar arguments with respect to the alleged misrepresentations contained in the Declarations of Jaime S. Cogburn and Adam Frank in his Opposition to the Preliminary Injunction Motion. (Compare Opposition, Docket No. 3, Exh. 13, at pp. 10-22, with Motion for a Show Cause Hearing, at pp. 13-20.) It is irrefutable that the State Court was not persuaded by Mr. Bergeron's previous arguments, and such arguments should not now be considered by this Court. Especially given the fact that the Modified Preliminary Injunction Order is now final, and Mr. Bergeron has failed to provide this Court with any basis to vacate the order.

It is noteworthy that in Mr. Bergeron's Opposition, Mr. Bergeron states:

> Plaintiff speculates that an email Bergeron published on a now defunct MySpace account included false statements. Bergeron published this email (See Entire Unedited Email in Defense Exhibit 1), which Xyience Counsel misrepresents as 'an article,' with an editor's note attached. The note claimed only that the email came from a reliable source, that Bergeron had verified the email address of the Nevada District Attorney said email was sent to, and that he would be looking further into the allegations contained within the email. Bergeron subsequently verified several portions of the email which were indeed fact.

(See Opposition, Docket No. 3, Exh. 13, at 10:264-270.) The unedited e-mail that Mr. Bergeron refers to is an e-mail purportedly from John Miller, Director of the Criminal Complaint Division of Consumer Affairs, to David Roger, District Attorney for Clark County, Nevada. (See Exhibit 1 to the Opposition, Docket No. 3, at Exh. 13.) Allegedly John Miller's e-mail address is govaction2006@yahoo.com, and Mr. Roger's e-mail address is rogerd-co@clark.nv.us. (Id.) Mr. Bergeron does state in his Opposition that he "did an Internet search for the district attorney's email address . . . and for John Miller of the Criminal Complaints Division of Consumer Affairs . . . [and] [h]e did find on-line several references to both the email address of the DA and to John Miller . . . ." (See Opposition, Docket No. 3, Exh. 13, at 1:34 through 2:38.) Common sense, however, should lead one to question any e-mail that purportedly is from an individual with Consumer Affairs and such individual's e-mail address was provided by Yahoo! Mail. Indeed, neither Xyience nor its counsel is aware of any governmental agency that utilizes e-mail through Yahoo! Mail. Mr. Bergeron's ability to verify sources is questionable at best, but in any case, his request for an Order to Show Cause hearing to be scheduled to determine whether the Declarations of Jaime S. Cogburn and Adam Frank should be stricken must be denied.

2. The Unauthorized Recording is Inadmissible.

Mr. Bergeron contends that his unauthorized recording of a conversation that took place on November 6, 2007 between Xyience's ex-CEO, Mr. Adam Frank, Mr. Kirk Sanford and Mr. Bergeron allegedly shows that Mr. Frank perjured himself in the Declarations he signed in support of Xyience's Preliminary Injunction Motion. Conveniently, Mr. Bergeron now takes the position that the unauthorized recording is admissible because it proves Mr. Adam Frank's

alleged bias and prejudice, and that the conversation that took place on or about November 6, 2007, was not for purposes of any settlement. (See Motion for a Show Cause Hearing at 10-13; see also Declaration of Richard Bergeron, Docket No. 119, at ¶9.) This is a surprising assertion because in previous pleadings, Mr. Bergeron, under penalty of perjury, stated that Mr. Frank and Mr. Sanford called him on November 6, 2007 "to discuss settling this case and moving forward." (See Motion, Docket No. 3, Exh. 64, at p. 2, ¶5.)

Moreover, Mr. Bergeron has also admitted in previous pleadings that he recorded the conversation without first obtaining Mr. Franks' and Mr. Sanford's consent, and once they discovered Mr. Bergeron was recording the conversation, they expressed their desire to move forward without Mr. Bergeron recording their conversation. (Id. at 4:106-09 and 5:174-78.) Although Mr. Bergeron notes that under Federal and Utah law, that generally only one party needs to consent to recording a conversation, Mr. Bergeron conveniently neglects to note that Massachusetts (Mr. Bergeron's state of residence) requires that **all parties** consent to the recording of a telephone conversation. See Commonwealth v. Gonzalez, 426 Mass. 313, 315, 688 N.E.2d 455 (1997); Commonwealth v. Blood, 400 Mass. 61, 66, 507 N.E.2d 1029 (1987) ("secret transmission or recording of oral communications **without the consent of all parties** is generally proscribed by § 99") (emphasis added). Notwithstanding Mr. Bergeron's omission, it is immaterial whether Federal law preempts State law, or whether Utah and/or Massachusetts law may apply, because Mr. Bergeron's unauthorized recording is inadmissible because the conversation was for purposes of a settlement. See Fed.R.Evid. 408. Mr. Bergeron cannot admit to that fact, and later try to refute that admission. Additionally, Mr. Bergeron failed to properly authenticate the recording and the unauthorized recording is inadmissible hearsay. See Fed.R.Evid. 801, 802, 803, and 901. As such, Mr. Bergeron's request for an Order to Show Cause hearing be schedule must be denied.

