GORDON SILVER
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gordonsilver.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for Fertitta Enterprises, Inc.

E-Filed On December 24, 2008

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>XYIENCE, INCORPORATED,<br>a Nevada corporation,<br><br>Debtor. | Case No.: BK-S-08-10474-MKN<br>Chapter 11 |
| XYIENCE INCORPORATED,<br>a Nevada corporation,<br><br>Plaintiff,<br>v.<br><br>RICHARD BERGERON, an individual,<br><br>Defendant. | Adv. No. 08-1082-MKN |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | **REPLY OF COUNTERDEFENDANT, FERTITTA ENTERPRISES, INC., TO OPPOSITION OF DEFENDANT/COUNTERCLAIMANT, RICHARD BERGERON, TO MOTION TO DISMISS AMENDED COUNTERCLAIM**<br><br>Date: January 7, 2009<br>Time: 9:30 a.m. |

Fertitta Enterprises,[1] by and through its counsel, the law firm of Gordon Silver, hereby submits its Reply (the "Reply") to the Opposition (the "Opposition"), see Adv. Docket No. 125,[2] filed by Bergeron to its Motion. See Adv. Docket No. 111. This Reply is made and based on the points and authorities which follow, the papers or pleadings contained in the Court's file in both this adversary proceeding, and the main bankruptcy case, judicial notice of which is hereby requested, and any arguments entertained at the time of the hearing on this matter.

## I.
## LEGAL ARGUMENT

### A. The Underlying Factual Statements Are True, And The Rest Is Protected Opinion.

#### 1. Legal Standard.

The statement by the attorney for Fertitta Enterprises that "[Bergeron] believes that the best way to do investigative journalism is to sue the company you are trying to investigate" is an expression of opinion that, if premised on correct underlying facts, is absolutely protected by the First Amendment to the U.S. Constitution. See Standing Comm. on Discipline of the United States Dist. Ct. for the Cent. Dist. of Cal. v. Yagman, 55 F.3d 1430, 1438-40 (9th Cir. 1995). Likewise, such expressions of opinion are also protected by Nevada common law and the Nevada Constitution. See People for the Ethical Treatment of Animals v. Bobby Berosini, Ltd., 895 P.2d 1269, 1274-76 (Nev. 1995).[3]

Yagman involved a situation where an attorney made the statement to a news daily that a certain federal judge "has a penchant for sanctioning Jewish lawyers: me, David Kenner and Hugh Manes. I find this to be evidence of anti-semitism." Yagman, 55 F.3d at 1434. The Ninth

---

[1] Unless otherwise indicated, all capitalized terms herein shall have the same meaning as set forth in Fertitta Enterprises' original Motion herein.

[2] Fertitta Enterprises filed its Motion on November 24, 2008, and thus any opposition thereto by Bergeron had to be filed by December 12, 2008 (allowing 15 days plus 3 days for service). Bergeron did not file his Opposition until December 15, 2008, however, and thus this Court should strike his Opposition as untimely.

[3] The Nevada Constitution provides, in relevant part, that "[e]very citizen may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that right." Nev. Const. art. I, § 9.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

Circuit first noted that statements are not defamatory unless they are capable of being proved true or false, and that statements of opinion are protected by the First Amendment unless they "imply a false assertion of fact." Id. at 1438 (quoting Milkovich v. Lorain Journal Co., 497 U.S. 1, 19 (1990); and citing Lewis v. Time, Inc., 710 F.2d 549, 555 (9th Cir. 1983)).

The Ninth Circuit in Yagman held that the attorney's statement contained both an assertion of fact and an expression of opinion. See id. First, the Court held that the statement that the three attorneys were sanctioned was a factual assertion, as it involved an objectively verifiable matter. There was no evidence, however, that this factual assertion was false. The Court held that the rest of the attorney's statement was a protected opinion because it conveyed the attorney's personal belief and evaluation based on those true underlying facts. As such, the Ninth Circuit held that the attorney's statement of opinion could only ever be defamatory if it could reasonably be understood as declaring or implying actual facts capable of being proven false. See id. at 1438-39 (citing Milkovich, 497 U.S. at 21); see also Weiner v. San Diego County, 210 F.3d 1025, 1031 (9th Cir. 2000) (holding that a statement after acquittal in a retried case by the losing prosecutor that "this just proves that cases, unlike fine wine, get worse rather than better, with age" was protected opinion). Regardless of whether the allegedly defamatory statement is based on expressly stated facts, or on implied, undisclosed facts, however, if the underlying factual basis for the assertion is true, then the statement is not actionable as a matter of law. See id. 1439 (citing Lewis, 710 F.2d at 555).

That evaluative opinions are protected against defamation is well established. See, e.g., Bobby Berosini, Ltd., 895 P.2d at 1275-76 (holding that a person's comments that a video tape depicting an animal trainer regularly abusing his animals was protected evaluative opinion); Kaminske v. Wis. Cent. Ltd., 102 F. Supp. 2d 1066, 1080 (E.D. Wis. 2000) (statement by spokesman for defendant that he was disappointed in verdict for plaintiff protected opinion); Miller v. Bunce, 60 F. Supp. 2d 620 (S.D. Texas 1999) (holding that the expression of an opinion that someone is "litigious" and had other personal failings based on certain true facts was not defamatory).

. . .

