RECEIVED AND FILED

2008 DEC 29 P 1: 02

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

Rich Bergeron
147 OLD COUNTY ROAD
East Sandwich, MA 02537
Telephone: (617) 209-4325
Defendant as Pro Se Attorney

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In Re:

XYIENCE, INC., A Nevada Corporation

Debtor.

No. BK-S-08-10474-MKN
Chapter 11

Eighth Judicial District Court
Las Vegas, Clark County, Nevada
Case No. A544781, Dept. XXIII

XYIENCE INCORPORATED, a Nevada Corporation,
Plaintiff,

v.

RICHARD BERGERON, an individual
Defendant.

CASE NO. BK-2-08-AP-01082-MKN

**DEFENDANT AND COUNTERCLAIMANT RICH BERGERON'S BRIEF IN ADVANCE OF FERTITTA ENTERPRISES' MOTION TO DISMISS HEARING**

RICHARD BERGERON, an Individual,

Counterclaimant,

v.

XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada Corporation,

Counterdefendants.

Hearing Date: January 7, 2009

Time: 9:30 AM

Location: 300 Las Vegas Blvd. South
Courtroom #2
Las Vegas, NV 89101

**DEFENDANT AND COUNTERCLAIMANT RICH BERGERON'S BRIEF IN ADVANCE OF FERTITTA ENTERPRISES' MOTION TO DISMISS HEARING**

**The latest filing entered on the docket by Fertitta Enterprises attorneys goes beyond all reason and argues two particular points of argument that do not make sense when matched up with each other. The counter-defendant's own document contradicts itself. The offense demands an adequate response from the court via sua sponte sanctions.**

**Furthermore, Bergeron has not brought out any points of law to argue his position since this is a matter of simple logic, not law. Attorneys Greg Garman and Matthew Zirzow will have this court believe that they can have it both ways:**

**They can have the statement classified as an opinion:**

> Applying the Ninth Circuit's framework in Yagman to the case at hand, the allegedly defamatory comment in this case potentially contains both assertions of fact and an expression of opinion. As set forth below, all factual assertions in the allegedly defamatory comment are all true, and the rest of the statement is opinion, which is fully protected.
>
> First, that Bergeron styles himself as an journalist investigating Xyience and Fertitta Enterprises is well established by his own admissions in multiple prior pleadings he has filed in this case, in numerous articles on his website, and the "private investigator" badge and "Dick Tracy" detective pictures appearing on his website. As such, that Bergeron is, at least in his own mind, an investigative journalist, has been fully admitted by Bergeron.
>
> Second, that Bergeron has sued the targets of his alleged investigation—Xyience and Fertitta Enterprises—is also true as set forth in his Old Counterclaim and related pleadings previously filed in this case. As such, this factual assertion is also undeniably true.

**Or....If it isn't declared an opinion they claim they can prove the statement is a fact:**

> The statement by the attorney for Fertitta Enterprises that "[Bergeron] believes that the best way to do investigative journalism is to sue the company you are trying to investigate" is an expression of opinion that, if premised on correct underlying facts, is absolutely protected by the First Amendment to the U.S. Constitution. See Standing Comm. on Discipline of the United States Dist. Ct. for the Cent. Dist. of Cal. v. Yagman, 55 F.3d 1430, 1438-40 (9th Cir. 1995). Likewise, such expressions of opinion are also protected by Nevada common law and the Nevada Constitution. See People for the Ethical Treatment of Animals v. Bobby Berosini, Ltd., 895 P.2d 1269, 1274-76 (Nev. 1995).[3]

**They never account for the fact that these two attorneys cannot possibly be inside Rich Bergeron's head. It is a false statement of fact to proclaim someone believes something when you have no basis to know what the man believes. Garman not only implied to the reporter a false statement of fact, he flat out pronounced it as the truth on the record. Garman and Zirzow's own motion belies the fact that even if it is ruled it was Garman's so-called opinion he stated to the reporter, the fact that Bergeron does not believe what Garman says he believes is definitive evidence enough:**

> true or false, and that statements of opinion are protected by the First Amendment unless they "imply a false assertion of fact." Id. at 1438 (quoting Milkovich v. Lorain Journal Co., 497 U.S. 1, 19 (1990); and citing Lewis v. Time, Inc., 710 F.2d 549, 555 (9th Cir. 1983)).

**The backwoods logic of these lawyers compute Bergeron being an investigative reporter and also suing the counter-defendants equates to him believing the best way to do investigative journalism is through legal channels.**

**Bergeron is not a lawyer, not a law student, and is a hack of a pro-se attorney admittedly. Why would someone with no legal experience believe the best way to do investigative journalism is to sue the person you're investigating? These attorneys are speaking more foul untruths with each new motion, and these disgusting, sloppy, well-worn lies are starting to stink up the process. They seek to deny and delay with every technicality, and they are even starting to spout the law as if it vindicates them from getting stuck in their chain of lies:**

> the attorney's personal belief and evaluation based on those true underlying facts. As such, the Ninth Circuit held that the attorney's statement of opinion could only ever be defamatory if it could reasonably be understood as declaring or implying actual facts capable of being proven false. See id. at 1438-39 (citing Milkovich, 497 U.S. at 21); see also Weiner v. San Diego County, 210 F.3d 1025, 1031 (9th Cir. 2000) (holding that a statement after acquittal in a retried case by the losing prosecutor that "this just proves that cases, unlike fine wine, get worse rather than better, with age" was protected opinion). Regardless of whether the allegedly defamatory statement is based on expressly stated facts, or on implied, undisclosed facts, however, if the underlying factual basis for the assertion is true, then the statement is not actionable as a matter of law. See id. 1439 (citing Lewis, 710 F.2d at 555).

