**Entered on Docket**
**January 30, 2009**

**Hon. Mike K. Nakagawa**
**United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

| | |
|---|---|
| In re:<br><br>XYIENCE INCORPORATED, a Nevada corporation,<br><br>Debtor. | BK-S-08-10474-MKN<br><br>Chapter 11 |
| XYIENCE INCORPORATED, a Nevada corporation,<br><br>Plaintiff,<br>v.<br><br>RICHARD BERGERON, an individual,<br><br>Defendant. | Adversary No. 08-1082<br><br>Date: January 7, 2009<br>Time: 9:30 a.m. |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | |

**MEMORANDUM DECISION ON MOTION OF DEFENDANT/COUNTERCLAIMANT RICH BERGERON FOR AN IMMEDIATE SHOW CAUSE HEARING TO STRIKE THE PERJURED DECLARATIONS OF ADAM FRANK (Dkt. # 3, Exh. 3) AND JAMIE COGBURN (Dkt. #3, Exh. 8); AND MOTION TO VACATE THE CLARK COUNTY DISTRICT COURT'S MODIFIED PRELIMINARY INJUNCTION**

Defendant and Counterclaimant Rich Bergeron's "Motion for an Immediate Show Cause Hearing to Strike the Perjured Declarations of Adam Frank (Dkt. # 3, Exh. 3) and Jamie Cogburn (Dkt. #3, Exh. 8); and Motion to Vacate the Clark County District Court's Modified Preliminary Injunction" was heard on January 7, 2009. The appearances of counsel and the parties were noted on the record.

**BACKGROUND**[1]

On July 18, 2007, plaintiff Xyience Incorporated ("Xyience"), a Nevada corporation, commenced an action against defendant Richard Bergeron in the Eighth Judicial District Court for Clark County, Nevada ("State Court"), denominated Case No. A544781 ("State Court Action"). The complaint is framed as three separate causes of action, alleging defamation, tortuous (sic) interference with prospective economic advantage, and intentional interference with contract. No other parties were named in the complaint.

In the State Court Action, Xyience sought a preliminary injunction against Mr. Bergeron to enjoin him from placing and retaining on his internet website certain allegedly defamatory remarks concerning Xyience. Mr. Bergeron filed written opposition to the requested preliminary injunction.

The State Court ultimately issued an amended preliminary injunction order requiring Mr. Bergeron to remove false information about Xyience from his website and enjoining him from posting any representations intended to create an impression that Xyience is the subject of an investigation by the Securities and Exchange Commission. The preliminary injunction order further directed Mr. Bergeron to remove all articles from his website claiming that Xyience is defrauding investors or is engaged in a conspiracy to defraud investors.

After the preliminary injunction was entered, an involuntary Chapter 11 proceeding was commenced against Xyience on January 3, 2008, denominated Case No. BK-S-08-10049.

[1] In the text and footnotes of this Memorandum Decision, all references to "Section" shall be to the provisions of the Bankruptcy Code appearing in Title 11 of the United States Code, unless otherwise indicated. All references to "FRCP" shall be to the Federal Rules of Civil Procedure. All references to "Rule" shall be to the Federal Rules of Bankruptcy Procedure, unless otherwise indicated. All references to "FRE" shall be to the Federal Rules of Evidence.

Thereafter, Xyience commenced a voluntary Chapter 11 proceeding on January 22, 2008, denominated Case No. BK-S-08-10474. On January 31, 2008, the involuntary proceeding was dismissed by stipulation with the petitioning creditors, and the voluntary Chapter 11 proceeding went forward with Xyience as the debtor-in-possession.

While Xyience was in bankruptcy, Mr. Bergeron, appearing *in propria persona*, filed an answer in the State Court Action on February 19, 2008, that included a "Counterclaim for Declamatory (sic) Relief." ("Counterclaim") The Counterclaim includes claims against Xyience, as well as against Fertitta Enterprises, Inc. ("Fertitta"), a Nevada corporation.[2] That pleading is styled as four separate "counterclaims" alleging that Mr. Bergeron was defamed in pleadings filed by Xyience, that his rights under the First Amendment to the United States Constitution had been violated, that tortious interference with prospective economic advantage has occurred, and that he has been subjected to "pain and suffering."

