FENNEMORE CRAIG, P.C.
Laurel E. Davis (NV Bar No. 3005)
Jon T. Pearson (NV Bar No. 10182)
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 692-8000
E-mail: ldavis@fclaw.com
E-mail: jpearson@fclaw.com

Attorneys for Plaintiff/Counter-Defendant
**Xyience Incorporated**

**E-filed February 11, 2009**

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>XYIENCE INCORPORATED, a Nevada corporation,<br><br>Debtor. | Chapter 11<br><br>No. BK-S-08-10474-MKN |
| XYIENCE INCORPORATED, a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON, an individual<br><br>Defendant. | Adv. No. 08-01082<br><br>**JOINDER BY XYIENCE INCORPORATED IN OPPOSITION TO RICHARD BERGERON'S AMENDED MOTION FOR RULE 11 AND 9011 SANCTIONS FILED BY FERTITTA ENTERPRISES, INC.** |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | Date: February 25, 2009<br>Time: 9:30 a.m. |

Plaintiff/Counter-Defendant Xyience Incorporated ("Xyience" or "Debtor"), joins Counter-Defendant Fertitta Enterprises, Inc.'s ("Fertitta Enterprises") Opposition of Counterdefendant, Fertitta Enterprises, Inc., to Defendant/Counterclaimant, Richard Bergeron's Motion for Rule 11 and 9011 Sanctions ("Opposition"), Docket No. 150. Xyience provides the following additional grounds upon which to deny Richard Bergeron's ("Bergeron's") Amended Motion for Rule 11 and 9011 Sanctions ("Rule 11 Motion"). This Joinder is made and based upon the points and authorities which follow, the Opposition on file herein, all papers and pleadings in the Court's file for this case and all Adversary Proceedings filed with respect to this case, judicial notice of which is hereby requested, and any and all argument presented at the time of the hearing of this matter.

**A. Evidentiary Objections to the Rule 11 Motion Affidavit**

Xyience makes the following evidentiary objections to the Rule 11 Motion Affidavit:

| Paragraph(s) | Objection(s) | Evidentiary Rule(s) |
|---|---|---|
| 3, 4 | Not relevant, hearsay, exhibits not properly authenticated | 401, 402, 801, 802, 803, 901 |
| 5 through 13 | Not relevant, hearsay, lack of competence, lack of personal knowledge, improper lay opinion | 401, 402, 801, 802, 803, 601, 602, 701 |
| 14, 15 | Not relevant, inadmissible settlement discussions, unauthorized recording not authenticated | 401, 402, 408, 901 |
| 16, 17, 18 | Not relevant, hearsay, exhibits not authenticated | 401, 402, 801, 802, 803, 901 |
| 19 | Not relevant, hearsay | 401, 402, 801, 802, 803 |

| Paragraph(s) | Objection(s) | Evidentiary Rule(s) |
|---|---|---|
| 20 | Not relevant, hearsay | 408, 801, 802, 803 |
| 21, 22, 23 | Not relevant, hearsay, lack of competence, lack of personal knowledge, improper lay opinion, exhibits not authenticated | 401, 402, 801, 802, 803, 601, 602, 701, 901 |
| 24, 25, 26 | Not relevant | 401, 402 |
| 27 | Not relevant, inadmissible settlement discussions | 401, 402, 408 |
| 28 through 32 | Not relevant, lack of personal knowledge, hearsay, exhibits not authenticated | 402, 801, 802, 803, 901 |
| 33 | Not relevant | 402 |
| 34 | Not relevant, lack of personal knowledge, hearsay, exhibits not authenticated | 402, 801, 802, 803, 901 |
| 35, 36 | Not relevant, improper lay opinion | 402, 701 |
| 37, 38, 39 | Not relevant, hearsay, lack of competence, lack of personal knowledge, improper lay opinion, exhibit not authenticated | 401, 402, 801, 802, 803, 601, 602, 701, 901 |
| 42, 43 | Not relevant, improper lay opinion | 402, 701 |
| 44 through 48 | Hearsay, lack of personal knowledge, improper lay opinion | 602, 801, 802, 803, 701 |

| Paragraph(s) | Objection(s) | Evidentiary Rule(s) |
|---|---|---|
| 49 through 56 | Not relevant, hearsay, lack of competence, lack of personal knowledge, improper lay opinion, exhibits not authenticated | 401, 402, 801, 802, 803, 601, 602, 701, 901 |
| 57, 58 | Not relevant, hearsay, lack of competence, lack of personal knowledge, improper lay opinion, exhibits not authenticated<br><br>Allegations are scandalous and defamatory, Court should strike or seal these paragraphs | 401, 402, 801, 802, 803, 601, 602, 701, 901<br><br>Fed.R.Bankr.P. 9018 |

