GORDON SILVER
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gordonsilver.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for Fertitta Enterprises, Inc.

E-Filed On 2-20-09

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>XYIENCE, INCORPORATED,<br>a Nevada corporation,<br><br>Debtor. | Case No.: BK-S-08-10474-MKN<br>Chapter 11 |
| XYIENCE INCORPORATED,<br>a Nevada corporation,<br><br>Plaintiff,<br>v.<br><br>RICHARD BERGERON, an individual,<br><br>Defendant. | Adversary No. 08-1082-MKN |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | **OPPOSITION OF COUNTERDEFENDANT, FERTITTA ENTERPRISES, INC., TO DEFENDANT/COUNTERCLAIMANT, RICHARD BERGERON'S EX PARTE MOTION (1) FOR WAIVER OF PLEADING PAGE LIMIT, (2) FOR CONTINUANCE OF SCHEDULING CONFERENCE AND AMENDED RULE 11 AND 9011 HEARINGS, AND (3) FOR PRIORITY SCHEDULING OF MOTION TO RECONSIDER HEARING**<br><br>Date: N/A<br>Time: N/A |

Counterdefendant, Fertitta Enterprises, Inc., a Nevada corporation ("Fertitta Enterprises"), by and through its counsel, the law firm of Gordon Silver, hereby submits its Opposition (the "Opposition") to the Ex Parte Motion (1) for Waiver of Pleading Page Limit, (2) Continuance of Scheduling Conference and Amended Rule 11 and 9011 Hearings, and (3) for Priority Scheduling of Motion to Reconsider Hearing (the "Motion") [Adv. Docket No. 155][1] filed by the Defendant/Counterclaimant, Richard Bergeron ("Bergeron") in the above-referenced matter. This Opposition is made and based on the points and authorities herein, the papers and pleadings on file herein, judicial notice of which is respectfully requested, and the oral arguments at any hearing on this matter.[2]

Fertitta Enterprises respectfully represents as follows:

1. On January 21, 2009, Bergeron filed his Motion for Rule 11 and 9011 Sanctions (the "Sanctions Motion") [Adv. Docket No. 136]. Bergeron's Sanctions Motions sought sanctions against Plaintiff/Counterdefendant, Xyience, Inc. ("Xyience"), as well as Fertitta Enterprises, among other parties.

2. Bergeron's Sanctions Motion did not indicate any hearing date and time, nor did he file any notice of hearing at or around the time he filed his Sanctions Motion. Instead, on February 5, 2009, Bergeron filed and served a Notice of Hearing (the "Notice of Hearing") [Adv. Docket No. 148], which specified a hearing date and time of February 25, 2009 at 9:30 a.m. In other words, Bergeron's Notice of Hearing was filed and served fifteen (15) days after his Motion, and only twenty (20) days before the hearing on his Motion.[3]

---

[1] All references to the docket in this adversary proceeding are hereinafter referred to as "Adv. Docket," and all references to the docket in Xyience's underlying bankruptcy case are hereinafter referred to as "Docket."

[2] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Bankruptcy Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

[3] Bergeron's Certificate of Service [Adv. Docket No. 149] filed with his Notice of Hearing confirms that it was not served until February 5, 2009.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

3. On January 30, 2009, the Court entered a decision and order granting Fertitta Enterprises' motion to dismiss Bergeron's Amended Counterclaim against it with prejudice [Adv. Docket Nos. 141 and 142]. As such, there are currently no claims pending against Fertitta Enterprises in this litigation; rather, the only matter remaining pending as against Fertitta Enterprises is Bergeron's ill-conceived and wholly improper Sanctions Motion.[4] By contrast, Xyience still has claims pending against Bergeron, and Bergeron still has counterclaims pending against Xyience.

4. Also on January 30, 2009, the Court entered a decision and order denying what Bergeron called his Motion for an Immediate Show Cause Hearing to Strike the Perjured Declarations of Adam Frank and Jamie Cogburn; and Motion to Vacate the Clark County District Court's Modified Preliminary Injunction Order (the "Motion to Strike") [Adv. Docket Nos. 138 and 139].

