**Entered on Docket**
**February 24, 2009**

**Hon. Mike K. Nakagawa**
**United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

| | |
|---|---|
| In re:<br><br>XYIENCE INCORPORATED, a Nevada corporation,<br>Debtor. | BK-S-08-10474-MKN<br><br>Chapter 11 |
| XYIENCE INCORPORATED, a Nevada corporation,<br><br>Plaintiff,<br>v.<br><br>RICHARD BERGERON, an individual,<br><br>Defendant. | Adversary No. 08-1082 |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | |

**ORDER ON EX PARTE MOTION OF DEFENDANT/COUNTERCLAIMANT RICHARD BERGERON FOR (1) WAIVER OF PLEADING PAGE LIMIT; (2) CONTINUANCE OF SCHEDULING CONFERENCE AND AMENDED RULE 11 AND 9011 HEARINGS; AND (3) PRIORITY SCHEDULING OF MOTION TO RECONSIDER HEARING**

The Amended Motion for Rule 11 and 9011 Sanctions filed by Defendant and Counterclaimant Rich Bergeron ("Amended Sanctions Motion") was filed on January 21, 2009. On February 5, 2009, Mr. Bergeron filed a notice of hearing setting the matter for February 25, 2009, without obtaining an order shortening time. Opposition was filed by Counterdefendant Fertitta Enterprises, Inc.("Fertitta") on February 10, 2009. A "joinder" in that opposition was filed by Plaintiff Xyience Incorporated ("Xyience") on February 11, 2009.

On February 17, 2009, Mr. Bergeron filed an ex parte motion seeking, amongst other relief, to continue the hearing on his Amended Sanctions Motion. Concurrently with the filing of the ex parte motion, Mr. Bergeron filed a "Motion to Reconsider Court's Decision on Defendant and Counterclaimant's Motion for an Immediate Show Cause Hearing to Strike the Perjured Declarations of Adam Frank (Dkt.#3, Exh. 3) and Jamie Cogburn (Dkt.#3, Exh. 8); and Motion to Vacate the Clark County District Court's Modified Preliminary Injunction (Dkt.#3, Exh. 28)". The latter motion ("Reconsideration Motion") was not noticed for hearing.

The ex parte motion indicates that Mr. Bergeron wants to continue the hearing on the Amended Sanctions Motion to ameliorate any timing concerns raised in the oppositions. Those concerns are mooted somewhat since oppositions have been filed by Fertitta and Xyience and any objections as to the sufficiency of notice may have been waived. The ex parte motion also seeks relief from the page limits imposed by Local Rule 9014(e) with respect to the Amended Sanctions Motion. Additionally, the ex parte motion seeks a "priority hearing" on the Reconsideration Motion. Finally, the ex parte motion seeks to continue a scheduling conference in the adversary proceeding that is calendared for March 4, 2009, at 9:30 a.m.[1] Opposition to the ex parte motion was filed by Fertitta on February 20, 2009.

The court having considered the ex parte motion and the opposition, together with the record in this proceeding, hereby orders as follows:

1. The hearing on the Amended Sanctions Motion is vacated from the calendar for

---

[1] The court notes that Mr. Bergeron filed a prior ex parte motion on February 13, 2009, that requested a continuance of the hearing on the Amended Motion as well as a waiver of the page limit, but which included no request for a priority hearing on the subsequently filed reconsideration motion.

February 25, 2009.

2. The scheduling conference in the adversary proceeding set for March 4, 2009 at 9:30 a.m. is vacated.

3. The following briefing schedule applies to the Amended Sanctions Motion as well as the Reconsideration Motion:

(A) Mr. Bergeron's reply brief, if any, in support of the Amended Sanctions Motion must be served and filed no later than March 13, 2009;

(B) Xyience's opposition and Fertitta's opposition, if any, to the Reconsideration Motion must be served and filed no later than March 13, 2009; and

(C) Mr. Bergeron's reply brief, if any, in support of the Reconsideration Motion must be served and filed no later than March 26, 2009.

4. Upon close of the briefing period, both matters are deemed submitted.

5. In the event the court determines that oral argument will assist in the disposition of the submitted matters or that an evidentiary hearing is required, a scheduling order shall be issued. In the event of an evidentiary hearing is required in these matters, live testimony will be required of any witness offered by any party.

6. Mr. Bergeron's request to waive the page limit under Local Rule 9014(e) with respect to the Amended Sanctions Motion is granted. No further relief from the page limitations under Local Rule 9014(e) is granted.

7. A separate scheduling order with respect to the adversary proceeding will be entered by the court as appropriate.

**IT IS SO ORDERED.**

Copies noticed through ECF to:

LAUREL E. DAVIS ldavis@fclaw.com, mhurtado@fclaw.com;lgolonka@fclaw.com

JON PEARSON jpearson@fclaw.com, mhurtado@fclaw.com

MATTHEW C. ZIRZOW bankruptcynotices@gordonsilver.com, bknotices@gordonsilver.com

MATTHEW E. MCCLINTOCK mmcclintock@bellboyd.com, sthoma@bellboyd.com

GREGORY E GARMAN bankruptcynotices@gordonsilver.com, bknotices@gordonsilver.com

and sent to BNC to:

RICH BERGERON
147 OLD COUNTY ROAD
EAST SANDWICH, MA 02537

# # #