FENNEMORE CRAIG, P.C.
Laurel E. Davis (NV Bar No. 3005)
Jon T. Pearson (NV Bar No. 10182)
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 692-8000
E-mail: ldavis@fclaw.com
E-mail: jpearson@fclaw.com

Attorneys for Plaintiff/Counter-Defendant
Xyience Incorporated

**E-filed March 13, 2009**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>XYIENCE INCORPORATED,<br>a Nevada corporation,<br><br>Debtor. | Chapter 11<br><br>No. BK-S-08-10474-MKN |
| XYIENCE INCORPORATED, a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON, an individual<br><br>Defendant. | **Adv. No. 08-01082**<br><br>Date of Hearing: N/A<br>Time of Hearing: N/A |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | **XYIENCE INCORPORATED'S OPPOSITION TO DEFENDANT AND COUNTER-CLAIMANT'S MOTION TO RECONSIDER THE COURT'S DECISION ON DEFENDANT AND COUNTERCLAIMANT'S MOTION FOR AN IMMEDIATE SHOW CAUSE HEARING TO STRIKE THE PERJURED DECLARATIONS OF ADAM FRANK (DKT. #3, EXH. 3) AND JAMIE COGBURN (DKT. #3, EXH. 8); AND MOTION TO VACATE THE CLARK COUNTY DISTRICT COURT'S MODIFIED PRELIMINARY INJUNCTION ORDER (DKT. #3, EXH. 28)** |

Plaintiff/Counter-Defendant Xyience Incorporated ("Xyience" or the "Debtor") submits this Opposition to Defendant/Counterclaimant Richard Bergeron's ("Mr. Bergeron") Motion to Reconsider Court's Decision on Defendant and Counterclaimant's Motion for an Immediate Show Cause Hearing to Strike the Perjured Declarations of Adam Frank (Dkt. #3, Exh. 3) and Jamie Cogburn (Dkt. #3, Exh. 8); and Motion to Vacate the Clark County District Court's Modified Preliminary Injunction Order (Dkt. #3, Exh. 28) ("Motion for Reconsideration"), Docket No. 156. This Opposition is based upon the following points and authorities, the papers and other records on file herein, and any argument and further evidence that may be presented to the Court in the event that Court schedules a hearing of this matter.[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## PRELIMINARY STATEMENT

Mr. Bergeron has once again filed a motion rehashing previous arguments that he has made in his continued quest to have this Court vacate the modified preliminary injunction order that was entered by the Eighth Judicial District Court, District of Nevada. This time, however, he has styled his motion as a Motion for Reconsideration in which he seeks to have this Court "reconsider" its order denying his previous unsuccessful motion in which he attempted to have this Court strike certain affidavits and to vacate the modified preliminary injunction order. No matter how Mr. Bergeron styles his motions, he continues to fail to provide this Court with any basis (either through existing legal authority or admissible evidence) upon which this Court could grant the relief he is seeking. Consequently, Mr. Bergeron's Motion for Reconsideration must be denied.

. . .

---

[1] In the text and footnotes of this Opposition, all references to "Section" shall be to the provisions of the Bankruptcy Code appearing in Title 11 of the United States Code, unless otherwise indicated. All references to "Rule" shall be to the Federal Rules of Civil Procedure. All references to "Bankruptcy Rules" shall be to the Federal Rules of Bankruptcy Procedure. All references to "FRE" shall be to the Federal Rules of Evidence.

## II.

## STATEMENT OF FACTS

### A. Xyience Commences a Lawsuit Against Mr. Bergeron in a Nevada State Court

1. On July 18, 2007, Xyience filed a Complaint ("Complaint") against Mr. Bergeron in the Eighth Judicial District Court, Clark County, Nevada ("State Court"), as Case No. A544781, seeking damages for defamation, tortuous interference with prospective economic advantage, and intentional interference with contract. (See Complaint at Docket No. 3, Exh. 2.) In addition, Xyience sought injunctive relief against Mr. Bergeron with respect to Mr. Bergeron's posting of defamatory material regarding Xyience on his Myspace.com and UnlimitedFightNews.com websites (the "Lawsuit"). (Id.)

2. On that same day, Xyience filed a Motion for Preliminary Injunction on Order Shortening Time, and attached to its motion Declarations of Jamie S. Cogburn and Adam Frank. [Docket No. 3, Exh. 3.] Xyience's motion was set for a hearing on July 26, 2007.

3. On July 26, 2007, the State Court heard Xyience's motion; however, because Xyience had not yet been able to serve Mr. Bergeron, the Court ordered that Xyience be provided with additional time to effectuate service of process and/or service by publication. (See Exh. 1 to Docket No. 33.)

4. On August 3, 2007, Xyience filed another Motion for Preliminary Injunction on Order Shortening Time ("Preliminary Injunction Motion"), and attached to its Preliminary Injunction Motion Declarations of Jamie S. Cogburn and Adam Frank. [Docket No. 3, Exh. 8.] Xyience's Preliminary Injunction Motion was set for a hearing on August 9, 2007.

