GORDON SILVER
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gordonsilver.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for Fertitta Enterprises, Inc.

E-Filed On May 27, 2009

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>XYIENCE, INCORPORATED,<br>a Nevada corporation,<br><br>Debtor. | Case No.: BK-S-08-10474-MKN<br>Chapter 11 |
| XYIENCE INCORPORATED,<br>a Nevada corporation,<br><br>Plaintiff,<br>v.<br><br>RICHARD BERGERON, an individual,<br><br>Defendant. | Adversary No. 08-1082-MKN |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION OF COUNTERDEFENDANT, FERTITTA ENTERPRISES, INC., TO STRIKE AFFIDAVITS FILED BY DEFENDANT/COUNTERCLAIMANT, RICHARD BERGERON, AND FOR CIVIL CONTEMPT AND FILING BAR**<br><br>Date: July 1, 2009<br>Time: 9:30 a.m. |

Counterdefendant, Fertitta Enterprises, Inc., a Nevada corporation ("Fertitta Enterprises"), by and through its counsel, the law firm of Gordon Silver, hereby submits its Request for Judicial Notice in support of its Motion (the "Motion") requesting that the Court strike the five (5) additional Affidavits [Adv. Docket Nos. 169-173] filed by Defendant/Counterclaimant, Richard Bergeron ("Mr. Bergeron") in this matter, and also hold Mr. Bergeron in civil contempt of court and impose a filing bar on him as a vexatious litigant.

Fertitta Enterprises respectfully requests that the Court take judicial notice pursuant to F.R.E. 201 of the papers and pleadings attached hereto as they are all printouts of documents that have been filed in the case of Eppley v. Iacovelli, Case No. 1:09-cv-00386-SEB-JMS (S.D. Ind. 2009) (the "Epply Action"), which documents are all public records and readily available on PACER at https://ecf.insd.uscourts.gov. It is well established that it may be appropriate for a court to take judicial notice of court records in other cases. See Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998); United States v. Wilson, 631 F.2d 118, 119-20 (9th Cir. 1980).

Courts can only take judicial notice to establish the fact of the litigation and the actions of another court, and not for the truth of the matters asserted in that litigation. See M/V Am. Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1491 (9th Cir. 1983); see also Wyatt v. Terhune, 315 F.3d 1108, 1114 and n.5 (9th Cir. 2003) (holding that a court cannot take judicial notice of findings of fact from another case for the truth of the matters asserted therein); In re Bestway Products, Inc., 151 B.R. 530, 540-41 (Bankr. E.D. Cal. 1993).

DATED this 27th day of May, 2009.

GORDON SILVER

By: ______________________
GREGORY E. GARMAN, ESQ.
MATTHEW C. ZIRZOW, ESQ.
Attorneys for Fertitta Enterprises, Inc.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

**EXHIBIT "1"**

APPEAL, PROSE

# U.S. District Court
# Southern District of Indiana (Indianapolis)
# CIVIL DOCKET FOR CASE #: 1:09-cv-00386-SEB-JMS

EPPLEY, MD, DMD v. IACOVELLI
Assigned to: Judge Sarah Evans Barker
Referred to: Judge Jane Magnus-Stinson
Case in other court: 7th Circuit, 09-02239
Cause: 28:1332 Diversity-Libel,Assault,Slander

Date Filed: 03/30/2009
Jury Demand: None
Nature of Suit: 320 Assault Libel & Slander
Jurisdiction: Diversity

**Plaintiff**

**DR. BARRY EPPLEY, MD, DMD** represented by

**Gary P. Price**
LEWIS & KAPPES
One American Square
Suite 2500
Indianapolis , IN 46282
(317)639-1210
Fax: (317)639-4882
Email: gprice@lewis-kappes.com
*ATTORNEY TO BE NOTICED*

**Joseph Peter Rompala**
LEWIS & KAPPES
One American Square
Suite 2500
Indianapolis , IN 46282
(317) 285-8035
Email: jrompala@lewis-kappes.com
*ATTORNEY TO BE NOTICED*

**Todd Arthur Richardson**
LEWIS & KAPPES
One American Square
Suite 2500
Indianapolis , IN 46282
(317)639-1210
Fax: (317)639-4882
Email: trichardson@lewis-kappes.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**LUCILLE IACOVELLI** represented by **LUCILLE IACOVELLI**
3 Deer Hollow Road
Forestdale, MA 02644
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 03/30/2009 | 1 | COMPLAINT against LUCILLE IACOVELLI, filed by DR. BARRY EPPLEY, MD, DMD. (Attachments: # 1 Exhibit 1- Frightening Facts Article, # 2 Exhibit 2- Confirmation Bias & Attribution Error Page, # 3 Exhibit 3- Extreme Measures Necessary to Survive, # 4 Exhibit 4- Barry Eppley: Cosmetic Surgery's Unscrupulous Smooth Operator Article, # 5 Exhibit 5- YouTube Videos, # 6 Exhibit 6- Lucille's Videos on Vimeo, # 7 Exhibit 7- Facelift Journey From Health to Hell Video, # 8 Exhibit 8- Description of Before the Facelift Journey From Health to Hell Video, # 9 Exhibit 9- Dr. Barry Eppley Omitted Essential Part of My Operation, # 10 Exhibit 10- Pages from Cosmetic Surgery Dark Side Webiste, # 11 Exhibit 11- Post to www.Cosmeticsurgeryuglyside.com by Lucille, # 12 Exhibit 12- Luciacovelli's Weblog, # 13 Exhibit 13- Fax from Lucielle Iacovelli on April 25, 2007, # 14 Exhibit 14- Email from Lucille Iacovelli dated 2/3/2008, # 15 Exhibit 15- Email from veritas@switched.com dated 9/23/2008, # 16 Exhibit 16- Email from Lucille Iacovelli dated 2/12/2009, # 17 Exhibit 17- Email from Lucille Iacovelli dated 2/14/2009, # 18 Exhibit 18- Email to Andrea from Lucille, # 19 Exhibit 19- Email from Lucille Iacovelli dated 3/18/2009, # 20 Exhibit 20- Email from Lucille Iacovelli dated 3/19/2009, # 21 Exhibit Email from Lucille Iacovelli dated 3/20/2009, # 22 Exhibit Email from Lucille Iacovelli dated 3/21/2009, # 23 Exhibit 23- Posts to www.ComesticSurgeryUglySide.com by Lucille, # 24 Exhibit 24- Posts to www.plasticdisaster.wordpress.com by Lucielle, # 25 Exhibit 25- Post to CosmeticSurgeryUglySide.com by Lucille, # 26 Exhibit 26- Post to www.lucilleiacovelli.blogspot.com, # 27 Exhibit 27- Post to www.lucilleiacovelli.blogspot.com, # 28 Exhibit 28- Post to www.luciavovelli.livejournal.com dated 2/14/2009, # 29 Exhibit 29- Dr. Eppley plays 'Blame the Vcitim' Article)(JD) (Entered: 03/30/2009) |
| 03/30/2009 | 2 | CIVIL COVER SHEET, filed by Plaintiff DR. BARRY EPPLEY, MD, DMD. (JD) (Entered: 03/30/2009) |
| 03/30/2009 | 3 | RECEIPT #IP011855 in the amount of $ 350.00 (JD) (Entered: 03/30/2009) |
| 03/30/2009 | 4 | Summons Issued as to LUCILLE IACOVELLI. (JD) (Entered: 03/30/2009) |
| 03/30/2009 | 5 | NOTICE of Appearance by Joseph Peter Rompala on behalf of Plaintiff DR. BARRY EPPLEY, MD, DMD. (JD) (Entered: 03/30/2009) |
| 03/30/2009 | 6 | NOTICE of Appearance by Gary P. Price on behalf of Plaintiff DR. BARRY EPPLEY, MD, DMD. (JD) (Entered: 03/30/2009) |
| 03/30/2009 | 7 | NOTICE of Appearance by Todd Arthur Richardson on behalf of Plaintiff DR. BARRY EPPLEY, MD, DMD. (JD) (Entered: 03/30/2009) |
| 03/30/2009 | 8 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (JD) (Entered: 03/30/2009) |

