# ATTACHMENT B

# EXHIBIT "12"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DR. BARRY EPPLEY, MD, DMD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:09-cv-386-SEB-JMS |
| vs. | ) | |
| | ) | |
| LUCILLE IACOVELLI, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY GRANTING PRELIMINARY INJUNCTION**

This cause is before the Court on the Motion for Preliminary Injunction [Docket No. 12], filed by Plaintiff, Dr. Barry Eppley ("Dr. Eppley") on March 31, 2009. Following notice to the parties, a hearing was held to address the merits of the motion on April 17, 2009, at 2:00 p.m. The Court, having considered the Plaintiff's unopposed motion for preliminary injunction and all proceedings relating to such motion, and being duly advised, now finds that such motion should be GRANTED. A separate and specific document consisting of the Preliminary Injunction is being issued concurrent with this Entry.

***Factual Background***

Plaintiff, Dr. Eppley, is a Board certified plastic surgeon practicing in Indianapolis, Indiana. Defendant, Lucille Iacovelli, is an individual residing in Massachusetts. On April 18, 2001, Dr. Eppley performed a revision facelift procedure on Ms. Iacovelli in

Indianapolis. Dr. Eppley had performed similar surgeries on many previous occasions, and, according to him, Ms. Iacovelli's procedure culminated successfully and without error. Dr. Eppley also states that recovery was similarly successful and typical, apart from her behavior toward Dr. Eppley.[1] Following the surgery, Ms. Iacovelli nonetheless began complaining of pain, difficulty breathing, ringing in the ears, and restricted movement around the jaw. Ms. Iacovelli has since been examined by other doctors, who have consistently found no surgery-related abnormalities that would lead to these symptoms.

Dr. Eppley attempted for nearly a year to address Ms. Iacovelli's problems,[2] but in response Ms. Iacovelli began to send threatening emails and letters to Dr. Eppley at his home and business. She further began to publish numerous web pages and videos accusing Dr. Eppley of causing her ailments. She continues to engage in these postings,

---

[1]Furthermore, Dr. Eppley has presented evidence demonstrating that no ailment similar to the one claimed by Ms. Iacovelli has ever been recorded in scientific literature related to plastic surgery. He has introduced further evidence indicating that this ailment was nearly an impossible result of the facelift surgery performed, and that if such a problem had occurred, her condition would have improved, not deteriorated, over time. Dr. Eppley offers this evidence as an expert. Dr. Eppley graduated from the University of Pennsylvania Dental School and the Washington University in St. Louis Medical School, where his focus was in oral/maxiofacial surgery. He worked as an assistant professor, and then tenured professor, at the Indiana University Medical School for over a decade. While there, He was a practicing plastic surgeon, and a principal in the cleft lip program at Riley Hospital. Since 2006, he has been in private practice in his own business, which has locations in the professional office buildings near Clarian North Hospital in Carmel, Indiana, and Clarian West Hospital in Avon, Indiana. He has published 250 professional peer-reviewed articles, 35 book chapters, and two textbooks. He has held private and National Institute of Health grants, and holds nine U.S. and international patents. Dr. Eppley is Board Certified in plastic surgery and maxiofacial surgery.

[2]His attempts included numerous calls and emails, in which he sought to communicate with her about addressing the problems that she perceived.

which, upon the record before the Court, appear to be false.[3]

On March 19, 2009, Dr. Eppley received an email in which Ms. Iacovelli announced that she planned to commit suicide on April 18, 2009, the eighth anniversary of her surgery. She threatened that she intended to stage her suicide in such a way that it would "destroy" Dr. Eppley. She has subsequently sent emails counting down the days to April 18 and her planned suicide. She has further communicated to him her intent to publicize her suicide in an attempt to further associate her troubles with him and "set the record straight." See Exhibit 25 [Email from Iacovelli to Eppley] at 6.

In response to the suicide threat, Dr. Eppley alerted the mental health authorities in Massachusetts.[4] He also commenced this action on March 30, 2009.

Dr. Eppley testified that without the entry of a preliminary injunction he will continue to suffer irreparable harm in the form of diminished earnings, increased expense relating to efforts to negate the effect of false, defamatory email and internet transmissions and postings by the Defendant and her agents, and in injury to his professional standing and reputation. In addition, he will continue to suffer emotional effects from the unfounded, unjustified, unfair attacks on his standing in the community.

