RECEIVED & FILED

'09 MAY 21 AM 11 53

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

Rich Bergeron
147 OLD COUNTY ROAD
East Sandwich, MA 02537
Telephone: (617) 209-4325
Defendant as Pro Se Attorney

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>XYIENCE, INC., A Nevada Corporation<br><br>Debtor. | No. BK-S-08-10474-MKN<br>Chapter 11<br><br>Eighth Judicial District Court<br>Las Vegas, Clark County, Nevada<br>Case No. A544781, Dept. XXIII |
| XYIENCE INCORPORATED, a Nevada Corporation,<br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON, an individual<br>Defendant. | CASE NO. BK-2-08-AP-01082-MKN<br><br>**DEFENDANT AND COUNTERCLAIMANT'S SUPPLEMENTAL BRIEF IN ADVANCE OF HEARING ON AMENDED MOTION FOR RULE 11 AND 9011 SANCTIONS; AND FORMAL REQUEST FOR BRIEFING PERIOD WAIVER IN RESPECT TO RECENTLY SUBMITTED AFFIDAVITS** |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | Hearing Date:<br><br>Time: 9:30 AM<br><br>Location: 300 Las Vegas Blvd. South<br>Courtroom #2<br>Las Vegas, NV 89101 |

**DEFENDANT AND COUNTERCLAIMANT'S SUPPLEMENTAL BRIEF IN ADVANCE OF HEARING ON AMENDED MOTION FOR RULE 11 AND 9011 SANCTIONS; AND FORMAL REQUEST FOR BRIEFING PERIOD WAIVER IN RESPECT TO RECENTLY SUBMITTED AFFIDAVITS**

**INTRODUCTION:**

Defendant and counter-claimant Rich Bergeron presents this motion and supporting evidence primarily to request a waiver of the briefing period constraints and support the outstanding, yet to be heard, AMENDED MOTION FOR RULE 11 AND 9011 SANCTIONS with newly acquired evidence which reveals ongoing fraud being committed by the new leadership of the company. This behavior further supports sanctions against: the plaintiff Xyience; original Xyience Attorney Jamie Cogburn; Attorneys John Mowbray, Jon Pearson and Laurel Davis and their firm: Fennemore and Craig; Attorney Pamela Lawson and her firm Hunterton and Associates; Attorneys Matthew C. Zirzow and Gregory Garman and their firm: Gordon and Silver, LTD; Frank Fertitta, Jr.; Frank Fertitta III; Lorenzo Fertitta; Bill Bullard; Zyen, LLC; Zuffa Marketing, LLC; Kirk Sanford; Karim Maskatiya; Omer Sattar; Adam Frank; Zuffa, LLC; Station Casinos; and Fertitta Enterprises.

As an individual who likely knew nothing about the company before consulting the above-named individuals and entities and relying on their testimony to make public comments (See Rich Bergeron Affidavit in support of this brief), Csaba Reider has not shown any indication as of yet that he should be sanctioned, but future such statements may subject him to being added to this request. At the very least, Mr. Reider has a fiduciary duty to determine the facts about the Russell Pike situation before he makes public comment about it. Besides, what would he know of the "old Xyience regime," anyway, without having to be spoon-fed this information to make public by those who *were* in a position to know? Unfortunately for Mr. Reider those who informed him of the "old regime" were sophisticated enough to lie about their own transgressions during that particular time period. Before he makes his own future conclusions and factual statements in this scenario, Mr. Reider should from this point on do his own independent research to verify this information before making such statements and conclusions public.

The above named parties should be sanctioned for orchestrating, bringing, and pursuing--without any adequate investigation of the facts--a frivolous suit against Bergeron based on the federal and state provisions of Rule 11 and bankruptcy rule 9011, which is nearly identical in purpose, design, and format as Rule 11. This behavior also injured the class of shareholders invested

in Xyience as the purpose of this entire litigation was to silence and severely handcuff Bergeron's ability to report on the facts as Xyience was being purposely driven into the ground by Fertitta Enterprises and its co-conspirators to promote a fraudulent bankruptcy.

