GORDON SILVER
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gordonsilver.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for Fertitta Enterprises, Inc.

E-Filed On June 15, 2009

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>XYIENCE, INCORPORATED,<br>a Nevada corporation,<br><br>Debtor. | Case No.: BK-S-08-10474-MKN<br>Chapter 11 |
| XYIENCE INCORPORATED,<br>a Nevada corporation,<br><br>Plaintiff,<br>v.<br><br>RICHARD BERGERON, an individual,<br><br>Defendant. | Adversary No. 08-1082-MKN<br><br>**OPPOSITION OF COUNTERDEFENDANT, FERTITTA ENTERPRISES, INC., TO THE SUPPLEMENTAL BRIEF OF DEFENDANT/COUNTERCLAIMANT, RICHARD BERGERON, IN ADVANCE OF STATUS HEARING ON AMENDED MOTION FOR RULE 11 AND 9011 SANCTIONS; AND FORMAL REQUEST IN RESPECT OF RECENTLY SUBMITTED AFFIDAVITS** |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | Date: N/A<br>Time: N/A |

Counterdefendant, Fertitta Enterprises, Inc., a Nevada corporation ("Fertitta Enterprises"), by and through its counsel, the law firm of Gordon Silver, hereby submits its Opposition (the "Opposition") to the Supplemental Brief Of Defendant/Counterclaimant, Richard Bergeron, In Advance Of Status Hearing On Amended Motion For Rule 11 And 9011 Sanctions; And Formal Request In Respect Of Recently Submitted Affidavits (the "Supplemental Brief") [Adv. Docket No. 178].[1] The Supplemental Brief is also supported by an Affidavit of Rich Bergeron (the "Bergeron Affidavit") [Adv. Docket No. 179] in support thereof. The Supplemental Brief requests that the Court allow the five (5) additional affidavits (collectively, the "Affidavits") [Adv. Docket Nos. 169-173] filed by Defendant/Counterclaimant, Richard Bergeron ("Mr. Bergeron") in this matter after the close of briefing and while various matters were submitted for decision with the Court.

Mr. Bergeron waited several weeks after filing the Affidavits to file his Supplemental Brief and the Bergeron Affidavit in support thereof. Prior to the filing of his Supplemental Brief, however, Fertitta Enterprises filed its Motion to Strike Affidavits, And For Civil Contempt And Filing Bar (the "Motion to Strike") [Adv. Docket No. 175]. The propriety of Bergeron's filing his Affidavits has already been addressed in the Motion to Strike, and thus to avoid redundancy, Fertitta Enterprises hereby incorporates by reference those points and authorities herein. Simply stated, the Affidavits (and the new Bergeron Affidavit) add absolutely nothing of relevance to the Amended Sanctions Motion, nor are they timely under the briefing schedule ordered by the Court, and even though Mr. Bergeron had possession of the Affidavits prior to the close of briefing.

Mr. Bergeron argues in his Supplemental Brief that all of his recent filings after the close of briefing "are all crucial to accurately determining the need for sanctions, and more importantly the total cost of such sanctions and which individuals and entities should bear the bulk of those costs." Supplemental Brief, ¶ 3, ll. 24-25. As previously discussed in Fertitta

[1] Like nearly all of his other motions filed in this case, Mr. Bergeron never set his Supplemental Brief for hearing in accordance with LR 9014(b). Mr. Bergeron has been advised repeatedly throughout this case about the need to have his motions set for hearing, yet he has still failed to do so.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

Enterprises' Opposition to Mr. Bergeron's Amended Sanctions Motion [Adv. Docket No. 150], however, Mr. Bergeron has never established any entitlement to an award of sanctions in the first place, or the standing to assert claims on behalf of shareholders. As such, all of Mr. Bergeron's new filings are irrelevant.

Mr. Bergeron's filing of the Supplemental Brief and his new Bergeron Affidavit is a further illustration of why this Court needs to impose a filing bar on Mr. Bergeron with respect to this case and Fertitta Enterprises, as Mr. Bergeron apparently cannot help himself but to continue to pursue this frivolous litigation as against Fertitta Enterprises under a "sanctions" theory, even when his underlying claims as against Fertitta Enterprises have been dismissed with prejudice.

WHEREFORE, Fertitta Enterprises respectfully requests that the Court deny any relief requested in Mr. Bergeron's Supplemental Brief, strike the Bergeron Affidavit, and grant Fertitta Enterprises such other and further relief as is just and proper.

DATED this 15th day of June, 2009.

GORDON SILVER

By: ______________________

GREGORY E. GARMAN, ESQ.
MATTHEW C. ZIRZOW, ESQ.
Attorneys for Fertitta Enterprises, Inc.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555