E-Filed On 9-14-09

GORDON SILVER
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gordonsilver.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for Fertitta Enterprises, Inc.

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>XYIENCE, INCORPORATED,<br>a Nevada corporation,<br><br>Debtor. | Case No.: BK-S-08-10474-MKN<br>Chapter 11 |
| XYIENCE INCORPORATED,<br>a Nevada corporation,<br><br>Plaintiff,<br>v.<br><br>RICHARD BERGERON, an individual,<br><br>Defendant. | Adversary No. 08-1082-MKN |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | **OPPOSITION OF FERTITTA ENTERPRISES, INC., TO DEFENDANT AND COUNTERCLAIMANT, RICHARD BERGERON'S, EX PARTE MOTION: (1) TO DISMISS FOR FAILULRE TO PROSECUTE; (2) FOR SUMMARY JUDGMENT ON COUNTERCLAIM; and (3) TO COMPEL HEARING ON RULE 9011 SANCTIONS**<br><br>Date: N/A<br>Time: N/A |

Fertitta Enterprises, Inc., a Nevada corporation ("Fertitta Enterprises"), by and through its counsel, the law firm of Gordon Silver, hereby submits its opposition (the "Opposition") to the Ex Parte Motion (the "Motion") [Docket No. 187] filed by Defendant/Counterclaimant, Richard Bergeron ("Mr. Bergeron"), seeking the following: (1) to dismiss Xyience's claims against him for failure to prosecute, (2) for summary judgment on his counterclaim against Xyience, and (3) to compel a hearing on his previously filed, fully briefed, and submitted Amended Sanctions Motion [Docket No. 136].[1]

Because Fertitta Enterprises is no longer a party to this litigation—indeed, it has been dismissed with prejudice from this litigation, and also consistent with its prior practice even when it was a party to this litigation of not taking any position with respect to matters solely involving Xyience, Fertitta Enterprises again takes no position with respect to Mr. Bergeron's first and second requests in his Motion. With respect to Mr. Bergeron's third request for relief in his Motion--seeking to compel a hearing, on an *ex parte* basis no less, on his Amended Sanctions Motion--Fertitta Enterprises objects for the reasons as set forth below.

Mr. Bergeron's instant Motion raises a similar issue to that previously raised, fully briefed, argued and submitted in Fertitta Enterprises' Motion to Strike Affidavits, and For Civil Contempt And Filing Bar (the "Motion to Strike") [Docket No. 175], on which the Court held a hearing on July 1, 2009, but has yet to decide. Specifically, on February 24, 2009, the Court entered its Scheduling Order [Adv. Docket No. 160], which required that all briefing on the Amended Sanctions Motion be completed by March 26, 2009, and that the matter was thereafter "deemed submitted." Notwithstanding this clear order from the Court that no further briefing or evidence would be permitted after this date, Mr. Bergeron has seized upon the Court's delay in deciding his Amended Sanctions Motion to continually file further pleadings—including not only the untimely and improper Affidavits dealt with in the Motion to Strike, but also now the instant Motion—in direct contravention to the Scheduling Order. Mr. Bergeron's motives in undertaking this pattern of improper conduct are clear: harassment of Fertitta Enterprises to try

[1] Unless otherwise indicated, all capitalized terms herein shall have the same meaning as set forth in Fertitta Enterprises' Motion to Strike.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

and extort some kind of nuisance settlement, and also to attempt to introduce further "evidence" in support of his Amended Sanctions Motion.

First, Mr. Bergeron's Motion seeking relief on an *ex parte* basis is improper pursuant to LR 9014(a) and (b), which requires that all matters be set for hearing. As such, Mr. Bergeron's Motion should be summarily denied on this basis for his failure to follow the Local Rules, which Mr. Bergeron has been made well aware of and repeatedly violated throughout this case.[2]

Second, Mr. Bergeron's Motion is directly contrary to the Court's previous Scheduling Order, and thus is, at best, an attempt to seek relief from that decision, including specifically to close briefing on the Amended Sanctions Motion as of March 26, 2009. See, e.g., In re Walker, 332 B.R. 820 (Bankr. D. Nev. 2005). Specifically, Mr. Bergeron argues that the death of Frank Fertitta Jr. on August 21, 2009, and a letter from the Arizona Department of Gaming regarding a notice of intent to deny a state certification to a third party--Global Cash Access, Inc.—somehow bring his Amended Sanctions Motion to the forefront and necessitate a hearing on it. Neither of the foregoing constitute good cause for relief from the dates imposed by the Scheduling Order, however, for all of the same reasons previously articulated in Fertitta Enterprises' Opposition [Docket No. 150] to Bergeron's Amended Sanctions Motion. Mr. Bergeron's Amended Sanctions Motions is completely without merit, and thus all of his further filings thereafter, including the instant Motion, are equally without merit.

WHEREFORE, Fertitta Enterprises respectfully requests that the Court deny Mr. Bergeron's Motion, and grant Fertitta Enterprises such other and further relief as is just and proper.

DATED this 14th day of September, 2009.

GORDON SILVER

By: [signature]
GREGORY E. GARMAN, ESQ.
MATTHEW C. ZIRZOW, ESQ.
Attorneys for Fertitta Enterprises, Inc.

[2] See Fertitta Enterprises' Opposition to the Amended Sanctions Motion [Docket No. 150, pp. 8-9].





Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555