FENNEMORE CRAIG, P.C.
Laurel E. Davis (NV Bar No. 3005)
Jon T. Pearson (NV Bar No. 10182)
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 692-8000
E-mail: ldavis@fclaw.com
E-mail: jpearson@fclaw.com

Attorneys for Plaintiff/Counter-Defendant
Xyience Incorporated

**E-filed September 22, 2009**

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>XYIENCE INCORPORATED,<br>a Nevada corporation,<br><br>Debtor. | Chapter 11<br><br>No. BK-S-08-10474-MKN |
| XYIENCE INCORPORATED, a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON, an individual<br><br>Defendant. | Adv. No. 08-01082 |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | Date: N/A<br>Time: N/A |

**XYIENCE INCORPORATED'S JOINDER IN FERTITTA ENTERPRISES, INC.'S OPPOSITION TO DEFENDANT AND COUNTERCLAIMANT, RICHARD BERGERON'S, EX PARTE MOTION: (1) TO DISMISS FOR FAILURE TO PROSECUTE; (2) FOR SUMMARY JUDGMENT ON COUNTERCLAIM; AND (3) TO COMPEL HEARING ON RULE 9011 SANCTIONS**

Plaintiff/Counter-Defendant Xyience Incorporated ("Xyience" or the "Debtor"), joins Counter-Defendant Fertitta Enterprises, Inc.'s ("Fertitta Enterprises") *Opposition to Defendant and Counterclaimant, Richard Bergeron's, Ex Parte Motion: (1) to Dismiss for Failure to Prosecute; (2) for Summary Judgment on Counterclaim; and (3) to Compel Hearing on Rule 9011 Sanctions* ("Opposition"), Docket No. 188, to the extent of the legal arguments presented by the Fertitta Enterprises in their Opposition concerning the basis for this Court to deny Richard Bergeron's ("Bergeron") request to compel a hearing on his Rule 9011 sanctions motion, which has been fully briefed and submitted to this Court. Additionally, the Debtor joins Fertitta Enterprises' legal argument regarding Bergeron's failure to comply with LR 9014(a) and (b),[1] which requires that all matters be set for hearing. Fertitta Enterprises, however, did not take a position with respect to Bergeron's first and second requests in his *Ex Parte Motion: (1) to Dismiss for Failure to Prosecute; (2) for Summary Judgment on Counterclaim; and (3) to Compel Hearing on Rule 9011 Sanctions* ("Motion"), Docket No. 187, because such requests solely involve the Debtor. (*See* Opposition at 2:8-12.) As such, the Debtor will address Bergeron's first and second requests below.

**A. There is no basis to dismiss the Debtor's claims against Bergeron under Bankruptcy Rule 7041 for failure to prosecute.**

Bankruptcy Rule 7041, incorporated Rule 41, provides that a defendant may move for the involuntary dismissal of a complaint for the "failure of the plaintiff to prosecute or to comply with these rules or any order of court." *See* Fed.R.Civ.Pro. 41(b). Dismissal with prejudice is a

[1] In the text and footnotes of this Joinder, all references to "Section" shall be to the provisions of the Bankruptcy Code in Title 11 of the United States Code, unless otherwise indicated. All references to "Rule" shall be to the Federal Rules of Civil Procedure. All references to "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure. All references to "LR" shall be to the Local Rules of Bankruptcy Practice of the United States District Court for the District of Nevada.

harsh sanction and, thus, courts should employ dismissal under Rule 41(b) only after determining that none of the lesser available sanctions would be appropriate. *Enlace Mercantil Internacional, Inc. v. Senior Indus., Inc.*, 848 F.2d 315, 317 (1st Cir. 1988); *see also Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir.1985) (providing that dismissal of a claim under Rule 41(b) is a sanction of last resort, applicable only in extreme circumstances). However, dismissal may be appropriate even absent consideration of lesser sanctions where the plaintiff has engaged in "extreme conduct," such as knowing disobedience of a court order. *Rivera Diaz v. Am. Airlines, Inc.*, 433 F.3d 120, 123 (1st Cir. 2005).

