FENNEMORE CRAIG, P.C.
Laurel E. Davis (NV Bar No. 3005)
Jon T. Pearson (NV Bar No. 10182)
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 692-8000
E-mail: ldavis@fclaw.com
E-mail: jpearson@fclaw.com

Attorneys for Plaintiff/Counter-Defendant
Xyience Incorporated

**E-filed October 8, 2009**

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>XYIENCE INCORPORATED,<br>a Nevada corporation,<br><br>Debtor. | Chapter 11<br><br>No. BK-S-08-10474-MKN |
| XYIENCE INCORPORATED, a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON, an individual<br><br>Defendant. | Adv. No. 08-01082 |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | Date: OST REQUESTED<br>Time:<br><br>**MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR THE PLAINTIFF/COUNTER-DEFENDANT** |

FENNEMORE CRAIG, P.C., by and through Laurel E. Davis, moves to withdraw as counsel for the Plaintiff/Counter-Defendant. This Motion is made and based upon the points and authorities set forth below, the accompanying Declaration of Laurel E. Davis, the papers and pleadings on file herein and any evidence adduced at the time of the hearing of this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested herein is Sections 105 and 1142(b) of the Bankruptcy Code. Bankruptcy Rule 2014, Local Rule 2014 and Local Rule IA also govern this Motion.

**II.**

**STATEMENT OF FACTS**

**A. Procedural History**

4. On January 18, 2008, Xyience filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code. Docket No. 1. Pursuant to an order entered January 31, 2008, Docket No. 55, this Court dismissed, with prejudice, an involuntary petition for relief under chapter 11 of the Bankruptcy Code filed against Xyience on January 3, 2008, as Case No. BK-S-08-10049-MKN.

5. On February 7, 2008, the Court entered its Order Granting Motion for Designation of Responsible Individual, Ordering that Omer Sattar shall serve as the responsible person for the Debtor pursuant to Fed.R.Bankr.P. 9001(5). Docket No. 75.

6. On March 3, 2008, the Court entered its Order approving the Application to Employ Fennemore Craig, P.C. as Counsel for the Debtor and Debtor in Possession. Docket No.

126.

7. From January 18, 2008 through the October 23, 2008 entry of the Plan Confirmation Order, Xyience operated and managed its business affairs as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

8. No trustee or examiner has been appointed.

9. On February 19, 2008, pursuant to Section 1102 of the Bankruptcy Code, the Office of the United States Trustee appointed a statutory committee of unsecured creditors ("Official Committee") consisting of: (i) Professional Bull Riders, Inc.; (ii) WPT Enterprises, Inc.; (iii) Intelligent Media Corporation d/b/a Prime Point Media; (iv) Allen Flavors, Inc.; (v) Arctic Star of Texas, Inc.; and (vi) Venture Packing Packaging. Docket No. 106.

10. On May 19, 2008, Xyience filed its Plan of Reorganization[1] ("Plan"), Docket No. 191, which provided, among other things, that certain Assets would be transferred to a Liquidating Trust for the benefit of certain classes of creditors. The Plan also provides, *inter alia*, that the Liquidating Trust would be organized pursuant to the terms of the Liquidating Trust Agreement, and that upon the Effective Date of the Plan, the Liquidating Trustee would be the representative of the Estate. *Id*.

11. On July 31, 2008, in a supplement to the Disclosure Statement, Xyience identified William A. ("Biff") Leonard as the Liquidating Trustee for the Plan. Docket No. 255.

12. On August 26, 2008, Xyience filed a Supplement in Support of Confirmation of its Plan of Reorganization, Docket No. 291, in which Xyience provided a revised version of the Liquidating Trust Agreement that provided for the appointment of Mr. Leonard as the Liquidating Trustee. On September 26, 2008, Xyience filed a Revised Supplement in Support of Confirmation of its Plan of Reorganization, Docket No. 308, which contained the final version of the Liquidating Trust Agreement and provided a comparison of the original version to the final version clearly identifying all of the revisions requested by the Official Committee as a condition

[1] Defined terms used herein are used as defined in the Plan.

of plan confirmation.

13. On August 26, 2008, this Court held a confirmation hearing on the Plan, at which time certain amendments to the Plan were made and approved by the Court, which amendments were incorporated into the Plan.

14. On October 23, 2008, this Court entered its Order: (1) Approving Debtor's Disclosure Statement; and (2) Confirming Debtor's Plan of Reorganization. Docket No. 321.

15. Post-confirmation, the remaining Assets consist of Litigation Claims, and any rights (including indemnification), setoffs, recoupment, claims and recoveries of Xyience against third parties. The Confirmed Plan transfers these assets to a Liquidating Trust and appoints the Liquidating Trustee as the real party in interest to pursue those Claims for the benefit of the Trust Beneficiaries. Additionally, the statute of limitations with respect to avoidance actions will expire in January of 2010. Moreover, the Plan Effective Date does not occur until after the Liquidating Trustee accepts his appointment. Plan, §§ 1.1.31; Section 9.

