FENNEMORE CRAIG, P.C.
Laurel E. Davis (NV Bar No. 3005)
Jon T. Pearson (NV Bar No. 10182)
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 692-8000
E-mail: ldavis@fclaw.com
E-mail: jpearson@fclaw.com

Attorneys for Plaintiff/Counter-Defendant
Xyience Incorporated

**E-filed October 8, 2009**

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>XYIENCE INCORPORATED,<br>a Nevada corporation,<br><br>Debtor. | Chapter 11<br><br>No. BK-S-08-10474-MKN |
| XYIENCE INCORPORATED, a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON, an individual<br><br>Defendant. | Adv. No. 08-01082 |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | Date: OST REQUESTED<br>Time:<br><br>**DECLARATION OF LAUREL E. DAVIS IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR THE PLAINTIFF/COUNTER-DEFENDANT** |

I, LAUREL E. DAVIS, under penalty of perjury, hereby declare as follows:

1. I am an attorney at law admitted to the bar of the State of Nevada and a Shareholder and Director in the firm of Fennemore Craig, counsel for the Debtor, in the above-referenced matter. I have personal knowledge of the facts recited herein, and I am competent to testify regarding them if called as a witness in this matter.

2. After Plan Confirmation, the Liquidating Trustee, Mr. Leonard, expressed concern about the final revisions to the Liquidating Trust Agreement which had an impact on the Trustee's compensation and the Trustee's ability to pay his professionals. For the next several months, Mr. Leonard, the Debtor and their counsel made efforts to resolve these concerns through a further modification of the Liquidating Trust Agreement, and the Debtor made every effort to facilitate a mutually acceptable resolution, making proposals to the Official Committee and Zuffa Marketing who holds a $475,000 super priority chapter 11 administrative expense. Those efforts were ultimately not successful, Mr. Leonard did not accept the appointment as Liquidating Trustee, and the Plan Effective Date has therefore not yet occurred.

3. Over the course of the next several months, the Debtor diligently sought other candidates to serve as Plan Liquidating Trustee, and I personally interviewed 12 additional candidates for successor Liquidating Trustee who resided in the states of California, Nevada, Arizona and Illinois, including five candidates proposed by the Official Committee. Many potential candidates expressed concerns similar to those of Mr. Leonard with respect to the final revisions made to the Liquidating Trust Agreement that impacted the compensation available to the Trustee and his professionals. As a result, it was very difficult to locate a qualified trustee candidate who was willing to accept the appointment.

4. In March of 2009, the Debtor and the Official Committee selected David Herzog as the successor Liquidating Trustee; however, the Debtor objected to Mr. Herzog's initial choice of counsel because his proposed counsel was presently representing persons had filed disputed claims against the Debtor herein.

5. After March of 2009, Mr. Herzog requested additional time to locate legal counsel to represent him as Liquidating Trustee.

6. Subsequent to March of 2009, the Debtor and its counsel continued their search for a successor Liquidating Trustee, with no success.

7. In July of 2009, Mr. Herzog provided the Debtor with a proposed engagement letter from his legal counsel, Jon Bachman, which contained a contingent fee arrangement.

8. Other candidates for Trustee, including Mr. Leonard, were provided with a copy of Mr. Bachman's contingent fee agreement in an effort to determine whether or not those candidates would reconsider and serve as Liquidating Trustee if they were permitted to enter into the same contingent fee agreement with the counsel of their choice. None of the trustee candidates accepted the appointment as Successor Liquidating Trustee, even after their receipt and review of Mr. Herzog's proposed contingent fee agreement.

9. From early August of 2009 through October 6, 2009, the Debtor and I communicated extensively with counsel for the Official Committee and proposed Liquidating Trustee counsel, Mr. Bachman, with respect to the proposed contingent fee agreement and the preparation and filing of a Motion to Implement the Plan which fully discloses the contingent fee agreement and obtains an additional 120 days within which to prosecute claims objections under the Plan.

10. On October 1, 2009, and pursuant to the Debtor's discussions with the Official Committee, I prepared a Motion to Implement the Plan seeking to appoint Mr. Herzog as the Successor Trustee, a request for an order shortening time to hear the Motion and supporting documents. I also communicated with other counsel in the case regarding a request for shortened time, pursuant to the local rules, identifying the Motion to Implement the Plan and the reasons why shortened time was sought. Counsel for Zyen, Zuffa, the Official Committee and the Office of the U.S. Trustee consented to the request for shortened time.

11. Subsequent to October 1, 2009, counsel for the Official Committee, the Debtor and

I continued to negotiate with Mr. Bachman with respect to the terms and conditions of his proposed engagement letter. On October 6, 2009, and as a result of those communications, Mr. Bachman modified the proposed engagement letter, making certain clarifications and reducing some of the contingent fee percentages, resulting in a revised contingent fee agreement dated October 6, 2009.

12. The Motion to Implement the Plan was not filed by the Debtor because the Debtor's Authorized Representative resigned at approximately 2:30 p.m. on October 7, 2009.

13. Counsel for the Official Committee has advised me that they intend to revise and file the Motion to Implement shortly.

14. I have agreed to cooperate with the Official Committee and its counsel, and I will request an Order Shortening Time to hear both this Motion to Withdraw and the Motion to Implement, including providing the necessary notice to creditors and parties in interest, in order to ensure that the Court will hear both Motions at the same time.

15. Mr. Sattar's current mailing address is 662 Tam O'Shanter, Las Vegas, Nevada 89109.

16. To the best of my knowledge, information and belief, Mr. Sattar is not in possession of any of the Debtor's original books and records.

17. After Plan Confirmation, the Debtor had one Officer and one Director, to-wit: Omer Sattar. The other Director, Michael Levy, resigned from the Debtor's Board of Directors in April of 2009 after the closing of the asset sale to Manchester because Mr. Levy became an employee of Manchester.

18. Fennemore Craig is the Resident Agent for the Debtor.

19. All of the Debtor's original books and records, including financial books and records, remained at the Debtor's business address after the closing of the asset sale to Manchester. Mr. Levy is the custodian of those records, and he has remained in continuous possession of those records since the date that he became an employee of the Debtor

20. At the time of Mr. Levy's resignation as Chief Financial Officer and a Director, Mr. Levy agreed to cooperate with the Liquidating Trustee to provide the Trustee with the financial books and records necessary to perform his duties pursuant to the confirmed plan, provided that Mr. Levy was given reasonable requests, on reasonable notice.

21. During the course and scope of its duties as Resident Agent and counsel for the Debtor, Fennemore Craig has obtained copies of certain books and records of the Debtor. It has also gained particular knowledge and information about the Debtor's business, this chapter 11 case and the related adversary proceedings. Upon the appointment of a Successor Liquidating Trustee pursuant to the confirmed Plan (or in the unlikely event of a conversion to chapter 7 and the appointment of a chapter 7 Trustee), upon reasonable request and with reasonable notice, Fennemore Craig will cooperate with the Trustee and assist the Trustee with obtaining the necessary documents and information with which to perform the Trustee's duties and responsibilities.

I declare under penalty of perjury that these facts are true to the best of my knowledge and belief.

DATED: this 8th day of October, 2009.

/s/ Laurel E. Davis

LAUREL E. DAVIS