FENNEMORE CRAIG, P.C.
Laurel E. Davis (NV Bar No. 3005)
Jon T. Pearson (NV Bar No. 10182)
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 692-8000
E-mail: ldavis@fclaw.com
E-mail: jpearson@fclaw.com

Attorneys for Plaintiff/Counter-Defendant
Xyience Incorporated

**E-filed October 14, 2009**

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>XYIENCE INCORPORATED,<br>a Nevada corporation,<br><br>Debtor. | Chapter 11<br><br>No. BK-S-08-10474-MKN |
| XYIENCE INCORPORATED, a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON, an individual<br><br>Defendant. | Adv. No. 08-01082 |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | Date: N/A<br>Time:<br><br>**EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR THE PLAINTIFF/COUNTER-DEFENDANT** |

On October 8, 2009, Fennemore Craig, P.C. filed its Motion to Withdraw as Counsel of Record for the Debtor in the main bankruptcy case (Docket Nos. 341, 342) and its Motion to Withdraw as Counsel of Record for the Plaintiff/Counter-Defendant herein (Docket Nos. 192, 193). Additionally, On October 12, 2009, The Official Committee of Unsecured Creditors ("Official Committee") filed its Motion to Implement Confirmed Plan of Reorganization in the main bankruptcy case (Docket Nos. 345, 346). On October 13, 2009, an Ex Parte Application for Order Shortening Time was filed to hear the two Motions filed in the main bankruptcy case (Docket Nos. 347, 348). This Ex Parte Application seeks entry of an Order Shortening Time to hear the Motion to Withdraw as Counsel of Record at the same date and time as the Motions are to be heard in the main bankruptcy case.

This Ex Parte Application is made and based upon Fed.R.Bankr.P. 9006, the Declaration of Laurel E. Davis filed as Docket No. 193 herein, and the following Declaration of Laurel E. Davis, memorandum of points and authorities, the accompanying Attorney Information sheet, and the papers and pleadings on file herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**DECLARATION OF LAUREL E. DAVIS**

I, Laurel E. Davis, hereby declare as follows:

1. I am an attorney at law admitted to the bar of the State of Nevada and a Shareholder and Director in the firm of Fennemore Craig, counsel for the Debtor, in the above-referenced matter. I have personal knowledge of the facts recited herein, and I am competent to testify regarding them if called as a witness in this matter.

2. On October 23, 2008, this Court entered its <u>Order: (1) Approving Debtor's Disclosure Statement; and (2) Confirming Debtor's Plan of Reorganization</u>. Docket No. 321.

3. The Trustee identified in the Plan, William ("Biff") Leonard, did not accept the appointment as Liquidating Trustee pursuant to the Plan. Because the Plan Effective Date does not occur until after the Liquidating Trustee accepts his appointment, the Plan Effective Date has

not yet occurred. Plan, §§ 1.1.31; Section 9.

4. Once Mr. Leonard notified the Debtor that he would not accept the appointment as Trustee, the Debtor and I undertook extensive efforts to locate a successor trustee. Since December of 2008, the Debtor and the Official Committee have been working together to find a successor trustee in order to obtain a Plan Effective Date and allow the Liquidating Trustee to commence the work required by the Confirmed Plan.

5. In March of 2009, the Debtor and the Official Committee selected David Herzog as the successor Liquidating Trustee; however, the Debtor objected to Mr. Herzog's initial choice of counsel because his proposed counsel was presently representing persons had filed disputed claims against the Debtor herein.

6. From early August of 2009 through October 6, 2009, the Debtor and I communicated extensively with counsel for the Official Committee and proposed Liquidating Trustee counsel, Mr. Bachman, with respect to a proposed contingent fee agreement and the preparation and filing of a Motion to Implement the Plan which fully discloses the contingent fee agreement and obtains an additional 120 days within which to prosecute claims objections under the Plan.

7. On October 1, 2009, and pursuant to the Debtor's discussions with the Official Committee, I prepared a Motion to Implement the Plan seeking to appoint David Herzog as the Successor Trustee, a request for an order shortening time to hear the Motion and supporting documents. I also communicated with other counsel in the case regarding a request for shortened time, pursuant to the local rules, identifying the Motion to Implement the Plan and the reasons why shortened time was sought. Counsel for Zyen, Zuffa, the Official Committee and the Office of the U.S. Trustee consented to the request for shortened time.

8. Subsequent to October 1, 2009, counsel for the Official Committee, the Debtor and I continued to negotiate with Mr. Bachman with respect to the terms and conditions of his proposed engagement letter. On October 6, 2009, and as a result of those communications, Mr.

Bachman modified the proposed engagement letter, making certain clarifications and reducing some of the contingent fee percentages, resulting in a revised contingent fee agreement dated October 6, 2009.

9. The Motion to Implement the Plan was not filed by the Debtor because the Debtor's Authorized Representative, Omer Sattar, resigned at approximately 2:30 p.m. on October 7, 2009.

10. I therefore prepared and filed my Motion to Withdraw as Counsel of Record on October 8, 2009 in the main case (Docket Nos. 341, 342) and in this case (Docket Nos. 192, 193).

11. On October 12, 2009, the Official Committee filed its Motion to Implement the Plan. Docket Nos. 345, 346.

12. The statute of limitations with respect to avoidance actions will expire in January of 2010.

13. I ask that the Court enter its Order Shortening Time to hear my Motion to Withdraw in this case at the same date and time as the Court hears the Motion to Withdraw and Motion to Implement in the main case.

14. Due to my participation as a presenter at the National Conference of Bankruptcy Judges and a Las Vegas conference for the California Mortgage Association, I am not able to attend a hearing on October 19, on October 20, or during the morning of October 23.

15. The Order Shortening Time will be served within one business day of receipt.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 14th day of October, 2009.

/s/ Laurel E. Davis

Laurel E. Davis

**LEGAL ARGUMENT**

Section 105, Title 11 U.S. Code ("Bankruptcy Code") allows this Court to issue such orders as are necessary to carry out the provisions of this title. Fed.R.Bankr.P. 9006(c)(1) generally permits a Bankruptcy Court, for cause shown and in its discretion, to reduce the period during which any notice is given in accordance with the Bankruptcy Rules.

> Except as provided in Paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of the court, the court for cause shown may in its discretion with our without motion or notice order the period reduced.

Local Rule 9006 provides further authority for shortening the time for a hearing. According to Local Rule 9006(b), every motion for an order shortening time must be accompanied by evidence in support of the basis for the expedited hearing. The above Declaration of Laurel E. Davis amply provides the basis for this request. Additionally, Local Rule 9006 requires the moving party to submit an Attorney Information Sheet providing information regarding notice to, and consent by, opposing counsel. The required Attorney Information Sheet has been prepared and filed contemporaneously with this Application.

**CONCLUSION**

Fennemore Craig therefore requests entry of an order which shortens the time for hearing the Motion as set forth above.

Respectfully submitted,

FENNEMORE CRAIG, P.C.

/s/ Laurel E. Davis
By ______________________________
Laurel E. Davis
Counsel for Plaintiff/Counter-Defendant