**Entered on Docket**
**December 02, 2009**

**Hon. Mike K. Nakagawa**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

In re:

XYIENCE INCORPORATED, a Nevada corporation,

Debtor.

BK-S-08-10474-MKN

Chapter 11

XYIENCE INCORPORATED, a Nevada corporation,

Plaintiff,

v.

RICHARD BERGERON, an individual,

Defendant.

RICHARD BERGERON, an individual,

Counterclaimant,

v.

XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,

Counterdefendants.

Adversary No. 08-1082

Date: March 26, 2009

**MEMORANDUM DECISION ON MOTION OF DEFENDANT/COUNTERCLAIMANT RICH BERGERON TO RECONSIDER COURT'S DECISION ON DEFENDANT AND COUNTERCLAIMANT'S MOTION FOR AN IMMEDIATE SHOW CAUSE HEARING TO STRIKE THE PERJURED DECLARATIONS OF ADAM FRANK (Dkt. # 3, Exh. 3) AND JAMIE COGBURN (Dkt. #3, Exh. 8); AND MOTION TO VACATE THE CLARK COUNTY DISTRICT COURT'S MODIFIED PRELIMINARY INJUNCTION ORDER**

Defendant and Counterclaimant Rich Bergeron's "Motion to Reconsider Court's Decision on Defendant and Counterclaimant's Motion for an Immediate Show Cause Hearing to Strike the Perjured Declarations of Adam Frank (Dkt. # 3, Exh. 3) and Jamie Cogburn (Dkt. #3, Exh. 8); and Motion to Vacate the Clark County District Court's Modified Preliminary Injunction" was filed on February 17, 2009. The court entered an order on February 24, 2009 (Dkt# 160) setting forth a briefing schedule with respect to the matter. The order ("Briefing Order") set forth specific deadlines by which opposition and reply briefs were to be filed. Upon the close of the briefing schedule, the matter was deemed submitted for decision.

## BACKGROUND[1]

On July 18, 2007, plaintiff Xyience Incorporated ("Xyience"), a Nevada corporation, commenced an action against defendant Richard Bergeron in the Eighth Judicial District Court for Clark County, Nevada ("State Court"), denominated Case No. A544781 ("State Court Action"). The complaint is framed as three separate causes of action, alleging defamation, tortuous (sic) interference with prospective economic advantage, and intentional interference with contract. No other parties were named in the complaint.

In the State Court Action, Xyience sought a preliminary injunction against Mr. Bergeron to enjoin him from placing and retaining on his internet website certain allegedly defamatory remarks concerning Xyience. Mr. Bergeron filed written opposition to the requested preliminary injunction.

The State Court ultimately issued an amended preliminary injunction order requiring Mr. Bergeron to remove false information about Xyience from his website and enjoining him from posting any representations intended to create an impression that Xyience is the subject of an investigation by the Securities and Exchange Commission. The preliminary injunction order further directed Mr. Bergeron to remove all articles from his website claiming that Xyience is

---

[1] In the text and footnotes of this Memorandum Decision, all references to "Section" shall be to the provisions of the Bankruptcy Code appearing in Title 11 of the United States Code, unless otherwise indicated. All references to "FRCP" shall be to the Federal Rules of Civil Procedure. All references to "Rule" shall be to the Federal Rules of Bankruptcy Procedure, unless otherwise indicated. All references to "FRE" shall be to the Federal Rules of Evidence.

defrauding investors or is engaged in a conspiracy to defraud investors.

After the preliminary injunction was entered, an involuntary Chapter 11 proceeding was commenced against Xyience on January 3, 2008, denominated Case No. BK-S-08-10049. Thereafter, Xyience commenced a voluntary Chapter 11 proceeding on January 18, 2008, denominated Case No. BK-S-08-10474. On January 31, 2008, the involuntary proceeding was dismissed by stipulation with the petitioning creditors, and the voluntary Chapter 11 proceeding went forward with Xyience as the debtor-in-possession.

