RECEIVED
AND FILED

NOV 1 2010

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

Rich Bergeron
PO Box 5212
Weirs Beach, NH 03247
Telephone: (617) 209-4325
Defendant as Pro Se Attorney

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>XYIENCE, INC., A Nevada Corporation<br><br>Debtor. | No. BK-S-08-10474-MKN<br>Chapter 11<br><br>Eighth Judicial District Court<br>Las Vegas, Clark County, Nevada<br>Case No. A544781, Dept. XXIII |
| XYIENCE INCORPORATED, a Nevada Corporation,<br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON, an individual<br>Defendant. | CASE NO. BK-2-08-AP-01082-MKN<br><br>**DEFENDANT/COUNTER-CLAIMANT RICH BERGERON'S DISPOSITIVE MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:<br><br>Time: 9:30 AM<br><br>Location: 300 Las Vegas Blvd. South<br>Courtroom #2<br>Las Vegas, NV 89101 |
| RICHARD BERGERON, an Individual,<br><br>Counterclaimant,<br><br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation<br><br>Counterdefendant | |

**DEFENDANT/COUNTER-CLAIMANT'S DISPOSITIVE MOTION FOR SUMMARY JUDGMENT**

Defendant/Counter-Claimant, Rich Bergeron ("Bergeron"), pursuant to Rule 56 of the Federal Rules of Procedure respectfully moves this Honorable Court for entry of summary judgment in his favor, and in support thereof, shows the Court the following:

1 There is no genuine issue of material fact in this case.

2 In consideration of the arguments and evidence as set forth in Bergeron's Brief and Memorandum of Fact in Support of Summary Judgment, his attached Affidavit, and the attached Designation of Evidence in Support of Summary Judgment, each of which has been filed contemporaneously herewith, the Counter-Claimant is entitled to summary judgment as a matter of law against the Counter defendant and sanctionable party Xyience, Inc. (Zyen, LLC).

3 There is no just cause for delay in granting summary judgment to the Plaintiff at this time.

WHEREFORE, Defendant and Counter-Plaintiff, Rich Bergeron respectfully requests that:

(1) Summary judgment be granted in his favor on the defamation counterclaim against Xyience, Inc.;

(2) The Court award compensatory damages to Counter-Claimant in the reduced amount of $175,000, or such other sum as the Court may deem just and reasonable in the premises for more than three years of angst, stress, and frustration due to actual defamation of him by Xyience rather than vice versa.

(3) The Court grant such further relief as may be appropriate;

(4) The Court dismiss the initial claim against Bergeron as frivolous and/or order the liquidation trustee to file appropriate dismissal paperwork.

DATED this 11th of November, 2010

IN PROPER PERSON

Rich Bergeron
PO BOX 5212
Weirs Beach, NH 03247
617-209-4325
Attorney Pro-Se
Rich.Bergeron@gmail.com