Rich Bergeron
PO Box 5212
Weirs Beach, NH 03247
Telephone: (617) 209-4325
Defendant as Pro Se Attorney

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>XYIENCE, INC., A Nevada Corporation<br><br>Debtor. | No. BK-S-08-10474-MKN<br>Chapter 11<br><br>Eighth Judicial District Court<br>Las Vegas, Clark County, Nevada<br>Case No. A544781, Dept. XXIII |
| XYIENCE INCORPORATED, a Nevada Corporation,<br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON, an individual<br>Defendant. | CASE NO. BK-2-08-AP-01082-MKN<br><br>**DEFENDANT AND COUNTER-CLAIMANT RICH BERGERON'S AFFIDAVIT IN SUPPORT OF DEFENDANT AND COUNTER-DEFENDANT AND COUNTER-CLAIMANT'S MOTION FOR SUMMARY JUDGMENT** |
| RICHARD BERGERON, an Individual,<br><br>Counter-claimant,<br><br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation<br><br>Counter-defendant | Hearing Date:<br><br>Time: 9:30 AM<br><br>Location: 300 Las Vegas Blvd. South<br>Courtroom #2<br>Las Vegas, NV 89101 |

RECEIVED
AND FILED

NOV 2010

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

# DEFENDANT AND COUNTER-CLAIMANT RICH BERGERON'S AFFIDAVIT IN SUPPORT OF DEFENDANT AND COUNTER-CLAIMANT'S MOTION FOR SUMMARY JUDGMENT

**Richard Edward Bergeron III, being first duly sworn, states as follows:**

1. I am a pro-se representative and have been at all times in these proceedings currently pending as *Xyience, Incorporated vs. Richard Bergeron*, Case #: 08-01082-MKN and currently listed as an adversary proceeding under Debtor Xyience Case #: 08-10474-MKN.

2. I make this affidavit in support of the attached motion for summary judgment and other supporting documents attached to that motion.

3. I have personal knowledge of, and I am competent to testify to the facts contained in this Affidavit, except those matters based upon information and belief and, as to such matters, I believe them to be true.

4. On July 18, 2007 Xyience filed this case against me in Clark County District Court with direct intent to silence my investigative reporting of ongoing fraudulent activity at the struggling supplement company.

5. This case has been continued by all legal representatives handling it for Xyience without regard for the actual facts and true, altruistic motivations behind my investigative reporting.

6. I have been repeatedly defamed in actual documented conversations between Xyience representatives and shareholders, as evidenced by the affidavits of Bartholomew Donovan and Gary Nelson referenced in the designation of evidence filed with the attached Motion For Summary Judgment.

7. Xyience's Liquidation Trustee David Herzog and his Counsel Jon Backman have made no moves to prosecute the initial claim that gave rise to this case since being placed in their positions of oversight in the core bankruptcy proceedings.

8. Attorney Backman relied on my information and documentation (provided to him by both email communications and during a personal visit to Bloomington facilitated by the trustee's office) to pursue various claims against certain parties named in Backman's multiple adversary cases.

9. Exhibit 1 contains records of an extensive itinerary and evidence of payment by the Trustee for a trip Bergeron took to Bloomington, Illinois for a face to face meeting with Backman.

10. Exhibit 2 contains a collection of relevant emails from Mr. Backman including the first contact he made with me regarding this case and attesting that the initial claim against me needed to be disposed of.

11. Since the filing of this bankruptcy and the removal of the instant case to this Court, I have been in contact with multiple sources, both inside and outside of Xyience's day to day operations.

12. One insider currently within the company shared details of a recent (November, 2010) meeting in which my name was brought up and an announcement was made pertaining to a new employee who would be paid a sum of $25,000 to push my Web-site listing off the first page of Google's search engine results for the term "Xyience."

13. Another insider who maintained an office next to key company officials during the ramp up to the fraudulent bankruptcy provided an extensive and detailed background report regarding the motivations and methodology behind the drive to bankruptcy.

14. This report has been entered as an exhibit before this court on multiple occasions.

15. The current insider communicating with me in regard to Xyience's present day defamation of me

explains that sales representatives of Xyience are encouraged to badmouth and discredit me, going as far as blaming me for the company's lack of success at times.

16. Xyience representatives additionally published and promoted blogs making false claims about me, up to and including preposterous allegations that I am gay and had a physical relationship with Mark Neiber, a gentleman who sued Xyience in the early days of my reporting.

17. The slanderous and defamatory blogs were eventually dismantled by the perpetrators, but I later discovered that Xyience employed a gentleman named John Chadwell to address my initial reports.

18. Mr. Chadwell contacted me personally in 2007 and left messages on my answering machine in addition to sending emails detailing a plan to invite me to Xyience headquarters to possibly meet with Dana White and be introduced to some Xyience-sponsored UFC fighters.

19. Multiple comments which were both abusive and defamatory against me were also published on my unlimitedfightnews.com blog, which has a setup to trace IP addresses of each and every commenting party.

20. On several occasions I was able to match Xyience-based IP addresses associated with defamatory comments on my site to IP addresses gleaned from Chadwell's emails to me.

