RECEIVED AND FILED
NOV 1 2010
U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

Rich Bergeron
PO Box 5212
Weirs Beach, NH 03247
Telephone: (617) 209-4325
Defendant as Pro Se Attorney

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>XYIENCE, INC., A Nevada Corporation<br><br>Debtor. | No. BK-S-08-10474-MKN<br>Chapter 11<br><br>Eighth Judicial District Court<br>Las Vegas, Clark County, Nevada<br>Case No. A544781, Dept. XXIII |
| XYIENCE INCORPORATED, a Nevada Corporation,<br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON, an individual<br>Defendant. | CASE NO. BK-2-08-AP-01082-MKN<br><br>**NOTICE TO COUNTER-DEFENDANT AND DEBTOR XYIENCE REGARDING THE FILING OF MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:<br><br>Time: 9:30 AM<br><br>Location: 300 Las Vegas Blvd. South<br>Courtroom #2<br>Las Vegas, NV 89101 |
| RICHARD BERGERON, an Individual,<br><br>Counterclaimant,<br><br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation<br><br>Counterdefendant | |

**NOTICE TO COUNTER-DEFENDANT AND DEBTOR XYIENCE REGARDING THE FILING OF MOTION FOR SUMMARY JUDGMENT**

Counter-claimant/Defendant Rich Bergeron, regarding the filing of the attached Motion for Summary Judgment, states the following:

**IMPORTANT NOTICE**

You are hereby notified that Counter-claimant/Defendant Rich Bergeron has filed a Motion for Summary Judgment, a Designation of Evidence, and a Brief in Support of Motion for Summary Judgment in this action.

By filing the Motion for Summary Judgment and supporting materials, Bergeron is asking to have this lawsuit decided in his favor without a full scale trial, based on the affidavits, testimony, and documents attached to, or designated by, the Motion. Any factual assertion contained in Bergeron's Statement of Material Facts, and supported by admissible evidence, will be accepted as true by the Court unless you submit your own affidavits, or other admissible documentary evidence, that contradicts that assertion.

Your failure to respond in that way would be the equivalent of failing to present any evidence in your favor at trial. See Federal Rule of Civil Procedure 56 governing motions for summary Judgment. You must comply with that rule in submitting any response to Bergeron's motion.

*Federal Rule of Civil Procedure 56 provides in full:*

**(a) BY A CLAIMING PARTY.** A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.

**(b) BY A DEFENDING PARTY.** A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.

**(c) TIME FOR A MOTION, RESPONSE, AND REPLY; PROCEEDINGS.**

**(1)** These times apply unless a different time is set by local rule or the court orders otherwise:
**(A)** a party may move for summary judgment at any time until 30 days after the close of all discovery;

**(B)** a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and

(C) the movant may file a reply within 14 days after the response is served.

(2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

**(d) CASE NOT FULLY ADJUDICATED ON THE MOTION.**

(1) *Establishing Facts.* If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts—including items of damages or other relief—are not genuinely at issue. The facts so specified must be treated as established in the action.

(2) *Establishing Liability.* An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.

**(e) AFFIDAVITS; FURTHER TESTIMONY.**

(1) *In General.* A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

(2) *Opposing Party's Obligation to Respond.* When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

**(f) WHEN AFFIDAVITS ARE UNAVAILABLE.** If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) deny the motion;

(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

(3) issue any other just order.

**(g) AFFIDAVIT SUBMITTED IN BAD FAITH.** If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt.

S.D. Ind. LR 56.1 provides in full:

**(a) Requirements for Moving Party.** A party filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56 must serve and file a supporting brief and any evidence not already in the record upon which the party relies. The brief must include a section labeled "Statement of Material Facts Not in Dispute" containing the facts potentially determinative of the motion as to which the moving party contends there is no genuine issue. These asserted material facts must be

supported by appropriate citations to discovery responses, depositions, affidavits, and other admissible evidence either already in the record or contained in an appendix to the brief. Such citation must be by page or paragraph number or similar specific reference, if possible; this citation form applies to all briefs filed under this rule.

