FENNEMORE CRAIG, P.C.
Laurel E. Davis (NV Bar No. 3005)
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 692-8000
E-mail: ldavis@fclaw.com
E-mail: jpearson@fclaw.com

Attorneys for Fennemore Craig, P.C., its directors and former associate

**E-filed January 27, 2011**

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>XYIENCE INCORPORATED, a Nevada corporation,<br><br>Debtor. | Chapter 11<br><br>No. BK-S-08-10474-MKN |
| XYIENCE INCORPORATED, a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON, an individual<br><br>Defendant. | Adv. No. 08-01082<br><br>**FENNEMORE CRAIG P.C.'S OPPOSITION TO DEFENDANT AND COUNTERCLAIMANT, RICHARD BERGERON'S, MOTION FOR LEAVE TO AMEND RULE 9011 SANCTIONS MOTION** |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | Date of Hearing: February 10, 2011<br>Time of Hearing: 9:30 a.m. |

**FENNEMORE CRAIG P.C.'S OPPOSITION TO DEFENDANT AND COUNTERCLAIMANT, RICHARD BERGERON'S, MOTION FOR LEAVE TO AMEND RULE 9011 SANCTIONS MOTION**

Fennemore Craig, P.C., ("Fennemore") files this opposition on behalf of Fennemore Craig, P.C., its directors Laurel Davis and John Mowbray, and its former associate Jon Pearson, (collectively the "Fennemore Group"). All of whom are the subject of Defendant/Counterclaimant Richard Bergeron's ("Bergeron") latest filing. *See* Docket No. 207 at p. 5, l. 23-26.

**STATEMENT OF FACTS**

1. On July 18, 2007 Xyience Incorporated ("Xyience") filed a complaint against Bergeron in the Eighth Judicial District Court in Clark County Nevada ("State Court"). The State Court issued a preliminary injunction order restraining Bergeron from posting certain remarks on the internet.

2. On January 3, 2008 an involuntary bankruptcy petition was filed against Xyience in this Court, Case No. 08-10049-MKN. The involuntary bankruptcy was later dismissed after the filing of a voluntary petition in this Court, Case No. 08-10474-MKN.

3. Fennemore was retained to serve as counsel for the Debtor and Debtor in possession. On March 3, 2008, this Court approved the application to employ Fennemore as counsel for the Debtor and Debtor-in-possession. *See* Docket No. 126.

4. On March 20, 2008, Fennemore, on behalf of Xyience, removed the pending litigation involving Bergeron to this Court. *See,* Adv. Docket No. 1.

5. On March 28, 2008, Bergeron filed his first sanctions request with this Court styled, <u>Defendant and Counterclaimant's (1) Emergency Motion to Suspend Bankruptcy Proceedings Pending Investigation of Fraudulent Bankruptcy Filing and (II) Motion for Summary Judgment on Defendant's Rule 11 Motion, Motion to Dismiss, and Counterclaims</u>. [Adv. Docket No. 11].

6. Responses, Oppositions, Amendments, and hearings followed. Additionally,

various other motions were reviewed and ruled on by the Court including, but not limited to, an Order to Show Cause Re: Sanctions for Unauthorized Recording, Motion to Recuse Judge Nakagawa, Motion to Transfer Adversary Proceeding to Proper Venue, and a Motion to Revoke the Bankruptcy Debtor's Reorganization Plan Approval Order.

7. In response to these hearings and filings, On October 14, 2008, this Court entered a series of Memorandum Decisions and related Orders. [Adv. Docket Nos. 72-87].

8. On January 21, 2009, Bergeron filed Defendant and Counterclaimant's Amended Motion for Rule 11 and 9011 Sanctions. ("Amended Motion for Rule 11 Sanctions") [Adv. Docket No. 136].

9. On January 30, 2009, this Court entered additional Memorandum Decisions and Orders regarding Bergeron's attempt to strike certain declarations and the pending motion to dismiss Bergeron's amended counterclaims. [Adv. Docket Nos. 138, 139, 141, & 142].

10. Fertitta Enterprises, Inc. ("Fertitta"), filed an opposition to Defendant's Amended Motion for Rule 11 Sanctions with a supporting Declaration of Gregory Garman. [Adv. Docket Nos. 150 & 151]. A joinder with related arguments was filed by Fennemore, on behalf of Xyience [Adv. Docket No. 153].

11. On February 17, 2009 Bergeron filed an ex parte motion seeking, among other things, to reschedule the hearings on the Amended Motion for Rule 11 Sanctions, and to reschedule a motion to reconsider some of this Court's prior rulings. [Adv. Docket No. 155]. Oppositions to the ex parte motion were filed by Fertitta [Adv. Docket No. 158] and Fennemore on behalf of Xyience [Adv. Docket No. 164].

