GORDON SILVER
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorney for Fertitta Enterprises, Inc.
and Zyen, LLC

E-Filed On 1/27/11

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>XYIENCE, INCORPORATED,<br>a Nevada corporation,<br><br>Debtor. | Case No.: BK-S-08-10474-MKN<br>Chapter 11 |
| XYIENCE INCORPORATED,<br>a Nevada corporation,<br><br>Plaintiff,<br>v.<br><br>RICHARD BERGERON, an individual,<br><br>Defendant. | Adversary No. 08-1082-MKN |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,<br><br>Counterdefendants. | **OPPOSITION OF COUNTERDEFENDANT, FERTITTA ENTERPRISES, INC., TO DEFENDANT/COUNTERCLAIMANT, RICHARD BERGERON'S MOTION FOR LEAVE TO AMEND RULE 9011 SANCTIONS MOTION**<br><br>Date: February 10, 2011<br>Time: 9:30 a.m. |

Counterdefendant, Fertitta Enterprises, Inc., a Nevada corporation ("Fertitta

Enterprises"), by and through its counsel, the law firm of Gordon Silver, hereby submits its Opposition (the "Opposition") to Defendant and Counterclaimant's Motion for Leave to Amend Rule 9011 Sanctions Motion (the "Leave to Amend Motion") [Docket No. 207] filed by Defendant/Counterclaimant, Richard Bergeron ("Mr. Bergeron")[1] and supported by Defendant/ Counterclaimant Rich Bergeron's Affidavit in Support of Defendant/Counterclaimant's Motion for Leave To Amend Rule 9011 Sanctions Motion (the "Bergeron Affidavit") [Docket No. 208] submitted contemporaneously therewith. Through this Opposition, to the extent that the arguments made therein are applicable to Fertitta Enterprises, Fertitta Enterprises also joins the Opposition (the "Fennemore Opposition") to the Leave to Amend Motion filed by Fennemore Craig, P.C. ("Fennemore") on behalf of Fennemore Craig, P.C., its directors Laurel Davis and John Mowbray, and its former associate Jon Pearson (collectively, the "Fennemore Group").

The Leave to Amend Motion requests that the Court grant Mr. Bergeron permission to amend his previously filed, fully briefed,[2] and submitted Amended Motion for Rule 11 and 9011 Sanctions ("Amended Sanctions Motion") [Docket No. 136], on the premise that he now, nearly two years after the date of its initial filing, needs to add and remove various parties and to present additional evidence to support his allegations. Notably the instant Leave to Amend Motion follows a parade of attempts by Mr. Bergeron to improperly present additional evidence before the Court to purportedly support his unfounded allegations of sanctionable behavior of not only the parties to this litigation but also non-parties.

Specifically, in contravention of the Court Order establishing the briefing deadline at March 26, 2009,[3] forty (40) days after the close of briefing and after the matter had been

---

[1] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Rule" shall refer to the Federal Rules of Civil Procedure; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Practice of the U.S. District Court for the District of Nevada (or Bankruptcy Practice, where applicable).

[2] The propriety of Bergeron's request for sanctions through his Amended Sanctions Motion has already been addressed in the Opposition (the "Opposition to Amended Sanctions Motion") [Docket No. 150] filed by Fertitta Enterprises, and thus to avoid redundancy, Fertitta Enterprises hereby incorporates by reference those points and authorities herein.

[3] On February 24, 2009, the Court entered its Scheduling Order, which required that all briefing on the Amended Sanctions Motion be completed by March 26, 2009, and that the matter was thereafter "deemed submitted." See Adv. Docket No. 160.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

submitted to the Court for decision, without having sought or obtained leave of Court, Mr. Bergeron filed five (5) new Affidavits in support of his Amended Sanctions Motion.[4] See Adv. Docket No. 169-72. Approximately three weeks later, again purportedly to support his Amended Sanctions Motion, Mr. Bergeron then filed his Supplemental Brief of Defendant/Counterclaimant, Richard Bergeron, in Advance of Status Hearing on Amended Motion for Rule 11 and 9011 Sanction; and Formal Request in Respect of Recently Submitted Affidavits (the "Supplemental Brief") [Adv. Docket No. 178],[5] which was supported by an Affidavit of Rich Bergeron ("Supplemental Brief Affidavit") [Adv. Docket No. 179].

Similar to arguments made by Mr. Bergeron in his previous filings of the Affidavits and the Supplemental Brief, Mr. Bergeron in the instant Leave to Amend Motion contends that he has obtained additional evidence that supports his Amended Sanctions Motion. Specifically, among other false accusations, Mr. Bergeron claims that he possesses evidence that "reveals Xyience COO and CFO Mike Levy should be added as party [to the Amended Sanctions Motion] for misconduct and for furthering the schemes surrounding the ongoing abuse of the bankruptcy process." See Leave to Amend Motion at p. 2, ll. 10-14.

