# TRANSMITTAL FORM

**TO:** BANKRUPTCY APPELLATE PANEL OF THE NINTH CIRCUIT
125 South Grand Avenue, Pasadena, CA 91105

**FROM:** BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA - SOUTHERN
District Office No. 0978/2

**CASE NAME** XYIENCE, INCORPORATED, A NEVADA CORPORATION VS. RICHARD BERGERON, AN INDIVIDUAL

**BANKRUPTCY NO** 08-10474-MKN

**ADVERSARY NO** 08-01082-MKN

**APPEALS FILED IN THE SAME BANKRUPTCY CASE OR IN A RELATED ADV CASE** N/A

**REFERENCE NO** 11-14
**BANKRUPTCY JUDGE** MIKE K. NAKAGAWA

**DATE NOTICE OF APPEAL FILED** 03/18/2011
** MOTION FOR LEAVE TO APPEAL INFORMA PAUPERIS FILED BY APPELLANT

**DATE OF ENTRY OF ORDER APPEALED** 03/04/2011

**DATE BANKRUPTCY FILED** 01/18/2008

**DATE NOTICE OF APPEAL AND NOTICE OF OBJECTION PERIOD MAILED TO PARTIES** 03/22/2011

**DATE OF TRANSMITTAL** 03/22/2011

The entire case docket can be viewed electronically at www.nvb.uscourts.gov through PACER.

/S/ M. BREAREY
DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

| | |
|---|---|
| In re:<br><br>XYIENCE, INCORPORATED,<br>A NEVADA CORPORATION<br><br>Debtor(s) | Bankruptcy No.: 08-10474-MKN<br><br>Adv No: **08-01082-MKN**<br><br>BAP: |
| RICHARD BERGERON,<br>AN INDIVIDUAL<br>Appellant(s)<br>vs<br><br>XYIENCE, INCORPORATED,<br>A NEVADA CORPORATION<br><br>Appellee(s) | Appeal Ref: 11-14<br><br>NOTICE OF REFERRAL OF APPEAL TO BANKRUPTCY APPELLATE PANEL |

TO: ALL PARTIES IN APPEAL:

YOU ARE HEREBY NOTIFIED that a Notice of Appeal has been filed by RICHARD BERGERON with the Clerk of the Bankruptcy Court on 03/18/2011 . By virtue of orders of the Judicial Council of the Ninth Circuit and the District Court for this district, the above appeal has been referred to the U.S. Bankruptcy Appellate Panels of the Ninth Circuit (BAP).

Any party desiring to object to such referral must do so in conformity with the foregoing orders and their provisions for reference to BAP, a copy thereof being attached.

For further information, you may contact the Clerk of the Bankruptcy Appellate Panel at 125 South Grand Ave, Pasadena, CA 91105, or phone (626) 229-7225.

DATE: 03/22/2011

Mary A. Schott, CLERK

By: /S/ M. BREAREY
Deputy Clerk
U.S. Bankruptcy Court
300 Las Vegas Blvd., So.
Las Vegas, NV 89101

CC:

BANKRUPTCY APPELLATE PANEL
125 SOUTH GRAND AVENUE
PASADENA, CA 91105

RICHARD BERGERON
PO BOX 5212
WEIRS BEACH, NH 03247

ORIGINAL XYIENCE, INC.
C/O ATTORNEY JAMIE COGBURN
9555 S. EASTERN AVENUE, SUITE 280
LAS VEGAS, NV 89123

ZYEN, LLC.
C/O WILLIAM BULLARD
135 E. SUNSET ROAD, SUITE J
LAS VEGAS, NV 89119

KARIM MASKATIYA
7244 FISHER ISLAND DR
MIAMI BEACH, FL 33109

OMER SATTAR
662 TAM O SHANTER
LAS VEGAS, NV 89109

ZUFFA, LLC
2960 WEST SAHARA AVENUE, SUITE 100
LAS VEGAS, NV 89102

STATION CASINOS, INC.
1505 SOUTH PAVILLION CENTER DRIVE
LAS VEGAS, NV 89135

MICHAEL LEVY
1335 E. SUNSET ROAD SUITE #J-H
LAS VEGAS, NV 89119

KIRK SANFORD
7199 RANCHITO CIRCLE
LAS VEGAS, NV 89120

RECEIVED
AND FILED

MAR 18 12 45 PM '11

Richard E. Bergeron III
PO Box 5212
Weirs Beach, NH 03247
Pro-Se
Email: Rich.Bergeron@gmail.com
617-209-4325

