RECEIVED & FILED

'11 AUG 25 P2:37

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

In re:

XYIENCE, INCORPORATED,
a Nevada corporation,

Debtor.

XYIENCE, INCORPORATED,
a Nevada corporation,

Plaintiff,

v.

RICHARD BERGERON, III, an individual,

Defendant.

RICHARD BERGERON, III, an individual,

Counterclaimant,

v.

XYIENCE, INCORPORATED, a Nevada corporation; FERTITTA ENTERPRISES, INC., a Nevada corporation,

Counterdefendants.

RICHARD BERGERON, III, an individual,

Appellant,

v.

ZYEN, LLC, a Nevada limited liability company, and FERTITTA ENTERPRISES, INC., a Nevada corporation,

Appellees.

2:11-CV-00772-JCM-PAL

**ORDER**

James C. Mahan
U.S. District Judge

Presently before the court is appellees' Zyen LLC and Fertitta Enterprises, Inc.'s motion to dismiss appellant Richard Bergeron, III's appeal pursuant to 28 USC § 158. (Doc. #6). Appellant has responded (doc. #11) and appellees have replied (doc. #12).

I. Background

The long and convoluted procedural history of the present case is well-known to the litigants. Thus, a short statement of the of the history suffices for the purposes of deciding appellees' motion.

On July 18, 2007 Xyience Incorporated filed its complaint against appellant in Nevada state court. Six months later, on January 18, 2008, Xyience filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the District of Nevada. Three months after the bankruptcy filing, on March 20, 2008, Xyience removed the state court litigation to the bankruptcy court, thereby commencing the adversary proceeding at issue in the present motion.

On January 21, 2009 appellant filed an amended motion for Rule 22 and Rule 9011 sanctions (the "amended sanctions motion") requesting sanctions against the parties and attorneys in the state court litigation and other entities that had not made any appearances in that action, including Zyen LLC. The amended sanctions motion sought $150 million. On February 10, 2009 appellee Fertitta Enterprises filed its opposition to the amended sanctions motion.

On November 19, 2010 – while the amended sanctions motion, Fertitta Enterprises' opposition, and other related motions remained pending before the bankruptcy court – appellant filed a motion seeking leave to amend the amended sanctions motion ("leave to amend motion"). Appellee Fertitta Enterprises filed an opposition to the amended sanctions motion. On February 10, 2011 the bankruptcy court denied the leave to amend motion. In response, appellant filed the instant appeal, seeking to have this court reverse the bankruptcy court's order denying the leave to amend motion.

II. Discussion

An appellant may take an appeal, as a matter of right, only from "final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). As for what constitutes a final judgment or order, this circuit has "'adopted a pragmatic approach to finality in bankruptcy cases.'" *In re AFI Holding, Inc.*, 530 F.3d 832, 836 (9th Cir. 2008) (quoting *In re Lazar*, 237 F.3d 967, 985 (9th Cir. 2001)).

James C. Mahan
U.S. District Judge

Unlike civil actions where an entry of judgment usually ends the litigation, "in bankruptcy, a complete act of adjudication need not end the entire case, but need only end any of the interim disputes from which appeal would lie." *In re Slimick*, 928 F.2d 304, 307 n.1 (9th Cir. 1990). "[A] bankruptcy court order is final and thus appealable where it 1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." *AFI Holding, Inc.*, 530 F.3d at 836 (quoting *In re Lazar*, 237 F.3d at 985); *see also In re Brown*, 484 F.3d 1116, 1120 (9th Cir. 2007) ("[A] disposition is final if it contains 'a *complete* act of adjudication,' that is, a full adjudication of the issues at bar, and clearly evidences the judge's intention that it be the court's final act in the matter (quotations omitted).

The February 10, 2011, order was not final under these standards. The leave to amend motion neither affected substantive rights nor finally determined the discrete issue to which it was addressed. *See AFI Holding, Inc.*, 530 F.3d at 836 (quoting *In re Lazar*, 237 F.3d at 895). When the bankruptcy judge denied the leave to amend motion, it was not a "complete act of adjudication" because it did not evidence any intent that it be the court's final act in the matter. *See In re Brown*, 484 F.3d at 1120. Rather, the underlying amended sanctions motion (and Fertitta Enterprises' related countermotion) remained pending.

For interlocutory orders, an appellant must first seek leave to appeal prior to having the February 10, 2011, order reviewed by this court. *See* 28 U.S.C. § 158(a)(3); *Travers v. Dragul (In re Travers)*, 202 B.R 624, 626 (9th Cir. B.A.P. 1996). Construing appellant's motion for leave to appeal in forma pauperis broadly, as this court must given appellant's status as a pro se litigant, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a document filed pro se is "to be liberally construed"), this court finds that though appellant may have requested leave to amend,[1] there is no basis for granting such leave.

Granting leave to appeal an interlocutory order is appropriate if: (1) the order involves a controlling question of law where there is substantial ground for difference of opinion, and (2)

---

[1]Appellant's motion contains the sentence, "Bergeron should be allowed leave to appeal as well as leave to amend the outstanding and yet to be heard Rule 9011 sanctions motion that this appeal is directly related to." *See* Def.'s Mot. for Leave to Appeal In Forma Pauperis at 4:21-23.

James C. Mahan
U.S. District Judge

when the appeal furthers judicial economy because it materially advances the ultimate termination of the litigation. *In re Travers*, 202 B.R. at 625 (citations omitted). Here, there is neither a substantial ground for difference of opinion regarding a controlling question of law nor a benefit to judicial economy. The leave to amend motion was straightforward, requesting the bankruptcy court use its discretion and allow appellant to amend a motion that had been pending before the court for several months, during which, appellant continuously attempted to improperly present additional and new evidence. The bankruptcy court exercised its discretion to deny the motion, and this court does not find that such denial was an abuse of discretion. The bankruptcy court's order did not, therefore, involve a controlling question of law where there was substantial ground for difference of opinion. Moreover, a reversal on the leave to amend motion will not advance the efficient resolution of the litigation, but merely enable appellant to amend a sanctions motion that is already pending before the bankruptcy court. Therefore, this court finds that there are no proper grounds to grant appellant leave to appeal the bankruptcy court's February 10, 2011 interlocutory order.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that appellees' motion to dismiss appellant's appeal (doc. #6) be, and the same hereby is, GRANTED.

DATED: August 24, 2011.

James C. Mahan

**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge