Jonathan A. Backman
Law Office of Jonathan A. Backman
117 N. Center Street
Bloomington, Illinois 61701-5001
(309) 820-7420
jbackman@backlawoffice.com

*Counsel for the Liquidating Trustee*

E-filed on: July 30, 2013

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| IN RE:<br><br>XYIENCE. INCORPORATED,<br>a Nevada corporation,<br><br>Debtor. | Chapter 11<br><br>No. BK-S-08-10474-MKN |
| XYIENCE INCORPORATED, a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD BERGERON,<br><br>Defendant. | Adversary Case No. 08-1082-MKN<br><br>Honorable Lloyd King |
| RICHARD BERGERON,<br><br>Counter-plaintiff,<br><br>v.<br><br>XYIENCE INCORPORATED,<br>a Nevada corporation, et al.,<br><br>Counter-defendants. | Hearing: August 14, 2013<br>12:00 p.m. P.D.T.<br>(By Teleconference Only) |

## LIQUIDATING TRUSTEE'S LIMITED OPPOSITION TO THE MOTION OF RICHARD BERGERON FOR SUMMARY JUDGMENT AND THE COURT'S ORDER TO SHOW CAUSE AS TO WHY THE CASE SHOULD NOT BE DISMISSED

Interested Party David Herzog, as Liquidating Trustee (the "Trustee") for the trust estate (the "Trust Estate") of Xyience, Incorporated (the "Debtor"), the former debtor and debtor in possession the above-captioned Chapter 11 case (the "Case"),

respectfully submits this limited opposition (i) to the motion of Richard Bergeron for summary judgment that he caused to be filed on or about November 19, 2010, and as to which the Court deferred ruling pending the commencement of the claims objection process, and (ii) to the Order to Show Cause for Dismissal of Adversary Proceeding for Lack of Prosecution, as entered by the Court on March 7, 2013.

## BACKGROUND

This base began when the Debtor, on July 18, 2007 — i.e., prior to the filing of the above-captioned bankruptcy case — filed a multi-count complaint against Mr. Bergeron in the Eighth Judicial District Court in Las Vegas, Clark County, Nevada Case No. A544781, Dept. XVI (the “State Case”). The initial complaint in the State Case sought an injunction against certain statements Mr. Bergeron was making on the Internet relating to the Debtor and other persons, and for money damages relating to such statements.

As set forth in the background section of The Honorable Bankruptcy Judge Michael Nakagawa’s Memorandum Decision on Defendant and Counterclaimant’s (I) Emergency Motion to Suspend Bankruptcy Proceedings Pending Investigation of Fraudulent Bankruptcy Filing and (II) Motion for Summary Judgment on Defendant’s Rule 11 Motion to Dismiss and Counterclaims [Adv Doc 72], entered on October 14, 2008, Mr. Bergeron subsequently filed, in the State Case — and after the January 18, 2008, petition date of this bankruptcy case — an answer together with four claims seeking declaratory relief and money damages against the Debtor. On March 30, 2008, the Debtor removed the State Case to this Court. [Adv Doc 1]

Although Judge Nakagawa, in above-referenced October 14, 2008, Memorandum and accompanying Order, denied Mr. Bergeron’s motions for summary judgment and other relief, the judge, by separate decisions and orders the same day — Memorandum Decision on Motion of Counterdefendant Fertitta Enterprises, Inc. to Dismiss Adversary Proceeding [Adv Doc 74, 75]; Memorandum Decision on Xyience

Incorporated's Motion to Dismiss Adversary Proceeding and to Strike Richard Bergeron's Counterclaims [Adv Doc. 76, 77] — authorized Mr. Bergeron to file an Amended Answer with a single Counterclaim (for defamation only) against the Debtor and Fertitta Enterprises (while dismissing with prejudice Mr. Bergeron's other three counterclaims).

