United States Bankruptcy Court
District of Nevada

XYIENCE INCORPORATED,
Plaintiff

Adv. Proc. No. 08-01082-mkn

BERGERON,
Defendant

# CERTIFICATE OF NOTICE

District/off: 0978-2 User: dowlingmb Page 1 of 2 Date Rcvd: Oct 16, 2013
Form ID: pdf954 Total Noticed: 26

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 18, 2013.

aty +FENNEMORE CRAIG, P.C., 300 SO FOURTH ST., STE #1400, LAS VEGAS, NV 89101-6021
aty HUNTERTON & ASSOCIATES, 333 S. SIXT ST, LAS VEGAS, NV 89101
aty +RICH BERGERON, 147 OLD COUNTY ROAD, EAST SANDWICH, MA 02537-1465
ust +DONNA LEE JENSEN, OFFICE OF THE UNITED STATES TRUSTEE, 235 PINE STREET, STE 700, SAN FRANCISCO, CA 94104-3484
intp +BANKRUPTCY APPELLATE PANEL, 125 SOUTH GRAND AVENUE, PASADENA, CA 91105-1643
intp BARTHOLOMEW DONOVAN, UNKNOWN, LAS VEGAS, NV 89101
intp +DAVID HERZOG, 77 W WASHINGTON ST., ST 1717, CHICAGO, IL 60602-3943
cd +FERTITTA ENTERPRISES, c/o GORDON & SILVER, LTD., 3960 HOWARD HUGHES PKWY, 9TH FLOOR, LAS VEGAS, NV 89169-5978
intp +KARIM MASKATIYA, 7244 FISHER ISLAND DR, MIAMI BEACH, FL 33109-0744
intp +KIRK SANFORD, 7199 RANCHITO CIRCLE, LAS VEGAS, NV 89120-3039
intp +MICHAEL LEVY, 1335 E. SUNSET ROAD SUITE J-H, LAS VEGAS, NV 89119-4928
intp OMER SATTAR, 622 TAM O'SHANTER, LAS VEGAS, NV 89109
cc +RICH BERGERON, 147 OLD COUNTRY ROAD, EAST SANDWICH, MA 02537-1465
dft RICHARD BERGERON, EAST SANDWICH, MA 02537
intp +RICHARD E BERGERON, III, PO BOX 5212, WEIRS BEACH, NH 03247-5212
intp +STATION CASINOS, INC., 1505 SOUTH PAVILION CENTER, LAS VEGAS, NV 89135-1403
intp +U.S. BANKRUPTCY COURT DISTRICT OF NV, LAS VEGAS, 300 LAS VEGAS BLVD S., LAS VEGAS, NV 89101-5833
pla +XYIENCE INCORPORATED, 4572 HACIENDA AVENUE, LAS VEGAS, NV 89118-1532
intp +ZUFFA, LLC, 2960 WEST SAHARA AVENUE, SUITE 100, LAS VEGAS, NV 89102-1709
intp ZYEN, LLC, C/O WILLIAM BULLARD, 135 E. SUNSET ROAD, SUITE J, LAS VEGAS, NV 89119

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

ust +E-mail/Text: USTPRegion17.LV.ECF@usdoj.gov Oct 17 2013 02:41:04 ANTONIA DARLING, 300 LAS VEGAS BLVD., SO. #4300, LAS VEGAS, NV 89101-5803
ust +E-mail/Text: ustpregion17.sf.ecf@usdoj.gov Oct 17 2013 02:44:15 AUGUST B. LANDIS, OFFICE OF UST FOR REGION 17, 235 PINE STREET, ROOM 700, SAN FRANCISCO, CA 94104-2736
ust +E-mail/Text: USTPRegion17.LV.ECF@usdoj.gov Oct 17 2013 02:41:04 J MICHAL BLOOM, 300 LAS VEGAS BLVD S #4300, LAS VEGAS, NV 89101-5803
ust +E-mail/Text: USTPRegion17.RE.ECF@usdoj.gov Oct 17 2013 02:41:04 NICHOLAS STROZZA, 300 BOOTH ST RM 2129, RENO, NV 89509-1328
ust +E-mail/Text: scott.a.farrow@usdoj.gov Oct 17 2013 02:41:04 SCOTT ANDREW FARROW, DEPT OF JUSTICE, OFFICE OF US TRUSTEE, 300 LAS VEGAS BLVD., SO., LAS VEGAS, NV 89101-5833
ust +E-mail/Text: USTPRegion17.RE.ECF@usdoj.gov Oct 17 2013 02:41:04 WILLIAM B COSSITT, U.S. TRUSTEE'S OFFICE, 300 BOOTH ST, #3009, RENO, NV 89509-1360