/ / /

**C. Objections to the Affidavits and Evidence Filed in Support of Mr. Bergeron's Motion for a Show Cause Hearing.**

1. Objections to Exhibit 50 to the Motion for a Show Cause Hearing.

Exhibit 50 to the Motion for a Show Cause Hearing consists of: (a) an e-mail from Greg Young to Ted Lanes, William Underhill, with a carbon copy sent to Giovanni Ferrara and Jackie Tay; and (b) an alleged Term Sheet for the Private Placement of Series A Preferred Stock of Xyience, Inc. (See Exh. 50 to the Motion for a Show Cause Hearing.) Xyience objects to the admissibility of Exhibit 50 because: (a) Mr. Bergeron failed to properly authenticate the documents attached as Exhibit 50; (b) Exhibit 50 is not relevant to the issues currently present before this Court; and (c) Exhibit 50 is inadmissible hearsay. See Fed.R.Evid. 401, 402, 801, 802, 803 and 901.

2. Objections to the Affidavit of Richard Klingenberg.

Mr. Bergeron filed an Affidavit of Richard Klingenberg in support of his Motion for a Show Cause Hearing. [Docket No. 118.] Xyience objects to paragraphs 4, 5, 6, 7, 8, 9 and 10 of the Affidavit of Richard Klingenberg because such allegations are not relevant to the issues concerning Mr. Bergeron's Motion for a Show Cause Hearing. See Fed.R.Evid. 401 and 402.

3. Objections to the Affidavit of Richard Bergeron

Mr. Bergeron filed his Affidavit in support of his Motion for a Show Cause Hearing. [Docket No. 119.] Xyience objects to the following paragraphs of Mr. Bergeron's Affidavit:

| **Paragraph(s)** | **Objection(s)** | **Evidentiary Rule(s)** |
|---|---|---|
| 5 | Inadmissible settlement discussions | 408 |
| 6 | Inadmissible settlement discussions | 408 |
| 7 | Inadmissible settlement discussions; Not authenticated with respect to the unauthorized recording | 408 and 901 |
| 8 | Inadmissible settlement discussions; Hearsay; Not authenticated | 408, 801, 802, 803 and 901 |
| 15, 17-19 | Hearsay | 801, 802 and 803 |

| Paragraph(s) | Objection(s) | Evidentiary Rule(s) |
|---|---|---|
| 33-37 | Hearsay; Not Relevant | 401, 402, 801, 802 and 803 |
| 41 | Hearsay, Not authenticated with respect to e-mail | 801, 802, 803 and 901 |
| 42 | Lack of Personal Knowledge | 602 |
| 43 | Lack of Personal Knowledge | 602 |
| 44 | Hearsay | 801, 802, and 803 |
| 45 | Legal Conclusions with respect to allegations of defamation | 701 and 702 |
| 47 | Lack of Personal Knowledge | 602 |
| 48 | Hearsay; Lack of Personal Knowledge | 602, 801, 802 and 803 |
| 49 | Hearsay; Lack of Personal Knowledge | 602, 801, 802 and 803 |
| 50 | Hearsay; Lack of Personal Knowledge | 602, 801, 802 and 803 |
| 51 | Hearsay; Lack of Personal Knowledge | 602, 801, 802 and 803 |
| 52 | Lack of Personal Knowledge; Hearsay | 602, 801, 802 and 803 |
| 53 | Lack of Personal Knowledge | 602 |
| 57 | Hearsay | 801, 802 and 803 |
| 58 | Hearsay | 801, 802 and 803 |
| 61 | Not relevant | 401 and 402 |
| 62 | Not relevant; Hearsay | 401, 402, 801, 802 and 803 |
| 63 | Not relevant; Hearsay | 401, 402, 801, 802 and 803 |
| 64 | Unauthenticated with respect to Exh. 50; Not Relevant; Lack of Personal Knowledge | 401, 402, 602 and 901 |
| 68 | Lack of Personal Knowledge | 602 |
| 70 | Lack of Personal Knowledge | 602 |
| 73 | Hearsay | 801, 802 and 803 |
| 75 | Not authenticated with respect to e-mails; Hearsay; Lack of Personal Knowledge | 602, 801, 802, 803 and 901 |

| Paragraph(s) | Objection(s) | Evidentiary Rule(s) |
|---|---|---|
| 78 | Not authenticated with respect to e-mails; Hearsay; Lack of Personal Knowledge | 602, 801, 802, 803 and 901 |
| 80 | Lack of Personal Knowledge | 602 |
| 85 | Hearsay | 801, 802 and 803 |
| 87 | Lack of Personal Knowledge | 602 |
| 88 | Lack of Personal Knowledge | 602 |
| 93 | Legal Conclusion with respect to the assertions concerning the injunction | 701 and 702 |
| 96 | Lack of Personal Knowledge | 602 |

## IV.

## CONCLUSION

For the reasons set forth above, Xyience respectfully requests that this Court deny Mr. Bergeron's Motion for a Show Cause Hearing.

DATED this 18th of December, 2008.

FENNEMORE CRAIG, P.C.

By: /s/ Laurel E. Davis________
Laurel E. Davis
Jon T. Pearson

Counsel for Plaintiff/Counter-Defendant
Xyience Incorporated