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

**2. Application.**

Applying the Ninth Circuit's framework in Yagman to the case at hand, the allegedly defamatory comment in this case potentially contains both assertions of fact and an expression of opinion. As set forth below, all factual assertions in the allegedly defamatory comment are all true, and the rest of the statement is opinion, which is fully protected.

First, that Bergeron styles himself as an journalist investigating Xyience and Fertitta Enterprises is well established by his own admissions in multiple prior pleadings he has filed in this case, in numerous articles on his website, and the "private investigator" badge and "Dick Tracy" detective pictures appearing on his website. As such, that Bergeron is, at least in his own mind, an investigative journalist, has been fully admitted by Bergeron.

Second, that Bergeron has sued the targets of his alleged investigation—Xyience and Fertitta Enterprises—is also true as set forth in his Old Counterclaim and related pleadings previously filed in this case. As such, this factual assertion is also undeniably true.

Third, that Bergeron's previous allegations against Fertitta Enterprises in his Old Counterclaim were meritless has also been established, as this Court dismissed these counterclaims as well as all of the other forms of relief Bergeron requested in this case. In fact, in his Amended Counterclaim, Bergeron abandons his previous allegations made in his Old Counterclaim against Fertitta Enterprises and instead alleges that an entirely new statement made in mid-September 2008 , which was nearly seven (7) months after he filed his Old Counterclaim, allegedly defamed him.

In sum, all of the facts that are expressly or impliedly underlying the allegedly defamatory statement in this case are true. Bergeron's Opposition offers no caselaw authority to the contrary, and instead only makes arguments *ad hominem* that Fertitta Enterprises' arguments are "despicable," "asinine" and part of "delusional thinking."

**3. Bergeron's Arguments In Opposition.**

Bergeron attempts to argue that the attorney's comment makes a factual statement regarding how he conducts himself as an journalist and/or his beliefs in how a journalist should

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

conduct himself. The fundamental problem with Bergeron's argument is that this is not a factual statement; rather, it is one observer's personal opinion regarding how Bergeron conducts himself based on well established facts. The ridiculousness and absurdity of Bergeron's argument is highlighted by several statements in his Opposition, including that "Garman made the statement about Bergeron's opinion as if Garman knew Bergeron's opinion," and that "[i]t was definitively false on its face since Garman never conversed with Bergeron and is clearly in no position to know what Bergeron believes." Opposition, p. 3, ll. 11-13, and ll. 15-15 (emphasis added). There is no such thing as a false opinion, and Bergeron cannot transform what is otherwise an obvious statement of opinion into an allegedly defamatory statement of fact.

Moreover, and notwithstanding Bergeron's unsupported assertions in his Opposition to the contrary, it is completely irrelevant to the analysis whether the statement of opinion at issue: (1) has not been otherwise solicited (i.e., it is allegedly "uncalled for") by the target, (2) is immediately preceded by words like "I think" or "in my analysis" by the speaker, (3) is necessarily based on the speaker first "conversing" with the target described, or (4) is characterized by the target as "malicious" or "hurtful" in nature. See Republic Tobacco Co. v. N. Atl. Trading Co., 381 F.3d 717, 729 (7th Cir. 2004) ("[P]refacing a defamatory statement with the phrase 'in my opinion' does not shield a defendant from liability, and the same is true for presenting a defamatory statement under a list of 'concerns.' Prefatory language does not control whether these statements are actionable as defamation; what matters is whether the assertions included in the three disputed sentences are verifiably false.").

Similarly, Bergeron's quotation at the beginning of his Opposition regarding how a plaintiff in a defamation action can demonstrate malice is completely irrelevant to the instant Motion. "Actual malice," meaning knowledge of falsity or subjective awareness of probable falsity, is a prerequisite for liability in public figure defamation cases. See New York Times v. Sullivan, 376 U.S. 254 (1964). As such, in order for Bergeron to ultimately recover in this case at trial, he would have to show that Fertitta Enterprises made the comment out of malice. In this Motion, however, Fertitta Enterprises argues that the comment made is protected opinion, and that any opinion, even if malicious, is fully protected.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

In sum, the allegedly defamatory comment at issue herein is undeniably true to the extent it expresses or implies any factual statements, and the rest of the comment is fully protected evaluative opinion. As such, Bergeron's new amended defamation claim must be dismissed as a matter of law for failure to state a claim upon which relief can be granted.

**B. Further Leave To Amend Must Be Denied As Futile.**

As set forth in Fertitta Enterprises' Motion, leave to amend must be denied when an amendment would be futile. In this case, even if Bergeron's request were granted to substitute in the attorney making the comment as the counterdefendant and real party in interest in place of Fertitta Enterprises, the defamation claim would still be dismissed because the comment is fully protected opinion. As such, Bergeron's request to amend his counterclaim a second time must also be denied.

## II.
## CONCLUSION

WHEREFORE, Fertitta Enterprises respectfully requests that the Court GRANT the Motion, thereby DISMISSING Bergeron's Amended Counterclaim against it pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Fertitta Enterprises also requests such other and further relief as is just and proper.

DATED this 24 day of December, 2008.

GORDON SILVER

By: ______________________
GREGORY E. GARMAN, ESQ.
MATTHEW C. ZIRZOW, ESQ.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Attorneys for Fertitta Enterprises, Inc.





Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555