They are comparing apples and oranges above, and these circumstances are wholly different since Bergeron is the only one who can testify as to what he truly believes. Garman as an attorney should know what he can and cannot say. He would not let a witness in a courtroom for a party he was opposing utter such a statement without objecting. It is one giant leap Garman makes by contending that he can still justify saying he knows what Bergeron believes to this day. It is also blatantly obvious that Garman's statement is in a formal interview setting—answering the question of a reporter—and is stated in a wholly factual manner. He insults the court by calling the suit nonsense, and he insults the evidence on the record, the affiants who have sworn before this court to the truth that they know, and the law itself when he tries to testify for people he's never met or talked to. How do we know he has not done the same with his own client and failed to ask simple questions to back up the rampant "facts" he spouts?

Bergeron DOES NOT BELIEVE legal channels are useful in generating any real movement toward truth, especially if he were to judge the entire legal picture in this country on this case alone. He would then have to conclude that the slow pace of justice is the same everywhere and the fact that there has not yet been a day of discovery in this case is just the way things happen when you have to face someone in court.

The fact is Bergeron believes the best way to do investigative journalism is to call and personally contact the people you're investigating. His strategy was always to get an interview at the first possible moment with whoever could tell him more and corroborate the testimony of others. He developed a phone list early on in the process and has reached out to at least 80 shareholders already. Bergeron interviewed Xyience Counsel Pete Rinato early on in his reporting and gave the company a chance to respond to his questions. Rinato never complained about that piece, and further pieces have never been entered into the record with the assertion that they are false or can be proven to be false through discovery.

Garman and Zirzow's own motion had new evidence attached just to prove the impossible: Bergeron believes the best way to do investigative journalism is to sue. It was Bergeron's own published work they included on the record. It was the exact scenario laid out by the GCA emails in one piece of evidence, and do you think they used that article to try to

**prove it wasn't the truth? Heck no. They used it to prove Bergeron was an investigative journalist. Is anyone else wondering if the opposition thinks the judge is mentally disabled? Have they lost their minds to put all that material before this court without categorically denying all the incriminating information within those reports? Fertitta Enterprises does not have a leg to stand on. They continue to pretend they are at an arm's length from Xyience when they own the company.**

**The bulk of the evidence and on the record information Bergeron has garnered in this case has not come from any legal channels. It has come from person to person contact with people who know the facts of the situation. Unfortunately, the attorneys on the other side of this brief do not understand the value of a conversation with a person and the fact that you can't spout what someone believes when you've never asked them personally. Young journalists are taught never to use the word "believes" and lawyers should know as much, too.**

There is no such thing as a false opinion, and Bergeron cannot transform what is otherwise an obvious statement of opinion into an allegedly defamatory statement of fact.

**The above passage is perhaps the most hilarious contradiction of all. Bergeron does not have to transfer the statement from opinion to fact. Fertitta Enterprises attorneys have done it for him, fallen on their own swords so to speak:**

> In sum, the allegedly defamatory comment at issue herein is undeniably true to the extent it expresses or implies any factual statements, and the rest of the comment is fully protected evaluative opinion. As such, Bergeron's new amended defamation claim must be dismissed as a matter of law for failure to state a claim upon which relief can be granted.

**The actions of these attorneys should be glaringly offensive to this court. As such, the attorneys for Fertitta Enterprises should be summarily sanctioned by this court for spewing forth such blatantly self-serving filth as a legal document. This is not the first time they have been warned, not the first time they've had to be reminded they are connected to the hip to Xyience, and not the first time they have tried to characterize Bergeron in a bad light for telling the truth.**

**The fact is, Bergeron has published thousands of news reports in print and on-line. He's interviewed hundreds of people. He's only ever been engaged in one lawsuit, and that's**

**this one. It's a no-brainer to figure out which way he usually operates and which way he likes to do his investigative reporting. His modus operandi is as a writer, not as a lawyer. This court has his sworn testimony, and he will re-iterate the same at the hearing on this matter.**

**The absolute lack of integrity on behalf of the opposing attorneys in this matter should be duly noted on the record, and both should be sanctioned accordingly, perhaps by forfeiting their pay for their work on the motion and the supporting filings. Their offenses are clear, and these lawyers should not be allowed to issue themselves deniability insurance based on their continuation of the behavior that got them in trouble in the first place.**

**Bergeron understands and is willing to agree with the case law brought up by his opposition. He at the same time contends none of it applies favorably to Fertitta Enterprises. The simple fact is Garman, on behalf of his client, spoke about this case and publicly defamed Rich Bergeron. Furthermore, Bergeron did not sue anybody until he was sued in a conspiratorial scheme to hide the truth he was reporting, and that was a scheme Fertitta Enterprises led and financed. The truth is the ultimate defense, and the opposition in the instant matter has no understanding of the word or the concept of truth. They need this court to remind them in a manner that fully discourages them from acting in the same manner again.**

*Dated December 26, 2008*

IN PROPER PERSON

[signature]

Rich Bergeron
147 Old County Road
East Sandwich, MA 02537
617-209-4325
Attorney Pro-Se
Rich.Bergeron@gmail.com