After the Counterclaim was filed, Xyience removed the State Court Action to the bankruptcy court pursuant to a notice of removal filed under 28 U.S.C. section 1452(a). The State Court Action was assigned Adversary Proceeding No. 08-1082. Thereafter, Xyience filed a motion to dismiss the causes of action alleged in the Counterclaim.

On October 14, 2008, a memorandum decision was entered granting Xyience's motion to dismiss. An order was entered granting Xyience's motion to dismiss each of the claims set forth in the Counterclaim, but which also granted Mr. Bergeron leave to amend with respect to his claim for defamation. On November 3, 2008, an amended counterclaim ("Amended Counterclaim") was filed.

On November 24, 2008, Fertitta filed a motion to dismiss the Amended Counterclaim under Federal Rule of Civil Procedure 12(b)(6). Mr. Bergeron filed written opposition to which Fertitta filed a written reply brief.

On November 25, 2008, Mr. Bergeron filed his Motion for an Immediate Show Cause

---

[2] As against Fertitta, Mr. Bergeron's pleading constitutes a third-party claim under FRCP 14, rather than a counterclaim under FRCP 13, since Fertitta was not an original party to the action commenced by Xyience.

Hearing to Strike to Strike the Perjured Declarations of Adam Frank (Dkt. # 3, Exh.3)[3] and Jamie Cogburn (Dkt. #3, Exh. 8)[4]; and Motion to Vacate the Clark County District Court's Modified Preliminary Injunction. Mr. Bergeron's request for an order to show cause ("OSC Motion"), as well as his request to vacate the State Court's preliminary injunction ("Motion to Vacate") are accompanied by the Affidavit of Richard Klingenberg ("Klingenberg Affidavit") as well as the Affidavit of Rich Bergeron ("Bergeron Affidavit"). Xyience filed written opposition to both requests ("Xyience Opposition") and a limited opposition was filed by Fertitta.

A hearing was conducted on Mr. Bergeron's motions on January 7, 2009, along with Fertitta's motion to dismiss. After oral arguments were presented, all of the matters were taken under submission.[5]

**DISCUSSION[6]**

It is well-established that the burden of proof lies with the party who asserts the affirmative of an issue. See generally In re Wolff, 22 B.R. 510, 512 (B.A.P. 9th Cir. 1982); Hallinan v. Republic Bank & Trust Co., 519 F.Supp.2d 340, 358 (S.D.N.Y. 2007). When relief from a judgment or an order is sought under any of the grounds for relief provided by FRCP 60, the burden of proof is on the moving party. See generally B. Russell, Bankruptcy Evidence Manual § 301.98 (2006 Edition). See, e.g., Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004)(moving party must present "clear and convincing evidence" establishing that the

---

[3] The Declaration of Adam Frank in Support of an Exparte Application for a Temporary Restraining Order ("Frank Declaration") is attached to Plaintiff's Motion for Preliminary Injunction on an Order Shortening Time, filed in the State Court Action, and a copy of that motion is filed in this adversary proceeding as Exhibit 3 within Docket No. 3.

[4] The Declaration of Jamie Cogburn, Esq. in Support of an Exparte Application for a Temporary Restraining Order ("Cogburn Declaration") is attached to Plaintiff's Motion for Preliminary Injunction on an Order Shortening Time, filed in the State Court Action, and a copy of that motion is filed in this adversary proceeding as Exhibit 8 within Docket No. 3.

[5] Fertitta's motion to dismiss the Amended Counterclaim is the subject of a separate memorandum decision and order.

[6] Citations to the written arguments submitted by parties will refer to the page number and then line number, separated by a colon, e.g., 4:10-15 would refer to page 4, line 10 through line 15 of the document.

adverse party's misconduct prevented the movant from fully and fairly presenting a defense).