**B. <u>There is No Basis for Sanctions Against Debtor and Fennemore Craig</u>**

Bergeron's request for sanctions against counsel for Xyience is yet another blatant attempt to relitigate his previously denied sanctions and other motions. In doing so, Bergeron identifies three primary reasons why the Court should award sanctions against the Debtor and Fennemore Craig: (1) improper removal of this case to the Bankruptcy Court; (2) not moving this adversary proceeding forward to a conclusion; and (3) their reliance upon the Preliminary Injunction Order.

Bergeron has repeatedly alleged that the state court action was improperly removed to this Court. Consistent with his usual practices; however, Bergeron has failed to properly and timely raise this issue for determination by the Court. In fact, Bergeron has never sought remand of this action back to state court. Nonetheless, it is without question that the state court action was properly removed to this Court pursuant to 28 U.S.C. §§ 1452(a), 1334, 157(a), Bankruptcy Rule 9027, and LR 1001(b).

Additionally, Bergeron is responsible for the procedural posture of this case. Bergeron's continual counterclaims, pleadings and repeated motions to relitigate issues already decided by the state court and this Court require resolution before the case can move forward. As a result,

Bergeron must blame himself for any delay resulting from his own pleadings and motions.

Finally, as fully briefed in the Opposition, the Rule 11 Motion is merely a thinly veiled pretext to relitigate issues finally decided by this Court. Bergeron again contends that "[i]n almost all of the defenses raised by Fennemore Craig, P.C. . . . the perjured Adam Frank declaration . . . is referenced." (See Rule 11 Motion, at Docket No. 136-2, 33:25-27.) In doing so, Bergeron neglects to point out that his Motion for an Immediate Show Cause Hearing to Strike the Perjured Declarations of Adam Frank (Dkt. #3, Exh. 3) and Jamie Cogburn (Dkt. #3, Exh. 8), and Motion to Vacate the Clark County District Court's Modified Preliminary Injunction Order (Dkt. #3, Exh. 28), Docket No. 117, was **denied** by this Court. See Memorandum Decision, filed January 30, 2009, Docket No. 138. Bergeron has therefore failed to provide this Court with either a plausible argument or a shred of admissible evidence to even suggest that Rule 11 sanctions would be proper herein. Consequently, Bergeron's Rule 11 Motion must be denied in its entirety.

**C. There is No Basis For Sanctions Against John Mowbray**

Bergeron seeks sanctions against John Mowbray because Mr. Mowbray failed to take action in response to Bergeron's e-mail sent to Mr. Mowbray "to tell him that the case against him was a joke and subject to a sanctions motion." (See Rule 11 Motion, at Docket No. 136, 21:26 through 22:2.) Mr. Mowbray was right to ignore Bergeron's ridiculous, taunting email.

Bankruptcy Rule 9011 applies only to a "pleading, written motion and other paper," which must be "present[ed] to the court (whether by signing, filing, submitting or later advocating)." See Fed.R.Bankr.P. 9011(a) and (b). The Ninth Circuit in Christian v. Mattel, Inc., 286 F.3d 1118 (9th Cir. 2002) noted that "Rule 11 sanctions are limited to 'paper[s]' signed in violation of the rule," and thus "[c]onduct in depositions, discovery meetings of counsel, oral representations at hearings, and behavior in prior proceedings do not fall within the ambit of Rule 11 . . . ." Id. at 1131. Therefore, Mr. Mowbray's failure to respond to an email from a *pro per* defendant cannot form the basis for a sanction request.