5. On February 10, 2009, Fertitta Enterprises filed its Opposition (the "Sanctions Opposition") [Adv. Docket No. 150] to Bergeron's Sanctions Motion, which argued, among other matters, as follows:

> Local Bankruptcy Rule 9014(b)(2)(C) requires that a movant provide at least twenty-five (25) days' advanced notice of a hearing, unless the Court shortens the time for good cause. In the case at hand, although Bergeron's [Sanctions] Motion was filed outside of this time frame, it gave no indication of any hearing date and time. Moreover, Bergeron's Notice of Hearing for his [Sanctions] Motion was filed and served fifteen (15) days after his Motion, and thus only twenty (20) days before the hearing on his Motion. As such, Bergeron has failed to give proper notice of the hearing for his [Sanctions] Motion. Bergeron's failure to follow the rules creates significant problems for opposing counsel

[4] Moreover, any attempt by Bergeron to recommence any claims raised in this litigation, or that could have been raised in this litigation, are barred b y res judicata/claim preclusion. See Executive Mgmt., Ltd. v. Ticor Title Co., 963 P.2d 465, 473 (Nev. 1998) (holding that res judicata "claim preclusion embraces all grounds of recovery that were asserted in a suit, as well as those that could have been asserted"). In fact, recommencing litigation that has previously been dismissed, and thus which is barred, is itself grounds for sanctions and/or a vexatious litigant order, among other potential relief. Bergeron is strongly cautioned against any attempt at new litigation in this regard as Fertitta Enterprises will fully avail itself of any and all rights and remedies in this regard.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

> because they still must go to the time and expense of preparing and filing an opposition to his [Sanctions] Motion, even though it is unknown whether, if ever, Bergeron's Motion will be set for hearing. Regardless, Fertitta Enterprises would much prefer to have Bergeron's [Sanctions] Motion adjudicated and be done with than have to deal with his nonsense further.

Id. at pp. 8-9 (emphasis added). As such, Fertitta Enterprises has already waived any noticing problems with respect to Bergeron's Sanctions Motion.

6. On February 13, 2009, Bergeron filed his instant Motion. First, Bergeron's Motion requested that the hearing on his Sanctions Motion be rescheduled as a result of the noticing defect Fertitta Enterprises has already waived. Second, Bergeron requested that his Motion to Reconsider (as hereinafter defined), which Motion to Reconsider was not filed until four (4) days after his instant Motion, be heard before his Sanctions Motion. [Adv. Docket No. 155, p. 2, ll. 15-20].

7. On February 17, 2009, Bergeron filed his Motion to Reconsider [Docket No. 156], which sought to reconsider the Court's decision and order denying his Motion to Strike. As this Court is aware, Fertitta Enterprises took no position with respect to Bergeron's original Motion to Strike (other than a reservation of rights), as it was not a party to the litigation when Xyience sought the Preliminary Injunction Order, and has never adopted or advocated the Declarations of Adam Frank and Jamie Cogburn referenced therein. [Adv. Docket No. 122, p. 7]. In fact, the decision on Bergeron's Motion to Reconsider has no impact whatsoever on Fertitta Enterprises, or the decision on Bergeron's Sanctions Motion vis-à-vis Fertitta Enterprises. As such, Bergeron's request to rearrange the order of his own filings, and only after Fertitta Enterprises has filed an opposition to his Sanctions Motion, is both unnecessary and improper.

8. Simply put, there is no good faith reason to further perpetuate this litigation as against Fertitta Enterprises. This Court has rightly denied ever single request for substantive relief Bergeron has ever made in this case against Fertitta Enterprises, and Bergeron's nonsensical, frivolous, vexatious and harassing litigation against Fertitta Enterprises should come to an end without further delay.





Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

9. Fertitta Enterprises also opposes Bergeron's *nunc pro tunc* request for leave of the page limit in Local Bankruptcy Rule 9014(e) for his forty three (43) page Sanctions Motion. Page limits are of heightened concern with a litigant like Bergeron because his Sanctions Motion, like many of his other pleadings in this case, contains little, if any, substance, and instead is rife with irrelevant and unsubstantiated arguments *ad hominem*, which are intended only to grandstand and to promote his own commercial interests. Indeed, Bergeron has flouted applicable page limits in many of his filings throughout this case. See, e.g., Adv Docket Nos. 11 (34 page motion), 39 (22 page reply), 40 (23 page brief), 117 (23 page motion). Bergeron should be required to make his arguments within the normal confines that any other litigant must observe when appearing before this court. As such, and as previously requested in its Sanctions Opposition, Fertitta Enterprises requests that the Court strike Bergeron's Sanctions Motion to the extent it exceeds the applicable twenty (20) page limit in Local Bankruptcy Rule 9014(e).

WHEREFORE, Fertitta Enterprises respectfully requests that the Court DENY Bergeron's Motion, and grant Fertitta Enterprises such other and further relief as is just and proper.

DATED this 20th day of February, 2009.

GORDON SILVER

By: ______________________
GREGORY E. GARMAN, ESQ.
MATTHEW C. ZIRZOW, ESQ.
Attorneys for Fertitta Enterprises, Inc.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555