5. On August 9, 2007, the State Court heard Xyience's Preliminary Injunction Motion. Mr. Bergeron did not appear at this hearing. After hearing arguments by Xyience's counsel, Mr. Jamie Cogburn, the State Court did express its concern regarding the First Amendment issue. The State Court then stated that it would like to proceed with caution so that any decision it makes would stand. The State Court instructed Mr. Cogburn to submit a proposed

order, along with a Supplemental Brief on the First Amendment issue, and the matter would be continued and set for decision on the State Court's Chamber calendar. (See Exh. 2 to Docket No. 33.)

6. On August 17, 2007, Xyience filed a Supplemental Brief in support of its Motion for Preliminary Injunction ("Supplemental Brief") [Docket No. 3, Exh. 12.]

7. On August 19, 2007, Mr. Bergeron filed an Opposition to Xyience's Motion for Preliminary Injunction ("Opposition to Preliminary Injunction Motion"), wherein Mr. Bergeron contended, among other things, that Xyience misrepresented its own evidence. (See Docket No. 3, Exh. 13, at 10:263 through 15:381.)

8. On August 27, 2007, Xyience filed a Reply in support of its Motion for Preliminary Injunction. [Docket No. 3, Exh. 14.]

9. On September 6, 2007, the State Court issued a preliminary injunction ("Preliminary Injunction Order") enjoining Mr. Bergeron, inter alia, from posting defamatory remarks on the internet concerning Xyience and requiring him to remove certain defamatory articles that he had posted on the internet. (See Preliminary Injunction Order at Docket No. 3, Exh. 18.)

10. On September 26, 2007, Xyience filed a Motion to Modify the Preliminary Injunction Order on Order Shortening Time ("Motion to Modify Order"), Docket No. 3, Exh. 22. Xyience's Motion to Modify Order was set for a hearing on October 11, 2007. Mr. Bergeron failed to submit an Opposition to Xyience's Motion to Modify Order.

11. On or about October 5, 2007, because Mr. Bergeron had failed to answer the Complaint, a Three Day Notice of Intent to Enter Default was sent and a Default was entered against Mr. Bergeron ("Default"). (See Default at Docket No. 3, Exh. 23 and Three Day Notice at Docket No. 3, Exh. 24.) Although a Default had been entered against Mr. Bergeron, Mr. Bergeron continued to improperly file subsequent motions, such as his Motion to Dismiss that he filed on October 9, 2007, rather than first seeking to set aside the Default.

12. On November 6, 2007, the Preliminary Injunction Order ("Modified Preliminary Injunction Order") was modified to include Google and Earthlink Inc. so that each may take appropriate action to remove certain defamatory articles that Mr. Bergeron had posted on the internet. (See Modified Preliminary Injunction Order at Docket No. 3, Exh. 28.)

**B. Xyience Files a Voluntary Petition for Chapter 11 Bankruptcy Relief and Removes the Lawsuit to the Bankruptcy Court.**

13. On January 18, 2008, Xyience filed its voluntary petition for Chapter 11 relief (the "Chapter 11 Case").

14. On February 19, 2008, and despite knowledge that Xyience had sought bankruptcy relief, Mr. Bergeron filed an Answer to Complaint and Counterclaim for Declamatory [sic] Relief against Xyience asserting claims for relief for: (i) defamation; (ii) violation of first amendment rights; (iii) tortuous interference with prospective economic advantage; and (iv) pain and suffering. (See Counterclaims at Docket No. 3, Exh. 50 ("Counterclaim").) In addition to asserting counterclaims against Xyience, Mr. Bergeron also asserted the same counterclaims against the Fertitta Enterprises, Inc. ("Fertitta Enterprises"). (Id.)

15. Xyience's reorganization counsel, Fennemore Craig, P.C., did not make its first appearance in the Lawsuit until February 25, 2008. (See Substitution of Counsel at Docket No. 3, Exh. 58.)

16. On March 3, 2008, Mr. Bergeron filed a Motion to Strike Adam Frank's Affidavit as Perjured Testimony and Strike all Orders based on that Testimony or Defendant's Failure to Appear; and Motion to Shorten Time. [Docket No. 3, Exh. 64.]

17. On March 20, 2008, Xyience removed the Lawsuit to Bankruptcy Court where it now remains pending as the above-captioned adversary proceeding. (See Removal at Docket No. 1.)

18. On April 22, 2008, Fertitta Enterprises filed its Statement on Removal Pursuant to Fed.R.Bankr.P. 9027(e)(3), Docket No. 26, admitting to all the allegations in the Notice of

Removal ("Notice of Removal"), Docket No. 1, including that the claims asserted in this matter are core. Additionally, Fertitta Enterprises stated that to the extent any of the claims in this matter are determined to be non-core, Fertitta Enterprises consents to entry of final orders and judgments by the Bankruptcy Court. [Docket No. 26.]

**C. Procedural History Since Removal of the Lawsuit to the Bankruptcy Court**

19. On March 24, 2008, Fertitta Enterprises filed its Motion to Dismiss Adversary Proceeding ("Motion to Dismiss"), seeking to dismiss Mr. Bergeron's claims against Fertitta Enterprises. [Docket No. 7.]

20. On March 28, 2008, Mr. Bergeron filed an (I) Emergency Motion to Suspend Bankruptcy Proceedings Pending Investigation of Fraudulent Bankruptcy Filing, and (II) Motion for Summary Judgment on Defendant's Rule 11 Motion, Motion to Dismiss and Counterclaims (the "Motion to Suspend"). [Docket No. 11.]