| | | |
|---|---|---|
| 03/30/2009 | 9 | MOTION for Temporary Restraining Order, filed by Plaintiff DR. BARRY EPPLEY, MD, DMD. (Attachments: # 1 Text of Proposed Order)(JD) (Entered: 03/30/2009) |
| 03/30/2009 | 10 | BRIEF in Support re 9 MOTION for Temporary Restraining Order, filed by Plaintiff DR. BARRY EPPLEY, MD, DMD. (JD) (Entered: 03/30/2009) |
| 03/30/2009 | 11 | ORDER granting 9 Plaintiff's Motion for Temporary Restraining Order. Show Cause Hearing set for 4/7/2009 at 02:30 PM in room #216 before Judge Sarah Evans Barker at which Defendant shall appear and show cause why a preliminary injunction should not be issued to preliminarily enjoin her, and those acting in active concert with her during the pendency of this action. Signed by Judge Sarah Evans Barker on 3/30/2009. (PGS) (Entered: 03/30/2009) |
| 03/30/2009 | 13 | Minute Entry for proceedings held before Judge Sarah Evans Barker: In Chambers Conference held on 3/30/2009. The Court convened in chambers to consider the request of Plaintiffs counsel that a Temporary Restraining Order issue in accordance with their written submissions and, being duly advised, the Court granted their request and entered a Temporary Restraining Order without notice, pursuant to Fed R. Civ. P. 65(b)(1). (MAC) (Entered: 04/01/2009) |
| 03/31/2009 | 12 | MOTION for Preliminary Injunction, filed by Plaintiff DR. BARRY EPPLEY, MD, DMD. (Rompala, Joseph) (Entered: 03/31/2009) |
| 04/03/2009 | 14 | NOTICE of Filing *of Affidavit of Counsel Regarding Notice and Service* by DR. BARRY EPPLEY, MD, DMD (Attachments: # 1 Exhibit A - Fax from Todd Richardson to Steve Jochim, # 2 Exhibit B - Email from Todd Richardson to Steven Jochim, # 3 Exhibit C - Email from Todd Richardson to Lucille Iacovelli, # 4 Exhibit D - Email from Lucille Iacovelli to Todd Richardson, # 5 Exhibit E - Email from Todd Richardson to Lucille Iacovelli, # 6 Exhibit F - Email from Todd Richardson to Rich Bergeron, # 7 Exhibit G - Letter from Joseph Rompala to Rich Bergeron, # 8 Exhibit H - Email from Rich Bergeron to Todd Richardson, # 9 Exhibit I - Email from Todd Richardson to Dylan McFan, # 10 Exhibit J - Letter from Todd Richardson to Erika Hahn, # 11 Exhibit K - Summons to Lucille Iacovelli, # 12 Exhibit L - Copy of Webpage "Losing Face", # 13 Exhibit M - Copy of Webpage from Blogspot.com, # 14 Exhibit N - Copy of Webpages from Fundable.com) (Rompala, Joseph) (Entered: 04/03/2009) |
| 04/06/2009 | 15 | Letter from Lucille Iacovelli received by fax concerning telephonic appearance at the hearing set for 4/7/09. (MAC) (Entered: 04/06/2009) |
| 04/06/2009 | 16 | AFFIDAVIT *Second of Counsel* by DR. BARRY EPPLEY, MD, DMD. (Attachments: # 1 Exhibit Exhibit A - Email from Rich Bergeron to Todd Richardson, # 2 Exhibit Exhibit B - E-mail from Rich Bergeron to Todd Richardson, # 3 Exhibit Exhibit C - Copy of Webpage from www.eppleyplasticsurgerysucks.com, # 4 Exhibit Exhibit D - Copy of Webpage - lucilleiacovelli.blogspot.com, # 5 Exhibit Exhibit E - E-mail from B. Eppley to Todd Richardson, # 6 Exhibit Exhibit F - E-mail from info@owndoc.com to Lucille, # 7 Exhibit Exhibit G - E-mail from info@owndoc.com to P. Kappes) (Rompala, Joseph) (Entered: 04/06/2009) |

| | | |
|---|---|---|
| 04/06/2009 | 17 | MOTION *to Prohibit Non-Lawyer From Engaging in Unauthorized Practice of Law*, filed by Plaintiff DR. BARRY EPPLEY, MD, DMD. (Rompala, Joseph) (Entered: 04/06/2009) |
| 04/06/2009 | 18 | MOTION *For Order to Show Cause Why Defendant And Those in Active Concert and Participation With Her Should Not Be Held In Contempt*, filed by Plaintiff DR. BARRY EPPLEY, MD, DMD. (Rompala, Joseph) (Entered: 04/06/2009) |
| 04/06/2009 | 19 | ORDER Granting in part and Denying in part requests made by Defendant in pro se letter to Court. Signed by Judge Sarah Evans Barker on 4/6/2009.(PGS) (Entered: 04/06/2009) |
| 04/08/2009 | 20 | ENTRY Directing Clerk to file the E-mail communication from Frank A. de Groot sent to the Court's Courtroom deputy and cause it to be placed on the Court's docket with an appropriate docket entry cm. Signed by Judge Sarah Evans Barker on 4/8/2009.(MAC) (Entered: 04/08/2009) |
| 04/08/2009 | 21 | Submission of E-mail communication from Frank A. de Groot sent to the Court's Courtroom deputy received 4/7/09.(MAC) (Entered: 04/08/2009) |
| 04/08/2009 | 22 | ORDER Continuing previously issued Temporary Restraining Order to 4/17/09. Minute Order for proceedings held before Judge Sarah Evans Barker: Evidentiary Hearing held on 4/8/2009; granting 17 Motion to prohibit non-lawyer from engaging in the unauthorized practice of law; taking under advisement 18 Motion for Order to Show Cause why defendant and those acting in concert with her should not be held in contempt of Court. Evidentiary Hearing on plaintiff's Motion for Preliminary Injunction set for 4/17/2009 02:00 PM in room #216 before Judge Sarah Evans Barker (See Order) (Court Reporter Laura Howie-Walters.)(MAC) (Entered: 04/08/2009) |
| 04/09/2009 | 23 | ORDER Regarding Documents received via email from Richard Bergeron; The Clerks Office is instructed to accept said documents for filing with the Court and cause each of the above-listed documents to be entered on the docket of this cause. The Court will address the effect of these filings in a subsequent entry though, for the present, nothing in those filings effectively makes Mr. Bergeron a party in the case, despite any appearances or interpretations to the contrary (S.E.). Signed by Judge Sarah Evans Barker on 4/9/2009.(MAC) (Entered: 04/10/2009) |
| 04/09/2009 | 24 | ANSWER to 1 Complaint, filed by LUCILLE IACOVELLI. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(MAC) (Entered: 04/10/2009) |
| 04/09/2009 | 25 | Submission of Amended Writ, filed by Defendant LUCILLE IACOVELLI. (MAC) (Entered: 04/10/2009) |
| 04/09/2009 | 26 | AFFIDAVIT of Lucille Iacovelli re 24 Answer to Complaint by LUCILLE IACOVELLI. (MAC) (Entered: 04/10/2009) |
| 04/09/2009 | 27 | AFFIDAVIT of Rich Bergeron re 24 Answer to Complaint by LUCILLE IACOVELLI. (MAC) (Entered: 04/10/2009) |
| 04/09/2009 | 28 | ENTRY - On April 9, 2009, the Courtroom Deputy received two communications by E-mail one from Rich Bergeron and one from Frank A. de Groot. The Clerk is |

| | | |
|---|---|---|
| | | directed to note each of the E-mail communications on the Courts docket, with the corresponding docket references for each entry. (S.E.) cm. Signed by Judge Sarah Evans Barker on 4/9/2009.(MAC) (Entered: 04/10/2009) |
| 04/09/2009 | 29 | Submission of E-mail Communicaton from Rich Bergeron sent to the Court's Courtroom Deputy received on 4/9/0.(MAC) (Entered: 04/10/2009) |
| 04/09/2009 | 30 | Submission of E-mail communication received from Frank de Groot sent to the Court's Courtroom Deputy received on 4/9/09. (MAC) (Entered: 04/10/2009) |
| 04/10/2009 | 31 | NOTICE of Filing *of Third Affidavit of Counsel* by DR. BARRY EPPLEY, MD, DMD (Attachments: # 1 Exhibit A - Email from Todd Richardson to Lucille Iacovelli, # 2 Exhibit B - Email from Rich Bergeron to Joe Rompala, Todd Richardson, Gary Price and Barry Eppley, # 3 Exhibit C - Webpages from http://eppleyplasticsurgerysucks.com, # 4 Exhibit D - Email from Frank de Groot to all Directors at Lewis & Kappes, # 5 Exhibit E - Webpages from http://www.barryeppleyplasticsurgeon.com/sarah-evans-barker.html, # 6 Exhibit F - Email from Frank de Groot to Todd Richardson, # 7 Exhibit G - Email from Dr. Barry Eppley to Todd Richardson) (Rompala, Joseph) (Entered: 04/10/2009) |
| 04/10/2009 | 32 | Submission *of Supplement to Pending Motion for Show Cause Hearing on Why Defendant and her Agents Should Not Receive Contempt Sanctions*, filed by Plaintiff DR. BARRY EPPLEY, MD, DMD. (Rompala, Joseph) (Entered: 04/10/2009) |
| 04/13/2009 | 33 | AMENDED ORDER re 22 Order on Motion Continuing previously issued Temporary Restraining Order (S.O.) cm. Signed by Judge Sarah Evans Barker on 4/13/2009.(MAC) (Entered: 04/13/2009) |
| 04/13/2009 | 34 | ENTRY ON SELECTED MATTERS: (1) denying Defendant's First Amendment Writ (Docket No. 25); (2) declaring the purported claims of Rich Bergeron of no effect at this point; (3) accepting Defendant's filing of April 9, 2009 (at Docket No. 24) as adequate to serve as Defendant's answer to the Complaint, but ineffective to assert the purported counterclaim or third-party claim; (4) permitting Defendant through April 22, 2009, to file a proper counterclaim; and (5) permitting Defendant through April 22, 2009, to file a proper third-party complaint. See Entry for further details. Signed by Judge Sarah Evans Barker on 4/13/2009.(PGS) (Entered: 04/13/2009) |
| 04/13/2009 | 35 | MOTION for Leave to Proceed in forma pauperis, filed by Rich Bergeron. (MAC) (Entered: 04/14/2009) |
| 04/14/2009 | 36 | Letter from Lucille Iacovelli received by fax requesting to appear telephonically at the 4/17/09 hearing. (MAC) (Entered: 04/14/2009) |
| 04/15/2009 | 37 | RESPONSE in Opposition *to Defendant's Informal Request for Continuance, to be Represented by Non-Attorney Non-Party, and to Appear Telephonically at Preliminary Injunction Hearing*, filed by Plaintiff DR. BARRY EPPLEY, MD, DMD. (Richardson, Todd) (Entered: 04/15/2009) |
| 04/15/2009 | 38 | ENTRY CONCERNING SELECTED MATTERS: (1) denying 35 non-party Rich Bergeron's Motion for Leave to Proceed in forma pauperis; (2) denying Defendant's request to allow Rich Bergeron to represent her at the April 17, 2009, |