---

[3]Dr. Eppley testified at length about the falsity of these statements.

[4]Dr. Eppley testified that he contacted Massachusetts public health officials solely for the purpose of informing them of a potential suicide threat. He did not request that those officials take Ms. Iacovelli into custody involuntarily, nor did he make any other requests of those officials. He likewise had no control over whether and how such officials would respond to the information.

## ***Legal Analyis***

### *I. Standard of Review*

A party seeking a preliminary injunction must establish: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. See Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, - - U.S. - - (2008) (holding that irreparable harm must be "likely," not merely "possible"). "If the moving party meets this threshold burden, the district court weighs the factors against one another in a sliding scale analysis . . . which is to say the district court must exercise its discretion to determine whether the balance of harms weighs in favor of the moving party or whether the nonmoving party or public interest will be harmed sufficiently that the injunction should be denied." Coronado v. Valleyview Public School Dist. 365-U, 537 F.3d 791, 794-95 (7th Cir. 2008) (citing Christian Legal Soc'y v. Walker, 453 F.3d 853, 859 (7th Cir. 2006)).

### *II. Discussion*

#### *A. Likelihood of Success on the Merits*

Dr. Eppley contends that Ms. Iacovelli is in violation of numerous statutes, state and federal, as well as state law torts. We address the likelihood of success on the merits of those claims below:

First, Dr. Eppley argues that Ms. Iacovelli has violated 47 U.S.C. § 223(a)(1)(E),

which prohibits repetitious harassing communications. The allegations thus far leveled against Ms. Iacovelli, and the evidence supporting those allegations, demonstrate that Ms. Iacovelli has likely violated 47 U.S.C. § 223(a)(1)(E). This law is applicable so long as prohibiting the speech in question does not violate the First Amendment (in which case, the statute is unconstitutional as applied). See United States v. Popa, 187 F.3d 672 (D.C. Cir. 1999). As explained, *supra*, Ms. Iacovelli's speech is of low constitutional value because it is marked by falsehood and may be commercial in character. Therefore, it is afforded minimal First Amendment protection, and does not stand as a bar to Dr. Eppley's likely success on his claim under this statute.[5]

Dr. Eppley also contends that Ms. Iacovelli is in violation of 18 U.S.C. § 875(d), which prohibits efforts to extort money or other things of value by threat to reputation. As the record before the Court demonstrates, Ms. Iacovelli and her associates have threatened to use pressure from internet and media publicity to coerce a settlement from Dr. Eppley. Based on this showing, Dr. Eppley is likely to succeed on this claim as well.

Dr. Eppley also brings a claim under Indiana Code § 35-45-10-1, which prohibits stalking and harassment. Because Ms. Iacovelli has engaged in a pattern of harassment directed at Dr. Eppley, and, because her statements are not constitutionally protected, her actions fit into the statutory definition of "stalk." Thus, Dr. Eppley is likely to succeed on

[5]Eppley brings a separate but similar state law claim under Indiana Code § 35-45-2-2(a), which also prohibits harassing communications. His claim is likely to succeed under this statute for the same reasons.

this claim as well.

Dr. Eppley also argues that Ms. Iacovelli has committed the tort of "false light." Under Indiana law,

> One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of privacy, if (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

Lovings v. Thomas, 805 N.E.2d 442 (Ind. Ct. App. 2004). The record before the Court demonstrates that Ms. Iacovelli has made numerous false and offensive statements about Dr. Eppley on public websites. Based on this showing, Dr. Eppley is likely to succeed on the merits of his false light claim against Ms. Iacovelli.

Dr. Eppley also brings a claim under trademark law, alleging that, having registered his name with the U.S. Trademark Office, "Dr. Eppley has established trademark rights in his name," and Ms. Iacovelli's use of his name in a misleading way in an effort to drive trade away from him and enhance her own fame violates the Lanham Act, 15 U.S.C. § 1125(a). Dr. Eppley has completed the registration procedures necessary to establish his business name (which is also his personal name) as a trademark under 15 U.S.C. § 1063(b), and that registration has been approved. Dr. Eppley received formal notification that he held a trademark in the mark "Dr. Barry Eppley" on January 26, 2009. Furthermore, Ms. Iacovelli's actions likely constitute a violation of this statute, which prohibits "false or misleading representation[s] of fact" relating to a name used in

commerce. 15 U.S.C. § 1125(a). Therefore, Dr. is also likely to succeed on his trademark claim as well.