The above-named parties are either directly, indirectly, or completely vicariously culpable for continuing, funding, instigating, and/or fraudulently orchestrating the filing and maintenance of this frivolous lawsuit against Bergeron. Their egregious behavior continues to this day with the latest company missive delivered by newly crowned CEO Csaba Reider, insinuating falsely that the company's past bad behavior could all be attributed to Russell Pike's tax evasion.

The latest company press release (attached to the Bergeron Affidavit in support of this brief) further distorts the record of the above-named individuals' and entitities' fraudulent activity, evidence of which has been properly placed on the docket thus far by Bergeron, including the recent filing of five investor affidavits. These have been filed past the briefing period because Bergeron has been waiting to acquire a total of 10 affidavits to file at once. While he has fallen a few affidavits short, other affidavits are still in the works, including one from Former Xyience CEO Bill Underhill. Noticing that no hearing has been set for this motion yet, it does not appear to be prejudicial to the defense of the sanctions motion to attach these affidavits at this juncture and allow this brief as well. A hearing on the motion can still accordingly be set in a manner that gives the opposition appropriate time to respond to these filings.

Furthermore, the recent indictment of Russell Pike is very key to the proper adjudication of this case, and the attached Affidavit from Bergeron outlines new information and evidence that proves it was Bergeron's initial report which led to the investigation, and his communications with IRS Agent Adam Steiner that have helped the investigation along. Also, the indictment's charges coincide with portions of the initial complaint Bergeron sent in a letter to the IRS in September of 2007. (see attached affidavit)

**ARGUMENT:**

The information and sworn statements outlined in the recently filed affidavits are all crucial to accurately determining the need for sanctions, and more importantly the total cost of such sanctions and which individuals and entities should bear the bulk of those costs. These individuals are shareholders recorded on the official company list entered into the core bankruptcy case as part

of Docket # 1-7. (see attached affidavit evidence)

Many of Bergeron's reports that were offered to the court as "evidence" that Bergeron defamed Xyience have been proven to be viable by way of the recent IRS indictment of Russell Craig Pike, the Former CEO of Xyience. Bergeron's initial reports detailed Pike's various transgressions before the government became intimately aware of them and prosecuted him for the offenses. Bergeron inspired the investigation and assisted with it as well. This fact should not be lost on the court, because it illustrates Bergeron's ultimate intent here is not malicious. This fact also shows that Bergeron is not acting here out of any actual malice or reckless disregard the truth. Under "the truth is the ultimate defense" doctrine, this recent indictment shines a bright spotlight on the unconstitutionality of the existing preliminary injunction in this case. Bergeron is also still actively providing the SEC information in regard to Xyience, although he is not allowed to reveal the full extent of his cooperation in that case.

The recent press release put out by Xyience talks of the "reorganization" of Xyience and moving on from some of the unfavorable history associated with the company. Unfortunately the baggage attached to the company in past years can't simply be jettisoned due to the changing of names and hands involved in this case. Some of Russell Pike's illegal behavior was literally sanctioned and given a free pass in order for the Fertitta Enterprises investment group to entice Pike to sign away the voting rights to his shares along with several other high-volume shareholders associated with Pike. Michael Clark, mentioned in the IRS complaint but not in the indictment (although Bergeron has information and knowledge that shows the "nominee" mentioned in the affidavit is at least in one instance Michael Clark), was also forced to relinquish his voting rights against his will as a proposed means to save the company (See Clark Affidavit).

Furthermore, since the Fertitta takeover (see recent affidavits from shareholders) Xyience engaged in repeated and consistent activities which purposely defrauded shareholders in order to unjustly enrich the entities and individuals behind this fraudulent bankruptcy. The Fertitta investment was always framed as a way to prevent bankruptcy when in fact it was always designed by the perpetrators as a way to actually trigger the bankruptcy in their favor. Promises were made and broken with specific intent to commit massive fraud at the expense of a class of shareholders who have been as of yet undefended adequately.