In determining whether to dismiss a case for lack of prosecution, courts are required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). There must also be a showing of unreasonable delay. *Id.* Courts are not required to make explicit findings on the essential factors. *Id.*

Bergeron has provided this Court with no basis to dismiss the Debtor's claims under Rule 41(b). In sum, Bergeron contends that: (1) counsel for the Debtor "has repeatedly made mention of the liquidation trustee as the one who will effectively end the matter against Bergeron"; (2) the Debtor has "made no effort to make sure a scheduling conference is held"; (3) the Debtor has "made no push for discovery"; (4) "other than the removal paperwork there have been no offensive pleadings filed by [the Debtor's] legal counsel in over 16 months"; and (5) "no attempts made by [the Debtor] to otherwise settle this litigation." (*See* Motion at 3:23 through 4:2.) Based on these contentions, it is clear that Bergeron has once again failed to understand basic rules of procedure. Bergeron did not, however, make any allegations that the Debtor has violated any order from this Court. Indeed, the only violations of this Court's orders alleged herein have been made against Bergeron.

The Court has continued the scheduling conference, and on February 24, 2009, the Court entered an order which, among other things, noted that "[a] separate scheduling order with respect to the adversary proceeding will be entered by the court as appropriate." (*See* Order, at Docket No. 160.) To date, the Court has not yet calendared a new scheduling conference. Despite Bergeron's contentions, the Debtor does not control the Court's calendar nor does it set the court's calendar. Thus, until the Court enters a scheduling Order, the Debtor has no intention (nor obligation) to seek any discovery from Bergeron. Moreover, Bergeron failed to cite to any legal authority which provides this court with a basis for dismissing a case under Rule 41(b) because a party failed to make any attempt to settle the lawsuit, and indeed, there is no such authority. The only plausible exception would be if there was an order from the Court requiring the parties to participate in settlement discussions, and one party failed to participate. This Court has not entered such an order. In any event, the record before this Court clearly demonstrates that any attempt to settle this case with Bergeron would be pointless.

Furthermore, the Debtor has previously informed this Court that it felt obligated to preserve the modified preliminary injunction that was entered against Bergeron, pending the Plan Effective Date and transition of this matter to the Plan Trustee. This case has caused the estate to incur fees and costs for responding to Bergeron's numerous motions that have no basis in either law or fact. The Debtor reiterates that it is the Liquidating Trustee, not the Debtor, who should make the determination whether this case is worth pursuing.

Unfortunately, however, the Plan Trustee identified by the plan of reorganization confirmed by this Court did not accept his appointment. Since then, counsel for the Debtor has been diligently working with counsel for the Official Committee of Unsecured Creditors ("Committee") to locate a successor Plan Trustee and counsel acceptable to the Debtor and the Committee. After many months of effort, the Debtor and Committee have found a potential successor Plan Trustee and they are finalizing the terms of his engagement and that of his professionals. As a result, the Debtor believes that an appropriate Motion will be filed within the

next forty-five (45) days. Once a successor Plan Trustee has been appointed, the Trustee can decide whether and how to proceed with this and other litigation on behalf of the estate. For these reasons, and based on Bergeron's failure to provide this Court with any basis to dismiss the Debtor's claims under Rule 41(b), this Court should deny Bergeron's Motion.

**B. Bergeron's Request for Summary Judgment Must Be Denied.**

Bergeron is seeking to have this Court enter summary judgment "[o]n the First Cause of Action set forth in the Counter-Complaint, dated November 3, 2008, for judgment against [the Debtor] in the reduced amount of $1,000,000.00, plus after-accruing interest thereon, together with reasonable fees and costs of collection." (*See* Motion at 4:23 through 5:2.) Bergeron's only claim against the Debtor is for defamation. The Debtor filed its reply to Bergeron's counterclaim on November 24, 2008, as Docket No. 110, denying Bergeron's allegations that he was defamed by the Debtor.