16. From and after the Plan Effective Date, "the Liquidating Trust shall act in the place and stead of the Debtor, its directors, officers and employees," the Debtor will be dissolved without Board Action, and the Debtor's officers and directors shall be deemed to have resigned. Plan, §§ 5.1.1 through 5.1.3.

17. After Plan Confirmation, the Liquidating Trustee, Mr. Leonard, expressed concern about the final revisions to the Liquidating Trust Agreement which had an impact on the Trustee's compensation and the Trustee's ability to pay his professionals. For the next several months, Mr. Leonard, the Debtor and their counsel made efforts to resolve these concerns through a further modification of the Liquidating Trust Agreement, and the Debtor made every effort to facilitate a mutually acceptable resolution, making proposals to the Official Committee and Zuffa Marketing who holds a $475,000 super priority chapter 11 administrative expense. Those efforts were ultimately not successful, Mr. Leonard did not accept the appointment as Liquidating Trustee, and the Plan Effective Date has therefore not yet occurred. *See* Declaration of Laurel E.

Davis ("Davis Declaration"), ¶ 2.

18. Over the course of the next several months, the Debtor diligently sought other candidates to serve as Plan Liquidating Trustee, and counsel for the Debtor interviewed 12 additional candidates for successor Liquidating Trustee who resided in the states of California, Nevada, Arizona and Illinois, including five candidates proposed by the Official Committee. Many potential candidates expressed concerns similar to those of Mr. Leonard with respect to the final revisions made to the Liquidating Trust Agreement that impacted the compensation available to the Trustee and his professionals. As a result, it was very difficult to locate a qualified trustee candidate who was willing to accept the appointment. Davis Declaration, ¶3.

19. In March of 2009, the Debtor and the Official Committee selected David Herzog as the successor Liquidating Trustee; however, the Debtor objected to Mr. Herzog's initial choice of counsel because his proposed counsel was presently representing persons had filed disputed claims against the Debtor herein. Davis Declaration, ¶4.

20. After March of 2009, Mr. Herzog requested additional time to locate legal counsel to represent him as Liquidating Trustee. Davis Declaration, ¶5.

21. Subsequent to March of 2009, the Debtor and its counsel continued their search for a successor Liquidating Trustee, with no success. Davis Declaration, ¶6.

22. In July of 2009, Mr. Herzog provided the Debtor with a proposed engagement letter from his legal counsel, Jon Bachman, which contained a contingent fee arrangement. Davis Declaration, ¶7.

23. Other candidates for Trustee, including Mr. Leonard, were provided with a copy of Mr. Bachman's contingent fee agreement in an effort to determine whether or not those candidates would reconsider and serve as Liquidating Trustee if they were permitted to enter into the same contingent fee agreement with the counsel of their choice. None of the trustee candidates accepted the appointment as Successor Liquidating Trustee, even after their receipt and review of Mr. Herzog's proposed contingent fee agreement. Davis Declaration, ¶8.

24. From early August of 2009 through October 6, 2009, the Debtor and its counsel communicated extensively with counsel for the Official Committee and proposed Liquidating Trustee counsel, Mr. Bachman, with respect to the proposed contingent fee agreement and the preparation and filing of a Motion to Implement the Plan which fully discloses the contingent fee agreement and obtains an additional 120 days within which to prosecute claims objections under the Plan. Davis Declaration, ¶9.

25. On October 1, 2009, and pursuant to the Debtor's discussions with the Official Committee, counsel for the Debtor prepared a Motion to Implement the Plan seeking to appoint Mr. Herzog as the Successor Trustee, a request for an order shortening time to hear the Motion and supporting documents. Counsel for the Debtor also communicated with other counsel in the case regarding a request for shortened time, pursuant to the local rules, identifying the Motion to Implement the Plan and the reasons why shortened time was sought. Counsel for Zyen, Zuffa, the Official Committee and the Office of the U.S. Trustee consented to the request for shortened time. Davis Declaration, ¶10.

26. Subsequent to October 1, 2009, counsel for the Official Committee, the Debtor and Debtor's counsel continued to negotiate with Mr. Bachman with respect to the terms and conditions of his proposed engagement letter. On October 6, 2009, and as a result of those communications, Mr. Bachman modified the proposed engagement letter, making certain clarifications and reducing some of the contingent fee percentages, resulting in a revised contingent fee agreement dated October 6, 2009. Davis Declaration, ¶11.

27. The Motion to Implement the Plan was not filed by the Debtor because the Debtor's Authorized Representative resigned at approximately 2:30 p.m. on October 7, 2009. Davis Declaration, ¶12.

28. Counsel for the Official Committee has advised counsel for the Debtor that they intend to revise and file the Motion to Implement shortly. Davis Declaration, ¶13.

29. Counsel for the Debtor has agreed to cooperate with the Official Committee and its

counsel, and she will request an Order Shortening Time to hear both this Motion to Withdraw and the Motion to Implement, including providing the necessary notice to creditors and parties in interest, in order to ensure that the Court will hear both Motions at the same time. Davis Declaration, ¶14.