While Xyience was in bankruptcy, Mr. Bergeron, appearing *in propria persona,* filed an answer in the State Court Action on February 19, 2008, that included a "Counterclaim for Declamatory (sic) Relief." ("Counterclaim") The Counterclaim includes claims against Xyience, as well as against Fertitta Enterprises, Inc. ("Fertitta"), a Nevada corporation. That pleading is styled as four separate "counterclaims" alleging that Mr. Bergeron was defamed in pleadings filed by Xyience, that his rights under the First Amendment to the United States Constitution had been violated, that tortious interference with prospective economic advantage has occurred, and that he has been subjected to "pain and suffering."

After the Counterclaim was filed, Xyience removed the State Court Action to the bankruptcy court pursuant to a notice of removal filed under 28 U.S.C. section 1452(a). The State Court Action was assigned Adversary Proceeding No. 08-1082. Thereafter, Xyience filed a motion to dismiss the causes of action alleged in the Counterclaim.

On October 14, 2008, a memorandum decision was entered granting Xyience's motion to dismiss. An order was entered granting Xyience's motion to dismiss each of the claims set forth in the Counterclaim, but which also granted Mr. Bergeron leave to amend with respect to his claim for defamation. On November 3, 2008, an amended counterclaim ("Amended Counterclaim") was filed.

On November 24, 2008, Fertitta filed a motion to dismiss the Amended Counterclaim under FRCP 12(b)(6). Mr. Bergeron filed written opposition to which Fertitta filed a written reply brief.

On November 25, 2008, Mr. Bergeron filed his Motion for an Immediate Show Cause

Hearing to Strike the Perjured Declarations of Adam Frank (Dkt. # 3, Exh.3)[2] and Jamie Cogburn (Dkt. #3, Exh. 8)[3]; and Motion to Vacate the Clark County District Court's Modified Preliminary Injunction. Mr. Bergeron's request for an order to show cause ("OSC Motion"), as well as his request to vacate the State Court's preliminary injunction ("Motion to Vacate") were accompanied by the Affidavit of Richard Klingenberg as well as the Affidavit of Rich Bergeron. Xyience filed written opposition to both requests and a limited opposition was filed by Fertitta.

A hearing was conducted on Mr. Bergeron's motions on January 7, 2009, along with Fertitta's motion to dismiss. After oral arguments were presented, all of the matters were taken under submission.

On January 30, 2009, the court entered an order (Dkt# 139) denying the OSC Motion as well as the Motion to Vacate ("January 30 Order") as well as a memorandum decision (Dkt# 138). On February 17, 2009, Mr. Bergeron filed a "Motion to Reconsider Court's Decision on Defendant and Counterclaimant's Motion for an Immediate Show Cause Hearing to Strike to Strike the Perjured Declarations of Adam Frank (Dkt. # 3, Exh.3) and Jamie Cogburn (Dkt. #3, Exh. 8); and Motion to Vacate the Clark County District Court's Modified Preliminary Injunction" ("Reconsideration Motion") accompanied by a supporting affidavit ("Bergeron Affidavit")[4]. Written opposition (Dkt# 164) was filed by Xyience on March 13, 2009 in accordance with the Briefing Order[5], which opposition includes an objection to various portions

---

[2] The Declaration of Adam Frank in Support of an Exparte Application for a Temporary Restraining Order ("Frank Declaration") is attached to Plaintiff's Motion for Preliminary Injunction on an Order Shortening Time, filed in the State Court Action, and a copy of that motion is filed in this adversary proceeding as Exhibit 3 within Docket No. 3.

[3] The Declaration of Jamie Cogburn, Esq. in Support of an Exparte Application for a Temporary Restraining Order ("Cogburn Declaration") is attached to Plaintiff's Motion for Preliminary Injunction on an Order Shortening Time, filed in the State Court Action, and a copy of that motion is filed in this adversary proceeding as Exhibit 8 within Docket No. 3.

[4] The Reconsideration Motion as well as the Bergeron Affidavit appear as document nos. 156 and 157 on the adversary proceeding docket.

[5] The Briefing Order also set a deadline for Mr. Bergeron to file a reply in connection with a separate Amended Motion for Rule 11 and 9011 Sanctions (Dkt#136) that he filed on January 21, 2009. After the briefing period closed and that matter also was deemed submitted in

of the Bergeron Affidavit. ("Xyience Opposition") No reply was filed by Mr. Bergeron.