21. The defamation I've suffered is also related to the unspoken attitude of pursuing and maintaining a frivolous case the evidence proves is a complete fraud.

22. I could not hope to even entertain the possibility of a book project or documentary effort on Xyience, which my collected material could certainly support, as long as I am being blamed and falsely characterized by such spurious charges.

23. This presents a scenario in which I am being defamed by proxy, not by any specific statement made in the course of litigation but by the very spirit of the frivolous litigation itself.

24. The additional false explanations by company owners and officials to company employees relating to my reasoning, motivation, and actual evidentiary support in the instant case appears to be ongoing and persisting to this day.

25. The litigation stream in turn persists against me even while the Trustee's office is aware the initial case has no merit and knew as early as December 29, 2009 that the complaint against me needed to be dismissed.

26. These persistent false characterizations and successful attempts to defame me resulted in a constant fight to convince shareholders I have their best interest in mind in moving forward with this case.

27. I have contact information on dozens of key shareholders, but many of them have been told lies about me by company principals at one time or another, and they therefore either never cooperated or took a long time for me to gain their trust.

28. The entire class of shareholders I am fighting for has been duped by the entire bankruptcy process, and in order for Fertitta Enterprises to even be in any position to accomplish the alienation of these shareholders from the company they built, I had to be silenced by the instant case.

29. The defamation I've suffered is injurious to both my psyche and my own stream of important litigation to help the shareholders, and it has destroyed my chances of earning an acceptable living by promoting this case any further than the Internet.

30. The series of investigative reports I authored detailing the Xyience case over the years represent one of the most complicated, stressful, and earnest efforts I've ever undertaken in my life.

31. This collection of detailed reports I created will someday make up a detailed book project or documentary, but the ability to get the ball rolling in that realm will require me to completely

exonerate myself from all claims against me in this court.

32. I have been interviewed by journalists from other Web-sites, featured in a New York City print magazine, and even relied upon by representatives of the company itself to explain the history of what happened leading up to and into the bankruptcy.

33. By the nature of these frivolous claims against me and in a direct effort to clear my own name I have had to pursue legal claims and expose the truth Online in a simultaneous effort I've since become an expert in: the two prong approach.

34. I discovered that promoting, detailing, and proving the facts of the case on a grand scale and pushing my description of what I've found thus far in the public eye is just as important to my success in this case as filing the appropriate documentation and pleadings at the right time.

35. I have at all times had altruistic motivations in pursuing my own claims in this Court, but all the while thus far I have had no adequate financial resources to fully pursue these claims.

36. I have been taken away from paid work writing, editing, and designing Web-sites by work devoted to legal work I am very unfamiliar with as a very design of the case against me.

37. Since bankrupting Xyience through facetious promises to the original shareholders to secure the primary lien position, Zyen, LLC perpetrated the complete takeover of the company by selling it to a friendly "stalking horse bidder" (Manchester Consolidated) that had direct connections to a creditor: Cott Beverages.

38. Fertitta Enterprises officials and Xyience executives coordinated with Manchester to form "Manzen," which would default on their purchase agreement by design, ceding control back to Fertitta Enterprises Subsidiary Zyen, LLC.

39. Exhibit 3 consists of Nevada Business Entity Search results that reveal the nature of these

defaults and the current ownership of Xyience by the same Fertittas who run the UFC, Zuffa, and Zuffa Marketing.

40. Exhibit 4 consists of a filing from the SEC's case against John Orrecchio of AA Capital in which Xyience is mentioned.

41. I always researched everything I personally wrote regarding Xyience, from day one to the present.

42. I always secured multiple reliable sources before printing anything on the subject of Xyience for public consumption.

43. I have made several serious claims of impropriety and downright criminality regarding the behavior of certain officials operating and/or owning Xyience throughout my reporting on the company, but none of the individuals and entities I've named have filed any civil action to object to my reporting.

44. Thus far, only Xyience filed any suit disputing my reports, and then only to dispute a very narrow set of claims posted within an email I received from a third party and subsequently published, not an actual report I wrote myself.

45. I have always gone out of my way to find out the true facts and provide supporting evidence and documentation beyond anonymous sources in this case.

46. The only evidence of any kind Xyience offered throughout this litigation comes from lawyers who cannot testify for their clients and Adam Frank, who is named in both my Rule 9011 motion and multiple claims filed by the Trustee in the core bankruptcy proceedings.

47. The evidence provided against me (most specifically Frank's declaration) is all either false, unfounded, or irrelevant. The bulk of these statements compromising my character and my reporting

consist of hearsay testimony and information Frank and the attorneys would be in no position to know since they did not previously meet or know me and had no way of knowing what my research entailed. The furthering and frivolous maintenance of a case hinging on that type of evidence and false accusations is in spirit defamatory.

DATED this 11th of November, 2010

Rich Bergeron, AFFIANT
PO BOX 5212
Weirs Beach, NH 03247
617-209-4325
Attorney Pro-Se
Rich.Bergeron@gmail.com

Subscribed and Sworn to before me
This 16th day of November, 2010.