**(b) Requirements for Non-Movant**. No later than 28 days after service of the motion, a party opposing the motion will serve and file a supporting brief and any evidence not already in the record upon which the party relies. The brief must include a section labeled "Statement of Material Facts in Dispute" which responds to the movant's asserted material facts by identifying the potentially determinative facts and factual disputes which the nonmoving party contends demonstrate that there is a dispute of fact precluding summary judgment. These facts must be supported by appropriate citations to discovery responses, depositions, affidavits, and other admissible evidence either already in the record or contained in an appendix to the brief.

**(c) Reply Brief.** A party filing a motion for summary judgment may file a reply brief no later than 14 days after service of the opposing party's submissions.

**(d) Surreply.** If, in reply, the moving party relies upon evidence not previously cited or objects to the admissibility of the non-moving party's evidence, the non-moving party may file a surreply brief limited to such new evidence and objections, no later than 7 days after service of the reply brief.

**(e) Effect of Factual Assertions.** For purposes of deciding the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts: are specifically controverted in the opposing party's "Statement of Material Facts in Dispute" by admissible evidence; are shown not to be supported by admissible evidence; or, alone, or in conjunction with other admissible evidence, allow reasonable inferences to be drawn in the opposing party's favor which preclude summary judgment. The court will also assume for purposes of deciding the motion that any facts asserted by the opposing party are true to the extent they are supported by admissible evidence. The parties may stipulate to facts in the summary judgment process, and may state that their stipulations are entered only for the purpose of the motion for summary judgment and are not intended to be otherwise binding. The court has no independent duty to search and consider any part of the record not specifically cited in the manner described in sections (a) and (b) above.

**(f) Collateral Motions**. Collateral motions in the summary judgment process, such as motions to strike, are disfavored. Any dispute regarding the admissibility or effect of evidence should be addressed in the briefs.

**(g) Oral Argument or Hearing**. All motions for summary judgment will be considered as submitted for ruling without oral argument or hearing unless a request for such is granted under Local Rule 7.5 or the court otherwise directs.

**(h) Notice Requirement for Pro Se Cases.** A party moving for summary judgment against an unrepresented party must file and serve a notice that:

(1) briefly and plainly states that a fact stated in the moving party's Statement of Material Facts and supported by admissible evidence will be accepted by the court as true unless the opposing party cites specific admissible evidence contradicting that statement of material fact; and

(2) sets forth the full text of Fed. R. Civ. P. 56 and S.D. Ind. L.R. 56.1; and

(3) otherwise complies with applicable case law regarding required notice to pro se litigants

opposing summary judgment motions.

**(i) Compliance**. The court may, in the interests of justice or for good cause, excuse failure to comply strictly with the terms of this rule.

Under these conditions, you have the right to respond to Counter-claimant Bergeron's Motion and supporting material by filing your own affidavit, sworn response, or other admissible documentary evidence.

If you do not respond to the Motion with your own affidavit(s) or other admissible evidence to dispute the facts established by Bergeron, summary judgment may be entered against you if, on the basis of the facts established by Bergeron, he is entitled to judgment as a matter of law.

Unless you respond to this motion with sworn statements or other admissible evidence which contradict the material facts set forth and established by Bergeron through the evidence he presents this court, the bankruptcy judge simply must accept the uncontested facts as true.

If you do submit an affidavit, or affidavits, in support of your response, the facts in each affidavit must be personally known to the person making the affidavit and must be specific and not general. Attorneys cannot testify for the client.

Merely denying the facts in the evidentiary material submitted in support of Bergeron's Motion is not sufficient. You must set forth the specific facts showing that there is a genuine factual dispute that requires resolution at trial.

DATED this 11th of November, 2010

IN PROPER PERSON

Rich Bergeron
PO BOX 5212
Weirs Beach, NH 03247
617-209-4325
Attorney Pro-Se
Rich.Bergeron@gmail.com