12. On February 24, 2009, this Court issued an Order addressing the requested rescheduling. [Adv. Docket No. 160]. In the order, this Court provided a briefing schedule and indicated that upon close of the briefing period the Amended Motion for Rule 11 Sanctions and motion to reconsider would be deemed submitted. [Adv. Docket No. 160 at 3, l. 13]. This Court also noted that if the Court determined that oral argument would assist in the disposition, or that

an evidentiary hearing was required, a scheduling order would be issued. *Id.* at l. 14-17. Live testimony would also be required of any witnesses at any evidentiary hearing. *Id.* The last of the briefing relative to the Amended Motion for Rule 11 Sanctions, Bergeron's Reply Brief, was due on March 13, 2009. Bergeron filed a reply to Xyience's joinder on March 12, 2009 [Adv Docket No. 165]. Bergeron's reply to the Fertita's response was filed on March 20, 2009 [Adv. Docket No. 168].

13. This Court did not schedule oral argument or an evidentiary hearing. This Court also did not issue further orders permitting additional filings or briefing with respect to the Amended Motion for Rule 11 Sanctions beyond the March 13, 2009 deadline.

14. On May 5, 2009, Bergeron filed five affidavits purportedly in support of the Amended Motion for Rule 11 Sanctions. [Adv. Docket Nos. 169-173].

15. On May 27, 2009, Fertitta filed a motion to strike affidavits, requested a finding of civil contempt, and requested that a filing bar be imposed. [Adv. Docket Nos. 175 & 176]. An opposition was filed by Bergeron [Adv. Docket No. 184] followed by a reply filed by Fertitta [Adv. Docket No. 185].

16. On May 28, 2009 Bergeron filed a Supplemental Brief and request for briefing period waiver as well as his own Affidavit in Support thereof relating to the Amended Motion for Rule 11 Sanctions. [Adv. Docket Nos. 178 & 179]. An opposition to the Supplemental Brief was filed by Fertitta [Adv. Docket No. 182].

17. On August 26, 2009, Bergeron filed a Motion to Dismiss Adversary Proceeding for Failure to Prosecute, 2) Motion for Summary Judgment on Counterclaim; 3) Motion to Compel hearing on Rule 9011 Sanctions. [Adv. Docket #187]. An Opposition was filed by Fertitta Enterprises [Adv. Docket #188] and joined by Xyience through its counsel Fennemore [Adv. Docket #190]. Bergeron filed a reply brief [Adv. Docket #191].

18. On October 8, 2009 Fennemore Craig, P.C. moved to withdraw as counsel for the Debtor. The motion was granted by this Court's order entered on November 10, 2009 [Adv.

Docket No. 199].

19. On November 12, 2009, this Court granted the Official Committee of Unsecured Creditors' Motion to Implement Confirmed Plan of Reorganization. [Docket No. 356].

20. On December 2, 2009, this Court entered a Memorandum Decision and an Order addressing Bergeron's request for reconsideration relating to a show cause hearing, motions to strike affidavits, and motion to vacate the preliminary injunction. [Adv. Docket Nos. 202 & 204]. In this Court's Memorandum Decision this Court noted that the prior briefing order set deadlines relative to the Amended Motion for Rule 11 Sanctions and that after the briefing period closed the matter would be deemed submitted. Bergeron then filed several additional documents that spawned responses and a separate motion heard on July 1, 2009. The Court indicated that those matters would be the subject of a separate memorandum decision and order. *See,* Adv. Docket No. 202 at p. 4-5 n.5.

21. On March 12, 2010, this Court entered its Order Granting Second and Final Application of Fennemore Craig, P.C., for Allowance and Payment of Compensation and Reimbursement of Expenses as Former counsel for the Debtor and Debtor in Possession. [Docket No. 474].

22. On November 19, 2010, Bergeron filed Defendant and Counter Claimant's Motion for Leave to Amend Rule 9011 Sanction Motion with a supporting affidavit. [Adv. Docket Nos. 207 & 208]. Bergeron also filed a Motion for Summary Judgment, affidavit, and designation of evidence relating to the adversary proceeding. [Adv. Docket Nos. 210-212].

23. On December 15, 2010, Bergeron filed Defendant's Counter Claimants Notice of Hearing on Motion for Leave to Amend Rule 9011 Sanctions Motion and Motion for Summary Judgment. [Adv. Docket Nos. 216 & 218]. The Notice purports to set the Motion to Amend 9011 Sanctions Motion and summary judgment hearings for February 10, 2011 at 2:30 p.m.