Notwithstanding the clear order from the Court that no further briefing or evidence would be permitted in support of the Amended Sanctions Motion, Mr. Bergeron has seized upon the Court's delay in deciding his Amended Sanctions Motion with his latest subversive tactic disguised as a Leave to Amend Motion. As such, Fertitta Enterprises requests that the Court deny the Leave to Amend Motion because (1) Rule 15 of the Federal Rules of Civil Procedure ("FRCP") fails to provide the authority necessary to amend or supplement a motion brought pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure ("FRBP"); and (2) the largely inadmissible "new evidence" proffered by Mr. Bergeron fails to establish any basis for

---

[4] The propriety of Bergeron's filing of the additional Affidavits following the close of the briefing period has already been addressed in the Motion to Strike Affidavits Filed by Defendant/counterclaimant Richard Bergeron, and for Civil Contempt and Filing Bar ("Motion to Strike") [Docket No. 175] filed by Fertitta Enterprises, and thus to avoid redundancy, Fertitta Enterprises hereby incorporates by reference those points and authorities herein. Though the Court held a hearing on July 1, 2009 for the Motion to Strike, it has yet to decide.

[5] The propriety of Bergeron's filing of the Supplemental Brief has already been addressed in the Opposition ("Supplemental Brief Opposition") [Docket No. 182] to the Supplemental Brief filed by Fertitta Enterprises, and thus to avoid redundancy, Fertitta Enterprises hereby incorporates by reference those points and authorities herein.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

sanctions against Mike Levy ("Mr. Levy").

First, in the Leave to Amend Motion, Mr. Bergeron improperly relies on FRCP 15 as the basis for the Court to permit him to amend his Amended Sanctions Motion. FRCP 15 as made applicable to a case in the Bankruptcy Court through FRBP 7015 specifically addresses a party's ability to amend a "pleading." See Fed. R. Civ. P. 15. In consideration of only those documents that constitute pleadings, FRCP 7, made applicable to a case in the Bankruptcy Court through FRBP 7007, fails to include motions. See id. 7. As such, the rule and supporting case law authority upon which Mr. Bergeron relies to obtain leave of Court to amend his Amended Sanctions Motion is inapplicable in the instant case. The Amended Sanctions Motion is a motion not only in form, but also in substance, as he seeks relief from the Court by way of court order. Mr. Bergeron cannot simply circumvent the Order of the Court establishing the briefing deadline as of March 26, 2009 by merely styling his recent improper and untimely filing as a request to amend a pleading.

Even if Mr. Bergeron could establish that his Amended Sanctions Motion was substantively a pleading, he would fail to establish the basis for leave to amend it from the Court. FRCP 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether an amendment to a pleading should be permitted is ordinarily a matter within the discretion of the trial court. See Caddy-Imler Creations, Inc. v. Caddy, 299 F.2d 79, 84 (9th Cir. 1962).

However, leave to amend is not absolute. See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990). Among the factors mitigating against allowing parties to amend their pleadings are undue delay in litigation, prejudice to the opposing party, and futility for lack of merit. Id. (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). A showing of any of the factors overcomes the presumption in favor of granting leave to amend. See Eminence Capital, LLC, v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

In the instant case, over two years have passed since the filing of the Amended Sanctions Motion, with well over eighteen (18) months having passed since the briefing deadline

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

established by this Court's order. Any amendment to the Amended Sanctions Motion only further protracts the lengthy period that these parties have endured for the resolution of the matter. Additionally, an amendment to the Amended Sanctions Motion at this late stage in the proceedings to include inadmissible evidence only prejudices Xyience and Fertitta Enterprises. In contrast to Mr. Bergeron who continues to scour the earth for "new evidence," Xyience and Fertitta Enterprises have abided by the Court's order for the last year and a half. Finally, Mr. Bergeron's amendment is an act of futility as he desperately tries to breath life into meritless allegations of sanctionable conduct as fully briefed in Fertitta Enterprises' Opposition to the Amended Sanctions Motion. Based on the foregoing, even if FRCP 15 were applicable in this case, Mr. Bergeron lacks any basis for the Court to grant leave to amend the Amended Sanctions Motion.