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>XYIENCE, INCORPORATED,<br>A Nevada Corporation,<br><br>Debtor. | Case No: BK-S-08-10474-MKN<br>Chapter 11<br><br>Adversary No. 08-1082-MKN |
| XYIENCE, INCORPORATED,<br>A Nevada Corporation,<br><br>Plaintiff.<br><br>v.<br><br>RICHARD BERGERON, an individual,<br><br>Defendant. | |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation,<br><br>Counterdefendant. | **NOTICE OF APPEAL**<br><br>Hearing Date: n/a<br>Time: n/a |

**DEFENDANT AND COUNTERCLAIMANT RICHARD E. BERGERON'S NOTICE OF APPEAL OF 3-14-11 ORDER OF JUDGE KING**

Richard E. Bergeron, the defendant and counterclaimant in the above entitled proceeding, hereby appeals under 28 U.S.C. § 158 from the attached order of the bankruptcy judge entered in this adversary proceeding on the 4th day of March, 2011.

The names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

**Original Xyience, Inc. Attorney Jamie Cogburn:**

9555 S. Eastern Avenue
Suite 280
Las Vegas, NV 89123

**William Bullard on behalf of himself and Zyen, LLC:**

1335 E. Sunset Road, SUITE J
Las Vegas, NV 89119

**Karim Maskatiya:**

7244 Fisher Island Dr
Miami Beach, FL 33109

**Omer Sattar:**

662 Tam 0 Shanter
Las Vegas, Nevada 89109

**Zuffa, LLC:**

2960 West Sahara Avenue
Suite 100
Las Vegas, NV 89102

**Station Casinos, Inc.:**

1505 SOUTH PAVILLION CENTER DRIVE
Las Vegas, NV 89135

**Michael Levy:**

1335 E. Sunset Road Suite # J-H
Las Vegas, Nevada 89119

**Kirk Sanford:**

7199 Ranchito Circle
Las Vegas, Nevada 89120

**XYIENCE, Inc.:**
**C/O Jon Backman & David Herzog (Trustee's Counsel and Trustee, respectively)**

jbackman@backlawoffice.com, drhlaw@mindspring.com

**Attorney John Mowbray (Director) and Laurel Davis and their firm: Fennemore Craig:**

JMOWBRAY@fclaw.com
LDAVIS@fclaw.com

**Attorney Jon Pearson, formerly of Fennemore Craig and now with Ballard Spahr, LLP:**

pearsonj@ballardspahr.com

**Attorney Pamela Lawson and her firm Hunterton and Associates, also operating in the past on behalf of ADAM FRANK**

plawson@huntertonlaw.com

**LAWRENCE J. SEMENZA, also on behalf of ADAM FRANK:**

lsemenza@bhfs.com; orodriguez@bhfs.com

**TODD L. BICE, also on behalf of ADAM FRANK:**

lit@pisanellibice.com, mar@pisanellibice.com

**MICHAEL N. FEDER on behalf of ZUFFA MARKETING, LLC:**

mfeder@lrlaw.com, cwrangham@lrlaw.com;nfortenberry@lrlaw.com

**Attorneys Matthew C. Zirzow and Gregory Garman and their firm: Gordon and Silver, LTD, on behalf of Fertitta Enterprises, Lorenzo Fertitta, Estate of Frank Fertitta Jr., and Frank Fertitta III:**

bankruptcynotices@gordonsilver.com; bknotices@gordonsilver.com

**ANTHONY W. AUSTIN on behalf of ZUFFA MARKETING, LLC:**

aaustin@lrlaw.com

DATED: March 18, 2011

Signed:

Rich Bergeron Rich Bergeron

**Rich Bergeron**
**PO BOX 5212**
**Weirs Beach, NH 03247**
**617-209-4325**
**Attorney Pro-Se**
Rich.Bergeron@gmail.com

UNITED STATES BANKRUPTCY COURT DISTRICT OF NEVADA

Entered on Docket
March 04, 2011

Hon. Lloyd King
United States Bankruptcy Judge

GORDON SILVER
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorney for Fertitta Enterprises, Inc. and Zyen, LLC

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>XYIENCE, INCORPORATED, a Nevada corporation,<br><br>Debtor. | Case No.: BK-S-08-10474-MKN<br>Chapter 11 |
| XYIENCE INCORPORATED, a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON, an individual,<br><br>Defendant. | Adversary No. 08-1082-MKN |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant, | Date: February 10, 2011<br>Time: 9:30 a.m. |

v.