On November 3, 2008, Mr. Bergeron timely filed an Amended Answer to Complaint and Counterclaim. [Adv Doc. 106] On November 24, 2008, the Debtor timely filed its Reply to Mr. Bergeron's amended answer and counterclaim. [Adv Doc. 110]

On November 29, 2010, Mr. Bergeron filed, among other things, one of the motions that is the subject of this Response — i.e., Defendant/ Counterclaimant Rich Bergeron's Dispositive Motion for Summary Judgment [Adv Doc 210] (the "Pending Motion for Summary Judgment"). At the hearing on February 10, 2011, the Court ruled on various matters pertaining to Fertitta Enterprises (which Mr. Bergeron subsequently appealed),[1] and also advised Mr. Bergeron that he would not consider or rule further on Mr. Bergeron's counterclaim against Xyience until the Trustee reached the claims objection portion (if funds remained available for a distribution to unsecured creditors). Thus, by Virtual Minute Entry in reference to hearing On: 02/10/2011 [Adv Doc 223], the Court ordered that the Pending Motion for Summary Judgment would be removed from the calendar until a party filed a pleading placing it back on the calendar.

On October 7, 2011, this Court entered in the main bankruptcy case its Order on the Liquidating Trustee's Motion for Approval of Settlement Agreement with Richard Bergeron (the "Settlement Approval Order"),[2] pursuant to which Mr. Bergeron received $5,000 in exchange for waiving any right to file a Rule 9011 motion against the

---

[1] The case number of the appeal in the District Court is Case No. 2:11-cv-00772-JCM-PAL. On August 25, 2011, the District Court entered an Order dismissing the appeal on the grounds that the Order of this Court that Mr. Bergeron was appealing was an interlocutory order, and that good cause did not exist to allow an appeal of the interlocutory order at that time. [District Court Docket 14]

[2] The Settlement Approval Order is Doc 662 in the above-captioned main bankruptcy case and is attached hereto as Exhibit A.

Trustee or his counsel, and also agreed to limit his pre-petition claim (i.e., his single remaining counterclaim against the Debtor/Trust Estate) to $175,000.

Finally, as it pertains to the Trustee's response here, this Court entered on March 7, 2013, an Order to Show Cause for Dismissal of Adversary Proceeding for Lack of Prosecution [Adv Doc 246] ("Order to Show Cause"). Mr. Backman appeared telephonically at the hearing on this motion on March 15, 2013, and at Mr. Backman's request (since Mr. Backman feared Mr. Bergeron had not received a copy of it by mail due to his change of address), this Court, by Minute Entry entered May 15, 2013 [Adv Doc 248], continued the hearing to May 23, 2013. Then, as Mr. Backman understood it (albeit not reflected in the Adversary Proceeding docket[3]), the Court requested that any pending matters (other than the Order on the Rule to Show Cause) relating to this Adversary Proceeding be noticed for the next general hearing date scheduled in this case. As a result, Mr. Backman has noticed Mr. Bergeron's Pending Motion for Summary Judgment for the telephonic hearing scheduled for August 14, 2013.

## ARGUMENT[4]

In short, the Trustee has determined not to contest Mr. Bergeron's summary judgment because, as stated in paragraph 2 on page 2 of the Pending Motion for Summary Judgment, Mr. Bergeron has limited his request of damages to $175,000. And

---

[3] For the sake of clarity, although the March 15, 2013, hearing on the Order to Show Cause was continued to the telephonic hearing in the main bankruptcy case on March 23, 2013, neither of the dockets in this Adversary Proceeding or in the main case reflect a date to which the Order to Show Cause would be further continued. Thus, while the Trustee is responding here to the Order — so as to apprize the Court of his position as to why the Adversary Proceeding should not be dismissed for failure to prosecute — the Order to Show Cause has not been set for hearing on August 14, 2013 (i.e., when Mr. Bergeron's Pending Motion for Summary Judgment will be heard telephonically).