TOTAL: 6

***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****

intp GARY NELSON

TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 18, 2013 Signature: /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 15, 2013 at the address(es) listed below:

GREGORY E GARMAN on behalf of Interested Party ZYEN, LLC bankruptcynotices@gordonsilver.com, bknotices@gordonsilver.com
GREGORY E GARMAN on behalf of Counter-Defendant FERTITTA ENTERPRISES bankruptcynotices@gordonsilver.com, bknotices@gordonsilver.com
JAMIE S. COGBURN on behalf of Plaintiff XYIENCE INCORPORATED jsc@cogburnlaw.com
JON T PEARSON on behalf of Plaintiff XYIENCE INCORPORATED pearsonj@ballardspahr.com, LVDocket@ballardspahr.com

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

JONATHAN A. BACKMAN on behalf of Interested Party DAVID HERZOG jabackman@backlawoffice.com, ebackman@backlawoffice.com
MATTHEW C. ZIRZOW on behalf of Counter-Defendant FERTITTA ENTERPRISES mzirzow@lzlawnv.com, susan@lzlawnv.com;tiffany@lzlawnv.com;carey@lzlawnv.com;mary@lzlawnv.com
PAMELA R. LAWSON on behalf of Attorney HUNTERTON & ASSOCIATES pam.lawsonlawlv@gmail.com

TOTAL: 7

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

**Entered on Docket**
**October 15, 2013**

| | |
|---|---|
| In re: | Case No.: BK-S-08-10474-MKN |
| XYIENCE INCORPORATED, Debtor. | Chapter 11 |
| XYIENCE INCORPORATED, Plaintiff, v. RICHARD BERGERON, Defendant. | Adversary Case No. 08-1082-MKN<br>Date: September 19, 2013<br>Time: 9:30 a.m. |
| RICHARD BERGERON, Counter-plaintiff, v. XYIENCE INCORPORATED, et al., Counter-defendants. | |

**MEMORANDUM OPINION CONCERNING DEFENDANT AND COUNTERCLAIMANT RICHARD BERGERON'S AMENDED MOTION FOR RULE 11 AND 9011 SANCTIONS**

On January 21, 2009, Defendant and Counterclaimant Richard Bergeron ("Bergeron") filed an Amended Motion for Rule 11 and 9011 Sanctions ("Amended Motion") against numerous parties. (ADkt. #136).[1] The Amended Motion was opposed by Counterdefendant, Fertitta Enterprises, Inc. ("Fertitta") (ADkt. #150) and by Xyience Incorporated ("Debtor")

[1] Citations to the docket of this Adversary Proceeding are denoted as (ADkt. #__), while citations to the main bankruptcy case for the Debtor are denoted (Dkt. #__).

(ADkt. #153). Bergeron submitted a Reply. (ADkt. #165).

The Amended Motion was heard on September 19, 2013. Although the Court had previously entered an order requiring Bergeron to appear in person, because of his earlier abuse of the privilege of telephonic appearance, the court permitted Bergeron to appear telephonically for this hearing. Gregory Garman, Esq. ("Garman"), of Gordon Silver, appeared for Fertitta, the law firm of Gordon Silver, and for himself. Matthew Zirzow, Esq. ("Zirzow"), who was formerly employed by Gordon Silver, appeared on his own behalf. (Garman, Zirzow, Gordon Silver, and Fertitta are sometimes collectively referred to as the "Opponents"). After oral arguments were presented, the matter was taken under submission.