Evidence submitted in support of a motion must meet all of the requirements for admissibility as if the evidence is being offered at the time of trial. See Travelers Casualty and Surety Company of America v. Telstar Construction Company, Inc., 252 F.Supp.2d 917, 922 (D.Ariz. 2003). A declaration or affidavit is a substitute for live testimony and the declarant or affiant must have personal knowledge of the facts stated. See, e.g., United States v. Shumway, 199 F.3d 1093, 1104 (9th Cir. 1999). Likewise, any documentary evidence must be properly authenticated by a person with personal knowledge of the genuineness and execution of the documents offered. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550-51 (9th Cir. 1990). The proponent of the evidence bears the burden of establishing the proper foundation for its admission. See City of Long Beach v. Standard Oil of California, 46 F.3d 929, 937 (9th Cir. 1995).

Mr. Bergeron's motions are accompanied by the Klingenberg Affidavit, the Bergeron Affidavit, and an "Exhibit 50" that is simply attached to the combined motion. Included in the "Exhibit 50" are two documents consisting of a hard copy of a letter or e-mail message printed on numbered pleading paper, and a document entitled "Term Sheet for the Private Placement of Series A Preferred Stock of Xyience, Inc." bearing the signature of a named "Investor" but not a signature from Xyience. Attached to the Klingenberg Affidavit is a nine-page document entitled "Email Communications Related to This Affidavit." Attached to the Bergeron Affidavit is a nine-page document that appears to consist of copies of various e-mail messages, some apparently from an entity identified only as "Corp Insider."

Xyience objects to the admissibility of the evidence offered by Mr. Bergeron in support of the OSC Motion. See Xyience Opposition at 13:2 to 15:9. No written response to the evidentiary objections was filed by Mr. Bergeron, nor were any responses to the objections presented at the hearing. While the pleadings of a pro se litigant are held to a less stringent standard, see Haines v. Kerner, 404 U.S. 519, 520 (1972), the court of appeals for this circuit has noted that "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir. 1986).

Thus, the requirements for submission of admissible evidence must be observed in disputed matters even for parties appearing without counsel. See, e.g., Proctor v. Safeway Food & Drug, Inc., 2007 WL 2892944 at *6 (D.Ariz. Sep 28, 2007) (submission of admissible evidence in opposition to summary judgment motion).[7] An opposing party obviously may waive objections to the admissibility of the moving party's evidence, but Xyience has not done so in this case.

With respect to "Exhibit 50", Xyience argues that neither of the two attached documents has been authenticated as required by FRE 901, that their contents are hearsay under FRE 801, that the documents are not subject to a hearsay exception under FRE 803, and that they therefore are inadmissible under FRE 802. Additionally, Xyience asserts that neither document is relevant to the OSC Motion under FRE 401 and therefore are inadmissible under FRE 402. See Xyience Opposition at 13:3-11.

With respect to the Klingenberg Affidavit, Xyience objects to Paragraphs 4, 5, 6, 7, 8, 9 and 10 on grounds that the statements included in those paragraphs are not relevant and therefore are not admissible. See Xyience Opposition at 13:12-15. No objection, however, is raised as to the document attached to the Klingenberg Affidavit.

With respect to the Bergeron Affidavit, Xyience objects on grounds of authenticity of the document attached to the affidavit, of the references to certain recorded conversations in Paragraphs 7 and 8[8], of the reference to certain email communications in Paragraphs 41, 75 and 78, and of the reference to Exhibit 50 in Paragraph 64. Xyience also objects on grounds of relevancy of Paragraphs 33, 34, 35, 36, 37, 61, 62, 63 and 64, and on a hearsay basis as to Paragraphs 8, 15, 17, 18, 19, 33, 34, 35, 36, 37, 41, 44, 48, 49, 50, 51, 57, 58, 62, 63, 73, 75, 78 and 85. Xyience further objects to Paragraphs 5, 6, 7 and 8 on the basis that they refer to

---

[7] There is some debate over whether specialized notice of the requirements for responding to a summary judgment motion must be given to pro se litigants, see, e.g., Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998)(en banc), but no suggestion has been made that special rules govern the admissibility of evidence offered by a pro se litigant.

[8] Recording a telephone conversation without the consent of all parties is prohibited under Massachusetts law. See Commonwealth of Massachusetts v. Gonzalez, 426 Mass. 313, 315, 688 N.E.2d 455, 457 (Mass. 1997).

settlement discussions inadmissible under FRE 408[9], and to Paragraphs 42, 43, 47, 48, 49, 50, 51, 52, 53, 64, 68, 70, 75, 78, 80, 87, 88 and 96 on the basis of a lack of personal knowledge as required by FRE 602. Finally, Xyience objects to Paragraphs 45 and 93 on grounds that they are expressions of legal conclusions that are not admissible opinion testimony under FRE 701 or admissible expert testimony under FRE 702. See Xyience Opposition at 13:17 to 15:9.