In fact, Mr. Mowbray has had absolutely no involvement with Fennemore Craig's representation of the Debtor herein. Fennemore Craig's fee application on file herein contains the names of all attorneys who have appeared on behalf Xyience herein. *See* Docket No. 198, BK-S-08-10474-MKN. Mr. Mowbray's name is not on this document because Mr. Mowbray is not one of the Fennemore Craig attorneys representing Xyience. Hence, even if the Rule 11 Motion had any merit, which it clearly does not, there is absolutely no basis upon which to award sanctions against Mr. Mowbray.

**D. There is No Basis For Sanctions Against Omer Sattar**

Once again, the alleged basis for seeking sanctions arises from the fact that someone else disagrees with Bergeron's unique spin on the particular facts and circumstances which are relevant to this case and the various adversary proceedings. Bergeron's request for sanctions against Omer Sattar[1], the Debtor's Designated Representative, accuses Mr. Sattar of producing "declarations for this court in the core bankruptcy that were rife with perjury, made no mention of the Bergeron proceeding, and improperly classified the causes and nature of the bankruptcy and the motivations for the filing," and continuing the litigation against Bergeron without having conducted sufficient due diligence. (See Rule 11 Motion, at Docket No. 136, 8:15-21.) Bergeron; however, again fails to provide any admissible evidence in support of these allegations.

Furthermore, the Rule 11 Motion, while absurd, arises only in this adversary proceeding, not the main bankruptcy case. Mr. Sattar has not filed any declaration in this adversary proceeding. Consequently, there is absolutely no basis upon which to even consider these allegations against Mr. Sattar, and the Rule 11 Motion with respect to Mr. Sattar must be denied.

///

///

[1] Although Fennemore Craig does not represent Mr. Sattar personally, the inadmissible allegations made against Mr. Sattar arise from Mr. Sattar's conduct while acting in the course and scope of his duties as the Debtor's Designated Representative, and it is therefore appropriate for Fennemore Craig to respond to them on behalf of Xyience.

**E. The Debtor is Entitled to An Award of Reasonable Attorneys Fees and Expenses in Responding to the Rule 11 Motion**

The Debtor joins in the Opposition's request for an award of attorneys fees and costs in responding to Bergeron's frivolous Rule 11 Motion. In doing so, the Debtor seeks permission to supplement this Joinder with a declaration in support of the dollar amount of attorneys fees and costs incurred in responding to the Rule 11 Motion.

**CONCLUSION**

The Rule 11 Motion is wholly without merit, it should be denied, and an award of attorneys fees and costs should be assessed against Bergeron in favor of Xyience and Fertitta Enterprises.

Respectfully submitted,

FENNEMORE CRAIG, P.C.

By: /s/ Laurel E. Davis
Laurel E. Davis

Attorneys for **Xyience Incorporated**

## CERTIFICATE OF SERVICE

1. On February 11, 2009, I served the following document(s):

**JOINDER BY XYIENCE INCORPORATED IN OPPOSITION TO RICHARD BERGERON'S AMENDED MOTION FOR RULE 11 AND 9011 SANCTIONS FILED BY FERTITTA ENTERPRISES, INC.**

2. I served the above-named document(s) by the following means to the persons as listed below:

[x] a. **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

GREGORY E GARMAN bankruptcynotices@gordonsilver.com, bknotices@gordonsilver.com

MATTHEW C. ZIRZOW bankruptcynotices@gordonsilver.com, bknotices@gordonsilver.com

[x] b. **United States mail, postage fully prepaid:** (list persons and addresses):

[ ] c. **Personal Service** (List persons and addresses):

[ ] For a party represented by an attorney, delivery was made by handling the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

[ ] For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

[x ] d. **By direct email (as opposed to through the ECF system)** (list persons and email addresses):

RICHARD BERGERON rich.bergeron@gmail.com

I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ] e. **By fax transmission** (list persons and fax numbers):

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by

the fax machine that I used. A copy of the record of the fax transmission is attached.

[ ] f. **By messenger**:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service. (A declaration by the messenger must be attached to this Certificate of Service).

**I declare under penalty of perjury that the foregoing is true and correct**.

DATED this 11th day of February, 2009

/s/ Mia Hurtado
An Employee of Fennemore Craig, P.C.