21. On April 9, 2008, Xyience filed its Motion to Dismiss and to Strike Bergeron's Counterclaim ("Motion to Dismiss"). [Docket No. 13.]

22. On April 22, 2008, Mr. Bergeron filed his Brief in Advance of Scheduling Conference. [Docket No. 31.]

23. On May 6, 2008, Mr. Bergeron filed a First Amendment Brief. [Docket No. 40.]

24. On June 5, 2008, Fertitta Enterprises filed an Application for Order to Show Cause re: Unauthorized Recording of Court Proceedings (the "Order to Show Cause Application"), and declaration in support thereof. [Docket Nos. 51 and 52.]

25. On July 11, 2008, Mr. Bergeron filed a (1) Reply to Fertitta Enterprises *Ex Parte* Motion and (2) Motion to Compel Court to Rule on All Outstanding Motions (the "Order to Show Cause Reply"). [Docket No. 54.]

26. On August 18, 2008, the Court entered an Order to Show Cause (the "OSC") based upon Fertitta Enterprises' Order to Show Cause Application.

27. On August 29, 2008, Mr. Bergeron filed a Response to Order to Show Cause and

Motion to Recuse Judge Nakagawa ("Motion to Recuse"). [Docket No. 60.]

28. On September 18, 2008, Mr. Bergeron filed a Motion to Revoke the Bankruptcy Debtor's Reorganization Plan Approval Order, and Motion to Transfer Adversary Proceeding to Proper Venue (the "Motion to Revoke/Transfer Venue"). [Docket No. 66.]

29. On October 14, 2008, this Court entered the following decisions and orders:

a. ***Denying*** Mr. Bergeron's Motion to Suspend, Docket Nos. 72 and 104;

b. ***Denying*** Mr. Bergeron's Motion to Recuse, Docket Nos. 81 and 82;

c. ***Denying*** Mr. Bergeron's Motion to Revoke/Transfer Venue; Docket Nos. 73, 83, 84, 86 and 87;[2]

d. Declining to award any sanctions for Mr. Bergeron's unauthorized recording of court proceedings, Dockets Nos. 79 and 80;

e. ***Granting*** Fertitta's Motion to Dismiss, but providing Mr. Bergeron leave to amend his defamation counterclaim, Docket Nos. 74 and 75;

f. ***Granting*** Xyience's Motion to Dismiss, but providing Mr. Bergeron leave to amend his defamation counterclaim, Docket Nos. 76-78.

30. On November 3, 2008, Mr. Bergeron filed his Amended Answer and Counterclaim ("Amended Counterclaim"), wherein Mr. Bergeron attempts to amend his defamation claim against Xyience and Fertitta Enterprises. [Docket No. 106.]

31. On November 24, 2008, Xyience filed its answer to the Amended Counterclaim, Docket No. 110, and Fertitta Enterprises filed its Motion to Dismiss Amended Counterclaim (the "Second Motion to Dismiss"), which is currently set for hearing on January 7, 2009, at the hour of 9:30 a.m. [Docket No. 111.]

32. On November 25, 2008, Mr. Bergeron filed his Motion for an Immediate Show Cause Hearing to Strike the Perjured Declarations of Adam Frank and Jamie Cogburn; and Motion to Vacate the Clark County District Court's Modified Preliminary Injunction Order (the

[2] Docket Nos. 73 and 84 appear to be duplicative.

"Motion to Strike"), and the declarations in support thereof. [Docket Nos. 117, 118 and 119.] Mr. Bergeron, however, did not file his Notice of Hearing until December 3, 2008, Docket No. 125.

33. On January 21, 2009, Mr. Bergeron filed an Amended Motion for Rule 11 and 9011 Sanctions ("Amended Sanctions Motion") requesting various sanctions against the parties and the attorneys in this adversary case, as well as numerous non-parties of this adversary case. [Docket No. 136.]

**D. This Court Denies Mr. Bergeron's Motion to Strike**

34. On January 30, 2009, this Court entered a decision and order denying Mr. Bergeron's Motion to Strike. [Docket Nos. 138 and 139.]

35. On February 17, 2009, eighteen (18) days after this Court's entry of its order denying Mr. Bergeron's Motion to Strike, Mr. Bergeron filed a Motion for Reconsideration, and declaration in support thereof. [Docket Nos. 156 and 157.] Although styled as a Motion for Reconsideration, the motion is nothing more than Mr. Bergeron's continued attempt to relitigate the issues that have been previously decided. As will be demonstrated below, Mr. Bergeron has once again failed to meet his burden.

36. On February 24, 2009, this Court entered its Order on *Ex Parte* Motion of Defendant/Counterclaimant Richard Bergeron for (1) Waiver of Pleading Page Limit; (2) Continuance of Scheduling Conference and Amended Rule 11 and 9011 Hearings; and (3) Priority Scheduling of Motion to Reconsider Hearing , Docket No. 160, in which this Court, among other things, ordered the following briefing schedule: (1) Mr. Bergeron's reply brief, if any, in support of the Amended Sanctions Motion must be served and filed no later than March 13, 2009; (2) Xyience's and Fertitta's opposition, if any, to the Motion for Reconsideration must be served and filed no later than March 13, 2009; and (3) Mr. Bergeron's reply brief, if any, in support of the Motion for Reconsideration must be served and filed no later than March 26, 2009. Additionally, upon close of the briefing period, Mr. Bergeron's Amended Sanctions Motion and

Motion for Reconsideration will be deemed submitted.