| | | |
|---|---|---|
| | | hearing; and (3) denying Defendant's request for a continuance of the April 17, 2009, hearing. Signed by Judge Sarah Evans Barker on 4/15/2009. (PGS) (Entered: 04/15/2009) |
| 04/16/2009 | 39 | NOTICE of Filing *of Proposed Findings of Fact and Conclusions of Law and Order Issuing Preliminary Injunction* by DR. BARRY EPPLEY, MD, DMD (Attachments: # 1 Exhibit A - Proposed Findings of Fact and Conclusions of Law) (Richardson, Todd) (Entered: 04/16/2009) |
| 04/16/2009 | 40 | ENTRY DENYING APRIL 14, 2009,REQUEST FOR RECUSAL. Signed by Judge Sarah Evans Barker on 4/16/2009.(PGS) (Entered: 04/16/2009) |
| 04/16/2009 | 41 | APPLICATION to proceed without prepayment of fees and costs, filed by Defendant LUCILLE IACOVELLI. (MAC) (Entered: 04/16/2009) |
| 04/16/2009 | 42 | AFFIDAVIT in support of Motion to Proceed on Appeal In Forma Pauperis re 41 Application by LUCILLE IACOVELLI. (MAC) (Entered: 04/16/2009) |
| 04/16/2009 | 43 | MOTION to Recuse Judge, MOTION to Stay, MOTION for Continuance and Motion for Show Cause Hearing, filed by Defendant LUCILLE IACOVELLI. c/s (Attachments: # 1 Exhibit E, # 2 Exhibit F, # 3 Exhibit G, # 4 Exhibit H, # 5 Exhibit I, # 6 Exhibit J, # 7 Exhibit J)(MAC) (Entered: 04/16/2009) |
| 04/17/2009 | 44 | ORDER denying 41 Application to Proceed in Forma Pauperis; 43 Motion to Stay; 43 Motion to Recuse; and 43 Motion for Continuance. Signed by Judge Sarah Evans Barker on 4/17/2009. (PGS) (Entered: 04/17/2009) |
| 04/17/2009 | 45 | NOTICE of Filing *of Fourth Affidavit of Counsel* by DR. BARRY EPPLEY, MD, DMD (Attachments: # 1 Exhibit A - Email from Frank de Groot to Todd Richardson, # 2 Exhibit B - Email from Rich Bergeron to Todd Richardson, # 3 Exhibit C - Email from Rich Bergeron to Todd Richardson, # 4 Exhibit D - Email from Frank de Groot to Todd Richardson, # 5 Exhibit E - Email from Rich Bergeron to Barry Eppley, # 6 Exhibit F - Email from Rich Bergeron to Todd Richardson, # 7 Exhibit G - Email from Rich Bergeron to Todd Richardson, # 8 Exhibit H - Webpages from www.twitter.com, # 9 Exhibit I - Webpages from www.losingface.net, # 10 Exhibit J - Webpages from barryeppleyplasticsurgeon.com, # 11 Exhibit K - Email from Boob Licker to Todd Richardson, # 12 Exhibit L - Webpages from lewis-kappessucks.com, # 13 Exhibit M - Webpages from eppleyplasticsurgerysucks.com, # 14 Exhibit N - Webpages from barryeppleyplasticsurgeon.com) (Richardson, Todd) (Entered: 04/17/2009) |
| 04/17/2009 | 46 | ENTRY granting 12 Motion for Preliminary Injunction. Signed by Judge Sarah Evans Barker on 4/17/2009. (PGS) (Entered: 04/17/2009) |
| 04/17/2009 | 47 | PRELIMINARY INJUNCTION enjoining certain communications and conduct on the part of Defendant, her agents, those in active concert and participation with her, and those who have offered their services to her. See Preliminary Injunction for specifics. Signed by Judge Sarah Evans Barker on 4/17/2009.(PGS) (Entered: 04/17/2009) |
| 04/17/2009 | 48 | Minute Entry for proceedings held before Judge Sarah Evans Barker: Evidentiary Hearing held on 4/17/2009. Dr. Eppley appeared in person and by counsel for the evidentiary hearing on Plaintiffs Motion for Preliminary Injunction. [Docket No. |

| | | |
|---|---|---|
| | | 12.] Defendant did not appear, either in person or by counsel. Plaintiff presents evidence. The Court stated that Plaintiffs Motion for Sanctions [Docket No. 18] remained under advisement and explained that if Defendant and her associates fail to comply with the Courts Preliminary Injunction, the Court will, upon a renewed request by Plaintiff, set a hearing at which Defendant will be required to appear and show cause why she should not be held in contempt and sanctioned (S.E.) cm (Court Reporter Kate Andrews.) (MAC) (Entered: 04/20/2009) |
| 04/21/2009 | 49 | ENTRY regarding scrivener's error in paragraph 3 of the Entry issued on 4/17/09-The corrected and amended paragraph 3 is now issued cm Signed by Judge Sarah Evans Barker on 4/21/2009.(CBU) (Entered: 04/22/2009) |
| 04/24/2009 | 50 | Submission of Complaint for Judicial Misconduct, filed by Defendant LUCILLE IACOVELLI. no c/s (Attachments: # 1 Preliminary Injunction, # 2 Entry for 4/17/09, # 3 Entry Granting Preliminary Injunction, # 4 Affidavit of Lucille Iacovelli, # 5 Entry Discussing Request for Recusal, # 6 Request to Appear Telephonically, # 7 Internet Pages, # 8 Exhibit H, # 9 Exhibit I)(MAC) (Entered: 04/24/2009) |
| 04/27/2009 | 51 | Supplemental MOTION *for Order to Show Cause*, filed by Plaintiff DR. BARRY EPPLEY, MD, DMD. (Richardson, Todd) (Entered: 04/27/2009) |
| 04/27/2009 | 52 | AFFIDAVIT *of Counsel* by DR. BARRY EPPLEY, MD, DMD. (Attachments: # 1 Exhibit A - Email by Eppley 04-18-09, # 2 Exhibit B - Email by Eppley 04-25-09, # 3 Exhibit C - Home Page Printout, # 4 Appendix D - Printout, # 5 Exhibit E - Home Page Printout, # 6 Exhibit F - Printout, # 7 Appendix G - Printout, # 8 Exhibit H - MySpace Printout, # 9 Exhibit I - MySpace Printout, # 10 Exhibit J - Printout, # 11 Exhibit K - Printout Twitter, # 12 Exhibit L - Printout, # 13 Exhibit M - Printout, # 14 Exhibit N - Printout, # 15 Exhibit O - Printout, # 16 Exhibit P - Printout, # 17 Exhibit Q - Printout)(Richardson, Todd) (Entered: 04/27/2009) |
| 04/27/2009 | 53 | ENTRY Directing further proceedings; Parties shall have to 6/25/09 in which to complete written discovery and discovery depositions. Dispositive Motions due by 7/22/2009. No case management plan need be submitted in this action unless ordered in the future cm. Signed by Judge Sarah Evans Barker on 4/27/2009.(MAC) (Entered: 04/28/2009) |
| 04/28/2009 | 54 | ORDER Denies re 50 Submission of Complaint of Judical Misconduct construed as a renewed request for the recusal of the undersigned filed by LUCILLE IACOVELLI (S.O.) cm. Signed by Judge Sarah Evans Barker on 4/28/2009.(MAC) (Entered: 04/29/2009) |
| 04/30/2009 | 55 | ENTRY and Notice - It was noted in paragraph 3 of the Entry issued on April 13, 2009, that [t]he defendants filing of April 9, 2009 (dkt 24)... is not effective as a purported counterclaim or third-party complaint. (Emphasis in original.) Consistent with that observation and ruling, the further statement in the Entry of April 21, 2009, that the plaintiff had through April 29, 2009, in which to file an answer to the defendants counterclaim was a mis-statement and is rescinded. Signed by Judge Sarah Evans Barker on 4/30/2009.(MAC) (Entered: 04/30/2009) |
| 05/01/2009 | 56 | ENTRY and Notice. The plaintiffs motion for order to show cause (dkt 18) and supplemental motion for order to show cause (dkt 51) are granted, and further |