1. First Amendment Issues

The likelihood that Dr. Eppley will succeed on the merits of his claims depends, to a large extent, on First Amendment issues. If prohibiting Ms. Iacovelli's speech, broadly defined, will run afoul of the First Amendment, then he cannot succeed on his claims under 47 U.S.C. § 223(a)(1)(E), Indiana Code § 35-45-2-2(a), and Indiana Code § 35-45-10-1. Furthermore, First Amendment issues play a significant role in the Court's decision to preliminarily enjoin Ms. Iacovelli's speech. We therefore address the nature of her speech, and the protection afforded it, as it relates to Dr. Eppley's claims and the issuance of an injunction.

Courts must proceed cautiously when asked to enjoin speech. "In determining the extent of the constitutional protection [of the First Amendment], it has been generally, if not universally, considered that it is the chief purpose of the guaranty to prevent previous restraints upon publication." Near v. Minnesota, 283 U.S. 697, 713 (1931). Moreover, it is universally accepted that the First Amendment guarantees of free speech protect equally as well against injunctions by courts as well as legislative restraints. CBS v. Davis, 510 U.S. 1315 (1994).

However, not all speech is afforded the same protection under the First Amendment. Specifically, there is "no constitutional value in false statements of fact."

Gertz v. Robert Welch, Inc., 418 U.S. 323, 338 (1974); see also Air Lines Pilots Ass'n, Intern. v. Dept. of Aviation of City of Chicago, 1993 WL 462834 (N.D. Ill. 1993) ("That defamatory speech is entitled to only limited protection under the First Amendment is well-known hornbook law.").[6] In this case, Dr. Eppley's claims focus on the falsity and harassment inherent in Ms. Iacovelli's statements. The record before the Court demonstrates that Ms. Iacovelli and her associates, through their publicity campaign, have made many public, intentionally misleading statements. Intentional lies do not materially advance society's interest in "uninhibited, robust, and wide-open" debate on public issues. New York Times Co. v. Sullivan, 376 U.S. 254, 265 (1964). Falsehoods belong to that category of utterances that "are no essential part of any exposition of ideas, and are of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality." Chaplinsky v. New Hampshire, 315 U.S. 568, 572 (1942). Thus, such statements are afforded limited First Amendment protection.

Given the lesser First Amendment protection afforded statements like those made by Ms. Iacovelli, enjoining her from continuing to make such statements does not run afoul of the Constitution. As Indiana courts have held, when the speech enjoined is of lesser constitutional value because it is false and defamatory, and the injunction operates to address specifically that speech, the injunction passes constitutional muster under the

---

[6]Furthermore, "speech on matters of purely private concern is of less First Amendment concern." Carey v. Brown, 447 U.S. 455, 467 (1980).

First Amendment. See Barlow v. Sipes, 744 N.E.2d 1, 10 (Ind.Ct.App. 2001). Furthermore, when a defendant has engaged in an intentional "smear campaign" through defamatory internet publications, injunctive relief is proper. International Profit Associates, Inc. v. Paisola, 461 F.Supp.2d 672 (N.D.Ill. 2006) ("[I]t does not violate the principles of the First Amendment to enjoin defendants from continuing to include certain information on their website that is, on the record before the Court, demonstrably false and defamatory, and that [Plaintiff] has shown will cause it irreparable harm and against which it has no adequate remedy at law.")

Thus, in the case at bar, the First Amendment does not diminish the likelihood that Dr. Eppley will succeed on the merits of his claims, nor does it preclude equitable relief in the form of an injunction.

*B. Balance of Harms*

Ms. Iacovelli's efforts to "destroy" Dr. Eppley threaten to inflict irreparable harm to him. By directly associating her allegedly failed surgery with his business and person, the resultant damage to his reputation would likely be permanent. According to Dr. Eppley, he will also continue to suffer great and irreparable economic harm, and any post-infliction measures would not suffice to overcome the publicity.[7] Although Ms.

[7]Dr. Eppley testified that many of his patients have inquired about information they acquired from the websites created by Ms. Iacovelli and her associates. According to Dr. Eppley, patients and prospective patients cancel consultations and surgeries with him every month because of information they have received on websites created by Ms. Iacovelli and her (continued...)

Iacovelli's ability to create publicity will be diminished, under the scope of the injunction, the only harm that will be done to her is the prevention of publicizing her defamatory statements and planned suicide in connection with Dr. Eppley's name. We conclude that the balance of harms favors Dr. Eppley.