Bergeron can only do so much to show this Court that there are families, individuals, and

business entities that have all been negatively affected by the transgressions involved in the grand conspiracy that brought rise to the sanctions motion. Since this instant case is what prevented many shareholders from learning of the true fraud going on behind the scenes that led to them being defrauded, it is essential to treat this Rule 11 motion as primarily designed to benefit the entire class of damaged shareholders. Unfortunately, some class members have either been directly engaged in the fraud that created this situation or had a fiduciary duty to prevent or alert others to this fraud and did not. As such, separate hearings should ensue with the specific purpose of eliminating class members from benefiting from any sanctions due to evidence (which Bergeron and others will provide in future pleadings and affidavits) of their involvement in the above described capacities. It should be generally understood that those named in the amended sanctions motion should be automatically eliminated for consideration from relief despite their class membership. Yet, there are various other entities and individuals that may not be culpable for sanctions here but nonetheless defrauded the shareholder class in other ways unrelated to this litigation but significant enough to warrant their exclusion from the class.

A hearing should be set on the Amended Motion For Rule 11 and 9011 Sanctions providing at least 30 days time for the opposition to respond to these recent filings and for Bergeron to raise the appropriate funds to make the trip to Las Vegas. Judge Nakagawa has previously promised he would set such a hearing for a time in the future, but as of yet he has not done so. In light of Bergeron's financial condition or lack thereof, sufficient time should be granted to allow him to appropriately plan for attending such a hearing and to allow him to lobby some of the shareholders involved to help foot the travel bill since he will be fighting on their behalf.

**CONCLUSION:**

Xyience only recently altered the company's home page to reflect the newly organized entity's true sponsorship situation. Despite Bergeron's indication of this ongoing fraud early on in this case, steps were taken only recently to correct this fraud. Yet, if this was supposed to be an indication that the new Xyience would be free of scandal and controversy, the press release that followed a little while later completely dispelled that possibility. On one hand the company has come clean and stopped representing that it still sponsors fighters that have nothing to do with the company anymore. On the other hand the new company CEO refuses to recognize that Russell Pike

is by no means the only one who has taken blatant advantage of the company and its 380 plus registered shareholders in order to line their own pockets.

This most recent behavior perpetrated by some of the above named individuals and entities who should be sanctioned indicates that the perpetrators of this bankruptcy intend to make Russell Pike the ultimate fall guy, as was most likely their intent from the beginning. Their scapegoating of Pike does not erase their own culpability, however. A full and fair hearing on the amended sanctions motion will bear out all this information through Bergeron's live testimony and cross-examination, testimony and cross-examination of local witnesses, and cross-examination of all the parties deserving sanctions.

Wherefore: Defendant and Counter Claimant Rich Bergeron respectfully requests a waiver of the briefing period constraints set by Judge Nakagawa to allow for additional evidence inclusion related to the previously filed Amended Rule 11 and 9011 Motion. All five recently filed affidavits should be allowed to be considered by Judge Nakagawa as far as the culpability of those Bergeron has asked for sanctions against. This instant brief and attached affidavit should also be allowed for the same reasons, and the new evidence included in Bergeron's latest affidavit should also be considered in light of no clear hearing date in this matter being set at this point. The Court has the ultimate discretion to set the date of said hearing appropriately in light of the need for the opposition to weigh and respond to this new evidence. Further, Bergeron urges the trustee of this bankruptcy to take a closer look at who perpetrated the core case and why. Much like the IRS followed the money to Russell Pike's indictment based on Bergeron's formal complaint, the trustee in this case should do the same and find out that Bergeron's claims in this case have been correct all along.

***Dated this 5th day of May, 2009.***

IN PROPER PERSON

Rich Bergeron

Rich Bergeron
147 Old County Road
East Sandwich, MA 02537
617-209-4325
Attorney Pro-Se
Rich.Bergeron@gmail.com