LR 9014(c)(1) provides that "[t]he motion must state the facts on which it is based and ***must contain a legal memorandum***." LR 9014(c)(1) (emphasis added). Moreover, LR 7056(a) provides "[m]otions for summary judgment must include a concise statement setting forth each fact material to the disposition of the motion that the party claims is, or is not, genuinely in issue, citing the particular portions of any pleading, affidavit, deposition, interrogatory, answer, admission or other matter on which the party relies."

Bergeron has failed to provide any legal memorandum to support summary judgment on his claim for defamation. Although Bergeron attempted to provide citations to the legal standard for summary judgment, he failed to provide any other legal authority concerning claims for defamation. Instead, he simply referred to some of his previous filings, which include the affidavits of: (1) Gary Nelson, Docket No. 109; (2) Bart Donovan, Docket No. 108; and (3) Bergeron, Docket No. 107.[2] None of these affidavits, however, provide any evidentiary basis for

---

[2] Bergeron fails to direct this Court to the specific affidavits he is referring to, but it has been assumed he is referring to the affidavits he filed in support of his counterclaim.

this Court to enter summary judgment in favor of Bergeron on his claim for defamation. Most of the allegations in the affidavit submitted by Bart Donovan, who is a former shareholder, but not an officer or director of the Debtor, contain impermissible hearsay (*e.g.*, paragraphs 4 through 10, and 12.) Additionally, Bergeron has failed to provide to this Court any admissible evidence concerning the amount of damages he is now seeking. Although Bergeron has kindly reduced his request from $10 Million to $1 Million, it appears that this reduced amount is purely an arbitrary number that has no real connection to any alleged damages he incurred based on his claim for defamation. Bergeron has simply failed to provide this Court with any basis to grant summary judgment in his favor. Accordingly, for these reasons, Bergeron's Motion for summary judgment must be denied.

## **CONCLUSION**

For the reasons set forth above, this Court should deny Bergeron's Motion.

DATED this 22nd day of September, 2009.

FENNEMORE CRAIG, P.C.

By: /s/ Laurel E. Davis________
Laurel E. Davis
Jon T. Pearson

Attorneys for Plaintiff/Counter-Defendant
Xyience Incorporated

## CERTIFICATE OF SERVICE

1. On September 22, 2009, I served the following document(s):

**XYIENCE INCORPORATED'S JOINDER IN FERTITTA ENTERPRISES, INC.'S OPPOSITION TO DEFENDANT AND COUNTERCLAIMANT, RICHARD BERGERON'S, EX PARTE MOTION: (1) TO DISMISS FOR FAILURE TO PROSECUTE; (2) FOR SUMMARY JUDGMENT ON COUNTERCLAIM; AND (3) TO COMPEL HEARING ON RULE 9011 SANCTIONS**

2. I served the above-named document(s) by the following means to the persons as listed below:

[x] a. **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

MATTHEW C. ZIRZOW: bankruptcynotices@gordonsilver.com, bknotices@gordonsilver.com

[x] b. **United States mail, postage fully prepaid** (list persons and addresses):

Mr. Richard Bergeron
147 Old Country Road
East Sandwich, MA 02537

Mr. Richard Bergeron
147 Old County Road
East Sandwich, MA 02537

Mr. Richard Bergeron
43 Longhill Drive
East Sandwich, MA 02537

[ ] c. **Personal Service** (List persons and addresses):

[ ] For a party represented by an attorney, delivery was made by handling the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

[ ] For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

[ ] d. **By direct email (as opposed to through the ECF system)** (list persons and email addresses):

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ] e. **By fax transmission** (list persons and fax numbers):

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

[ ] f. **By messenger**:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service. (A declaration by the messenger must be attached to this Certificate of Service).

**I declare under penalty of perjury that the foregoing is true and correct**.

DATED this 22nd day of September, 2009.

/s/ Mia Hurtado
An Employee of Fennemore Craig, P.C.