**B. Debtor's Sole Officer, Director and Designated Representative Has Resigned**

30. On October 7, 2009, Omer Sattar, resigned as the Debtor's Designated Representative. Davis Declaration, ¶12.

31. Mr. Sattar's current mailing address is 662 Tam O'Shanter, Las Vegas, Nevada 89109. Davis Declaration, ¶15.

32. To the best of Debtor's counsel's knowledge, information and belief, Mr. Sattar is not in possession of any of the Debtor's original books and records. Davis Declaration, ¶16.

33. After Plan Confirmation, the Debtor had one Officer and one Director, to-wit: Omer Sattar. The other Director, Michael Levy, resigned from the Debtor's Board of Directors in April of 2009 after the closing of the asset sale to Manchester because Mr. Levy became an employee of Manchester. Davis Declaration, ¶17.

34. Fennemore Craig is the Resident Agent for the Debtor. Davis Declaration, ¶18.

35. All of the Debtor's original books and records, including financial books and records, remained at the Debtor's business address after the closing of the asset sale to Manchester. Mr. Levy is the custodian of those records, and he has remained in continuous possession of those records since the date that he became an employee of the Debtor. Davis Declaration, ¶19.

36. At the time of Mr. Levy's resignation as Chief Financial Officer and a Director, Mr. Levy agreed to cooperate with the Liquidating Trustee to provide the Trustee with the financial books and records necessary to perform his duties pursuant to the confirmed plan, provided that Mr. Levy was given reasonable requests, on reasonable notice. Davis Declaration, ¶20.

37. During the course and scope of its duties as Resident Agent and counsel for the Debtor, Fennemore Craig has obtained copies of certain books and records of the Debtor. It has also gained particular knowledge and information about the Debtor's business, this chapter 11 case and the related adversary proceedings. Upon the appointment of a Successor Liquidating Trustee pursuant to the confirmed Plan (or in the unlikely event of a conversion to chapter 7, the chapter 7 Trustee), upon reasonable request and with reasonable notice, Fennemore Craig will cooperate with the Trustee and assist the Trustee with obtaining the necessary documents and information with which to perform the Trustee's duties and responsibilities. Davis Declaration, ¶21.

**III.**

**LEGAL ARGUMENT**

Local Rule 2014, states, in pertinent part, as follows:

> (a) Appearances. An attorney who appears in a case on behalf of a party is the attorney of record for the party for any and all purposes except adversary proceedings until an order is entered permitting the withdrawal of the attorney or the case is closed or dismissed. …
>
> (b) Withdrawals. See LR IA 10-6 of the Local Rules of Practice for the United States District Court for the District of Nevada.

Part IA of the Local Rules of Practice for the United States District Court of Nevada applies in Bankruptcy Cases. *See*, LR 1001(b)(2). Two rules from Part IA apply here. First, LR 10-6 provides that "No attorney may withdraw after appearing in a case except by leave of court, after notice served on the affected client and opposing counsel." Additionally, LR IA 10-7(a) states, in pertinent part, "[a]n attorney admitted to practice pursuant to any of these rules shall adhere to the standards of conduct prescribed by the Model Rules of Professional Conduct as adopted and amended from time to time by the Supreme Court of Nevada, except as such may be modified by this Court."

Nevada Rules of Professional Conduct Rule 1.16 states, in pertinent part, as follows:

> (b) Except as stated in paragraph (c), a lawyer may withdraw from the representation of a client if: …
>
> (7) Other good cause for withdrawal exists.
>
> (c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

Omer Sattar's resignation as the Debtor's Designated Representative, sole officer and sole director has left Fennemore Craig without a client representative. Fennemore Craig is not able to perform its duties and responsibilities as counsel for the Debtor without a client representative with whom to communicate and from whom it requires client direction with respect to the subject matter of its representation. Because it no longer has a client representative due to the resignation of Omer Sattar, Fennemore Craig has established good cause for withdrawal as counsel for the Debtor.

Additionally, the Official Committee will shortly be filing a Motion to Implement the Plan in order to appoint a Successor Liquidating Trustee and allow the confirmed plan to go effective. Before the Debtor's Designated Representative resigned, the Debtor and the Official Committee were in the process of finalizing this Motion, which will now be finalized and filed by the Official Committee. Upon the Effective Date of the Plan, the Debtor is dissolved, the Debtor's officers and directors are deemed to resign and the Liquidating Trust "shall act in the place and stead of the Debtor, its directors, officers, and employees," Plan, § 5.1.1. Therefore, upon approval of the appointment of a Successor Liquidating Trustee, Fennemore Craig's representation of the Debtor will be fully concluded, the Debtor will have a new representative, a new representative for the Debtor will exist and the confirmed Plan will go effective. Notwithstanding entry of an Order granting this Motion, upon appointment of a Successor Trustee, Fennemore Craig will cooperate with the Liquidating Trustee and assist him with providing the Effective Date Notice and

obtaining the documents and information necessary to perform his duties as responsibilities as Liquidating Trustee.

**IV.**

**CONCLUSION**

The Motion to Withdraw should be granted as set forth above.

Respectfully submitted,

FENNEMORE CRAIG, P.C.

By: /s/ Laurel E. Davis
Laurel E. Davis, Esq.
Jon T. Pearson, Esq.

Counsel for the Debtor