**DISCUSSION[6]**

It is well-established that the burden of proof lies with the party who asserts the affirmative of an issue. See generally In re Wolff, 22 B.R. 510, 512 (B.A.P. 9th Cir. 1982); Hallinan v. Republic Bank & Trust Co., 519 F.Supp.2d 340, 358 (S.D.N.Y. 2007). When relief from a judgment or an order is sought, the burden of proof is on the moving party. See generally B. Russell, Bankruptcy Evidence Manual § 301.98 (2006 Edition). See, e.g., Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004)(moving party must present "clear and convincing evidence" establishing that the adverse party's misconduct prevented the movant from fully and fairly presenting a defense).

Evidence submitted in support of a motion must meet all of the requirements for admissibility as if the evidence is being offered at the time of trial. See Travelers Casualty and Surety Company of America v. Telstar Construction Company, Inc., 252 F.Supp.2d 917, 922 (D.Ariz. 2003). A declaration or affidavit is a substitute for live testimony and the declarant or affiant must have personal knowledge of the facts stated. See, e.g., United States v. Shumway, 199 F.3d 1093, 1104 (9th Cir. 1999). Likewise, any documentary evidence must be properly authenticated by a person with personal knowledge of the genuineness and execution of the documents offered. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550-51 (9th Cir. 1990). The proponent of the evidence bears the burden of establishing the proper foundation for its admission. See City of Long Beach v. Standard Oil Company of California, 46 F.3d 929, 937 (9th Cir. 1995).

The instant Reconsideration Motion is accompanied by the latest Bergeron Affidavit to which is attached a transcript of a telephone conversation that apparently took place on

---

accordance with the Briefing Order, Mr. Bergeron filed several additional documents regarding the matter that spawned various responses and a separate motion by Fertitta that was heard on July 1, 2009. Those matters will be the subject of a separate memorandum decision and order.

[6] Citations to the written arguments submitted by parties will refer to the page number and then line number, separated by a colon, e.g., 4:10-15 would refer to page 4, line 10 through line 15 of the document.

November 6, 2007 between Mr. Bergeron and individuals identified as Adam Frank and Kirk Sanford.

As previously noted, Xyience objects to the admissibility of portions of the Bergeron Affidavit. See Xyience Opposition at 19:8 to 20:2. No written response to the evidentiary objections was filed by Mr. Bergeron as he did not file a written reply as permitted by the Briefing Order. While the pleadings of a pro se litigant are held to a less stringent standard, see Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972), the court of appeals for this circuit has noted that "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir. 1986). Thus, the requirements for submission of admissible evidence must be observed in disputed matters even for parties appearing without counsel. See, e.g., Proctor v. Safeway Food & Drug, Inc., 2007 WL 2892944 at *6 (D.Ariz. Sep 28, 2007) (submission of admissible evidence in opposition to summary judgment motion).[7] An opposing party obviously may waive objections to the admissibility of the moving party's evidence, but Xyience has not done so in this case.

Xyience objects to Paragraphs 6 through 42, Paragraph 46, and Paragraphs 49 through 59 of the Bergeron Affidavit on grounds that the statements included in those paragraphs are not relevant and therefore are not admissible. See Xyience Opposition at 20:1-2. Xyience also objects on a hearsay basis as to Paragraphs 14, 18, 20, 21, 22, 40, 41, and 57. It further objects to Paragraphs 9, 40 and 41 as referring recordings and materials that are not authenticated under FRE 901. Xyience also objects to Paragraphs 9 and 14 of the latest Bergeron Affidavit on the basis that they refer to settlement discussions inadmissible under FRE 408, and to Paragraphs 16, 17, 25, 26, 28, 29, 30, 32, 34, 35, 36, 37, 38, and 58 on the basis of a lack of personal knowledge as required by FRE 602. Finally, Xyience objects to Paragraph 54 on the grounds that it is an expression of a legal conclusion that is not admissible opinion testimony under FRE 701 or

---

[7] There is some debate over whether specialized notice of the requirements for responding to a summary judgment motion must be given to pro se litigants, see, e.g., Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998)(en banc), but no suggestion has been made that special rules govern the admissibility of evidence offered by a pro se litigant.

admissible expert testimony under FRE 702. See Xyience Opposition at 19:12-26.