NOTARY PUBLIC
My Commission Expires:

KARI L. DAM
Justice of the Peace - New Hampshire
My Commission Expires September

# EXHIBIT 1

Gmail

Rich Bergeron <rich.bergeron@gmail.com>

# Greyhound Ticket Purchase Confirmation and Itinerary (56339767)

**eticket@greyhound.com <eticket@greyhound.com>** **Thu, Jan 28, 2010 at 2:47 AM**
To: rich.bergeron@gmail.com

Thank you for your online order with Greyhound. Your reference number is 56339767.

This is an auto-generated message. Please DO NOT reply to this message by email.

PASSENGERS

Mr Richard Bergeron $287.30 Adult

CREDIT CARD BILLING ADDRESS

141 Green Street
Abington, MA 02351
United States
(617) 209-4325

Pick up ticket(s) at the following station at least one hour before boarding. Tickets may be picked up at either the counter or Ticket Center Express kiosk. Kiosk pick up available only for transactions with card holder traveling.
SOUTH STATION TRANS CTR
700 ATLANTIC AVE
BOSTON, MA

PAYMENT
Subtotal: $287.30
Tax: $0.00
Total: $287.30

Your Purchase Information:
Billed to Mastercard XXXXXXX4684.
Restrictions: NR,RX

TRAVEL INFORMATION

Here is your arrival and departure information, including any connecting bus transfers:

-----------Trip to BLOOMINGTON, IL-----------
01/31/10 07:00am PPP-1815 * Depart BOSTON, MA
01/31/10 11:20am PPP-1815 * Arrive NEW YORK, NY
01/31/10 12:30pm GLI-1673 * Depart NEW YORK, NY
02/01/10 07:35am GLI-1673 * Arrive INDIANAPOLIS, IN
02/01/10 08:35am BTW-1405 * Depart INDIANAPOLIS, IN
02/01/10 10:50am BTW-1405 * Arrive BLOOMINGTON, IL

-----------Return Trip to BOSTON, MA-----------
02/02/10 07:40pm BTW-1408 * Depart BLOOMINGTON, IL
02/02/10 11:49pm BTW-1408 * Arrive INDIANAPOLIS, IN
02/03/10 12:30am GLI-1612 * Depart INDIANAPOLIS, IN
02/03/10 07:20pm GLI-1612 * Arrive NEW YORK, NY

02/04/10 12:15am GLI-1800 * Depart NEW YORK, NY
02/04/10 05:00am GLI-1800 * Arrive BOSTON, MA
Note: * denotes Carrier and Bus Schedule Number.
PPP: PETER PAN BUS LINES POOL; GLI: GREYHOUND LINES, INC.; BTW: BURLINGTON TRAILWAYS

To pick up tickets, the credit card holder must present the credit card used for purchase, the reference number (displayed after purchase) and valid photo ID. If the credit card is not presented, a nonrefundable $15.00 fee will apply.

Pick up tickets during station hours.

This ticket purchase confirmation page is NOT a ticket. You must be issued a ticket to board the bus.

Please arrive at the station one hour prior to scheduled departure, depending upon its hours of operation. If you will be checking baggage, please visit the counter in advance of the scheduled departure time.

Seating is first-come, first-served. In case of insufficient seating capacity, passengers will be placed on succeeding schedules that have available seats.

You have chosen to pick up tickets at the station or designated stop. It is solely the passenger's responsibility to pick up tickets in advance of travel.

Please retain this receipt for your records. For more information about bus travel, please consult the Travel Information section of greyhound.com. For general schedule information, call 1-800-231-2222.

Tickets are non-transferrable and, if presented for transportation by any person other than the one for whom it was originally purchased, will be void and may be confiscated by a Greyhound agent or authorized employee of any bus carrier over which the ticket is issued.

Thank you for choosing Greyhound.

---

Please visit these other websites for your additional travel needs:
Greyhound Package Express - for shipping services across the United States
http://www.shipgreyhound.com
Greyhound Canada - for travel and shipping services across Canada
http://www.greyhound.ca

Rich Bergeron <rich.bergeron@gmail.com>

# Ramada Confirmed Reservation Notification

Ramada Reservations <do-not-reply@wyndhamworldwide.com> Thu, Jan 28, 2010 at 2:53 AM
To: rich.bergeron@gmail.com

To ensure guarantee delivery directly to your inbox, please add to your address book today. Please do not reply to this email, as we are unable to respond from this address.

## Your Receipt



**Reservation Confirmed**

Thank you. Your room reservation has been confirmed. A confirmation has also been sent to . If you need to cancel, you must do so by 4:00 PM local hotel time on February 1, 2010 or your credit card will be charged for one night's stay.

Confirmation Number

66770300

Ramada Limited and Suites Bloomington
919 Maple Hill Rd
I-55 Exit 160
Bloomington, IL 61704 US
Phone: 309-828-0900
Fax:309-828-0131

**NEW PASSPORT RULES**

**Payment Method**

We require a valid credit card to confirm your reservation and guarantee your room. Any required deposit or pre-payment will be charged to this card immediately. Otherwise, your card will not be charged until you check-out.