## ARGUMENT

### A. The Untimely Filings Are In Violation of This Court's Prior Order.

This Court entered an Order regarding the Amended Motion for Rule 11 Sanctions [Adv. Docket No. 160] that set the briefing deadlines and took the matter under submission. Bergeron's subsequent filings are in violation of that order. The original Amended Motion for Rule 11 Sanctions and related responses are on file along with the subsequent related filings discussed above. Bergeron's attempts to further augment the filings or amend those filings should be rejected.

Bergeron's motion references case law for amending pleadings which is inapplicable to the pending motion as it is not a pleading. *See* Fed.R.Bankr.P. 7007. Bergeron's request to amend seeks to augment the existing motion already taken under advisement by this Court. Further amendment would be futile as permitting the amendment would add no new claims and no new admissible evidence.

**B. The Filings of Bergeron Do Not Provide a Basis For Sanctions.**

The original Amended Motion for Rule 11 Sanctions was supported by Affidavits with evidentiary problems as set forth in the Fertitta Enterprises Opposition and Xyience Joinder. The more recent filings by Bergeron continue to provide hearsay, conclusory allegations, speculation, and irrelevant material. If the Court does consider them, it should do so in light of the prior objections and Motion to Strike. There is little, if any, admissible evidence contained in any of the documents. Additionally, if this Court decides to grant the motion to amend and allow the additional affidavits, Fennemore requests the ability to file a response to the motion and affidavits.

The late-filed Affidavits provided by Bergeron [Adv. Docket Nos. 169-173, & 208] do not establish a basis for sanctions against the Fennemore Group. These affidavits, like those filed previously, provide little, if any admissible evidence. Further, even if they were admissible in their entirety there would be no basis for sanctions. The affidavits essentially state that the affiants are disgruntled investors who did not get their money back. There are also various assertions with respect to alleged representatives of Xyience. The conclusory allegations of fraud

are insufficient to support any sanctions claim against the Fennemore Group.

**1. The Preliminary Injunction Provides No Basis For Sanctions Against the Fennemore Group.**

The original Amended Motion for Rule 11 Sanctions sought sanctions against the Fennemore Group primarily for not dismissing the preliminary injunction against Bergeron. The preliminary injunction was obtained by State Court counsel. This Court later refused to dismiss this adversary proceeding or grant summary judgment to Bergeron on his Rule 11 claims. *See,* Adv. Docket Nos. 72, 138, & 139. This Court also denied a motion to reconsider and motion to vacate the injunction. *See,* Adv. Docket Nos. 202 & 203. Thus, the maintenance of the injunction could not have violated Rule 11 as it was put in place by the State Court's order and not removed by this Court. At the very least, the facts and law surrounding the injunction were sufficient to have a State Court Judge grant the injunction and this Court decline to remove it. Those facts alone would shield the Fennemore Group's actions from claims that the filings were frivolous or improper to the degree necessary to warrant Rule 11 sanctions.

After the Plan Effective Date, the liquidating trustee would determine how to address the claims and counterclaims pending in this adversary proceeding. The plan was implemented in November of 2009, the same month this Court executed an order authorizing the withdrawal of Fennemore from representation of the Debtor. Fennemore has therefore not acted in this case as counsel for the Debtor for over a year. Any issues Bergeron has with the adversary proceeding or related injunction since Fennemore's withdrawal are not matters to be addressed by any of the Fennemore Group and they should not be the basis for sanctions against the Fennemore Group. The State Court's issuance of the injunction and this Court's decision not to vacate it are sufficient to establish that the actions of the Fennemore Group were not in violation of Rule 11.

**2. Bergeron Lacks Standing to Assert Any Claim on Behalf of Investors.**

In addition to Bergeron's request for sanctions due to the preliminary injunction, Bergeron seeks recovery for the injured shareholders. Bergeron is himself not an injured shareholder but he

seeks recovery on behalf of the injured shareholders. The Amended Motion for Rule 11 Sanctions notes in its conclusion that it seeks $150,000,000 in total sanctions, with Bergeron to receive "only" $500,000 for his work and time defending himself. [Adv. Docket No. 136 at 42]. The remaining funds are to go to former shareholders and other parties. *See, id.* Bergeron has filed multiple affidavits of shareholders who purportedly lost money on Xyience stock. Bergeron purports to act on behalf of the shareholders: "This is about promoting restitution to an entire class of former Xyience owners who have so far been completely overlooked by this process." [Adv. Docket No. 168]. Bergeron continues in his latest affidavit to reference the, "entire class of shareholders I am fighting for…" [Adv. Docket No. 208 at 5, ¶26]. Bergeron has not alleged that he was a shareholder or otherwise a creditor of Xyience but rather purports to be acting on behalf of the shareholders. Furthermore, the shareholders were represented by counsel in the bankruptcy case.