Second, Mr. Bergeron's Leave to Amend Motion seeks to include Mr. Levy, in his capacity as COO of Xyience, as one of the parties against whom he seeks sanctions, even though Mr. Levy has never made an appearance, much less signed, filed or later advocated any papers or pleadings in the litigation. By its terms, however, Bankruptcy Rule 9011 applies only to a "pleading, written motion and other paper," which must be "present[ed] to the court (whether by signing, filing, submitting or later advocating)." Fed. R. Bankr. P. 9011(a) and (b); see Fed. R. Civ. P. 11, advisory committee notes, 1993 Amendments, Subdivisions (b) and (c) ("The rule applies only to assertions contained in papers filed with or submitted to the court."); Christian v. Mattel, Inc., 286 F.3d 1118, 1131 (9th Cir. 2002).

Bankruptcy Rule 9011(c) provides that sanctions can be imposed "upon the attorneys, law firms, or parties that have violated [the rule] or are responsible for the violation." Mr. Bergeron fails to indicate where Mr. Levy has ever signed, filed or later advocated any papers or pleadings in this litigation. The Leave to Amend Motion merely states that "[Mr. Levy's] activities will be thoroughly discussed in new affidavits Bergeron intends to file if given the opportunity to amend the [Amended Sanctions Motion] . Levy's literal and figurative signature are all over the fraud in this case." See Leave to Amend Motion, at p. 3, ll. 20-22. As such, the only clause in Bankruptcy Rule 9011(c) under which Mr. Levy could ever even potentially be

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

liable for sanctions is as "parties that . . . are otherwise responsible for the violation."

The contours of this language remain to be defined, however, evidentiary indicia of responsibility would necessarily include some involvement in the alleged wrongdoing. "[C]orporate officers or employees, apart from corporate counsel, who are not individually before the court (either as parties or counsel) would appear not to be subject to punishment under the Rule because they fall outside the letter of Rule 11(c)." Sanctions In Civil Litigation: A Review Of Sanctions By Rule, Statute, And Inherent Sanctions In Civil Litigation: A Review Of Sanctions By Rule, Statute, And Inherent Power, SN009 ALI-ABA 1741, at *1766 (July 11-13, 2007); Chicago Bank of Commerce v. Amalgamated Trust and Savs. Bank (In re Memorial Estates, Inc.), 116 B.R. 108, 111-12 (N.D. Ill. 1990) (reversing the Bankruptcy Court's grant of sanctions pursuant to Bankruptcy Rule 9011 against the principal of an entity that was neither a party nor had filed any papers or pleadings in the bankruptcy case, because there was nothing to establish that the party should be held jointly liable for the sanctions).

In the case at hand, however, Bergeron does not articulate a basis or submit any admissible evidence such that the Court could hold Mr. Levy liable for the allegedly sanctionable conduct. As such, Mr. Bergeron's Leave to Amend Motion fails to provide any reason why sanctions should ever be imposed on Mr. Levy.

Furthermore, even if Mr. Bergeron were able to articulate any basis for sanctions against Mr. Levy, the Plan of Reorganization (the "Plan") [Docket No. 191] filed by Xyience in its Bankruptcy Case includes an exculpation provision that insulates officers of the organization from any liability arising from the bankruptcy and states, in pertinent part, as follows:

> From and after the Effective Date,[6] the Debtor, . . . the Professionals nor any of their respective present or former members, directors, officers, managers, employees, advisors, attorneys or agents, shall have or incur any liability to any holder of a Claim or Equity Interest or any other party-in-interest, or any of their respective agents, employees, representatives, financial advisors, attorneys or Affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of (from the Petition Date forward),

[6] On November 23, 2009, Xyience filed its Notice of (1) Effective Date; and (2) Deadline For Filing Requests For Payment of Administrative Claims and Professional Fee Claims, Including Claims Under 11 U.S.C. Section 503(B) ("Notice of Effective Date"), which stated therein that the Effective Date of the Plan was November 20, 2009. See Docket No. 360.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555



101630-001/1124170_2.doc

> the Bankruptcy Case, Liquidating Trust, the pursuit of confirmation of this Plan or the consummation of this Plan, except for gross negligence and willful misconduct, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under this Plan or in the context of the Case.

See Plan § 8.5, Docket No. 191. Thus, to the extent that Mr. Bergeron has any viable claim against Mr. Levy based on Mr. Levy's conduct throughout the course of the Xyience bankruptcy case- though Fertitta Enterprises does not concede as such - the Plan exculpates Mr. Levy from any liability. Based on the foregoing, Mr. Bergeron's Leave to Amend Motion is completely without merit.

WHEREFORE, Fertitta Enterprises respectfully requests that the Court deny Mr. Bergeron's Leave to Amend Motion, and grant Fertitta Enterprises such other and further relief as is just and proper.

DATED this 27 day of January, 2011.

GORDON SILVER

By: ______________________
GREGORY E. GARMAN, ESQ.
Attorney for Fertitta Enterprises, Inc.
and Zyen, LLC

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555