XYIENCE INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,

Counterdefendants.

**ORDER DENYING DEFENDANT AND COUNTERCLAIMANT'S MOTION FOR LEAVE TO AMEND RULE 9011 SANCTIONS MOTION**

Defendant and Counterclaimant's Motion for Leave to Amend Rule 9011 Sanctions Motion (the "Leave to Amend Motion")[1] [Docket No. 207] filed by Defendant/Counterclaimant, Richard Bergeron ("Mr. Bergeron") came on for hearing before this Court on February 10, 2011, at 9:30 a.m. Mr. Bergeron appeared *pro se*, Gregory, E. Garman, Esq. of the law firm of Gordon Silver appeared on behalf of Fertitta Enterprises, Inc. ("Fertitta Enterprises") and Zyen, LLC ("Zyen"). Laurel Davis, Esq. of the law firm of Fennemore Craig, P.C. ("Fennemore Craig") appeared on behalf of herself, Fennemore Craig, John H. Mowbray, Esq. of Fennemore Craig, and Jon T. Pearson, a former associate of Fennemore Craig (collectively, the "Fennemore Craig Parties"). Jonathan A. Backman, Esq. of the Law Office of Jonathan A. Backman appeared on behalf of David Herzog, the Liquidating Trustee. The Court having reviewed the Leave to Amend Motion filed by Mr. Bergeron, stated its findings of fact and conclusions of law on the record at the hearing, which findings of fact and conclusions of law are incorporated herein by this reference in accordance with Rule[2] 52, and made applicable to this adversary proceeding by Bankruptcy Rule 7052; and good cause appearing therefor;

. . .

. . .

. . .

[1] All capitalized, undefined terms shall have the meaning attributed to them in the Leave to Amend Motion.

[2] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Rule" shall refer to the Federal Rules of Civil Procedure; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Practice of the U.S. District Court for the District of Nevada (or Bankruptcy Practice, where applicable).

IT IS HEREBY ORDERED that:

1. The Leave to Amend Motion shall be denied in its entirety; and
2. Bergeron shall be prohibited from making any further telephonic appearances in the United States Bankruptcy Court for the District of Nevada.

PREPARED AND SUBMITTED:

GORDON SILVER

By: ______________________

GREGORY E. GARMAN, ESQ.
3960 Howard Hughes Parkway, 9th Floor
Las Vegas, Nevada 89169
Attorneys for Fertitta Enterprises, Inc. and Zyen, LLC

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☒ The court waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

###



ve'
Law
or
hes Pkwy
da 89169
555

Richard E. Bergeron III
PO Box 5212
Weirs Beach, NH 03247
Pro-Se
Email: Rich.Bergeron@gmail.com
617-209-4325

RECEIVED AND FILED
MAR 18 12 45 PM '11

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>XYIENCE, INCORPORATED,<br>A Nevada Corporation,<br><br>Debtor. | Case No: BK-S-08-10474-MKN<br>Chapter 11<br><br>Adversary No. 08-1082-MKN |
| XYIENCE, INCORPORATED,<br>A Nevada Corporation,<br><br>Plaintiff.<br><br>v.<br><br>RICHARD BERGERON, an individual,<br><br>Defendant. | |
| RICHARD BERGERON, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>XYIENCE INCORPORATED, a Nevada corporation,<br><br>Counterdefendant. | **DEFENDANT AND COUNTERCLAIMANT RICHARD E. BERGERON'S MOTION FOR LEAVE TO APPEAL INFORMA PAUPERIS**<br><br>Hearing Date: n/a<br>Time: n/a |

**DEFENDANT AND COUNTERCLAIMANT RICHARD E. BERGERON'S MOTION FOR LEAVE TO APPEAL INFORMA PAUPERIS**

Defendant and Counterclaimant Richard E. Bergeron ("Bergeron") hereby files this Motion For Leave To Appeal Informa Pauperis in relation to the attached notice of appeal of the 3-04-2011 order of Judge King. Also attached are an affidavit and financial documentation proving Bergeron does not have sufficient income that would allow him to pay any docketing or service fees in this matter.