[4] Because the Trustee's response does not oppose the entry of summary judgment — provided that it is consistent with the Settlement Approval Order — the Trustee (for cost-effectiveness and relevance purposes) has not prepared a detailed response to Mr. Bergeron's memorandum of law or statement of facts.

this Court, by its Settlement Approval Order, and as agreed by Mr. Bergeron, has ordered that Mr. Bergeron's Counterclaim (capped at $175,000 by the Settlement Approval Order) shall constitute a Pre-Petition Claim against the Debtor (which has now vested as a claim against the Trust Estate). Thus, based on a cost-benefit analysis, and the potential merits of certain aspects of Mr. Bergeron's defamation claim, the Trustee (with the Creditors' Advisory Committee's strong endorsement) has opted not to challenge the entry of summary judgment on his remaining Counterclaim for $175,000.[5]

Finally, as for the Court's Order to Show Cause, the Trustee believes that, as a matter of fairness, and especially in light of the Court's statements at and subsequent minute entry following the initial hearing on the Pending Motion for Summary Judgment on February 10, 2011 — i.e., essentially removing Mr. Bergeron's counterclaim against Xyience until the claims objection process began — the Court should not dismiss Mr. Bergeron's claims for failure to prosecute (though the Trustee does not intend to pursue, and has no objection to, the dismissal of the Debtor's claims against Mr. Bergeron that remain pending in this Adversary Proceeding). Indeed, although Mr. Bergeron should have been aware of the Court's sua sponte Order to Show Cause (and would have been had he filed a proper change of address), the Trustee does not believe that dismissing the case without granting Mr. Bergeron — who is representing himself pro se — a hearing on his Counterclaim would be appropriate, especially inasmuch as Mr. Bergeron and the Trustee's counsel were speaking and negotiating on a somewhat regular basis about the possibility of settling Mr. Bergeron's counterclaim in the year during which no proceedings were occurring in this Court.

---

[5] Although Mr. Bergeron's Pending Motion for Summary Judgment is more limited than his original motion (because of reduction to a single counterclaim), it is also somewhat more complicated and expansive in that it adds certain additional factual materials and evidentiary materials.

## CONCLUSION

WHEREFORE, for all of the reasons set forth above, the Trustee prays that the Court (i) enter an Order dismissing all of the Debtor's claims against Mr. Bergeron, (ii) granting Mr. Bergeron summary judgment on his counterclaim in the amount of $175,000, but specifying (as required by the Settlement Approval Order attached hereto) that such $175,000 shall constitute a pre-petition claim against the Debtor and now the Trust Estate, (iii) denying the Order to Show Cause as moot, and (iv) granting the Trustee such other and further relief as the Court deems appropriate.

Dated: July 30, 2013

Respectfully submitted,

/s/ Jonathan A. Backman

Jonathan A. Backman
Law Office of Jonathan A. Backman
117 N. Center Street
Bloomington, Illinois 61701-5001
(309) 820-7420
FAX: (309) 820-7430
jbackman@backlawoffice.com

*Counsel for David Herzog, as Liquidating Trustee for the Estate of Xyience, Incorporated*

**CERTIFICATE OF SERVICE**

I, Jonathan A. Backman, an Illinois attorney, hereby certify that on July 30, 2013, I electronically filed the foregoing **Liquidating Trustee's Limited Opposition to the Motion of Richard Bergeron for Summary Judgment and to the Court's Order to Show Cause as to Why the Case Should Not Be Dismissed** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

JAMIE S. COGBURN
jsc@cogburnlaw.com

GREGORY E GARMAN
bankruptcynotices@gordonsilver.com, bknotices@gordonsilver.com

PAMELA R. LAWSON
pam.lawsonlawlv@gmail.com

JON T. PEARSON
pearsonj@ballardspahr.com, LVDocket@ballardspahr.com

MATTHEW C. ZIRZOW
bankruptcynotices@gordonsilver.com,
usan@lzlawnv.com;anna@lzlawnv.com;carey@lzlawnv.com

and I hereby certify that I have delivered the document to the following non-CM/ECF participant by first class United States mail, postage-pre-paid:

Richard Bergeron
RICHARD BERGERON
147 OLD COUNTY ROAD
EAST SANDWICH, MA 02537

Richard E Bergeron, III
PO BOX 5212
WEIRS BEACH, NH 03247

Richard Bergeron, III*
107 Cottonhill Road
Belmont, N.H. 03220
rich.bergeron@gmail.com

/s/ Jonathan A. Backman
Jonathan A. Backman

* This is the address that Mr. Bergeron most recently had provided to Mr. Backman; and Mr. Backman will also attempt to serve Mr. Bergeron by email and provide him with the telephonic call-in number for the August 14, 2013, hearing.