## BACKGROUND[2]

This is an adversary proceeding in bankruptcy (FRBP 7001 - 87), in which the Chapter 11 Debtor, as plaintiff, sought to enjoin certain allegedly harmful activities by Bergeron. The litigation was originally filed in Nevada State Court[3] on July 18, 2007 (the "State Court Action"). The state court issued a preliminary injunction against Bergeron on September 6, 2007.

Debtor filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code on January 18, 2008. Thereafter, on March 20, 2008, Debtor removed the State Court Action to this Court.

Before the Court is Bergeron's Amended Motion, which seeks $150,000,000.00 in total sanctions and damages. (ADkt. #136). Bergeron seeks $500,000.00 as a personal recovery for his efforts in pursuing the Amended Motion, with the remaining $149,500,000 going to Xyience's shareholders. (ADkt. #136, pp. 10 & 42). The delay in consideration of this matter is

---

[2] In this Order, all references to "Section" shall be to provisions of the Bankruptcy Code, 11 U.S.C. section 101 et seq., unless otherwise indicated. All references to "FRCP" shall be to the Federal Rules of Civil Procedure. All references to "FRBP" or "Rule" shall be to the Federal Rules of Bankruptcy Procedure.

[3] *Xyience Incorporated v. Richard Bergeron, et al.*, Eighth Judicial District Court, Clark County, Nevada, Case No. A544781.

due to other matters related to the administration of the underlying Chapter 11 reorganization case.

Bergeron named over 29 additional respondents to the Amended Motion.[4] The record does not indicate that any of them were given notice of the hearing on September 19, 2013. However, the written and oral arguments of the participants is sufficient to enable the court to deny Bergeron's Amended Motion as to all respondents, regardless of whether they appeared at or received notice of the hearing.

The underlying dispute in this adversary proceeding has been settled. The settlement agreement resulted in Bergeron being given an allowed unsecured claim in the amount of $175,000.[5] (ADkt. #255). That settlement was approved by order entered August 19, 2013. (*Id.*) There was no appeal, and that order is now final. The Amended Motion is the only unresolved matter in this adversary proceeding.

**A. THE AMENDED MOTION FOR FRCP 11 AND RULE 9011 SANCTIONS.**

In the Amended Motion, Bergeron alleges that all named respondents should be sanctioned for "orchestrating, bringing, and pursuing–without any adequate investigation of the facts–a frivolous suit against Bergeron" and for injuring the shareholders of Xyience via a "fraudulent bankruptcy." (ADkt. #136, at p. 2). The Opponents disagree and, in response, seek sanctions against Bergeron for filing a frivolous sanction motion. (ADkt. #150, at pp. 13-15).

For the reasons that follow, the Court finds that both the Amended Motion and the Opponents' request for sanctions against Bergeron should be denied.

---

[4] The Amended Motion seeks sanctions against non-parties who have never made an appearance in this proceeding; nor have they signed, filed, or later advocated any papers or pleadings in the Litigation. Rule 9011, by its very terms, applies only to a pleading, motion or other paper which has been presented to the court for its consideration. FRBP 9011(a) and (b). *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002). As non-parties, these 29 additional respondents are not subject to sanction under Rule 9011.

[5] The estimated value of the claim is not part of the record.

**B. DAMAGES FOR SHAREHOLDERS, FEES FOR BERGERON.**

The Amended Motion seeks $150,000,000 in damages for the former shareholders of Xyience, whose shares were made worthless by the Xyience confirmed plan of reorganization. (ADkt. #136, at pp. 10 & 42).

There are at least two reasons why Bergeron's Amended Motion cannot lead to an award of the multi-million dollar damages that were requested.

First, motions under FRCP 11 and Rule 9011 are for the recovery of sanctions, not damages. A motion for sanctions, under either FRCP 11 or Rule 9011, is not a substitute for an abuse of process, malicious prosecution, or other tort-based proceeding. *Elliot v. M/V Lois B.*, 980 F.2d 1001, 1007-08 (5th Cir. 1993); *Lee v. Walters*, 172 F.R.D. 421, 436 (D. Or. 1997); *In re Schaefer Salt Recovery, Inc.*, 444 B.R. 286, 300 (Bankr. D. N.J. 2011).