Each of the objections timely raised by Xyience is meritorious under the applicable provision of the Federal Rules of Evidence and must be sustained. Because "Exhibit 50" is not admissible, it cannot be considered. The remaining admissible portions of the Klingenberg Affidavit, i.e., Paragraphs 1, 2 and 3, are prefatory only. The email summary attached to the affidavit apparently includes communications between Mr. Klingenberg and various individuals, as well as a communication between a third party and the board of directors of Xyience. The relevance or importance of these communications to the OSC Motion is not readily apparent since there is no question that the activities of Xyience have spawned contentious litigation. Moreover, whatever explanation that might otherwise have appeared in the inadmissible portions of the Klingenberg Affidavit cannot be considered.

The remaining portions of the Bergeron Affidavit, i.e., Paragraphs 1, 2, 3, 4, 9, 10, 11, 12, 13, 14, 16, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 38, 39, 40, 46, 54, 55, 56, 59, 60, 65, 66, 67, 71, 72, 74, 76, 77, 79, 81, 82, 83, 84, 86, 89, 90, 91, 92, 94, 95, 96, 97, 98, 99 and 100, allege matters insufficient to support issuance of an order to show cause. While describing various meetings and conversations that Mr. Bergeron apparently had with numerous parties, the crux of the testimony is to deny the statements made in the Frank Declaration and the Cogburn

---

[9] Paragraph 9 of the Bergeron Affidavit, which was not objected to by Xyience, states that the recorded conversation referenced in Paragraphs 5, 6, 7 and 8 was not part of a settlement conference. In its opposition, however, Xyience references a previous declaration that Mr. Bergeron filed in the State Court Action attesting that the conversation was initiated "to discuss settling the case...." See Xyience Opposition at 12:12:2-6. See Declaration in Support of Motion to Strike Adam Frank's Affidavit as Perjured Testimony and Strike All Orders Based on that Testimony or Defendant's Failure to Appear at ¶ 5 ("In early November, 2007, I recorded a telephone conversation with Adam Frank and Kirk Sanford. They called me from Sanford's Utah cabin to discuss settling this case and moving forward."). A copy of the latter declaration is filed in this adversary proceeding as Exhibit 64 within Docket No. 3.

Declaration. See Bergeron Affidavit at ¶¶ 38 and 65.

Not surprisingly, factual disputes are common in litigation and conflicts in witness testimony are typical. If the mere presence of factual disagreements in written testimony is the standard for issuing an order to show cause, however, then such orders would become commonplace. Indeed, in the present adversary proceeding, its application would require that such an order be directed to Mr. Bergeron as well since his affidavit is at odds with the Frank Declaration and Cogburn Declaration.[10] For good reason, no such standard exists and the issuance of an order to show cause to implement such a standard would be foolhardy.[11]

For similar reasons, Mr. Bergeron's Motion to Vacate also must be denied. The absence of persuasive admissible evidence is especially pronounced in the face of the determination previously made by the State Court in issuing the preliminary injunction. The record indicates that Xyience's request for a preliminary injunction was initially scheduled for a hearing on July 26, 2007, but was rescheduled to allow service to be effectuated. See Xyience's Opposition to Defendant/Counterclaimant Richard Bergeron's Motion to Strike Adam Frank's Affidavit as Perjured Testimony and Strike All Orders Based on that Testimony or Defendant's Failure to Appear; And Motion to Shorten Time[12] at Exhibit "1". After service was completed, a hearing was conducted on August 9, 2007, after which a proposed preliminary injunction order was submitted by counsel for Xyience. Id. at Exhibit "2." Before the preliminary injunction order was issued, Mr. Bergeron appeared in the State Court Action and electronically filed written opposition on August 19, 2007. In that opposition, Mr. Bergeron disputed the credibility

---

[10] As indicated at note 9, supra, the Bergeron Affidavit also apparently conflicts with the declaration that Mr. Bergeron previously filed before the State Court Action was removed to this court.