## III.

## ARGUMENT

### A. Mr. Bergeron Failed to Provide this Court With Any Basis to "Reconsider" Its Previous Decision Denying His Motion to Strike.

Mr. Bergeron is attempting to relitigate issues that have been previously decided by both the State Court and this Court, and he has once again failed to provide this Court with any basis to grant the relief he is requesting. Mr. Bergeron has also once again failed to even provide the appropriate legal standard and cite to the appropriate Bankruptcy Rule(s) upon which his Motion for Reconsideration is based. Despite the many shortcomings with the Motion for Reconsideration, Mr. Bergeron cannot be allowed to continue to relitigate previously decided issues merely by styling his most recent motion as a Motion for Reconsideration.

Indeed, neither the Bankruptcy Rules nor the Rules "recognize a motion for reconsideration." In re Walker, 332 B.R. 820, 826 (Bankr. D. Nev. 2005) (quoting Captain Blythers, Inc. v. Thompson (In re Captain Blythers, Inc.), 311 B.R. 530, 539 (B.A.P. 9th Cir. 2004)). Instead, the Rules recognize two types of motions to obtain post-judgment or post-entry of an order relief: (1) a motion to alter or amend a judgment under Rule 59(e); and (2) a motion for relief from judgment or order under Rule 60. In re Walker, 332 B.R. at 826. These Rules are made applicable to bankruptcy cases by Bankruptcy Rules 9023 and 9024. Additionally, in cases in which the Court makes findings of fact or conclusions of law under Bankruptcy Rule 7052, the Bankruptcy Rules also recognize a motion to amend or make additional findings. See Fed.R.Bankr.P. 7052, incorporating Fed.R.Civ.P. 52(b).

As will demonstrated below, Mr. Bergeron is not entitled to any relief. This is true regardless of whether his Motion for Reconsideration is based upon Rules 59(e), 60(b) or Bankruptcy Rule 7052.

. . .

**B. The Motion for Reconsideration Was Not Timely Filed and, therefore, It Must Be Denied as a Motion to Alter or Amend the Judgment Under Bankruptcy Rule 9023.**

If a motion for "reconsideration" is filed within ten (10) calendar days after the entry of judgment, the Court may construe it as a motion for relief from a judgment or an order under Bankruptcy Rule 9023, incorporating Rule 59(e). In re Walker, 332 B.R. at 826 (citing Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001)); see also Fed.R.Bankr.P. 9002 (references, like that of Rule 59(e), to the alteration or amendment of a "judgment" shall be read to include reconsideration of any order appealable to an appellate court).[3] The goal of Rule 59(e), however, is limited to the correction of any manifest errors of law or misapprehension of fact. In re Tarrer, 273 B.R. 724, 736 (Bankr. N.D. Ga. 2001). As one court has opined:

> [This Rule is] not designed to furnish a vehicle by which a disappointed party may reargue matters already argued and disposed of, nor [is it] aimed at providing a mechanism by which new arguments or legal theories, which could and should have been raised prior to the issuance of judgment, can be later advanced.

Id. at 736-37 (quoting In re DEF Inv., Inc., 186 B.R. 671, 680-81 (Bankr. D. Minn.1995)). Attempts to take a "second bite at the apple," to introduce new legal theories, or to pad the record for an appeal, constitute an abuse of a Rule 59(e) motion, which courts will not condone. In re Tarrer, 273 B.R. at 737. As such, courts will grant a motion for "reconsideration" only under extraordinary circumstances, such as a change in the law or the facts upon which it based its decision. Id.

Rule 59(e) motions, however, must be filed within ten (10) days of entry of the "judgment," not notice of entry of judgment. See Fed.R.Civ.P. 59(e); see Fed.R.Bankr.P. 9022. Bankruptcy Rule 9006(b)(2) provides that "[t]he court may not enlarge the time for taking action under [Bankruptcy ] Rules . . . 7052, 9023, and 9024." See Fed.R.Bankr.P. 9006(b)(2). Courts

[3] Rule 54 of the Federal Rules of Civil Procedure also broadly defines "judgment" to include a decree and any order from which an appeal lies. See Fed.R.Civ.P. 54(a); Fed.R.Bankr.P. 7054.

have consistently held that the 10-day filing deadline under Rules 52 and 59 is jurisdictional and, therefore, a bankruptcy court's jurisdiction ceases to exist upon the expiration of the time limit. VFB LLC v. Campbell Soup Co., 336 B.R. 81, 85 (D. Del. 2005); Browder v. Dir., Dept. of Corr. of Ill., 434 U.S. 257, 263 n.7, 98 S. Ct. 556, 54 L. Ed. 2d 521 (1978) ("the District Court lost jurisdiction 10 days after entry of the October 21 judgment to grant relief under Rule 52(b) or 59"); see also Smith v. Evans, 853 F.2d 155, 157 (3d Cir.1988) (noting that the court has a "continuing obligation to examine [its] subject matter jurisdiction" and stating that the "ten day period [for filing a motion under Rule 59] is jurisdictional, and cannot be extended in the discretion of the district court . . . a district court may not extend or waive the ten day limit" (internal quotations and citations omitted)).