| | | |
|---|---|---|
| | | proceedings are directed. The defendant shall have through May 18, 2009, in which to file a written response to such motions. The court will thereafter determine what further proceedings, if any, are warranted based on the claims made in the plaintiffs motions cm. Signed by Judge Sarah Evans Barker on 5/1/2009.(MAC) (Entered: 05/01/2009) |
| 05/07/2009 | 57 | NOTICE of Filing Notice of Appeal, Affidavit, Motion for IFP and docketing statement c/s by LUCILLE IACOVELLI (CBU) (Entered: 05/07/2009) |
| 05/07/2009 | 58 | NOTICE OF APPEAL as to 46 Order on Motion for Preliminary Injunction and 47 Preliminary Injunction c/s filed by Defendant LUCILLE IACOVELLI (CBU) (Entered: 05/07/2009) |
| 05/07/2009 | 59 | DOCKETING STATEMENT c/s LUCILLE IACOVELLI re 58 Notice of Appeal (CBU) (Entered: 05/07/2009) |
| 05/07/2009 | 60 | MOTION for Leave to Appeal in forma pauperis w/affidavit filed by Defendant LUCILLE IACOVELLI (CBU) (Entered: 05/07/2009) |
| 05/07/2009 | 61 | *** STRICKEN PER ENTRY OF 5/15/09 *** Submission of Complaint of Judicial Misconduct or Disability, filed by Defendant LUCILLE IACOVELLI. (MAC) Modified on 5/18/2009 (TMA). Forwarded to the 7th Circuit on 5/18/09. (Entered: 05/08/2009) |
| 05/07/2009 | 62 | MOTION to Strike all plaintiff testimony volunteered by attorneys for the plaintiff as irrelevant hearsay; and Motion to Dissolve/Vacate Preliminary Injunction, filed by Defendant LUCILLE IACOVELLI. c/s (MAC) . Modified on 5/8/2009 (MAC). (Entered: 05/08/2009) |
| 05/08/2009 | 63 | SECOND AFFIDAVIT by LUCILLE IACOVELLI. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V)(MAC) (Entered: 05/11/2009) |
| 05/11/2009 | 64 | SEVENTH CIRCUIT APPEAL INFORMATION SHEET re 58 Notice of Appeal - **Instructions for Attorneys - Parties' Short Record, Instructions, and Designation of Record information attached.** (CBU) (Entered: 05/11/2009) |
| 05/11/2009 | 65 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 58 Notice of Appeal. **- for Court of Appeals Use Only.** (CBU) (Entered: 05/11/2009) |
| 05/12/2009 | 66 | USCA Case Number 09-2239 for 58 Notice of Appeal filed by LUCILLE IACOVELLI. (TMA) (Entered: 05/13/2009) |
| 05/13/2009 | 67 | RESPONSE in Opposition re 62 MOTION to Strike *Affidavits and to Dissolve Preliminary Injunction*, filed by Plaintiff DR. BARRY EPPLEY, MD, DMD. (Richardson, Todd) (Entered: 05/13/2009) |
| 05/18/2009 | 68 | ENTRY - Defendant has again incorrectly filed a complaint of judicial misconduct in this action. That document 61 is stricken from the file and docket in this action. The defendant's 60 request for leave to proceed in forma pauperis with respect to her appeal from the issuance of the preliminary injunction is denied. The |

| | | |
|---|---|---|
| | | defendant's 62 motion to strike is denied as untimely. Signed by Judge Sarah Evans Barker on 5/15/2009. c/m (cc: USCA) (TMA) (Entered: 05/18/2009) |
| 05/18/2009 | 69 | DESIGNATION of Record on Appeal by all plaintiffs re 58 Notice of Appeal (Attachments: # 1 Exhibit 1-Highlighted Docket)(Richardson, Todd) (Entered: 05/18/2009) |
| 05/19/2009 | 70 | RESPONSE in Opposition re 51 Supplemental MOTION *for Order to Show Cause*, filed by Defendant LUCILLE IACOVELLI. (PG) (Entered: 05/22/2009) |
| 05/19/2009 | 71 | Submission of "Defendant's Reply Brief to Plaintiff's Opposition to Motion to Strike Affidavits and to Dissolve Preliminary Injunction," filed by Defendant LUCILLE IACOVELLI. (PG) (Entered: 05/22/2009) |
| 05/22/2009 | 72 | MOTION for Rule 11 Sanctions, filed by Defendant LUCILLE IACOVELLI. c/s (MAC) (Entered: 05/22/2009) |
| 05/22/2009 | 73 | BRIEF/MEMORANDUM in Support re 72 MOTION for Sanctions, filed by Defendant LUCILLE IACOVELLI. c/s (MAC) (Entered: 05/22/2009) |

**Case #: 1:09-cv-00386-SEB-JMS**

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/25/2009 09:29:10 | | | |
| **PACER Login:** | gs0046 | **Client Code:** | 101630-001 |
| **Description:** | Docket Report | **Search Criteria:** | 1:09-cv-00386-SEB-JMS |
| **Billable Pages:** | 7 | **Cost:** | 0.56 |

**EXHIBIT "2"**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
09 MAR 30 PM 1:47
SOUTHERN DISTRICT OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| DR. BARRY EPPLEY, MD, DMD, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 1:09-cv-0386 SEB -JMS |
| LUCILLE IACOVELLI, | ) |
| Defendant. | ) |

**VERIFIED COMPLAINT FOR TEMPORARY RESTRAINING ORDER, INJUNCTIVE RELIEF AND DAMAGES**

Dr. Barry Eppley, MD, DMD, by counsel, submits this Verified Complaint against Lucille Iacovelli, seeking relief with respect to a longstanding campaign of false, disparaging and defamatory articles, videos and other postings authored by Ms. Iacovelli and published by her on the internet. For an extended period of time, Ms. Iacovelli has created and posted on the internet an extensive series of videos and written statements making numerous false and groundless accusations against Dr. Eppley relating to a facelift surgery he performed on her in 2001, with the conscious aim of damaging his reputation and injuring his business. Her barrage of internet disparagement has now escalated with her communication of an intent to commit suicide on April 18, 2009, the eighth anniversary of the surgery, coupled with overt threats by her to utilize that event to "destroy" Dr. Eppley. Dr. Eppley has contacted appropriate mental health authorities with respect to the planned suicide, and in this action seeks relief to prevent Ms. Iacovelli from making further defamatory publications on the internet relating to her suicide

plans and Dr. Eppley's efforts to prevent her from carrying out those plans, as well as relief directed to the false and misleading statements about Dr. Eppley that she has already published.

In support of that relief, Dr. Eppley states:

**Parties, Jurisdiction and Venue**

1. Dr. Eppley is an individual who is a citizen of Indiana and maintains his residence in Westfield, Indiana. Dr. Eppley is a plastic surgeon who maintains a business with a primary address at Clarian North Medical Center, Suite 140, 11725 North Illinois Street, Carmel, Indiana 46032.

2. Ms. Iacovelli is an individual who is a citizen of Massachusetts and maintains her residence in Forestdale, Massachusetts.

3. The amount in controversy, exclusive of costs, exceeds $75,000.

4. Jurisdiction is established in this case pursuant to 28 U.S.C. §§1331, 1332 and 1338 by virtue of the presence of a federal question, diversity of citizenship and claims arising under the federal trademark laws.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events at issue occurred in and have been otherwise directed at this judicial district.