*C. Public Interest*

In large part, the public interest implicated in the case at bar is summarized in the First Amendment discussion above. Iacovelli's false statements do not materially advance society's interest in "uninhibited, robust, and wide-open" debate on public issues. New York Times Co., 376 U.S. at 265. Furthermore, Iacovelli's plan to publicize her suicide in an effort to defame Plaintiff is harmful and contrary to the public interest. Public policy therefore favors the issuance of an injunction.

*D. Construction of the Injunction*

The wording of a preliminary injunction is central to achieving its effect, for it is only through its wording that the parties (and others, if affected) will be on notice as to what conduct is enjoined or compelled.

> Rule 65(d) of the Federal Rules of Civil Procedure requires that the injunction set "forth the reasons for its issuance; . . . be specific in terms; . . . [and] describe in reasonable detail, and not by reference to the complaint or other

---

[7](...continued)
associates.

> document, the act or acts sought to be restrained." See also Marseilles Hydro Power, LLC v. Marseilles Land and Water Co., 299 F.3d 643, 646 (7th Cir. 2002) (stating that any injunction issued by a federal district court must be detailed and specific to ensure proper enforcement through contempt proceedings or otherwise); PMC, Inc. v. Sherwin-Williams Co., 151 F.3d 610, 619 (7th Cir. 1998) (finding that an injunction must "be precise and self-contained, so that a person subject to it who reads it and nothing else has a sufficiently clear and exact knowledge of the duties it imposes on him that if he violates it he can be adjudged guilty of criminal contempt"). This requirement of specificity spares courts and litigants from struggling over an injunction's scope and meaning by informing those who are enjoined of "the specific conduct regulated by the injunction and subject to contempt." Marseilles Hydro Power, 299 F.3d at 647 (citing Consumers Gas & Oil, Inc. v. Farmland Indus., Inc., 84 F.3d 367, 371 (10th Cir. 1996)); Hispanics United of DuPage County v. Village of Addison, 248 F.3d 617, 620 (7th Cir. 2001).

Patriot Homes, Inc. v. Forest River Housing, Inc., 512 F.3d 412, 414-15 (7th Cir. 2008).[8]

## *III. Conclusion*

For all of the foregoing reasons, Plaintiff's Motion for Preliminary Injunction is GRANTED. A separate and specific injunction order shall be issued accordingly.

IT IS SO ORDERED.

Date: 04/17/2009

Sarah Evans Barker

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Gary P. Price
LEWIS & KAPPES
gprice@lewis-kappes.com

[8]Furthermore, Defendant will not suffer any undue financial hardship as a result of the Preliminary Injunction, and therefore no security is required from Plaintiff.

Todd Arthur Richardson
LEWIS & KAPPES
trichardson@lewis-kappes.com

Joseph Peter Rompala
LEWIS & KAPPES
jrompala@lewis-kappes.com

LUCILLE IACOVELLI
3 Deer Hollow Road
Forestdale, MA 02644

**EXHIBIT "13"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DR. BARRY EPPLEY, MD, DMD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:09-cv-386-SEB-JMS |
| vs. | ) | |
| | ) | |
| LUCILLE IACOVELLI, | ) | |
| | ) | |
| Defendant. | ) | |

**PRELIMINARY INJUNCTION**

The Plaintiff, Dr. Barry Eppley, by counsel, having filed his Motion for Preliminary Injunction, and the Court having reviewed said Motion, and taken evidence on the Motion, now, pursuant to Federal Rule of Civil Procedure 65, THEREFORE ORDERS, ADJUDGES AND DECREES, as follows:

The Defendant, Lucille Iacovelli, her agents, and those in active concert and participation with her, pending final judgment in this cause, and until such time as this action is fully and finally adjudicated, or until otherwise ordered by the Court in order to fully effectuate the purposes of this injunction, are hereby directed and enjoined as follows:

1. All postings on the internet, made by the Defendant, her agents, those in active concert and participation with her, and those who have offered their services to the Defendant for the purposes of publicity, intimidation, and/or harassment, at any website controlled or operated by the Defendant, her

agents, those in active concert and participation with her, or those who have offered their services to the Defendant for the purposes of publicity, intimidation, and/or harassment, which were made subsequent to the initiation of this action of March 30, 2009, and which refer to:

a. the Plaintiff, Dr. Barry Eppley, MD, DMD

b. the Plaintiff's attorneys, either by specific name or by reference to the law firm of Lewis & Kappes, P.C., in ways that touch on or otherwise reflect the issues in this litigation;

c. and any efforts undertaken by the Plaintiff, or his attorneys, to inform the Massachusetts State Department of Health as to the Defendant's suicide threats, and any description of the actions taken by that authority in furtherance of its duties;

shall be removed immediately; and

d. The Defendant shall likewise cease in all manner the issuance and/or distribution of emails and similar communications, whether by her or others, which convey or tend to convey or contain any communication, statement or content as observed above;

2. The Defendant is directed to clearly and explicitly request, direct, instruct, and take all actions within her power in an effort to cause her agents, those in active concert and participation with her, and all those who have offered their services to the Defendant for the purposes of publicity, intimidation, and/or harassment to:

a. remove all postings identified above in Paragraph 1 of this Order

b. cease making any further postings within the scope of Paragraph 1(a)-1(d) of this Order, while this Order remains in effect;

c. remove any websites created after the initiation of this litigation within the scope of Paragraph 1(a)-(d), including, but not limited to:

i. www.eppleyplasticsurgerysucks.com

ii. www.barryeppleyplasticsurgeon.com

iii. Www.lewis-kappessucks.com

d. refrain from registering, establishing, or otherwise creating any new and additional websites or domain names which use the Plaintiff's registered and protected name, or any part thereof, or the names of Plaintiff's attorneys and Plaintiff's counsel's law firm;

e. and refrain from making further posting on any existing or new website to the matters identified in Paragraph 1(a)-(d) of this Order;

3. The Defendant, her agents, those in active concert and participation with her, and those who have offered their services to the Defendant for the purpose of publicity, intimidation, and/or harassment are instructed to remove the following websites:

i. www.eppleyplasticsurgerysucks.com;

ii. www.barryeppleyplasticsurgeon.com;

iii. www.lewis-kappessucks.com

4. The Defendant, her agents, those in active concert and participation with

her, and those who have offered their services to the Defendant for the purpose of publicity, intimidation, and/or harassment are instructed to remove any links on existing websites controlled or operated by them to the websites identified in Paragraph 3 of this Order;

5. The Defendant, her agents, those in active concert and participation with her, and those who have offered their services to the Defendant for the purpose of publicity, intimidation, and/or harassment refrain from registering, establishing, or otherwise creating any new and additional websites, domain names, links, tags, or other devices which use the Plaintiff's registered and protected name, or any part thereof, as part of any effort to imitate the Plaintiff, redirect internet traffic from the Plaintiff's own websites, or otherwise drive internet traffic to the Defendant's websites, and away from the Plaintiff's;

6. The Defendant, her agents, and those in active concert and participation with her, and those who have offered their services to the Defendant for the purpose of publicity, intimidation, and/or harassment are restrained from issuing and/or distributing emails and similar communications, regardless of their origin, which convey or contain any communication, statement or content disparaging the Plaintiff's name, his business or his reputation associated with the claims asserted in this lawsuit;

7. The Defendant, her agents, those in active concert and participation with her, and those who offered their services to the Defendant for the purpose of

publicity, intimidation and/or harassment, are restrained from requesting, directing, instructing, or otherwise attempting to cause any other individual or third-party to perform any acts which they themselves are otherwise prohibited from taking by this Order.

**IT IS SO ORDERED.**

Date: 04/17/2009

[signature]
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Gary P. Price
LEWIS & KAPPES
gprice@lewis-kappes.com

Todd Arthur Richardson
LEWIS & KAPPES
trichardson@lewis-kappes.com

Joseph Peter Rompala
LEWIS & KAPPES
jrompala@lewis-kappes.com

LUCILLE IACOVELLI
3 Deer Hollow Road
Forestdale, MA 02644

**EXHIBIT "14"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DR. BARRY EPPLEY, MD, DMD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:09-cv-386- SEB-JMS |
| vs. | ) | |
| | ) | |
| LUCILLE IACOVELLI, | ) | |
| | ) | |
| Defendant. | ) | |

The Honorable Sarah Evans Barker, Judge
Entry for April 17, 2009

On this date, Dr. Eppley appeared in person and by counsel for the evidentiary hearing on Plaintiff's Motion for Preliminary Injunction. [Docket No. 12.] Defendant did not appear, either in person or by counsel. Court Reporter, Kate Andrews, transcribed the proceedings.