Each of the objections timely raised by Xyience are meritorious under the applicable provision of the Federal Rules of Evidence and must be sustained. The remaining portions of the subject Bergeron Affidavit, i.e., Paragraphs 1, 2, 3, 4, 5, 44, 45, 47, 48, 60, 61, 62, 63, and 64 allege matters that do not support relief from the January 30 Order as discussed below.

A "motion for reconsideration" should be analyzed as either a motion to alter or amend a judgment under FRCP 59(e), or a motion for relief from a judgment or order under FRCP 60. See In re Walker, 332 B.R. 820, 826 (Bankr.D.Nev. 2005). Both provisions are applicable in bankruptcy proceedings under Rules 9023 and 9024.

FRCP 59(e) requires that relief from a judgment or order must be sought within 10 days of entry of the judgment or order. Rule 9006(b)(2) does not permit that deadline to be extended.[8] In this case, the Reconsideration Motion was not filed until February 17, 2009, after the 10-day deadline from entry of the January 30 Order. As a result, the court does not have jurisdiction to consider granting relief under FRCP 59(e). See Smith v. Evans, 853 F.2d 155, 157 (3rd Cir. 1988).

Where relief is sought beyond the 10-day period prescribed by FRCP 59(e), relief may be considered under FRCP 60. See In re Wylie, 349 B.R. 204, 209 (B.A.P. 9th Cir. 2006). FRCP 60(a) allows for relief from a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. Subdivision (a) deals includes oversights and omissions as well as unintended acts or failures to act that result in a record that does not properly reflect the intention of the parties or the court. See Pruzinsky v. Gianetti (In re Walter), 282 F.3d. 434 (6th Cir. 2002) (bankruptcy court entered order that was not in accordance with the court's intention; motion to modify the order under Rule 60(a) granted). FRCP 60(a) deals with procedural errors; substantiative errors are dealt with under FRCP 60(b). Mr. Bergeron does not allege, nor does the court find, that any clerical mistakes or procedural errors were made with respect to the January 30 Order and therefore relief under

---

[8] As noted, FRCP 59(e) is applicable in bankruptcy through Rule 9023. Rule 9006(b)(2) specifically prohibits the court from enlarging the time for actions taken under Rule 9023.

FRCP 60(a) is not available.

FRCP 60(b) lists six categories of reasons or grounds on which to base a motion seeking relief from a final judgment, order, or proceeding. They are:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence that by reasonable diligence could not have been discovered in time to move for a new trial;

(3) fraud, misrepresentation or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; or

(6) any other reason that justifies relief from the operation of the judgment.

FRCP 60(b)(1), which deals with mistake, inadvertence, surprise, or excusable neglect, is not supported by the record. The Bergeron Affidavit does not evidence any facts or arguments that were not presented in connection with the OSC Motion or Motion to Vacate that might have affected the outcome. Rather, Mr. Bergeron simply disagrees with the result and has not presented evidence of "mistake, inadvertence, surprise, or excusable neglect" under FRCP 60(b)(1). See generally 11 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure, Civil, § 2858 (3rd Ed. 2009) ("...relief will not be granted under Rule 60(b)(1) merely because a party is unhappy with the judgment."). Moreover, the arguments presented with the Reconsideration Motion as well as the latest Bergeron Affidavit have been considered and would not change the outcome.

FRCP 60(b)(2) addresses "newly discovered evidence", but none has been offered in connection with the Reconsideration Motion nor is any provided by the Bergeron Affidavit.

FRCP 60(b)(3) addresses fraud, misrepresentation, or misconduct by an opposing party. The moving party "must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and [that] the conduct complained of prevented the losing party from fully and fairly presenting the defense." Casey v. Albertson's Inc., supra, 362 F.3d at 1260. The latest Bergeron Affidavit is wholly insufficient to meet this standard and also would not be sufficient under a lesser, preponderance of evidence standard.