Case 08-01082-mkn Doc 212 Entered 11/23/10 14:02:16 Page 13 of 30

**Guest Information**

| | |
|---|---|
| Name: | Rich Bergeron |
| Address: | 141 Green Street<br>Abington, MA 02351 |
| Home Phone: | 617-209-4325 |
| Email: | |
| Confirmation #: | 66770300 |
| Comments: | |
| Number of Rooms: | 1 |

**Room Information**

Guaranteed Best Available Rate

***Rate Description:*** Guaranteed Best Available Rate - Available To All Ramada Guests - Thank You For Choosing To Stay With Us

**Cancellation Policy:** If you need to cancel, you must do so by 4:00 PM local hotel time on February 1, 2010 or your credit card will be charged for one night's stay.

**1 Queen Bed Room** **Guaranteed Best Available Rate**
Large Rm Includes One Queen/Smoking /All Standard Amenities Included/ Enjoy Your Stay At Ramada
**Occupancy:** 3 people max

nterprise

| | Per Room/Night |
|---|---|
| **Mon.** 02/01/10 | USD 59.00 |

1 night (1 Room): USD 59.00
Taxes: USD 7.08
* Total: USD 66.08

| Check-in: | | Check-out: | |
|---|---|---|---|
| Mon. February 1 03:00 PM | After | Tue. February 2 12:00 PM | Before |

Rooms and Guests (per room):
1 Room with 1 Adult, 0 Children *(13-17)*, 0 Children *(0-12)*

*** Rate Information**

**In addition to the Rates and Totals shown, other charges may apply for local amenities like safe warranties and telephone access. Local surcharges or service charges are not included in the total room rate. Local taxes may be additional. Please note that a change in the length or dates of your reservation may result in a rate change. Please check with the property for further details.**

We require a valid credit card to confirm your reservation and guarantee your room. Any required deposit or pre-payment will be charged to this card in advance of your arrival. Otherwise, your card will not be charged until you check-out.

Join Wyndham Rewards today and start earning points. Enjoy:

- 6,000+ locations in over 20 countries
- Many reward options, including: free nights, gift cards, airline miles and more
- Exclusive member offers
- 10 points for every US dollar spent

Visit one of the following Wyndham Rewards web sites to Join for FREE:

**Page:** 1
**Date:** 02-Feb-10

**Ramada Limited & Suites**
**919 Maple Hill Road**
**Bloomington, IL 61704**

**Arr Date** 01-Feb-10
**Dep Date** 02-Feb-10

**Guest Name** BERGERON, RICHARD
**Company**
**Address**
**City, State,**

**Room** 216
**Account Id** 70401
**Plan**

| Date | Description | Reference | Charges | Credits | Balance |
|---|---|---|---|---|---|
| 01-Feb-10 | DISCOUNT ROOM CHARGE | Room 216 | 59.00 | 0.00 | 59.00 |
| 01-Feb-10 | ROOM TAX | Room 216 | 7.08 | 0.00 | 66.08 |
| 02-Feb-10 | MASTERCARD | 5312620001354684 | 0.00 | 66.08 | 0.00 |

**Total Folio Page 1** **0.00**

# EXHIBIT 2

Gmail

Rich Bergeron <rich.bergeron@gmail.com>

# Re: DAVID HERZOG, Xyience Trustee

**Jon Backman <jbackman@backlawoffice.com>** **Tue, Dec 29, 2009 at 10:32 PM**
Reply-To: Jon Backman <jbackman@backlawoffice.com>
To: Rich Bergeron <rich.bergeron@gmail.com>
Cc: Jon Backman <jbackman@backlawoffice.com>, Eileen <ebackman@backlawoffice.com>, David Herzog <drhlaw@mindspring.com>

Dear Mr. Bergeron --

I am the attorney for Mr. Herzog and will be taking the lead role in the case for him. I appreciate your email and would like very much to speak with you next week.

I also agree that we need to dispose of the case involving you. Are there any hearing dates approaching?

In any event, please let me know when you will be available to speak. This week is tough because of the holiday, but next week should work.

Thanks for contacting us.

Jon Backman

Law Office of Jonathan A. Backman
www.backlawoffice.com
117 North Center Street
Bloomington, IL 61701
(309) 820-7420
FAX: (309) 820-7430
jbackman@backlawoffice.com

NOTICE:
This communication is covered by the Electronic Communications Privacy Act, found at 18 U.S.C. 2510 et. seq. This message and any attachments are solely for the intended recipient and may contain confidential or privileged information. If you are not the intended recipient, any disclosure, copying, use, or distribution of the information included in this message and any attachments is prohibited. If you have received this communication in error, please notify us by reply e-mail and immediately and permanently delete this message and any attachments. Thank you.

> ----- Original Message -----
> **From:** Rich Bergeron
> **To:** jbackman@backlawoffice.com
> **Sent:** Tuesday, December 29, 2009 9:13 PM
> **Subject:** ATT: DAVID HERZOG, Xyience Trustee
>
> Mr. Herzog,
>
> As you may be well aware, I am engaged in an adversary proceeding in the bankruptcy case of Xyience, Incorporated.