The filings of Bergeron after this Court's briefing deadline are largely an extension of his fraud theory as previously stated in this case. The claim being asserted is essentially that shareholders lost their investments due to the fraud of various persons, companies, and law firms, many of whom are not parties to this case. Bergeron is himself not a victim of this alleged fraud but he is seeking to bootstrap what he believes is the shareholder's alleged fraud claim to his existing sanctions motion. Bergeron has no authority to act on behalf of the shareholders. Some of the alleged shareholders have signed affidavits in this case, but there is no indication that any of them have authorized Bergeron to act on their behalf.

Moreover, filing documents with this Court seeking to obtain remedies on behalf of the shareholders would constitute the unauthorized practice of law by Bergeron. The Court should not allow Bergeron the opportunity to amend the existing sanctions motion as it would simply perpetuate the same fraud allegations that Bergeron is attempting to assert on behalf of shareholders. Bergeron is, through this motion, attempting to appoint himself attorney for a class action suit on behalf of the shareholders, complete with a contingent fee to be paid to Bergeron.

The class action would apparently be addressed by this Court in the context of a Rule 11 motion. This should not be condoned directly or indirectly by allowing the amendment to his pending motion.

On October 23, 2008, this Court entered an order confirming the Debtor's plan. [Docket No. 321]. On November 12, 2009, this Court entered an order granting the unsecured creditor's committee's motion to implement the confirmed plan. [Docket No. 356]. The liquidating trustee has been appointed and he has filed adversary proceedings and other matters under the confirmed and implemented plan. To the extent the pre-petition shareholders have claims that are not barred by the confirmed plan, it is clear that Bergeron cannot assert them.

**D. This Court's Approval of Fennemore Craig P.C.'s Fees Bars the Requested Sanctions.**

This Court authorized the withdrawal of Fennemore in November of 2009. On March 12, 2010 this Court entered an order granting the second and final application for compensation of Fennemore as counsel for the Debtor and Debtor in possession. [Docket No. 474]. Since the entry of the final fee approval order, the Fennemore Group has had no role in this adversary proceeding.

When approving the attorneys fees, this Court necessarily examines whether or not the fees were reasonably likely to benefit the debtor's estate and are necessary to the administration of the case. *See* 11 U.S.C. § 330(a)(4)(A). This Court entered an order approving the fees incurred in handling the Xyience case, including fees related to the adversary proceeding involving Bergeron. As a necessary part of the fee approval orders, this Court concluded that the fees were reasonable, that the services were likely to benefit the Debtor's estate and were necessary to the administration of the estate. The fee approval orders are final and were not appealed. It would be inconsistent with the prior fee approval orders to find that the same services which received this Court's approval of payment are now the basis for sanctions. *See, Capitol Hill Group v. Pillsbury, Winthrop, Shaw, Pittman, LLC,* 569 F.3d 485 (D.C. Cir.

2009)(holding that the *res judicata* effect of prior fee applications bars a debtor's claim of malpractice).

**CONCLUSION**

For the reasons set forth above, this Court should deny Bergeron's Motion.

DATED this 27th day of January, 2011.

FENNEMORE CRAIG, P.C.

By: /s/ Laurel E. Davis________
Laurel E. Davis

Attorneys for Fennemore Craig, P.C., its directors and former associate

# CERTIFICATE OF SERVICE

1. On January 27, 2011, I served the following document(s):

**FENNEMORE CRAIG P.C.'S OPPOSITION TO DEFENDANT AND COUNTERCLAIMANT, RICHARD BERGERON'S, MOTION FOR LEAVE TO AMEND RULE 9011 SANCTIONS MOTION**

2. I served the above-named document(s) by the following means to the persons as listed below:

[x] a. **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

MATTHEW C. ZIRZOW: bankruptcynotices@gordonsilver.com, bknotices@gordonsilver.com

[x] b. **United States mail, postage fully prepaid** (list persons and addresses):

Mr. Richard Bergeron
147 Old Country Road
East Sandwich, MA 02537

Mr. Richard Bergeron
P.O. Box 5212
Weirs Beach, NH 03247

[ ] c. **Personal Service** (List persons and addresses):

[ ] For a party represented by an attorney, delivery was made by handling the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

[ ] For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

[ ] d. **By direct email (as opposed to through the ECF system)** (list persons and email addresses):

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or

other indication that the transmission was unsuccessful.

[ ] e. **By fax transmission** (list persons and fax numbers):

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

[ ] f. **By messenger**:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service. (A declaration by the messenger must be attached to this Certificate of Service).

**I declare under penalty of perjury that the foregoing is true and correct**.

DATED this 27th day of January, 2011.

/s/ Mia Hurtado
An Employee of Fennemore Craig, P.C.