Additionally, due to this court's recent adverse ruling regarding the requirement that he personally appear at all future hearings, Bergeron has been forced to remain in Las Vegas rather than return home to New Hampshire where his home office is located. This creates a substantial hardship for Bergeron in that it requires him to work as hard as possible without payment to prosecute his claims in this matter and bring these matters to a conclusion so he can return home. Judge King's decision to mandate Bergeron's personal appearances was made without adequate inquiry as to how Bergeron was able to afford the trip to Las Vegas, and his present financial situation would make a subsequent trip impossible. Unless and until the pending settlement with the U.S. Trustee in this matter is approved and delivered, Bergeron will be in no position to attend future hearings if he were to return home. Meanwhile, being away from his office (a contingency he could not have possibly planned for) presents a series of challenges that have been extremely detrimental to his ability to earn appropriate wages to pay filing and other fees associated with this appeal, as evidenced by the attached affidavit and bank records.

## LEGAL ANALYSIS:

Authority to allow prosecution of an appeal in forma pauperis is vested in "[a]ny court of the United States" by 28 U.S.C. § 1915 (a). The second paragraph of section 1915 (a) seems to contemplate initial application to the district court for permission to proceed in forma pauperis, and although the circuit rules are generally silent on the question, the case law requires initial application to the district court.

*Hayes v. United States*, 258 F.2d 400 (5th Cir., 1958), cert. den. 358 U.S. 856, 79 S.Ct. 87, 3 L.Ed.2d 89 (1958*); Elkins v. United States*, 250 F.2d 145 (9th Cir., 1957) see 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960); *United States v. Farley*, 238 F.2d 575 (2d Cir., 1956) see 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529 (1957).

If in forma pauperis status is granted, "the officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases." 28 U.S.C. § 1915(d). In addition, the statute allows the court to require a record on appeal or transcript of proceedings to be prepared at no expense to the party. 28 U.S.C. § 1915(c).

***Traguth v. Zuck*, 710 F. 2d 90, 91 (1983) additionally provides:**

**"Implicit in the right to [self-representation] is the obligation on the part of the Court to make reasonable allowances to protect Pro Se litigants from inadvertent forfeiture of important rights because of their lack of legal training." And the "Court's duty is even broader in the case of a [Pro Se] defendant who finds [himself] in court against [his] will with little time to learn the intricacies of civil procedure and law." See 28 U.S.C.A. 1654.**

The hearing on the motion to amend held on February 10, 2011 took on a tone that implicated Judge King's hostility toward Bergeron representing himself and not obtaining the services of an attorney, which he cannot afford. Further, Judge King willfully admitted he had not read the associated pleadings related to the initial motion for sanctions and other paperwork that would be necessary for him to review to make an informed decision on Bergeron's stated merits set forth in the pleading paperwork. Judge King simply stated that he had been informed Bergeron's previous work was "hard to follow" and took no opportunity to reserve judgment until after he had sufficient time to review the associated pleadings. Instead, he simply ruled on the spot at the close of the hearing.

"A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Id. (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573, 105 S. Ct. 1504 (1985)). Since Judge King

was clearly negligent in reviewing the full record, the appeals process must be borne out for a fair and legally sound conclusion to be made on the motion.

The open bias and ignorance displayed by Judge King at the February 10th, 2011 hearing was clear from the outset as he allowed the opposition to argue first on a motion brought by Bergeron. The judge did not allow Bergeron to argue first at a subsequent hearing brought by opposing counsel later in the same month. This is therefore clearly not a matter of procedural habit for Judge King, rather it is a clear indication of his blatant preference for parties represented by counsel.