Second, even if the Xyience shareholders would potentially be entitled to some recovery, which they are not, Bergeron has no standing to represent them or speak on their behalf. Bergeron is neither an attorney representing the Xyience shareholders nor a Xyience shareholder himself. Bergeron's lack of standing to pursue claims on behalf of Xyience shareholders is well-established. *See*, *Estate of Spirtos v. One San Bernardino County Super. Ct. Case Numbered SPR 02211 (In re Spirtos)*, 443 F.3d 1172, 1175-76 (9th Cir. 2006) (the bankruptcy trustee has the exclusive right to sue on behalf of the bankruptcy estate); *Smith v. Arthur Anderson, LLP*, 421 F.3d 989, 1002-06 (9th Cir. 2005) (same); *Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 904 (6th Cir. 2012) (same); *Schnelling v. Thomas (In re Agribiotech, Inc.*), 319 B.R. 216 (D. Nev. 2004)

Of the total $150,000,000 sought for shareholders, Bergeron asks the court to provide him $500,000, as fees, for the work that he has done in the case. No such award can be made. Non-attorneys who participate in FRCP 11 motions are not entitled to attorney fees, even if they are successful on the issue of sanctions. *See, e.g.*, *Massengale v. Ray*, 267 F.3d 1298, 1302-03 (11th Cir. 2001):

> While it is true that the purpose behind Rule 11 sanctions is deterrence and punishment, and not to encourage litigants to retain independent counsel, we cannot conclude that Rule 11 allows for an award of attorneys' fees to a *pro se* litigant as a sanction. ... The sanction imposed may include an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation. Because a party proceeding *pro se* cannot have incurred attorney's fees as an expense, a district court cannot order a violating party to pay a *pro se* litigant a reasonable attorney's fee as part of a sanction.

*Massengale v. Ray*, 267 F.3d at 1302-03 (Citations and quotations omitted); *accord, Pickholtz v. Rainbow Tech., Inc.*, 284 F.3d 1365, 1375 (Fed. Cir. 2002); *DiPaolo v. Moran*, 277 F. Supp. 2d 528, 535 (E.D. Pa. 2003).[6]

## C. FRAUDULENT BANKRUPTCY ALLEGATION.

Bergeron claims that the reorganization of Xyience under Chapter 11 was the result of dishonest and fraudulent activities by many of the attorneys for, officers and insiders of, and lenders to the Debtor. The substance of those claims has been addressed and resolved.

The Xyience reorganization plan provides for the appointment of a Liquidating Trustee, under the terms of a Liquidating Trust Agreement (Exhibit 2 to Debtor's Disclosure Statement, Dkt. #231) to pursue any claims that belong to Xyience. David Herzog ("Herzog") of Chicago, Illinois, is the appointed Liquidating Trustee. Herzog is an attorney at law and has been a Chapter 7 panel trustee in the Northern District of Illinois for over 25 years. His attorney is Jonathan A. Backman, Esq. ("Backman") of Bloomington, Illinois. Backman is an attorney at

---

[6] *See*, *In re Den Bests*, 2012 W.L. 2122341, *12 (B.A.P. 9th Cir. 2012) ("[W]e are not entirely convinced that Searle was not entitled to attorney's fees. The bankruptcy court relied on *Massengale v. Ray*, 267 F.3d 1298, 1302–03 (11th Cir. 2001) to conclude that a *pro se* litigant is not entitled to attorney's fees under Rule 9011. While *Massengale* may be persuasive, we could not locate any controlling Ninth Circuit authority dictating that result."). This court finds the rationale articulated in *Massengale v. Ray* compelling, and adopts it for use in this case. *Accord, Musaelian v. Adams*, 45 Cal.4th 512, 518, 87 Cal. Rptr. 3d, 475, 479, 198 P.3d 560, 563 (Cal. 2009).

law, with over 20 years experience in handling complex bankruptcy and related litigation matters.