[11] FRCP 12(f) permits motions to strike from pleadings defenses that are legally insufficient or any redundant, immaterial, impertinent, or scandalous matters. Under FRCP 7a), however, pleadings do not include declarations or affidavits. Thus, even improper motions and declarations cannot be stricken under FRCP 7. See Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

[12] The opposition by Xyience is filed in the adversary proceeding as Docket No. 33.

of the Cogburn Declaration, see Opposition to Motion for Preliminary Injunction[13] at 7:178-183, 11:277 to 12:302, and 15:375-377, disputed the credibility of the Frank Declaration, id. at 14:365-369, disputed the relevance of his own "work product", id. at 14:369 to 15:374, and disputed the completeness of the "work product" offered. Id. at 15:377-381. Mr. Bergeron's opposition also argued that he had a "stockpile of documents, recorded conversations, and communications" that would cost him "a fortune to print and produce." Id. at 15:385-391.

Eighteen days after Mr. Bergeron's written opposition was filed, the State Court issued a preliminary injunction preventing Mr. Bergeron from publishing defamatory information concerning Xyience on his internet website. After the initial preliminary injunction order was issued, Xyience sought to modify the order and scheduled a hearing for October 11, 2007. See Plaintiff's Motion to Modify Preliminary Injunction Order on an Order Shortening Time[14] at 2:16. Mr. Bergeron did not file opposition and a modified preliminary injunction order was entered by the State Court on November 6, 2007. See Modified Preliminary Injunction Order.[15]

Comparison of this record against the admissible portions of the Bergeron Affidavit reflects that Mr. Bergeron has offered this court nothing that was not previously presented to the State Court. Additionally, the admissible portions of the Bergeron Affidavit present no new evidence that is material to the modified preliminary injunction that was issued. Under these circumstances, Mr. Bergeron has failed to meet his burden of proof and the Motion to Vacate must be denied.

**CONCLUSION**

For the reasons set forth above, the Motion for an Immediate Show Cause Hearing to Strike the Perjured Declarations of Adam Frank (Dk. # 3, Exh. 3) and Jamie Cogburn (Dkt. #3,

---

[13] A copy of the opposition is filed in this adversary proceeding as Exhibit 13, Part A, within Docket No. 3.

[14] A copy of the motion is filed in this adversary proceeding as Exhibit 22, within Docket No. 3.

[15] A copy of the modified preliminary injunction order is filed in this adversary proceeding as Exhibit 28, within Docket No. 3.

Exh. 8); and Motion to Vacate the Clark County District Court's Modified Preliminary Injunction will be denied.[16] A separate order has been entered concurrently herewith.

Copies noticed through ECF to:

LAUREL E. DAVIS ldavis@fclaw.com, mhurtado@fclaw.com;lgolonka@fclaw.com

JON PEARSON jpearson@fclaw.com, mhurtado@fclaw.com

MATTHEW C. ZIRZOW bankruptcynotices@gordonsilver.com, bknotices@gordonsilver.com

MATTHEW E. MCCLINTOCK mmcclintock@bellboyd.com, sthoma@bellboyd.com

GREGORY E GARMAN bankruptcynotices@gordonsilver.com, bknotices@gordonsilver.com

and sent to BNC to:

RICH BERGERON
147 OLD COUNTY ROAD
EAST SANDWICH, MA 02537

# # #

[16] In light of these determinations, it is unnecessary to address the limited opposition filed by Fertitta.

# CERTIFICATE OF NOTICE

| | | | |
|---|---|---|---|
| District/off: 0978-2 | User: millergr | Page 1 of 1 | Date Rcvd: Jan 30, 2009 |
| Case: 08-01082 | Form ID: pdf954 | Total Served: 1 | |

The following entities were served by first class mail on Feb 01, 2009.
aty +RICH BERGERON, 147 OLD COUNTY ROAD, EAST SANDWICH, MA 02537-1465

The following entities were served by electronic transmission.
NONE. TOTAL: 0

***** BYPASSED RECIPIENTS *****
NONE. TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Feb 01, 2009** **Signature:** Joseph Speetjens