Mr. Bergeron did not file his Motion for Reconsideration until eighteen (18) days after entry of this Court's order denying Mr. Bergeron's Motion to Strike. Consequently, this Court does not have jurisdiction to even consider Mr. Bergeron's Motion for Reconsideration as a Rule 59(e) motion and, thus, it must be denied.

**C. The Motion for Reconsideration Was Not Timely Filed and, therefore, It Must Be Denied as a Motion to Alter or Amend the Judgment Under Bankruptcy Rule 7052.**

While it does not appear that Mr. Bergeron is seeking to have this Court amend any findings it may have made with respect to its order denying the Motion to Strike, the Motion for Reconsideration cannot be considered by this Court as a motion to amend any findings under Bankruptcy Rule 7052 because it is untimely. Rule 52(b) requires that any Rule 52(b) motion must be filed within 10-days of entry of the "judgment," not notice of entry of judgment. See Fed.R.Civ.P. 52(b); see Fed.R.Bankr.P. 9022. As previously noted, Bankruptcy Rule 9006(b)(2) does not permit a court to enlarge the time for taking action under Bankruptcy Rule 7052. See Fed.R.Bankr.P. 9006(b)(2). As such, the 10-day filing deadline under Rules 52 is also jurisdictional and, therefore, a bankruptcy court's jurisdiction ceases to exist upon the expiration of the time limit. VFB LLC, 336 B.R. at 85. Again, Mr. Bergeron failed to timely file his

Motion for Reconsideration within the 10-day period and, therefore, this Court does not have jurisdiction to even consider the Motion for Reconsideration as a Rule 52 motion. Consequently, the Motion for Reconsideration must be denied.

**D. Mr. Bergeron Fails to Meet His Burden Under Rule 60(b) and, therefore, the Motion for Reconsideration Must Be Denied.**

A motion for "reconsideration" may also be construed as a motion for relief from a judgment or order under Bankruptcy Rule 9024, which incorporates Rule 60(b). In re Walker, 332 B.R. at 829. Rule 60(b) provides for the following grounds in which a Rule 60(b) motion may be brought: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentations, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been revered or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed.R.Civ.P. 60(b). The moving party has the burden to establish the grounds for the court to set aside or modify its judgment or order. Martinelli v. Valley Bank of Nev. (In re Martinelli), 96 B.R. 1011, 1013 (B.A.P. 9th Cir. 1988); see also B. Russell, BANKRUPTCY EVIDENCE MANUAL § 301.98 (2006 ed.).

Rule 60(b) compliments the discretionary powers that bankruptcy courts have as courts of equity "to reconsider, modify or vacate their previous orders so long as no intervening rights have become vested in reliance on the orders." Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.) 503 F.3d 933, 940 (9th Cir. 2007) (citations omitted). That equitable power is established by Section 105(a), which provides that a bankruptcy court may, "sua sponte, tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." Id.; see 11 U.S.C. § 105(a).

Similar to Rule 59, Rule 60 provides for time limitations with respect to the filing of Rule 60(b) motions. A motion for relief from a judgment or an order based on a mistake (Rule

60(b)(1)), newly discovered evidence (Rule 60(b)(2)), or fraud (Rule 60(b)(3)) must be made no more than one (1) year after the entry of judgment or order; whereas, the other type of Rule 60(b) motions must be brought within a reasonable time. See Fed.R.Civ.P. 60(c)(1). Because Bankruptcy Rule 9006(b)(2) does not permit a court to enlarge the time for taking action under Bankruptcy Rule 9024, the one (1) year deadline for Rule 60(b)(1), (2) and (3) motions is jurisdiction and, therefore, a bankruptcy court's jurisdiction ceases to exist upon the expiration of the time limit. See, e.g., Nevitt v. U.S., 886 F.2d 1187, 1188 (9th Cir. 1989).

Mr. Bergeron's Motion fails to provide this Court with the specific grounds in which he seeks to have the Court "reconsider" its order denying the Motion to Strike. Indeed, the Motion for Reconsideration is nothing more than Mr. Bergeron's continued attempt to relitigate issues that have previously been decided and, thus, presents no new issue that would cause this Court to even consider Rule 60(b). Nonetheless, for purposes of this Opposition, the only arguments raised in the Motion for Reconsideration that could even remotely be plausible for consideration under Rule 60(b) would fall under Rule 60(b)(1), (3), (4) and (6).

Before addressing each of these possible grounds for relief under Rule 60(b) below, it is very important to note that the Motion for Reconsideration's scope is limited to this Court's order denying the Motion to Strike. That is, whether this Court should "reconsider" its decision to deny the Motion to Strike. As such, the State Court's decision to grant the Modified Preliminary Injunction Order cannot be subject to this Motion for Reconsideration. Mr. Bergeron had already made numerous attempts to relitigate those issues, and it is clear that the subject of the Motion for Reconsideration is this Court's order denying the Motion to Strike.