**Background**

6. Dr. Eppley is a highly experienced and skilled plastic surgeon practicing in and around Indianapolis, Indiana. He holds degrees as both a Doctor of Medicine and a Doctor of Dental Medicine, is both a licensed physician and dentist, and is the only Indiana doctor who is board-certified as a specialist in both Plastic and Reconstructive Surgery and Oral and Maxillofacial Surgery. He previously served as a full tenured Professor of Plastic Surgery at the Indiana University at Indianapolis Medical School and as one of the principal plastic surgeons in

the Craniofacial and Cleft Program at Riley Hospital for Children, where he performed thousands of surgeries and procedures to correct facial deformities. He has conducted extensive research in medical and surgical technology, has received numerous federal and private research grants, holds ten patents, and has lectured on plastic and maxillofacial surgery topics in 28 different countries. Dr. Eppley has also contributed to surgical literature with over 250 journal articles, 35 book chapters, and five books, including a handbook entitled "Essentials of Maxillofacial Surgery" and a co-authored textbook, "Maxillofacial Trauma and Esthetic Reconstruction."

7. In 2006, Dr. Eppley opened his own cosmetic surgery practice, Eppley Plastic Surgery and Anti-Aging Strategies, and has continued operating that business through the present time. Dr. Eppley's private practice has been successful, and he has treated and performed a variety of procedures successfully on numerous patients. Through his skill and patient care, Dr. Eppley has fostered and cultivated substantial personal and business goodwill and a reputation for excellence in the medical community and in the market for cosmetic surgery and related services. In conjunction with his private practice, Dr. Eppley co-founded Ology spas, a hospital-based spa concept combining Eastern ayurvedic healing methods with traditional Western medicine. He is a co-owner of Meridian Plastic Surgery Center, an outpatient surgical facility, and his business also includes sales of a wide variety of products offered through Eppley Surgery Recovery Center and Eppley Skin Care Product Center. His various and related business activities are described in a number of websites that he has developed and maintains, including www.eppleyplasticsurgery.com, www.ologyspa.com, www.recoverycentermd.com, www.4plasticsurgeons.com, www.eppleybreastaugmentation.com, www.eppleyfacelift.com, www.eppleyliposuction.com, www.eppleyrhinoplasty.com, and www.eppleytummytuck.com,

and he authors and maintains an extensive blog at www.exploreplasticsurgery.com. He has also uploaded numerous videos and postings on interactive internet sites such as www.youtube.com and www.viddler.com, and has extensively utilized the internet in marketing his name and business. In addition, Dr. Eppley is the host of a weekly radio show, "Doc Chat."

8. Dr. Eppley has invested considerable time, effort and expense in marketing, advertising and promoting his business, his name and his reputation as a skillful and trustworthy provider of high quality cosmetic surgery procedures and related goods and services. In August 2008, Dr. Eppley filed an application with the United States Patent and Trademark Office for registration of his name, "Dr. Barry Eppley," as a trademark on the Principal Register. Upon examination, his application was found to be entitled to registration and was published for opposition pursuant to 15 U.S.C. §1062(a) on January 20, 2009. Dr. Eppley has not received notice of any opposition, nor any request for an extension of time to file an opposition, filed within the thirty-day period allowed under 15 U.S.C. §1063(a) or at any time thereafter, and the online records of the Patent and Trademark Office do not reflect the filing of any such opposition or request for extension in connection with Dr. Eppley's application. Accordingly, Dr. Eppley is now entitled to registration of his trademark "Dr. Barry Eppley" pursuant to 15 U.S.C. §1063(b), and he is currently awaiting the issuance of a certificate of registration.

9. On April 18, 2001, Dr. Eppley performed a facelift surgical procedure on Lucille Iacovelli, a resident of Massachusetts who came to Indiana for the surgery. The procedure was performed at Meridian Plastic Surgery Center in Indianapolis.

10. Several years earlier, in 1997 and 1998, Ms. Iacovelli had had facelift, blepharoplasty and rhinoplasty procedures performed by other surgeons at Massachusetts General Hospital in Boston, Massachusetts. Ms. Iacovelli was dissatisfied with the results of

those procedures, and, following consultation and examination, she engaged Dr. Eppley to perform a full facelift and blepharoplasty procedures. Unknown to Dr. Eppley at the time, Ms. Iacovelli asserted a variety of unfounded accusations against the doctors involved in the prior surgeries in Massachusetts and began a pattern of harassing communications and disparaging internet postings directed against those doctors.

11. The surgical procedures performed by Dr. Eppley on Ms. Iacovelli were of a type that he had performed successfully on numerous occasions and as to which he was highly experienced. In performing the surgery on Ms. Iacovelli, Dr. Eppley did not encounter any complications or unusual difficulties, and when he completed the procedure she was in satisfactory condition. In all respects, Dr. Eppley performed the surgery on Ms. Iacovelli with skill and in full conformance with the customary standard of care and his own high standard of quality. He did not commit any errors, engage in any malpractice or negligence, or otherwise fail to meet any duty of care in connection with the surgery on Ms. Iacovelli.

12. Following the surgery, Ms. Iacovelli began expressing dissatisfaction with the results. She complained of pain, difficulty breathing, ringing in the ears and decreased ability to extend her neck, lift her head and close her mouth. She blamed those reported symptoms on the surgery performed by Dr. Eppley. She accused personnel at Meridian Plastic Surgery Center of trying to kill her, stopped payment on the funds to pay for the surgery, and demanded additional information and further surgery from Dr. Eppley. For nearly an entire year, Dr. Eppley tried repeatedly to address her concerns and reason with her. She nevertheless began to send hostile and threatening letters and e-mails to Dr. Eppley and Meridian Plastic Surgery Center, and she also began to publish web pages on the internet describing her experience as a horrifying ordeal.

She further engaged in similar conduct directed against the doctors involved in her previous surgeries in Massachusetts.

13. Ms. Iacovelli's assertions that the surgery performed by Dr. Eppley caused her reported pain and disabilities are completely unfounded. Dr. Eppley performed the surgery competently, skillfully and without incident. That surgery would not and did not result in the type of symptoms she has described. Ms. Iacovelli has been examined by other doctors, who have concluded that she has no physical abnormalities or trauma that would account for her reported symptoms. Ms. Iacovelli has responded by alleging a conspiracy of silence by which the medical community has been protecting Dr. Eppley and the surgeons who performed her earlier surgeries. She did not at any point commence any malpractice action against Dr. Eppley, and has admitted she was unable to find an expert who would testify that Dr. Eppley committed any errors in the surgery. As she stated in a website posting, "according to the 'experts' I consulted, there is nothing wrong with me."

14. Despite the absence of any physical cause for her reported symptoms, Ms. Iacovelli has persisted for eight years in asserting that she is unable to breathe normally and is unable to swallow, close her jaw or hold her head upright in a normal fashion. On her websites, she has graphically described the use of toaster tongs for a period of time to apply upward pressure from below either side of her jaw in order to hold her face in a position in which she asserted she could breathe and lift her head. She further posted on the internet descriptions and images of a device by which she applied clamps or clips to the flesh below the sides of her jaw and attached them to a headband in order to pull the skin upwards, and in conjunction utilized hooks attached to a headband to pull her ears upward. She reportedly stopped using that device eventually due to the tissue damage it inflicted, and posted graphic images on the internet of the

wounds she had inflicted on herself. She has also reportedly used a piece of wood to press upward under her jaw for the same purpose. She has asserted that her condition has deteriorated and that she only has the ability to sit in front of the computer and type.

15. On a persistent basis since her surgery in 2001, Ms. Iacovelli has published and posted on the internet a massive volume of web pages, videos, photographs, blogs and other written statements regarding Dr. Eppley, her surgeries and her asserted pain and disabilities. She has created and maintained a website "Losing Face" containing numerous entries that she authored, has posted comments and blogs extensively on numerous interactive websites, and has uploaded dozens of videos on websites such as www.youtube.com and www.vimeo.com. In addition, she has sent thousands of e-mails, written many letters and made numerous phone calls to Dr. Eppley and his business, on a persistent and constant basis ever since her 2001 surgery. Her pattern of internet publication and harassing communications directed against Dr. Eppley has continued over a period of nearly eight years, is consistent with the pattern of conduct directed against the doctors involved with her earlier surgeries in Massachusetts, and has been conducted by her in a dedicated fashion and on an enormous scale.

16. Throughout her internet publications, Ms. Iacovelli has repeatedly and persistently blamed Dr. Eppley for her reported symptoms and has condemned him using false, scandalous and highly pejorative terms. She has unjustifiably and falsely accused Dr. Eppley of negligence and malpractice, of making deceptive statements and "outright lies," of falsifying medical records, of "blatantly neglect[ing] some basic rules of surgery," of having "faulty judgment and technique," of operating while "impaired," and of "butchery." Time and again, she has attributed her asserted pain and disabilities to alleged mishandling of her surgery by Dr. Eppley, and has falsely and misleadingly stated that he is responsible for her suffering and in

time will be responsible for her death. Samples of the statements that Ms. Iacovelli has published on the internet are attached hereto as Exhibits 1-12.