! Plaintiff, by counsel, presented evidence to the Court. Plaintiff's Exhibits 1, 2, 3, and 4 were admitted into evidence.

! Given the absence of Defendant or an attorney appearing on Defendant's behalf, the Court did not receive evidence from Defendant.

! The Court ruled, as more fully explicated on the record, that, based on the evidence before it, Plaintiff had established his entitlement to the issuance of a preliminary injunction and that a Preliminary Injunction would be entered on the Court's docket before the end of the day.

! The Court stated that Plaintiff's Motion for Sanctions [Docket No. 18] remained under advisement and explained that if Defendant and her associates fail to comply with the Court's Preliminary Injunction, the Court will, upon a renewed request by Plaintiff, set a hearing at which Defendant will be required to appear and show cause why she should not be held in contempt and sanctioned.

! The proceedings were then adjourned.

Copies to:

Gary P. Price
LEWIS & KAPPES
gprice@lewis-kappes.com

Todd Arthur Richardson
LEWIS & KAPPES
trichardson@lewis-kappes.com

Joseph Peter Rompala
LEWIS & KAPPES
jrompala@lewis-kappes.com

LUCILLE IACOVELLI
3 Deer Hollow Road
Forestdale, MA 02644

# EXHIBIT "15"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| DR. BARRY EPPLEY, MD, DMD,<br><br>Plaintiff,<br>vs.<br><br>LUCILLE IACOVELLI,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:09-cv-386-SEB-JMS |

**ENTRY**

A scrivener's error exists in paragraph 3 of the Entry issued on April 17, 2009, and is corrected through the amendment of that Entry.

The **corrected and amended paragraph 3** of the Entry issued on April 17, 2009, is as follows:

> 3. The defendant's motion for an order to show cause has features of a request for sanctions pursuant to Rule 11 of the *Federal Rules of Civil Procedure* and highlights of the defendant's counterclaim against the plaintiff and the law firm representing the plaintiff. Insofar as the motion for an order to show cause rests on Rule 11, the motion violates the Rule's requirement that such a motion be preceded by notice to the opposing party and a 21-day opportunity to cure the allegedly improper pleading. Insofar as the motion for an order to show cause rests on the theories asserted in the defendant's counterclaim and third-party complaint, an order to show cause is not a procedurally appropriate means by which to develop or resolve such claims, and the counterclaim defendant has been given until a specific date in the future in which to file an answer or other responsive pleading to the counterclaim. For these reasons, therefore, the defendant's motion for an order to show cause (dkt 43) is **denied.**

**IT IS SO ORDERED.**

Date: 04/21/2009

[signature]
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Gary P. Price
LEWIS & KAPPES
gprice@lewis-kappes.com

Todd Arthur Richardson
LEWIS & KAPPES
trichardson@lewis-kappes.com

Joseph Peter Rompala
LEWIS & KAPPES
jrompala@lewis-kappes.com

Lucille Iacovelli
3 Deer Hollow Road
Forestdale, MA 02644

**EXHIBIT "16"**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| DR. BARRY EPPLEY, MD, DMD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 1:09-cv-386-SEB-JMS |
| | ) | |
| LUCILLE IACOVELLI, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Complaint of Judicial Misconduct**

The complaint of judicial misconduct filed by the defendant on April 24, 2009, has been considered.

Insofar as the complaint of judicial misconduct can be construed as a renewed request for the recusal of the undersigned, **the request is denied** for the same reasons as explained in paragraph 4 of the Entry issued on April 17, 2009, and in Part II the Entry of April 16, 2009.

Insofar as the complaint of judicial misconduct can be understood as presenting an actual complaint of alleged misconduct, the pending litigation is not the proper place in which to raise such matters. To this extent, the defendant is **referred** to information and forms available from a website, http://www.ca7.uscourts.gov/7sitemap.htm. If she is unable to access that website, she may obtain the form for filing such a complaint, which includes instructions as to where such matters are to be presented, from the Clerk of this Court or from the Clerk of the Court of Appeals.