FRCP 60(b)(4) allows for relief from judgments or orders that are void for lack of jurisdiction. See United States v. Berke, 170 F.3d 882, 883 (9th Cir. 1999). The court's jurisdiction over the Xyience bankruptcy proceeding, the instant adversary proceeding, and the parties hereto is beyond dispute. The January 30 Order resulted from a motion brought by Mr. Bergeron based on a record that Mr. Bergeron, as the moving party, was obligated to develop. He failed to do so and no argument has been made that the court lacks jurisdiction to enter the January 30 Order.

FRCP 60(b)(5) pertains to orders or judgments that have been satisfied, released, discharged, or that are based on an earlier judgment that has been reversed or otherwise should not be enforced. The January 30 Order is not predicated on any prior determinations and FRCP 60(b)(5) therefore does not apply.

FRCP 60(b)(6) is a "catch-all" provision of sorts that permits relief from an order or judgment for "any other reason that justifies relief." Because the language refers to "other" reasons, relief is not available under FRCP 60(b)(6) if the factual basis for relief would have been encompassed by the other provisions of FRCP 60(b), i.e., 60(b)(1) through 60(b)(5). See United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005) citing Community Dental Services v. Tani, 282 F.3d 1164, 1168 & n.8 (9th Cir. 2002). Relief under this provision requires a showing of "extraordinary circumstances", see United States v. State of Washington, 98 F.3d 1159, 1163 (9th Cir. 1996), such as the enactment of a statute having retroactive application, see, e.g., In re Pacific Far East Lines, Inc., 889 F.2d 242, 250 (9th Cir. 1989), or the gross negligence of the party's counsel, see, e.g., Community Dental Services v. Tani, supra, 282 F.3d at 1169 n.10. When there is a showing of a meritorious claim or defense that was not presented to the court, relief under FRCP 60(b)(6) may be granted. See United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). Extraordinary circumstances do not exist where the moving party made a deliberate litigation choice and subsequently seeks to be relieved from that choice. See Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950).

In his Reconsideration Motion, Mr. Bergeron obviously disagrees with the January 30

Order and reiterates the factual and legal contentions espoused in the OSC Motion and Motion to Vacate. Notwithstanding his repetition, Mr. Bergeron has neither argued nor demonstrated any extraordinary circumstances warranting relief under FRCP 60(b)(6).

**CONCLUSION**

For the reasons set forth above, the "Motion to Reconsider Court's Decision on Defendant and Counterclaimant's Motion for an Immediate Show Cause Hearing to Strike to Strike the Perjured Declarations of Adam Frank (Dkt. # 3, Exh.3)[9] and Jamie Cogburn (Dkt. #3, Exh. 8)[10]; and Motion to Vacate the Clark County District Court's Modified Preliminary Injunction" will be denied. A separate order has been entered concurrently herewith.

Copies noticed through ECF to:

LAUREL E. DAVIS ldavis@fclaw.com, mhurtado@fclaw.com;lgolonka@fclaw.com

JON PEARSON jpearson@fclaw.com, mhurtado@fclaw.com

MATTHEW C. ZIRZOW bankruptcynotices@gordonsilver.com, bknotices@gordonsilver.com

MATTHEW E. MCCLINTOCK mmcclintock@bellboyd.com, sthoma@bellboyd.com

GREGORY E GARMAN bankruptcynotices@gordonsilver.com, bknotices@gordonsilver.com

and sent to BNC to:

RICH BERGERON
147 OLD COUNTY ROAD
EAST SANDWICH, MA 02537

---

[9] The Declaration of Adam Frank in Support of an Exparte Application for a Temporary Restraining Order ("Frank Declaration") is attached to Plaintiff's Motion for Preliminary Injunction on an Order Shortening Time, filed in the State Court Action, and a copy of that motion is filed in this adversary proceeding as Exhibit 3 within Docket No. 3.

[10] The Declaration of Jamie Cogburn, Esq. in Support of an Exparte Application for a Temporary Restraining Order ("Cogburn Declaration") is attached to Plaintiff's Motion for Preliminary Injunction on an Order Shortening Time, filed in the State Court Action, and a copy of that motion is filed in this adversary proceeding as Exhibit 8 within Docket No. 3.