I just read your complaint against Fertitta Enterprises, William Bullard, Adam Frank, Kirk Sanford, and Karim Maskatiya. I would urge you to keep digging and seek other defendants to add to the complaint such as Karim Maskatiya (Omer Satter's uncle and Kirk Sanford's former boss who is said to have invested $5 million in Xyience to help orchestrate the fraudulent bankruptcy). Also, the complaint could potentially include Zuffa, LLC who bankrupted Xyience only after securing a $350 million senior-secured credit facility for the UFC based on the strength of sponsorship noted in the covenants. Frank may have been motivated by money alone, but Sanford and his contingent from Global Cash Access have another mysterious connection to Fertitta Enterprises principals. Station Casinos has a major contract with Global Cash Access that was brokered while Sanford was CEO of that company. Sanford has been involved in Civil RICO claims regarding past business with Maskatiya and Robert Cuccinotta. All of this may not be relevant, but as far as evidence of impropriety, I can certainly provide that. I had a well documented appointment with Sanford myself in New York City. A Xyience shareholder I know contracted a private investigator to spy on Frank and Sanford that weekend (November 15th, 2007), and the investigator took a picture of myself, Frank, Sanford, and another gentleman from Standard General, an investment firm in NYC. We were all attending a lunch meeting at the time. I brought the guest from the investment firm: Robert Lavan. I specifically remember Sanford telling me then that the plan was to bankrupt the company and go "scorched earth."

I would like to put the case against me to rest and assist your efforts if possible. Please contact me at your earliest convenience if you would like to discuss this matter further. Due to financial constraints I currently don't have a working phone line, but I will address that within the coming days. Until then I will be available at this email address.

Thanks,

--
Rich Bergeron
Editor/Writer/Webmaster
www.unlimitedfightnews.com
www.fightnewsunlimited.com
www.rocky49wins.com
www.judgegod.com
www.xyiencesucks.com
www.fightspaceonline.com
THE BEST FIGHT NEWS ON THE NET!!!
617-209-4325

SPONSORED BY:
http://www.1shoppingcart.com/app/?af=1091814
http://shop.ebay.com/supplement.hub/
www.tristatecagefighting.com
www.bulletfightgear.com
www.drinkredux.com

Gmail

Rich Bergeron <rich.bergeron@gmail.com>

# Setting a Date

**Jon Backman <jbackman@backlawoffice.com>** **Fri, Jan 22, 2010 at 9:37 AM**
Reply-To: Jon Backman <jbackman@backlawoffice.com>
To: Rich Bergeron <rich.bergeron@gmail.com>
Cc: Jon Backman <jbackman@backlawoffice.com>, Eileen <ebackman@backlawoffice.com>

Rich —

So I am clear, are you saying that you want the Trust to make payments to you from funds that we are collecting for the benefit of creditors and investors? What would be the basis for the Trust to make such a payment? Did you file a proof of claim in the BK case?

Beyond that issue, I have read everything, or at least nearly everything, you have sent me, and yet I don't see any actual evidence of the plots you are alleging. I read a number of affidavits that support your position that your goal was not to harm Xyience, but instead to defend and protect its creditors and shareholders. And I accept that such is the case. But I am anxious to know whether you have any actual evidence for the other claims you have made regarding the criminality and conspiracies at issue here.

In any event, it is my plan to meet with you on February 1, and I am keeping that day. Please let me know the best way for me to send you $750 for you to make the trip. I am open to trying to understand your position and seek a settlement, though I am a bit concerned that you may be expecting a result — such as cash payments starting shortly after our meeting — that I do not envision as in the cards.

Let me know.

Jon
[Quoted text hidden]

# EXHIBIT 3

# ZYEN, LLC

## Business Entity Information

| | | | |
|---|---|---|---|
| Status: | Active | File Date: | 9/12/2007 |
| Type: | Domestic Limited-Liability Company | Entity Number: | E0637872007-3 |
| Qualifying State: | NV | List of Officers Due: | 9/30/2011 |
| Managed By: | Managers | Expiration Date: | |
| NV Business ID: | NV20071528536 | Business License Exp: | 9/30/2011 |

## Registered Agent Information

| | | | |
|---|---|---|---|
| Name: | WILLIAM J. BULLARD | Address 1: | 10801 W CHARLSETON BLVD |
| Address 2: | STE 600 | City: | LAS VEGAS |
| State: | NV | Zip Code: | 89135 |
| Phone: | | Fax: | |
| Mailing Address 1: | | Mailing Address 2: | |
| Mailing City: | | Mailing State: | NV |
| Mailing Zip Code: | | | |
| Agent Type: | Noncommercial Registered Agent | | |

## Financial Information

| | | | |
|---|---|---|---|
| No Par Share Count: | 0 | Capital Amount: | $ 0 |

No stock records found for this company

## Officers

☐ Include Inactive Officers

Manager - FERTITTA ENTERPRISES INC

| | | | |
|---|---|---|---|
| Address 1: | 10801 W CHARLESTON BLVD STE 600 | Address 2: | |
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89135 | Country: | |
| Status: | Active | Email: | |

## Actions\Amendments

| | | | |
|---|---|---|---|
| Action Type: | Articles of Organization | | |
| Document Number: | 20070624711-80 | # of Pages: | 1 |
| File Date: | 9/12/2007 | Effective Date: | |