Further, Judge King's appearance as the sitting judge for this matter is inappropriate under the circumstances, especially since no party was aware before the hearing that he would be substituted in place of Judge Nakagawa. The U.S. Trustee's Counsel Jonathan Backman, appearing by telephone, was not even aware Judge King was presiding until well into the proceedings. Bergeron set the matter for hearing with Judge Nakagawa's secretary and expected to appear before Judge Nakagawa, who has a much better grasp of what the pending litigation is all about and is the only previous judge in the bankruptcy process to enter rulings in the case.

Bergeron's rights to equal treatment under the law were substantially denied due to Judge King's substitution into this case and his subsequent prejudicial treatment of Bergeron without proper review of the associated paperwork. Thus, a party may only appeal a bankruptcy court order when it diminishes their property, increases their burdens or impairs their rights. *Travelers Cas. & Sur. v. Corbin* (In re *First Cincinnati, Inc.*), 286 B.R. 49, 51 (B.A.P. 6th Cir. 2002) (citations omitted).

Bergeron should be allowed leave to appeal as well as leave to amend the outstanding and yet to be heard Rule 9011 sanctions motion that this appeal is directly related to. Due to a subsequent ruling by this court that Bergeron also intends to appeal, Bergeron has been denied standing to represent injured shareholders who were damaged by the silencing of Bergeron due to an unconstitutional injunction secured at the outset of the district court case. This situation makes Bergeron's request to amend his sanctions motion all the more important, for if the standing issue is not reversed Bergeron must amend the motion anyway to reflect the fact that he would be the only

party seeking relief. His request of a 90-day continuance has only been made more relevant by the actions of the court after the court's denial of his motion to amend.

Further, Bergeron adequately served the motion to amend on multiple parties who never responded with oppositions of any kind. Only three attorneys attended the February 10th hearing itself, though multiple additional parties are referenced as sanctionable in Bergeron's requests for sanctions. These attorneys represented the estate and the current re-organized entity at the hearing, but there is no evidence reflecting they also represent other individuals associated with the bankruptcy and named in Bergeron's sanction requests.

Judge Nakagawa should be the presiding judge on this case moving forward, as he is the one most familiar with the pleadings and prior hearings held. While Judge King mandated Bergeron appear personally at all future hearings, King himself appeared by satellite video feed at the very next hearing on the case. A hearing on the subsequent matter was secured just 4 days from entry of the associated pleadings, while Bergeron's motion for sanctions has not been granted a hearing yet even though the last amended motion was submitted more than a year ago. The preferential treatment afforded Bergeron's opposition in this case is detrimental to justice and also to Bergeron's ability to afford to proceed properly with these matters.

WHEREFORE: Bergeron should be granted leave to appeal informa pauperis and given adequate relief as follows:

The order of Judge King dated March 4, 2011 should be overturned, and Bergeron should be allowed to amend the outstanding sanctions motion at the close of either a 90-day continuance period or upon the conclusion of the appeal of Judge King's injunction order denying Bergeron standing to seek sanctions damages to be paid to injured shareholders. That injunction order has yet to be entered on the docket, so the latter form of relief appears to be most applicable under the circumstances.

Bergeron should be allowed to appear telephonically at future hearings so he may return home to New Hampshire where his home office is located. He should not be punished for his appearance in person, which he was only able to make due to donations from parties he is now told he has no standing to represent and who will not

be in any position to support a return trip. His opposition has not been punished for any of their advantages, and as such it is a violation of Bergeron's 14th Amendment rights to force him to have to remain in the Las Vegas area until these proceedings have been fully adjudicated.

Judge Nakagawa should also be restored as the presiding judge on this case due to a pervasive bias shown against Bergeron demonstrated by Judge King by way of his repeated criticism of Bergeron's lack of an attorney, which he cannot afford. Judge Nakagawa is most familiar with the past pleadings Judge King admittedly did not even read prior to the February 10th hearing that is the subject of this appeal. Judge King displayed a disrespectful and ignorant view of Bergeron's related requests regarding the February 10th hearing, and his immediate ruling on the day of the hearing is further evidence that he is not willing to adequately review the case files he is obliged to in order to make an informed decision based on the full record of the case.