Herzog and Backman learned of the essence of Bergeron's assertions. Thereafter, on December 29, 2009, Herzog commenced a bankruptcy adversary proceeding which incorporated many of Bergeron's allegations concerning allegedly improper activities involving Debtor Xyience's business and its reorganization case. (*Herzog v. Zyen, LLC, Fertitta Enterprises, Inc., William Bullard, Adam Frank, Kirk Sanford, and Omer Sattar*, Adversary Proceeding No. 09-01402, in the United States Bankruptcy Court for the District of Nevada.)

That lawsuit was settled by order entered on May 22, 2012. (Dkt. #695). There was no appeal, and that order is now final. Pursuant to that settlement, Fertitta paid $525,000 to Herzog. According to Herzog, this payment was mainly on account of the receipt by Fertitta of a voidable preference, and not on account of any fraud or wrongdoing. (Liquidating Trustee's Motion for Approval of a Settlement and Compromise, Dkt. #687 at pp. 8-10.)

The settlement also included the agreed reduction by various entities of administrative priority claims against the Xyience estate in the total amount of $378,371.61, and an agreement whereby an entity known as Zuffa Marketing, LLC, will subordinate its unsecured $6,000,000 claim to those of all other unsecured creditors. (Dkt. #687 at pp. 2, 10, 12) In addition, Backman has agreed to a $50,000 reduction of the fee to which he is entitled.

**D. 11 U.S.C. SECTION 105 AND THE COURT'S INHERENT POWERS.**

Bergeron also argues that the Court should rely on Section 105 of the Bankruptcy Code and the Court's inherent power to impose upon Opponents the huge monetary sanctions that he requests.

As has been pointed out above, this Court has addressed the rights of Xyience shareholders in the Chapter 11 plan confirmation and the rights of the bankruptcy estate, which includes creditors and shareholders, in the adversary proceeding brought by the Liquidation Trustee, Herzog, against some of the Respondents to this motion. (Dkt. #321). No reason or

justification has been shown for the Court to undertake to relitigate these matters on behalf of Bergeron. Absent such justification, the court will not modify a final order.

**E. SANCTIONS AGAINST BERGERON**

The Opponents have request sanctions against Bergeron, asserting that the Amended Motion against them is frivilous.

The court agrees that the Amended Motion is frivolous and without legal or factual basis. The allegations concerning the rights of shareholders and creditors have been addressed by the court in both the reorganization plan confirmation and the adversary proceedings. However, rather than impose deserved sanctions upon Bergeron, it seems more desirable to bring this adversary proceeding to a conclusion. The underlying lawsuit has been settled, and this Amended Motion is all that is left. A sanctions order against Bergeron would only add a new issue and a new dimension to this adversary proceeding, which originated in Nevada State Court in 1997. Enough is enough. The requests for sanctions against Bergeron will, for that reason only, be denied.

**IT IS THEREFORE ORDERED** that the Defendant and Counterclaimant's Amended Motion for Rule 11 and 9011 Sanctions (ADkt #136), be, and the same hereby is, **DENIED**.

**IT IS ADDITIONALLY ORDERED** that the requests for sanctions against Bergeron, (ADkt. ##150, 153) be, and the same hereby is, **DENIED**.

Dated: OCT 1 5 2013.

Lloyd King
United States Bankruptcy Judge

Copies noticed through ECF to:

GREGORY E GARMAN bankruptcynotices@gordonsilver.com, bknotices@gordonsilver.com

MATTHEW C. ZIRZOW mzirzow@lzlawnv.com

JAMIE S. COGBURN jsc@cogburnlaw.com

JON T PEARSON pearsonj@ballardspahr.com

U.S. TRUSTEE - LV - 11 USTPRegion17.lv.ecf@usdoj.gov

and sent via FIRST CLASS MAIL to:

RICH BERGERON
147 Old Country Road
East Sandwich, MA 02537

RICHARD BERGERON
P.O. Box 5212
Weirs Beach, NH 03247

and sent to BNC to:

All parties on BNC mailing list

###