1. Mistake, Inadvertence, Surprise, or Excusable Neglect

Rule 60(b)(1) provides that the court may relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect," on motion made within one (1) year after the judgment or order was entered. See Fed.R.Civ.P. 60(b)(1). As articulated in In re Walker, Rule 60(b)(1) is "best understood from analyzing the fact patterns" applying it. Id. at

829 (citations omitted). "Under these patterns, mistake or surprise may be found in circumstances where there is some reason for confusion or misunderstanding by the parties." Id. Additionally, the Ninth Circuit permits Rule 60(b)(1) relief from judgment because of mistake, inadvertence, surprise, or excusable neglect made by the court itself, only if clear legal error exists. See Liberty Mut. Ins. Co. v. EEOC, 691 F.2d 438, 440-41 n.5 (9th Cir. 1982); contra Silk v. Sandoval, 435 F.2d 1266, 1267-68 (1st Cir. 1971).

In this case, Mr. Bergeron has presented no issue which raises an argument of surprise or excusable arising from this Court's decision denying the Motion to Strike. Rather, it appears that Mr. Bergeron is attempting to argue that this Court made a legal mistake. Specifically, Mr. Bergeron's allegations concerning this Court's alleged legal mistake in its application of the law center around two main areas: (1) exclusion of certain evidence; and (2) the lack of a reference and/or application of the First Amendment issues that Mr. Bergeron continues, ad nauseam, to raise.

In its Opposition to the Motion to Strike, Xyience made objections to the admissibility of the evidence offered by Mr. Bergeron in support of the Motion to Strike. (See Xyience's Opposition, Docket No. 127, at 13:2 through 15:9.) The Court noted that Mr. Bergeron made no written response to the evidentiary objections, nor was there any response to the objections presented at the hearing. (See Order, Docket No. 138, at 5:23-25.) Mr. Bergeron, however, now contends that he did indeed file a written response to the objections by stating "Bergeron vehemently opposes such request and challenges the ground for requesting and granting such exclusions" in his Reply brief filed in support of the Motion to Strike. (See Motion for Reconsideration at 3:24-25.) Even a casual reading of Mr. Bergeron's Reply brief filed in support of the Motion to Strike shows that Mr. Bergeron failed to specifically address any of the objections raised by Xyience. After Xyience raised the objections, Mr. Bergeron clearly had the burden to show that the disputed evidence was admissible, which he did not. As a result, Mr. Bergeron cannot now relitigate these issues, nor can he show that this Court made a clear legal

error in sustaining Xyience's objections to the exclusion of certain evidence.

Mr. Bergeron has also failed to show that this Court made a clear legal error in not specifically addressing the First Amendment issues that Mr. Bergeron continues to raise. Indeed, Mr. Bergeron continues to reiterate the same arguments that he has previously raised, unwilling to accept the rulings of this Court and the State Court against him. Indeed, this Court's order denying the Motion to Strike was thorough, complete and well-reasoned. In ruling against Mr. Bergeron, the Court held that:

> Comparison of this record against the admissible portions of the Bergeron Affidavit reflects that Mr. Bergeron has offered this court nothing that was not previously presented to the State Court. Additionally, the admissible portions of the Bergeron Affidavit present no new evidence that is material to the modified preliminary injunction that was issued. Under these circumstances, Mr. Bergeron has failed to meet his burden of proof and the Motion to Vacate must be denied.

(See Order, Docket No. 138, at 9:14-19.)

It is undeniable that Mr. Bergeron, as the moving party, has the burden of proof. This Court felt that Mr. Bergeron failed to meet his burden of proof and, therefore, denied the Motion to Strike. As such, there was no need for this Court to even address the previously decided issues. Mr. Bergeron has had more than ample opportunity to seek relief from the Modified Preliminary Injunction Order, but he chose not to seek such relief. Mr. Bergeron cannot now be permitted to continue to rehash these same arguments.

Moreover, with respect to Mr. Bergeron's unauthorized recording of the telephone conversation that allegedly took place on November 6, 2007 between Mr. Bergeron, Adam Frank and Kirk Sanford, Mr. Bergeron contends that this Court failed to take into consideration the Federal Wiretapping Law standard and the Exception to FRE 408. In its opposition, Xyience merely pointed out that "Mr. Bergeron conveniently neglects to note that Massachusetts (Mr. Bergeron's state of residence) requires that **all parties** consent to the recording of a telephone conversation. See Commonwealth v. Gonzalez, 426 Mass. 313, 315, 688 N.E.2d 455 (1997); Commonwealth v. Blood, 400 Mass. 61, 66, 507 N.E.2d 1029 (1987) ("secret transmission or

recording of oral communications **without the consent of all parties** is generally proscribed by § 99") (emphasis added)." (See Opposition, Docket No. 127, at 12:14-19.) Notwithstanding Mr. Bergeron's omission, it is immaterial whether Federal law preempts State law, or whether Utah and/or Massachusetts law may apply, because Mr. Bergeron's unauthorized recording is inadmissible because the conversation contains inadmissible settlement discussions. See Fed.R.Evid. 408. Mr. Bergeron has failed to meet his burden of proof of showing that this Court committed clear legal error in sustaining Xyience's objection. Consequently, the Motion for Reconsideration must be denied under Rule 60(b)(1).