17. Ms. Iacovelli's e-mail and other direct written communications to Dr. Eppley and his business have similarly accused him falsely of misconduct using offensive terms such as "butcher" and "murderer," and have included a variety of accusations, threats and demands. She has proposed to remove her internet postings about Dr. Eppley in exchange for additional surgical procedures or additional information, has boasted about the traffic performance of her website and blog and the number of "hits" she has received from people searching his name, and has touted her success in generating greater traffic through links and postings on popular sites. Samples of the e-mails and correspondence sent by Ms. Iacovelli are attached hereto as Exhibits 13-18.

18. Ms. Iacovelli's campaign of internet disparagement has caused substantial damage to Dr. Eppley's reputation, goodwill and business. Because the professional services provided by Dr. Eppley are primarily in the nature of elective medical procedures affecting the appearance of the patient and entailing a significant financial commitment, and because those services are generally not provided under emergency circumstances and are offered in a market in which patients have competitive options, patients and potential patients can and do exercise care and deliberation in selecting a surgeon or care provider, and can and do engage in research and inquiry before making a decision. Patients and potential patients, accordingly, regularly and routinely conduct internet searches to gather information before making such decisions. The type of false statements made by Ms. Iacovelli about Dr. Eppley – falsely alleging negligence, deception, incompetence and resulting pain and disfigurement – are calculated and, by her own admission, are deliberately and intentionally designed by Ms. Iacovelli to persuade patients and

potential patients not to do business with Dr. Eppley. By her own admission, Ms. Iacovelli has acted with a conscious motivation to drive individuals doing internet searches on Dr. Eppley toward her disparaging web pages and other postings, and she has been successful in carrying out that plan. As a consequence, Dr. Eppley has suffered substantial losses to his business and great injury to his name and reputation.

19. Ms. Iacovelli has gained a degree of fame and notoriety associated with her unfounded complaints against Dr. Eppley. She was featured in a documentary "Plastic Disasters" shown on Home Box Office in 2006, as one of three patients who had negative experiences with plastic surgery. Ms. Iacovelli has stated that the filmmakers approached her after reading her postings online, and she has expressed anger and betrayal at her depiction in the documentary, which presents her as obsessive and features a doctor who examined her and found no physical basis for her reported symptoms. In a number of more recent postings, she has stated that she is working with a sympathetic writer, Rich Bergeron, who is writing a book about her. She has also reported that she has been working for ten years with filmmaker/photographer Erika Hahn in documenting her experiences.

20. On March 18, 2009, Ms. Iacovelli sent an e-mail to Dr. Eppley noting that the eighth anniversary of her 2001 surgery would be in 31 days and announcing that she intended to commit suicide on that date. The e-mail states, in pertinent part:

> 31 days until the anniversary of your butchery causing me 8 years of physical torture and robbing me of 8 years of life. In 31 days you will be known as a MURDERER, not just a butcher. . . . There is enough money in the fund for my postmortem examination to prove that your handling of my operation was heinously negligent. . . . To you and Feldman: Your SILENCE will kill me, which WILL destroy you both... April 18.

A copy of the March 18, 2009 e-mail is attached hereto as Exhibit 19. She has subsequently sent additional e-mails to Dr. Eppley, counting the days left until her planned suicide on April 18,

2009. Copies of those e-mails are attached hereto as Exhibits 20-22. One such communication stated, "You have ignored my voice in life. Silence will not follow my death." See Ex. 22.

21. Ms. Iacovelli's internet publications have included references to her plan to commit suicide and publicize the event. One posting describes a "morbid scenario" in which she ties herself to a chair in a position in which she cannot breathe, predicting she would die within minutes even though every physician who has examined her has concluded "there is nothing wrong with me." See Exhibit 1, attached hereto. The same posting states, with emphasis in the original, "Should I resort to the above action, a video camera will capture the gruesome event, leaving no room for speculation regarding the truth of my claims." Id. In an April 2008 web posting, she stated, "I will not be silenced during my life time, and certainly not after my death." See Exhibit 23, attached hereto. In another posting dated February 2, 2009, Ms. Iacovelli stated, "If I cannot care for my needs by myself, I will end my own life while I am still able." See Exhibit 24, attached hereto. In an October 2007 open letter that she posted on the internet addressing a surgeon involved with her 1998 rhinoplasty procedure in Massachusetts, Ms. Iacovelli asserted that writer Rich Bergeron would "set the record straight" about her experiences despite an unhappy conclusion, and concluded, "If you and Dr. Eppley remain silent and do nothing to help me, I want people to know about your disregard for my appeal to help save my life before it is too late." See Exhibit 25, attached hereto.

22. Concurrent with her recent e-mails to Dr. Eppley about her plan to commit suicide on April 18, 2009, Ms. Iacovelli has published similar statements on the internet. On March 21, 2009, she made a posting stating she had purchased twenty-six saris and planned to "wear every one of them at least once before leaving this life." See Exhibit 26, attached hereto. The following day, March 22, 2009, she stated, "It is time for me to cut my losses," and "This is not a

suicide message. It is a statement of my decision to stop fighting for every breath." See Exhibit 27, attached hereto.

23. In response to Ms. Iacovelli's announced plan to commit suicide on April 18, 2009, Dr. Eppley has alerted the appropriate mental health authorities in Massachusetts regarding the suicide threat. In light of her long history of disparaging statements about Dr. Eppley on the internet, there is a strong probability that Ms. Iacovelli will seek to damage Dr. Eppley's reputation and business further in reaction to his efforts to prevent her suicide and the filing of this complaint, by authoring and publishing on the internet additional defamatory and derogatory statements relating to Dr. Eppley.

**Count I: Defamation**

24. Dr. Eppley repeats and incorporates by reference the averments set forth in ¶¶1-23, inclusive.

25. Ms. Iacovelli has published written statements about Dr. Eppley that are false, defamatory and highly injurious to his reputation, professional standing and good name.

26. Ms. Iacovelli, in publishing defamatory statements regarding Dr. Epply, has acted with malice and deliberate intent to damage his reputation and business.

27. In publishing her defamatory and malicious statements regarding Dr. Eppley, Ms. Iacovelli has acted without justification, in the absence of a good faith basis for her disparaging assertions, and with actual knowledge of falsity or at very least in reckless disregard of the truth.

28. The defamatory, malicious and unjustified statements published by Ms. Iacovelli regarding Dr. Eppley have included numerous false assertions directed to his professional competence and ability to perform services effectively, thereby causing serious injury to his reputation and business in his profession and employment.

29. As a result of Ms. Iacovelli's defamatory publications, Dr. Eppley has suffered substantial losses and damages, including lost patients, lost revenue, lost business opportunities, impairment of professional stature, damage to reputation, increased expenses to correct the misstatements and counter the defamation, mental anguish and emotional distress.

**Count II: Trade Disparagement**

30. Dr. Eppley repeats and incorporates by reference the averments set forth in ¶¶1-29, inclusive.

31. Ms. Iacovelli's defamatory, malicious and unfounded statements regarding Dr. Eppley have been published by her on the internet in a deliberate and calculated scheme to undermine Dr. Eppley's trade and business.

32. Ms. Iacovelli has attempted to deter, and has succeeded in deterring, patients and potential patients from doing business with Dr. Eppley by making false and derogatory statements on the internet regarding Dr. Eppley and his business.

33. Ms. Iacovelli has published her false statements injurious to Dr. Eppley's trade reputation and business goodwill without justification and despite actual notice that her accusations are unfounded.

34. As a result of Ms. Iacovelli's misconduct, Dr. Eppley has suffered damage and injury to his trade, profession and business, including lost patients, lost revenue, lost profits, lost business opportunities and increased expenses to address and counter the disparagement.

**Count III: Harassment**

35. Dr. Eppley repeats and incorporates by reference the averments set forth in ¶¶1-34, inclusive.

36. Ms. Iacovelli has engaged in a longstanding and persistent campaign directed to damaging Dr. Eppley's reputation and business by publishing on the internet a massive volume of web pages, videos and postings that contain false and defamatory statements regarding Dr. Eppley.

37. In conjunction with her campaign of internet disparagement, Ms. Iacovelli has further sent thousands of e-mails and other direct communications and has made numerous phone calls to Dr. Eppley and his business, making a variety of unfounded complaints, accusations, threats and demands.

38. Despite Dr. Eppley's reasonable efforts to address her concerns following the 2001 surgery (see, e.g., Exhibits 28-29, attached hereto), Ms. Iacovelli has persistently demanded additional information and additional surgical procedures, has proposed that she would remove her defamatory internet postings if her demands are met, and otherwise has threatened to make further defamatory internet postings if her demands are not satisfied.