**IT IS SO ORDERED.**

Date: 04/28/2009

[signature]
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Gary P. Price
LEWIS & KAPPES
gprice@lewis-kappes.com

Todd Arthur Richardson
LEWIS & KAPPES
trichardson@lewis-kappes.com

Joseph Peter Rompala
LEWIS & KAPPES
jrompala@lewis-kappes.com

Lucille Iacovelli
3 Deer Hollow Road
Forestdale, MA 02644

# EXHIBIT "17"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| DR. BARRY EPPLEY, MD, DMD,<br><br>Plaintiff,<br>vs.<br><br>LUCILLE IACOVELLI,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:09-cv-386-SEB-JMS |

**Entry and Notice**

It was noted in paragraph 3 of the Entry issued on April 13, 2009, that "[t]he defendant's filing of April 9, 2009 (dkt 24) . . . **is not effective as a purported counterclaim or third-party complaint."** (Emphasis in original.) Consistent with that observation and ruling, the further statement in the Entry of April 21, 2009, that the plaintiff had through April 29, 2009, in which to file an answer to the defendant's counterclaim was a mis-statement and **is rescinded.**

**IT IS SO ORDERED.**

Date: 04/30/2009

[signature]
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Gary P. Price
LEWIS & KAPPES
gprice@lewis-kappes.com

Todd Arthur Richardson
LEWIS & KAPPES
trichardson@lewis-kappes.com

Joseph Peter Rompala
LEWIS & KAPPES
jrompala@lewis-kappes.com

Lucille Iacovelli
3 Deer Hollow Road
Forestdale, MA 02644

# EXHIBIT "18"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| DR. BARRY EPPLEY, MD, DMD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 1:09-cv-386-SEB-JMS |
| | ) | |
| LUCILLE IACOVELLI, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry and Notice**

The plaintiff's motion for order to show cause (dkt 18) and supplemental motion for order to show cause (dkt 51) are **granted,** and further proceedings are directed, consistent with the following:

1. The defendant shall have **through May 18, 2009**, in which to file a written response to such motions; and

2. The court will thereafter determine what further proceedings, if any, are warranted based on the claims made in the plaintiff's motions.

**IT IS SO ORDERED.**

Date: 05/01/2009

[signature]
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Gary P. Price
LEWIS & KAPPES
gprice@lewis-kappes.com

Todd Arthur Richardson
LEWIS & KAPPES
trichardson@lewis-kappes.com

Joseph Peter Rompala
LEWIS & KAPPES
jrompala@lewis-kappes.com

Lucille Iacovelli
3 Deer Hollow Road
Forestdale, MA 02644

# EXHIBIT "19"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| DR. BARRY EPPLEY, MD, DMD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 1:09-cv-386-SEB-JMS |
| | ) | |
| LUCILLE IACOVELLI, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. Defendant has again incorrectly filed a complaint of judicial misconduct in this action. That document (dkt 61) is **stricken** from the file and docket in this action so that it may be forwarded as directed in paragraph 2 of this Entry.

2. The **clerk shall forward** the complaint of judicial misconduct received from the defendant to the Clerk, United States Court of Appeals, Room 2722, 219 S. Dearborn Street, Chicago, IL 60634 with a copy of this Entry.

3. The defendant's request for leave to proceed *in forma pauperis* with respect to her appeal from the issuance of the preliminary injunction (dkt 60) is **denied** because in the circumstances of this case there is no reasonable basis on which it could be argued that the issuance of such injunction was erroneous. Her appeal is therefore taken in bad faith. *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000) ("to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit").

4. Insofar as the defendant's second affidavit (dkt 63) has been submitted to oppose the defendant's motion for preliminary injunction, it is both untimely and inadequate. Insofar as the second affidavit is submitted for the purpose of the defendant putting on record, unconnected with any pending motion or evidentiary proceeding, statements and materials pertaining to her medical condition and/or the claims in this case, it is of no effect.

5. The defendant's motion to strike (dkt 62) is **denied** as untimely, as precluded by the defendant's waiver by failing to attend and participate in the hearing of April 17, 2009, and as unpersuasive.

**IT IS SO ORDERED.**

Date: 05/15/2009

[signature]

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Gary P. Price
LEWIS & KAPPES
gprice@lewis-kappes.com

Todd Arthur Richardson
LEWIS & KAPPES
trichardson@lewis-kappes.com

Joseph Peter Rompala
LEWIS & KAPPES
jrompala@lewis-kappes.com

Lucille Iacovelli
3 Deer Hollow Road
Forestdale, MA 02644

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS OTHER THAN DOCKETING AND DISTRIBUTION.