(No notes for this action)

| | | | |
|---|---|---|---|
| Action Type: | Initial List | | |
| Document Number: | 20070747055-37 | # of Pages: | 1 |
| File Date: | 10/31/2007 | Effective Date: | |

ILO

| | | | |
|---|---|---|---|
| Action Type: | Annual List | | |
| Document Number: | 20080740396-39 | # of Pages: | 1 |

| | | | |
|---|---|---|---|
| **File Date:** | 11/07/2008 | **Effective Date:** | |
| (No notes for this action) | | | |
| **Action Type:** | Registered Agent Change | | |
| **Document Number:** | 20080740405-50 | **# of Pages:** | 1 |
| **File Date:** | 11/07/2008 | **Effective Date:** | |
| (No notes for this action) | | | |
| **Action Type:** | Annual List | | |
| **Document Number:** | 20090669710-50 | **# of Pages:** | 1 |
| **File Date:** | 9/08/2009 | **Effective Date:** | |
| 09-10 | | | |
| **Action Type:** | Annual List | | |
| **Document Number:** | 20100497792-11 | **# of Pages:** | 1 |
| **File Date:** | 7/07/2010 | **Effective Date:** | |
| (No notes for this action) | | | |

# MANZEN , LLC

## Business Entity Information

| | | | |
|---|---|---|---|
| Status: | Active | File Date: | 3/28/2008 |
| Type: | Domestic Limited-Liability Company | Entity Number: | E0204412008-7 |
| Qualifying State: | NV | List of Officers Due: | 3/31/2011 |
| Managed By: | Managers | Expiration Date: | |
| NV Business ID: | NV20081082139 | Business License Exp: | 3/31/2011 |

## Registered Agent Information

| | | | |
|---|---|---|---|
| Name: | GORDON & SILVER, LTD. | Address 1: | 3960 HOWARD HUGHES PKWY 9TH FL |
| Address 2: | | City: | LAS VEGAS |
| State: | NV | Zip Code: | 89169 |
| Phone: | | Fax: | |
| Mailing Address 1: | | Mailing Address 2: | |
| Mailing City: | | Mailing State: | NV |
| Mailing Zip Code: | | | |
| Agent Type: | Commercial Registered Agent - Corporation | | |
| Jurisdiction: | NEVADA | Status: | Active |

## Financial Information

| | | | |
|---|---|---|---|
| No Par Share Count: | 0 | Capital Amount: | $ 0 |

No stock records found for this company

## Officers

☐ Include Inactive Officers

Managing Member - ZYEN, LLC

| | | | |
|---|---|---|---|
| Address 1: | 1335 E. SUNSET ROAD, SUITE J | Address 2: | |
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89119 | Country: | |
| Status: | Active | Email: | |

## Actions\Amendments

| | | | |
|---|---|---|---|
| Action Type: | Articles of Organization | | |
| Document Number: | 20080215780-63 | # of Pages: | 3 |
| File Date: | 3/28/2008 | Effective Date: | |

(No notes for this action)

| | | | |
|---|---|---|---|
| Action Type: | Initial List | | |
| Document Number: | 20080221158-59 | # of Pages: | 1 |
| File Date: | 3/31/2008 | Effective Date: | |

(No notes for this action)

| | |
|---|---|
| Action Type: | Annual List |

Case 08-01082-mkn Doc 212 Entered 11/23/10 14:02:16 Page 23 of 30

| | | | |
|---|---|---|---|
| **Document Number:** | 20090251308-20 | **# of Pages:** | 1 |
| **File Date:** | 3/16/2009 | **Effective Date:** | |
| (No notes for this action) | | | |
| **Action Type:** | Annual List | | |
| **Document Number:** | 20100442887-06 | **# of Pages:** | 1 |
| **File Date:** | 6/18/2010 | **Effective Date:** | |
| (No notes for this action) | | | |

# MANZEN HOLDINGS, LLC

## Business Entity Information

| | | | |
|---|---|---|---|
| **Status:** | Active | **File Date:** | 3/28/2008 |
| **Type:** | Domestic Limited-Liability Company | **Entity Number:** | E0204932008-9 |
| **Qualifying State:** | NV | **List of Officers Due:** | 3/31/2011 |
| **Managed By:** | Managers | **Expiration Date:** | |
| **NV Business ID:** | NV20081138567 | **Business License Exp:** | 3/31/2011 |

## Registered Agent Information

| | | | |
|---|---|---|---|
| **Name:** | GORDON & SILVER, LTD. | **Address 1:** | 3960 HOWARD HUGHES PKWY 9TH FL |
| **Address 2:** | | **City:** | LAS VEGAS |
| **State:** | NV | **Zip Code:** | 89169 |
| **Phone:** | | **Fax:** | |
| **Mailing Address 1:** | | **Mailing Address 2:** | |
| **Mailing City:** | | **Mailing State:** | NV |
| **Mailing Zip Code:** | | | |
| **Agent Type:** | Commercial Registered Agent - Corporation | | |
| **Jurisdiction:** | NEVADA | **Status:** | Active |

## Financial Information

| | | | |
|---|---|---|---|
| **No Par Share Count:** | 0 | **Capital Amount:** | $ 0 |