Dated this 18th day of March, 2011

**Rich Bergeron**
**PO BOX 5212**
**Weirs Beach, NH 03247**
**617-209-4325**
**Attorney Pro-Se**
Rich.Bergeron@gmail.com

RECEIVED

**Form 4. Motion and Affidavit for Permission to Appeal In Forma Pauperis**

Xyience, Inc. **Motion and Affidavit for Permission** Adv.
Debtor, Plaintiff **to Appeal In Forma Pauperis** case: 08-1082-MKN
Counter-defendant

MAR 18 12 45 PM '11

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

v. Appeal No. ______

Richard Bergeron
Defendant, counterclaimant

District Court or Agency No. ______

| **Affidavit in Support of Motion** | **Instructions** |
|---|---|
| I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.) | Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write in that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number. |
| Richard Bergeron<br>*Signature* | 3-18-2011<br>*Date* |

**My issues on appeal are:** Motion to Amend, Appearance in person

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| **Income source** | **Average monthly amount during the past 12 months** | | **Amount expected next month** | |
|---|---|---|---|---|
| | **You** | **Spouse** | **You** | **Spouse** |
| Employment | $ 200 | $ | $ 200 | $ |
| Self-employment | $ 150 | $ | $ 150 | $ |
| Income from real property (such as rental income) | $ 0 | $ | $ 0 | $ |
| Interest and dividends | $ 0 | $ | $ 0 | $ |
| Gifts | $ 100 | $ | $ 0 | $ |
| Alimony | $ 0 | $ | $ 0 | $ |
| Child support | $ 0 | $ | $ 0 | $ |

| | | | | |
|---|---|---|---|---|
| Retirement (such as social security, pensions, annuities, insurance | $ 0 | $ | $ 0 | $ |
| Disability (such as social security, insurance payments) | $ 0 | $ | $ 0 | $ |
| Unemployment payments | $ 0 | $ | $ 0 | $ |
| Public-assistance (such as welfare) | $ 0 | $ | $ 0 | $ |
| Other (specify):________ | $ 0 | $ | $ 0 | $ |
| **Total monthly income:** | $ 350 | $ | $ 350 | $ |

2. List your employment history, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross Monthly Pay |
|---|---|---|---|
| Demand Media | Internet | 2010-Pres. | $ 100 |
| opposing views | Internet | 2010-Pres. | $ 100 |
| Self | Internet | 2006-Pres | $ 150 |

3. List your spouse's employment history, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross Monthly Pay |
|---|---|---|---|
| N/A | | | $ |
| | | | $ |
| | | | $ |

4. How much cash do you and your spouse have? $ 11.76
Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| Bank of America | Checking | $ 11.76 | $ N/A |
| | | $ | $ |
| | | $ | $ |

If you are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

N/A

| Home (Value) | Other Real Estate (Value) | Motor Vehicle #1 (Value) |
|---|---|---|
| N/A | | Make and year: N/A |
| | | Model: |
| | | Registration No: |

| Home (Value) | Other Real Estate (Value) | Motor Vehicle #2 (Value) |
|---|---|---|
| | | Make and year: |
| | | Model: |
| | | Registration No: |

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person(s) owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| N/A | $ | $ |
| | $ | $ |
| | $ | $ |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| N/A | | |
| | | |

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

| Expenses | Amount expected next month You | Spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home)<br>Are real-estate taxes included? ☐ YES ☐ NO<br>Is property insurance included? ☐ YES ☐ NO | $ N/A | $ N/A |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ 100 | $ N/A |
| Home maintenance (repairs and upkeep) | $ N/A | $ N/A |
| Food | $ 50 | $ N/A |
| Clothing | $ N/A | $ N/A |
| Laundry and Dry Cleaning | $ 10 | $ N/A |
| Medical and dental expenses | $ N/A | $ N/A |

| | You | Spouse |
|---|---|---|
| Transportation (not including motor vehicle payments) | $ 20 | $ N/A |
| Recreation, entertainment, newspapers, magazines, etc. | $ N/A | $ N/A |
| Insurance (not deducted from wages or included in Mortgage payments): | | |
| Homeowner's or renter's | $ N/A | $ N/A |
| Life | $ | $ |
| Health | $ | $ |
| Motor Vehicle | $ | $ |
| Other: | $ | $ |
| Taxes (not deducted from wages or included in Mortgage payments) (specify): All Taxes Paid at Close of year for freelance work earned income Tax credit qualified | $ | $ |
| Installment payments | | |
| Motor Vehicle | $ N/A | $ N/A |
| Credit card (name): | $ | $ |
| Department Store (name): | $ | $ |
| Other: | $ | $ |
| Alimony, maintenance, and support paid to others | $ | $ |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) Hosting Fees | $ 48 | $ N/A |
| Other (specify): | $ N/A | $ N/A |
| **Total monthly expenses:** | $ 228 | $ N/A |

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

☐ YES ☒ NO If yes, describe on an attached sheet.