2. Mr. Bergeron Has Filed to Present Any Admissible Evidence that this Court's Order Denying the Motion to Strike Was Obtained Through Fraud, Misrepresentation or other Misconduct.

Rule 60(b)(3) permits a losing party to move for relief from a final judgment or order on the basis of "fraud[,] . . . misrepresentation, or other misconduct of an adverse party." See Fed.R.Civ.P. 60(b)(3). "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of presented the losing party from fully and fairly presenting the defense."[4] Casey v. Albertson's Inc, 362 F.3d 1254, 1260 (9th Cir. 2004) (quoting De Saracho v. Custom Food Machinery, Inc., 206 F.3d 874, 880 (9th Cir. 2000)). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." De Saracho, 206 F.3d at 880. Additionally, "Rule 60(b)(3) require[s] that fraud . . . not be discoverable by due diligence before or during the proceedings." Casey, 362 F.3d at 1260 (quoting Pac & Arctic Ry. And Navigation Co. v. United Transp. Union, 952 F.2d 1144, 1148 (9th Cir. 1991)).

---

[4] Clear and convincing evidence is a higher standard requiring a high probability of success. U.S. v. Arnold and Baker Farms (In re Arnold and Baker Farms, 177 B.R. 648, 654 (B.A.P. 9th Cir. 1994) (citing Colo. v. N.M., 467 U.S. 310, 316, 104 S. Ct. 2433, 2437-38, 81 L. Ed. 2d 247 (1984)); see also Cal. ex rel. Cooper v. Mitchell Bros.' Santa Ana Theater, 454 U.S. 90, 93 n.6, 102 S. Ct. 172, 70 L. Ed. 2d 262 (1981) (providing that the clear and convincing standard requires that the party with the burden of proof to "prove [its] case to a higher probability than is required by the preponderance-of-the-evidence standard.").

In this case, Mr. Bergeron does not meet the clear and convincing standard of Rule 60(b)(3). Mr. Bergeron fails to present any substantive evidence that Xyience misstated or misrepresented facts or perpetuated a fraud upon this Court through its Opposition to the Motion to Strike. That is, there is no evidence that this Court's order denying the Motion to Strike was obtained through fraud. Although Mr. Bergeron will clearly respond, as he has repeatedly done in the past, by alleging that this entire bankruptcy was a fraudulent scheme and that the Modified Preliminary Injunction order was obtained through fraud, Mr. Bergeron's Motion for Reconsideration must be limited to the papers and representations made to this Court with respect to the Motion to Strike. As such, because Mr. Bergeron has failed to meet his burden of proof, the Motion for Reconsideration must be denied under Rule 60(b)(3).

3. <u>This Court's Order Denying the Motion to Strike Is Not Void</u>.

Rule 60(b)(4) permits court to "relieve a party or his legal representative from a final judgment, order, or proceeding [if] . . . the judgment is void." <u>See</u> Fed.R.Civ.P. 60(b)(4). However, "[i]n the sound interest of finality, the concept of void judgment must be narrowly restricted . . . [which] it is." <u>Broyhill Furniture Indus., Inc. v. Craftmaster Furniture Corp.</u>, 12 F.3d 1080, 1084 (Fed. Cir. 1993). "A judgment is not void merely because it is or may be erroneous, or because the precedent upon which it was based is later altered or even overruled." <u>Id</u>. (quoting <u>U.S. v. Boch Oldsmobile, Inc.</u>, 909 F.2d 657, 661 (1st Cir. 1990)). Rather, a judgment or order is void for purposes of Rule 60(b)(4) "only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." <u>U.S. v. Berke</u>, 170 F.3d 882, 883 (9th Cir. 1999). Due process merely requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." <u>Mullane v. Cent. Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950). The adequacy of the notice depends upon the factual context in which it is given. <u>See</u> <u>Enter., Inc. v. Ctr. Wholesale Inc. (In re Ctr. Wholesale,</u>

Inc.), 759 F.2d 1440, 1448 (9th Cir. 1985). Actual notice is not required. See Jones v. Flowers, 547 U.S. 220, 226, 126 S. Ct. 1708, 164 L. Ed. 2d 415 (2006).

In the Motion for Reconsideration, Mr. Bergeron does not make any allegations that this Court's order denying the Motion to Strike is void, nor could he have made such allegations. It is undeniable that this Court has subject matter jurisdiction of this adversary proceeding, as well as personal jurisdiction over the parties in this adversary proceeding and, therefore, this Court was permitted to enter an order denying the Motion to Strike. Additionally, Mr. Bergeron has not, nor could he have, alleged that this Court violated his due process rights with respect to the entry of this Court's order denying the Motion to Strike. Indeed, Mr. Bergeron was the party that filed the Motion to Strike, and he was afforded more than a sufficient opportunity to respond to the objections raised to his motion before the Court ruled. Consequently, the Motion for Reconsideration must be denied under Rule 60(b)(4).

4. There Are No Other Possible Grounds, As Provided For In Rule 60(b)(6), In Which the Motion for Reconsideration Can Be Based Upon.