39. Ms. Iacovelli has engaged in unreasonable and outrageous conduct directed to harming Dr. Epply and his business unjustifiably and to coercing him to accede to her demands.

40. Dr. Eppley has been reasonably alarmed and felt reasonably threatened as a result of the harassment by Ms. Iacovelli.

41. Ms. Iacovelli has acted unlawfully and in violation of 18 U.S.C. §875(d), 47 U.S.C. §223(a)(1)(E), Ind. Code §35-45-2-2(a) and Ind. Code §35-45-10-1 et seq.

42. Dr. Eppley has suffered losses and damages as a result of Ms. Iacovelli's harassment.

**Count IV: False Designations and Descriptions of Fact**

43. Dr. Eppley repeats and incorporates by reference the averments set forth in ¶¶1-42, inclusive.

44. Dr. Eppley has invested considerable effort and expense in establishing goodwill in his name and in promoting his professional reputation as an experienced, skillful and highly competent provider of cosmetic surgery procedures and related services and goods.

45. Dr. Eppley has achieved broad recognition and public acclaim as an experienced, skillful and highly competent practitioner in the medical community and in the market for cosmetic surgery procedures and related services and goods.

46. Dr. Eppley, accordingly, has registered his name as a trademark in accordance with the federal trademark laws.

47. Ms. Iacovelli has published on the internet numerous statements using the names "Dr. Barry Eppley," "Dr. Eppley" or "Eppley" in conjunction with false and misleading designations and false and misleading descriptions and representations of fact. She has also created "tags" on a number of websites using Dr. Eppley's name, in order to drive traffic to her websites that contain false and misleading statements about Dr. Eppley.

48. Ms. Iacovelli's false and misleading statements about Dr. Eppley are likely to cause and have caused public confusion regarding the connection between Dr. Eppley and Ms. Iacovelli and regarding Dr. Eppley's alleged conspiracy with other doctors and his business associates, and those false and misleading statements further have grossly misrepresented the nature, characteristics and quality of Dr. Eppley's services.

49. Ms. Iacovelli's false and misleading statements about Dr. Eppley have been designed to tarnish and have tarnished Dr. Eppley's name, reputation and business.

50. On information and belief, Ms. Iacovelli has acted with an intent and design to achieve publicity, fame and notoriety for herself, and thereby enhance the market for the planned book about herself and for other publications regarding her accusations and experiences.

51. Ms. Iacovelli's false and misleading statements about Dr. Epply have been designed to harm and have harmed Dr. Eppley's business, and have caused losses and damages to Dr. Eppley and his business.

52. Ms. Iacovelli has engaged in unlawful conduct in violation of the Lanham Act, and in particular in violation of Lanham Act §43, 15 U.S.C. §1125.

**Count V: False Light Publicity**

53. Dr. Eppley repeats and incorporates by reference the averments set forth in ¶¶1-52, inclusive.

54. Ms. Iacovelli has published on the internet numerous false statements about Dr. Eppley that place him before the public in a false light.

55. Ms. Iacovelli has made concerted efforts to publicize her false statements about Dr. Eppley and has succeeded in gaining widespread publicity.

56. The false statements by Ms. Iacovelli regarding Dr. Eppley have been highly offensive and would be highly offensive to a reasonable person.

57. Ms. Iacovelli has publicized her false statements about Dr. Eppley despite actual notice that her accusations are unfounded, and she has acted with knowledge of the falsity or at very least in reckless disregard of the truth.

58. Ms. Iacovelli has publicized her false statements regarding Dr. Eppley despite actual notice that she was placing him in a false light, and has done so with knowledge of or at very least in reckless disregard of the false light.

59. As a result of the false light statements publicized by Ms. Iacovelli, Dr. Eppley has suffered losses and damages.

**Count VI: Temporary Restraining Order and Injunctive Relief**

60. Dr. Eppley repeats and incorporates by reference the averments set forth in ¶¶1-59, inclusive.

61. Ms. Iacovelli's announcement that she plans to commit suicide on April 18, 2009 raises an immediate risk of irreparable injury.

62. Ms. Iacovelli's plan to commit suicide and publicize the event is contrary to public policy and is adverse to the public interest.

63. In light of her suicide plans, there is substantial risk that prior notice of efforts to interfere may accelerate her timing and cause her to commit suicide or seriously injure herself.

64. In light of her long history of internet disparagement directed against Dr. Eppley, there is a strong probability that Ms. Iacovelli will seek to react to efforts by him to interfere with her suicide plans by making a barrage of internet postings containing defamatory statements about Dr. Eppley.

65. Dr. Eppley should not be placed in a position where his efforts to alert mental health authorities to a suicide threat and related efforts to seek judicial relief result in another wave of adverse publicity arising from false and defamatory statements by Ms. Iacovelli.

66. There is a strong probability that prior notice to Ms. Iacovelli of Dr. Eppley's efforts to interfere with her suicide plans would result in further injury to Dr. Eppley's name and reputation as a result of additional defamatory postings on the internet by Ms. Iacovelli.

67. The issuance of a temporary restraining order, followed by an injunction after notice and hearing, that prohibits Ms. Iacovelli from publicizing her planned suicide and

prohibits her from publishing disparaging statements about Dr. Eppley's efforts to interfere with her suicide plans would be reasonably calculated to reduce her incentive to carry out her plans, insofar as she would be on notice that the negative publicity against Dr. Eppley that she hopes to achieve by ending her life will not occur.

68. The facts set forth in this Verified Complaint establish a substantial likelihood that Dr. Eppley will be successful on the merits of his claims.

69. The potential damage to Ms. Iacovelli that may arise from the injunctive relief sought herein is far outweighed by the damage Dr. Eppley would suffer in the absence of injunctive relief.

70. Dr. Eppley is entitled, without notice to Ms. Iacovelli, to a temporary restraining order prohibiting Ms. Iacovelli from publicizing her planned suicide and from publishing disparaging statements about Dr. Eppley's efforts to interfere with her suicide plans.

71. Dr. Eppley is entitled, following notice and hearing, to preliminary and permanent injunctive relief prohibiting Ms. Iacovelli from publishing further defamatory statements about Dr. Eppley and requiring her to remove the defamatory statements about Dr. Eppley that she has already published on the internet.

WHEREFORE, Dr. Eppley respectfully prays that the Court enter judgment in his favor and against Ms. Iacovelli on all counts and provide the following relief:

a. Enter a temporary retraining order without prior notice to Ms. Iacovelli prohibiting her and all those in concert and cooperation with her from publishing statements regarding her suicide or her intent to commit suicide and that refer directly or indirectly to Dr. Eppley, and further prohibiting Ms. Iacovelli and all those in concert and cooperation with her from publishing disparaging statements regarding Dr. Eppley's efforts to interfere with her

announced suicide plans, including his communications with mental health authorities and the judicial relief he is seeking in this action;

b. Enter preliminary and permanent injunctive relief, following notice, hearing and trial, containing the same prohibitions as the temporary restraining order, and further prohibiting Ms. Iacovelli and all those in concert and cooperation with her from publishing further defamatory statements about Dr. Eppley and requiring Ms. Iacovelli to remove or cause to be removed the defamatory statements about Dr. Eppley that she has previously published on the internet;

c. Award the damages suffered by Dr. Eppley as a result of Ms. Iacovelli's publication of disparaging statements and other misconduct; and

d. Provide such additional relief as may be appropriate in the premises.

**Verification**

The undersigned hereby verifies under the pains and penalties of perjury that the foregoing factual representations are true and correct.