No stock records found for this company

## Officers

☐ Include Inactive Officers

Managing Member - ZYEN, LLC

| | | | |
|---|---|---|---|
| **Address 1:** | 1335 E. SUNSET ROAD, SUITE J | **Address 2:** | |
| **City:** | LAS VEGAS | **State:** | NV |
| **Zip Code:** | 89119 | **Country:** | |
| **Status:** | Active | **Email:** | |

## Actions\Amendments

| | | | |
|---|---|---|---|
| **Action Type:** | Articles of Organization | | |
| **Document Number:** | 20080219384-47 | **# of Pages:** | 3 |
| **File Date:** | 3/28/2008 | **Effective Date:** | |

(No notes for this action)

| | | | |
|---|---|---|---|
| **Action Type:** | Initial List | | |
| **Document Number:** | 20080221159-60 | **# of Pages:** | 1 |
| **File Date:** | 3/31/2008 | **Effective Date:** | |

(No notes for this action)

| | |
|---|---|
| **Action Type:** | Annual List |

| | | | |
|---|---|---|---|
| **Document Number:** | 20090251294-54 | **# of Pages:** | 1 |
| **File Date:** | 3/16/2009 | **Effective Date:** | |
| (No notes for this action) | | | |
| **Action Type:** | Annual List | | |
| **Document Number:** | 20100442892-72 | **# of Pages:** | 1 |
| **File Date:** | 6/18/2010 | **Effective Date:** | |
| (No notes for this action) | | | |

# XYIENCE INCORPORATED

## Business Entity Information

| | | | |
|---|---|---|---|
| Status: | Default | File Date: | 5/25/2004 |
| Type: | Domestic Corporation | Entity Number: | C13892-2004 |
| Qualifying State: | NV | List of Officers Due: | 5/31/2010 |
| Managed By: | | Expiration Date: | |
| NV Business ID: | NV20041483782 | Business License Exp: | |

## Registered Agent Information

Registered Agent resigned

## Financial Information

| | | | |
|---|---|---|---|
| No Par Share Count: | 0 | Capital Amount: | $ 200,000.00 |
| Par Share Count: | 200,000,000.00 | Par Share Value: | $ 0.001 |

## Officers

☐ Include Inactive Officers

President - OMER SATTAR

| | | | |
|---|---|---|---|
| Address 1: | 300 S FOURTH STREET, SUITE 1400 | Address 2: | |
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89101 | Country: | |
| Status: | Active | Email: | |

Director - OMER SATTAR

| | | | |
|---|---|---|---|
| Address 1: | 300 S FOURTH STREET, SUITE 1400 | Address 2: | |
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89101 | Country: | |
| Status: | Active | Email: | |

Secretary - OMER SATTAR

| | | | |
|---|---|---|---|
| Address 1: | 300 S FOURTH STREET, SUITE 1400 | Address 2: | |
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89101 | Country: | |
| Status: | Active | Email: | |

Treasurer - OMER SATTAR

| | | | |
|---|---|---|---|
| Address 1: | 300 S FOURTH STREET, SUITE 1400 | Address 2: | |
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89101 | Country: | |
| Status: | Active | Email: | |

## Actions\Amendments

| | | | |
|---|---|---|---|
| Action Type: | Articles of Incorporation | | |
| Document Number: | C13892-2004-001 | # of Pages: | 1 |
| File Date: | 5/25/2004 | Effective Date: | |

(No notes for this action)