10. Have you paid - or will you be paying- an attorney any money for services in connection with this case, including the completion of this form?

☐ YES ☒ NO If yes, how much? $ ____________

If yes, state the attorney's name, address, and telephone number:

_______________________________________________

_______________________________________________

11. Have you paid — or will you be paying — anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form?

☐ YES ☒ NO If yes, how much? $ ____________

If yes, state the person's name, address, and telephone number:

______________________________

______________________________

______________________________

12. Provide any other information that will help explain why you cannot pay the docket fees for your appeal.

I no longer can count on shareholders to help as they have in the past, due to standing issues

13. State the address of your legal residence.

107 Cotton Hill Rd.

Belmont, NH 03220

______________________________

Your daytime phone number: 617-209-4325

Your age: 33 Your years of schooling: 12 - B.A. in English degree

Your social-security number: 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

Bank Account printout attached

Sign Off

Locations Mail Help En Español

Accounts | Bill Pay | Transfers | Investments | Customer Service

Enter keyword(s)

Accounts Overview | Account Details | My Portfolio | Alerts | Open an Account

**MyAccess Checking - 6348**

**Account:** Select Account Go

Did you know you can automatically transfer money to your savings account every month? Simply go to the **Transfers** tab, set up a transfer to a savings account, and choose a recurring frequency. You decide the amount and frequency of the transfer, and you can change it or stop it at any time. Plus, you'll be able to access your savings when you need it.

Hide this message

**Balance Summary**

**$11.76** Available Balance as of today

Account balance history

Tips to help avoid fees

**Account Numbers & Fees**

Show account number

Show routing numbers

Personal schedule of fees

**My Keep the Change Savings**

**$128.53**[2]

My savings keep adding up with Keep the Change!

View my savings

Turn off Popup Help

QUICK TIP

Now see your cleared checks with your online statement.

Learn more

**Pay Your Bills**

Schedule a payment with Bill Pay

Pay a bill due today with Quick Payment

Learn about your payment options

**Customer Service**

Stop mailing paper statements

Manage alerts

Check card settings

Show me more services...