The final examination of the Motion for Reconsideration is under the standards embodied in Rule 60(b)(6). Relief under that rule, however, is reserved for "extraordinary circumstances." Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981). Although the Ninth Circuit has noted that Rule 60(b)(6) should be "liberally applied," Hammer v. Drago (In re Hammer), 940 F.2d 524, 525, "to accomplish justice," Yanow v. Weyerhaeuser S.S. Co., 274 F.2d 274, 284 (9th Cir. 1958), "[j]udgments are not often set aside under Rule 60(b)(6)." Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1103 (9th Cir. 2006). Rather, Rule 60(b)(6) should be "'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" U.S. v. Wash., 394 F.3d 1152, 1157 (9th Cir. 2005) (quoting U.S. v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993)). As such, a party who moves for such relief "must demonstrate both injury and circumstances beyond his control that prevented him from

proceeding with . . . the action in a proper fashion." Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002).

Mr. Bergeron has failed to provide this Court with any basis upon which it could find extraordinary circumstances to justify reconsidering its order denying the Motion to Strike. Rather, Mr. Bergeron has merely rehashed previous arguments concerning the validity of the modified preliminary injunction order. As such, the Motion for Reconsideration must be denied under Rule 60(b)(6).

**E. Objections to the Affidavit Filed in Support of the Motion for Reconsideration.**

Mr. Bergeron filed his Affidavit in support of his Motion for Reconsideration. [Docket No. 157.] Xyience objects to the following paragraphs of Mr. Bergeron's Affidavit:

| Paragraph(s) | Objection(s) | Evidentiary Rule(s) |
|---|---|---|
| 9 | Inadmissible settlement discussions; and not authenticated with respect to the unauthorized recording | 408 and 901 |
| 14 | Inadmissible settlement discussions; and hearsay with respect to statements allegedly made by Frank and Sanford | 408, 801, 802 and 803 |
| 16-17 | Lack of personal knowledge | 602 |
| 18 | Hearsay with respect to statements allegedly made by Frank and Sanford | 801, 802 and 803 |
| 20-21 | Hearsay with respect to statements allegedly made by Frank and Sanford | 801, 802 and 803 |
| 22 | Hearsay with respect to statements allegedly made by Lavan and Sanford | 801, 802 and 803 |
| 25-26 | Lack of personal knowledge; and hearsay | 602, 801, 802 and 803 |
| 28-30 | Lack of personal knowledge | 602 |
| 32 | Lack of personal knowledge | 602 |
| 34-35 | Lack of personal knowledge | 602 |
| 36-38 | Lack of personal knowledge; and hearsay | 602, 801, 802 and 803 |
| 40-41 | Hearsay; and failure to properly authenticate the alleged material included on the website links | 801, 802, 803 and 901 |
| 54 | Legal conclusion with respect to his First Amendment rights being violated | 701 and 702 |
| 57 | Hearsay | 801, 802 and 803 |
| 58 | Lack of personal knowledge | 602 |

| | | |
|---|---|---|
| 6-43; 46; 49-59 | Relevance | 401, 402 |

## IV.

## CONCLUSION

For the reasons set forth above, Xyience respectfully requests that this Court deny Mr. Bergeron's Motion for Reconsideration.

DATED this 13th day of March, 2009.

FENNEMORE CRAIG, P.C.

By: /s/ Laurel E. Davis________
Laurel E. Davis, Esq.
Jon T. Pearson, Esq.

Counsel for Plaintiff/Counter-Defendant
Xyience Incorporated

## CERTIFICATE OF SERVICE

1. On March 13, 2009, I served the following document(s):

**XYIENCE INCORPORATED'S OPPOSITION TO DEFENDANT AND COUNTER-CLAIMANT'S MOTION TO RECONSIDER COURT'S DECISION ON DEFENDANT AND COUNTERCLAIMANT'S MOTION FOR AN IMMEDIATE SHOW CAUSE HEARING TO STRIKE THE PERJURED DECLARATIONS OF ADAM FRANK (DKT. #3, EXH. 3) AND JAMIE COGBURN (DKT. #3, EXH. 8); AND MOTION TO VACATE THE CLARK COUNTY DISTRICT COURT'S MODIFIED PRELIMINARY INJUNCTION ORDER (DKT. #3, EXH. 28)**

2. I served the above-named document(s) by the following means to the persons as listed below:

[x] a. **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

MATTHEW C. ZIRZOW: bankruptcynotices@gordonsilver.com, bknotices@gordonsilver.com

[x] b. **United States mail, postage fully prepaid** (list persons and addresses):

Mr. Richard Bergeron
147 Old Country Road
East Sandwich, MA 02537

Mr. Richard Bergeron
43 Longhill Drive
East Sandwich, MA 02537

[ ] c. **Personal Service** (List persons and addresses):

[ ] For a party represented by an attorney, delivery was made by handling the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

[ ] For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

[x] d. **By direct email (as opposed to through the ECF system)** (list persons and email addresses):

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

COPIES WERE E-MAILED TO THE FOLLOWING INDIVIDUALS:

RICHARD BERGERON: rich.bergeron@gmail.com

[ ] e. **By fax transmission** (list persons and fax numbers):

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

[ ] f. **By messenger**:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service. (A declaration by the messenger must be attached to this Certificate of Service).

**I declare under penalty of perjury that the foregoing is true and correct**.

DATED this 13th day of March, 2009.

/s/ Mia Hurtado
An Employee of Fennemore Craig, P.C.