Dr. Barry Eppley, MD, DMD

By his attorneys,

LEWIS & KAPPES

By: Todd A. Richardson (16620-49)

LEWIS & KAPPES
One American Square, Suite 2500
Indianapolis, Indiana 46282
(317) 639-1210

# EXHIBIT "3"

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **DR. BARRY EPPLEY, MD, DMD,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**LUCILLE IACOVELLI,**<br><br>**Defendant.** | **Cause No. 1:09-cv-386 SEB-JMS** |

**ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER**
(Docket No. 9)

Plaintiff, Dr. Barry Eppley, by counsel, having filed his Motion for Temporary Restraining Order and Certification of Reasons for Not Providing Notice, and the Court having reviewed Plaintiff's Motion, Verified Complaint, and Plaintiff's Brief in Support of Motion for Temporary Restraining Order, now concludes as follows:

1. It appears that the Defendant, Lucille Iacovelli, and those in active concert and participation with her, intend to publicize her previously announced suicide plans and, based on Defendant's past conduct, further intend to publish disparaging statements about the Plaintiff, Dr. Barry Eppley, including his efforts to forestall Defendant's self-destructive actions;

2. Publication of such suicide plans or disparaging statements about Plaintiff and his efforts to forestall those announced plans threatens irreparable harm to Plaintiff in his reputation and that of his medical practice through publicity generated by Defendant

relating to her planned suicide based on her claims of being a dissatisfied former patient;

3. Restraining the acts of Defendant as to the further publication of such plans may remove an incentive from Defendant to carry out such acts;

4. Furthermore, the circumstances warrant issuance of this Temporary Restraining Order without notice to Defendant because Defendant's acts indicate a significant danger that she may take immediate action to commit suicide, further publicize her suicide plans, and/or publicize disparaging and defamatory statements concerning Defendant's efforts to prevent such publication upon notification of this proceeding;

5. The potential harm to Defendant based on the issuance of this Order are minimal and outweighed by those posed by Defendant to Plaintiff;

6. Defendant will not suffer any undue financial hardship as a result of the Temporary Restraining Order, and therefore no security is required from Plaintiff.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court, pursuant to Federal Rule of Civil Procedure 65(b):

1. That Defendant, Lucille Iacovelli, those in active concert and participation with her, and her agents shall take no action whatsoever to make, authorize or issue public statements, oral or written, on the Internet or otherwise, including but not limited to:

   a. Further oral and written expressions, videos or related depictions related to statements concerning Defendant Lucille Iacovelli's planned suicide, including, but not limited to descriptions of preparatory actions, plans for autopsies, plans for recording the event, and plans for publication and display

of the above named activities to the extent that they are tied, directly or indirectly to Plaintiff, Dr. Barry Eppley; and

b. Disparaging oral and written statements and related publicity concerning the prior treatment of Defendant by Plaintiff, including the aftermath of such treatment and any steps Plaintiff may have taken to prevent Defendant from carrying out her suicide plans by alerting mental health authorities and to forestall publication and dissemination of such plans by seeking relief from this Court.

IT IS FURTHER ORDERED that Defendant, Lucille Iacovelli, shall appear and show cause at a hearing to be held on Tuesday, April 7, 2009, at 2:30 p.m. in Room 216 of the United States Courthouse at 46 East Ohio Street in Indianapolis, Indiana, why a preliminary injunction should not be issued to preliminary enjoin her, and those acting in active concert and participation with her, during the pendancy of this action as described above.

This Order was issued at 6:20 p.m. on March 30, 2009.

Date: 03/30/2009

[signature]

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

**Gary P. Price**
LEWIS & KAPPES
gprice@lewis-kappes.com,klephart@lewis-kappes.com

**Todd Arthur Richardson**
LEWIS & KAPPES
trichardson@lewis-kappes.com

**Joseph Peter Rompala**
LEWIS & KAPPES
jrompala@lewis-kappes.com

**EXHIBIT "4"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DR. BARRY EPPLEY, MD DMD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:09-cv-386- SEB-JMS |
| vs. | ) | |
| | ) | |
| LUCILLE IACOVELLI, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER CONTINUING PREVIOUSLY ISSUED TEMPORARY RESTRAINING ORDER**

On this date, Plaintiff appeared in person and by counsel and Defendant, acting *pro se*, appeared by telephone for hearing on the pending issues, including Plaintiff's request for the issuance of a preliminary injunction or, in the alternative, for an extension of the previously issued temporary restraining order. Also in attendance by telephone was Plaintiff's friend and associate, Rich Bergeron. The proceedings were transcribed by Court Reporter, Laura Howie-Walters.

The Court heard from the parties and from Mr. Bergeron and then ruled, as more fully explicated on the record, as follows:

1. The temporary restraining order issued on March 30, 2008, is extended through and including Friday, April 17, 2009.

2. Defendant is admonished that: (a) she must comply with the Court's temporary restraining order immediately and without further delay; (b) any further non-compliance with the Court's temporary restraining order could result in sanctions; and (c) she cannot do the things restrained by the Court's temporary restraining order through others, by asking or encouraging them, directly or indirectly, to do for her what she, herself, is restrained from doing.

3. Mr. Bergeron, who admitted that after the Court's temporary restraining order was

issued on March 30, 2009, he himself created or directed the creation of the website www.eppleyplasticsurgerysucks.com, was admonished that the Court's temporary restraining order extended to his creating or directing the creation of that website. Mr. Bergeron was further admonished that he, too, could become subject to contempt sanctions for violating the Court's temporary restraining order and that such website must immediately and without further delay, in accordance with the terms of the temporary restraining order, be removed from the public realm.

4. Plaintiff's Motion for Order to Show Cause Why Defendant and Those Acting in Concert with her Should Not Be Held in Contempt (Docket No. 18) is taken under advisement.

5. Plaintiff's Motion to Prohibit Non-Lawyer from Engaging in the Unauthorized Practice of Law (Docket No. 17) is **GRANTED.** Mr. Bergeron may not serve as Defendant's *de facto* lawyer or spokesperson in this cause

6. Plaintiff's Motion for Preliminary Injunction is set for hearing on Friday, April 17, 2009, at 2:00 p.m. in Room 216 of the United States Courthouse in Indianapolis, Indiana.

7. Defendant is strongly encouraged to obtain properly licensed legal counsel to represent her in this cause.

8. Defendant is further advised that if she intends to continue to proceed *pro se*, any evidence she wishes to present to the Court at the April 17, 2009, hearing must be legally relevant and otherwise admissible, and that her *pro se* status will not serve to excuse deficiencies in her evidence.

As a final matter, Defendant is advised that while the Court permitted her to participate in the April 7, 2009, hearing by telephone, she has not made a request to participate in the April 17, 2009, hearing by telephone, and the Court has made no ruling on that issue. In the absence of such a request and Court ruling thereon, Defendant and her witnesses, if any, shall to appear at the April 17, 2009, hearing in person.

IT IS SO ORDERED.

Date: 04/08/2009

[signature]

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Gary P. Price
LEWIS & KAPPES
gprice@lewis-kappes.com

Todd Arthur Richardson
LEWIS & KAPPES
trichardson@lewis-kappes.com

Joseph Peter Rompala
LEWIS & KAPPES
jrompala@lewis-kappes.com

Lucille Iacovelli
luciacovelli@gmail.com

**EXHIBIT "5"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DR. BARRY EPPLEY, MD DMD,<br><br>Plaintiff,<br><br>vs.<br><br>LUCILLE IACOVELLI,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:09-cv-386- SEB-JMS |

**ORDER REGARDING DOCUMENTS**

On April 7, 2009, the Court's Courtroom Deputy received an E-mail communication from Defendant's apparent friend and associate, Richard Bergeron, asking that the following documents be filed with the Court:

1. Defendant's Answer to Plaintiff's Verified Complaint for Temporary Restraining Order, Injunctive Relief and Damages; and Counterclaim for Declamatory [sic] Relief;

2. First Amendment Writ;

3. Affidavit of Lucille Iacovelli in Support of Defendant's Answer to Plaintiff's Verified Complaint for Temporary Restraining Order, Injunctive Relief and Damages; and Counterclaim for Declamatory [sic] Relief; and

4. Affidavit of Rich Bergeron in Support of Defendant's and Counter-Claimants' Answer to Plaintiff's Verified Complaint for Temporary Restraining Order, Injunctive Relief and Damages; and Counterclaim for Declamatory [sic] Relief.

Although Court's Local Rules and procedures do not provide for the filing of documents by E-mail to Court staff, the Court will allow an exception in this instance. The Clerk's Office is instructed to accept said documents for filing with the Court and cause each of the above-listed

documents to be entered on the docket of this cause. The Court will address the effect of these filings in a subsequent entry – though, for the present, nothing in those filings effectively makes Mr. Bergeron a party in the case, despite any appearances or interpretations to the contrary.

Attempts to communicate with the Court or its staff by E-mail, whether by Defendant, Mr. Bergeron, Frank A. de Groot, or others on Defendant's behalf, should be discontinued. These are not permitted procedures; thus, such submissions are legally ineffective, and will not not be responded to.

Local Rule 5.1(b), which is available on the Court's website at <www.insd.uscourts.gov>, governs the filing of documents by *pro se* litigants. Defendant's future filings, to the extent they are made *pro se*, must be made in accordance with Local Rule 5.1(b) and delivered to the Clerk's Office at 46 East Ohio Street, Room 105, Indianapolis, Indiana 46204. In addition, the Clerk's Office may be reached by telephone during business hours at 317-229-3700.

IT IS SO ORDERED.

Date: 04/09/2009

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Gary P. Price
LEWIS & KAPPES
gprice@lewis-kappes.com

Joseph Peter Rompala
LEWIS & KAPPES
jrompala@lewis-kappes.com

Todd Arthur Richardson
LEWIS & KAPPES
trichardson@lewis-kappes.com

**LUCILLE IACOVELLI**
3 Deer Hollow Road
Forestdale, MA 02644