| | | | |
|---|---|---|---|
| **Action Type:** | Initial List | | |
| **Document Number:** | C13892-2004-002 | **# of Pages:** | 2 |
| **File Date:** | 5/27/2004 | **Effective Date:** | |
| List of Officers for 2004 to 2005 | | | |
| **Action Type:** | Annual List | | |
| **Document Number:** | 20050281376-94 | **# of Pages:** | 1 |
| **File Date:** | 7/20/2005 | **Effective Date:** | |
| (No notes for this action) | | | |
| **Action Type:** | Amended List | | |
| **Document Number:** | 20060014344-84 | **# of Pages:** | 2 |
| **File Date:** | 1/10/2006 | **Effective Date:** | |
| (No notes for this action) | | | |
| **Action Type:** | Amendment | | |
| **Document Number:** | 20060171712-67 | **# of Pages:** | 1 |
| **File Date:** | 3/20/2006 | **Effective Date:** | |
| Previous Stock Value: No Par Value Shares: 500,000 ------------------------------------------------------------ Total Authorized Capital: $ 0.00 New Stock Value: Par Value Shares: 50,000,000 Value: $ 0.001 No Par Value Shares: 0 ------------------------------------------------------------ Total Authorized Capital: $ 50,000.00 | | | |
| **Action Type:** | Annual List | | |
| **Document Number:** | 20060322002-87 | **# of Pages:** | 2 |
| **File Date:** | 5/22/2006 | **Effective Date:** | |
| (No notes for this action) | | | |
| **Action Type:** | Amended List | | |
| **Document Number:** | 20060658075-69 | **# of Pages:** | 2 |
| **File Date:** | 10/13/2006 | **Effective Date:** | |
| (No notes for this action) | | | |
| **Action Type:** | Amendment | | |
| **Document Number:** | 20060730078-33 | **# of Pages:** | 1 |
| **File Date:** | 11/14/2006 | **Effective Date:** | |
| Previous Stock Value: Par Value Shares: 50,000,000 Value: $ 0.001 No Par Value Shares: 0 ------------------------------------------------------------ Total Authorized Capital: $ 50,000.00 New Stock Value: Par Value Shares: 60,000,000 Value: $ 0.001 No Par Value Shares: 0 ------------------------------------------------------------ Total Authorized Capital: $ 60,000.00 | | | |
| **Action Type:** | Annual List | | |
| **Document Number:** | 20070189662-41 | **# of Pages:** | 2 |
| **File Date:** | 3/19/2007 | **Effective Date:** | |
| (No notes for this action) | | | |
| **Action Type:** | Amendment | | |
| **Document Number:** | 20070363464-45 | **# of Pages:** | 1 |
| **File Date:** | 5/25/2007 | **Effective Date:** | |
| Previous Stock Value: Par Value Shares: 60,000,000 Value: $ 0.001 No Par Value Shares: 0 ------------------------------------------------------------ Total Authorized Capital: $ 60,000.00 New Stock Value: Par Value Shares: 90,000,000 Value: $ 0.001 No Par Value Shares: 0 ------------------------------------------------------------ Total Authorized Capital: $ 90,000.00 | | | |
| **Action Type:** | Amendment | | |
| **Document Number:** | 20070669051-36 | **# of Pages:** | 1 |
| **File Date:** | 10/01/2007 | **Effective Date:** | |
| Previous Stock Value: Par Value Shares: 90,000,000 Value: $ 0.001 No Par Value Shares: 0 ------------------------------------------------------------ Total Authorized Capital: $ 90,000.00 New Stock Value: Par Value Shares: 200,000,000 Value: $ 0.001 No Par Value Shares: 0 ------------------------------------------------------------ Total Authorized Capital: $ 200,000.00 | | | |
| **Action Type:** | Amended List | | |

| | | | |
|---|---|---|---|
| **Document Number:** | 20070719647-03 | **# of Pages:** | 2 |
| **File Date:** | 10/22/2007 | **Effective Date:** | |
| (No notes for this action) | | | |
| **Action Type:** | Amended List | | |
| **Document Number:** | 20070855990-45 | **# of Pages:** | 2 |
| **File Date:** | 12/18/2007 | **Effective Date:** | |
| (No notes for this action) | | | |
| **Action Type:** | Registered Agent Resignation | | |
| **Document Number:** | 20080033571-79 | **# of Pages:** | 1 |
| **File Date:** | 1/16/2008 | **Effective Date:** | |
| (No notes for this action) | | | |
| **Action Type:** | Registered Agent Change | | |
| **Document Number:** | 20080096840-57 | **# of Pages:** | 1 |
| **File Date:** | 2/11/2008 | **Effective Date:** | |
| (No notes for this action) | | | |
| **Action Type:** | Annual List | | |
| **Document Number:** | 20080149627-99 | **# of Pages:** | 2 |
| **File Date:** | 3/04/2008 | **Effective Date:** | |
| (No notes for this action) | | | |
| **Action Type:** | Annual List | | |
| **Document Number:** | 20090448810-86 | **# of Pages:** | 1 |
| **File Date:** | 5/29/2009 | **Effective Date:** | |
| (No notes for this action) | | | |
| **Action Type:** | Registered Agent Resignation | | |
| **Document Number:** | 20100225347-76 | **# of Pages:** | 1 |
| **File Date:** | 4/07/2010 | **Effective Date:** | |
| (No notes for this action) | | | |

# EXHIBIT 4

through his legal and financial advisers and two senior employees of AA Capital who are also managing members of Brush Monroe, has managed and assessed the business of Brush Monroe and Xyience.

7. Together with the General Partner, the Receiver and his professionals have evaluated Brush Monroe's investment in Xyience. The Receiver concurs with the determination of the General Partner that the Xyience investment is highly distressed and that Xyience has an immediate need for additional capital and new senior management. Among other problems with the investment, the Receiver believes that a portion of the funds invested by Brush Monroe did not in fact go to Xyience.

8. The General Partner has advised the Receiver that it is in the best interest of the limited partners of Brush Monroe that Brush Monroe sell most of its investment in Xyience.

**The Proposed Sale of Brush Monroe's Investment in Xyience**

9. As proposed, Brush Monroe will sell its $10,000,000 convertible secured note and 4,831,113 of its 7,331,113 shares in Xyience to Key Management SA (the "Purchaser") for $9 million cash. In connection with the transaction and several other transactions, Xyience will acquire additional capital of more than $20 million and will obtain new executive management. Brush Monroe will retain 2,500,000 common shares in the recapitalized Xyience.

10. The Receiver has reviewed the terms of Brush Monroe's proposed sale of its Xyience investment with Huron Consulting Group, his financial advisers, with the senior employees of AA Capital who also control the General Partner, and with his legal advisers. At the Receiver's direction, Huron Consulting conducted two on-site visits of Xyience and has reviewed financial reports and projections of Xyience. Huron Consulting also prepared a liquidation analysis of Brush Monroe's investment in Xyience. The Receiver has also obtained