**Account Activity** | **My Statements** | **Find Transactions**

Download Print

Go to: Today (Mar 18, 2011) Newest · Next · Previous · Oldest

Quick Find Find

| Date | Description | Type | Status | Amount | Available Balance |
|---|---|---|---|---|---|
| | **Amount included in Available Balance** | | | | |
| Processing | CIRCLE K 00542 03/18 #000000209526 PURCHASE 3500 E CHARLESTON LAS VEGAS NV | | | -$11.91 | **$11.76** |
| Processing | ACH CREDIT PAYPAL TRANSFER ON 03/18 | | | $35.00 | $23.67 |
| 03/17/2011 | KEEP THE CHANGE TRANSFER CANCELED-LOW ACCT BALANCE | | | $0.00 | -$11.33 |
| 03/17/2011 | CHECKCARD 0315 HOSTGATOR COM 713-5745287 TX 85418361075118000184583 | | | -$24.95 | -$11.33 |
| 03/17/2011 | OVERDRAFT ITEM FEE FOR ACTIVITY OF 03-16 ELECTRONIC TRANSA | | | -$35.00 | $13.62 |
| 03/17/2011 | FEE REVERSAL OVERDRAFT FEE REVERSED 1980516MAR11 | | | $35.00 | $48.62 |
| 03/17/2011 | FEE REVERSAL INTERNATIONAL TRANSACTION FEE REVERSED | | | $0.49 | $13.62 |
| 03/16/2011 | PAYPAL DES:ECHECK ID:49KJ24SMNGNMA INDN:RICH BERGERON CO ID:PAYP | | | -$25.85 | $13.13 |
| 03/16/2011 | ATM/CHECK CARD MISC. CR ADJ ON 03/15/11 CARD # 5312620001354684 CLAIM #1980516M | | | $16.43 | $38.98 |
| | **Statement as of 03/16/2011 (view now)** | | | | |
| 03/15/2011 | CHECKCARD 0315 INEEDHITS/COM/SEO CLAREMONT 85313501074021305786169 | | | -$0.49 | $22.55 |
| 03/15/2011 | KEEP THE CHANGE TRANSFER CANCELED-LOW ACCT BALANCE | | | $0.00 | $23.04 |
| 03/15/2011 | CHECKCARD 0315 INEEDHITS/COM/SEO CLAREMONT 85313501074021305786169 | | | -$16.43 | $23.04 |
| 03/10/2011 | NSF: RETURNED ITEM FEE FOR ACTIVITY OF 03-09 ELECTRONIC TRANSA | | | -$35.00 | $39.47 |
| 03/10/2011 | Counter Credit | | | $200.00 | $74.47 |
| 03/10/2011 | RETURN OF POSTED CHECK / ITEM (RECEIVED ON 03-09) ELECTRONIC TRANSACTION | | | $25.85 | -$125.53 |
| 03/09/2011 | PAYPAL DES:ECHECK ID:49KJ24SMNGNMA INDN:RICH BERGERON CO ID:PAYP | | | -$25.85 | -$151.38 |
| 03/08/2011 | NSF: RETURNED ITEM FEE FOR ACTIVITY OF 03-07 ELECTRONIC TRANSA | | | -$35.00 | -$125.53 |
| 03/08/2011 | RETURN OF POSTED CHECK / ITEM (RECEIVED ON 03-07) ELECTRONIC TRANSACTION | | | $9.95 | -$90.53 |
| 03/07/2011 | PAYPAL DES:ECHECK ID:49KJ24RWPWVMC INDN:RICH BERGERON CO ID:PAYP | | | -$9.95 | -$100.48 |

# UNITED STATES BANKRUPTCY COURT DISTRICT OF NEVADA
## 300 LAS VEGAS BLVD., SO.
## LAS VEGAS, NV 89101

## MEMORANDUM

**TO**: ALL PARTIES IN APPEAL

**FROM:** M. BREAREY

**RE**: XYIENCE, INCORPORATED, A NEVADA CORPORATION
VS. RICHARD BERGERON, AN INDIVIDUAL

The following items(s) are required for the above referenced appeal to proceed timely:

**Designation of Record On Appeal** must be filed with the Bankruptcy Clerk's Office 14 days after the filing of the Notice of Appeal. It must include the exact hearing dates of transcripts, exact titles and filing dates of all pleadings & exhibits. If any party includes a transcript, it must immediately be ordered by filing a Transcript Order Form with the Clerk's Office and make arrangements for payment with our Electronic Court Recorders.

The **Statement Of Issues** must also be filed with the Bankruptcy Clerk's Office 14 days after filing the Notice of Appeal. The Appellee is allowed 14 days after service of the Appellant Statement of Issues & Designation of Record to file an Additional/Supplemental Designation of Record.

**IF THE ABOVE ARE NOT COMPLIED WITH, THE BANKRUPTCY CLERK WILL FILE A STATUS REPORT WITH THE BANKRUPTCY APPELLATE PANEL OR THE U.S. DISTRICT COURT INDICATING WHY THE BANKRUPTCY CLERK HAS BEEN UNABLE TO FORWARD THE RECORD ON A TIMELY BASIS.**

**PLEASE NOTE THE FOLLOWING REGARDING THE RECORD ON APPEAL:**

Pursuant to Local Rule 8009(a), **Excerpts of Record** shall be filed by the parties on appeals to the District Court in the same manner as required by Federal Rules Bankruptcy Procedures 8009(b) for appeals to the Bankruptcy Appellate Panel. A party filing excerpts of record with the District Court shall file two copies to be bound separately from the briefs. A party filing excerpts of record with the Bankruptcy Appellate Panel shall file the number of copies as required by the 9th Circuit Bankruptcy Appellate Panel. Copies of the designated record no longer need to be delivered to the Clerk of the Bankruptcy Court unless there is a separate request per Local Rule 8006(a)(2).

3/08